**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-Bloom**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR A 90-DAY EXTENSION OF TIME**
**TO EFFECTUATE SERVICE OF PROCESS ON DEFENDANTS**

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, moves the Court for a 90-day extension of time to effectuate service. As grounds for this Motion, the Commission states:

**I.      INTRODUCTION**

From the very day that this case was filed, Defendants Gentile and SureTrader were on actual notice of its existence, as evidenced by their counsel's quoted statements to a national publication about the lawsuit. Yet Defendants have repeatedly refused to accept or waive service of process, avoiding service of process at an address in Puerto Rico Gentile himself disclosed on EDGAR and listed in Puerto Rican real property records as owned by Gentile. The Commission has repeatedly, diligently, and in good faith attempted service of process on Gentile and SureTrader since the lawsuit was initiated but has not been able to serve Defendants yet. Pursuant to Fed. R. Civ. P. 4(m), the Commission must be granted a 90-day extension of time to effectuate

service because the Commission can demonstrate good cause for the failure to serve Defendants by Monday, June 21, 2021, the 90 day deadline for service.

## II.    BACKGROUND

1.    On March 22, 2021, the Complaint was filed against Defendants, and the Summonses were issued for Gentile and SureTrader.

2.    On March 22, 2021, Law360.com published an article regarding this newly filed lawsuit, and Adam Ford, Esq., who served as counsel for Gentile in multiple prior cases for the past five years[1] and with whom the Commission previously had communicated about the instant litigation, was identified as "an attorney representing Gentile" and quoted in the story.  A true and correct copy of the Law360.com article is attached as **Exhibit A**.

3.    On March 31, 2021, counsel for the Commission emailed Ford to inquire whether Gentile would accept service of the Complaint on behalf of himself and SureTrader.  Ford did not respond to the March 31, 2021, request.  *See* Declaration of Alice Sum, Trial Counsel for the Commission, at ¶¶ 3-4, a true and correct copy of which is attached as **Exhibit B**.

4.    On April 5, 2021, the Commission engaged APEX Surveillance and Investigations ("ASI"), a private investigative firm located in St. Petersburg, Florida for assistance in serving Gentile and SureTrader with process.  *Id.* at ¶ 5.

---

[1] Ford has represented Gentile in the following matters:

- *United States v. Gentile*, No. 2:16-cr-00155 (D.N.J.)
- *SEC v. Gentile*, No. 16-cv-01619 (D.N.J.), No. 18-1242 (3d Cir.), and No. 19-878 (U.S. Sup. Ct.)
- *Avalon Holdings Corp. v. Gentile*, No. 18-cv-7291 (S.D.N.Y.)
- *New Concept Energy v. Gentile*, No. 18-cv-8896 (S.D.N.Y.)
- *Mint Bank International, LLC v. Office of the Commissioner, etc.*, No. 3:18cv1441 (D.P.R.)
- *SEC v. Marin*, No. 1:19-mc-20493-UU (S.D. Fla.)
- *SEC v. MinTrade Techs., LLC*, No. 1:19-mc-20496-KMW (S.D. Fla.)
- *Gentile v. SEC*, No. 19-cv-05155 (D.N.J.) and No. 19-2252 (3d Cir.)

5.       On April 10, 2021, ASI conducted extensive research and investigation to locate potential addresses for the Defendants.  In conjunction with the information provided by the Commission, ASI determined that Gentile was likely located in Puerto Rico[2], and the plan was to serve Gentile in both his personal capacity and as owner, director, and CEO of SureTrader.  *See* Declaration of Thiry "Ty" Larkin at ¶¶ 5-6, a true and correct copy of which is attached as **Exhibit C**.

6.       On April 16, 2021, ASI hired a process server located in Puerto Rico, CIG, LLC ("CIG"), for assistance to confirm residency of Gentile and serve Defendants.  *Id.* at ¶ 7.

7.       Between ASI and CIG's research, along with information from the Commission, CIG proceed with service of process at 105 Ave. De Diego, Apt. S-2202, San Juan, PR 00911.

8.       CIG made multiple attempts of service of the Complaint as follows:

a.       The first attempt occurred on April 23, 2021, 9:52 a.m.  The Process Server ("PS") went to the address provided (105 Ave. De Diego Apt. S-2202, San Juan, PR 00911) in order to serve Gentile and SureTrader.  Once in location, the PS realized the address should have been 103 Ave. De Diego, which is the private condominium called Gallery Plaza next door.  The condominium building is well guarded with much security.  The PS gained access to the building and went to the elevators.  Once inside, the PS saw that the elevator only went to the 5th floor (which is an office floor), garage, and basement.  The PS returned to the lobby and found a sign that indicated where other elevators are located.  These elevators give access to Gallery Plaza residences.  On the way to the elevators, the PS could not get through because there is a locked door.  The door has no intercom to ask for access to the residences.  There was no security guard at this door.  The PS waited outside the door for a few minutes to see if somebody came out and

---

[2] In the *Mint Bank International, LLC v. Office of the Commissioner* case filed in the District of Puerto Rico (Case No. 3:18cv1441), Gentile alleged that he is a resident of San Juan, Puerto Rico.

the PS could gain access to the residences, but nobody did.  Without further information, the PS

filled out the report and left the area afterwards.

        b.      The second attempt occurred on April 30, 2021, 7:30 a.m.  The PS went to

103 Ave. De Diego Apt. S-2202, San Juan, PR 00911 in order to serve Gentile and SureTrader.

Once in location, the PS canvassed the area, but the PS did not see Gentile.  The PS confirmed it

is a very exclusive place with entrance permitted only for residents or those with a resident's

authorization.  (According to Horizontal Property Regulation in Puerto Rico, no visitor is allowed

to enter unless there is a special permit or the resident authorizes him/her.  In condominiums,

regulations are stricter and the entrance can be prohibited, even though the person has a legal

document to deliver.)  The PS searched in the lobby, but there was no sign of Gentile.  The PS

searched in and around the Starbucks but there was no sign of Gentile.  No security guard was in

the area, and the PS could not gain access to the apartments since there is a door that separates the

lobby from the elevators.  In order to enter the elevator, any person needs a magnetic key to access

the elevator.  Without further information, the PS filled out the report and left the area afterwards.

        c.      A third attempt occurred on May 7, 2021, 7:20 a.m.  The PS went to 103

Ave. De Diego Apt. S-2202, San Juan, PR 00911 in order to serve Gentile and SureTrader.  Once

in location, the PS canvassed the area and found another entrance to the apartments, which was

closed and had an intercom and a sensor to slide a magnetic card-key.  The PS pressed the intercom

but did not get a response.  Then, the PS went to the fifth floor where the gym and spa are located.

At the time, the spa was closed and the gym was open so the PS proceeded to go to the gym.  Once

in the gym, the PS canvassed the area, but did not see Gentile.  Then, the PS returned to the lobby

where the PS made an attempt to gain access to the apartments' elevators but again the door was

locked, so the PS sat in front of Starbucks to see if the PS could spot Gentile, but he did not show

up in the area.  Before leaving, the PS looked for a security guard but there was none.  The PS

waited a few minutes outside the door to see if anybody came out and that way gain access to the

building, but nobody came out.  Without further information, the PS filled out the report and left

the area afterwards.

*See* Declaration of Fernando Fernandez at ¶¶ 5-6, a true and correct copy of which is attached as

**Exhibit D**.

9.      Because these attempts to serve Defendants were unsuccessful, CIG suspended

further attempts pending additional research and investigation to determine alternate addresses.

*Id.* at ¶ 8.

10.      Both ASI and CIG have performed further research and investigative methods to

locate Gentile including, but not limited to, searching public records, social media, various

databases, the internet, and motor vehicle records.   Larkin Declaration at ¶ 11; Fernandez

Declaration at ¶ 10.

11.      On May 4, 2021, Gentile filed a Schedule 13G/A (beneficial ownership report) on

the Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR") identifying his

"Address of Principal Business Office or, if none, Residence" as "103 Ave. De Deigo, San Juan,

Puerto Rico 00911."  A true and correct copy of the Schedule 13G/A is attached as **Exhibit E**.

12.      The Schedule 13G/A filed by Gentile contains two notable certifications:

    a.   After reasonable inquiry and to the best of my knowledge and belief, I certify that
       the information set forth in this statement is true, complete and correct.

    b.   **Attention:  Intentional misstatements or omissions of fact constitute Federal
       criminal violations (See 18 U.S.C. 1001) [bold in original]**

13.      A search of Puerto Rico's real property records reflect that Gentile is the owner of

103 Ave. De Diego, Apt. S-2202.

14.      On May 19, 2021, counsel for the Commission again emailed Ford to inquire

whether he was authorized to accept service of the Complaint for Gentile and SureTrader and

provided a Notice of Lawsuit and Waiver of Summons forms for Gentile and SureTrader. Declaration of Sum at ¶ 6.

15.     On May 20, 2021, Ford responded by email and stated, "I am not authorized to accept service." *Id.* at ¶ 7.

16.     On May 28, 2021, counsel for the Commission directly sent Gentile and SureTrader separately Notices of Lawsuit and Waiver of Summons forms via UPS. *Id.* at ¶ 8.

17.     On June 1, 2021, the UPS packages to Gentile and SureTrader were delivered. *Id.* at ¶ 9.

18.     As of the date of this Motion, Gentile and SureTrader have not returned the Waiver of Summons forms to Commission counsel. *Id.* at ¶ 10.

19.     Additionally, ASI is also investigating and researching whether Gentile may be located in the Bahamas, New York, or Miami, but to date, ASI has not uncovered information that places him in those locations.  Larkin Declaration at ¶ 12.

20.     CIG located a secondary residence possibly being rented by Gentile ("Secondary Residence").  Puerto Rico real property records do not reflect the Secondary Residence as owned by Gentile, however.  Fernandez Declaration at ¶ 12.

21.     A fourth attempt at service occurred on June 11, 2021, 1:00 p.m. at the Secondary Residence.  The PS surveilled the parking and entrance area for several hours to look for Gentile and his motor vehicle(s) but did not see him.  *Id.* at ¶ 13.

22.     A fifth attempt occurred on June 16, 2021, 7:00 p.m. at the Secondary Residence. The PS again surveilled the parking and entrance area for several hours to look for Gentile and his motor vehicle(s) but did not see him.  *Id.* at ¶ 14.

23.     A sixth attempt occurred on June 17, 2021, 6:00 p.m. at the Secondary Residence. The PS again surveilled the parking and entrance area for several hours to look for Gentile and his motor vehicle(s) but did not see him. *Id.* at ¶ 15.

24.     ASI and CIG are continuing to research and investigate additional information to locate Gentile for service of process on Defendants. Larkin Declaration at ¶ 14; Fernandez Declaration at ¶ 16.

### III.  MEMORANDUM OF LAW

Immediately after the Commission filed this lawsuit, it attempted in good faith to effectuate service of a Complaint that Defendants were on actual notice of the day of the filing. Gentile's long-time counsel took the time to speak with Law360.com to provide quotes for an article about the lawsuit, yet failed to respond to the Commission's counsel requesting that Defendants consent to accept service of process. Nevertheless, the Commission has diligently attempted to serve Defendants using an address (for an apartment in a condominium building) that Gentile himself has provided in an EDGAR filing and is reflected in Puerto Rico's real property records. The declarations filed with this Motion detail the multiple service attempts and additional investigation and research performed to locate Defendants. After several unsuccessful attempts at service, when the Commission again reached out to Gentile's counsel about waiving service of the summons, Gentile's counsel responded "I am not authorized to accept service." As of this writing, Defendants have not complied with their duty "to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).[3] Though Defendants are fully aware of the existence of this lawsuit, they have unreasonably delayed the progress of this case.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

---

[3] The Rule 4(d) request was sent on May 28, 2021, and provides that it needs to be returned by June 27, 2021. *See* Fed. R. Civ. P. 4(d)(1)(F).

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Because the Complaint was filed on March 22, 2021, the 90-day deadline for service is

June 21, 2021.  The Declarations attached to this Motion detail the Commission, its counsel, and

the process server's multiple, diligent attempts to effect service of process.  This includes:  repeated

attempts at an address identified by Gentile as his residence and reflected as owned by Gentile in

Puerto Rican real estate records; continued research and investigation to find alternative addresses;

repeated attempts at a secondary residence; and further research and investigation and service

attempts even as this Motion is being filed.  The Commission has demonstrated good cause for the

failure to effectuate service to date, and the Court must extend the time for service for an

appropriate period.  *See, e.g.*, *Lepone–Dempsey v. Carroll County Commissioners*, 476 F.3d 1277

(11th Cir. 2007)(good cause exists "only when some outside factor[,] such as reliance on faulty

advice, rather than inadvertence or negligence, prevented service.")(quoting *Prisco v. Frank*, 929

F.2d 603, 604 (11th Cir. 1991) (per curiam)).  Even absent a showing of good cause, a district

court possesses the discretion and must consider whether to extend the time for service of process.

*See Bilal v. Geo Care, LLC*, 981 F.3d 903, 919-20 (11th Cir. 2020); *Horenkamp v. Van Winkle*

*and Company, Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Bledsoe v. Palm Beach County Board*

*of County Commissions*, 2019 WL 9048990 at \*1-2 (S.D. Fla. April 26, 2019)(exercising

discretion and granting an extension to effect service despite plaintiff failing to demonstrate good

cause for failure to serve by the deadline).  Here, despite Defendants being fully aware of the

lawsuit and their refusal to accept or waive service, the Commission made multiple attempts at

service but faced an "outside factor" that its process server has not been permitted to access

elevators to reach Gentile's apartment. This is outside of the Commission's control, and the Commission needs additional time to effect service.

### IV. CONCLUSION

The Commission's request for a 90-day extension of time up to September 20, 2021, to effect service should be granted because it has shown good cause for the failure to serve Defendants by the service deadline, as the Commission has made multiple, diligent attempts to locate and serve Defendants.

June 18, 2021                                     Respectfully submitted,


                                                  Alice K. Sum
                                                  Amie Riggle Berlin, Esq.
                                                  Senior Trial Counsel
                                                  Fla. Bar No. 630020
                                                  Direct Dial: (305) 982-6322
                                                  Email: berlina@sec.gov

                                                  Alice K. Sum, Esq.
                                                  Trial Counsel
                                                  Fla. Bar No. 354510
                                                  Direct Dial: (305) 416-6293
                                                  Email: sumal@sec.gov

                                                  Attorneys for Plaintiff
                                                  **SECURITIES AND EXCHANGE COMMISSION**
                                                  801 Brickell Avenue, Suite 1950
                                                  Miami, Florida 33131
                                                  Telephone:   (305) 982-6300
                                                  Facsimile:   (305) 536-4154