UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.
and GUY GENTILE,

      Defendants.
_____/

**ORDER ON MOTION FOR ALTERNATE SERVICE OF PROCESS, OR, IN THE ALTERNATIVE, FOR A 90-DAY EXTENSION OF TIME TO EFFECTUATE SERVICE**

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's ("Plaintiff" or "SEC") Motion for Alternate Service of Process, or, in the Alternative, for a 90-Day Extension of Time to Effectuate Service. ECF No. [8] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

The SEC commenced this case against Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. d/b/a SureTrader ("SureTrader") and Guy Gentile ("Gentile") (together, "Defendants") asserting claims against Defendants for violating the Securities and Exchange Act, 15 U.S.C. §§ 78a, *et seq*. *See* ECF No. [1]. SureTrader is alleged to be a company in the Bahamas. *Id.* ¶ 12. Gentile is alleged to be a current resident of San Juan, Puerto Rico. *Id.* ¶ 16.

The SEC previously requested an extension of the time to serve based on at least six unsuccessful attempts to serve Gentile. *See* ECF No. [6]. The Court granted the SEC's request,

ECF No. [7]. In the Motion, the SEC requests leave to effectuate service of process through alternate means following additional unsuccessful service attempts. Specifically, the SEC seeks leave to serve Gentile by publication, e-mail, and mail to his attorney, and SureTrader by mail with signed receipt. In the alternative, the SEC requests an additional extension of time to serve Defendants, an order directing the United States Marshal to serve, allow limited discovery on Gentile's whereabouts, and allow for service on SureTrader under the Hague Convention. The Court considers each request in turn.

### A. Service on Gentile

Rule 4(e) of the Federal Rules of Civil Procedure mandates service on an individual by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process; or (4) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1)-(2).

The SEC seeks leave to serve Gentile by publication under Puerto Rican law, based upon its unsuccessful and repeated efforts to serve him personally at two addresses associated with him. Rule 4.5 of the Rules of Civil Procedure for the General Court of Justice, states as follows:

> (a) The court shall issue an order providing for a summons by publication when the person to be served is outside of Puerto Rico or if in Puerto Rico, cannot be located although pertinent attempts have been made to locate him/her, or when the person goes into hiding to avoid being served, or if it is a foreign corporation with no resident agent, and it is proved to the satisfaction of the court through an affidavit stating the steps taken, and said statement or sworn complaint filed states that justifies the granting of some relief against the person to be served or that said person is the proper party in the suit action.

P.R. Laws Ann. tit. 32a, § 4.5 (1979). Whenever service of process is attempted pursuant to a procedural rule of Puerto Rico, the courts are bound by the interpretations by the Supreme Court of Puerto Rico of that rule. *Culebra Conservation & Dev. Auth. v. Wit Power II*, 108 F.R.D. 349, 352 n.5 (D.P.R. 1985). "The Supreme Court of Puerto Rico, in turn, has invariably insisted upon strict compliance with the requirements for service outlined in the Puerto Rico Rules of Civil Procedure, notably, Rule 4.5." *Id.* Pursuant to Rule 4.5, "the affidavit must set forth specific probative facts showing that due diligence has been employed to locate defendants, and said statement, or the verified complaint, must properly show that plaintiff has a good cause of action." *Union de Periodistas, Artes Graficas y Ramas Anexas v. San Juan Star Co.*, No. CIV. 10-1379 SEC, 2011 WL 280850, at *1 (D.P.R. Jan. 25, 2011) (citing *Senior Loiza Corp. v. Vento Dev. Corp.*, 760 F.2d 20, 24 (1st Cir. 1985)).

In support of its request, the SEC has submitted the affidavits of the investigators and various process servers employed, detailing the investigative efforts to locate Gentile and 19 attempts to serve him. *See* ECF Nos. [8-3], [8-4], [8-5], [8-6], [8-8], [8-9], [8-10]. In addition, the SEC has provided the Declaration of Jessica Weissman, ECF No. [8-14], the Assistant Regional Director and investigating attorney for the SEC in this case, who details the evidence demonstrating that the SEC has a good cause of action against Gentile for the alleged violations of securities laws. Upon review, the SEC has sufficiently demonstrated that it has been unable to locate Gentile, despite its attempts, or that he is actively evading service, and that it has a cause of action against him. Therefore, the SEC has satisfied the requirements for service by publication under Puerto Rico Rule of Civil Procedure 4.5. As such, the SEC will be granted leave to serve Gentile by publication in accordance with the requirements of Rule 4.5.

The SEC requests next that the Court permit it to serve Gentile in addition by email, and by mail with a receipt to his counsel. However, the SEC has provided no authority to support that service upon an individual located within a judicial district in the United States by such means would be appropriate under either Florida or Puerto Rico law. Indeed, the cases cited by the SEC regarding email and service on an attorney all involve foreign defendants. *See Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *1 (S.D. Fla. Apr. 29, 2010) (defendant located in China); *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicase, S.A. de DV*, 268 F.R.D. 687, 690 (S.D. Fla. 2010) (alternate service upon foreign corporate defendant by hand delivery to corporation's attorneys in the United States); *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (same); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (affirming decision to permit service by e-mail and mail to corporate defendant's U.S. subsidiary and U.S. attorney). Without specific authority under Florida or Puerto Rico law, the Court will not grant the SEC leave to serve Gentile, an individual located within a judicial district in the United States, by email or mail to his attorney.[1]

**B. Service upon SureTrader**

Unlike Gentile, SureTrader is a foreign company registered in the Bahamas. As such, service of process must be accomplished pursuant to Rule 4(f) of the Federal Rules of Civil Procedure.[2] Rule 4(f) states in pertinent part as follows:

---

[1] The Court notes that the SEC filed the Motion on the deadline for service upon Gentile. Although the SEC requests an extension of the time to serve only as an alternative, the Court finds that an extension is nevertheless necessary for the SEC to accomplish service by publication. As such, the Court will grant the SEC an appropriate extension of time to serve Gentile by publication.

[2] According to Rule 4(h), "a domestic or foreign corporation . . . must be served: at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>>
>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>
>>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>>
>>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>>
>>> (C) unless prohibited by the foreign country's law, by:
>>> . . .
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>>
>> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Upon review, the Court agrees that service by international mail or FedEx on SureTrader is appropriate under Rule 4(f)(1) and Article 10(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). Rule 4(f)(1) provides that service may be effectuated on an individual outside of the United States via internationally agreed means of service that are reasonably calculated to give notice. Fed. R. Civ. P. 4(f)(1). The Rule also provides that, where applicable, the transmittal of documents for service abroad must be made pursuant to the provisions of the Hague Convention. *Id.* Under the Hague Convention, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail;

---

an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

5

and second, service by mail is authorized under otherwise-applicable law[.]" *Water Splash v. Menon*, 137 S. Ct. 1504, 1513 (2017).

Here, the Bahamas is a signatory to the Hague Convention and has not objected to service by mail. *See* Hague Conference on Private International Law (2021), Bahamas – Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=282. However, in order to comply with the requirements of Rule 4(f), the chosen method of mail delivery must require a signed receipt. *See* Fed. R. Civ. P. 4(f)(2)(C)(ii) (noting that if not prohibited by federal law or the foreign country's law, service may be made by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt") and 4(f)(2)(D) (noting that service may be completed "by other means not prohibited by international agreement, as the court orders").

Because the Court will grant the SEC's request for leave to serve SureTrader by mail, the Court does not address the SEC's requests in the alternative.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [8]**, is **GRANTED IN PART** as follows:

1. The SEC may serve Gentile by publication in accordance with the provisions of Rule 4.5 of the Puerto Rico Rules of Civil Procedure;

2. The time for the SEC to accomplish service of process upon Gentile is extended by thirty (30) days, until **October 20, 2021**; and,

3. The SEC may serve SureTrader by international mail or FedEx. Pursuant to Article 10(a) of the Hague Convention, the Clerk of the Court is authorized to serve SureTrader with process via United States postal service international express mail or FedEx international delivery. The SEC shall promptly deliver the required documents to the

Clerk's office so that the Clerk can comply with the Order. Thereafter, the SEC may file a copy of the FedEx "proof of signature" (or substantially equivalent documents) as proof that service has been effectuated on SureTrader, pursuant to Federal Rule of Civil Procedure 4(l)(2)(B). The SEC shall file such proof no later than **October 20, 2021**.

4. Failure to effectuate service of a summons and the complaint on Defendants by the stated deadline will result in dismissal without prejudice and without further notice.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 22, 2021.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[3] The Court need not extend the time to serve SureTrader, since Rule 4(m) of the Federal Rules of Civil Procedure does not apply to service in a foreign country.