UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

Defendant.

**DECLARATION**

No. 1:21-CV-21079-Bloom

Hon. Beth Bloom

## DECLARATION OF GUY GENTILE IN SUPPORT
## MOTION REQUESTING ENLARGEMENT OF
## TIME TO ANSWER THE COMPLAINT

Guy Gentile pursuant to 28 U.S.C. §1746 declares the following subject to

penalties of perjury:

1.      I am acting *pro se* in this matter.

2.      I have personal knowledge of the matters set forth below, and the exhibits

annexed hereto are true and correct copies of the documents described herein.

3.      I submit this Declaration in support of my motion seeking enlargement of

time to answer the complaint in this matter for myself and my co-defendant MintBroker

International, Ltd, ("MBI") in which I have a substantial interest.

4.      Attached as **Exhibit A** is a true and correct copy of an

Order for Appointment of Provisional Liquidator "Receiver" on March 19, 2020.

5.    I am a shareholder and a director of the co-defendant in this matter, MBI. I seek to protect my interest in MBI by the unusual request to seek an extension of MBI's answering time - since I do not and cannot represent MBI in this matter- in the interests of justice and fairness to seek the truth of matters rather than resolution by default.

6.    As the complaint of the SEC indicates, MBI is involved in litigation in the Bahamas, its country of formation, whereas the Securities Commission of the Bahamas (SCB) brought a cause seeking to dissolve/"wind-up" MBI. The Bahamian Supreme Court, Commercial Division case is pending in Nassau under Cause number 00014 of 2020, entitled "IN THE MATTER of the Companies Act, CH. 308 AND IN THE MATTER of an Application under the Securities Industry Act, 2011 AND IN THE MATTER OF MintBroker International, LTD. (FORMERLY Swiss America Securities, LTD.) T/A SURE TRADER Swiss America Securities, a Registered Securities Firm" Hon. Mrs. Justice Stewart presiding.

7.    MBI in the Bahamian case is under Receivership and all of its books and records were turned over pursuant to court order to the receiver.

8.    As a shareholder of MBI, I challenged the SCB over the wind-up of MBI.

9.    Attached as **Exhibit B** is a true and correct copy of Adam Ford's Declaration filed 3/5/2019.

10.    My Bahamian attorney, at some point in the trial, motioned the Court for a stay on the liquidators/receivers from acting until the determination of the case; Mrs. Justice Stewart then ordered during the trial that "nothing happens" regarding the Receiver. My Bahamian counsel advised me that the Receiver cannot act due to the threat

of contempt as well. Nor would any request to act now would be meaningful because, as advised by my Bahamian counsel, by the time any request is made or heard, there would most likely be a decision, or the request/motion denied, because of a forthcoming decision. My Bahamian counsel also advised me that I can not hire counsel to represent the company as all of my powers as CEO & Director have been removed when the Receiver was appointed.

        11.     By having MBI default here in this case, affects my interests in MBI negatively in the following manners:

a. In applying for other industry licenses, having a company wound down by a court order reliever is a negative and affects my ability to earn a living;

b. Defaulting in this action will cause a monetary judgment to be entered NOT on the merits of this action but by the unusual circumstances MBI is placed by this action and the Bahamian cause.

c. The receiver is in control of the records for MBI which MBI and myself need to defend this action.

        12.     The SEC waited 6 years to bring this action. Sajaad Matin, then an SEC attorney,  advised Adam Ford, who represented me in the NJ DOJ and SEC cases, that they would file this case in March 2016. See **Exhibit C**, Mr. Matin's email to Adam Ford.

        13.     Attached as **Exhibit C** is a true and correct copy of an email exchange between Adam Ford, who represented me in the 2016 DOJ & SEC case and Sajjad Martin, from 10/11/17-10/17/17.

        14.     I have emailed the SEC prior to making this motion seeking their consent to this extension. They are aware of the Bahamas action because they referenced it

in their complaint, and they have worked with the SCB against MBI for quite some time.

15.    Attached as **Exhibit D** is a true and correct copy of a letter I sent to both the Court and the SEC requesting more time which the SEC did not respond.

16.    I am also relying on the reasons in **Exhibit D** for an enlargement of time to file an answer.

17.    Attached as **Exhibit E** is a true and correct copy of an email I sent to Ms. Sum on October 12, 2021 at 11:10AM

18.    Attached as **Exhibit F** is a true and correct copy of an email sent from Ms. Sum, on Friday, October 15, 2021 at 3:43PM, asking for a transcript, but did not object to the request.

19.    Due to my *pro se* status, I am not able to file electronically, and can not file up to midnight or on weekends like the SEC can, and I am going through a learning curve as best as I am able to on procedures on filing and researching case law on how to best defend myself.

20.    Attached as **Exhibit G** is a true and correct copy of a screenshot of my pacer account showing over five (5) docketed cases with the SEC.

I declare under penalty of perjury that the foregoing statements made by me are true.

Dated: Oct. 16, 2021

GUY GENTILE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MINTBROKER INTERNATIONAL, LTD., f/k/a SWISS AMERICA SECURITIES LTD. and d/b/a SURETRADER, and GUY GENTILE, a/k/a GUY GENTILE NIGRO, <br><br><br> Defendant. | **NOTICE OF APPEARANCE** <br><br> No. 1:21-CV-21079-Bloom <br><br> Hon. Beth Bloom |

## <u>NOTICE OF APPEARANCE</u>

I, GUY GENTILE, ("Gentile"), respectfully gives notice of appearance, as pro se. I request that

all notices and correspondence be sent to the below listed address.

> Guy Gentile
> 103 Ave De Diego
> Apt S2202
> San Juan, PR 00911
> 787-363-7833
> guygentile@outlook.com

Dated:

October 16, 2021   .

Respectfully submitted,

GUY GENTILE
Defendant, *pro se*
103 Ave De Diego
Apt S2202
San Juan, PR 00911
Tel: 787-363-7833
guygentile@outlook.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>MINTBROKER INTERNATIONAL, LTD.,<br>f/k/a SWISS AMERICA SECURITIES LTD.<br>and d/b/a SURETRADER, and<br>GUY GENTILE, a/k/a GUY GENTILE NIGRO,<br><br>        Defendant. | **ORDER**<br><br>No. 1:21-CV-21079<br><br>Hon. Beth Bloom |

## <u>ORDER</u>

Upon Consideration of Defendant Guy Gentile's Motion for Enlargement of Time to Answer or Otherwise Respond to Complaint, the Plaintiff's response thereto, for good cause shown, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that each Defendant shall file an answer or otherwise respond to the complaint by 90 days after the date of this Order.

It is **SO ORDERED** this _____day  of October 2021.

_____
**THE HONORABLE BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

IN THE SUPREME COURT OF THE BAHAMAS

Commercial Division

> SUPREME COURT
>
> MAR 1 9 2020
>
> Nassau, Bahamas

CAUSE NO. 00014 of 2020

IN THE MATTER of the Companies Act, Ch. 308

AND

IN THE MATTER of an Application under the Securities Industry Act, 2011

AND

IN THE MATTER of MINTBROKER INTERNATIONAL LTD. (FORMERLY SWISS AMERICA SECURITIES LTD.) T/A SURE TRADER Swiss America Securities, a Registered Securities Firm.

---

# ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATOR

---

Before The Honorable Justice Ian Winder, a Judge of the Supreme Court of The Bahamas, in Chambers.

UPON HEARING Messrs. Gawaine Ward and Gladstone Brown of counsel for the Securities Commission of The Bahamas ("the Commission"), the Petitioner/ Applicant herein, upon its Ex Parte Summons dated and filed herein on the 5th day of March, 2020 for an order that Igal Wizman and Eleanor Fisher be appointed joint provisional liquidators of Mintbroker International Ltd. (Formerly Swiss America Securities Ltd.) T/A Sure Trader ("the Company").

AND UPON READING the Petition presented by the Commission, filed herein on the 5th March 2020.

AND UPON READING the Affidavits of Christina R. Rolle, all filed herein on 5th March 2020 concerning the Company's present status, namely that:

a.     the Company is currently non-operational;

b.     the Company sought to wind up voluntarily, but failed to meet the conditions necessary for this to occur;

c.     As a consequence, the Company's registration is currently suspended; and

d.     the Commission seeks to protect the welfare of investors and/or clients, and the Company and clients' assets, information and/or records.

AND UPON the Petitioner/Applicant undertaking by its counsel to pay any damage suffered by the Company as a result of this order and/or the appointment of provisional liquidators in the event that the winding up petition is ultimately withdrawn or dismissed.

IT IS HEREBY ORDERED THAT:

1.     Mr. Igal Wizman, Licensed Insolvency Trustee ("LIT"), Chartered Insolvency and Restructuring Professional ("CIRP") and an Associate Partner with Ernst and Young (EY), having its place of business at One Montague Place, East Bay Street, Nassau, Bahamas; and Ms. Eleanor Fisher, of EY Cayman Ltd., 62 Forum Lane, Camana Bay, Grand Cayman, KY-1106, Cayman Islands, be appointed as joint provisional liquidators (JPLs) for the Company with authority to act jointly or severally.

2.     **The JPLs is/are hereby authorized to:**

   1)     forthwith take possession of, collect, and protect the property and assets of the said Company and its clients, but not to distribute or part with the same until further order;

   2)     discharge rents, salaries and other current expenses;

3)    require of any person who has in his possession documents or information in relation to the accounts, assets and securities or affairs of the Company and its clients, to produce the same;

4)    require any person who has information in relation to the accounts, assets, securities or affairs of the Company as the JPLs may require in the exercise of their duties, to attend upon the JPLs at such time and place as they may appoint and give them all information they may require;

5)    do all other things necessary to preserve the assets and estate of the Company and its clients.

3.    The JPLs be at liberty to apply to this Honourable Court, as necessary, for further directions pursuant to O. 4, r. 5 of the CLR.

4.    The winding up petition shall be advertised locally, in Canada, the USA and in the United Kingdom, no later than _19th April, 2020_ .

5.    The petition shall be heard on _19th May, 2020_ ~~2020~~ at ~~10:00 a.m.~~ 2pm.

DATED the 17th day of **MARCH**, A. D., 2020

FILED the 19th day of March 2020

_____

**The Honourable Mr. Justice Ian Winder**

**JUDGE OF THE SUPREME COURT**

IN THE SUPREME COURT OF THE BAHAMAS

Commercial Division

IN THE MATTER of the Companies Act, 1992

AND

IN THE MATTER of an Application under the
Securities Industry Act, 2011

AND

IN THE MATTER of MINTBROKER
INTERNATIONAL LTD. (FORMERLY
SWISS AMERICA SECURITIES LTD.) T/A
SURE TRADER Swiss America Securities, a
Registered Securities Firm.

---

ORDER FOR APPOINTMENT OF
PROVISIONAL LIQUIDATOR

---

2020

COM/com/00014

*Securities Commission of The Bahamas*

Securities Commission of The Bahamas
2nd Floor Poinciana House,
North Building
31A East Bay Street
Nassau, Bahamas.

The Petitioner/Applicant

# EXHIBIT B

FORD O'BRIEN LLP
Adam C. Ford
Robert S. Landy (*pro hac vice pending*)
575 Fifth Avenue
17th Floor
New York, New York 10017
aford@fordobrien.com
(212) 858-0040
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GUY GENTILE, | Case No.  2:19-cv-05155 (JLL-JAD) |
| Plaintiff, | |
| v. | (ECF) |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Defendant. | |

**DECLARATION OF ADAM C. FORD IN SUPPORT OF A PRELIMINARY**
**INJUNCTION AND TEMPORARY RESTRAINING ORDER BROUGHT BY ORDER**
**TO SHOW CAUSE**

Pursuant to 28 U.S.C. §1746, ADAM C. FORD, counsel to plaintiff Guy Gentile in the

above-captioned matter, in order to place certain information and documents before the Court

for consideration, declares the following:

1.       I am a member of Ford O'Brien LLP, counsel to plaintiff Guy Gentile in the

above-captioned matter, and am admitted to practice in this Court.

*Preliminary Matters, Necessity of Order to Show Cause, Notice Provided to Defendant*

2.       I represented Gentile as lead counsel in two previous actions before this Court,

*United States v. Gentile* (2:16-cr-00155-JLL) and *Securities and Exchange Commission v.*

1

*Gentile* (2:16-cv-01619-JLL-JAD), and have represented Gentile in connection with a purported investigation conducted by the Miami Regional Office of the Securities and Exchange Commission, and have personal knowledge of the matters set forth below.

3.      This matter is brought before the Court by order to show cause pursuant to Fed. R. Civ. P. 65 and Local Rule 65.1 to restrain conduct that, if permitted to continue while this Court considers plaintiff's motion for a preliminary injunction, will cause additional irreparable harm to Gentile.   As evidenced by the exhibits hereto, and discussed in detail in Plaintiff's Memorandum of Law and the Declaration of Guy Gentile submitted herewith, unauthorized subpoenas to financial institutions and other entities issued by the staff of the Miami Regional Office of the Securities and Exchange Commission, have, to date, caused six separate financial institutions to terminate their relationships with Gentile and his businesses, most recently in February 2019.  As such, it was necessary to bring this application for relief

4.      On March 5, 2019, I contacted Amie Riggle Berlin, counsel for the United States Securities and Exchange Commission in its Miami Regional Office and informed her of Gentile's intent to bring this application, in this Courthouse, at 10:00 am on March 6, 2019. Later that day, I provided Ms. Berlin with complete and accurate copies of all papers filed in connection with the application today.

5.      On March 5, 2019, I contacted Nancy A. Brown, counsel for the United States Securities and Exchange Commission in its Northeast Regional Office and informed Ms. Brown of Gentile's intent to bring this application, in this Courthouse, at 10:00 am on March 6, 2019. Later that day, I provided Ms. Brown with complete and accurate copies of all papers filed in connection with the application by email.

*Matters Addressed in Plaintiff's Memorandum of Law*

6.      In June of 2015, days before the expiration of the statute of limitation for claims

the United States Securities and Exchange Commission or Department of Justice could have brought against Gentile based on any conduct that occurred in 2007-2008 (accounting for the agreed tolling periods), the Department of Justice requested that Gentile plead guilty to a felony and accept a sentence of probation.

7.      Gentile refused, and the Department of Justice took no immediate action. In August 2015, Gentile was contacted by the Miami office of the SEC regarding a different entity, Traders Café. Gentile offered to meet with the SEC. He was not contacted again in connection with Traders Café until the following year.

8.      The Securities and Exchange Commission has never disclosed the subject of, or suspicions behind the new investigation, except to indicate their informal belief that a website of the Bahamian broker-dealer does not deter US-based clients conspicuously-enough (a legal position that could easily be litigated with a printout of the website and that would require no subpoenas or further investigation).

9.      In March 2016, Sajjad Matin of the Securities and Exchange Commission's Miami Regional Office informed me that the investigation of Gentile being conducted by his office was founded upon purported authority from the Commission to investigate Traders Café, LLC. However, the investigation was focused on Gentile and his companies, which are not mentioned in the Traders Café Formal Order of Investigation. This conversation took place years after the events at issue in the Traders Café matter had occurred and after Traders Café's principals had pleaded guilty.

10.      At that time in 2016, Mr. Matin also told me that the SEC Miami Regional Office was contemplating imminently filing a civil complaint against Gentile for violating securities laws on a theory that "the foreign broker dealer exemption ha[d] been blown." The foreign broker dealer at issue was Swiss America d/b/a Suretrader. The SEC claimed to be in possession

of "new evidence" which, it argued, supported a finding of a violation of the anti-solicitation regulations.

11.     Mr. Matin represented at that time that the SEC staff only needed to ask Gentile a few final questions to close out the inquiry. Three years later, the SEC has yet to bring the action Mr. Matin had threatened.

12.     In my communications with Mr. Matin, I informed him that FINRA had already investigated the identical question of whether Swiss America/Suretrader was improperly soliciting US clients the prior year and closed the matter without any action.

13.     On June 6, 2016, the SEC Miami Regional Office inquired when Gentile would appear for testimony pursuant to a subpoena issued on March 30, 2016. I informed the Miami Regional Office of the SEC that Gentile would decline to answer questions during his testimony, given the criminal indictment, but would consider answering certain written questions.

14.     In November or December 2016, Carla Marin, Gentile's counsel, informed the SEC Miami Regional Office that she would not testify absent a court order compelling her to testify, and that she intended to fight any enforcement action filed that sought to compel her testimony.

15.     Throughout 2017 and 2018, the SEC repeatedly informed me that it was on the precipice of filing an enforcement action against Gentile for unspecified violations surrounding his operation of a Bahamas-licensed-and-regulated broker-dealer, but invited Gentile to provide limited testimony and to engage in pre-complaint/"pre-wells" settlement discussions. No such discussions ever took place.

16.     In oral argument before the Third Circuit, the SEC argued that its Florida-based investigation was "related" to the New Jersey enforcement proceeding.

*Documentary Exhibits Referenced in the Memorandum of Law*

17.     Annexed hereto as Exhibit 1 is a true and correct copy of the Formal Order of Private Investigation dated November 25, 2013 named In the Matter of Traders Café (FL-03840).

18.     Annexed hereto as Exhibit 2 is a true and correct copy of a letter and subpoena from the SEC to Tipalti, Inc. dated August 17, 2015.

19.     Annexed hereto as Exhibit 3 is a true and correct copy of the SEC's Application for an Order to Show Cause and an Order Enforcing Administrative Subpoenas in *SEC v. Carla Marin* dated February 6, 2019 and assigned docket number 1:19-mc-20493-UU .

20.     Annexed hereto as Exhibit 4 is a true and correct copy of the SEC's Application for an Order to Show Cause and an Order Enforcing an Administrative Subpoena Against MinTrade Technologies, LLC dated February 6, 2019 and assigned document number 1:19-mc-20496-KMW.

21.     Annexed hereto as Exhibit 5 is a true and correct copy of the SEC's Notice of Pending Case filed on February 22, 2019 in the United States District Court for the Southern District of Florida.

22.     Annexed hereto as Exhibit 6 is a true and correct copy of a letter dated August 17, 2015 from the SEC Miami Regional Office to Guy Gentile at Swiss America Securities Ltd. and a subpoena dated December 22, 2017 from the SEC to Guy Gentile.

23.     Annexed hereto as Exhibit 7 is a true and correct copy of the United States Department of Justice's Indictment of Mr. Guy Gentile dated March 23, 2016.

24.     Annexed hereto as Exhibit 8 is a true and correct copy of the original complaint dated March 23, 2016 in *SEC v. Guy Gentile*, case no. 2:16-cv-01619-JLL-JAD.

25.     Annexed hereto as Exhibit 9 is a true and correct copy of an Order of the United States District Court of the District of New Jersey dated May 13, 2016 staying the case *SEC v.*

*Guy Gentile* pending the resolution of the parallel criminal proceeding.

26.     Annexed hereto as Exhibit 10 is a true and correct copy of an order of the United States District Court of the District of New Jersey of May 12, 2017 staying the case *SEC v. Gentile* (2:16-cv-01619-JLL-JAD) pending the Supreme Court's resolution of *Kokesh v. Securities and Exchange Commission*.

27.     Annexed hereto as Exhibit 11 is a true and correct copy of a letter request from the SEC dated April 26, 2017 requesting a lift of the stay during the pendency of the appeal of the dismissal of the criminal case.

28.     Annexed hereto as Exhibit 12 is a true and correct copy of a SEC press release dated November 18, 2014 related to Albert J. Scipione.

29.     Annexed hereto as Exhibit 13 is a true and correct copy of an SEC order instituting administrative proceedings in the matter of Matthew P. Ionno dated August 18, 2014.

30.     Annexed hereto as Exhibit 14 is a true and correct copy of an SEC order making findings and imposing remedial sanctions pursuant to Section 15(b) of the Securities and Exchange Act of 1934 in the matter of Albert J. Scipione dated November 4, 2015.

31.     Annexed hereto as Exhibit 15 is a true and correct copy of a subpoena dated August 24, 2015 from the SEC to Key Bank and a letter from the SEC to Guy Gentile providing him notice that the subpoena was served.

32.     Annexed hereto as Exhibit 16 is a true and correct copy of the May 9, 2017 SEC letter to Hon. Joseph A. Dickson, United States Magistrate Judge, disclosing a non-public investigation into Mr. Gentile's company.

33.     Annexed hereto as Exhibit 17 is true and correct copy of a letter dated May 25, 2017 from the SEC to Hon. Joseph A. Dickson, United States Magistrate Judge.

34.     Annexed hereto as Exhibit 18 is a screen shot of the pop-up on the SureTrader

website that states that the services provided on the web-site are not intended to solicit U.S. customers.

35.       Annexed hereto as Exhibit 19 is a true and correct copy of a March 30, 2016 subpoena from the SEC to Guy Gentile and cover letter to Guy Gentile care of Adam Ford, Guy Gentile's counsel.

36.       Annexed hereto as Exhibit 20 is a true and correct copy of excerpts of an email chain dated May 27, 2016 and June 6, 2016 from the SEC to Adam Ford attaching a draft declaration of Guy Gentile and from Adam Ford to the SEC stating that the draft declaration was improper dated June 6, 2016.

37.       Annexed hereto as Exhibit 21 is a true and correct copy of an excerpt of an email chain of July 6, 2017 from Sajjad Matin of the SEC to Adam Ford and Suzanne Pope, counsel for Gentile, enclosing and resending a draft declaration for Mr. Guy Gentile with a copy of the draft declaration attached.

38.       Annexed hereto as Exhibit 22 is a true and correct copy of a text order of May 13, 2016 by Hon. Joseph A. Dickson, United States Magistrate Judge, continuing the stay of the case pending further Order of the Court, as that Order is reflected on the Court's ECF system and PACER.

39.       Annexed hereto as Exhibit 23 is a true and correct copy of a letter dated May 25, 2017 from Adam Ford to the United States District Court of the District of New Jersey seeking relief from an SEC violation of the stay.

40.       Annexed hereto as Exhibit 24 is a true and correct copy of an Overseas Regulators Request for Assistance from the Securities Commission of the Bahamas to Mr. Guy Gentile.

41.       Annexed hereto as Exhibit 25 are true and correct copies of two termination letters from Citibank to Mr. Nicolas Abadiotakis, who was a trustee of trusts for the benefit of

Mr. Guy Gentile dated April 22, 2016 notifying him of the closure of accounts.

42.　　Annexed hereto as Exhibit 26 is a true and correct copy of a SEC Litigation Release No. 24415 dated March 4, 2019.

43.　　Annexed hereto as Exhibit 27 is a true and correct excerpt of an email chain from the SEC to Carla Marin dated October 13, 2017 requesting her to comply with a subpoena.

44.　　Annexed hereto as Exhibit 28 is a true and correct copy of the SEC amended complaint that was filed in the U.S. District Court for the District of New Jersey on October 6, 2017.

45.　　Annexed hereto as Exhibit 29 is a true and correct copy of an SEC subpoena to Carla Marin dated November 15, 2017.

46.　　Annexed hereto as Exhibit 30 is a true and correct copy of a SEC subpoena to Carla Marin dated December 6, 2017.

47.　　Annexed hereto as Exhibit 31 is a true and correct copy of a letter from Tipalti to Guy Gentile at Swiss America Securities Ltd. dated August 10, 2015 and terminating Mr. Guy Gentile's accounts.

48.　　Annexed hereto as Exhibit 32 is a true and correct copy of a subpoena dated August 24, 2015 from the SEC to Key Bank under the FOI In the Matter of Traders Café (FL 3848).

49.　　Annexed hereto as Exhibit 33 is a true and correct copy of an email dated May 19, 2017 from Checkbook.io to Mr. Guy Gentile terminating their business relationship with him.

50.　　Annexed hereto as Exhibit 34 is a true and correct copy of an account termination notification from Chase Bank to Mr. Guy Gentile dated December 7, 2016.

51.　　Annexed hereto as Exhibit 35 is a true and correct copy of an account termination notification from BMO to Mr. Guy Gentile dated February 7, 2019.

52.     Annexed hereto as Exhibit 36 is a true and correct copy of the Complaint in this action.

53.     Annexed hereto as Exhibit 37 is a true and correct copy of an email from Adam Ford to the following SEC attorneys: Amie Berlin, Nancy Brown, and Simona Suh.

54.     **No prior request for the relief sought herein has been made to this or any other court.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 5, 2019

ADAM C. FORD

# EXHIBIT C

**Subject:** privileged

**Date:**   Tuesday, October 17, 2017 at 5:52:50 PM Atlantic Standard Time

**From:**   Adam Ford <aford@fordobrien.com>

**To:**     Guy Gentile <ggentile@swissamericas.com>

See below:


Adam C. Ford
Partner

FORD O'BRIEN LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
Tel: + 1 (212) 858-0040
aford@fordobrien.com
fordobrien.com


Begin forwarded message:

**From:** "Matin, Sajjad" <matins@SEC.GOV>
**Subject: Re: Gentile -- October 23 Meeting**
**Date:** October 13, 2017 at 10:49:15 AM EDT
**To:** Adam Ford <aford@fordobrien.com>
**Cc:** "Weissman, Jessica" <WeissmanJm@sec.gov>, Suzanne Pope
<spope@fordobrien.com>

Hi Adam,

Your client's current conduct which concerns us is the same course of conduct discussed last year. The declaration enumerates those issues and conduct of concern, and we believe that conduct has been ongoing, including from as early as April 2016.

Thanks,
Sajjad

On Oct 13, 2017, at 10:02 AM, Adam Ford <aford@fordobrien.com> wrote:


Sajjad and Jessica,

Thank you for your email and forwarding the prior emails, of which I was aware. I think the confusion stems from the fact that during our last conversation you indicated to me that the scope of your investigation has changed significantly since we spoke last year. Specifically, during the last call you informed us that now your office is *only* focused on post-indictment conduct, something that did not appear to be the case last year (and was certainly not articulated, according to our notes). Indeed, my notes from those conversations, reflect concerns that your office identified that pre-dated the indictment, and we specifically addressed matters during those calls that pre-dated the indictment. Accordingly, even with the benefit of the declaration and our prior notes, it is difficult for us to reliably determine what is still in issue — I do not see that as feigning ignorance so much as my good faith attempt to have a fully productive conversation with you were we were not saying irrelevant things that do not address your concerns.

Your comment that you have been more than clear and communicative may have been true last year, but given our last conversation in which you asserted that you would not have any pre-wells discussion with me that involved your providing us with the specific facts that you are still concerned with today, I do not think it remains quite as accurate.

In any event, see you on the 23rd.

--Adam


Adam C. Ford
Partner

FORD O'BRIEN LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
Tel: + 1 (212) 858-0040
aford@fordobrien.com
http://fordobrien.com

> On Oct 12, 2017, at 12:07 PM, Matin, Sajjad <matins@SEC.GOV> wrote:
>
> Adam and Suzanne,
>
> As you are aware, your client, Guy Gentile, has refused to testify in our matter pursuant to a Commission subpoena. We have been more than clear and communicative throughout our discussions regarding the scope of conduct for which we believe is material to our investigation. As you may recall, we had several discussions in mid-2016 pertaining to your client's desire to assert his Fifth Amendment right against self-incrimination during testimony. To address those concerns we provided to you, in July 2016, a declaration which explicitly listed the issues which were of concern to us. We again forwarded the same information to you in July 2017 at your request. Those correspondences (including the declaration attached to each) are attached to this email.
>
> Given that you've been aware of the conduct and content of information which we are interested in for over a year, it seems odd that you now feign ignorance. We welcome the meeting you proposed on October 23rd and will see you then.
>
> Regards,
> Sajjad
>
> **Sajjad Matin**
> **U.S. Securities and Exchange Commission**
> **Division of Enforcement**
> matins@sec.gov
> 305.982.6321
>
> **From:** Adam Ford [mailto:aford@fordobrien.com]
> **Sent:** Wednesday, October 11, 2017 11:47 AM

**To:** Matin, Sajjad; Weissman, Jessica
**Cc:** Suzanne Pope
**Subject:** Gentile -- October 24 Meeting

Sajjad and Jessica,

      In advance of our meeting on October 23rd, I just wanted to make certain that we were on the same page for topics of discussion based on our prior conversations. You had given us some information of what we do not need to focus on, although you declined to tell us what issues you thought we should focus on, or what conduct was at issue. You also informed us that you are at the "tail-end" of your investigation.  As such, we believe now is the appropriate time to come in.

      On September 25, you informed us that your investigation very specifically does not have anything to do with, or was related in any way to the events in New York/New Jersey and any instructions that may have been given by the NJ AUSAs/ FBI agents/ or SEC attorneys.  You told us that you have "focused, honed in, and cut out" conduct that occurred during the time period of his cooperation until he was indicted in March 2016, and you are only focused on the time period outside his cooperation, i.e., post-indictment conduct.

      You also informed us that it is unnecessary to discuss any issue raised during the prior FINRA inquiry, which was closed after we submitted a Wells Submission.  Moreover, our presentation does not need to focus on anything related to what any FBI agent may have directed Gentile to do.

      While you declined to provide us with any pre-Wells discussion of what evidence you have, "based on our previous conversations, [I] should know the concerns" that your office has. To be clear, based on our prior discussions, my understanding of your concerns are that (1) Gentile has been present on US soil while SureTrader was operating, and reviewed information remotely from NY, (2), that he filed corporate paperwork in Delaware, and (3) that SureTrader services US clients. Accordingly, our presentation will be focused on these three areas of concern.

      Our presentation and discussion on the 23rd will follow the above framework. If you have anything additional to share with us in advance of the meeting, we still believe that would be most helpful. As I stated on several occasions, my client has no interest in being in violation of any securities laws and if your office believes any conduct is so violative, we would appreciate being told so that it can be corrected immediately. As I reiterated on our prior calls, we do not believe our client should be forced to guess as to what concerns the SEC has regarding his conduct.

See you on the 23rd.

--Adam

Adam C. Ford
Partner

FORD O'BRIEN LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
Tel: + 1 (212) 858-0040
aford@fordobrien.com
http://fordobrien.com

&lt;Mail Attachment.eml&gt;&lt;Mail Attachment.eml&gt;

# EXHIBIT D

**Guy Gentile**
103 Ave De Diego
Apt. S2202
San Juan, PR 00911
787-363-7833

September 29, 2021

**VIA US MAIL**

The Honorable Judge Beth Bloom
United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Chambers 10-2
Miami, Florida 33128

Re: Securities and Exchange Commission v. Guy Gentile, No:1:21-CV-21079-Bloom

Dear Judge Bloom,

I am self representing myself until I can hire counsel in the above-referenced

matter in response to the SEC's Motion filed September 20, 2021. I hope I will be

allowed a fair opportunity to clear the record and allow me to show the court the SEC

did little to nothing to try and properly serve me which is my due process rights. The

SEC did not once try to serve me at my address. I received zero phone calls from

security, zero knocks on my door, and no one was waiting for me outside. The SEC

showed this court that they had my email address, and they have my phone number,

but no one called or emailed me.  For six months the SEC couldn't find someone who is

Hon. Beth Bloom
Sept. 27, 2021
Page 2 of 4

6'2 in on a small island of men with an average height of 5'6, FBI Special Agent

Stephanie Davis once told me "I stand out", so it hard to believe anyone was really

trying to serve me. I leave my apartment almost every day and frequent popular

restaurants nearby.

The reality is the SEC did not care about serving me, they instead only cared

about harassing my loved ones, for example sending the Police to intimidate my

girlfriend, pretending to have a warrant, pretending to be property inspectors to illegal

gain access to the inside of the apartment, pretending to be real estate agents and

many other questionable actions. The SEC is the Federal Government and if they

wanted me served I would be, they have resources no one else has. The SEC's efforts

here are only about painting the tape of me being uncooperative. It is funny how quickly

the SEC forgets that they had open access to everything in my life for nearly 4 years

when I was working almost full time with them and the FBI. I have helped the SEC for

years bring cases, but when I didn't want to do it anymore is when they started the

harassment campaign against me that has been going on for over 6 years.


**SEC False Statements**

I'm not going to address all of the SEC bogus claims here because the list would

be too long. But for example, Jessica Weissman's declaration claims I was the only

signer for the SureTrader brokerage account. This is also false, she provides no proof.

The SEC knows, but intentionally did not tell the Court the truth about this because the

SEC staff attorneys I believe think they are above the law. The reason I know this is

Hon. Beth Bloom
Sept. 27, 2021
Page 3 of 4

because I worked with them for years and know how they stretch the truth till the point it

is a lie. The SEC likes to regurgitate their often repeated skewed views of me. This is

not the SEC first attempt at doing this. I have been too often the victim of the smugness

of these line SEC attorneys. This is the reason I'm writing this letter to you.[1]

## Conclusion

I am requesting that the SEC properly serves me. I will be happy to receive from

the SEC an overnight mail of the summons and complaint to my address above, or have

their process server meet me outside my apartment at an agreed upon date and time. I

respectfully request the court to allow me 90 days to answer the complaint once served

as this is a complex case that spans 10 years.[2] Since the SEC has taken almost six

months to try and serve me; as they have allegedly been investigating me since 2013 to

2021, which has caused the 3rd Circuit to call them lazy and incompident. The reason I

need more time is 1. There are over Five (5) heavily docked cases involving this one; 2.

The SEC's discovery that they unwillingly provided in one of those cases is so huge and

---

[1] If the SEC was so open and honest to this court as it is required to be with all courts, then what is the reason they did not tell this Court about the brow beating they received about these same allegations in New Jersey that they are now bringing in Florida. https://www.courtlistener.com/docket/4517980/108/securities-and-exchange-commission-v-gentile/
https://www.courtlistener.com/docket/4517980/56/securities-and-exchange-commission-v-gentile/
https://www.courtlistener.com/docket/4517980/46/securities-and-exchange-commission-v-gentile/

[2] The SEC has a history of overreaching with me and not playing fair. For example, the 3rd Circuit Judge called the SEC attorneys lazy and imcompetent and called their Florida investigation ridiculous. www.courtlistener.com/audio/67968/gent#ile-v-sec/ If you listen to this 3rd Circuit audio, you will clearly see this is retribution against me.

GUY GENTILE | 103 AVE DE DIEGO, S2202, SAN JUAN PR 00911 | 787-363-7833

Hon. Beth Bloom
Sept. 27, 2021
Page 4 of 4

purposely disorganized with hundreds of thousands of documents are just some of the

reasons why I should be granted 90 days to answer. The SEC has waited years and

years to bring this case; they are not prejudiced by waiting 90 more days for me to

answer.

Respectfully submitted,

Guy Gentile, Per Se

Cc: Alice K. Sum
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1950
Miami, Florida 33131

# EXHIBIT E

MintBroker International Inc. Aka SureTrader - No. 1:21-CV-21079-Bloom

Guy Gentile to sumal@sec.gov

Tuesday, October 12, 2021 11:10 AM

**From**      Guy Gentile

**To**        sumal@sec.gov

**Subject**   MintBroker International Inc. Aka SureTrader - No. 1:21-CV-21079-Bloom

Alice Sum:

As you/the SEC are aware MintBroker International Inc. aka SureTrader is in provisional receivership in the Bahamas, and the receiver has taken control over the company and it's records.

My Bahamas Counsel has advised me due to an Oral Order in of the Bahamas Court on the first day of trial, that Order restrict myself and the receiver from taking any actions (included hiring counsel for the company) until further Ordered. Trial was completed in the Bahamas and a decision is expected within the next 90 days, per my Bahamas Counsel.

Since the SEC have been working with the Securities Commission of The Bahamas, the SEC is aware of this stay.

My Bahamas Counsel has advised me the receiver is restricted hiring an attorney to deal with this case and will not violate the Bahamian Court Order and I am not allowed to hired Counsel for Suretrader or I would be in Contempt.

Due to these circumstance, until the time Suretrader is out of receivership and SureTrader is permitted to hire counsel, I request that the answering time for Suretrader be extended until such time counsel can be retained to confer with your office.

If you do not agree to this, please advise by 5 PM Friday, Oct. 15, 2021 so I can then inquire with Hon. Judge Bloom as to what would be an appropriate solution to the unusual situation to protect my interest in SureTrader as its Shareholder, (since your compliant totally omits this stay order imposed myself and Suretrader by the Bahamas Courts).

Guy Gentile

# EXHIBIT F

RE: MintBroker International Inc. Aka SureTrader - No...

Sum, Alice to me (guygentile@outlook.com)

Friday, October 15, 2021  3:43 PM

**From**      Sum, Alice

**To**        Guy Gentile

**Subject**   RE: MintBroker International Inc. Aka SureTrader - No. 1:21-CV-21079-Bloom

Remote images are not displayed.   Display once -  Always display from sumal@sec.gov

Dear Mr. Gentile:

Please provide the transcript (or excerpt thereof) where the Bahamas court made the "Oral Order" as you have described in your email, and we will evaluate it and provide our position.  Thank you.

Alice



**Alice K. Sum**
Trial Counsel
U.S. Securities and Exchange Commission
Division of Enforcement
Miami Regional Office
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Office:   305.416.6293
Mobile:  305.202.0885
Email:  SumA(@sec.gov

# EXHIBIT G

An official website of the United States government. Here's how you know. ⌄

pcl.uscourts.gov/pdl/pages/search/results/parties.jsf?sid=5471edb150d84dc4acca7b0e24748018

PACER Case Locator - Search Res ×

# PACER
Public Access To Court Electronic Records

# PACER Case Locator

New Search ⌄   Saved Items ⌄   Party Search ⟩ Advanced Search ⟩ Court Information   Settings ⌄   Search Results

Log in to PACER Systems ▾   Guy Gentile

**Search Criteria:** Party Search; Date Filed (On or After): [03/01/2016]; Last Name: [gentile]; First Name: [guy] 🔳
**Result Count:** 13

Icon Legend   ↑A ↓A ↓≡ ☰ ▢ ⌷ ⌷

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| ⓘ Gentile, Guy | ☆ 0:2017cr01468 | USA v. Guy Gentile | U.S. Court Of Appeals, Third Circuit | 03/02/2017 | 05/01/2019 |
| ⓘ Gentile, Guy | ☆ 0:2018cv01242 | SEC v. Guy Gentile | U.S. Court of Appeals, Third Circuit | 02/07/2018 | 09/26/2019 |
| ⓘ Gentile, Guy | ☆ 0:2019cv02252 | Guy Gentile v. SEC | U.S. Court Of Appeals, Third Circuit | 05/31/2019 | 09/10/2019 |
| ⓘ Gentile, Guy (intv) | ☆ 1:2019mc20493 | Securities and Exchange Commission v. Marin | Florida Southern District Court | 02/06/2019 | 09/30/2019 |
| ⓘ Gentile, Guy (intv) | ☆ 1:2019mc20496 | Securities and Exchange Commission v. MinTrade Technologies, LLC | Florida Southern District Court | 02/06/2019 | 12/03/2019 |
| ⓘ Gentile, Guy (dft) | ☆ 1:2021cv21079 | Securities and Exchange Commission v. MintBroker International, Ltd. et al | Florida Southern District Court | 03/22/2021 | |
| ⓘ GENTILE, GUY (dft) | ☆ 2:2016cr00155 | USA v. GENTILE - GUY GENTILE | New Jersey District Court | 03/23/2016 | 01/30/2019 |
| ⓘ GENTILE, GUY (dft) | ☆ 2:2016cv01619 | SECURITIES AND EXCHANGE COMMISSION v. GENTILE | New Jersey District Court | 03/23/2016 | 10/21/2020 |
| ⓘ GENTILE, GUY (pla) | ☆ 2:2019cv05155 | GENTILE v. SECURITIES AND EXCHANGE COMMISSION | New Jersey District Court | 02/08/2019 | 05/14/2019 |







**PRIORITY MAIL ★**

**USPS**
**UNITED STATES POSTAL SERVICE ®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Guy Gentile
103 Ave De Diego
Apt. 52802
San Juan, PR 00911

SHIP TO:

The Hon. Judge Beth Bloom
United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr. United States Court
400 N. Miami Ave
Chambers 10-2
Miami, Florida 33128

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

---

**P** Retail

US POSTAGE PAID
Origin: 009 1
10/16/21
42847200015

**$8.70**

**PRIORITY MAIL 3-DAY®**

0 Lb 8.40 Oz

1006

C075

EXPECTED DELIVERY DAY: 10/20/21

SHIP
TO:
400 N MIAMI AVE
RM 10-2
Miami FL 33128-1807

USPS TRACKING® #

9505 5106 9022 1289 3919 15

USPS.COM/PICKUP

EP14F May 2020
OD: 12 1/2 x 9 1/2

S00001000014

**UNITED STATES POSTAL SERVICE.**

d delivery date specified for d
mestic shipments include up
acking® included for domesti
international insurance.**
ed internationally, a customs

es not cover certain items. For deta
il Manual at http://pe.usps.com.
ional Mail Manual at http://pe.usps

**RATE ENVEL**
E ■ ANY WEIGHT

CKED ■ INSUR