**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
And d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**DEFENDANT GUY GENTILE'S MEMORANDUM OF LAW IN SUPPOT OF HIS MOTION TO STAY THIS ACTION PENDING RESOLUTION OF HIS OUTSTANDING MOTION FOR CONTEMPT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT AND RELEVANT FACTS .........................................................1

*The History of This Action and Gentile's Cooperation* ..................................................................2

*The SEC Makes The Bahamian Allegations The Centerpiece of the New Jersey Action* ................6

ARGUMENT ...................................................................................................................................9

   I.   Legal Standard ....................................................................................................................9

   II.  The Court Should Stay This Action Pending Resolution Of Gentile's Motion For Contempt Before The New Jersey Court Seeking Withdrawal Of The Florida Complaint ..............................................................................10

CONCLUSION..............................................................................................................................11

## **TABLE OF AUTHORITIES**

*Goldstein v. Costco Wholesale Corporation*,
   2021 WL 2827757 (July 8, 2021) ...................................................................................... 9

*Kokesh v. SEC*,
   137 S. Ct. 1635 (2017) ........................................................................................................ 4

*Lewis v. Mercedes-Benz United States*,
   2020 WL 4923640 (S.D. Fla. Mar. 25, 2020) .................................................................... 9

*Point Conversion LLC v. Lopane*,
   2020 WL 6700236 (S.D. Fla. October 29, 2020) ............................................................... 9

*Taylor v. Service Corporation International*,
   2020 WL 6118779 (S.D. Fla. Oct. 16, 2020) ................................................................... 11

*United States v. Gentile*,
   235 F. Supp. 3d 649 (D.N.J. 2017) .................................................................................... 2


<u>Statutes and Rules:</u>

28 U.S.C. § 2462 ....................................................................................................................... 5

15 U.S.C. § 78u(d) .................................................................................................................... 7

Defendant Guy Gentile ("Gentile") respectfully submits this memorandum of law in support of his motion to stay this action pending resolution of his outstanding Motion for Contempt filed in the United States District Court for the District of New Jersey (the "New Jersey Court"), in the related case, *SEC v. Gentile*, No. 2:16 Civ. 01619 (BRM), seeking an order mandating the United States Securities and Exchange Commission (the "SEC") withdrawal the Complaint in this action as violative of a prior binding federal court order. In the alternative, Gentile requests that if the New Jersey Court declines to issue an order mandating withdrawal of the Complaint, all parties to this action be provided 30 days from the date of that order to file a responsive pleading.

**PRELIMINARY STATEMENT AND RELEVANT FACTS**

The Court should stay this action until resolution of a pending motion in a previously filed action before the New Jersey Court. In a lawsuit before the New Jersey Court, which the SEC filed against Gentile in March 2016 (the "New Jersey Action" or the "New Jersey Complaint"), the SEC made allegations and sought relief based on allegations and facts that overlap with the complaint filed in this action (the "Florida Action" or "Florida Complaint"), specifically allegations of wrongdoing in connection with the Bahamian broker-dealer, MintBroker International Ltd/Sutretrader. On September 29, 2020, the New Jersey Court dismissed the amended complaint in the New Jersey Action without prejudice and ordered the SEC to file a second amended complaint including all additional allegations related to Gentile's Bahamian broker-dealer within 20 days of that order (the "September 29 Order"). The SEC declined to file a second amended complaint and informed the New Jersey Court on October 19, 2020 that it would not file a second amended complaint. The New Jersey Court closed that case on October 21, 2020. Five months later the SEC filed the Florida Complaint, seeking injunctive

relief against Gentile based on the same allegations already substantially litigated in the New Jersey Action and alleged in the New Jersey Complaint.

Because the filing of the Florida Action directly disobeys the New Jersey Court's September 29 Order, Gentile has filed a motion for contempt in the New Jersey Court, seeking an order directing the SEC to withdraw the Florida Complaint as being filed beyond the 20 days granted by the New Jersey court. Gentile's motion for contempt is currently set to be heard on an order to show cause on December 6, 2021. If the New Jersey Court grants the relief sought in the motion for contempt, the SEC will be forced to withdraw the Florida Complaint, thus ending this action. Because an order granting that relief would render this action moot, Gentile requests a stay of this action until December 6, 2021, or the time at which the New Jersey Court issues an order resolving the motion. As an alternative, in the event the New Jersey Court denies the relief sought by Gentile, Gentile requests the Court permit all parties to this action 30 days from that date to file a responsive pleading.

*The History of This Action and Gentile's Cooperation*

As this Court will come to learn, the SEC's investigation of and interest in Gentile dates to 2012 when Gentile was arrested by the FBI based on allegations that he had participated in two separate penny stock schemes in 2007 and 2008 related to the sale of RVNG and KYUS stock, allegations which Gentile vigorously denies. *See United States v. Gentile*, 235 F. Supp. 3d 649, 650–51 (D.N.J. 2017). Following his arrest but without admitting guilt, the DOJ withdrew its (sealed) criminal complaint after Gentile offered and agreed to cooperate with the Department of Justice ("DOJ"), the FBI, and the SEC by assisting them in detecting and prosecuting financial crimes and securities law violations. *Id.* at 651. And Gentile did just that. Over the next nearly four years, Gentile cooperated against people unknown to Gentile but targets of the FBI or SEC,

on a nearly full-time basis, assisting these agencies in prosecuting several high-profile criminal and securities fraud cases. *See Id.* at 651–53. This assistance resulted in service of substantial jail time for, civil monetary fines against, and millions of dollars in disgorgement against securities law violators. (Gentile Aff., July 14, 2016, ¶¶ 67–73).

During this time and beginning in 2012, Gentile operated a broker-dealer in the Bahamas (the "Bahamian broker-dealer"). (NJ Am. Cmplt. ¶¶ 14, 82). While a legitimate business in its own right, the Bahamian broker-dealer was also used by the FBI and SEC to ensnare securities law violators. (Gentile Aff., July 14, 2016, ¶¶ 9–73). For this reason, FBI agents made frequent visits to Gentile at his Bahamian broker-dealer, were in near constant contact with him for four years, and even bugged his offices at the Bahamian broker-dealer with both audio and visual recording devices. *(Id.)*. In addition to onsite visits and frequent communications by phone, text, and email, Gentile immediately provided to these agencies any requested information related to the operation of the Bahamian broker-dealer. *(Id.)*. Indeed, during this time, the agencies had complete and unfettered access to the Bahamian broker-dealer's and related entities' financial and operational records, which they frequently requested and always received promptly upon request. *(Id.)*.

In 2014, while working as an active, full-time cooperator, Gentile received a *Wells* Notice from the Financial Industry Regulatory Authority (FINRA) related to the alleged solicitation of United States customers by the Bahamian broker-dealer.[1] In response, Gentile submitted a detailed *Wells* submission to FINRA setting forth in detail the manner in which the Bahamian broker-dealer complied with all regulations related to the solicitation of United States customers.

---

[1] Notably and among other similar actions, the SEC also sent Gentile a fake investigatory letter around this time, which allowed Gentile to "exit" a "conspiracy" without causing suspicion among the targets. (*See* Ex. A, Gentile Aff., July 14, 2016 ¶ ["[My] idea worked. The SEC sent [the Bahamian broker-dealer] a letter questioning trades done in [redacted] which enabled me to plausibly act spooked, and tell my coconspirators that I was exiting the conspiracy."].

6

(Ex. B, *Wells* Submission).  Also, during this time, then Assistant United States Attorney Gurbir Grewal personally intervened on Gentile's behalf, assuring FINRA that the Bahamian broker-dealer was acting in compliance with all United States regulations. The Bahamian broker-dealer remained under intense scrutiny by the FBI, the United States Attorney's Office with Gurbir Grewal as the lead, and the SEC during the entirety of Gentile's cooperation from 2012 to 2016. (Ex. A, Gentile Aff., July 14, 2016, ¶¶ 9–73).

Yet after nearly four years of full-time cooperation taking a significant toll on his family and personal life, Gentile informed the agencies that he no longer wished to cooperate.  (Ex. A, Gentile Aff., July 14, 2016, ¶¶ 61, 71–73).  Still in need of his assistance on several pending investigations, the FBI and SEC lashed out at Gentile, filing contemporaneous ***time-barred*** criminal and civil complaints in the United States District Court for the District of New Jersey. (Ex. C, NJ Indict.; Ex. D, NJ Cmplt.).

The SEC lawsuit (the New Jersey Action) was initially stayed during the pendency of the criminal matter.  After the criminal indictment was dismissed (on a motion to dismiss), the New Jersey Action remained stayed pending the Supreme Court's decision in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017).  During this time, the SEC repeatedly sought to have the stay lifted, citing to Gentile's alleged conduct related to the Bahamian broker-dealer which the SEC had learned about during the then-ongoing investigation into him by the SEC during his four years of cooperation.  For example, the SEC submitted a letter on April 26, 2017 to the New Jersey Court seeking a lift of the stay based on the existence of "a pending, non-public investigation into possible securities laws violations arising out Gentile's operation of his Bahamian broker-dealer," which it intended to use in the New Jersey Action "if the staff determines that documents obtained in that investigation are relevant to the allegations in the instant complaint."

(Ex. E, SEC Ltr., April 26, 2017, pg. 6 n.8).  The SEC was careful to delineate in a subsequent letter to the New Jersey Court on May 9, 2017, urging a lift of the stay, "the investigation into his operation of his Bahamian broker-dealer has been ongoing since before [the dismissed 2016] indictment was filed," *specifically since 2014*.  (Ex. F, SEC Ltr., May 9, 2017 pg. 1).  In other words, in addition to the SEC and United States Attorney's Office having unfettered access to Gentile as part of his cooperation, the SEC also had an undisclosed investigation into him out of the Miami office for the last two years of his cooperation, since 2014.  Notably, the original complaint in New Jersey, filed on March 23, 2016, made only a single, fleeting reference to "a Bahamas online brokerage firm."  (Ex. D, NJ Cmplt. ¶ 14).

Following that Supreme Court's decision in *Kokesh*, Gentile moved to dismiss the original complaint, arguing that 28 U.S.C. § 2462's five-year statute of limitations barred the claims and relief sought by the SEC.  (Ex. G, Memo, MTD NJ Cmplt., June 30, 2017).  In opposing the motion, the SEC argued, consistent with these letters, in an improperly included section entitled "Additional Facts in the Public Record" that the complaint was timely because Gentile "has also boasted plans to not only pursue his career in the securities industry, but to expand the business of his [Bahamian] broker-dealer . . . ."  (Ex. H, SEC Opp. Memo, NJ Cmplt, July 21, 2017).  The SEC, however, ultimately withdrew nearly all of the relief sought in the original complaint, causing the New Jersey Court to administratively terminate Gentile's motion to dismiss and order the SEC to file an amended complaint because "[T]he SEC seeks to proceed in this case based upon claims and factual allegations that: (a) have been withdrawn; (b) are not asserted in the complaint, and are being raised for the first time in response to the motion to dismiss; or (c) are hopelessly intertwined with the claims and allegations that have been withdrawn."  (Ex. I, Sept. 18, 2017 Order).  These allegations "being raised for the first time in

8

response to the motion to dismiss" included the allegations in the SEC's opposition brief related to Gentile's plans to expand the Bahamian broker-dealer, which was the ongoing subject of "a pending, non-public investigation into possible securities laws violations." (Ex. E, SEC Ltr., April 26, 2017; Ex. H, SEC Opp. Memo; and Ex. I, Sept 18, 2017 Order).

Consistent with the September 18, 2017 Order, the SEC filed an amended complaint, the New Jersey Complaint, which included additional allegations related to the Bahamian broker-dealer, including that Gentile "has committed to expanding" the "Bahamas-based online brokerage firm," which "will present him with daily opportunities to violate the securities laws again." (Ex. D, NJ Cmplt. ¶ 14, 82). This amended complaint sought only injunctive relief as the prior relief sought had been voluntarily withdrawn as time-barred. (Ex. I, Sept. 18, 2017 Order). Gentile successfully moved to dismiss the New Jersey Complaint as time-barred, but the Third Circuit vacated the order, finding that the Court had erred in its reasoning for dismissal. (Ex. J, 3d Cir. Opinion).

***The SEC Makes The Bahamian Allegations The Centerpiece of the New Jersey Action***

Following *vacatur*, the SEC commenced discovery. Ultimately, the SEC determined not only that the allegations related to Gentile's Bahamian broker-dealer were "relevant" and "related" to the allegations made in the Amended Complaint, but the SEC made these allegations a centerpiece of the New Jersey Action, including its discovery requests as well as its opposition to his motions to dismiss.[2] On March 2, 2020, the SEC served document requests on Gentile

---

[2] For example, after the Court ordered the SEC to file an amended complaint due to inadequacies in the initial complaint and Gentile moved to dismiss the complaint the second time, the SEC filed an opposition brief on July 21, 2017, arguing that Gentile's conduct in the Bahamas supported denial of the motion to dismiss. (Ex. H, SEC MTD Opp. Br., July 21, 2017 pgs. 2, 21). In support of its opposition, the SEC attached a lead counsel's affidavit and several exhibits related to Gentile's alleged conduct in the Bahamas. (Brown Decl. dated July 21, 2017 ¶ 19(f); SEC MTD Opp. Br., July 21, 2017). Of course, that amended complaint itself alleges that Gentile's conduct in the Bahamas supports its prayer for injunctive relief. (Ex. P, Am. Cmplt. ¶¶ 14, 82). In fact, SEC Senior Litigation Counsel Daniel Staroselsky has

9

with more than a half-dozen requests specifically related to his Bahamian broker-dealer and related entities, including requests for documents related to Gentile's "beneficial ownership" of these entities as well as documents from the Securities Commission of the Bahamas. (Ex. K, SEC FRD ¶¶ 21–28). The SEC served interrogatories seeking similar information related to the Bahamian broker-dealer and related entities. (Ex. L, SEC Inter. ¶¶ 13–14).

When Gentile opposed these requests as outside the scope of the Amended Complaint, the SEC vigorously argued that it should be permitted to seek information related to Gentile's Bahamian broker-dealer because it related to and supported the allegations and relief sought in the Amended Complaint. The SEC insisted on its relevance, even issuing third-party subpoenas to these entities. (Ex. M, SEC Subpoena, Mint Global Markets pg. 4, Reqs. 1, 3–4; *see also* Ex. N, SEC Ltr., Aug 24, 2020 pg. 2 seeking documents "evidencing [] transfers" by "Gentile-owned Bahamian entity [Swiss America Securities Ltd.]" and documents "evidencing Mr. Gentile's relationship to the entities Stock USA Trust and [the Bahamian broker-dealer])."

Also following *vacatur*, Gentile again moved to dismiss the New Jersey Complaint, arguing, among other things, that the SEC only alleged misconduct from 2007 and 2008, meaning the SEC had no non-time barred claim on which the Court could properly fashion an injunction pursuant to 15 U.S.C. § 78u(d). (*See* Ex. O, Sept. 29 Order). The SEC made allegations related to the Bahamian broker-dealer a cornerstone of its opposition to Gentile's subsequent motion to dismiss the Amended Complaint, arguing that "more recent judicially-noticeable facts" related to the Bahamian broker-dealer, including the fact that Gentile was

---

publicly acknowledged that the SEC filed the New Jersey Complaint in response to Gentile's alleged conduct related to the Bahamian broker-dealer. As Staroselsky admitted during an October 9, 2020 Practicing Law Institute program, "After the criminal action was dismissed, Gentile publicly announced that Gentile wanted to publicly expand the brokerage firm that he owned in the Bahamas, and at that point the SEC filed its case." PLI, The SEC Speaks, *available* at https://www.pli.edu/faculty/daniel-staroselsky-26947 (last visited November 1, 2021).

currently being investigated by the SEC for conduct related to the Bahamian broker-dealer, supported denial of the motion. (Ex. Q, SEC MTD Opp., April 3, 2020 pg. 21). In support of this argument, the SEC attached a declaration of SEC staff attorney Nancy Brown attaching three exhibits related to the alleged violations of securities laws at the Bahamian broker-dealer, specifically alleging it was not registered with the SEC.[3] (Ex. R Brown Decl. dated April 3, 2020; Ex. Q, SEC MTD Opp. Br., April 3, 2020 Ex. A–C).

In other words, the SEC sought to litigate the question of Gentile's alleged violations of the securities laws in connection with the Bahamian Broker-Dealer MintBroker/Suretrader before the New Jersey Court, but it lost on that issue as the Court declined to take judicial notice of these facts. Instead, it ordered, "If the SEC wishes the Court to consider these allegations, **they must be included in a further amended complaint**." (Order, Sept. 29, 2020) (emphasis added). Notwithstanding the Court's order to file a second amended complaint containing any allegations related to misconduct by Gentile involving the Bahamian broker-dealer within twenty days, the SEC declined to do so. (Ex. S, SEC Ltr., Oct. 19, 2020). Accordingly, the Court ordered the Clerk close the case on October 21, 2020. (Ex. T, Order, Oct. 21, 2020).

Five months later, on March 22, 2021, the SEC filed the Florida Complaint against Gentile and the now-defunct Bahamian broker-dealer seeking, among other things, injunctive relief for conduct allegedly beginning in 2012 but "[f]rom no later than March 2016." (Ex. U, Florida Cmplt. ¶¶ 1–2). In other words, the Florida Complaint seeks the *same relief*, an injunction, based on the *same conduct*, alleged misconduct by the Bahamian broker-dealer, for

---

[3] In addition, the SEC made "allegations" in its opposition brief related to the purported denial by Puerto Rico's Office of the Commissioner of Financial Institutions ("OFCI") of an application by Gentile to organize an "international financial entity." The Brown Declaration attaches a fourth exhibit related to these OFCI allegations as well. Despite also being ordered to include them in a second amended complaint, the SEC failed to do so, but nonetheless included these OFCI "allegations" in the Florida Complaint five months later. (Ex. U, Florida Cmplt. ¶ 20).

11

which it sought an injunction in the New Jersey Complaint. Moreover, the Florida Complaint makes allegations related to the New Jersey Action (as well as the parallel dismissed criminal matter) along with allegations about the Puerto Rico OFCI permit denial, which the SEC raised as a basis for the relief sought in this case. (*Id.* ¶¶ 19–20; Ex. Q, SEC MTD Opp. Br., April 3, 2020).

Because the filing of the Florida Complaint directly violated the New Jersey Court's September 29 Order, directing the SEC to include any allegations related to wrongdoing in the Bahamas in a second amended complaint, Gentile has moved the New Jersey Court, on order to show cause, for an order finding the SEC in contempt for filing the Florida Complaint and ordering the SEC to withdraw the Florida Complaint. The New Jersey Court has set a hearing date of December 6, 2021. Gentile now moves this Court for an order staying this litigation, pending resolution of his outstanding motion for contempt before the New Jersey Court. Gentile further requests that in the event the New Jersey Court denies the motion for contempt that the Court provide Gentile 30 days from that denial to file a responsive pleading in the Florida Action.

## ARGUMENT

### I. Legal Standard

"District courts enjoys broad discretion in deciding how to best manage the cases before them." *Lewis v. Mercedes-Benz United States*, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020). "A stay [] is appropriate where the movant shows good cause and reasonableness." *Point Conversion LLC v. Lopane*, 2020 WL 6700236, at *1 (S.D. Fla. October 29, 2020). Notably, Florida courts have held that "good cause" to grant a motion to stay exists where "resolution of a preliminary issue may dispose of the entire action." *Lewis*, 2020 WL 4923640, at *2. In

12

evaluating a motion to stay based on a pending dispositive motion, courts often take "a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* In doing so, the courts weigh the "harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for [] discovery." *Id.* Courts tend to find that where "many similar suits" are "currently pending" and a court is tasked with determining which suit may move forward, a "temporary stay" pending resolution of the issue is appropriate. *Goldstein v. Costco Wholesale Corporation*, 2021 WL 2827757, at *2 (July 8, 2021).

> II. **The Court Should Stay This Action Pending Resolution Of Gentile's Motion For Contempt Before The New Jersey Court Seeking Withdrawal Of The Florida Complaint**

The Court should stay this matter pending resolution of Gentile's motion for contempt. As Gentile argues in that motion before the New Jersey Court, allegations related to Gentile's conduct in the Bahamas and injunctive relief based on that alleged conduct became the primary basis on which the SEC sought injunctive relief in the New Jersey Action. The New Jersey Complaint contained allegations related to the Bahamas, the SEC conducted discovery related to the Bahamas, and the SEC repeatedly argued to the New Jersey Court that Gentile's alleged conduct at his Bahamian broker-dealer supported lifting the discovery stay in that case and undermined his motion to dismiss. At the time the SEC made these arguments and sought and obtained discovery on Gentile's Bahamian broker-dealer, it was aware of the alleged wrongdoing that the Florida Complaint alleges commenced in 2012. When the New Jersey Court dismissed the New Jersey Action, it made clear that the SEC **must** file any allegations of wrongdoing in the Bahamas that supported the SEC's request for relief within twenty days—not an unreasonable request as the SEC admits it has been aware of this alleged misconduct since no later than 2014.

The SEC failed to do so and instead filed a reworked complaint in this Court, directly violating the New Jersey Court's September 29 Order. For this reason, Gentile has requested that the New Jersey Court find the SEC in contempt of the September 29 Order and direct the SEC to withdraw the Florida Complaint. The motion has been calendared for December 6, 2021.

If granted, Gentile's pending motion before the New Jersey Court would require the SEC to withdraw the Florida Complaint. As the *Goldstein* court found in an analogous situation, "the dismissal of nearly identical suits indicates that Defendant's Motion to Dismiss [had] sufficient merit to warrant a temporary stay of discovery." 2021 WL 2827757, at *1-2. The Florida Complaint seeks the same injunctive relief based on the same alleged conduct that it sought in the previously dismissed New Jersey Complaint. For this reason, Gentile has moved the New Jersey Court to make a determination as to whether the SEC's belated filing of the action in a different forum violated the prior September 29 Order.

A temporary stay permits the New Jersey Court time to rule on this motion without unnecessary, costly, and exceptionally non-urgent litigation of the pending issues before this Court. *See Taylor v. Service Corporation International*, 2020 WL 6118779, at *4 (S.D. Fla. Oct. 16, 2020) (a party "should not be forced to expend substantial resources answering discovery given the jurisdictional and facial challenges pending before the Court"). As the SEC is aware, the Bahamian broker-dealer is currently in receivership and has been defunct since 2019. Gentile is no longer employed in the securities industry. The allegations relate to purported conduct of which the SEC has been aware since 2014. No urgency exists here. Indeed, this case involves allegations of wrongdoing that started in 2012, but for which a case was not filed for nine years, and the entity that allegedly engaged in the misconduct ceased doing business two years before the Complaint was filed. Thus, the SEC would not be prejudiced by a temporary

stay in this action, pending the New Jersey Court's resolution of the issue of whether the Florida Complaint was required to have been filed in the New Jersey Court.

## CONCLUSION

For the reasons set forth herein, Gentile respectfully requests the Court stay this action pending resolution of the motion for contempt before the New Jersey Court. In the alternative, to the extent the New Jersey Court denies the motion for contempt, Gentile respectfully requests 30 days from that date to file a responsive pleading in this action.[4]

Dated: November 8th, 2021                                       Respectfully submitted,

_Dayliset Rielo__
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street
Suite 200
Miami, FL 33166
786-454-9873
dayliset@rielolaw.com

*Counsel for Defendant Guy Gentile*

FORD O'BRIEN, LLP
Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV Pending)
575 Fifth Ave, Floor 17
New York, NY 10017
Tel: (212) 858-0040
aford@fordobrien.com
mford@fordobrien.com

*Counsel for Defendant Guy Gentile*

---

[4] Pursuant to Local Rule 7.1, counsel for Gentile emailed SEC Staff attorney, Alice Sum, asking if the Commission would agree to a stay. Ms. Sum promptly responded that the Commission does not agree with the relief sought.

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Declaration of Dayliset Rielo executed November 8, 2021, with Exhibits, to be served on Defendant by filing via PACER, with notice to Plaintiff's counsel, this 8th day of November 2021.

_Dayliset Rielo_
Dayliset Rielo, Esq.
