**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-Bloom**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT GUY GENTILE'S MOTION TO STAY THIS ACTION**

    Plaintiff Securities and Exchange Commission (the "Commission"), responds to Defendant Guy Gentile's, a/k/a Guy Gentile Nigro ("Gentile"), Motion to Stay This Action Pending Resolution of the Outstanding Motion for Contempt as follows:

### I.    INTRODUCTION

    Gentile's Motion to Stay is his latest delay tactic to avoid responsibility for his misconduct and violations of U.S. securities laws. From the very day that this case was filed, Gentile had actual notice of its existence, as evidenced by his counsel's quoted statements to Law360.com about the lawsuit.[1] After avoiding service for more than six months and waiting seven months after this case was filed, Gentile filed a specious Motion for Contempt in New Jersey District Court ("NJ Court") – in a closed action where the Commission asserted different claims based on

---

[1] *See* ECF No. 6-1.

different allegations during a different time period against him – in an effort to wrest jurisdiction from this Court to determine this case on the merits. Instead of filing a motion to dismiss in this case raising the arguments in the Motion for Contempt, Gentile demands that this Court grant an indefinite stay for him to ask the NJ Court to determine whether this case can proceed. Put simply, there is no support for Gentile's Motion for Contempt, and it cannot form the basis for the Court to grant any stay, let alone an indefinite one. Finally, Gentile's Motion to Stay is wholly deficient because he has not demonstrated that responding to the complaint and allowing discovery to proceed would be unduly burdensome, nor has he made the specific showing of prejudice or difficulty that is required to impose such a stay. For these reasons, Gentile's Motion to Stay should be denied.

## II. RESPONSE TO GENTILE'S PRELIMINARY STATEMENT

Gentile devotes more than eight pages to mischaracterizing the background and facts concerning past litigation between the parties, the filings in prior litigation, and the orders of the NJ Court. Gentile has also recited irrelevant facts and procedural history from the prior litigation in an effort to obfuscate the issues. The Commission will provide the salient facts and correct the record to the extent needed for this Court to decide the Motion to Stay.

### A. The New Jersey Penny Stock Manipulation Case

In March 2016, the Commission filed a lawsuit against Gentile ("NJ Case") in the NJ Court, styled *Securities and Exchange Commission v. Guy Gentile*, Case No. 2:16-cv-1619 (BRM). The case was stayed "pending the entry of a judgment in the Parallel Criminal Proceeding." May 13, 2016 Order (NJ Case ECF No. 8). The proceedings resumed, and Gentile moved to dismiss the original Complaint. The NJ Court administratively terminated Gentile's motion to dismiss and

ordered the SEC to file an amended complaint.  In its Amended Complaint, the Commission summarized the NJ Case as follows:

> 1. This case involves two penny stock manipulation schemes perpetrated by Gentile.  The first scheme was perpetrated in 2007 and involved the stock of Raven Gold Corporation ("RVNG"), a purported gold and silver exploration company.  The second scheme was perpetrated in 2007-2008 and involved the stock of Kentucky USA Energy, Inc. ("KYUS"), a company involved in natural gas production.  In addition to market manipulation and fraudulent promotion, the schemes involved illegal unregistered offerings of the issuers' stocks, and, together, generated over $17 million in illegal gross stock sale proceeds as well as substantial profits for the schemes' participants.
>
> 8. Because Gentile obtained RVNG and KYUS stock from the persons controlling the issuers, with a view to selling it to the public, Gentile was a statutory underwriter under the Securities Act of 1933 ("Securities Act"), and his unregistered sales of the stock violated the securities registration requirements of the Securities Act.
>
> 9. In addition, by engaging in these schemes, Gentile violated the anti-touting and anti-fraud provisions of the Securities Act and violated or aided and abetted violations of the anti-fraud provisions of the Securities Exchange Act of 1934 ("Exchange Act").

Amended Complaint (NJ Case ECF No. 47) at ¶¶ 1, 8, and 9.  The Commission sued Gentile for violations of Sections 5(a) and 5(c) of the Securities Act, Sections 17 (a) and (b) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and aiding and abetting violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

Concerning Gentile's activities as a broker-dealer in the Bahamas, the Commission alleged:

> 14.  Over the years, Gentile has been the principal of multiple securities-related businesses in addition to his registered broker-dealer, including, most recently, a Bahamas-based online brokerage firm, which Gentile opened in 2011. Following the dismissal of parallel criminal charges against him, Gentile announced plans to expand that business, increasing staff by 60 to 80 employees by year-end 2017, targeting 30 per cent growth, and reactivating "stalled" expansion plans.  In February 2Q17, Gentile posted an article from the Nassau Guardian to his Twitter feed in which he was quoted as predicting that his firm "will be the largest broker dealer in [the Bahamas] within six months."

3

> 82. Gentile maintains an active presence in the securities industry as the beneficial owner of a Commission-registered broker-dealer and the CEO of a Bahamas-based online brokerage firm. In recent public statements, Gentile has committed to expanding his securities industry businesses. Gentile's ongoing involvement in the securities industry will present him with daily opportunities to violate the securities laws again.

*Id.* at ¶¶ 14 and 82. Gentile moved to dismiss the Amended Complaint under the statute of limitations, which was granted. (NJ Case ECF No. 56, 57) On appeal, the Commission did not dispute that its claims for disgorgement and penalties were time-barred, but argued that the claim for an injunction was not. The U.S. Court of Appeals for the Third Circuit agreed, vacating the dismissal and remanding for proceedings consistent with its ruling. *SEC v. Gentile*, 939 F.3d 549 (3d Cir. 2019).

Gentile moved to dismiss again on February 14, 2020, arguing that the Commission's allegations did not state a claim for relief for an injunction. (NJ Case ECF No. 81) The Commission opposed the motion, and Gentile replied. (NJ Case ECF Nos. 84, 89) In its opposition, the Commission requested the NJ Court take judicial notice of certain facts that are "relevant to injunctive relief," including "representations made by [Gentile] regarding his participation in the securities industry in the Bahamas, a temporary suspension order issued against [Gentile's] firm in the Bahamas by the Securities Commission of the Bahamas."

> On September 29, 2020, the NJ Court entered an Order stating
>
> ORDERED that Plaintiff's Amended Complaint (ECF No. 47) is DISMISSED WITHOUT PREJUDICE; and it is further
>
> ORDERED that Plaintiff may file a Second Amended Complaint, which will be the final amendment permitted by the Court, curing the deficiencies raised in the accompanying Opinion by October 20, 2020; and it is finally
>
> ORDERED that if Plaintiff fails to file a Second Amended Complaint by October 20, 2020, the Amended Complaint (ECF No. 47) will be dismissed with prejudice.

September 29, 2020 Order (NJ Case ECF No. 109).  The NJ Court issued an accompanying Opinion (NJ Case ECF No. 108) on that same day.  In its opinion, the NJ Court declined to take judicial notice of these facts related to the Bahamas.  *Id*. at pp. 23-24.  The NJ Court stated that "[i]f the SEC wishes the Court to consider these allegations, they must be included in a further amended complaint." *Id*. at p. 25.  The NJ Court ultimately concluded that the allegations of the Amended Complaint were insufficient to state a plausible claim for relief but gave the Commission one final opportunity to amend its complaint.  *Id*. at p. 31.

On October 19, 2020, the Commission advised the NJ Court that it would not file a further amended complaint in the NJ Case.  (NJ Case ECF No. 114)  On October 21, 2020, the NJ Court directed the clerk to close the matter.  *Id.*

**B.     The Instant Case—Allegations of Operating an Unregistered Broker-Dealer**

On March 22, 2021, the Commission filed its Complaint against Defendants in this case, which alleges:

> 1.  From no later than March 2016 until at least November 2019 (the "Relevant Period"), Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader) ("SureTrader" or the "Company") and its founder, owner, and chief executive officer Guy Gentile (a/k/a Guy Gentile Nigro) ("Gentile") operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading.
>
> 3. Gentile focused his gaze on the United States, where pattern day traders are subject to the Financial Industry Regulatory Authority's ("FINRA") Pattern Day Trader Rules (the "U.S. Pattern Day Trader Rules" or the "Rules"), and began marketing SureTrader as a way to avoid the Rules by trading through an offshore broker-dealer.
>
> 6. And Gentile and SureTrader profited from the broker-dealer services they provided.  U.S. customers paid SureTrader commissions on their transactions, to the tune of millions of dollars.
>
> 7. While SureTrader worked to help U.S. customers circumvent the Rules, SureTrader itself was failing to comply with the mandatory broker-dealer

5

> registration requirements of the U.S. securities laws – namely, the federal securities laws that prohibit unregistered foreign broker-dealers from soliciting U.S. customers.
>
> 8. By failing to comply with the broker-dealer registration requirements, SureTrader and Gentile avoided certain regulatory obligations for broker-dealers that govern their conduct in the marketplace, including submitting to regulatory inspections and oversight, following financial responsibility rules, and maintaining books and records.

Complaint (ECF No. 1) at ¶¶ 1, 3, 6, 7, and 8.

The Commission sued SureTrader for violations of Section 15(a)(1) of the Exchange Act and Gentile for violations of Section 20(a) of the Exchange Act as a control person and Section 15(a)(1) through or by means of SureTrader in violation of Section 20(b) of the Exchange Act. After Gentile evaded service of process for more than six months, the Commission effected service by publication of the Complaint on Gentile on October 7, 2021. Gentile's response is due December 1, 2021. (ECF No. 29)

**C.     The New Jersey Contempt Motion**

Although Gentile and his counsel were aware of the instant case from the moment it was filed, Gentile waited until November 2, 2021, to file his Motion for Contempt. (NJ Case ECF No. 116) The NJ Court set the Motion for Contempt for December 6, 2021, and pursuant to Local Civil Rule 78.1(a), the Commission's opposition was due by November 22, 2021. (NJ Case ECF entry dated Nov. 3, 2021) The entry setting this date stated that the motion would be decided on the papers, and it did not state that a hearing is going to be held or that the NJ Court would rule on December 6, 2021. On November 12, 2021, the Magistrate Judge ordered that the Motion for Contempt be "administratively terminated without prejudice." (NJ Case ECF No.117) The Magistrate Judge further ordered Gentile to

> [S]how cause why the Motion for Contempt should not be denied with prejudice, as: (1) it appears more appropriate for defendant to seek the relief sought in the

> Motion in the Florida federal court overseeing the related case; and (2) this Court is unaware of any authority it possesses to direct a plaintiff to withdraw a pleading in an action that was commenced eight months ago and is pending in another federal district court.

*Id.* On November 15, 2021, Gentile's counsel sent a letter to the District Court Judge asking for the Motion for Contempt to be reinstated and for the District Court Judge to adjudicate it, not the Magistrate Judge. (NJ Case ECF No.118) On November 16, 2021, the District Court Judge reinstated the Motion for Contempt and referred it to the Magistrate Judge for a report and recommendation. (NJ Case ECF No.119) On November 18, 2021, the Magistrate Judge set the Motion for Contempt for December 20, 2021, and directed the parties to file their briefing papers according to the briefing schedule under Local Civil Rule 78.1(a), pursuant to which the Commission's opposition is due by December 6, 2021. (NJ Case ECF No.120) The Magistrate Judge also directed the parties to "address in their forthcoming filings, the Court's concerns raised in the text order dated November 12, 2021 (ECF No. 117)." *Id.* Neither the District Judge nor Magistrate Judge's recent Orders state dates by which a report and recommendation or the order on the report and recommendation will be issued.

It is evident on the face of the NJ Amended Complaint and the Complaint in this case that the allegations and claims against Gentile concern different conduct over different time periods resulting in violations of U.S. securities laws. Moreover, the facts that the Commission asked the NJ Court to take judicial notice of (in the context of injunctive relief) related to Gentile being found to have violated Bahamian law by the Securities Commission of the Bahamas; whereas in this case, Gentile is alleged to have violated U.S. securities laws by operating an offshore broker-dealer in the Bahamas to solicit U.S. customers in circumvention of the U.S. rules that regulate pattern day trading without registering with the Commission. Gentile is not being sued here for violations of Bahamian law.

The Commission also notes that the recitation of purported facts related to Gentile cooperating with the Department of Justice, the FBI, and the SEC are wholly irrelevant to this Court's analysis of the Motion to Stay or even the Motion for Contempt. The relevant time period of Gentile's misconduct in this case (from no later than March 2016 until at least November 2019) post-dates the alleged cooperation, and Gentile is incorrect to imply that the Commission (or the DOJ or FBI) approved of or otherwise sanctioned his use of SureTrader to solicit U.S. customers in circumvention of the U.S. pattern day trading rules.

**D.     Gentile's Other Attempts To Improperly Involve the NJ Court**

Gentile repeatedly has attempted to thwart the Commission's investigation into the misconduct alleged in this case, deploying the same tactic he is using with the Motion for Contempt of asking the NJ Court to intervene against matters filed in this district. The Commission filed subpoena enforcement actions in this district (in which Gentile unsuccessfully sought to intervene) arising out of this matter before filing the case. The district courts enforced the subpoenas, and the Eleventh Circuit affirmed. *SEC v. Marin and MinTrade Technologies, LLC*, 982 F.3d 1341 (11th Cir. 2020)(consolidated appeal). After the subpoena enforcement actions were filed in this district, Gentile filed a separate complaint against the Commission in the NJ Court alleging abuse of investigatory process and seeking, among other things, a temporary restraining order and that all outstanding Commission-issued subpoenas in the investigation of this case be quashed. The NJ Court granted the Commission's motion to dismiss, and the Third Circuit affirmed the judgment below. *Gentile v. SEC*, 974 F.3d 311 (3d Cir. 2020). More recently, Gentile contacted the Commission to confer about his request to transfer venue of this case to the NJ Court, to which the Commission did not agree. *See* October 25, 2021, email exchange between Gentile and

undersigned attached as **Exhibit A**. Approximately one week later, Gentile filed his Motion for Contempt with the NJ Court.

### III. MEMORANDUM OF LAW

**A.   Legal Standard**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Cuhaci v. Kouri Group, LP*, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (J. Bloom) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Courts have frowned upon granting stays in the analogous situation of a motion to stay discovery pending resolution of a motion to dismiss. Such motions "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Id.* (quoting *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014)). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Id.* (quoting *Feldman*, 176 F.R.D. at 652).

Here, Gentile seeks more than a mere stay of discovery—he wants to stay this entire proceeding, including his response to the complaint. Gentile's arguments in favor of a stay rest largely on the notion that the Motion for Contempt has the potential to dispose of this case in its entirety or, at the very least, narrow the issues in dispute. Gentile cites to four cases, *Lewis v. Mercedes-Benz United States*, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (J. Ruiz), *Point Conversion LLC v. Lopane*, 2020 WL 6700236, at *1 (S.D. Fla. October 29, 2020) (J. Ruiz), *Goldstein v. Costco Wholesale Corporation*, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021) (J.

Ruiz), and *Taylor v. Service Corporation International*, 2020 WL 6118779, at *4 (S.D. Fla. Oct. 16, 2020) (J. Ruiz), where stays were grounded in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and its progeny.  However, *Chudasama* does not state a general rule that discovery be stayed pending resolution of a motion to dismiss.  *Cuhaci*, 2021 WL 1945819, at *2 (citing *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved.")); *Gannon v. Flood*, No. 08-60059- CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss.").  In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district."  *Cuhaci*, 2021 WL 1945819, at *2 (citing *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) and *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012)).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive."  *Feldman*, 176 F.R.D. at 652-53.  "[A] motion to stay discovery ... is rarely appropriate unless resolution of the motion will dispose of the entire case."  *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (J. Cooke).  Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory."  *Montoya*, 2014 WL 2807617, at *2.  "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness."  *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (J. Scola, Jr.).

**B.      Gentile's Motion To Stay Is Facially Deficient**

Gentile's Motion to Stay should be denied because it is facially deficient on two threshold issues.  First, Gentile has framed the relief sought as a "temporary stay" of the case, but he cites to cases where the court considered a motion to stay discovery pending that <u>same</u> court's ruling on a motion to dismiss.  Here, Gentile seeks an open-ended stay to wait for the NJ Court to rule, a future event over which this Court has no control.  The proposal to wait for another court's ruling fundamentally negates this Court's "power to control its own docket" and weighs against this Court exercising its discretion because there is no predicting when the NJ Court will rule on the Motion for Contempt.  *Zaid v. Diamonds International of Florida, Inc.*, 2021 WL 4865275, at *2 (S.D. Fla. Oct. 19, 2021) (J. Bloom) (denying motion to stay discovery pending the same Court's ruling on a motion to dismiss).  Even though a schedule for briefing has been set, the NJ Court has not stated a timeline for when the Motion for Contempt will be ruled upon, and in light of the referral of the Motion to the Magistrate Judge, will now likely involve briefing before and decisions by both the Magistrate Judge and the District Judge.

Second, Gentile's Motion to Stay is also deficient because he failed to demonstrate that discovery would be unduly burdensome, much less made a "specific showing" of prejudice or difficulty that is required to impose a stay on discovery.  *United States ex rel. Sedona Partners LLC v. Able Moving & Storage, Inc.,* 2021 WL 4749803, at *2-3 (S.D. Fla. October 12, 2021) (J. Bloom) (denying motion to stay discovery pending ruling on motion to dismiss because defendant did not demonstrate that discovery would be unduly burdensome) (citing *Montoya*, 2014 WL 2807617 at *2); *Diaz v. Martin*, 2021 WL 2255126, at *2 (S.D. Fla. June 3, 2021) (J. Bloom) (denying motion to stay discovery pending motion to dismiss and finding that the defendants did not demonstrate that discovery would be unduly burdensome or make a specific showing of

11

prejudice that is required to impose a stay on discovery). Gentile's generalized statements about lack of urgency and avoiding costly litigation are insufficient to demonstrate that it would be unduly burdensome or cause prejudice or difficulty. *Sedona Partners,* 2021 WL 4749803, at *2 (citing *Ray*, 2012 WL 5471793, at *3 (rejecting stay where defendant did not identify any specific and tangible way the unreasonable discovery burdens it would face absent a stay)).

Because Gentile did not file a motion to dismiss for this Court to adjudicate and he has not made a specific showing of prejudice or difficulty, his Motion to Stay should be denied.

**C.     The NJ Case And The Ruling On The Motion For Contempt Will Not Dispose Of This Case In Its Entirety**

Even if the Motion to Stay is not denied for being facially deficient, it should be rejected because the Motion for Contempt is not meritorious and will not be case dispositive. While it is unnecessary for this Court to decide the merits of the Motion for Contempt, a comparison of the allegations and claims in the two cases reveals that they do not concern the same allegations.

   *1.     This Court Should Decide If The Outcome Of The NJ Case Could Have A Preclusive Effect On This Case*

Gentile is effectively arguing that res judicata bars the Commission from pursuing the instant case because the NJ Court has already ruled on the Commission's allegations of Gentile's wrongdoing in the Bahamas. However, Gentile has attempted an end-around this Court by asking the NJ Court to rule that the Commission violated the Order dismissing the NJ Case (NJ Case ECF No. 108, 109) and thus should be ordered to withdraw this case. There is simply no basis in law for Gentile's suggestion that the NJ Court can usurp this Court's jurisdiction and power to determine the outcome of its own cases. Indeed, the Magistrate Judge in the NJ Case has already expressed skepticism about whether it should adjudicate the relief sought in the Motion for Contempt and expressed concern that it is unaware of any authority the NJ Court possesses to

direct a plaintiff to withdraw a pleading that was commenced eight months ago and is pending in another federal district.

In fact, the NJ Magistrate Judge's concerns are well placed. Any determination of preclusive effect, including whether res judicata applies, must be made by this Court and not the NJ Court. "The first court does not get to dictate to other courts the preclusion consequences of its own judgment." *Medellin v. Texas*, 552 U.S. 491, 513 n. 9 (2008) (quoting 18 C. Wright, A. Miller, and E. Cooper, Fed. Practice and Procedure § 4405, p. 82 (2d ed. 2002)); *see also Smith v. Bayer*, 564 U.S. 299, 307 (2011) ("Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court . . . .") (emphasis in original).

    2.    *Gentile's Motion For Contempt Lacks A Factual Basis*

Even if it were proper for the NJ Court to use the vehicle of a contempt motion to determine whether the Commission can proceed with this action, that motion has no chance of success, and therefore there is no reason to stay this case. To establish contempt, Court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). The party seeking contempt must present "clear and convincing evidence." *Schauffler on behalf of NLRB v. Int'l Longshoremen's Assoc.*, 292 F.2d 182, 189-90 (3d Cir. 1961). There is no evidence that the Commission disobeyed the Order.

    a.    The Commission Did Not Disobey The NJ Court Order And In Fact Complied With It

The NJ Court's Order provided the Commission the opportunity to file a second amended complaint to add allegations to cure the deficiencies in the Amended Complaint. Order at p. 1 (NJ Case ECF No. 109) If the Commission failed to file a second amended complaint by a certain date, the Amended Complaint would be dismissed with prejudice. The Commission complied

with the Order; it decided to not file a second amended complaint and notified the NJ Court accordingly, and the Court closed the matter.  Order at p. 29 (NJ Case ECF No. 114)

      b. <u>The NJ Court Order Did Not Prohibit The Commission From Filing A Separate Action Against Gentile Or Filing A Complaint Against Gentile Regarding The "Judicial Notice" Matters</u>

  Noticeably absent from the Order is any prohibition against the Commission filing a separate complaint against Gentile or a complaint alleging the facts the Commission wanted judicial notice of (facts of which the Court declined to take notice), specifically that Gentile had been found to have violated Bahamian law by the Securities Commission of the Bahamas.  And there would be no reason for such an order:  in the New Jersey case, Gentile's conduct with respect to SureTrader related solely to the issue of, and would be one of many factors determining, whether the Court should enjoin Gentile from further violations of the securities laws charged in that case if it were determined that Gentile engaged in the charged penny stock manipulation scheme.  In this case, by contrast, the unregistered operation of the Bahamian brokerage firm *is* the violation, with the Commission seeking disgorgement, civil penalties, and an injunction against the violations charged in this Complaint, which do not overlap at all with the violations charged in the NJ Case.  Moreover, this case does not involve the fact that the Commission asked the NJ Court to take judicial notice of, namely, that the Securities Commission of the Bahamas had determined that Gentile's broker-dealer had violated Bahamian – not U.S. – law.  Opinion at p. 25 (NJ Case ECF No. 108)

  This "preliminary peek" at the Motion for Contempt and NJ Case record demonstrates that an "especially dubious" claim or "exceptional circumstances" faced by the *Chudasama* court are not present in the NJ Case.  *Cuhaci*, 2021 WL 1945819, at \*3; *see also Diaz*, 2021 WL 2255126, at \*2 (after taking a "preliminary peek," this Court concluded that the circumstances presented do

not warrant a stay); *Sedona Partners*, 2021 WL 4749803, at *3 (having taken a "preliminary peek" at the pending motions to dismiss, this Court found that the case was not one in which the motions were clearly meritorious and truly case dispositive); *Zaid*, 2021 WL 4865275, at *3 (holding that at this juncture, this Court could not conclude the motion to dismiss will be granted, and even if so, whether such dismissal would be of the complaint in its entirety and with prejudice). The NJ Court has no basis to conclude that the Commission violated the Order or that it should be held in contempt. Accordingly, this Court must conclude that a stay is not warranted.

Gentile has already delayed this case by six months by avoiding service even though he knew of this case's existence – and the Commission's supposed violation of the NJ Court's Order by having filed it – from day one. Despite this knowledge he waited more than seven months before filing the Motion for Contempt in the NJ Case. Gentile's actions demonstrate time and again that he only wants to delay being held accountable for his violations of U.S. securities laws. This conduct should not be rewarded by this Court exercising its discretion and granting an indefinite stay or a stay of any type.

## IV. CONCLUSION

For the foregoing reasons, Gentile's Motion to Stay should be denied.

November 22, 2021                              Respectfully submitted,

                                               Alice K. Sum
                                               Alice K. Sum, Esq.
                                               Trial Counsel
                                               Fla. Bar No. 354510
                                               Direct Dial: (305) 416-6293
                                               Email: sumal@sec.gov

                                               Attorneys for Plaintiff
                                               **SECURITIES AND EXCHANGE COMMISSION**
                                               801 Brickell Avenue, Suite 1950
                                               Miami, Florida 33131
                                               Telephone:   (305) 982-6300
                                               Facsimile:   (305) 536-4154

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 22nd day of November 2021 via CM-ECF on all defense counsel in this case or other interested parties in the manner denoted below.

Via UPS
MintBroker International, Ltd.
c/o Michael C. Miller, Registered Agent
Winthrop Heights
10 Lookout Hill
Nassau, Bahama

Via Email
Warren Gluck, Esq.
Jessica Magee, Esq.
Holland and Knight LLP
Email: Warren.Gluck@hklaw.com
Email: Jessica.Magee@hklaw.com
Counsel for Igal Wizman of Ernst & Young,
Joint Provisional Liquidators

                                               Alice K. Sum
                                               Alice K. Sum