**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-Bloom**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

**JOINT SCHEDULING REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Southern District of Florida Local Rule 16.1(b)(2) and (b)(3), and the Court's Order Requiring Scheduling Report And Certificates Of Interested Parties ("Court Order") (ECF No. 4), the parties held a telephone conference on November 22, 2021 to develop the following written discovery plan and scheduling report and order as required by the aforementioned rules.  Attending for each party were:

      Plaintiff Securities and Exchange Commission:  Alice Sum, Esq.

      Defendant Guy Gentile:  Adam Ford, Esq.

**Written Discovery Plan[1]**

General Statement:
**The parties believe this is a Standard Track Case as set forth in Local Rule 16.1(a), requiring no more than 10 days of trial time.  Accordingly the parties request the Court set this case on the Standard Track with the deadlines set forth below.**

_____

[1] Mr. Gentile currently has a pending motion to stay this proceeding [ECF No. 39], and should this case move forward intends to file a motion to dismiss the Complaint.  His agreement to this discovery plan in compliance with this Court's orders while his motion is pending shall not be used or considered evidence of an acknowledgment that this case should proceed in this Court or that discovery in this case should proceed.

**The parties anticipate seeking written and document discovery and taking depositions. The parties have not yet determined whether they see a need for taking more than 10 depositions per side as limited by Federal Rule of Civil Procedure 30(a)(2)(A); if one or more parties seeks more than 10 depositions the parties will attempt to arrive at a stipulation to be filed with the Court.**

**The parties do not propose any limits on written discovery at this time other than those set forth in the Federal Rules of Civil Procedure. If any party seeks additional limits or written discovery the parties will attempt to arrive at a stipulation to be filed with the Court.**

The parties developed the following scheduling plan using the factors set forth in Local Rule 16.1(b)(2) and Federal Rule of Civil Procedure 26(f):

(A) The likelihood of settlement.
**The parties do not currently anticipate a settlement but will continue to discuss possible resolutions.**

(B) The likelihood of appearance in the action of additional parties.
**The parties do not anticipate the appearance of additional parties.**

(C) Proposed limits on the time:

(i) to make the required disclosures under FRCP Rule 26(a)(1):
**January 7, 2022.**

(ii) to notify the Court of selection of a mediator and the date and location for mediation:
**January 7, 2022.**

(iii) to join other parties and to amend the pleadings;
**January 31, 2022.**

(iv) to disclose the identity of all expert witnesses and provide all disclosures required by Federal Rule of Civil Procedure 26(a)(2);
**May 20, 2022.**

(v)  To provide the identity of any rebuttal expert witnesses and their disclosures required by Federal Rule of Civil Procedure 26(a)(2);
**June 3, 2022.**

(vi) to complete discovery;
**The parties suggest a discovery cutoff date of August 22 2022, which is 269 days after November 26, 2021, within the time frame contemplated by the Standard Track.  All discovery should be undertaken in sufficient time to allow for completion of all discovery by this date (i.e., written interrogatories or document requests should be served no later than 30 days before end of discovery).**

(vii) to complete mediation;
**September 23, 2022.**

(viii) to file and hear motions;
**The parties suggest a deadline for filing dispositive pre-trial motions and *Daubert* motions (including motions to strike expert witnesses) of October 21, 2022.**

(ix) deadline for filing pre-trial motions *in limine*;
**December 19, 2022.**

(x)  and submission of joint pre-trial stipulation (including witness and exhibit lists), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable.
**February 20, 2023.**

(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.
**The parties will continue to discuss the simplification of issues and paring down of any claims and defenses.   Regarding summary judgment, the parties suggest limiting summary judgment motions to one motion per party by the agreed upon deadline.**

(E) The necessity or desirability of amendments to the pleadings.
**The parties do not anticipate amending the pleadings at this time.**

(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.
**The parties will attempt to stipulate to the authenticity of documents and admissibility of evidence so as to avoid numerous mid-trial arguments and the need for rulings that will slow down trial.  Once the parties discuss and file their final witness and exhibit lists, the parties can address unresolved evidentiary issues at the final pre-trial conference.  To be discussed further.**

(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence.
**The parties will attempt to reach pre-trial stipulations.  To be discussed further.**

(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master.
**The parties believe the standard referral of discovery motions to the Magistrate is appropriate.  The parties do not believe referring matters to a special master would be appropriate.**

(I)  A preliminary estimate of the time required for trial.
**No more than 10 days.**

(J) Requested date or dates for conferences before trial, a final pre-trial conference, and trial.
**The parties request that trial be held in April 2023.  They request a final pre-trial conference approximately three weeks before trial.**

(K)  Any issues about:  (i)  disclosure,  discovery,  or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist.
**The parties agree to preserve all discoverable or potentially discoverable information within their possession, custody, or control.  Whenever feasible, the parties will produce all electronically stored information ("ESI") in bates-stamped, OCR text, or tiff format. Alternatively, if unable to produce ESI in such a manner, the parties will produce the information in the existing stored format.  The parties further agree that they will maintain all relevant ESI in its original format until final resolution of this matter.**

**The parties have agreed that if any party inadvertently produces ESI or other documents that the producing party claims after production are privileged, the producing party will notify the opposing party promptly after learning that an inadvertent production of privileged material has occurred. *See FRE 502.* Further, the receiving party shall promptly return, sequester, or destroy the material in question, and must take reasonable steps to retrieve the information from third parties, including expert witnesses.  However, the parties reserve their right to claim the disclosed information was not privileged, or that the privilege was waived, and submit the matter to the Court if an agreement cannot be reached.**

(L)  Any other information that might be helpful to the Court in setting the case for status or pre-trial conference.
**None at this time.**

November 26, 2021

Respectfully submitted,

/s/Alice Sum_____      /s/Dayliset Rielo_____
Alice Sum, Esq.                                       Dayliset Rielo, Esq.
Trial Counsel                                          The Rielo Law Firm, LLC
Florida Bar No. 354510                       8180 N.W. 36th Street
801 Brickell Avenue, Suite 1950            Suite 200
Miami, Florida 33131                         Miami, FL 33166
(305) 416-6293                                Phone: Office: (786) 454-9873
Email: sumal@sec.gov                      (786) 454-9873
                                             Email:  dayliset@rielolaw.com

*Attorneys for Plaintiff*
SECURITIES AND EXCHANGE COMMISSION     FORD O'BRIEN, LLP
                                             Adam C. Ford, Esq. (PHV granted)
                                             Matthew A. Ford, Esq. (PHV granted)
                                             575 Fifth Ave, Floor 17
                                             New York, NY 10017
                                             Tel: (212) 858-0040
                                             Email: aford@fordobrien.com
                                             Email: mford@fordobrien.com

                                             *Attorneys for Defendant Guy Gentile*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 26th day of November 2021 via CM-ECF on all defense counsel in this case or other interested parties in the manner denoted below.

Via UPS
MintBroker International, Ltd.
c/o Michael C. Miller, Registered Agent
Winthrop Heights
10 Lookout Hill
Nassau, Bahama

Via Email
Warren Gluck, Esq.
Jessica Magee, Esq.
Holland and Knight LLP
Email: Warren.Gluck@hklaw.com
Email: Jessica.Magee@hklaw.com
Counsel for Igal Wizman of Ernst & Young,
Joint Provisional Liquidators

Alice K. Sum_____
Alice K. Sum