# EXHIBIT A

UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE, <br><br> Defendant. | No. 2:16 Civ. 01619 (BRM)(ESK) |

**DEFENDANT GUY GENTILE'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CONTEMPT**

## PRELIMINARY STATEMENT AND RELEVANT FACTS

Three weeks after being served in the Florida Litigation, Gentile moved this Court to hold the SEC in contempt for violating the Court's September 29, 2020 order. Magistrate Judge Kiel administratively terminated Gentile's motion, questioning whether it would be "more appropriate for defendant to seek the relief sought in the Motion in the Florida federal court overseeing the related case" and whether "this Court . . . possesses [authority] to direct a plaintiff to withdraw a pleading in an action that was commenced eight months ago and is pending in another federal district court." The District Court reinstated the motion, and Judge Kiel directed the parties to address the two concerns in this filing. (ECF Nos. 117, 120),

Given the law of this Circuit, it is not only more appropriate for Gentile to seek the relief he seeks in this Court rather than Florida, but it is the only appropriate federal court to seek the relief he does. Moreover, without any doubt this Court possesses the authority to ensure compliance with its orders and may do so in any manner necessary, including directing the SEC to withdraw a compliant it filed in another federal court and/or finding the SEC in contempt so as to incentivize the SEC to comply with the Court's prior order.[1] Indeed, the failure of this Court to enforce its order here would only invite litigants to disobey further orders of federal courts in this district. Gentile's motion should be granted, this Court should hold the SEC in contempt of court, and this Court should fashion any sanction it believes appropriate to enforce its order.

## ARGUMENT

Under longstanding controlling precedent, this Court is the appropriate forum to enforce its prior order, and it plainly possesses authority to do so. For the following reasons, as well as

---

[1] While the SEC filed its complaint in Florida eight months ago in March, it only served Gentile on October 10, 2021. Gentile filed the instant action three weeks later, on November 2. And previously indicated, Gentile has moved to stay the Florida action, and nothing substantive occurred in that case with Gentile's response not due until December 1.

1

those in Gentile's initial memorandum of law filed November 2, 2021, and his letter of November 15, 2021, the Court should find the SEC in contempt, and fashion an appropriate remedy given that finding. While Gentile believes a daily fine and order to withdraw the complaint would be appropriate and within this Court's power, Gentile acknowledges that this Court could select its own appropriate remedy upon finding contempt.

### I. This Court possesses the authority to enjoin the SEC from prosecuting the action in Florida.

Taking Judge Kiel's concerns in reverse order, this Court undoubtedly has the authority to direct the SEC to withdraw the Florida Complaint or otherwise cease prosecution of that action. The clear authority on this point reaches back at least a century. By way of limited example, in 1941, the Third Circuit held that federal district courts have the authority to "enjoin parties before it from proceeding in another court in a controversy involving the same issues." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 928 (3d Cir. 1941). The Third Circuit held a district court has the "power to enjoin the parties within its jurisdiction from bringing other suits upon the same cause of action in another federal district court." *Id.*[2] While the Third Circuit was discussing this authority as early as 1941, the Court was careful to highlight that such authority has been available since our country's founding and incorporation of the English common law, as "the English Court of Chancery had the power at the time our government was established to enjoin parties before it from proceeding in another court in a controversy involving the same issues." *Id*. at 928.

The "'first-filed' rule," as it has come to be known, "has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution [by litigants] of 'similar cases

---

[2] *See also Nat'l Football League Players' Concussion Inj. Litig.*, 923 F.3d 96, 109 (3d Cir. 2019) ("[U]nder the All Writs Act, action is authorized to the extent it is 'necessary or appropriate' to enforce a Court's prior orders." (citing 28 U.S.C. § 1651; *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)).

2

. . . in different federal district courts.'" *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (collecting cases), *aff'd on other grounds*, 493 U.S. 182 (1990).  The rule serves fundamental interests of fairness and judicial economy.  *See Crosley*, 122 F.2d at 930 ("It is of obvious importance to all the litigants to have a single determination of their controversy . . . . The economic waste involved in duplicating litigation is obvious.  Equally important is its adverse effect upon the prompt and efficient administration of justice.").

Plainly, then, this Court has the authority to enjoin the SEC from ignoring this Court's order and filing another action involving the same allegations and relief in another court after dismissal of them here.  To be clear, Gentile does not ask that this Court enjoin or otherwise interfere with or entangle itself with *the authority of another district court*.  He merely asks this Court to exercise authority over a litigant, the SEC, who pursued allegations first in this jurisdiction and now improperly seeks to pursue those same exact allegations in a second jurisdiction after a final order from this Court.  *See Crosley*, 122 F.2d at 928 ("What he seeks is an injunction directed to a suitor, and not to any court, upon the ground that the suitor is misusing a jurisdiction which by hypothesis exists, and converting it by such misuse into an instrument of wrong." (quoting *Steelman v. All Continent Corp.*, 301 U.S. 278, 290-91 (1937) (Cardozo, J.)).  Without question, the SEC sought an injunction here in this Court against Gentile by alleging he was violating the securities laws out of the Bahamas during 2016 to 2019, which the SEC alleged based on the investigation out of its Miami office.  Plainly, the SEC did not care for Judge Marinotti's rulings in this case, and so they took these same allegations obtained from the Florida investigation—that he was violating the securities laws out of his operation of his Bahamian broker dealer from 2016 to 2019-and seeks an injunction based on this identical conduct. There is no doubt that the SEC is proceeding in another court involving the same issues

3

as the ones it litigated here. The Third Circuit held that this Court has the power to direct the SEC to cease its litigation of that action. See e.g., *Crosley Corp.*

## II. This Court is the appropriate forum for the relief Gentile seeks.

The question of whether it is "more appropriate for defendant to seek the relief sought in the Motion in the Florida federal court overseeing the related case" is related, but distinct from, the above analysis. In responding to this question, in addition to the above, Gentile directs this Court to *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961), where a litigant sought injunctive relief from the New York district court in a case where a lawsuit had first been commenced and a stay from the second jurisdiction (Alabama). (Gentile, like the Plaintiff in *Fowler,* has filed a motion to stay the Florida action pending resolution of this motion). Even where the Alabama court refused to recognize the jurisdiction of the New York court and declined to grant a stay, the Second Circuit affirmed the New York court's order "enjoining further prosecution of the Alabama action" by appellants. *Id.* The Second Circuit had no problem explaining that the New York court "was protecting the jurisdiction [over the parties and issues] this court had obtained some five months prior to commencement of that second action" and noted that the "bulk of authority support[ed]" such action. *Id.* The court of appeals continued: "In these circumstances [the New York district court's] action was an exercise of sound judicial discretion; in fact the situation was a perfect one for the issuance of the injunction he issued." *Id.* Here, Gentile has pursued the same course. As in *Fowler*, this Court is the most appropriate forum to decide whether the SEC has contravened this Court's earlier order by filing its complaint in Florida. *See Fowler*, 287 F.2d at 45-46 & n.1.

As a final point, the SEC will of course respond by insisting that the New Jersey Litigation and the Florida Litigation are different. That the New Jersey case was about KYUS and RVNG in 2007 and 2008 and the Florida case is about an unregistered broker-dealer in the

4

Bahamas from 2016 to 2019.  But this is precisely why this Court should rule on this motion and order the SEC to withdraw its complaint in Florida as a sanction for its contempt.  Since at least 2016, as demonstrated in Gentile's memorandum of law in support of his motion for contempt, the SEC has been attempting to simultaneously use allegations emanating from the Florida Investigation here in New Jersey, while not including them in an Amended Complaint.  The SEC repeatedly (1) told this Court that the Florida Investigation was "related" to the allegations here, (2) argued before this Court that Gentile's misconduct in the Bahamas uncovered in the Florida Investigation warranted an injunction, (3) filed three memorandums of law in opposition to Gentile's motion to dismiss with allegations of his misconduct in the Bahamas (based on the Florida Investigation), and (4) took discovery into his conduct regarding the broker dealer.

      Critically, this Court will recall that the Amended Complaint sought only injunctive relief as other relief was admittedly time-barred.  The SEC understood that the RVNG and KYUS allegations were too old to support an injunction.  As such, the SEC relied exclusively on recent allegations from the Bahamas (and Puerto Rico) as the basis for the relief sought.  This is precisely why the Court here ordered the SEC to include these allegations in a Second Amended Complaint.  This Court recognized what the SEC was doing and ordered that it "must" include the allegations in this Court within 20 days of the September 29, 2020 order or the Amended Complaint would be dismissed *with prejudice*.  The SEC failed to include the allegations it had been litigating, which—in this unique procedural posture—were akin to compulsory counterclaims that the SEC was required to assert or else waive.  *See Nat'l Equip. Rental, Ltd.*, 287 F.2d at 45.  As such, any complaint filed elsewhere by the SEC containing these same allegations, seeking the same relief should be ordered withdrawn as in violation of this Court's order.

5

## CONCLUSION

For the reasons set forth herein, as well as those in Gentile's initial memorandum of law filed November 2, 2021, and his letter of November 15, 2021, Gentile respectfully requests the Court hold the SEC in contempt for violating the Court's Order dismissing the Amended Complaint with prejudice. Gentile further requests the Court hold the SEC in contempt and issue a $175 per day fine for each day it fails to withdrawal the Florida Complaint, either along with, or in the alternative any other relief the Court deems just and proper.

Dated: November 24, 2021
New York, NY

Respectfully submitted,

FORD O'BRIEN, LLP

_____
Adam C. Ford, Esq.
Matthew A. Ford, Esq.
575 Fifth Ave, Floor 17
New York, NY 10017
Tel: (212) 858-0040
aford@fordobrien.com
mford@fordobrien.com

*Counsel for Defendant Guy Gentile*

6

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendant's Supplemental Memorandum of Law in Support of His Motion for Contempt, dated November 24, 2021, to be served on Defendant by filing via PACER, with notice to Plaintiff's counsel, at brownn@sec.gov this 24th day of November 2021.

                                                           Adam C. Ford, Esq.

7

# EXHIBIT B

| | | |
|---|---|---|
| 11/02/2021 | 116 | MOTION to hold U.S. Securities and Exchange Commission IN CONTEMPT re 108 Opinion, 114 Order of Dismissal by GUY GENTILE. (Attachments: # 1 Memorandum of Law in Support of Motion in Contempt, # 2 Declaration Declaration of Adam C. Ford, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R, # 21 Exhibit S, # 22 Exhibit T, # 23 Text of Proposed Order Proposed Order)(FORD, ADAM) Reinstated on 11/16/2021 (sm). (Entered: 11/02/2021) |
| 11/03/2021 | | Set Deadlines as to 116 MOTION to hold U.S. Securities and Exchange Commission IN CONTEMPT re 108 Opinion, 114 Order of Dismissal. Motion set for 12/6/2021 before Judge Brian R. Martinotti. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jc, ) (Entered: 11/03/2021) |
| 11/09/2021 | | Case Reassigned to Magistrate Judge Edward S. Kiel. Magistrate Judge Joseph A. Dickson no longer assigned to the case. (ak, ) (Entered: 11/09/2021) |
| 11/12/2021 | 117 | TEXT ORDER: Defendant's "motion to hold U.S. Securities and Exchange Commission in contempt" (Motion) (ECF No. 116 ) is administratively terminated without prejudice. Defendant is ordered to show cause why the Motion should not be denied with prejudice, as: (1) it appears more appropriate for defendant to seek the relief sought in the Motion in the Florida federal court overseeing the related case; and (2) this Court is unaware of any authority it possesses to direct a plaintiff to withdraw a pleading in an action that was commenced eight months ago and is pending in another federal district court (see S.D. Fla. No. 21-21079). Defendant shall file a response that does not exceed five, double-spaced pages by Monday, November 22, 2021. Thereafter, plaintiff shall file an opposition, that does not exceed five, double-spaced pages by Friday, December 3, 2021. Defendant may then file a reply that is not to exceed three, double-spaced pages by Wednesday, December 8, 2021. So Ordered by Magistrate Judge Edward S. Kiel on 11/12/2021. (sms) (Entered: 11/12/2021) |
| 11/15/2021 | 118 | Letter from Adam C. Ford re 117 Order,,,,. (FORD, ADAM) (Entered: 11/15/2021) |
| 11/16/2021 | 119 | ORDER that the Court has reviewed counsels letter dated November 15, 2021 (cm/ecf 118), the request is granted, the motion (ECF No. 116) is reinstated and referred to Magistrate Judge Edward S. Kiel for a report and recommendation. Briefing scheduling to follow. Signed by Judge Brian R. Martinotti on 11/16/2021. (sm) (Entered: 11/16/2021) |
| 11/18/2021 | 120 | TEXT ORDER: Defendant's motion to hold the Securities and Exchange Commission in contempt (ECF No. 116 ) is now set for December 20, 2021. The parties are directed to file their papers according to the briefing schedule under Local Civil Rule 78.1(a) and follow the motion calendar, found here. In addition, the parties are directed to address in their forthcoming filings, the Court's concerns raised in the text order dated November 12, 2021 (ECF No. 117). So Ordered by Magistrate Judge Edward S. Kiel on 16-1619. (sms) (Entered: 11/18/2021) |
| 11/24/2021 | 121 | MEMORANDUM in Support filed by GUY GENTILE re 116 MOTION to hold U.S. Securities and Exchange Commission IN CONTEMPT re 108 Opinion, 109 Order Dismissing without Prejudice, 114 Order of Dismissal (FORD, ADAM) Modified on 11/29/2021 (wh). (Entered: 11/24/2021) |

**PACER Service Center**

**Transaction Receipt**

11/29/2021 12:00:45