UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.
and GUY GENTILE,

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY

**THIS CAUSE** is before the Court upon Defendant Guy Gentile's Motion to Stay This Action Pending Resolution of his Outstanding Motion for Contempt, ECF No. [39] ("Motion"), filed on November 8, 2021. Plaintiff Securities and Exchange Commission ("SEC") filed a Response, ECF No. [48], and Gentile filed a Reply, ECF No. [53]. The Court has carefully considered the Motion, Response, Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

As the Third Circuit aptly put it: "Guy Gentile and the Securities and Exchange Commission are not strangers." *Gentile v. Sec. & Exch. Comm'n (Gentile II)*, 974 F.3d 311, 313–14 (3d Cir. 2020). From 2007 to 2008, Gentile was involved in two pump-and-dump penny stock schemes. *Sec. & Exch. Comm'n v. Gentile (Gentile I)*, 939 F.3d 549, 552 (3d Cir. 2019). The U.S. Attorney's Office for the District of New Jersey indicted Gentile in New Jersey District Court, but the indictment was dismissed as untimely. *Id*. Thereafter, the SEC filed a civil enforcement action

against Gentile in New Jersey District Court, under Case No. 16-cv-1619. The SEC alleged that Gentile, among other things, intended to break securities laws through a Bahamas-based brokerage firm. *Id.* at 553. Gentile deemed the action a "witch hunt." *Id.*

The present motion to stay concerns the New Jersey District Court's last dismissal orders. Case No. 16-cv-1619, ECF Nos. [108], [109]. After extensive legal battles at the trial and appellate levels, the Court granted Gentile's motion to dismiss, finding that the SEC's latest operative pleading failed to state claim for relief. *Id.* at ECF No. [108] at 25–31. In so concluding, the Court declined to take judicial notice of facts the SEC advanced in its briefing yet failed to include in the amended complaint. *Id.* at 25. The Court explained that "if the SEC wishes [it] to consider these allegations, they must be included in a further amended complaint." *Id.*

The Court granted "the SEC one final opportunity to amend their complaint," *id.* at 31, setting a deadline of October 20, 2020, *id.* at ECF No. [109] at 1. The Court warned that failure to file a second amended complaint would result in a dismissal with prejudice. *Id.* at 2. The SEC sent a letter to the Court, stating that it would "not file a further amended complaint in this matter." *Id.* at [113]. In light of the letter, the Court closed the case. *Id.* at [114].

Six months later, the SEC filed this action against Gentile and MintBroker International, Ltd. ("MintBroker"), alleging that Defendants "operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading." ECF No. [1] at 1. Gentile filed a motion for contempt against the SEC in the New Jersey District Court, arguing that the SEC's Florida action violated the New Jersey District Court's order to file a further amended complaint by a date certain. Case No. 16-cv-1619, ECF No [116-1]. The New Jersey District Court terminated the motion and issued a show cause order as to why the motion for contempt should not be denied, reasoning that "(1) it appears more appropriate

2

for defendant to seek the relief sought in the Motion in the Florida federal court overseeing the related case; and (2) this Court is unaware of any authority it possesses to direct a plaintiff to withdraw a pleading in an action that was commenced eight months ago and is pending in another federal district court." *Id.* at [117].

Following a letter from Gentile's counsel, the New Jersey District Court reinstated the motion and referred it to a magistrate judge for a report and recommendation. *Id.* at [119]. The magistrate judge set the motion for hearing for December 20, 2021, *id.* at [120], but then pushed the hearing to January 5, 2022, *id.* at [124]. Gentile requests that this Court stay this action pending the resolution of the motion to contempt. ECF No. [39].

## II.     STANDARD

Whether to stay this case until the resolution of a pending related case is a matter of discretion. *See Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). The Court may exercise that discretion to stay for "[a] variety of circumstances," including "simply as a means of controlling the district court's docket and of managing cases before the district court," or due to principles of abstention." *Id.* Similarly, the Court "has broad discretion to stay discovery pending decision on a dispositive motion." *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and

3

reasonableness." *Feldman*, 176 F.R.D. at 652.

### III.   ANALYSIS

No stay is warranted here. At bottom, Gentile is arguing that the dismissal of the New Jersey District Court case has preclusive effect on this case. But "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court. . . ." *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) (emphasis in original). "[A] court does not usually get to dictate to other courts the preclusion consequences of its own judgment." *Love v. Blue Cross & Blue Shield Ass'n*, No. 03-21296-CIV, 2021 WL 949940, at *2 (S.D. Fla. Mar. 12, 2021) (internal quotation marks omitted). Notably, the New Jersey District Court has already expressed doubt as to the merits of the contempt motion. *See* Case No. 16-cv-1619, ECF No [117].

In addition, although this case was filed in March 2021, it is still at the pleading stage. Moreover, Gentile has not made a specific showing of prejudice or burdensomeness, apart from generally stating that he wants to avoid discovery. While the Court can appreciate Gentile's preference not to expend unnecessary legal fees, an indefinite stay at this point is not well taken.

Accordingly, the Motion, **ECF No. [39]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 15, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record