**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**DEFENDANT GUY GENTILE'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT FOR LACK OF
PERSONAL JURISDICTION**

1

Guy Gentile respectfully submits the following reply memorandum of law in further support of his motion to dismiss for lack of personal jurisdiction.

## ARGUMENT

This Court lacks personal jurisdiction over Gentile. The SEC has not satisfied its burden and has not even tried to do so. It presents no facts to rebut Gentile's evidence nor delineates any connection between Gentile and Florida that would confer jurisdiction over the SEC's specific claims against Gentile in this case. It does not present any affidavits, testimony, or evidence to substantiate its jurisdictional allegations.

Rather, the SEC presents a single legal argument. Specifically, it argues that 15 U.S.C. § 78aa(a) confers jurisdiction on the Court, citing to *SEC v. Marin*'s interpretation of § 78u(c). 982 F.3d 1341, 1345 (11th Cir. 2020). As the SEC is aware, however, the *Marin* court concerned a *subpoena enforcement action* and ruled only on the scope of the SEC's authority to serve *subpoenas*. Section 78u(c), titled "**JUDICIAL ENFORCEMENT OF INVESTIGATIVE POWER OF COMMISSION; REFUSAL TO OBEY SUBPOENA; CRIMINAL SANCTIONS**," provides that "the Commission may invoke the aid of ***any court*** of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records." 15 U.S.C. § 78u(c) (emphasis added). Concomitantly, § 78u(c) authorizes courts to issue orders to enforce these subpoenas. Gentile does not dispute that § 78u(c) authorizes "nationwide service" by virtue of using the language "any court."

Section 78u(c), however, does not grant authority beyond enforcement of subpoenas, does not apply by its plain language to actions brought under §§ 78u(d)–(e) and 78aa(a), and

does not grant a blanket exemption to the SEC from the requirements of Florida's long-arm statute and the U.S. Constitution's grant of authority to Article III courts. In other words, while § 78u(c) authorizes "nationwide service" of *subpoenas* by the SEC (opp. pg. 6), it does not apply to Gentile's motion. Consistent with the plain language of § 78u(c), the *Marin* court found, "the SEC initiated the subpoena enforcement proceeding pursuant to a statute that provides for nationwide service, 15 U.S.C. § 78u(c)." *Marin*, 982 F.3d at 1349. But that pronouncement does not extend beyond § 78u(c).

This case is <u>not</u> a subpoena enforcement action. In fact, the Complaint does not even reference § 78u(c). Rather, the Complaint alleges, "This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(d), (e) and 78aa(a)." (Cmplt. ¶ 22). None of these provisions grant "nationwide" personal jurisdiction. Rather, § 78aa(a), the provision under which this action has been brought, confers limited personal jurisdiction in "[a]ny suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations . . . ."[1] Specifically, the statute confers limited personal jurisdiction to: (1) "the district wherein any act or transaction constituting the violation occurred" and (2) "in the district wherein the defendant is found or is an inhabitant or transacts business." *See* 15 U.S.C. § 78aa(a). To the extent the Court concludes Florida's broader long-arm statute does apply, the Court must still look § 78aa(a)'s narrower grant of personal jurisdiction.

---

[1] The SEC also purports to bring this case under § 78u(d), but this provision applies to actions to seeking to enjoin conduct that is ongoing or about to occur. 15 U.S.C. § 78u(d) ("Whenever it shall appear to the Commission that any person *is engaged or is about to engage* in acts or practices constituting a violation") (emphasis added). Thus, § 78u(d) does not govern this action. But even it did, § 78u(d) applies the same standard as § 78aa(a) and does not authorize "nationwide" personal jurisdiction. 15 U.S.C. § 78u(d) (providing that the SEC "may in its discretion bring an action *in the proper district court* of the United States . . . .") (emphasis added); § 78u(e) (injunctions for "compl[iance]").

3

The SEC quotes § 78aa(a), highlighting that the statute permits *service* "in any district of which the defendant is an inhabitant or wherever the defendant may be found." The preceding paragraph, however, states in plain language that "any suit or action" may be brought *only* "wherein any act or transaction constituting the violation occurred" or "wherein the defendant is found or is an inhabitant or transacts business." The statute clarifies: "and process *in such cases* may be served . . . wherever the defendant may be found." 15 U.S.C. § 78aa(a) (emphasis added). In other words, § 78aa(a)'s grant of "nationwide service" applies only *after* the action has been filed in a court with personal jurisdiction and where the venue is proper. None of the acts or transactions allegedly committed by Gentile occurred in Florida and Gentile may not be found there nor does he inhabitant or transact business in Florida. The Court lacks personal jurisdiction. Section 78aa(a)'s grant of "nationwide service" *after* the filing of the action does not alter this conclusion.

The SEC also cites to several cases concerning *foreign defendants*, but Gentile is a United States citizen living in the United States territory of Puerto Rico. The SEC could have brought this case in Puerto Rico (where Gentile resides and the court may exercise general jurisdiction over Gentile) or New Jersey (where Gentile offered to consent to jurisdiction). (Opp. pg. 6–7). The constitutional analysis in these cases concerning foreign defendants does not apply here (*Id.* 6–10).

The SEC has not challenged the affidavit and evidence that Gentile has proffered refuting any basis for personal jurisdiction under the Florida long-arm statute or § 78aa(a), which confers personal jurisdiction only under limited circumstances. The SEC has not satisfied either statute's conditions. The SEC has not attempted to rebut Gentile's affidavit and supporting documents. It

has failed to satisfy *its* burden.  The Complaint against Gentile must be dismissed for lack of personal jurisdiction.

## ARGUMENT

**I.   Section 78u(c)'s and § 78aa(a)'s Authorization Of "Nationwide Service Of Process" Of Subpoenas Does Not Confer Personal Jurisdiction Over This Lawsuit Against Gentile**

The SEC is incorrect to suggest that § 78aa(a) of the Exchange Act has authorized the SEC to sue *any defendant anywhere* in the United States.  It has not.  Aware of this, the SEC attempts to conflate two standards articulated in § 78aa(a): the first concerns the appropriate district court where the SEC may file an action and the second concerns service of process *after* the filing of that suit in the appropriate district.  The SEC argues, "Here, the Commission's Complaint charges Gentile with violating the Exchange Act, which provides for nationwide service of process in 15 U.S.C. § 78aa(a)": "process in . . . cases [to enforce any liability or duty created by or to enjoin any violation of the Exchange Act] may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."  (Opp. pg. 6). The SEC continues, "After multiple unsuccessful attempts to serve Gentile at an address in Puerto Rico he has used for notice purposes for litigation in the U.S. and in filings on EDGAR, Gentile was served by publication in Puerto Rico.  The nationwide service of process provision in the Exchange Act provides a basis for personal jurisdiction over Gentile." (*Id.*).

But Gentile's motion does not challenge service of process as the basis for dismissal. And what the statute says concerning "service of process" does not rebut his motion.  In its entirety, § 78aa(a) reads:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.

5

> Any criminal proceeding *may be brought in the district wherein any act or transaction constituting the violation occurred.* Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, *may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.* In any action or proceeding instituted by the Commission under this chapter in a United States district court for any judicial district, a subpoena issued to compel the attendance of a witness or the production of documents or tangible things (or both) at a hearing or trial may be served at any place within the United States. Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure shall not apply to a subpoena issued under the preceding sentence. Judgments and decrees so rendered shall be subject to review as provided in sections 1254, 1291, 1292, and 1294 of Title 28. No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts.

15 U.S.C. § 78aa(a) (emphases added).

The language of the statute is plain: the SEC may bring "any suit or action" (1) "in any such district," meaning "the district wherein any act or transaction constituting the violations occurred" or (2) "in the district wherein the defendant is found or is an inhabitant or transacts business." Given the statute confers this limited personal jurisdiction, the SEC is required to prove one of these conditions apply. But it has not and cannot. Specifically, the SEC's opposition has not included *any* evidence, affidavits, or exhibits in its opposition let alone ones that suggest that the acts or transactions *by Gentile* occurred in Florida or that Gentile may be found or inhabits or transacts business here. Meanwhile, the Complaint itself puts forth only two "connections" between Gentile and Florida. First, it argues that Gentile lived there. (Cmplt. ¶ 16). Second, it references a website purportedly hosted in Florida. (*Id.* ¶ 71).

But the affidavit and exhibits supporting Gentile's motion make clear that, first, during the brief period that he lived in Florida he had *zero* involvement with SureTrader or the securities industry and transacted no business related to the claims in Florida, and that, second, he has no

6

awareness of or involvement in the purported Florida based website. (Mem. pg. 4 n. 3). The acts or transactions alleged in the Complaint did not occur in Florida and the SEC has put forth no evidence to the contrary. Indeed, the SEC does not even address Gentile's contacts with Florida (or lack thereof). Instead it suggests (i) that SEC jurisdiction is national only, (ii) that the only consideration is his contacts with the United States (even if unrelated to the SEC's specific claims), and (iii) that the agency is exempt from Florida's long-arm statute and § 78aa(a)'s limited grant of personal jurisdiction. (Opp. pg. 8 [Based on these facts, it is clear that Gentile purposely directed activities at the U.S., and Gentile's contacts with the U.S. easily satisfy the purposeful availment requirement of the Fifth Amendment due process analysis."]).

The SEC also argues that because personal jurisdiction is purportedly based on a federal statute authorizing nationwide service of process, "'the applicable forum for minimum contacts purposes is the United States,' not the state in which the district court sits. *Carillo*, 115 F.3d at 1544; *BCCI Holdings*, 119 F.3d at 945 n.16." (Opp. pg. 7). This is wrong for several reasons. First, "nationwide service" is limited by the phrase "in such cases," meaning cases that satisfy § 78aa(a)'s limited definition of appropriate forum.[2] Second, this standard applies to "foreign defendants." That is, the holding in *Carillo* makes clear the standard applies to a "foreign defendant." *See Carillo*, 115 F.3d at 1544 ("Rule 4(k) thus sanctions personal jurisdiction over ***foreign defendants*** for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of United States' law but without sufficient contacts to satisfy the . . . long-arm statute of any particular state.") (emphasis added).

Gentile is **not** a "foreign defendant." He is a United States citizen living in Puerto Rico, a United States' territory, where the SEC could have brought suit against him; Gentile also

---

[2] The Court should take note of the SEC's inappropriate forum shopping. After 4 years of litigating issues related to SureTrader in New Jersey and following dismissal with instruction by the New Jersey court to refile, the SEC brought this action in Florida seeking overlapping relief on overlapping allegations.

offered to consent to the jurisdiction of the federal courts in New Jersey.[3] The SEC earlier tried to litigate the claims alleged here in New Jersey but lost there after serving substantial discovery requests on Gentile related to SureTrader. The SEC is now seeking to relitigate the same issues and seeking the same relief in a different forum without demonstrating sufficient contacts with that forum.

Even assuming this Court concludes that § 78aa(a) permits any federal district court in the United States to exercise personal jurisdiction over Gentile—a sweeping proposition—and thus considers the SEC's allegations of personal jurisdiction over Gentile through a "national contacts" analysis, the SEC still fails to satisfy its burden of proof that any of its claims against Gentile *arise from his U.S. contacts*. Federal nationwide-service-of-process provisions do not grant general jurisdiction on all U.S. courts over a defendant with any U.S. contacts. Put differently, a plaintiff who serves a defendant in accordance with such a statute must still allege specific jurisdiction in the United States for its claims against a particular defendant. *See Carrillo*, 115 F.3d at 1544 ("Under our case law, 'the contacts must be related to the plaintiff's cause of action or have given rise to it.'") (citations omitted).

Critically, "it is the *defendant's* conduct that must form the necessary connection with the forum . . . that is the basis for its jurisdiction over him." *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added) (citation omitted) (assessing minimum contacts under Fourteenth Amendment). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (citation omitted). Forum contacts of a third party may be "impute[d] [to a defendant] . . . for personal jurisdiction purposes" only when "the apparent

---

[3] Prior to current counsel's involvement in this case, Gentile emailed the SEC seeking its consent to transfer the action to New Jersey and consenting to New Jersey's jurisdiction over him. (Ex. 1, Gentile email dated October 25, 2021). The SEC stated it would oppose any attempt to transfer the action. (Ex. 2, SEC email dated October 25, 2021).

8

forum contacts of one actor are really the forum contacts of another." *United States ex rel. v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1355 (11th Cir.), *cert. denied*, 141 S. Ct. 2632 (2021). Such imputation may be demonstrated where, for example, a plaintiff provides specific evidence that an individual defendant "unilaterally controlled [a corporate entity], ignored corporate formalities, and commingled his personal assets with corporate assets." *Id.* at 1356.

Here, the only conceivable contacts giving rise to the SEC's claims in Count I through III are those that involve SureTrader. (*See* Opp. pgs. 4-5, ¶ 6). The SEC outlines those contacts in paragraph 4 of its Opposition. (*See id.* at pgs. 3-4, ¶ 4). The SEC, however, does not offer anything other than conclusory allegations regarding Gentile's purported control over SureTrader during the Relevant Period. The SEC points to no specific facts from which the Court could infer that SureTrader was the "alter ego" of Gentile during the Relevant Period, that Gentile "ignored corporate formalities" with respect to SureTrader, or that he "commingled his personal assets with corporate assets." *See Mortg. Invs. Corp.*, 987 F.3d at 1356. The SEC's conclusory allegations are insufficient to establish personal jurisdiction over Gentile by imputing to him the contacts of SureTrader. *See, e.g.*, *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289 (S.D. Fla. 2014) (declining to impute contacts of company's subsidiaries to company because plaintiff failed to present evidence showing corporate veil should be pierced); *Sanchez v. Team Health, LLC*, No. 18-21174-CIV, 2021 WL 4990803, at *7 (S.D. Fla. Mar. 31, 2021) (same).

None of the other non-SureTrader alleged contacts arguably give rise to the SEC's claims against Gentile. That is, even if taken as true, the allegations of non-SureTrader contacts in the Complaint do not satisfy the burden of proving personal jurisdiction. By including various allegations of Gentile's contacts with the United States that are unrelated to the claims asserted, the SEC urges this Court to adopt "a loose and spurious form of general jurisdiction." *See*

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (rejecting that "strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims"). The SEC has failed to demonstrate that the Court possesses personal jurisdiction over the claims against Gentile, and the Court must dismiss the case against him.

## II. The SEC Has Failed To Meet Its Burden Of Proof

The SEC has not satisfied its initial burden of proof because the allegations in the Complaint are deficient on their face as a matter of law to satisfy Florida's long-arm statute or § 78aa(a). *See Snyder v. Mcleod*, 971 So.2d 166, 160 (Fla. App. 2007). Gentile's affidavit[4] and the attachments to his motion fully refute the Complaint's already inadequate allegations. Because the SEC has failed to rebut this evidence submitted by Gentile, the SEC has failed to satisfy its burden.

## CONCLUSION

For the reasons set forth herein as well as those in his opening memorandum of law, Gentile respectfully requests the Court dismiss the action for lack of personal jurisdiction and award any other relief deemed just and proper.

Dated: December 22, 2021
       Miami, FL

                                                /s/ Dayliset Rielo
                                                Dayliset Rielo, Esq.
                                                Fl Bar No.: 85321
                                                The Rielo Law Firm, LLC
                                                8180 N.W. 36th Street

---

[4] The SEC challenges Gentile's use of a remote notary service to sign his affidavit in the midst of one of the worst pandemics in human history. At present, over 5.3 million deaths have been recorded worldwide. Gentile attaches hereto an affidavit notarized in person as well as proof of his recent positive COVID-19 test. Puerto Rico's legal requirements for individuals infected with the COVID-19 virus are publicly available. (Ex. 3, Gentile Aff. dated December 20, 2021).

Suite 220
Miami, FL 33166
Office: (786) 454-9873
Fax: (786) 454-8900
Email:  dayliset@rielolaw.com

FORD O'BRIEN, LLP
Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
575 Fifth Ave, Floor 17
New York, NY 10017
Tel: (212) 858-0040
Email: aford@fordobrien.com
Email: mford@fordobrien.com

*Attorneys for Defendant Guy Gentile*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing reply memorandum with accompanying exhibits to be served on Plaintiff by filing via PACER, with notice to Plaintiff's counsel, this 22nd day of December 2021.

/s/ Dayliset Rielo
Dayliset Rielo, Esq.

11