UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO
DEFENDANT GUY GENTILE'S MOTION TO DISMISS
THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to S.D. Fla. L.R. 7.1, files its Motion for Leave to File Sur-Reply to Defendant Guy Gentile's, a/k/a Guy Gentile Nigro ("Gentile"), Motion to Dismiss the Complaint for Lack of Personal Jurisdiction ("Motion to Dismiss") as follows:

The Commission seeks leave to file a sur-reply to Gentile's Motion to Dismiss because Gentile improperly argues the issue of venue for the first time in his Reply. As such, the Commission should be allowed to respond to Gentile's new arguments.

**MEMORANDUM OF LAW**

Rule 7.1(c) of the Local Rules of the Southern District of Florida provides that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without re-argument of matters covered in the movant's initial memorandum of law."

S.D. Fla. L.R. 7.1(c).  Thus, "[a] reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence."  *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14–20140–CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citing *Foley v. Wells Fargo Bank, N.A.*, 849 F.Supp.2d 1345 (S.D. Fla. 2012); *TCC Air Servs., Inc. v. Schlesinger*, No. 05–80543–CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009)).

Local Rule 7.1(c) provides that a party must obtain leave of court to file a sur-reply.  S.D. Fla. L.R. 7.1(c).  Further, Local Rule 7.1(a)(1) requires that every motion, other than those specifically excepted under the Rule, "shall incorporate a memorandum of law citing supporting authorities."  S.D. Fla. L.R. 7.1(a)(1).  "A district court's decision to permit the filing of a sur-reply is purely discretionary and should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'"  *HNA LH OD, LLC v. Local House Int'l, Inc.,* Case No. 21-21-22, 2021 WL 2400210-Bloom, at *1 (S.D. Fla. June 11, 2021); *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008).

Gentile filed his Motion to Dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and Fla. Stat. § 48.193, stated that it "is limited to the question of personal jurisdiction," and relied exclusively on his claimed lack of contacts with the State of Florida.  *See* Motion to Dismiss, ECF No. 58, at p. 1 and fn. 1; *see also* Notice of Motion, ECF No. 57 (Gentile's request for a hearing on his motion "to dismiss this action for lack of personal jurisdiction").  Gentile did not file pursuant to Rule 12(b)(3), did not argue that the Southern District of Florida is an improper venue, and he cited neither the venue nor the personal jurisdiction provisions of the Securities Exchange Act of 1934 ("Exchange Act").  In his Reply, Gentile argues – for the first

time – that venue is improper in this District under the Exchange Act's venue provision, 15 U.S.C. § 78aa(a) (providing that venue is proper "in any . . . district [where any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business"), and he conflates the concepts of venue and jurisdiction. The Commission respectfully submits that the Court should not consider any new arguments raised by Gentile about venue or the "proper" federal court where this case should be brought. Accordingly, the Commission should be afforded the opportunity to file a sur-reply explaining why Gentile waived his venue defense by failing to raise it in his motion and why, if the Court elects to entertain the argument, venue is proper under the Exchange Act.

WHEREFORE, the Commission respectfully requests that this Court grant its request for leave to file a sur-reply to Gentile's Motion to Dismiss.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that she conferred with counsel for Gentile, Adam Ford, prior to filing this Motion, and he advised that he would agree on the condition that Gentile may also file a reply to the sur-reply. The Commission does not take any position on whether Gentile should be permitted further briefing.

December 24, 2021  Respectfully submitted,

                                      Alice K. Sum
                                      Alice K. Sum, Esq.
                                      Trial Counsel
                                      Fla. Bar No. 354510
                                      Direct Dial: (305) 416-6293
                                      Email: sumal@sec.gov

                                      Attorneys for Plaintiff
                                      **SECURITIES AND EXCHANGE COMMISSION**
                                      801 Brickell Avenue, Suite 1950
                                      Miami, Florida 33131
                                      Telephone:   (305) 982-6300
                                      Facsimile:    (305) 536-4154

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 24th day of December 2021 via CM-ECF on all defense counsel in this case or other interested parties in the manner denoted below.

Via UPS
MintBroker International, Ltd.
c/o Michael C. Miller, Registered Agent
Winthrop Heights
10 Lookout Hill
Nassau, Bahama

Via Email
Warren Gluck, Esq.
Jessica Magee, Esq.
Holland and Knight LLP
Email: Warren.Gluck@hklaw.com
Email: Jessica.Magee@hklaw.com
Counsel for Igal Wizman of Ernst & Young,
Joint Provisional Liquidators

                                                    Alice K. Sum
                                                    Alice K. Sum