UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.
and GUY GENTILE,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

**THIS CAUSE** is before the Court upon Defendant Guy Gentile's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, ECF No. [58] ("Motion"). Plaintiff Securities and Exchange Commission ("SEC") filed a Response, ECF No. [65], and Gentile filed a Reply, ECF No. [67]. The Court has carefully considered the Motion, Response, Reply, record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.     BACKGROUND**

"Guy Gentile and the Securities and Exchange Commission are not strangers." *Gentile v. Sec. & Exch. Comm'n*, 974 F.3d 311, 313–14 (3d Cir. 2020). From 2007 to 2008, Gentile was involved in two pump-and-dump penny stock schemes. *Sec. & Exch. Comm'n v. Gentile*, 939 F.3d 549, 552 (3d Cir. 2019). The U.S. Attorney's Office for the District of New Jersey indicted Gentile in New Jersey District Court, but the indictment was dismissed as untimely. *Id*. The SEC then filed a civil enforcement action against Gentile in New Jersey District Court, under Case No. 16-cv-1619. The SEC alleged that Gentile, among other things, intended to break securities laws through

a Bahamas-based brokerage firm. *Id.* at 553. Gentile deemed the action a "witch hunt." *Id.*

After extensive legal battles at the trial and appellate levels, the New Jersey District Court dismissed the case, finding that the SEC's latest operative pleading failed to state a claim. Case No. 16-cv-1619, ECF No. [108] at 25–31. The Court granted "the SEC one final opportunity to amend their complaint," *id.* at 31, but the SEC informed the Court that it would "not file a further amended complaint. . . ." *Id.* at [113]. The Court closed the case. *Id.* at [114].

Six months later, the SEC filed this action against Gentile and MintBroker International, Ltd. d/b/a SureTrader, alleging that Defendants "operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading." ECF No. [1] at 1. The SEC asserted jurisdiction under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d), (e) and 78aa(a). *Id.* at ¶ 22. The SEC alleged that venue was proper in this District because "many of Defendants' acts and transactions constituting violations of the Exchange Act occurred in this District, including those directed at U.S. customers who reside in Miami and in this District, and Defendant Gentile resided in Miami, Florida during at least a portion of the Relevant Period." *Id.* at ¶ 23.

Gentile filed a motion for contempt against the SEC in the New Jersey District Court, arguing that this action violated the New Jersey District Court's deadline for filing a further amended complaint. Case No. 16-cv-1619, ECF No [116-1]. Gentile then moved this Court to stay this action pending the resolution of the motion to contempt. ECF No. [39]. This Court denied the motion to stay. ECF No. [66].

At issue now is Gentile's motion to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and Florida Statutes § 48.193. ECF No. [58]. The motion is limited to Gentile's Florida contacts. *Id.* The SEC opposes the motion, pointing out that because

the Securities Exchange Act permits nationwide service of process, Gentile's nationwide contacts are what matter, not just his Florida contacts. ECF No. [65]. In the Reply, Gentile challenges venue under the Securities Exchange Act for the first time. ECF No. [67].

## II. STANDARD

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). The district court must accept the facts alleged in the complaint as true to the extent they are uncontroverted by the defendant's affidavits. *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000). If the defendant sustains its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate the jurisdictional allegations in the complaint with evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Where the evidence conflicts, the district court must construe all reasonable inferences in favor of the plaintiff. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010).

In analyzing a motion to dismiss under Rule 12(b)(2), a court must "first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) (internal citations omitted). When a governing federal statute provides for nationwide service of process, such as in this case, that federal statute "becomes the statutory basis for personal jurisdiction." *Id.*; *see U.S. S.E.C. v. Carrillo*, 115 F.3d 1540, 1544 (11th Cir. 1997) (establishing that where "personal jurisdiction is invoked based on . . . federal securities laws, which provide for worldwide service of process, . . .

the proper forum for minimum contacts analysis is the United States"). In such a case, the defendant's minimum contacts with the United States are relevant, not his forum state's contacts. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 579–80 (11th Cir. 2014) (holding that "[b]ecause § 78aa authorizes nationwide service of process in securities-fraud cases, the district court incorrectly analyzed . . . minimum contacts in the context of the forum state of Florida, as opposed to . . . contacts with the United States as a whole"). The defendant then carries a heavy burden of showing "that the assertion of jurisdiction in the forum will make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Id.* But "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *BCCI Holdings*, 119 F.3d at 947.

**III.   ANALYSIS**

>Section 78aa(a) states:
>
>Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

§ 78aa(a). It is well established that this language provides for worldwide service of process, making the applicable forum in this case, for minimum contacts purposes, the United States and not Florida. *See, e.g., Carrillo*, 115 F.3d at 1544. Gentile's motion, however, is premised solely on his lack of Florida contacts. *See* ECF No. [58]. Those contacts are irrelevant in isolation. *See Kammona*, 587 F. App'x at 579–80; *see also S.E.C. v. Prime Time Grp., Inc.*, No. 09-80952-CIV, 2010 WL 780198, at *2 (S.D. Fla. Mar. 2, 2010) (explaining that because § 78aa was at issue, the court "need not address whether Florida's long arm statute applies").

Turning to the proper inquiry, Gentile has sufficient contacts with the United States. Foremost, Gentile admits that he is a "United States citizen living in Puerto Rico, a United States' territory." ECF No. [67] at 7. "In applying the nationwide service of process provision under § 78aa, courts have found that '[i]f a defendant is located in the United States, that defendant will almost always have minimum contacts with the United States sufficient to allow a federal court to exercise personal jurisdiction.'" *Kammona*, 587 F. App'x at 580 n.6 (collecting cases).[1] Moreover, the SEC has alleged that Gentile engaged in activities in the U.S., such as soliciting and attracting U.S. customers through the SureTrader website, affiliate advertisements, and emails. ECF No. [1] at ¶¶ 47–74; *see Fed. Trade Comm'n v. On Point Glob. LLC*, No. 19-25046-CIV, 2020 WL 1812398, at *2 (S.D. Fla. Apr. 9, 2020) (finding that "conduct in developing and advertising these websites targeting United States citizens is sufficient to establish minimum contact"). Indeed, the essence of the SEC's case is that Gentile, through SureTrader, solicited U.S. traders who wanted to bypass U.S. trading regulations. *See generally* ECF No. [1]. Lastly, Gentile's failure to apply the correct minimum contacts analysis is fatal to his motion. *See Flynn v. Craig*, No. 14-62140-CIV, 2014 WL 11776958, at *5 (S.D. Fla. Dec. 23, 2014), *report and recommendation adopted*, 2015 WL 11197787 (S.D. Fla. Jan. 13, 2015) ("Because Defendants did not address personal jurisdiction in the context of the United States as the forum, Defendants have not raised a meritorious challenge to the Plaintiffs' prima facie showing of jurisdiction.").

Exercising jurisdiction over Gentile is also constitutional. Given his sufficient contacts with the nation as a whole, the burden is on Gentile to demonstrate "constitutionally significant

---

[1] Gentile's argument that the nationwide service standard applies only to foreign defendants, ECF No. [67] at 7, is baseless. Domestic defendants located in the United States are subject to the same analysis. *See, e.g.*, *Sec. & Exch. Comm'n v. Marin*, 982 F.3d 1341, 1350 (11th Cir. 2020) (concerning a United States citizen living in New York).

5

inconvenience[.]" *BCCI*, 119 F.3d at 948; *see also Carrillo*, 115 F.3d at 1547 (explaining that after a finding of sufficient minimum contacts, a court must examine "the burden on the defendant, the interests of the forum . . ., and the plaintiff's interest in obtaining relief" in determining whether exercising jurisdiction will offend traditional notions of fair play and substantial justice). Gentile has failed to meet that burden. Gentile does not articulate how litigating in this District would be unconstitutionally burdensome. *See, e.g.*, *H.E.R.O., Inc. v. Self*, 2012 WL 1802431, at *6 (S.D. Fla. May 17, 2012) ("[G]eneralized inconvenience of litigating in a foreign forum is typically not sufficient to establish that the exercise of jurisdiction is constitutionally unreasonable."). Notably, Gentile represents that he would consent to jurisdiction in New Jersey, even though he resides in Puerto Rico. ECF No. [67] at 4. The record does not show how the same lawsuit in South Florida becomes "one of those rare cases" of "severe disadvantage." *See Demaria v. Gisbex Clearing Corp., S.A.*, No. 10-20426-CIV, 2010 WL 11553316, at *3 (S.D. Fla. Nov. 23, 2010).

Finally, Gentile's belated argument that venue is improper under § 78aa is unavailing. Gentile has waived any venue objection by failing to present a challenge until his reply in support of a motion to dismiss based on personal jurisdiction. *See Retterath v. Homeland Energy Sols., LLC*, No. 13-80942-CIV, 2014 WL 1515522, at *1 (S.D. Fla. Apr. 17, 2014) ("Any argument first presented in a reply is not properly before the district court, especially one raised in a reply to a different motion.").

For the reasons outlined above, the Court finds that it has personal jurisdiction over Gentile. Accordingly, the Motion, **ECF No. [58]**, is **DENIED**. Gentile shall file an Answer to the Complaint, ECF No. [1], **on or before January 21, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 11, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record