UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
And d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

   Defendants.

### DEFENDANT GUY GENTILE'S AMENDED ANSWER

Defendant Guy Gentile ("Gentile"), by and through his counsel, hereby answers Plaintiff's Complaint, and sets forth his affirmative defenses as follows. Except as otherwise affirmatively stated below, Gentile denies all allegations in the Complaint. To the extent any headings or subheadings may be read to include allegations, each such allegation contained in the heading or subheading is denied in its entirety.

### ANSWER

### I. INTRODUCTION

1. To the extent the allegations in paragraph 1 state a legal conclusion or otherwise purport to summarize the actions and intent of Gentile no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations contained in paragraph 1 except he admits that Defendant MintBroker International, Ltd. ("SureTrader") operated a

1

broker-dealer in the Bahamas, that Gentile was a founder SureTrader, and that Gentile was an owner and chief executive officer of SureTrader from February 2017 until November 2019.

2. Gentile denies the allegations in paragraph 2 in their entirety.

3. Gentile denies the allegations in paragraph 3 in their entirety.

4. Gentile denies the allegations in paragraph 4 in their entirety and lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

5. Gentile lacks knowledge or information to form a belief about the truth of the allegations contained in paragraph 5 except Gentile specifically denies the allegation that "Gentile's plan worked" and admits that SureTrader expanded from having 3 employees to 75.

6. Gentile denies the allegations contained in paragraph 6.

7. To the extent the allegations in paragraph 7 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 7 and avers that the "federal securities laws" speak for themselves.

8. To the extent the allegations in paragraph 8 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader or Gentile no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 8 and avers that the "federal securities laws" speak for themselves.

9. To the extent the allegations in paragraph 9 state a legal conclusion no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 9.

10. To the extent the allegations in paragraph 10 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 10.

## II. DEFENDANTS

11. As to the allegations in paragraph 11, Gentile admits only that "SureTrader was in the business of being a broker-dealer from no later than December 2011 until at least November 2019, when SureTrader's clearing firm changed its services to SureTrader" and that "SureTrader's principal place of business was the Bahamas" and denies the remaining allegations in paragraph 11 for lack of knowledge or information sufficient to form a belief about their truth.

12. Gentile admits the allegations in paragraph 12.

13. Gentile admits the allegations in paragraph 13 except denies that Gentile paid any monetary penalty.

14. Gentile denies the allegations set forth in paragraph 14.

15. Gentile admits the allegations in paragraph 15.

16. Gentile admits the allegations in paragraph 16 except denies that he lived in New York and denies that at all relevant times he was the owner, director, and CEO of SureTrader.

17. Gentile admits the allegations in paragraph 17.

18. Gentile admits the allegations in paragraph 18 except denies that "In November 2016, Gentile directed the formation of a Delaware-based entity called Mint Custody Limited, and in January 2017 Gentile directed the formation of West Palm Beach Florida based entity MinTrade Technologies, LLC, both of which were created for the purpose of facilitating and concealing the movement of U.S.-based customer funds to SureTrader."

19. Gentile admits the allegations in paragraph 19.

20. Gentile denies the allegation in paragraph 20 that "Gentile is the sole director and member of Mint Bank International, LLC ("Mint Bank")" and that any such entity exists, but otherwise admits the allegations in paragraph 20.

21. Gentile denies the allegations in paragraph 21 except admits only that he has a website www.guygentile.com and avers that the website previously provided trader education via video and live chat room, never provided securities recommendations, and no longer provides any services.

22. To the extent the allegations in paragraph 22 state a legal conclusion no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 22.

23. To the extent the allegations in paragraph 23 state a legal conclusion no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 23 and further objects that this Court lacks jurisdiction and that the proper venue for this action is New Jersey.

24. To the extent the allegations in paragraph 24 state a legal conclusion no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 24.

25. Gentile admits the allegations in paragraph 25.

26. To the extent the allegations in paragraph 26 state a legal conclusion no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 26 except admits only that "During the Relevant Period, SureTrader was not registered as a broker-dealer with the Commission."

27. Gentile admits the allegations in paragraph 27.

28. Gentile denies the allegations in paragraph 28.

29. Gentile denies the allegations in paragraph 29 and further avers that any authority was removed in January 2016 and never reinstated.

30. Gentile denies the allegations in paragraph 30.

31. Gentile admits the allegations in paragraph 31.

32. Gentile denies the allegations in paragraph 32.

33. To the extent the allegations in paragraph 33 state a legal conclusion no responsive pleading is required.  To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 33.

34. To the extent the allegations in paragraph 34 state a legal conclusion no responsive pleading is required.  To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 34.

35. To the extent the allegations in paragraph 35 state a legal conclusion no responsive pleading is required.  To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 35.

36. To the extent the allegations in paragraph 36 purport to interpret FINRA rules, the rules speak for themselves.  Gentile otherwise admits the allegations in paragraph 36.

37. To the extent the allegations in paragraph 37 purport to interpret FINRA rules, the rules speak for themselves. Gentile otherwise admits the allegations in paragraph 37.

38. To the extent the allegations in paragraph 38 purport to interpret FINRA rules, the rules speak for themselves. Gentile otherwise admits the allegations in paragraph 38.

39. To the extent the allegations in paragraph 39 purport to interpret FINRA rules, the rules speak for themselves. Gentile otherwise admits the allegations in paragraph 39.

40. To the extent the allegations in paragraph 40 purport to interpret FINRA rules, the rules speak for themselves. Gentile otherwise admits the allegations in paragraph 40.

41. To the extent the allegations in paragraph 41 purport to interpret FINRA rules, the rules speak for themselves. Gentile otherwise denies the allegations in paragraph 41 and disagrees with the SEC's purported description of the rules.

42. To the extent the allegations in paragraph 42 purport to interpret FINRA rules, the rules speak for themselves. Gentile otherwise denies the allegations in paragraph 42.

43. Gentile denies the allegations in paragraph 43.

44. Gentile admits the allegations in paragraph 44.

45. Gentile admits the allegations set forth in paragraph 45.

46. Gentile denies the allegations in paragraph 46.

47. Gentile denies the allegations in paragraph 47.

48. Gentile denies the allegations in paragraph 48.

49. Gentile denies the allegations in paragraph 49 and otherwise lacks knowledge or information to form a belief as to their truth.

50. Gentile denies the allegations in paragraph 50 and otherwise lacks knowledge or information to form a belief as to their truth.

51. Gentile denies the allegations in paragraph 51 and denies any suggestion that SureTrader's website "targeted U.S. customers" or any of the acts or actions listed in paragraph 51 were intended to target U.S customers.

52. Gentile denies the allegations in paragraph 52 and otherwise lacks knowledge or information to form a belief as to their truth.

53. As to the allegations in paragraph 53, Gentile lacks knowledge or information to form a belief as to their truth and otherwise denies the allegations.

54. Gentile denies the allegations set forth in paragraph 54.

55. As to the allegations in paragraph 55, Gentile lacks knowledge or information to form a belief as to their truth and otherwise denies the allegations.

56. Gentile denies the allegations set forth in paragraph 56 and further avers that only individuals who requested to receive emails would receive them and that a pop up blocker on each page of SureTrader's website would prevent any individual with a U.S. IP address from accessing SureTrader's website without first agreeing to the contents of the pop block and affirming that he or she had not been solicited by SureTrader, including any individuals who requested and received an email with a link to SureTrader's website.

57. Gentile denies the allegations set forth in paragraph 57 and further avers that only individuals who requested to receive emails would receive them and that a pop up blocker on each page of SureTrader's website would prevent any individual with a U.S. IP address from accessing SureTrader's website without first agreeing to the contents of the pop block and affirming that he or she had not been solicited by SureTrader, including any individuals who requested and received an email with a link to SureTrader's website.

58. Gentile denies the allegations in paragraph 58 and otherwise lacks knowledge or information sufficient to form a belief as to their truth.

59. Gentile denies the allegations in paragraph 60.

60. Gentile denies the allegations in paragraph 61.

61. Gentile denies the allegations in paragraph 62 and further avers the program described in paragraph 61 was for non U.S. clients.

62. Gentile denies the allegations in paragraph 62.

63. Gentile denies the allegations in paragraph 63.

64. Gentile denies the allegations in paragraph 64.

65. Gentile denies the allegations in paragraph 65.

66. Gentile denies the allegations in paragraph 66.

67. To the extent the SEC mischaracterizes the nature of the advertisement and the marketing services agreement, Gentile denies the allegations in paragraph 67 while admitting only that that there was an advertisement that stated specifically SureTrader was only for non-U.S. clients and that there was a Marketing Services Agreement but that agreement is for Day Trading Radio to refer only non-U.S. clients.

68. As to the allegations in paragraph 68, Gentile admits only that the agreement with Day Trading Radio was for referral of non-U.S. clients, denies all remaining allegations in paragraph 68, and further avers that SureTrader only accepted non-solicited U.S. clients except.

69. Gentile denies the allegations in paragraph 69.

70. Gentile denies the allegations in paragraph 70.

71. Gentile denies the allegations in paragraph 71.

72. Gentile denies the allegations in paragraph 72.

73. Gentile denies the allegations in paragraph 73.

74. Gentile denies the allegations in paragraph 74.

75. Gentile denies the allegations in paragraph 75.

76. Gentile denies the allegations in paragraph 76.

77. Gentile denies the allegations in paragraph 77.

78. Gentile admits the allegations in 78 except he specifically denies the allegation and mischaracterization that "Thus, in essence, SureTrader told potential customers on its website that the potential customers might have to certify that they had never been to that same website."

79. Gentile denies the allegations in paragraph 79.

80. Gentile denies the allegations in paragraph 80.

81. Gentile denies the allegations in paragraph 81.

82. Gentile denies the allegations in paragraph 82.

83. Gentile admits the allegations in paragraph 83 except he further avers that a pop up blocker existed on SureTrader's website prior to October 2017.

84. Gentile admits the allegations in paragraph 84.

85. Gentile denies the allegations in paragraph 85.

86. Gentile denies the allegations in paragraph 86.

87. Gentile denies the allegations in paragraph 87.

88. Gentile denies the allegations in paragraph 88.

89. Gentile denies the allegations in paragraph 89.

90. Gentile denies the allegations in paragraph 90.

91. Gentile denies the allegations in paragraph 91.

92. Gentile denies the allegations in paragraph 92.

93. Gentile admits the allegations in paragraph 93.

94. Gentile admits the allegations in paragraph 94.

95. Gentile denies the allegations in paragraph 95.

96. Gentile denies the allegations in paragraph 96.

97. To the extent the allegations in paragraph 97 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 97.

98. To the extent the allegations in paragraph 98 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 98.

99. To the extent the allegations in paragraph 99 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 99.

100. To the extent the allegations in paragraph 100 state a legal conclusion or otherwise purport to summarize the actions and intent of Gentile no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 100.

101. To the extent the allegations in paragraph 101 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 101.

102. To the extent the allegations in paragraph 102 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader and Gentile no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 102.

103. To the extent the allegations in paragraph 103 state a legal conclusion or otherwise purport to summarize the actions and intent of SureTrader and Gentile no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 103.

104. To the extent the allegations in paragraph 104 state a legal conclusion or otherwise purport to summarize the actions and intent of Gentile no responsive pleading is required. To the extent a responsive pleading is required, Gentile denies the allegations in paragraph 104.

## AFFIRMATIVE DEFENSES

Gentile denies any and all allegations contained in the Complaint not specifically admitted herein, including allegations in any headings, prayers for relief, or wherefore clauses.

## FIRST AFFIRMATIVE DEFENSE

The SEC is barred from recovery under the doctrine of unclean hands. Among other reasons, during Gentile's active cooperation with the DOJ, FBI, and SEC, the FBI instructed Gentile to solicit certain U.S. individuals who were targets of investigations related to potential securities fraud violations and market manipulation schemes. In addition to instructing Gentile to solicit U.S. individuals, the DOJ, FBI, and SEC used SureTrader to ensnare securities violators, had unfettered access to SureTrader's records, and were aware of SureTrader's policies for accepting non-solicited U.S. clients. These policies included use of a pop-up blocker and attestation of non-solicitation. When FINRA began an investigation into SureTrader, the SEC, FBI, and then acting assistant United States attorney Gurbir Grewal assured FINRA and Gentile that SureTrader's acceptance of non-solicited U.S. clients and the use of the pop-up blocker and attestation of non-solicitation conformed with U.S. securities laws. After assuring Gentile that

SureTrader's policies conformed with the U.S. securities laws, Gentile was explicitly instructed by the FBI "to continue operating SureTrader in the same way" and to solicit certain U.S. individuals subject to investigation. The SEC was aware of and actively involved in these instructions and even assisted Gentile in drafting letters containing false information intended to assist Gentile in exiting "conspiracies" without arousing suspicion. Any SureTrader policies related to solicitation or non-solicitation of U.S. clients was done at the express instruction and with knowledge and approval of the DOJ, FBI, SEC, and USAO and therefore may not form the basis of a finding that SureTrader or Gentile violated the U.S. securities laws anti-solicitation provisions.

## SECOND AFFIRMATIVE DEFENSE

The SEC has failed to state claims for relief, as they have no valid, legal claim against Gentile.

## THIRD AFFIRMATIVE DEFENSE

The SEC is barred from recovery by 28 U.S.C. 2462's five-year statute of limitations. Among other reasons, during Gentile's active cooperation with the DOJ, FBI, and SEC, the FBI instructed Gentile to solicit certain U.S. individuals who were targets of investigations related to potential securities fraud violations and market manipulation schemes. In addition to instructing Gentile to solicit U.S. individuals, the DOJ, FBI, and SEC used SureTrader to ensnare securities violators, had unfettered access to SureTrader's records, and were aware of SureTrader's policies for accepting non-solicited U.S. clients. These policies included use of a pop-up blocker and attestation of non-solicitation. When FINRA began an investigation into SureTrader, the SEC, FBI, and then acting assistant United States attorney Gurbir Grewal assured FINRA and Gentile that SureTrader's acceptance of non-solicited U.S. clients and the use of the pop-up blocker and

attestation of non-solicitation conformed with U.S. securities laws.  After assuring Gentile that SureTrader's policies conformed with the U.S. securities laws, Gentile was explicitly instructed by the FBI "to continue operating SureTrader in the same way" and to solicit certain U.S. individuals subject to investigation.  The SEC was aware of and actively involved in these instructions and even assisted Gentile in drafting letters containing false information intended to assist Gentile in exiting "conspiracies" without arousing suspicion.  The DOJ, FBI, SEC, and USAO were aware in 2014 of these policies and no later than 2012 and approved of any SureTrader policies related to solicitation or non-solicitation of U.S. clients during that same time.  Because the relevant decisions and actions fall outside the statutory time-period, the claims against Gentile are barred by the statute of limitations.  Any solicitation was directed by the FBI, DOJ, and SEC and occurred outside the statutory time period.

## FOURTH AFFIRMATIVE DEFENSE

The claims against Gentile are barred by the doctrine of Fraud.

## FIFTH AFFIRMATIVE DEFENSE

The claims against Gentile are barred by the doctrine of res judicata.  Claims against Gentile based on his alleged conduct in the Bahamas have already been dismissed in the case *SEC v. Gentile*, No. 2:16-cv-01619 (D.N.J. March 2016).

## SIXTH AFFIRMATIVE DEFENSE

The claims are barred by the United States constitution, including the due process clause, because the SEC and FINRA consented to SureTrader's conduct and non-solicitation policies as lawful beginning no later than May 2012.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by the SEC's own conduct as well as the conduct of its staff, because the SEC and FINRA consented to SureTrader's conduct and non-solicitation policies as lawful beginning no later than May 2012.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of equitable estoppel, because the SEC and FINRA consented to SureTrader's conduct and non-solicitation policies as lawful beginning no later than May 2012.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of illegality, because the SEC and FINRA consented to SureTrader's conduct and non-solicitation policies as lawful beginning no later than May 2012 and the only U.S. individuals solicited by SureTrader were solicited only after the FBI, DOJ, and SEC instructed Gentile to do so pursuant to his cooperation agreement.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of *in pari delicto*, because the SEC and FINRA consented to SureTrader's conduct and non-solicitation policies as lawful beginning no later than May 2012 and the only U.S. individuals solicited by SureTrader were solicited only after the FBI, DOJ, and SEC instructed Gentile to do so pursuant to his cooperation agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred due to spoliation of evidence.

## TWELFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrines of duress and unconscionability.

*Dayliset Rielo*
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street

Suite 200
Miami, FL 33166
786-454-9873
dayliset@rielolaw.com

*Counsel for Defendant Guy Gentile*

FORD O'BRIEN, LLP
Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
575 Fifth Ave, Floor 17
New York, NY 10017
Tel: (212) 858-0040
aford@fordobrien.com
mford@fordobrien.com

*Counsel for Defendant Guy Gentile*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Answer for Defendant Guy Gentile executed February 10, 2022, to be served on Plaintiff by filing via PACER, with notice to Plaintiff's counsel, this 10th day of February 2022.

    *Dayliset Rielo*
    Dayliset Rielo, Esq.