### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

### DECLARATION OF ADAM C. FORD
### IN SUPPORT OF DEFENDANT GENTILE'S MOTION FOR SANCTIONS

Adam C. Ford, Esq, pursuant to 28 U.S.C. § 1746, declares the following subject to penalties of perjury:

1.      I am a Partner at Ford O'Brien Landy LLP, attorneys of record for Defendant Gentile in the above-referenced action.  I am admitted *pro hac vice* in this matter.

2.      I have personal knowledge of the matters set forth below, and the exhibits annexed hereto are true and correct copies of the documents described.

3.      I submit this Declaration in support of Defendant Gentile's Motion for Sanctions and to place before the Court true and correct copies of certain documents.

4.      Attached hereto as **Exhibit A** is a true and correct copy of the SEC's Initial Disclosures served in the above-referenced action, dated December 29, 2021.

5.      Attached hereto as **Exhibit B** is a true and correct copy of an email from SEC Enforcement Counsel to counsel for Gentile regarding the above-referenced action, dated March 24, 2022.

6.      Attached hereto as **Exhibit C** is a true and correct copy of the SEC's Notice of Issuing Subpoenas Duces Tecum served in the above-referenced action, dated April 7, 2022.

7.      Attached hereto as **Exhibit D** are true and correct copies of the subpoenas referenced in **Exhibit C**.

8.      Attached hereto as **Exhibit E** is a true and correct copy of email correspondence between counsel for Gentile and SEC Enforcement Counsel regarding the above-referenced action, spanning March 24, 2022, to April 29, 2022.

9.      Attached hereto as **Exhibit F** is a true and correct copy of an email from SEC Enforcement Counsel to counsel for Gentile regarding the above-referenced action, dated May 5, 2022.

10.      Attached hereto as **Exhibit G** is a true and correct copy of the SEC's First Request for Production to Defendant Guy Gentile served in the above-referenced action, dated May 6, 2022.

11.      Attached hereto as **Exhibit H** is a true and correct copy of email correspondence between counsel for Gentile and SEC Enforcement Counsel regarding the above-referenced action, spanning May 10, 2022, to May 11, 2022.

12.      Attached hereto as **Exhibit I** is a true and correct copy of email correspondence between Defendant Guy Gentile and nonparty Philip Dorsett, dated March 5, 2015, that was subsequently forward to counsel for Gentile.

13.    I declare under penalty of perjury that the foregoing is true and correct.


Dated: June 3, 2022

*/s/ Adam C. Ford*
Adam C. Ford, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Declaration of Adam C. Ford, Esq., executed June 3, 2022, with Exhibits, to be served on all parties by filing via the Court's CM/ECF electronic filing system.

*/s/ Dayliset Rielo*
Dayliset Rielo, Esq.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-Bloom**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

**PLAINTIFF'S DISCLOSURES PURSUANT TO RULE 26(A)(1)**
**OF THE FEDERAL RULES  OF CIVIL PROCEDURE**

     Plaintiff Securities and Exchange Commission hereby makes its initial disclosures pursuant

to Federal Rule of Civil Procedure 26(a)(1)(A).

     **A.**    **Individuals likely to have discoverable information.**   At this time, the

Commission believes the following are likely to have discoverable information relating to facts

supporting the Commission's allegations as contained in the Complaint.


Guy Gentile
c/o Adam Ford, Esq.

MintBroker International, Ltd. f/k/a Swiss America Securities Ltd. and d/b/a SureTrader
c/o Igal Wizman and Eleanor Fisher, Joint Provisional Liquidators
Ernst & Young

Carla Marin
Carmel, New York

Karen Gentile

Nicholas Abadiotakis

Michael Bain

Antonio Collie

Edward Cooper

Stephen Darville

Alexis Delancey

Philip Dorsett

Yaniv Frantz

Craig Manderson

Drameko Moore

Janay Symonette Pyfrom

Justin Ritchie

Danielle Romer

Jasmine Sands

All employees of SureTrader/Swiss America/MintBroker

Mark Jordon

Timothy Looney

Gawaine Ward
The Bahamas Securities Commission

Christina Rolle
The Bahamas Securities Commission

Commission Junction

Day Trading Radio

Investor Underground

Mojo Trading

Profit Trading Room

StockTradeIdeas.com

Timothy Sykes

Warrior Trading

Electronic Transaction Clearing, Inc.

DayTrader Pro

F1 Trade

FINRA

SureTrader Customers (prospective and actual)

Cloud Caribe

Tipalti and other payment processors

Deltec Bank & Trust Limited

Marc Cohodes

The Commission notes that formal discovery in this case has only just begun, and reserves the right to amend and/or add to this list if additional witnesses with discoverable information on which the Commission intends to rely become known to us.

**B.      Documents the Commission may use to support its claims or defenses.**

Documents in the Commission's possession include the following:

- Investigation testimony transcripts and the exhibits thereto for the following witnesses:

  a. Carla Marin
  b. Nathan Michael Michaud
  c. Timothy Sykes

- Documents produced by the following:

  a. Guy Gentile
  b. Securities Commission of The Bahamas

     c.  FINRA
     d.  Wells Fargo Bank, NA
     e.  Groupon
     f.  InvestorsHub.com, Inc.
     g.  Conversant Media
     h.  GetResponse Services, Inc.
     i.  Commission Junctions LLC
     j.  Orestes Jimenez
     k.  American Express
     l.  DAS, Inc.
     m.  Checkbook, Inc.
     n.  Stock USA Execution Services, Inc.
     o.  Warrior Trading
     p.  Day Trading Radio
     q.  Nathan Michaud
     r.  Bill.com
     s.  Stripe
     t.  Tipalti Solutions, Ltd.

The Commission has in its possession hardcopy and/or electronic versions of the above-described documents, which the undersigned will produce to counsel of record in electronic format (via Accellion electronic file transfer). Due to the size of the files and the need to process the production, the Commission anticipates that the documents will be produced by January 17, 2022.

The Commission notes that formal discovery in this case has only just begun, and reserves the right to supplement this disclosure if additional documents become known to us and come into our possession, custody, or control.

**C.**     **A computation of each category of damages.**

The Commission seeks equitable and statutory monetary remedies, not legal damages, through a judgment ordering disgorgement of ill-gotten proceeds received as result of the activity alleged in the Complaint. The Commission seeks injunctive relief, full disgorgement, plus prejudgment interest, and civil money penalties as indicated in the Complaint.

**D.**     **Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The Commission is not aware of any insurance that is relevant to this matter.

December 29, 2021

Respectfully submitted,

Alice K. Sum
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:    (305) 982-6300
Facsimile:    (305) 536-4154

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 29th day of December 2021 via CM-ECF on all defense counsel in this case or other interested parties in the manner denoted below.

Via UPS
MintBroker International, Ltd.
c/o Michael C. Miller, Registered Agent
Winthrop Heights
10 Lookout Hill
Nassau, Bahama

Via Email
Warren Gluck, Esq.
Jessica Magee, Esq.
Holland and Knight LLP
Email: Warren.Gluck@hklaw.com
Email: Jessica.Magee@hklaw.com
Counsel for Igal Wizman of Ernst & Young,
Joint Provisional Liquidators

Alice K. Sum
Alice K. Sum

6

# EXHIBIT B

**From:** **Adam Ford** aford@fordobrien.com  📎
**Subject:** Fwd: SEC v. Gentile - response to request for production
**Date:** March 29, 2022 at 8:25 AM
**To:** Steve Halpin shalpin@fordobrien.com, Katherine Millet kmillet@fordobrien.com
**Cc:** Matthew Ford mford@fordobrien.com

AF

---------- Forwarded message ---------
From: **Sum, Alice** <SumAl@sec.gov>
Date: Thu, Mar 24, 2022 at 8:57 PM
Subject: SEC v. Gentile - response to request for production
To: Matthew Aaron Ford <mford@fordobrien.com>, Adam Ford <aford@fordobrien.com>, dayliset@rielolaw.com <dayliset@rielolaw.com>
Cc: Johnson, Alise <johnsonali@sec.gov>

Please see attached Responses and Objections to Gentile's First Request for Production.  The link to the first tranche of production will be sent in a few minutes.



**Alice K. Sum**

Trial Counsel

U.S. Securities and Exchange Commission

Division of Enforcement
Miami Regional Office
801 Brickell Avenue, Suite 1950

Miami, FL 33131
Office:   305.416.6293

Mobile:  305.202.0885

Email: SumAl@sec.gov

--
Ford O'Brien Landy, LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)



SEC's
Respo...ion.pdf

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

### PLAINTIFF'S NOTICE OF ISSUING SUBPOENAS DUCES TECUM

    **PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure

Plaintiff Securities and Exchange Commission has issued the attached subpoenas for the

production of documents on the date, time and location indicated below:

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Stocktraderideas.com c/o GG Global Capital Group LLC 1975 Daly Waldrop Road Kinston, NC 28504 | April 22, 2022 5:30pm | Securities and Exchange Commission 801 Brickell Avenue, Suite 1950 Miami, FL 33131 Via Email or Secure File Transmission |
| Warrior Trading 47 Railroad St. Great Barrington, MA 01230 | April 22, 2022 5:30pm | Securities and Exchange Commission 801 Brickell Avenue, Suite 1950 Miami, FL 33131 Via Email or Secure File Transmission |
| Day Trading Radio 46 2nd Ave. Nyack, NY 10960 | April 22, 2022 5:30pm | Securities and Exchange Commission 801 Brickell Avenue, Suite 1950 Miami, FL 33131 Via Email or Secure File Transmission |
| Investors Underground 44 Indian Rock Rd Windham, NH 03087 | April 22, 2022 5:30pm | Securities and Exchange Commission 801 Brickell Avenue, Suite 1950 Miami, FL 33131 Via Email or Secure File Transmission |

| Timothy Sykes<br>80 S.W. 8th St., Suite 2000<br>Miami, FL 33130 | April 22, 2022 5:30pm | Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131<br>Via Email or Secure File Transmission |
|---|---|---|

April 7, 2022

Respectfully submitted,

s/**Alise Johnson**
Alise Johnson, Esq.
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email:johnsonali@sec.gov

<u>Alice K Sum</u>
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document is being served

this 7th day of April 2022 on all defense counsel in this case as denoted below.

Adam C. Ford, Esq.
Matthew A. Ford, Esq.
275 Madison Avenue, 24th Floor
New York, NY 10016
Email:  aford@fordobrien.com
          mford@fordobrien.com
*Counsel for Defendant Gentile*
Via Email

Dayliset Rielo, Esq.
The Rielo Law Firm, LLC

8180 NW 36th Street, Suite 220
Miami, FL 33166
Email: dayliset@rielolaw.com
*Counsel for Defendant Gentile*
Via Email

s/Alise Johnson and Alice Sum
Alise Johnson and Alice Sum

# EXHIBIT D

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:21-CV-21079-Bloom |
| MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile, et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Stocktraderideas.com c/o GG Global Capital Group LLC
              1975 Daly Waldrop  Road, Kinston, NC 28504

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131 (via Email or secure transmission) | Date and Time:<br><br>April 22, 2022 at 5:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      4/72022

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | s/Alice Sum and s/Alise Johnson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Securities and Exchange Commission _____ , who issues or requests this subpoena, are:

Alice Sum 801 Brickell Ave., Ste 1950 Miami FL 33131, sumal@sec.gov, 305-416-6293

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-21079-Bloom

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**SUBPOENA ATTACHMENT**</u>

<u>**SEC V. MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba
Suretrader and Guy Gentile, et al.**</u>

<u>**DEFINITIONS**</u>

1.      "MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader" means Defendant MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader, its agents, servants,employees, representatives, contractors, attorneys, investigators, and anyone acting on its behalf orpursuant to its direction, and any entity or company of which they are or were a principal, director orofficer, or otherwise controls or controlled.

2.      "Guy Gentile" means Defendant Guy Gentile a/k/a Guy Gentile Nigor,his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant  to  his direction, and any entity or company of which he is or was a principal,director or officer, or otherwise controls or controlled.

3.      "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity.  Plurals and singulars are used interchangeably.

4.      "You" means stocktraderideas.com owned by GG Global Capital Group LLC.

5.      "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript,

1

photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded on tape, computer hard drive, laptop or disk or other means of recording or data entry. The term "documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

9.      A document "relating to", "concerning", "referring to", "underlying" or "supporting" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

## **INSTRUCTIONS**

1.      This subpoena calls for all documents in your possession, custody or control, regardless of where such documents are located.

2.      This request is continuing in nature. Any information or documents called for by this request that you obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

3.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

4.      You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format. The Commission retains the right to inspect the originals of the documents produced prior to the trial of this cause.

5.      If you object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

(a) date;
(b) names of persons present;
(c) subject matter;
(d) location or custodian; and
(e) the basis on which the privilege is claimed.

6.      If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a)      the type of document;
(b)      the type of information contained therein;
(c)      the date(s) on which it was created;
(d)      the sender(s) and recipient(s), if applicable;
(e)      the date (or approximate date) on which it ceased to exist;
(f)      the circumstances under which it ceased to exist;
(g)      the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
(h)      the identity of all persons having knowledge of the contents of such document; and
(i)      the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

<u>**ATTACHMENT "A"**</u>

**<u>DOCUMENTS TO BE PRODUCED</u>**

1.  All documents related to MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

2.  All documents you have produced to  MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro in any litigation or in response to a subpoena.

3.  All correspondence with MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

4.  All agreements between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

5.  All documents showing payment for any services between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

6.  All documents produced to any other agency produced in response to a request or subpoena.

7.  Documents identifying all Persons referred by you to open an account with or execute trades through Swiss America, and any and all Documents Concerning each such Person.  The Commission staff will accept, as responsive to this request, a spreadsheet listing the full name, physical address, email address, and phone number of each such Person.

8.  Documents identifying any and all payments received directly or indirectly from Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.  The Commission staff will accept as responsive to this request, a spreadsheet listing each such payment, name and banking information of the payor for each such payment, name and banking information of the beneficiary of each such payment, the date of receipt for each payment, method of payment transfer, and a description of the purpose of or reason for such payment.

9.   For each payment identified pursuant to Request #8, any and all Documents supporting the calculation of or determination of such payment amount, including but not limited to account statements or itemized receipts

4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile, et al | ) |
| *Defendant* | ) |

Civil Action No.   1:21-CV-21079-Bloom

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Warrior Trading
                 47 Railroad Street, Great Barrington, MA 01230

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Securities and Exchange Commission 801 Brickell Avenue, Suite 1950 Miami, FL 33131 (via Email or secure transmission) | Date and Time: April 22, 2022 at 5:30 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        4/72022

CLERK OF COURT
                                                                        OR

_____                    s/Alice Sum and s/Alise Johnson
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Securities and Exchange Commission                                   , who issues or requests this subpoena, are:

Alice Sum 801 Brickell Ave., Ste 1950 Miami FL 33131, sumal@sec.gov, 305-416-6293

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-21079-Bloom

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____             _____
                                                              *Server's signature*

                                                 _____
                                                              *Printed name and title*

                                                 _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA ATTACHMENT

## SEC V. MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile, et al.

## DEFINITIONS

1.      "MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader" means Defendant MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader, its agents, servants,employees, representatives, contractors, attorneys, investigators, and anyone acting on its behalf orpursuant to its direction, and any entity or company of which they are or were a principal, director orofficer, or otherwise controls or controlled.

2.      "Guy Gentile" means Defendant Guy Gentile a/k/a Guy Gentile Nigor,his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant  to  his direction, and any entity or company of which he is or was a principal,director or officer, or otherwise controls or controlled.

3.      "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity.  Plurals and singulars are used interchangeably.

4.      "You" means  Warrior Trading.

5.      "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript,

1

photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, orrecorded on tape, computer hard drive, laptop or disk or other means of recording or data entry. The term"documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

9.      A document "relating to", "concerning", "referring to", "underlying" or "supporting"a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

## **INSTRUCTIONS**

1.      This subpoena calls for all documents in your possession, custody or control, regardless of where such documents are located.

2.      This request is continuing in nature. Any information or documents called for by this request that you obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

3.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

2

4.      You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format. The Commission retains the right to inspect the originals of the documents produced prior to the trial of this cause.

5.      If you object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

(a) date;
(b) names of persons present;
(c) subject matter;
(d) location or custodian; and
(e) the basis on which the privilege is claimed.

6.      If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a)      the type of document;
(b)      the type of information contained therein;
(c)      the date(s) on which it was created;
(d)      the sender(s) and recipient(s), if applicable;
(e)      the date (or approximate date) on which it ceased to exist;
(f)      the circumstances under which it ceased to exist;
(g)      the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
(h)      the identity of all persons having knowledge of the contents of such document; and
(i)      the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

## ATTACHMENT "A"

### DOCUMENTS TO BE PRODUCED

1. All documents related to MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

2. All documents you have produced to  MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro in any litigation or in response to a subpoena.

3. All correspondence with MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

4. All agreements between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

5. All documents showing payment for any services between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

6. All documents produced to any other agency produced in response to a request or subpoena.

7. Documents identifying all Persons referred by you to open an account with or execute trades through Swiss America, and any and all Documents Concerning each such Person.  The Commission staff will accept, as responsive to this request, a spreadsheet listing the full name, physical address, email address, and phone number of each such Person.

8. Documents identifying any and all payments received directly or indirectly from Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.  The Commission staff will accept as responsive to this request, a spreadsheet listing each such payment, name and banking information of the payor for each such payment, name and banking information of the beneficiary of each such payment, the date of receipt for each payment, method of payment transfer, and a description of the purpose of or reason for such payment.

9.  For each payment identified pursuant to Request #8, any and all Documents supporting the calculation of or determination of such payment amount, including but not limited to account statements or itemized receipts

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>_____<br>*Plaintiff*<br>v.<br>MintBroker Int'l., Ltd., fka Swiss America Securities<br>Ltd and dba Suretrader and Guy Gentile, et al<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   1:21-CV-21079-Bloom

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Day Trading Radio
                      46 2nd Avenue, Nyack, NY 10960
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131 (via Email or secure transmission) | Date and Time:<br><br>April 22, 2022 at 5:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   4/72022

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | s/Alice Sum and s/Alise Johnson |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Securities and Exchange Commission _____ , who issues or requests this subpoena, are:

Alice Sum 801 Brickell Ave., Ste 1950 Miami FL 33131, sumal@sec.gov, 305-416-6293

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-21079-Bloom

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA ATTACHMENT

### SEC V. MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile, et al.

## DEFINITIONS

1.      "MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader" means Defendant MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader, its agents, servants,employees, representatives, contractors, attorneys, investigators, and anyone acting on its behalf orpursuant to its direction, and any entity or company of which they are or were a principal, director orofficer, or otherwise controls or controlled.

2.      "Guy Gentile" means Defendant Guy Gentile a/k/a Guy Gentile Nigor,his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, and any entity or company of which he is or was a principal,director or officer, or otherwise controls or controlled.

3.      "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity.  Plurals and singulars are used interchangeably.

4.      "You" means Day Trading Radio.

5.      "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript,

1

photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded on tape, computer hard drive, laptop or disk or other means of recording or data entry. The term "documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

9.      A document "relating to", "concerning", "referring to", "underlying" or "supporting" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

## **INSTRUCTIONS**

1.      This subpoena calls for all documents in your possession, custody or control, regardless of where such documents are located.

2.      This request is continuing in nature. Any information or documents called for by this request that you obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

3.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

2

4.      You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format. The Commission retains the right to inspect the originals of the documents produced prior to the trial of this cause.

5.      If you object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

(a) date;
(b) names of persons present;
(c) subject matter;
(d) location or custodian; and
(e) the basis on which the privilege is claimed.

6.      If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a)      the type of document;
(b)      the type of information contained therein;
(c)      the date(s) on which it was created;
(d)      the sender(s) and recipient(s), if applicable;
(e)      the date (or approximate date) on which it ceased to exist;
(f)      the circumstances under which it ceased to exist;
(g)      the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
(h)      the identity of all persons having knowledge of the contents of such document; and
(i)      the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

## ATTACHMENT "A"

### DOCUMENTS TO BE PRODUCED

1. All documents related to MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

2. All documents you have produced to  MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro in any litigation or in response to a subpoena.

3. All correspondence with MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

4. All agreements between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

5. All documents showing payment for any services between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

6. All documents produced to any other agency produced in response to a request or subpoena.

7. Documents identifying all Persons referred by you to open an account with or execute trades through Swiss America, and any and all Documents Concerning each such Person.  The Commission staff will accept, as responsive to this request, a spreadsheet listing the full name, physical address, email address, and phone number of each such Person.

8. Documents identifying any and all payments received directly or indirectly from Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.  The Commission staff will accept as responsive to this request, a spreadsheet listing each such payment, name and banking information of the payor for each such payment, name and banking information of the beneficiary of each such payment, the date of receipt for each payment, method of payment transfer, and a description of the purpose of or reason for such payment.

9.  For each payment identified pursuant to Request #8, any and all Documents supporting the calculation of or determination of such payment amount, including but not limited to account statements or itemized receipts

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:21-CV-21079-Bloom |
| MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile, et al | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                 Investors Underground
                          44 Indian Rock Road, Windham NH 03087

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131 (via Email or secure transmission) | Date and Time:<br><br>April 22, 2022 at 5:30 pm |
|---|---|

❐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        4/72022

_CLERK OF COURT_

                                              OR

_____            s/Alice Sum and s/Alise Johnson
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Securities and Exchange Commission                              , who issues or requests this subpoena, are:

Alice Sum 801 Brickell Ave., Ste 1950 Miami FL 33131, sumal@sec.gov, 305-416-6293

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-21079-Bloom

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA ATTACHMENT

## SEC V. MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile, et al.

## DEFINITIONS

1.      "MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader" means Defendant MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader, its agents, servants,employees, representatives, contractors, attorneys, investigators, and anyone acting on its behalf orpursuant to its direction, and any entity or company of which they are or were a principal, director orofficer, or otherwise controls or controlled.

2.      "Guy Gentile" means Defendant Guy Gentile a/k/a Guy Gentile Nigor,his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant  to  his direction, and any entity or company of which he is or was a principal,director or officer, or otherwise controls or controlled.

3.      "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity.  Plurals and singulars are used interchangeably.

4.      "You" means Investors Undeerground.

5.      "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript,

1

photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, orrecorded on tape, computer hard drive, laptop or disk or other means of recording or data entry. The term"documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

9.      A document "relating to", "concerning", "referring to", "underlying" or "supporting"a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

## **INSTRUCTIONS**

1.      This subpoena calls for all documents in your possession, custody or control, regardless of where such documents are located.

2.      This request is continuing in nature. Any information or documents called for by this request that you obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

3.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

2

4.      You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format. The Commission retains the right to inspect the originals of the documents produced prior to the trial of this cause.

5.      If you object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

(a) date;
(b) names of persons present;
(c) subject matter;
(d) location or custodian; and
(e) the basis on which the privilege is claimed.

6.      If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a)      the type of document;
(b)      the type of information contained therein;
(c)      the date(s) on which it was created;
(d)      the sender(s) and recipient(s), if applicable;
(e)      the date (or approximate date) on which it ceased to exist;
(f)      the circumstances under which it ceased to exist;
(g)      the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
(h)      the identity of all persons having knowledge of the contents of such document; and
(i)      the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

3

## ATTACHMENT "A"

### DOCUMENTS TO BE PRODUCED

1. All documents related to MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

2. All documents you have produced to  MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro in any litigation or in response to a subpoena.

3. All correspondence with MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

4. All agreements between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

5. All documents showing payment for any services between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

6. All documents produced to any other agency produced in response to a request or subpoena.

7. Documents identifying all Persons referred by you to open an account with or execute trades through Swiss America, and any and all Documents Concerning each such Person.  The Commission staff will accept, as responsive to this request, a spreadsheet listing the full name, physical address, email address, and phone number of each such Person.

8. Documents identifying any and all payments received directly or indirectly from Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.  The Commission staff will accept as responsive to this request, a spreadsheet listing each such payment, name and banking information of the payor for each such payment, name and banking information of the beneficiary of each such payment, the date of receipt for each payment, method of payment transfer, and a description of the purpose of or reason for such payment.

9.  For each payment identified pursuant to Request #8, any and all Documents supporting the calculation of or determination of such payment amount, including but not limited to account statements or itemized receipts

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:21-CV-21079-Bloom |
| MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile, et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Timothy Sykes
                            80 SW 8th Street, Suite 2000, Miami FL 33130
<em>(Name of person to whom this subpoena is directed)</em>

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131 (via Email or secure transmission) | Date and Time:<br><br>April 22, 2022 at 5:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       4/72022

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | s/Alice Sum and s/Alise Johnson |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Securities and Exchange Commission _____ , who issues or requests this subpoena, are:
Alice Sum 801 Brickell Ave., Ste 1950 Miami FL 33131, sumal@sec.gov, 305-416-6293

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-21079-Bloom

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**SUBPOENA ATTACHMENT**</u>

<u>**SEC V. MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba**</u>
<u>**Suretrader and Guy Gentile, et al.**</u>

<u>**DEFINITIONS**</u>

1.      "MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader" means Defendant MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader, its agents, servants,employees, representatives, contractors, attorneys, investigators, and anyone acting on its behalf orpursuant to its direction, and any entity or company of which they are or were a principal, director orofficer, or otherwise controls or controlled.

2.      "Guy Gentile" means Defendant Guy Gentile a/k/a Guy Gentile Nigor,his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, and any entity or company of which he is or was a principal,director or officer, or otherwise controls or controlled.

3.      "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity.  Plurals and singulars are used interchangeably.

4.      "You" means Timothy Sykes.

5.      "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript,

1

photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram,

telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any

state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any

tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded

on tape, computer hard drive, laptop or disk or other means of recording or data entry. The term "documents"

also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

9.      A document "relating to", "concerning", "referring to", "underlying" or "supporting" a

given subject matter means any document or communication that constitutes, contains, embodies,

comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including,

but not limited to, documents concerning the presentation of the documents.

## **INSTRUCTIONS**

1.      This subpoena calls for all documents in your possession, custody or control,

regardless of where such documents are located.

2.      This request is continuing in nature. Any information or documents called for by this

request that you obtain subsequent to the service of its response to this request, shall promptly be

supplied in the form of supplemental document productions pursuant to Rule 26(e) of the Federal

Rules of Civil Procedure.

3.      In construing this request: (a) the singular shall include the plural and the plural shall

include the singular; (b) the words "and" and "or" shall be construed either disjunctively or

conjunctively so as to bring within the scope of the request all information that might otherwise be

construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and

every; and (d) the term "including" shall mean "including, without limitation."

2

4.      You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format. The Commission retains the right to inspect the originals of the documents produced prior to the trial of this cause.

5.      If you object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

(a) date;
(b) names of persons present;
(c) subject matter;
(d) location or custodian; and
(e) the basis on which the privilege is claimed.

6.      If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a)      the type of document;
(b)      the type of information contained therein;
(c)      the date(s) on which it was created;
(d)      the sender(s) and recipient(s), if applicable;
(e)      the date (or approximate date) on which it ceased to exist;
(f)      the circumstances under which it ceased to exist;
(g)      the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
(h)      the identity of all persons having knowledge of the contents of such document; and
(i)      the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

## ATTACHMENT "A"

### DOCUMENTS TO BE PRODUCED

1. All documents related to MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

2. All documents you have produced to  MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro in any litigation or in response to a subpoena.

3. All correspondence with MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and Guy Gentile aka Guy Genitle Nigro.

4. All agreements between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

5. All documents showing payment for any services between You and MintBroker Int'l., Ltd., fka Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.

6. All documents produced to any other agency produced in response to a request or subpoena.

7. Documents identifying all Persons referred by you to open an account with or execute trades through Swiss America, and any and all Documents Concerning each such Person.  The Commission staff will accept, as responsive to this request, a spreadsheet listing the full name, physical address, email address, and phone number of each such Person.

8. Documents identifying any and all payments received directly or indirectly from Swiss America Securities Ltd and dba Suretrader and/or Guy Gentile aka Guy Genitle Nigro.  The Commission staff will accept as responsive to this request, a spreadsheet listing each such payment, name and banking information of the payor for each such payment, name and banking information of the beneficiary of each such payment, the date of receipt for each payment, method of payment transfer, and a description of the purpose of or reason for such payment.

9.  For each payment identified pursuant to Request #8, any and all Documents supporting the calculation of or determination of such payment amount, including but not limited to account statements or itemized receipts

# EXHIBIT E

**From:** **Stephen Halpin** shalpin@fordobrien.com
**Subject:** Re: SEC v. Gentile - response to request for production
**Date:** April 29, 2022 at 9:07 AM
**To:** sumal@sec.gov, johnsonali@sec.gov
**Cc:** Adam Ford aford@fordobrien.com, Matthew Aaron Ford mford@fordobrien.com, dayliset@rielolaw.com

Good morning. Are there any updates about when we can expect further productions?

Thank you,
Steve

On Apr 25, 2022, at 12:20 PM, Stephen Halpin <shalpin@fordobrien.com> wrote:

Alice, Alise,

Good afternoon. Please let us know when we can expect to receive the next tranche of documents. As you're aware, the current cutoff for discovery is only about two months away.

Best regards,
Steve

On Mar 29, 2022, at 8:25 AM, Adam Ford <aford@fordobrien.com> wrote:

---------- Forwarded message ---------
From: **Sum, Alice** <SumAl@sec.gov>
Date: Thu, Mar 24, 2022 at 8:57 PM
Subject: SEC v. Gentile - response to request for production
To: Matthew Aaron Ford <mford@fordobrien.com>, Adam Ford <aford@fordobrien.com>, dayliset@rielolaw.com <dayliset@rielolaw.com>
Cc: Johnson, Alise <johnsonali@sec.gov>

Please see attached Responses and Objections to Gentile's First Request for Production.  The link to the first tranche of production will be sent in a few minutes.

<image001.jpg>   **Alice K. Sum**

Trial Counsel

U.S. Securities and Exchange Commission

Division of Enforcement
Miami Regional Office
801 Brickell Avenue, Suite 1950

Miami, FL 33131
Office:   305.416.6293

Mobile:  305.202.0885

Email: SumAl@sec.gov

--
Ford O'Brien Landy, LLP

275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)
<SEC's Responses and Objections to Gentile's First Request for Production.pdf>

Stephen R. Halpin III
Associate*
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: +1 (212) 858-0040 (main)
shalpin@fordobrien.com
www.fordobrien.com

*Admitted only in Virginia and the District of Columbia; directly supervised by principals of the Firm admitted in New York.

**************************************************************************
This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments. Thank you in advance for your cooperation and assistance.
**************************************************************************

Stephen R. Halpin III
Associate*
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: +1 (212) 858-0040 (main)
shalpin@fordobrien.com
www.fordobrien.com

*Admitted only in Virginia and the District of Columbia; directly supervised by principals of the Firm admitted in New York.

**************************************************************************
This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments. Thank you in advance for your cooperation and assistance.
**************************************************************************

# EXHIBIT F

**From:** **Sum, Alice** SumAl@sec.gov 📎
**Subject:** SEC v. Gentile - document production
**Date:** May 5, 2022 at 5:09 PM
**To:** Adam Ford aford@fordobrien.com, Matthew Aaron Ford mford@fordobrien.com, dayliset@rielolaw.com, Stephen Halpin shalpin@fordobrien.com
**Cc:** Johnson, Alise johnsonali@SEC.GOV, Jacqmein, Victoria JacqmeinV@SEC.GOV

Adam and Steve:

Good afternoon.  The remaining documents responsive to the First Request for Production will be ready for production next week.  However, we would like to schedule a call with you to discuss entering into a stipulated confidentiality order/agreement.  We would also like to discuss the handling of additional documents that the Commission recently received but has not processed yet, as well as some documents we anticipate receiving.  Please advise if you are available tomorrow from 2:30-5:00, Monday from 2:00-4:00, or Tuesday 10:00-2:00.  Thank you.

Alice



**Alice K. Sum**
Trial Counsel
U.S. Securities and Exchange Commission
Division of Enforcement
Miami Regional Office
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Office:  305.416.6293
Mobile:  305.202.0885
Email: SumAl@sec.gov

# EXHIBIT G

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
### DEFENDANT GUY GENTILE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission requests that Defendant Guy Gentile a/k/a Guy Gentile Nigro produce the following documents in his possession, custody or control at the Miami Regional Office of the Commission, 801 Brickell Avenue, Suite 1950, Miami, Florida 33131.  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be produced within thirty (30) days of service of this request.

### INSTRUCTIONS

1.    This request calls for all documents in your possession, custody, or control, regardless of where such documents are located.

2.    Unless otherwise stated, the time period covered by these requests shall be from January 1, 2015, through the present.

3.    This request is continuing in nature.  Any information or documents called for by

1

this request that you obtain subsequent to the service of your response to this request, shall promptly be supplied in the form of supplemental document productions pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

4.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

5.      A copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control.

6.      All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder or other cover or container.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or the cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

7.      All documents responsive to this request that are maintained in the usual course of business in electronic format shall be produced in their native format along with software necessary to interpret such files if such software is not readily available.  All such documents shall be accompanied by a listing of all file properties, commonly known as metadata, concerning such document, including all information concerning the date(s) and recipient(s) of the document, the location, and content of any attachment(s) to the document, and the location and content of any

information imbedded or annotated in the document.

8.      Defendant may comply with the request by providing legible copies of the responsive documents.  Defendant may provide copies in an electronic format if consented to by the Commission prior to the response.  The Commission retains the right to inspect the originals of the documents produced prior to the trial of this cause.

9.      If you object to any request, state with specificity the grounds for each such objection and produce all documents and submit all answers responsive to the remainder of the request.  If you object to only part of a request, you must state the objection and answer the remainder of the request.

10.     If you claim privilege or immunity with respect to any document or information, state the nature and basis of the privilege or other ground asserted as justification for withholding such information in sufficient detail to permit the Court to adjudicate the validity of the claim. This includes, at a minimum:  (a) the date of the document or communication; (b) the author or speaker; (c) the addressee(s) or person to whom the communication was directed; (d) all other recipients or persons receiving the communication; (e) the type of document or communication (letter, report, memo, recording, e-mail, etc.); (f) the general subject matter of the document or communication; and (g) the specific privilege claimed.

11.     If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a) the type of document;

(b) the type of information contained therein;

(c) the date(s) on which it was created;

(d) the sender(s) and recipient(s), if applicable;

(e) the date (or approximate date) on which it ceased to exist;

(f) the circumstances under which it ceased to exist;

3

(g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;

(h) the identity of all persons having knowledge of the contents of such document; and

(i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

## DEFINITIONS

1.      "You", "Your", or "Gentile" means Defendant Guy Gentile a/k/a Guy Gentile Nigro, his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, any entity or company of which he is or was a trustee, principal, director or officer, member, partner, or otherwise controlled or controls.

2.      "SureTrader" means Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd.  and d/b/a SureTrader, including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

3.      "Person" or "People" mean any individual, natural person, corporation, partnership, limited partnership, trust, or any other entity.  Plurals and singulars are used interchangeably.

4.      A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

5.      "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence,

4

prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript, photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded on tape, computer hard drive or disk or other means of recording or data entry. The term "documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

6.    A document "Referring or Relating To" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

7.    "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

8.    "Communication" or "Communications" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, e-mail, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in document, whether prepared in anticipation of, during, or subsequent to such communications.

9.    "Control" or "Controlled" shall mean the ownership, beneficial or otherwise, by any Person, directly or indirectly, of more than 50% of the voting interest or the then issued shares

of an entity.

10.     An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

11.     "United States" means the United States, including its territories and possessions.

12.     "Complaint" means the Complaint filed in Case No.: 1:21-CV-21079-Bloom [DE 1].

## DOCUMENTS REQUESTED

1.     All documents identified in Your Rule 26 Disclosures.

2.     Documents sufficient to show all Persons who were Controlled by SureTrader.

3.     Documents sufficient to show all Persons who were

   a.     in Control of SureTrader; and

   b.     under common Control with SureTrader.

4.     Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

5.     Documents sufficient to show all banking, depositary, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

6.      Documents sufficient to show all Persons who have or had an account at SureTrader.  This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

7.      Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

8.      Documents related to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

9.      Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

10.      For each Person identified in response to Request #6 and resided, or were otherwise located, in the United States, Documents sufficient to show

      a.      all trades executed by such Person through accounts with SureTrader

      b.      all fees incurred by such Person and collected or collectable by SureTrader and

      c.      all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

11.      Except for Documents already produced pursuant to Request #6, all Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

12.      All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes

Challenge (www.timothysykes.com), Investors Underground (www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Affiliates").

13. All Communications with the Affiliates.

14. All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning soliciting customers who resided, or were otherwise located, in the United States.

15. All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

16. All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

17. All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

18. All Communications with any non-party Concerning the allegations and claims in the Complaint.

19. All Documents Related to SureTrader soliciting customers residing in, or were otherwise located, in the United States.

20. All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

21. All emails sent by SureTrader to customers residing in, or were otherwise located, in the United States.

8

22.     All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, and witness statements Concerning the allegations and claims in the Complaint.

23.     All Communications with potential witnesses or persons with knowledge of the allegations and claims in the Complaint requesting them to provide documents, testimony, or an interview.

24.     All SureTrader policies, manuals, or procedures Concerning soliciting and intake of new customers.

25.     All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

26.     All advertisements for SureTrader on or through U.S.-based websites.

27.     All invoices advertisements for SureTrader on or through U.S.-based websites.

28.     All documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

29.     Documents showing which SureTrader customers were referred by the Affiliates.

30.     All Documents Referring or Relating to SureTrader offering or providing a trading commission rebate.

31.     Documents Referring or Relating to SureTrader providing a trading commission rebate to customers in the United States, including its territories and possessions.

32.     All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

33.     All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

9

34.     All Documents showing funds received by Mint Custody Limited from U.S.-based customers.

35.     All Documents showing funds received by MinTrade Technologies, LLC from U.S.-based customers.

36.     All Documents showing funds transferred from Mint Custody Limited and/or MinTrade Technologies, LLC to SureTrader.

37.     Organization charts or employee lists for SureTrader.

38.     Audited and unaudited financial statements for SureTrader.

39.     All Documents that support or relate to Your claims in Your First Affirmative Defense including, but not limited to:

a.      "[D]uring Gentile's active cooperation with the DOJ, FBI, and SEC, the FBI instructed Gentile to solicit certain U.S. individuals who were targets of investigations related to potential securities fraud violations and market manipulation schemes."

b.      "[T]he DOJ, FBI, and SEC used SureTrader to ensnare securities violators, had unfettered access to SureTrader's records, and were aware of SureTrader's policies for accepting non-solicited U.S. clients.  These policies included use of a pop-up blocker and attestation of non-solicitation."

c.      "When FINRA began an investigation into SureTrader, the SEC, FBI, and then acting assistant United States attorney Gurbir Grewal assured FINRA and Gentile that SureTrader's acceptance of non-solicited U.S. clients and the use of the pop-up blocker and attestation of non-solicitation conformed with U.S. securities laws."

d.      "After assuring Gentile that SureTrader's policies conformed with the U.S. securities laws, Gentile was explicitly instructed by the FBI "to continue operating SureTrader in the same way" and to solicit certain U.S. individuals subject to investigation."

e.      "The SEC was aware of and actively involved in these instructions and even assisted Gentile in drafting letters containing false information intended to assist Gentile in exiting "conspiracies" without arousing suspicion."

f.       "Any SureTrader policies related to solicitation or non-solicitation of U.S. clients was done at the express instruction and with knowledge and approval of the DOJ, FBI, SEC, and USAO. . . ."

40.     All Documents that support or relate to Your claims in Your Third Affirmative Defense.

41.     All Documents that support or relate to Your claims in Your Fourth Affirmative Defense.

42.     All Documents that support or relate to Your claims in Your Sixth Affirmative Defense that "SEC and FINRA consented to SureTrader's conduct and non-solicitation policies as lawful beginning no later than May 2012."

43.     All Documents that support or relate to Your claims in Your Seventh Affirmative Defense.

44.     All Documents that support or relate to Your claims in Your Eighth Affirmative Defense.

45.     All Documents that support or relate to Your claims in Your Ninth Affirmative Defense.

46.     All Documents that support or relate to Your claims in Your Tenth Affirmative Defense.

47.     All Documents that support or relate to Your claims in Your Eleventh Affirmative Defense.

48.     All Documents that support or relate to Your claims in Your Twelfth Affirmative Defense.

May 6, 2022

Respectfully submitted,

/s/Alice Sum
Alice Sum, Esq.
Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

Alise Johnson, Esq.
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email:johnsonali@sec.gov

*Attorney for Plaintiff*
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1950
Miami, Florida 33131

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 6th day

of May 2022 via email on all defense counsel in this case.

Adam C. Ford, Esq.
Matthew A. Ford, Esq.
275 Madison Avenue, 24th Floor
New York, NY 10016
Email:  aford@fordobrien.com
        mford@fordobrien.com
*Counsel for Defendant Gentile*
Via Email

Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 NW 36th Street, Suite 220
Miami, FL 33166
Email:  dayliset@rielolaw.com
*Counsel for Defendant Gentile*
Via Email

Alice K. Sum
Alice K. Sum

# EXHIBIT H

**From:** Sum, Alice SumAl@sec.gov
**Subject:** RE: Gentile--Discussion regarding Suretrader documents
**Date:** May 11, 2022 at 3:54 PM
**To:** Adam Ford aford@fordobrien.com
**Cc:** Matthew Aaron Ford mford@fordobrien.com, Steve Halpin shalpin@fordobrien.com, Johnson, Alise johnsonali@SEC.GOV, Verges, Teresa VergesT@SEC.GOV

AS

Adam,

We want to correct/clarify portions of your summary of the conversation on Monday; below is your summary with our comments interlineated and underlined.  Additionally, while the summary addresses what we discussed, we want to emphasize that the SEC has not obtained any documents in a manner inconsistent with the Rules of Civil Procedure or applicable statutes and that we do not agree with your characterization of the issues.

Alice

Alice and Alise,

This email is to memorialize the conversation that we had yesterday afternoon.  It is based on notes taken contemporaneously during the call. It is not intended to be all-inclusive, but to only highlight the main points.

Yesterday afternoon you informed us that SEC had obtained documents from two former employees of Suretrader, Philip Dorset and Yaniz France and that you were intending on turning them over to us in discovery.   You informed us that these individuals had in their possession Suretrader emails and other Suretrader documents that had been downloaded onto their personal computers.  You informed us that Philip Dorset had provided you with about 11,000 emails and other "non-email" Suretrader documents.  France had around 33,000 emails and also "non-email" documents.  <u>Mr. Dorsett transmitted approximately 11,000 emails via Accellion to the SEC, but they are not accessible pending our filter team discussion.  Mr. Frantz has indicated he has approximately 30,000 emails, which have not been transmitted to the SEC.</u>

We indicated that we have serious concern over the manner in which the SEC came into possession of these emails, and asked whether you reached out to the Receiver in control of Suretrader documents in the course of discovery and you said you had not.  We asked whether you had subpoenaed these individuals and you told us that did not serve them subpoenas but asked them informally for these records and they voluntarily agreed to send them to you.  <u>The SEC routinely receives documents from third-parties either through its investigation process or in litigation, with or without subpoena, formally and informally.  Under the Rules of Civil Procedure, there are specific times and situations when we are obligated to notify the other side and produce documents, which we have done and will continue to do.</u>

We asked what limitations you put on your request, specifically if it was limited to records pertaining to the allegations in your complaint regarding the solicitation of US customers and you informed us there were no limitations on the request, just all documents they could get.  You acknowledged that the documents may or do contain confidential and or privileged materials.  You specifically indicated that you believed these documents contained privileged materials and that you proposed a taint team first review these

documents for privilege.  <u>We do not know one way or the other whether there are privileged materials but have requested that the third-parties not transmit possibly privileged material.  With respect to the 11,000 emails, we requested that Mr. Dorsett search the emails for communications with counsel/lawyers and asked that he segregate them and not transmit them to the SEC.  Although we have not received Mr. Frantz's approximately 30,000 emails, we similarly advised him that the emails should be searched for communications with counsel/lawyers and those should not be transmitted to the SEC.</u>

We again expressed concern over how these documents were obtained, specifically that they were obtained outside the bounds of the Federal Rules of Civil Procedure, noted that these were company documents to which the former employees did not have a right to take or turn over.  We also expressed our preliminary concern that these documents were taken in violation of the law, and that the transmittal of them to your agency may also constitute a violation of law, specifically the Bahamian Secrecy Law.  You noted that one of these individuals had an attorney.  <u>Again, the SEC routinely receives documents from third-parties either through its investigation process or in litigation, with or without subpoena, formally and informally.</u>

You agreed that this issue needed to be put in front of the judge and agreed that all documents obtained by these two men would be segregated in a separate folder, not produced to us, and not reviewed by anyone at the SEC until we received guidance from the judge.  You acknowledged that you or your colleagues have already reviewed the "non-email" Dorsett documents that he provided you and were prepared to turn them over.  We asked that they not be turned over because we did not believe they were appropriately obtained. You agreed not to turn them over at this time, and until the judge provided guidance.

You also agreed to allow us a couple of days to process this information and decide how to move forward on this issue. We are still considering the implications of this situation.

Please let me know if you believe any of the above is inaccurate or diverges from what you believe was said during our call yesterday.

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Tuesday, May 10, 2022 3:43 PM
**To:** Johnson, Alise <johnsonali@SEC.GOV>; Sum, Alice <SumAI@SEC.GOV>
**Cc:** Matthew Aaron Ford <mford@fordobrien.com>; Steve Halpin <shalpin@fordobrien.com>
**Subject:** Gentile--Discussion regarding Suretrader documents

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Alice and Alise,

This email is to memorialize the conversation that we had yesterday afternoon.  It is based on notes taken contemporaneously during the call. It is not intended to be all-inclusive, but

to only highlight the main points.

Yesterday afternoon you informed us that SEC had obtained documents from two former employees of Suretrader, Philip Dorset and Yaniz France and that you were intending on turning them over to us in discovery.  You informed us that these individuals had in their possession Suretrader emails and other Suretrader documents that had been downloaded onto their personal computers.  You informed us that Philip Dorset had provided you with about 11,000 emails and other "non-email" Suretrader documents.  France had around 33,000 emails and also "non-email" documents.

We indicated that we have serious concern over the manner in which the SEC came into possession of these emails, and asked whether you reached out to the Receiver in control of Suretrader documents in the course of discovery and you said you had not.  We asked whether you had subpoenaed these individuals and you told us that did not serve them subpoenas but asked them informally for these records and they voluntarily agreed to send them to you.

We asked what limitations you put on your request, specifically if it was limited to records pertaining to the allegations in your complaint regarding the solicitation of US customers and you informed us there were no limitations on the request, just all documents they could get.  You acknowledged that the documents may or do contain confidential and or privileged materials.  You specifically indicated that you believed these documents contained privileged materials and that you proposed a taint team first review these documents for privilege.

We again expressed concern over how these documents were obtained, specifically that they were obtained outside the bounds of the Federal Rules of Civil Procedure, noted that these were company documents to which the former employees did not have a right to take or turn over.  We also expressed our preliminary concern that these documents were taken in violation of the law, and that the transmittal of them to your agency may also constitute a violation of law, specifically the Bahamian Secrecy Law.  You noted that one of these individuals had an attorney.

You agreed that this issue needed to be put in front of the judge and agreed that all documents obtained by these two men would be segregated in a separate folder, not produced to us, and not reviewed by anyone at the SEC until we received guidance from the judge.  You acknowledged that you or your colleagues have already reviewed the "non-email" Dorsett documents that he provided you and were prepared to turn them over.  We asked that they not be turned over because we did not believe they were appropriately obtained. You agreed not to turn them over at this time, and until the judge provided guidance.

You also agreed to allow us a couple of days to process this information and decide how to move forward on this issue. We are still considering the implications of this situation.

Please let me know if you believe any of the above is inaccurate or diverges from what you believe was said during our call yesterday.

Adam

--
Ford O'Brien Landy, LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)

# EXHIBIT I

On Mar 5, 2015, at 10:05 PM, Guy Gentile <guy@stockusainc.com> wrote:

Adam,

REDACTED FOR PRIVILEGE

Guy

**From:** Philip Dorsett [mailto:philip@suretrader.com]
**Sent:** Thursday, March 5, 2015 5:07 PM
**To:** Guy Gentile
**Subject:** RE: SEC Subpoena

Hello Guy,

It¹s not as simple as that.  Even as the President you cannot authorize me to do something that we haven¹t established as being legal.  I understand the seriousness of receiving the subpoena, and I also know that there tends to be a deadline for these type requests.  However in our haste to fulfil US law we must be cautious not to break Bahamian law.  To that end, and to save on time, I will put the information together and I will also request the legal opinion from Michael.

The legal opinion will cement our legal footing incase this situation somehow turns against us.  Additionally, in the future, any such requests for client information from a foreign jurisdiction should be addressed to the Attorney General¹s office.   That is the proper way in which these requests are made.  To grant any client info otherwise would expose us to legal ramifications both from the client and also the Attorney General (for breaking Bahamian law).

Regards,

Philip

**From:** Guy Gentile [mailto:guy@stockusainc.com]
**Sent:** Thursday, March 5, 2015 4:04 PM
**To:** philip@suretrader.com
**Subject:** SEC Subpoena

Philip,

I'm authorizing the release of client information to the SEC.

Guy Gentile
President
Swiss America Securities, Ltd.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2015.0.5645 / Virus Database: 4299/9234 - Release Date: 03/05/15

--

Ford O'Brien Landy, LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)