# Exhibit A



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of Traders Cafe, FL-03848**

**To:**  Guy Gentile
via personal service

☒  **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission no later than January 10, 2018 at 11:00 a.m, at the place specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 100 F St., N.E., Mailstop 5973, Washington, DC 20549-5973; with a copy of all such materials to:
U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, FL 33131

☒  **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission
Miami Regional Office, 801 Brickell Avenue, Suite 1800
Miami, FL 33131
on January 10, 2018 at 11:00 a.m.

### FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena.
Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By:   /s *Sajjad Matin*               Date:    December 22, 2017
Sajjad Matin, Counsel
U.S. Securities and Exchange Commission
Miami Regional Office
801 Brickell Avenue, Suite 1800
Miami, FL 33131

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**SUBPOENA ATTACHMENT FOR GUY GENTILE**
In the Matter of Traders Cafe, FL-03848

December 22, 2017

## A.  Definitions

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1.     "Swiss America" means the entity doing business under the name "Swiss America Securities, Ltd.", including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2.     "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

3.     "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

4.     "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

5.     "Control" or "Controlled" shall mean the ownership, beneficial or otherwise, by any Person, directly or indirectly, of more than 50% of the voting interest or the then issued shares of an entity.

6.     An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or

contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

7.      The term "you" and "your" means the Person to whom or entity to which this subpoena was issued.

8.      To the extent necessary to bring within the scope of this this subpoena any information or Documents that might otherwise be construed to be outside its scope:
   a.      the word "or" means "and/or";
   b.      the word "and" means "and/or";
   c.      the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
   d.      the masculine gender includes the female gender and the female gender includes the masculine gender; and
   e.      the singular includes the plural and the plural includes the singular.

9.      "Relevant Period" means the time period beginning March 23, 2016, and continuing to the present, unless otherwise specified.

2

## B.  Instructions

1.     As this is a federal civil law enforcement investigation, which is confidential and non-public (pursuant to, including but not limited to, 17 C.F.R. §203.5), we ask that you respond without providing notification of this subpoena or this investigation to any account holder or third party about which this subpoena seeks information. If you are **not** willing to comply with this request, please contact the attorney whose name appears on this subpoena before providing such notice.

2.     Unless otherwise specified, this subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All responsive electronic Documents, including all metadata, should also be produced in their native software format.

3.     For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you must secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

4.     Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

5.     In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

6.     Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e., delineated with staples or paper clips to identify the Document boundaries.

7.     Documents should be labeled with sequential numbering (bates-stamped).

8.     You must produce all Documents created during, or Concerning, the period from March 23, 2016 to the date of this subpoena, unless otherwise specified.

9. The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

10. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff in connection with this matter. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

11. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

   a. its author(s);
   b. its date;
   c. its subject matter;
   d. the name of the Person who has the item now, or the last Person known to have it;
   e. the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
   f. the basis upon which you are not producing the responsive Document;
   g. the specific request in the subpoena to which the Document relates;
   h. the attorney(s) and the client(s) involved; and
   i. in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

12. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## C.  Documents to be Produced

1.      Documents sufficient to show all Persons who, at any time during the Relevant Period, were Controlled by Swiss America (the "Subsidiaries").

2.      Documents sufficient to show all Persons who, at any time during the Relevant Period, were

      (i) in Control of Swiss America; and

      (ii) under common Control with Swiss America.

3.      Documents sufficient to show all banking, depositary, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of Swiss America (including all such accounts which were closed or terminated during the Relevant Period).

4.      Documents sufficient to show all banking, depositary, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Subsidiaries (including all such accounts which were closed or terminated during the Relevant Period).

5.      Documents sufficient to show all Persons who have or had, during the Relevant Period, an account at Swiss America and resided, or were otherwise located, in the United States, including its territories and possessions.  A spreadsheet listing each such customer's name, brokerage account number, date such account was opened, email address, phone number, and street address may be deemed sufficient for this Request.

6.      For each Person identified in Request #5, Documents sufficient to show

      (i) all trades executed by such Person through accounts with Swiss America during the Relevant Period,

      (ii) all fees incurred by such Person and collected or collectable by Swiss America during the Relevant Period, and

      (iii) all commissions charged against the account of such Person or otherwise collected from such Person by Swiss America during the Relevant Period.

7.      Except for Documents already produced pursuant to Request #5, all Agreements by, between, or on behalf of Swiss America with any Person located in the United States, including its territories and possessions.

8.      Audited financial statements for Swiss America for each of the fiscal years of 2014, 2015, 2016, and 2017.

9.      Unaudited financial statements for Swiss America for each of the first, second, third, and fourth fiscal quarters of 2017.