# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**DECLARATION OF YANIV FRANTZ**

Pursuant to 28 U.S.C. § 1746, the undersigned states as follows:

1. My name is Yaniv Frantz and I am over twenty-one years of age and have personal knowledge of the matters set forth herein.

2. I am currently unemployed.

3. From December 2016 until March 2018, I was employed at Swiss America Securities, Ltd, a/k/a SureTrader, and most recently known as Mint Broker International Ltd., a broker-dealer registered with the Securities Commission of the Bahamas (hereinafter "SureTrader"). I was initially hired by Mr. Gentile as a consultant, and within approximately three months, I accepted a full-time position as Senior Sales Manager. I was then promoted to Chief Operating Officer in mid-2017.

4. As a consultant, my duties were focused on optimizing the company's efficiency across several departments. As Senior Sales manager my duties were focused on creating and

building a sales team, including expanding the required physical workplace to accommodate the approximately 20 new employees on the sales team. As Chief Operating Officer, my duties focused on running all operational aspects of the company and carrying out the CEO's instructions on how the company was to be run. At Mr. Gentile's instruction, I also reached out to primarily US banks to try to build relationships with Mint International Broker and Mint Technology.

5. When I began my employment at SureTrader, I was issued a work laptop.

6. When my employment with SureTrader ended in March 2018, I only spoke with the Chief Financial Officer Antonio Collie and the head of Human Resources Justin Ritchie regarding the separation process. SureTrader gave me a document that set forth the amount to be paid/owed to me. It included a calculation of payment for unused vacation time. It also included a debit of $1,340.00 for the work laptop I had previously been issued and used, even though there was no discussion of the disposition of my work laptop, including whether I would be returning it to SureTrader or purchasing it. The amount I received from SureTrader as part of my separation was the same that was calculated in the document.

7. When I separated from SureTrader, I was not provided with any instructions regarding the contents of my work laptop. I was not instructed to delete or otherwise remove SureTrader data or work from my work laptop or to cease using the laptop.

8. I do not recall receiving a copy of a Code of Ethics from SureTrader.

9. I contacted the U.S. Securities and Exchange Commission ("SEC") and voluntarily provided information and documents to the SEC because I was concerned with how Gentile ran SureTrader and that his conduct may violate U.S. securities laws.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of June 2022.

_____
Yaniv Frantz