# Exhibit E

IN THE SUPREME COURT OF THE BAHAMAS

COMMERCIAL DIVISION                                    CAUSE NO. 00014 OF 2020

IN THE MATTER of the Companies Act 308

AND

IN THE MATTER of an Application under the Securities Industry Act, 2011

AND

IN THE MATTER of MINTBROKER INTERNATIONAL LTD. (FORMERLY SWISS AMERICA SECURITIES LTD.) T/A SURE TRADER Swiss America Securities, a Registered Securities Firm.

## WINDING UP ORDER

Before The Honorable Madam Justice Diane Stewart, a Judge of the Supreme Court of The Bahamas, in Open Court.

**UPON READING** the Petition presented by the Commission, filed herein on the 5th of March, 2020; for an Order that Mintbroker International Ltd. also known as Swiss America Securities Ltd. ("**the Company**") be wound up according to the Securities Industry Act 2011, the Companies (Winding Up Amendment) Act, 2011 and the Companies Liquidation Rules 2012, and that Joint Provisional Liquidators, Mr. Igal Wizman of EY Bahamas Ltd., Caves Corporate Centre West Bay Street & Blake Road Nassau, Bahamas, and Ms. Eleanor Fisher, of EY Cayman Ltd., 62 Forum Lane, Camana Bay, Grand Cayman, KY-1106, Cayman Islands (together "EY"), be appointed the Joint Official Liquidators of the Company.

**AND UPON READING** the Affidavits of Christina R. Rolle in support of the Petition and filed herein on the 5th of March 2020, 29th May 2020, and on the 1st of March 2021, respectively;

**AND UPON READING** the Affidavits of Guy Gentile filed 26 May 2020, and of Eugene Edwards filed on 3 March 2021, both in support of the Company's opposition to the said Petition;

**UPON HEARING** Messrs. Gawaine J. Ward and Gladstone Brown of counsel for the Securities Commission of The Bahamas ("**the Commission**"), the Petitioner herein, upon its Petition filed on the 5th day of March 2020,

**AND UPON HEARING** Mr. Philip McKenzie and Ms. Glenda Roker of counsel for the Company and Mr. Guy Gentile, CEO and shareholder of the Company, opposing the said Petition;

**AND UPON HEARING** the oral evidence of Ms. Christina Rolle for the Petitioner and Mr. Guy Gentile for the Company;

**IT IS HEREBY ORDERED THAT:**

1. The Company be wound up in accordance with the Companies Act, Chp. 308, and shall be deemed to commence from the presentation of the petition herein, pursuant to section 195(2) of the Companies (Winding Up Amendment) Act, 2011.

2. The winding up will proceed, the court having determined that the petition was properly served in compliance with statutory requirements and the company having been heard in the proceedings.

3. The said Joint Provisional Liquidators, **Mr. Igal Wizman and Ms. Eleanor Fisher**, of EY, aforesaid, be appointed herein as the Joint Official Liquidators ("**JOLs**") of the Company, pursuant to section 200 of the Companies (Winding Up Amendment) Act, 2011.

4. The JOLs have the authority to exercise their powers jointly or separately in the performance of their duties, pursuant to section 201 of the Companies (Winding Up Amendment) Act, 2011.

5. Pursuant to Section 200(3) of the Companies (Winding Up Amendment) Act, 2011, no security is required to be given by the JOLs on their appointment.

6. The JOLs may exercise any and all of the powers set forth in Section 205 of the Companies (Winding Up Amendment) Act, 2011 without further leave of the court, and are hereby authorized accordingly.

7. The Notice of Winding Up shall, pursuant to section 194 of the Companies (Winding Up Amendment) Act, 2011 be duly advertised in a newspaper within The Bahamas within 14 days of the filing of this Order.

8. The Notice of Winding Up shall, pursuant to Order 5 Rule 3(1) of the Companies Liquidation Rules 2012, be duly given to creditors and contributories by e-mail.

9. All future notices of meetings in accordance with the Companies Liquidation Rules 2012, be duly circulated by e-mail.

10. The JOLs shall file with the Court by the 31st August 2022, and thereafter not less than every twelve (12) months, a written Report on the progress made with the winding up and the realization (if any) of the assets thereof and as to any other matters connected with the winding up, as the Court may from time to time direct. The requirement for the JOLs to prepare a report before convening a meeting of creditors is waived.

11. The JOLs shall have the authority to appoint legal counsel and to remunerate them for their reasonable fees and expenses out of the assets of the Company as an expense of the liquidation, such fees to be approved by the Court.

12. The petitioner's costs shall be paid out of the assets of the Company as an expense of the liquidation, such costs to be taxed if not agreed with the JOLs.

13. Costs of the liquidation shall be paid out of the assets of the Company as an expense of the liquidation.

14. Any creditor or contributory of the said Company may be at liberty to apply to the Court in these proceedings to determine any question arising in the winding-up of the Company, as may be occasioned.

15. The JOLs are at liberty to apply generally to the Judge in Chambers as may be occasioned, as well to address any ancillary matters.

**DATED** the **15**$^{th}$ day of **December, A.D., 2021.**

_____
**The Honorable Mrs. Justice Diane Stewart**
**JUDGE OF THE SUPREME COURT**

*This Order was filed by the Securities Commission of The Bahamas, 2nd Floor Poinciana House, North Building, 31A East Bay Street, Nassau, The Bahamas.*

IN THE SUPREME COURT OF THE BAHAMAS

COMMERCIAL DIVISION

IN THE MATTER of the Companies Act 308

AND

IN THE MATTER of an Application under the Securities Industry Act, 2011

AND

IN THE MATTER of MINTBROKER INTERNATIONAL LTD. (FORMERLY SWISS AMERICA SECURITIES LTD.) T/A SURE TRADER Swiss America Securities, a Registered Securities Firm.

---

### WINDING UP ORDER

---

CAUSE NO.   00014 OF 2020

Securities Commission of The Bahamas
Poinciana House
North Building, 2nd Floor
31A East Bay Street
Nassau, The Bahamas

The Petitioner