**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-Bloom**

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

     Defendants.

_____/

## CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING DISCLOSURE OF PERSONAL, SENSITIVE, AND OTHER CONFIDENTIAL INFORMATION

THIS MATTER is before the Court upon the Parties' Joint Motion for Court Approval of Confidentiality and Protective Order Governing Disclosure of Personal, Sensitive, and Other Confidential Information ("Order") pursuant to Fed. R. Civ. P. 26(c), ECF No. [__] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion, **ECF No. [__], is GRANTED**.

The "Eleventh Circuit has created a four factor test to determine whether good cause exists for the issuance of a protective order, which includes: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 583 (S.D. Fla. 2014) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Consistent with these factors, courts within this District commonly enter confidentiality and protective orders when agreed to by the parties. *See, e.g., Whitwam v. JetCard Plus, Inc.*, No. 14-CV-22320, 2015 WL 1014292, at *1 (S.D. Fla. Jan. 21, 2015) (entering a Stipulated Confidentiality and Protective Order); *Gutescu v. Carey Int'l, Inc.*, No. 01-4026-CV-GOLD/SIM, 2002 WL 34245136, at *1 (S.D. Fla. Aug. 8, 2002) (same); *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, No. 1:15-CV-24565, 2016 WL 4581320, at *1 (S.D. Fla. Aug. 16, 2016)(same).

Accordingly, it is **ORDERED AND ADJUDGED** that a protective order is **ENTERED** regarding the use and confidentiality of documents, information, and material produced in this litigation as follows:

### 1.        Designation of Information as "Confidential"

Any Party[1] to this lawsuit ("Designating Party") may designate as "Confidential" any information (regardless of form) produced or furnished in this case by the Designating Party which the Party in good faith reasonably believes is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy; (iii) believes in good faith constitutes sensitive personal identification information ("PII"); (iv) determines is information that identifies a third-party as a whistleblower or is confidential information relating to whistleblower status; or (v) believes in good faith to constitute or contain trades secrets or other confidential research, development, or commercial information. Any Non-

---

[1] For the purposes of this Order, "Party" means Plaintiff, Securities and Exchange Commission, and Defendants, Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, and Guy Gentile, a/k/a Guy Gentile Nigro, and any other plaintiff or defendant that later becomes a Party to this action. Two or more Parties may be referred to collectively as "Parties."

Party[2] who produces information to any Party pursuant to a subpoena or other discovery request may avail themselves of the protections put in place by this Order by designating any such information as "Confidential." The Parties to this lawsuit shall treat any such designation by a Non-Party as if it were made by a Party pursuant to this Order.

## 2.   Definition of Confidential Information

As used in this Order, the term "Confidential Information" means information designated as "Confidential," whether the information is in writing, electronically stored, or oral if recorded as part of a deposition or court proceeding.

## 3.   Identification of Confidential Information

Each Party or Non-Party shall designate to the Parties in this case which information is considered "Confidential" or the words ("Confidential" or "Confidential Information") shall be placed on or affixed to the first page of a document which contains "Confidential Information." In the case of an interrogatory response, the portion of the response which contains "Confidential Information" shall be designated. When information not initially designated as "Confidential" is designated later in writing, each Party shall make a reasonable effort to retrieve documents containing the later-designated "Confidential Information" and otherwise ensure that persons to whom the "Confidential Information" has been disclosed will treat the information as contemplated by the designation.

---

[2] For the purposes of this Order, a "Non-Party" shall be defined as any person or entity who is not a Party to this lawsuit, but who is required to produce or otherwise furnish documents or information upon one or more Parties to this action. Two or more Non-Parties shall be referred to collectively as "Non-Parties."

4.      **Protection of Confidentiality**

"Confidential Information," and any notes, summaries, memoranda, exhibits, or other documents which include or describe "Confidential Information," shall be retained by counsel for the Party to whom disclosure of the "Confidential Information" was made (the "Recipient Party") and, except as provided in this Order, shall not be disclosed to any person or used by counsel for any purpose other than for purposes of this case. Persons to whom access to "Confidential Information" is given pursuant to this Order shall keep such information, and any copies, abstracts, or summaries of such information, confidential and secure in accordance with the purposes and intent of this Order.

5.      **Access to Information Designated "Confidential"**

5.1     Basic Principles.  A Recipient Party may use Confidential Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Confidential information may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Party must comply with the provisions of Section 9 below.  Confidential Information must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2     Disclosure of "Confidential" Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Recipient Party may disclose Confidential Information only to:

(a)     the Recipient Party's insurers and outside counsel of record in this Action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the individual Parties or, in the context of a Party that is an entity, the officers, directors, and employees (including In-House Counsel) of the Recipient Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts of the Recipient Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, videographers, and their staff;

(f)     professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     Professional Vendors to whom disclosure is reasonably necessary for this Action and for which an appropriate employee of such Professional Vendor has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of the Professional Vendor as a company, with such signatory and the Professional Vendor as a whole being responsible for ensuring compliance with this Order by all of that Professional Vendor's employees who will access Confidential Information;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep

any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(j)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**6.      Restriction on Use of Confidential Information**

The Parties shall not disclose or make use of any Confidential Information, except for purposes of this case. Such restrictions, however, shall not apply to information which (i) is public knowledge at or prior to disclosure in this case; (ii) becomes public knowledge as a result of publication by someone having right to do so; (iii) was previously known to the Recipient Party; or (iv) is later disclosed to the Recipient Party by someone having the right to do so.

If any Party intends to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting, or otherwise embodying Confidential Information, the Party shall make reasonable efforts to provide the Designating Party or Non-Party with reasonably sufficient notice under the circumstances to allow the Designating Party or Non-Party to move to have the Confidential Information filed under seal in accordance with the applicable federal and local rules.

**7.      Voluntary Waiver**

At any time after any information, document, or deposition testimony is designated as "Confidential" under the terms of this Order, the Designating Party or Non-Party may agree that the "Confidential Information" may be disclosed.[3]

**8.      Confidential Information Subpoenaed or Ordered Produced in Other Litigation**

If any Party receives a subpoena, order, or other directive that compels a disclosure that would be otherwise prohibited by this Order, the Recipient Party shall notify the Designating Party or Non-Party, by email, promptly after receiving the subpoena, order, or directive. Such notification must include a copy of the subpoena, order, or directive. The purpose of imposing these duties is to afford the Designating Party or Non-Party in this case an opportunity to try to protect any confidentiality interest it may have in the court or with the body from which the subpoena, order, or directive was issued.

**9.      Disposition on Termination of this Case**

Within sixty days after the final termination of this case and unless the Parties agree otherwise, upon written demand of the Designating Party or Non-Party, each Party shall:

(a)      assemble and make available for return to the Designating Party or Non-Party all materials, documents, and transcripts containing "Confidential Information," including all copies thereof; or

(b)      destroy all "Confidential Information."

---

[3] All issues related to the inadvertent production or disclosure of any privileged material, including but not limited to material protected by the attorney-client or work-product privilege, shall be analyzed and determined according to applicable law.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such material contains "Confidential Information." Any such archival copies that contain or constitute "Confidential Information" shall remain subject to the terms of this Order.

**10.     Provision to Seek Court Order**

This Order is without prejudice to the right of any interested Party or Non-Party to apply to the Court for an order permitting disclosure of any Confidential Information, or to apply for an order modifying or limiting this Order in any respect.

**11.     Requests to Declassify Confidential Information**

At any time that a Party believes that a document or information which has been classified as Confidential should be declassified from its Confidential status, counsel for the Party desiring declassification shall notify the Designating Party's or Non-Party's counsel in writing of its request for declassification. Such request shall particularly identify the Confidential Information that the Party requesting declassification contends is not Confidential and the reasons supporting its contentions. The Parties shall attempt in good faith to resolve any such dispute informally. If the Parties cannot resolve the issue of declassification within fourteen days after the Parties' conference, then it shall be the obligation of the Party requesting declassification to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. The burden to demonstrate that the information identified as "Confidential" is subject to the confidentiality protections contained herein shall be governed by Florida law. If such a motion is filed, the disputed information shall still be treated as Confidential

until the Court rules on the motion. If no motion is made, the information shall continue to be treated as Confidential.

        DONE AND ORDERED in Chambers at Miami, Florida, on July \_\_\_, 2022.

 

 

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

<u>EXHIBIT A</u>

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality and Protective Order Governing Disclosure of Personal, Sensitive, and Other Confidential Information that was issued by the United States District Court for the Southern District of Florida on _____ in the case of *Securities and Exchange Commission v. Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, and Guy Gentile, a/k/a Guy Gentile Nigro,* Case No.: 1:21-CV-21079-Bloom ("the Order").

I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida solely for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after the termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Florida agent for service of process in connection with this action or any proceedings related to enforcement of this Order.


Date: _____

Location where sworn and signed: _____

Printed name: _____

Signature: _____