UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT GUY GENTILE TO PRODUCE COMPLETE RESPONSES TO PLAINTIFF'S REQUESTS FOR <u>PRODUCTION AND DOCUMENTS IN RESPONSE THERETO</u>**

## I.    INTRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission ("SEC" or "Commission") respectfully moves this Court for an order compelling Defendant Guy Gentile to provide complete written responses to the Commission's Request for Production and produce documents responsive thereto. In support of its motion, the SEC states as follows:

## II.    RELEVANT FACTUAL BACKGROUND

The Commission filed its Complaint on March 22, 2021. The Commission alleged Defendants Gentile and Mintbroker International, Ltd. ("MintBroker") "operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S.

1

rule that regulate pattern day trading." ECF No. [1] at 1. After avoiding service for six months, Gentile was served with process on October 2021.

Gentile served his Initial Disclosures on December 29, 2021, but Gentile finally produced the documents identified therein on July 26, 2022. On May 6, 2022, the SEC served its First Request for Production ("Request for Production") on Gentile, a copy of which is attached hereto as **Exhibit A.** Each request relates to specific allegations in the Complaint or Gentile's Affirmative Defenses, or mimics requests in the SEC's investigative subpoena to Gentile dated December 22, 2017, to which Gentile never produced *any* documents. On June 6, 2022, Gentile served his Responses and Objections to the SEC's Request for Production ("Responses"). After receiving Gentile's Responses, the SEC requested that Gentile amend his Responses to address multiple deficiencies, including stating whether responsive documents were being withheld, and withdraw improper objections. On July 21, 2022, Gentile produced to the SEC the documents he received pursuant to a subpoena he issued to FINRA on or about March 18, 2022, but no additional documents requested in the Request for Production.

On July 22, 2022, following one of multiple meet and confer discussions, Gentile served his amended Responses to the SEC's Request for Production ("Amended Responses"), a copy of which is attached hereto as **Exhibit B.** In his Amended Responses, Gentile continues to assert multiple improper objections that are without merit. Finally, on July 26, 2022 – the afternoon before the Court deadline for the SEC to file a motion to compel[1] – Gentile produced approximately 682 pages of documents and a privilege log, which undersigned was not able to access and begin reviewing until the morning of July 27, 2022. This 11th hour production has not

---

[1] The SEC filed an Unopposed Motion for Extension of Time to File Motion to Compel ECF No. [98] through August 12, 2022, to allow more time for the parties to attempt to work out the issues and to preserve the Court's and the parties' time by avoiding unnecessary discovery disputes. The Court granted the Motion in part and denied it in part, extending the deadline to July 27, 2022, instead.

provided the SEC with a meaningful opportunity to review the documents and determine definitively whether any of the disputes over Gentile's Amended Responses have been resolved.[2] However, the mere production of some responsive documents does not resolve Gentile's objections and even a preliminary review of the production reveals that deficiencies still exist.

This is not the first time Gentile has attempted to delay discovery. Indeed, on November 8, 2021, Gentile filed a Motion to Stay, ECF No. [39], this action pending a resolution of a previously filed Motion for Contempt. On December 15, 2021, the Court denied Gentile's Motion to Stay, ECF No. [66], and entered its Order Setting Trial and Pre-Trial Schedule, ECF No. [64], setting forth the applicable discovery deadlines. Despite these Orders, Gentile continues to engage in a strategy of delay and mudslinging. Instead of complying with his discovery obligations (producing no documents other than documents he received from FINRA pursuant to a third-party subpoena and then waiting until the day before the Court deadline for the SEC to file a motion to compel to produce purportedly responsive documents), Gentile filed a Motion for Sanctions ("Sanctions Motion") and raised unfounded objections to the Request for Production. Gentile's tactics should not be condoned, and he should be ordered to immediately produce all of the requested discovery and/or evidence as to why he is unable to produce basic discovery.

### III. MEMORANDUM OF LAW

The discovery rules were established so that all parties would have equal access to relevant evidence. As courts in this circuit have stated repeatedly, "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation." *In re Theragenics Corp. Sec. Litig.,* 205 F.R.D. 631, 636 (N.D. Ga. 2002). In this matter, however, Gentile produced documents identified

---

[2] Because the Court extended the deadline to file a motion to compel until July 27, 2022, the SEC is filing this Motion in an abundance of caution to comply with the deadline but plans to amend/supplement the Motion upon completing its review of the documents Gentile produced yesterday and will continue to meet and confer with Gentile's counsel as necessary.

in his initial disclosures nearly seven months after identifying them and finally produced some documents purportedly responsive to the SEC's First Requests the day before the Court deadline for the SEC to file its motion to compel. Additionally, Gentile continues to rely on a series of improper boilerplate objections that are without merit. Indeed, even his specific objections are largely improper flimflam. Thus, each of Gentile's objections must fail.

### A. Gentile's Sanctions Motion Does Not Stay Discovery

Gentile begins his baseless objections with a refusal to engage in discovery at all. Instead, Gentile argues in number 11 of his general denials, that "Gentile does not intend to produce certain documents until a ruling has been made on Gentile's [Sanctions Motion seeking dismissal for Plaintiff's willful discovery abuse, filed on June 3, 2022." He repeats this self-imposed stay of discovery in response to Request Nos. 2-38, objecting to the request "to the extent it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process," which is the contention underlying the Sanctions Motion.

Gentile's unilateral stay of discovery should be swiftly rejected. Gentile has not filed a motion to stay discovery and is aware that a request to dismiss the case does not automatically stay discovery. As Gentile was previously advised in the Court's prior Order denying his Motion to Stay, ECF No. [66], the Court "has broad discretion to stay discovery pending decision on a dispositive motion." *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). However, motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Discovery stay motions "are generally denied

except where a specific showing of prejudice or burdensomeness is made." *See also Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

Here, Gentile has not made a showing of prejudice or burdensomeness. Nor has he filed a motion to stay discovery. The Court should reject Gentile's latest attempt to delay discovery further based on this unilaterally imposed stay.[3]

### B. Gentile Should Be Compelled to Provide Answers under Fed. R. Civ. P. 34(b)(2)(C)

Gentile's substantive objections are equally unavailing. Gentile's Amended Response to the Request for Production fails to satisfy even the most basic requirements under Federal Rule of Civil Procedure 34(b)(2)(C), which specifically requires an objection to state whether any responsive materials are being withheld. The SEC specifically and repeatedly asked Gentile to state whether he was withholding documents as required by Rule 34(b)(2)(C). Instead of responding as to whether such documents exists and are being withheld,[4] most of Gentile's responses are either silent or give the equally unhelpful response that for unexplained reasons he "has been unable to access his personal computer currently located in Bahamas which may or may not contain documents responsive to this request." This non-answer is woefully insufficient and does not comply with Rule 34(b)(2)(C).

---

[3] As set forth in the SEC's Response in Opposition to Gentile's Sanctions Motion at ECF No. [89], the underlying rationale of Gentile's Sanctions Motion, i.e., that the requests are based on improperly obtained information, is patently untrue. The pending requests plainly relate to the allegations of the complaint, the affirmative defenses Gentile raised in his answer, and reiterate document requests made during the investigation of this case, all of which were ignored by Gentile. Thus, on its face, the basis for the self-imposed stay is groundless.

[4] Only Gentile's Responses to Request Nos. 1, 14, 18, 22, and 30 indicate whether documents exist that are being withheld or produced.

Gentile should be compelled to comply with Rule 34. In addition, Gentile should be compelled to file a sworn statement explaining what actions he has taken to gain access to his personal computer, if any, and any other documents to which he has access.

### C. Gentile Should be Compelled to Produce Documents Over Which He Controls or Produce Evidence Why He Cannot Produce Same

Gentile objects to several of the requests stating, "Gentile further objects to Request [ ] to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control." Gentile does not provide additional information. Nor does Gentile explain what efforts he took to determine whether the documents were available to him or could be produced by third parties (or who these third parties are that may have control over the documents).

In other litigated matters, however, Gentile has been able to access SureTrader documents when it served his interest. Indeed, in two cases currently pending in the Southern District of New York – *Avalon Holdings Corporation v. Gentile*, 1:18-cv-07291-VSB-RWL and *New Concept Energy v. Gentile*, 1:18-cv-08896-VSB-RWL – Gentile sought and obtained documents from SureTrader. *See* Gentile's Letter Motion attached as **Exhibit C** (excluding exhibits thereto) at pp. 5-6, wherein Gentile admits to directly contacting Stephen Darville, SureTrader's IT professional, on April 22, 2022, to obtain certain trading records from SureTrader.

In contrast, nowhere in his objections does Gentile state what efforts he took to obtain the discovery in this matter. Nor does he explain whether he attempted to follow the same procedure he used in the two New York cases to obtain the documents. Gentile's actions evidence that he does have access to some SureTrader documents, and if he does, he should produce them. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 654 (11th Cir. 1984). Gentile has failed to show that

6

these documents are not in his custody or control. Thus, this Court should Order Gentile to produce such documents or otherwise present evidence as to his good faith efforts to search and obtain them and whether Mr. Darville has access to such documents. *See, e.g., Searock,* 736 F.2d at 654 ("the primary dispositive issue is whether [the party subject to document request] made a good faith effort to obtain the documents").

### D. Gentile's Privilege Log is Deficient

Gentile objects to Request Nos. 15-18 and 39-48, on the grounds "that these Requests seek documents that are protected by the attorney-client and work-produce privileges, or documents constituting trial preparation materials including preliminary or draft reports." After multiple requests by the Commission that Gentile support these objections with a privilege log or other support, Gentile finally produced a privilege log the day before the motion to compel was due to be filed. However, the privilege contains *only two entries* even though Gentile's objections indicate that there are other responsive documents he is withholding based on the attorney-client privilege or work product doctrine.

| Identifer | Unified Title | File Extension | Date | Email-From | Email-To | Privilege Type | Privilege Description |
|---|---|---|---|---|---|---|---|
| GENTILE-00004353-GENTILE-00004353 | Legal Opinion | PDF | 9/18/2015 | Carla L. Marin | Guy Gentile | Attorney Client Communication | Attorney-client communication regarding SEC rules concerning foreign broker dealers |
| GENTILE-00004354-GENTILE-00004354 | Subject: FINRA | MSG | 9/22/2014 | Guy Gentile [guy@stockusainc.com] | Dana S. Gloor [dgloor@baritzcolman.com]; Adam Ford [aford@harrisobrien.com] | Attorney Client Communication | Attorney-client communication regarding FINRA negotiations and disclosures |

The SEC has informed Gentile that they are not interested in his communications with Counsel, but as to all other documents they should be produced, or if withheld based on privilege, they should be identified in a privilege log.

The party invoking the attorney-client privilege bears the burden of proving that (1) an attorney-client relationship existed, (2) that a confidential communication was made to or from (3) an attorney who had been retained for the purpose of securing legal advice or assistance. *U.S. v.*

7

*Schaltenbrand,* 930 F.2d 1554, 1562 (11th Cir.1991). Similarly, to be protected under the work-product doctrine, the document "must be (1) produced by an attorney or her agent and (2) created in anticipation of litigation." *Adams v. City of Montgomery,* 282 F.R.D. 627, 633 (2012); *see also United States ex rel. Bibby v. Wells Fargo Bank, N.A*., 165 F. Supp. 3d 1319, 1323 (N.D. Ga. 2015). As the party seeking to assert the privilege, Gentile bears the burden of establishing "all the essential elements" of the privilege claim, and he must do so on a "question-by-question" or "document-by-document" basis. *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991); *Carnes v. Crete Carrier Corp*, 244 F.R.D. 694, 697 (N.D. Ga. 2007). Here, Gentile has not satisfied his burden of showing that either the attorney-client or the work-produce privilege applies. He has not produced a complete privilege log or affidavits from counsel, or done any of the traditional things in which proof is produced in pretrial proceedings.[5]

Moreover, because many of the Requests (Nos. 39-48) ask for documents used to support his affirmative defenses in this action, it is unlikely that these documents were produced by an attorney or created in anticipation of litigation. Responsive documents should simply be produced

---

[5] The Eleventh Circuit requires that a privilege log provide sufficient information to permit courts and the parties to test the merits of the privilege claim. *See Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015). A privilege log should identify "each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed." *Arthrex, Inc. v. Parcus Med., LLC*, 2012 WL 3778981, at *4 (M.D. Fla. Aug. 31, 2012) (citation omitted). At minimum, a privilege log should contain: (1) the name and job title or capacity of the author of the document; (2) the name and job title or capacity of each recipient of the document; (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s); (4)the title and description of the document; (5) the subject matter addressed in the document; (6) the purpose(s) for which it was prepared or communicated; and (7) the specific basis for the claim that it is privileged. *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 9988744, at *4 (S.D. Fla. June 1, 2017); *see also Martos v. Lee Mem'l Health Sys.*, No. 2:10-CV-246, 2011 WL 322447, at *2 (M.D. Fla. Jan. 31, 2011) (listing the same requirements for a proper privilege log); *Roger Kennedy Constr., Inc. v. Amerisure Ins. Co.*, 2007 WL 1362746 *1 (M.D. Fla. May 7, 2007) (same).

as part of the initial disclosures. Nonetheless, Defendants fail to provide the Court with any details as to why the documents were created or by whom. Thus, the Court should compel Gentile to produce the documents that support his affirmative defenses or dismiss those defenses as a result of his failure to produce same.

### E. Gentile Should Produce Documents He Produced to Third Parties

In its Requests nos. 15-17, the SEC requests Gentile produce documents produced pursuant to subpoena, voluntarily or by formal request to various third parties such as the Securities Commission of the Bahamas. In response, Gentile makes various objections including that such documents are not in his custody or control. He does not, however, answer the underlying question whether there were any documents produced to the Securities Commission of the Bahamas and the other third parties, and whether those documents are being withheld, as required under Fed. R. Civ. P. 34(b)(2)(C).

Instead, Gentile objects on the grounds that such documents are protected by attorney-client privilege and are not in his possession, custody, or control. Gentile's response contradicts itself and leads to more questions than answers. If the documents were produced to third parties, then they cannot be protected by attorney-client privilege. Moreover, if the documents were produced, and were reviewed or produced by Gentile's attorney, does his attorney still have copies of the production? Gentile fails to explain why these documents are protected and are not in his control. Thus, Gentile should be compelled to correct his responses to these requests to include: 1) whether any production was made to the third parties indicated in the request, 2) whether any of his attorneys or agents assisted in the production and still have access to the documents produced, and 3) a privilege log for any of the documents he maintains are privileged.

Alternatively, he could simply produce the documents that have already been produced to third parties in accordance with discovery rules.

## IV.   CONCLUSION

Gentile has failed to fully respond to the Request for Production. Gentile's Sanctions Motion did not stay discovery and should not allow him to avoid compliance with basic discovery as to the existence of the information requested. Gentile should be required to state whether the requested documents exist and to provide a specific explanation as to why the documents are being withheld. Furthermore, Gentile should also be compelled to produce evidence why he claims the documents requested are not within his possession, custody, or control. Therefore, the Court should enter an order requiring Gentile to fully and completely respond to the Request for Production and produce all responsive documents.

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for the Defendant and they do object to the relief sought in this Motion.

July 27, 2022                               Respectfully submitted,


                                            Alice K. Sum
                                            Alice K. Sum, Esq.
                                            Trial Counsel
                                            Fla. Bar No. 354510
                                            Direct Dial: (305) 416-6293
                                            Email: sumal@sec.gov

                                            Alise Johnson, Esq.
                                            Senior Trial Counsel
                                            Direct Dial: (305) 982-6385
                                            johnsonali@sec.gov

                                            Attorneys for Plaintiff
                                            **SECURITIES AND EXCHANGE COMMISSION**
                                            801 Brickell Avenue, Suite 1950
                                            Miami, Florida 33131
                                            Telephone:   (305) 982-6300
                                            Facsimile:   (305) 536-4154


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 27th day of July 2022 via CM-ECF on all counsel.

                                            Alice Sum
                                            Alice Sum