UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

### DEFENDANT GUY GENTILE'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT GUY GENTILE

Please take notice that Guy Gentile ("Gentile"), by his undersigned counsel, hereby responds and objects to the document requests (the "Requests") in Plaintiff's First Request for Production to Defendant Guy Gentile, issued on May 6, 2022.

### GENERAL OBJECTIONS

1. Gentile objects to the Requests to the extent that they seek documents not in his possession, custody, or control.

2. Gentile avers that he has a personal computer in the Bahamas that he has been unable to access during the litigation. The personal computer may contain documents responsive to the requests contained herein. If and to the extent Gentile is able to access that personal computer in the future, he reserves the right to and will produce any responsive documents obtained therefrom.

EXHIBIT B

3. Gentile objects to the Requests to the extent that they seek documents already in the possession, custody, or control of Plaintiff.

4. Gentile objects to the Requests to the extent that they seek documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. Gentile objects to the Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege, prohibition, or protection against disclosure recognized by law.

6. Gentile objects to the Requests to the extent that they are overly broad, vague, unduly burdensome, and/or cumulative of other Requests.

7. Gentile objects to the Requests to the extent that they state factual or legal allegations or conclusions.

8. Gentile objects to any and all Requests to the extent that they seek information that is a trade secret or sensitive, and/or confidential commercial information of SureTrader. Gentile further objects to the Requests to the extent that they purport to call for production of documents or information in his possession which were obtained from a third-party under an express or implied agreement of confidentiality. To the extent Gentile determines to produce information of this nature, it shall be subject to the terms of a stipulation and protective order to be executed by the Parties and ordered by the Court.

9. Gentile objects to the Requests to the extent that they seek documents containing information that is not available to him or requires him to produce third-party documents

over which he lacks control on the ground that such request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

10. Gentile objects to the Requests to the extent that they were formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process.

11. Gentile does not intend to produce certain documents until a ruling has been made on Gentile's Motion for Sanctions (the "Sanctions Motion") seeking dismissal for Plaintiff's willful discovery abuse, filed on June 3, 2022.

12. By producing documents in response to any Request, Gentile does not admit that such documents are admissible as evidence at a trial or for any other purpose. Gentile expressly reserves his right to object to the admissibility of any and all documents provided in response to the Requests.

13. Gentile reserves his right to supplement his responses to any of the Requests.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

REQUEST NO. 1: All documents identified in Your Rule 26 Disclosures.

RESPONSE TO REQUEST NO. 1: Gentile objects to Request 1 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.  Without waiving any objections, Gentile will produce responsive documents in his possession.

REQUEST NO. 2: Documents sufficient to show all Persons who were Controlled by SureTrader.

RESPONSE TO REQUEST NO. 2: Gentile objects to Request 2 in that the definition of "Control" or "Controlled" is vague and ambiguous. Indeed, Gentile cannot decipher what is meant by the concept of a "person" being "controlled" by SureTrader.  Gentile further objects to Request 2 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 2 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control.

Gentile cannot determine whether responsive documents are in his possession until the nature of the request has been clarified.

REQUEST NO. 3: Documents sufficient to show all Persons who were (a) in Control of SureTrader; and (b) under common Control with SureTrader.

RESPONSE TO REQUEST NO. 3: Gentile objects to Request 3 as vague and ambiguous, in that it fails to define the phrases "in Control of" and "under common Control." Gentile further objects to Request 3 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 3 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. To date, Gentile has been unable to access his personal computer currently located in the Bahamas which may or may not contain documents responsive to this request. If and when Gentile is able to access this computer, he will produce any responsive documents contained therein to the extent they exist. Gentile does not otherwise currently have any responsive documents in his possession.

REQUEST NO. 4: Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

RESPONSE TO REQUEST NO. 4: Gentile objects to Request 4 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 4 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 5: Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

RESPONSE TO REQUEST NO. 5: Gentile objects to Request 4 as vague and ambiguous in that the definition of "Control" or "Controlled" is vague and ambiguous. Gentile further objects to Request 5 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 5 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 6: Documents sufficient to show all Persons who have or had an account at SureTrader. This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

RESPONSE TO REQUEST NO. 6: Gentile objects to Request 6 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 6 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 7: Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

RESPONSE TO REQUEST NO. 7: Gentile objects to Request 7 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 7 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 7 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to this Request as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 8: Documents related to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

RESPONSE TO REQUEST NO. 8: Gentile objects to Request 8 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 8 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 8 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 8 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 9: Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

RESPONSE TO REQUEST NO. 9: Gentile objects to Request 9 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 9 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 9 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 9 as overbroad, unduly burdensome,

harassing, and cumulative of other Requests. Without waiving the above objections, Gentile will produce any responsive documents in his possession, custody, or control.

REQUEST NO. 10: For each Person identified in response to Request #6 and resided, or were otherwise located, in the United States, Documents sufficient to show (a) all trades executed by such Person through accounts with SureTrader (b) all fees incurred by such Person and collected or collectable by SureTrader and (c) all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

RESPONSE TO REQUEST NO. 10: Gentile objects to Request 10 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 10 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 10 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 10 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 11: Except for Documents already produced pursuant to Request #6, all Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

RESPONSE TO REQUEST NO. 11: Gentile objects to Request 11 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 11 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to this Request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to this Request as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Without waiving the above objections, Gentile will produce any responsive documents in his possession, custody, or control.

REQUEST NO. 12: All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes Challenge (www.timothysykes.com), Investors Underground (www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Affiliates").

RESPONSE TO REQUEST NO. 12: Gentile objects to Request 12 as vague and ambiguous, and objects to the use of the word "Affiliates." Gentile objects to Request 12 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 12 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 12 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Gentile further objects to Request 12 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. To date, Gentile has been unable to access his personal computer currently located in the Bahamas which may or may not contain documents responsive to this request.  If and when Gentile is able to access this computer, he will produce any responsive documents contained therein to the extent they exist. Gentile does not otherwise currently have any responsive documents in his possession.

REQUEST NO. 13: All communications with the Affiliates.

RESPONSE TO REQUEST NO. 13: Gentile objects to Request 13 as vague and ambiguous, and objects to the use of the word "Affiliates." Gentile objects to Request 13 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 13 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 13 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 13 as overbroad, unduly burdensome, harassing, and cumulative of other Requests.  Without waiving the above objections, Gentile will produce any responsive documents in his possession, custody, or control.

REQUEST NO. 14: All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning soliciting customers who resided, or were otherwise located, in the United States.

RESPONSE TO REQUEST NO. 14: Gentile objects to Request 14 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 14 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control.  Without waiving the above objections, Gentile avers that he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents.

REQUEST NO. 15: All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

RESPONSE TO REQUEST NO. 15: Gentile objects to Request 15 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 15 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 15 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 15 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Gentile further objects to Request 15 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports. Without

waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 16: All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

RESPONSE TO REQUEST NO. 16: Gentile objects to Request 16 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 16 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 16 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 16 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Gentile further objects to Request 16 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 17: All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

RESPONSE TO REQUEST NO. 17: Gentile objects to Request 17 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 17 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 17 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 17 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Gentile further objects to Request 17 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 18: All Communications with any non-party Concerning the allegations and claims in the Complaint.

RESPONSE TO REQUEST NO. 18: Gentile objects to Request 18 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 18 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 18 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 18 as overbroad, unduly burdensome,

harassing, and cumulative of other Requests. Gentile further objects to Request 18 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports. Without waiving the above objections, Gentile will produce any responsive documents in his possession, custody, or control.

REQUEST NO. 19: All Documents Related to SureTrader soliciting customers residing in, or were otherwise located, in the United States.

RESPONSE TO REQUEST NO. 19: Gentile objects to Request 19 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 19 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 20: All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

RESPONSE TO REQUEST NO. 20: Gentile objects to Request 20 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 20 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile avers that he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents.

REQUEST NO. 21: All emails sent by SureTrader to customers residing in, or were otherwise located, in the United States.

RESPONSE TO REQUEST NO. 21: Gentile objects to Request 21 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 21 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 21 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 21 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Without waiving the above objections, Gentile avers that he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents.

REQUEST NO. 22: All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, and witness statements Concerning the allegations and claims in the Complaint.

RESPONSE TO REQUEST NO. 22: Gentile objects to Request 22 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 22 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 22 as vague and ambiguous, and harassing. Gentile further objects to this Request because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports. Without waiving the above objections, Gentile will produce any responsive documents in his possession, custody, or control.

REQUEST NO. 23: All Communications with potential witnesses or persons with knowledge of the allegations and claims in the Complaint requesting them to provide documents, testimony, or an interview.

RESPONSE TO REQUEST NO. 23: Gentile objects to Request 23 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 23 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 23 as vague and ambiguous, and harassing. Gentile further objects to this Request because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 24: All SureTrader policies, manuals, or procedures Concerning soliciting and intake of new customers.

RESPONSE TO REQUEST NO. 24: Gentile objects to Request 24 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 24 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile will produce any responsive documents in his possession, custody, or control.

REQUEST NO. 25: All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

RESPONSE TO REQUEST NO. 25: Gentile objects to Request 25 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 25 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 26: All advertisements for SureTrader on or through U.S.-based websites.

RESPONSE TO REQUEST NO. 26: Gentile objects to Request 26 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 26 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 27: All invoices [for] advertisements for SureTrader on or through U.S.-based websites.

RESPONSE TO REQUEST NO. 27: Gentile objects to Request 27 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Requests 27 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 28: All documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

RESPONSE TO REQUEST NO. 28: Gentile objects to Request 28 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 28 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 29: Documents showing which SureTrader customers were referred by the Affiliates.

RESPONSE TO REQUEST NO. 29: Gentile objects to Request 29 as vague and ambiguous, and objects to the use of the word "Affiliates." Gentile objects to Request 29 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 29 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Gentile objects to Request 29 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gentile further objects to Request 29 as overbroad, unduly burdensome, harassing, and cumulative of other Requests. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 30: All Documents Referring or Relating to SureTrader offering or providing a trading commission rebate.

RESPONSE TO REQUEST NO. 30: Gentile objects to Request 30 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 30 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control.  Without waiving the above objections, Gentile avers that he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents.

REQUEST NO. 31: Documents Referring or Relating to SureTrader providing a trading commission rebate to customers in the United States, including its territories and possessions.

RESPONSE TO REQUEST NO. 31: Gentile objects to Request 31 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 31 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 32: All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

RESPONSE TO REQUEST NO. 32: Gentile objects to Request 32 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 32 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 33: All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

RESPONSE TO REQUEST NO. 33: Gentile objects to Request 33 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 33 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 34: All Documents showing funds received by Mint Custody Limited from U.S.-based customers.

RESPONSE TO REQUEST NO. 34: Gentile objects to Request 34 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 34 to the extent it seeks documents containing information that is not available to him or requires him to produce

third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 35: All Documents showing funds received by MinTrade Technologies, LLC from U.S.-based customers.

RESPONSE TO REQUEST NO. 35: Gentile objects to Request 35 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 35 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 36: All Documents showing funds transferred from Mint Custody Limited and/or MinTrade Technologies, LLC to SureTrader.

RESPONSE TO REQUEST NO. 36: Gentile objects to Request 36 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 36 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 37: Organization charts or employee lists for SureTrader.

RESPONSE TO REQUEST NO. 37: Gentile objects to Request 37 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 37 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

REQUEST NO. 38: Audited and unaudited financial statements for SureTrader.

RESPONSE TO REQUEST NO. 38: Gentile objects to Request 38 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 38 to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control. Without waiving the above objections, Gentile avers that he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents.

REQUEST NO. 39: All Documents that support or relate to Your claims in Your First Affirmative Defense including, but not limited to:

a. "[D]uring Gentile's active cooperation with the DOJ, FBI, and SEC, the FBI instructed Gentile to solicit certain U.S. individuals who were targets of investigations related to potential securities fraud violations and market manipulation schemes."

b. "[T]he DOJ, FBI, and SEC used SureTrader to ensnare securities violators, had unfettered access to SureTrader's records, and were aware of SureTrader's policies for accepting non-solicited U.S. clients. These policies included use of a pop-up blocker and attestation of non-solicitation."

c. "When FINRA began an investigation into SureTrader, the SEC, FBI, and then acting assistant United States attorney Gurbir Grewal assured FINRA and Gentile that SureTrader's acceptance of non-solicited U.S. clients and the use of the pop-up blocker and attestation of non-solicitation conformed with U.S. securities laws."

d. "After assuring Gentile that SureTrader's policies conformed with the U.S. securities laws, Gentile was explicitly instructed by the FBI "to continue operating SureTrader in the same way" and to solicit certain U.S. individuals subject to investigation."

e. "The SEC was aware of and actively involved in these instructions and even assisted Gentile in drafting letters containing false information intended to assist Gentile in exiting "conspiracies" without arousing suspicion."

f. "Any SureTrader policies related to solicitation or non-solicitation of U.S. clients was done at the express instruction and with knowledge and approval of the DOJ, FBI, SEC, and USAO. . . ."

RESPONSE TO REQUEST NO. 39: Gentile objects to Request 39 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 40: All Documents that support or relate to Your claims in Your Third Affirmative Defense.

RESPONSE TO REQUEST NO. 40: Gentile objects to Request 40 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 41: All Documents that support or relate to Your claims in Your Fourth Affirmative Defense.

RESPONSE TO REQUEST NO. 41: Gentile objects to Request 41 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 42: All Documents that support or relate to Your claims in Your Sixth Affirmative Defense that "SEC and FINRA consented to SureTrader's conduct and non-solicitation policies as lawful beginning no later than May 2012."

RESPONSE TO REQUEST NO. 42: Gentile objects to Request 42 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 43: All Documents that support or relate to Your claims in Your Seventh Affirmative Defense.

RESPONSE TO REQUEST NO. 43: Gentile objects to Request 43 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 44: All Documents that support or relate to Your claims in Your Eighth Affirmative Defense.

RESPONSE TO REQUEST NO. 44: Gentile objects to Request 44 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 45: All Documents that support or relate to Your claims in Your Ninth Affirmative Defense.

RESPONSE TO REQUEST NO. 45: Gentile objects to Request 45 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 46: All Documents that support or relate to Your claims in Your Tenth Affirmative Defense.

RESPONSE TO REQUEST NO. 46: Gentile objects to Request 46 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 47: All Documents that support or relate to Your claims in Your Eleventh Affirmative Defense.

RESPONSE TO REQUEST NO. 47: Gentile objects to Request 47 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

REQUEST NO. 48: All Documents that support or relate to Your claims in Your Twelfth Affirmative Defense.

RESPONSE TO REQUEST NO. 48: Gentile objects to Request 48 because it seeks documents that are protected by the attorney-client and work-product privileges, or documents constituting trial preparation materials including preliminary or draft reports.

Dated:   July 22, 2022

                                                 */s/ Dayliset Rielo*
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Defendant Guy Gentile's Amended Responses and Objections to Plaintiff's First Request for Production to Defendant Guy Gentile, dated June 22, 2022, to be served via email on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

                                                          */s/ Dayliset Rielo*
                                                        Dayliset Rielo, Esq.