**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S MOTION**
**FOR ISSUANCE OF LETTER ROGATORY REQUESTING**
**INTERNATIONAL JUDICIAL ASSISTANCE BY THE COURT**

Defendant, Guy Gentile ("**Gentile**"), by and through his undersigned counsel, hereby files this Motion for Issuance of Letter Rogatory, pursuant to 28 U.S.C. § 1781 and the Court's inherent authority, and respectfully requests that the Court issue the accompanying Request for International Judicial Assistance (Letter Rogatory) ("**Letter Rogatory**") seeking documents located in The Commonwealth of The Bahamas (the "**Bahamas**") (Attached hereto as *Exhibit A*). Plaintiff Securities and Exchange Commission ("**SEC**") does not join the Motion and opposes the below Introduction, Background and Procedural History, and Argument in support. The SEC does not oppose the ultimate relief sought in the Prayer, i.e., issuance of the Letter Rogatory.

**INTRODUCTION**

Documents and company records that are key to the issues presented in this litigation are located in the Bahamas. As acknowledged by the SEC in its Complaint, Defendant MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("**SureTrader**" or the

"**Company**") was formed in Nassau in 2011 and, at all times relevant, had its principal place of business in the Bahamas. ECF No. 1 ¶ 11. SureTrader's records are inaccessible to Gentile, and have been since approximately March 2020, as SureTrader is presently subject to a liquidation by which Company documents are under the supervision and control of a Joint Official Liquidator ("**JOL**") appointed by the Securities Commission of the Bahamas.

The significance of SureTrader's documents to the matters in this litigation is beyond dispute. In fact, the SEC has also requested many of the same documents included in the requested Letter Rogatory (attached as *Exhibit A*). The SEC has gone so far as to coordinate with two former employees of SureTrader to unlawfully obtain approximately 44,000 documents in violation of Bahamian law and the Federal Rules of Civil Procedure.[1] Notably, many of the requested documents contain company records and customer identifying information subject to Bahamian data privacy laws. As such, formal discovery through the letters rogatory process, resulting in an order from the Appropriate Judicial Authority of The Commonwealth of The Bahamas, is especially crucial in this case.

Gentile's counsel has conferred with the SEC regarding this request to issue a Letter Rogatory. The SEC has indicated that it is not opposed to the issuance of the attached Letter Rogatory. Further, the SEC has effectively agreed that the appropriate avenue to obtain discovery located in the Bahamas is through the letters rogatory process. ECF No. 81 ¶ 3.[2]

---

[1] Gentile presently has no idea of the contents of those 44,000 documents, but suspects they do not cover the Requests in the Letter Rogatory, as they were received from two former employees whose employment at the Company was limited and did not span the relevant period. Gentile is unaware if any of the documents are even responsive to the Requests in the Letter Rogatory or otherwise related to this action.
[2] The SEC also indicated during a conference on May 9, 2022, that it was contemplating obtaining letters rogatory for the purpose of deposing witnesses located abroad.

For the following reasons, Gentile respectfully requests that the Court issue the accompanying Letter Rogatory in accordance with the procedures set out herein. As explained below, pursuant to the Court's order granting this Motion, Gentile's counsel will deliver the signed and sealed Letter Rogatory, along with the Court's order, to the United States Department of State, which will in turn forward the Letter Rogatory to the Appropriate Judicial Authority of The Commonwealth of The Bahamas so that documents may be obtained from SureTrader.

## BACKGROUND AND PROCEDURAL HISTORY

SureTrader was registered as a broker-dealer with the Securities Commission of the Bahamas and did business in the Bahamas from 2011 to late 2019. For at least the past five years, the SEC has intentionally coordinated with the Securities Commission of the Bahamas in connection with various investigations into Gentile. In March 2020, the Securities Commission of the Bahamas filed a Winding Up Petition against SureTrader, and pursuant to liquidation, placed the Company's books and records under the possession and control of an appointed Joint Provisional Liquidator ("**JPL**"). The JPL—which has since been approved as the Joint Official Liquidator ("**JOL**")—has refused to appear or otherwise participate in this action.

On May 6, 2022, the SEC issued its First Request for Production to Gentile, seeking SureTrader records including detailed account and contact information for all of SureTrader's users going back to January 1, 2015; internal Company operating procedures for the same period; and company-to-company agreements and transfers for the same period. Critically, Gentile has not had access to these documents since prior to March 2020.

After the SEC issued those Requests, counsel for Gentile learned, on May 9, 2022, that the SEC has been actively working with and directing individuals who stole or illicitly retained approximately 44,000 documents from SureTrader. On June 3, 2022, Gentile filed his Motion for

3

Sanctions and Memorandum of Law in Support on June 3, 2022, drawing the Court's attention to the SEC's violation of its own investigative practices, the Federal Rules of Civil Procedure, and Bahamian law. Notably, the SEC issued its Requests to Gentile—not SureTrader—only after it had already received those stolen Company records from former employees.

Gentile issued his Responses on June 6, 2022, objecting to 37 of the 48 Requests to the extent they sought "documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control." As stated, Gentile has not had access to SureTrader's records since the liquidation began in March 2020, and those documents, located in the Bahamas, are presently still under the supervision and control of the JOL appointed by the Securities Commission of the Bahamas who refuses to appear or otherwise participate in this litigation. Gentile served amended Responses on July 21, 2022, reiterating many of the same objections, and on July 27, 2022, the SEC moved to compel.

## **ARGUMENT**

**I.     The letter rogatory process is appropriate where a party seeks production of evidence located in a foreign country—here, the Bahamas.**

Where evidence sought is from abroad, the appropriate mechanism is the letter rogatory process. *See* 22 C.F.R. § 92.54 ("In its broader sense in international practice, the term letters rogatory denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act. Examples are requests for the taking of evidence, the serving of a summons, subpoena, or other legal notice, or the execution of a civil judgment. In United States usage, letters rogatory have been commonly utilized only for the purpose of obtaining evidence."); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (11th Cir. 2015) ("Letters rogatory are the means by which a court in one country requests a court of another country to assist in the production of evidence located in the foreign country." (citation omitted)).

4

Letters rogatory may be issued pursuant to the inherent authority of the court. *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971). Indeed, even where a treaty provides procedures for obtaining evidence abroad, letters rogatory may still be issued pursuant to the court's inherent authority. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S.D. Ia.*, 482 U.S. 522, 536 (1987) (holding that the Hague Evidence Convention "was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad"). The court's inherent authority to issue letters rogatory is bolstered by statute and by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1781(a) ("The Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution."); *see also* 28 U.S.C. § 1781(b)(2) (allowing "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

When a party requests the issuance of a letter rogatory, it should be issued without qualification, unless the opposing party can show "good reason" why such a request should not issue. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968); *see generally* Fed. R. Civ. P. 28(b)(2) ("A letter of request, a commission, or both may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient.").

In this case, the SEC has acknowledged that "[t]he Bahamas is not a member of the Hague Evidence Convention. Thus, *in order to obtain discovery and take witnesses' testimony that are located in the Bahamas, the parties must proceed by a Letters Rogatory process*." ECF No. 81 ¶ 3 (emphasis added).

The SEC's Complaint alleges, as to SureTrader, violations of Section 15(a)(1) of the Securities Exchange Act of 1934 ("**Exchange Act**"), [15 U.S.C. § 78o(a)(1)] and, as to Gentile, liability under Sections 20(a), (b) of the Exchange Act. The key premise underlying the SEC's Complaint is that *SureTrader allegedly solicited* customers in the United States. Its claims against Gentile pertain to his role as an alleged "control person" *of SureTrader*.

Again, the need for discovery of SureTrader's documents is beyond dispute. The SEC has conceded as much by sending a majority of the same Requests included in the attached Letter Rogatory to Gentile. However, as explained above, Gentile has not had access to SureTrader's documents since approximately March 2020, when the Company became subject to liquidation and the supervision and control of a JOL appointed by the Securities Commission of the Bahamas. SureTrader, and all of its documents located in the Bahamas, remain subject to the JOL's control, who refuses to appear or otherwise participate in this litigation. As such, the Letter Rogatory sought is the only proper means available to either party to compel the JOL to turn over SureTrader's documents.

In fact, because SureTrader is a Bahamian company, organized under the laws of the Bahamas, the parties cannot seek discovery from SureTrader under the normal discovery rules. This Court, however, has the authority to issue the attached Letter Rogatory, which allows discovery of SureTrader's documents and records located in the Bahamas. Thus, the appropriate mechanism to seek SureTrader's documents from the Bahamas is the letter rogatory process.

Under these circumstances, moreover, there is no "good reason" why the Letter Rogatory should not be issued. *See Zassenhaus*, 404 F.2d at 1364 (letter rogatory should be issued unless the opposing party can show "good reason" why the request should not issue). As noted, Gentile's counsel conferred with the SEC's counsel regarding this request and the SEC has indicated that it

does not oppose issuance of the Letter Rogatory. Under these circumstances, there is no reason to deny Gentile's request for the issuance of the accompanying Letter Rogatory.

### II. The letter rogatory process is especially necessary here where the discovery sought includes records subject to the Bahamian Data Protection Act.

The attached Letter Rogatory and its accompanying document requests, featuring substantially the same exact document requests the SEC issued to Gentile, seek SureTrader records containing highly sensitive customer information, including—for example—detailed account and contact information for all of SureTrader's users going back to January 1, 2015; internal Company operating procedures for the same period; and company-to-company agreements and transfers for the same period.

Even if Gentile had access to SureTrader's records, his authority to produce those documents would have been substantially limited by Bahamian law. The Data Protection (Privacy of Personal Information) Act, 2003 ("**Data Protection Act**") of the Statute Law of the Bahamas provides: "A person who obtains access to personal data, or obtains any information constituting such data, without the prior authority of the data controller or data processor by whom the data are kept; and *discloses the data or information to another person, shall be guilty of an offence*." Data Protection Act, CH.324A – 23; *see also* Affidavit of Michael C. Miller, ECF No. 86-3 ¶ 6. This is understood to mean that disclosure of personal data is unlawful "in the absence of a court order." *Id*., at § 13 ("any restrictions on or exceptions to the disclosure of personal data do not apply if the disclosure is . . . required by . . . order of a court"); *see also* Affidavit of Michael C. Miller, ECF No. 86-3 ¶ 6 ("disclosure of information . . . *in the absence of a court order*" constitutes a "breach of the aforesaid legislation").

Additionally, SureTrader's Code of Ethics apprised employees of strict data privacy laws in the Bahamas, providing:

7

> 31.1 The Laws of The Commonwealth of The Bahamas prohibit all Financial Institution employees from divulging any information whatsoever concerning the affairs of [SureTrader], its subsidiaries or associated companies or their customers to any third party, *unless disclosure of such information is ordered by The Supreme Court of The Bahamas*, or with the express written consent of the customer concerned.

*See* Affidavit of Edward Cooper, ECF No. 86-2 ¶ 12. For these reasons, neither Gentile (notwithstanding his lack of access to the documents anyway) nor the JOL supervising SureTrader's liquidation are permitted, under Bahamian law, to disclose those Company records which contain personal data or any information concerning the affairs of SureTrader without an order from the Appropriate Judicial Authority in the Bahamas permitting such disclosure. As such, it is especially crucial in this case to follow the appropriate channels—namely the letters rogatory process—to seek disclosure of SureTrader's documents located in the Bahamas and subject to Bahamian privacy laws.

### III. The procedure outlined applies to issuing the Letter Rogatory

Gentile requests that the Court issue the Letter Rogatory pursuant to its inherent authority and utilize the procedures set forth by the U.S. Department of State[3] to maximize the chances of obtaining discovery. Those procedures are as follows:

> (1) The Court signs the attached Letter Rogatory and instructs the Clerk of the Court to attach a judicial seal to the Letter Rogatory.
>
> (2) The Clerk of the Court returns the signed and sealed Letter Rogatory to counsel for Gentile so that Gentile's counsel may deliver the Letter Rogatory to the U.S. Department of State, and the Department of State will in turn authenticate the documents and ultimately forward them to the Appropriate Judicial Authority of The Commonwealth of The Bahamas to be executed.

---

[3] *See* Bureau of Consular Affairs, U.S. Department of State, *Preparation of Letters Rogatory,* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html. (last visited Jul. 20, 2022).

## PRAYER

For the foregoing reasons, Gentile respectfully requests that this Court (1) grant Gentile's motion for the issuance of the accompanying Letter Rogatory; (2) issue the accompanying Letter Rogatory; and (3) follow the procedures for issuing the Letter Rogatory as set forth in Section III above.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel for Defendant Gentile represent that the SEC does not oppose the ultimate relief sought in the Motion.

Dated:   July 29, 2022

                                            */s/ Dayliset Rielo*
                                            Dayliset Rielo, Esq.
                                            The Rielo Law Firm, LLC
                                            8180 N.W. 36th Street, Suite 220
                                            Doral, FL 33166
                                            Tel: (786) 454-9873
                                            dayliset@rielolaw.com

                                            Adam C. Ford, Esq. (PHV granted)
                                            Matthew A. Ford, Esq. (PHV granted)
                                            Stephen R. Halpin III, Esq. (PHV granted)
                                            FORD O'BRIEN LANDY LLP
                                            275 Madison Avenue, 24th Floor
                                            New York, NY 10016
                                            Tel: (212) 858-0040 (main)
                                            aford@fordobrien.com
                                            mford@fordobrien.com
                                            shalpin@fordobrien.com

                                            *Counsel for Defendant Guy Gentile*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendant Guy Gentile's Motion for Issuance of Letter Rogatory Requesting International Judicial Assistance by the Court, dated July 29, 2022, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

                                                           */s/ Dayliset Rielo*
                                                        Dayliset Rielo, Esq.