UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

The United State District Court for the Southern District of Florida presents its compliments to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and requests international judicial assistance to effectuate service (and, if necessary, enforcement) of a Subpoena for production of documents, requesting the documents identified in *Exhibit A-1* (attached hereto) upon MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("**SureTrader**" or the "**Company**"), via its registered agent, and its appointed Joint Provisional Liquidators, for use in a civil proceeding before this Court in the above-captioned matter.

**I.     REQUEST**

This Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the Appropriate Judicial Authority of The Commonwealth of The Bahamas to effect service (and, if necessary, enforcement) of a Subpoena

for production of documents upon SureTrader, via its registered agent, and through its appointed Joint Provisional Liquidators as follows:

>  Kensington Chambers
>  #10 Lookout Hill, Winston Heights,
>  Nassau, Bahamas
>
>  MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader
>  c/o Igal Wizman and Eleanor Fisher, Joint Provisional Liquidators
>  Ernst & Young
>  Caves Corporate Centre, West Bay Street & Blake Road,
>  Nassau, Bahamas

The Appropriate Judicial Authority of The Commonwealth of The Bahamas is requested to serve the above-mentioned Subpoena, requesting the documents identified in *Exhibit A-1*, by personal service into the hands of a director, managing agent or other person authorized to accept service or in any manner of service consistent with the laws of The Commonwealth of The Bahamas (the "**Bahamas**").

## II.   FACTS OF THE CASE

On March 22, 2021, the U.S. Securities and Exchange Commission ("**SEC**") filed a lawsuit against SureTrader and Guy Gentile ("**Gentile**") in this Court.

The SEC asserted claims against SureTrader and Gentile for violations of the U.S. Securities and Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. §78o(a)(1)]. The key premise underlying the SEC's Complaint is that SureTrader allegedly solicited customers in the United States in violation of the Exchange Act.

At all times relevant, SureTrader has had its principal place of business in the Bahamas and its documents and Company records, which are key to the issues presented in this litigation are located in the Bahamas. SureTrader's records are inaccessible to Gentile, and have been since

March 2020, as SureTrader is presently subject to a liquidation by which Company documents are under the supervision and control of a Joint Provisional Liquidator ("**JPL**") appointed by the Bahamas Securities Commission. The JPL has refused to appear or otherwise participate in this action.

**This Court expresses its willingness to provide similar assistance to the Appropriate Judicial Authority of The Commonwealth of The Bahamas under appropriate circumstances and in appropriate instances.**

**This Court is willing to assist the Appropriate Judicial Authority in The Commonwealth of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.**

[COURT SEAL]

Cc: Counsel of Record

_____
**ALICIA M. OTAZO-REYES**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A-1

**SUBPOENA ATTACHMENT**

Pursuant to the Request for International Judicial Assistance (Letter Rogatory) issued to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and in compliance with the applicable laws of The Commonwealth of the Bahamas, MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, by and through its director, managing agent, or any other person authorized to produce the requested documents consistent with the laws of The Commonwealth of The Bahamas, shall produce for discovery, inspection, and photocopying the documents and things described herein on or before October 3, 2022, at the offices of Ford O'Brien Landy LLP, 275 Madison Avenue, 24th Floor, New York, NY, 10016.

### I.   DEFINITIONS

1. "SureTrader" means MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of SureTrader or pursuant to its direction.

2. The "SEC" means the United States Security and Exchange Commission any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of the SEC or pursuant to its direction.

3. "Guy Gentile" means Guy Gentile a/k/a Guy Gentile Nigro, his agents, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, and any entity or company of which he is or was a principal, director or officer, or otherwise controls or controlled.

4. "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity. Plurals and singulars are used interchangeably.

5. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. Any reference to "Fed. R. Civ. P." means the United States Federal Rules of Civil Procedure. Such references are included for purposes of defining the meaning or scope of their accompanying terms.

8. "Complaint" is defined as the complaint filed by the U.S. Securities and Exchange Commission in the lawsuit entitled: *Securities and Exchange Commission v. MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and Guy Gentile a/k/a Guy Gentile Nigro*, Case No.: 1:21-cv-21079-BB, in the United State District Court, Southern District of Florida.

9. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

10. "You" or "Your" shall refer to MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader") and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of SureTrader or pursuant to its direction.

11. The "Relevant Period" shall be from January 1, 2012 through the present. Unless a different period of time is specified, all requests shall be for documents created, modified, sent, or received during the Relevant Period.

## II. INSTRUCTIONS

1. This Subpoena calls for all documents in Your possession, custody or control, regardless of where such documents are located.

2. This request is continuing in nature. Any information or documents called for by this request that You obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions.

3. In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

4. You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format.

5. If You object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

    a) date;
    b) names of persons present;
    c) subject matter;
    d) location or custodian; and
    e) the basis on which the privilege is claimed.

6. If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

    a) the type of document;
    b) the type of information contained therein;

3

    c) the date(s) on which it was created;
    d) the sender(s) and recipient(s), if applicable;
    e) the date (or approximate date) on which it ceased to exist;
    f) the circumstances under which it ceased to exist;
    g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
    h) the identity of all persons having knowledge of the contents of such document; and
    i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

7. Each request shall be answered fully unless it is subject to a good-faith objection, in which event the reason for the objection shall be stated in detail. If an objection pertains to only a portion of a request, or a word, or phrase, or clause contained within a request, please state the objection to that portion only and respond to the remainder of the request.

8. If any document sought by these document requests once was, but no longer is, within Your possession, custody, or control, please identify each such document and its present or last known custodian and state: (a) the reason why the document is not being produced; and (b) the date of the loss, destruction, discarding, theft, or other disposal of the document.

9. These requests are ongoing in nature and You should continue to produce responsive documents as they are found or created on an ongoing basis.

## REQUESTED DOCUMENTS

**REQUEST NO. 1:** Documents sufficient to show all Persons who were Controlled by SureTrader.

**REQUEST NO. 2:** Documents sufficient to show all Persons who were (a) in Control of SureTrader; and (b) under common Control with SureTrader.

**REQUEST NO. 3:** Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

**REQUEST NO. 4:** Documents sufficient to show all banking, depositary, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

**REQUEST NO. 5:** Documents sufficient to show all Persons who have or had an account at SureTrader. This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

**REQUEST NO. 6:** Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 7:** Documents related to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 8:** Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 9:** For each Person identified in response to Request No. 5 that resided, or were otherwise located, in the United States, Documents sufficient to show (a) all trades executed by such Person through accounts with SureTrader (b) all fees incurred by such Person and collected or collectable by SureTrader and (c) all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

**REQUEST NO. 10:** All Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

**REQUEST NO. 11:** All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes Challenge (www.timothysykes.com), Investors Underground

(www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Entities").

**REQUEST NO. 12:** All communications with the Entities.

**REQUEST NO. 13:** All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning non-solicitation of customers who resided, or were otherwise located, in the United States.

**REQUEST NO. 14:** All Documents You produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

**REQUEST NO. 15:** All Documents You produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

**REQUEST NO. 16:** All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

**REQUEST NO. 17:** All Communications with any non-party Concerning the allegations and claims in the Complaint.

**REQUEST NO. 18:** All Documents Related to SureTrader's non-solicitation of customers residing in, or were otherwise located, in the United States.

**REQUEST NO. 19:** All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

**REQUEST NO. 20:** All emails sent by SureTrader to customers residing in, or otherwise located, in the United States.

**REQUEST NO. 21:** All SureTrader policies, manuals, or procedures Concerning non-solicitation and intake of new customers.

**REQUEST NO. 22:** All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

**REQUEST NO. 23:** Any advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 24:** Any invoices for advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 25:** Any documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 26:**  Documents showing which SureTrader customers were referred by the Entities.

**REQUEST NO. 27:**  All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

**REQUEST NO. 28:**  All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

**REQUEST NO. 29:**  Organization charts or employee lists for SureTrader.

**REQUEST NO. 30:**  Audited and unaudited financial statements for SureTrader.