UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................................1

II.     ARGUMENT.........................................................................................................................4

        A.  The SEC's Motion does nothing to identify which requests it seeks to compel............4

        B.  The SEC's Motion cannot escape the necessity of seeking SureTrader's documents
            from the Bahamas through the proper channel-the letters rogatory process .................7

        C.  The SEC's challenge to Gentile's privilege log misconstrues Gentile's objection to
            the production of attorney work-product necessarily implicated by selective
            production of documents believed to support Gentile's affirmative defenses.............12

III.    CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

**Cases:**

*Cox v. Administrator U.S. Steel & Carnegie*,
  17 F.3d 1386 (11th Cir. 1994) ...................................................................................11, 12

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ................................................................................................................12

*Hicks-Washington v. Housing Authority of City of Fort Lauderdale*,
  2019 WL 341185 (S.D. Fla. Jan. 28, 2019) ...............................................................................4

*In re Takata Airbag Products Liability Litigation*,
  2017 WL 8812733 (S.D. Fla. Feb. 16, 2017) ......................................................................9, 10

*Skeete v. Entertainment Studios Home Entertainment, Inc.*,
  2012 WL 13001929 (N.D. Ga. Mar. 5, 2012) ........................................................................4, 5

**Statutes and Rules:**

28 U.S.C. §§ 1781, 1782 ................................................................................................................9

Fed. R. Civ. P. 26(b)(3) ................................................................................................................11

Northern District of Georgia Local Rule 37.1A .............................................................................5

Southern District of Florida Local Rule 26.1(g)(2) ................................................................ *passim*

Defendant Guy Gentile ("Gentile"), by and through his undersigned counsel, hereby submits his Response in Opposition to Plaintiff Securities and Exchange Commission's ("SEC") Motion to Compel Guy Gentile to Produce Complete Responses to Plaintiff's Requests for Production and Documents in Response Thereto ("the Motion").

## I.   INTRODUCTION

The SEC's Motion fails for at least three reasons. First, it does nothing to identify the specific requests for which it seeks to compel a response and/or documents—a fatal defect under Local Rule 26.1(g)(2), which requires a motion to compel to state "verbatim the specific item to be compelled." Instead, the SEC refers generally to its First Request for Production, asks this Court for an order "requiring Gentile to fully and completely respond to the Request for Production and produce all responsive documents," [ECF 103 at 10], and observes in a footnote that it has filed its Motion "in an abundance of caution . . . but plans to amend/supplement the Motion upon completing its review of the documents Gentile produced [on July 26, 2022]," [*Id.* at 3 n.2]. Gentile, therefore, is not even sure to what he is responding.

Second, the SEC has nothing to say about the fact that, as Gentile indicated in response to the bulk of the SEC's 48 separate Requests, he either does not possess or does not have control over many of the MintBroker/SureTrader documents requested. This point was confirmed by a recent July 29, 2022 declaration from Igal Wizman, Joint Official Liquidator ("JOL") for SureTrader, *which the SEC filed in this case.* [ECF 105 at 3] ("Mintbrokers' directors and officers cease to have any duties, functions or powers in respect of Mintbroker. The acquisition of Mintbrokers' books and records, which include its email correspondence, are among my duties as JOLs.")]. On August 5, 2022, U.S. counsel for the JOL put an even finer point on the issue, observing:

1

> It appeared at the hearing [on Gentile's Motion for Sanctions] that there is no dispute that the disputed documents in question [received from former employees] are actually Mintbroker documents. . . . [A]ny request for production of documents should be through the proper channels, as has been stated. . . . There is more than one formal channel by which the JOLs and estate may produce documents to parties in a litigation. *One of them is obviously a properly issued letter rogatory approved by the Bahamas Court.*

Ex. A (emphasis added).

Indeed, in an earlier motion seeking extension of time, which the SEC authored and Gentile joined, the parties explained:

> The Bahamas is not a member of the Hague Evidence Convention. Thus, in order to obtain discovery and take witnesses' testimony that are located in the Bahamas, the parties must proceed by a Letters Rogatory process. Although the SEC has begun the process of having Letters Rogatory issued, local counsel in the Bahamas has informed the SEC that this process can take on average two to six months, if not longer.

Joint Mot. for Ext. of Ct. Deadlines [ECF 81 at 1]. That motion was filed on May 11, 2022, almost three months ago, but the SEC has yet to file a single motion for issuance of a letter rogatory.

Gentile—lacking possession or control over SureTrader documents—has engaged in the only available appropriate discovery mechanism given SureTrader's refusal to appear in this case as a party: issuance of a letter rogatory to obtain documents *the SEC has requested*. Gentile filed his motion for issuance of a letter rogatory to SureTrader on July 29, 2022, and the motion was granted last week on August 2. As of today, Gentile's Letter Rogatory has been transmitted to the U.S. Department of State. Gentile will produce to the SEC whatever SureTrader documents he receives in response to his Letter Rogatory, just as Gentile has produced all documents he has received in response to a nonparty subpoena he issued to the Financial Industry Regulatory Authority ("FINRA"). To the extent the SEC seeks to compel production of other SureTrader documents from Gentile, the Motion should be denied.

2

Finally, the SEC's Motion fails to acknowledge that Gentile's responses all indicated, without waiving objections, either that "Gentile does not have any responsive documents in his possession custody or control" or that "Gentile will produce any responsive documents in his possession, custody, or control." [ECF 103-2].[1] Gentile did produce those documents in his possession, custody, or control on July 26, 2022. The SEC underhandedly refers to this as "11th hour production," and accuses Gentile of engaging in a "strategy of delay and mudslinging" despite its own refusal to produce certain documents until after the entry of a Confidentiality and Protective Order, which sat on the SEC's desk for over three weeks after Gentile's counsel provided comments and was finalized only after counsel for Gentile threatened to move to compel. [ECF 103 at 2-3]; Ex. B, email from SEC's counsel, dated June 14, 2022.

In addition to Gentile's production of responsive documents, Gentile's response to numerous other requests, providing "Gentile does not have any responsive documents in his possession, custody or control," remains a legitimate explanation as to why it is infeasible for this Court to grant the SEC's Motion. As explained in more detail below, Gentile's responses not only acknowledged the potential existence of responsive documents not in his control, but explained where such documents may be, if they exist. In turn, the SEC simply dismisses Gentile's explanations as "woefully insufficient" and brings this Motion without specifying the items it is trying to compel.

Thus, the SEC's Motion is (1) procedurally deficient, in that it entirely fails to identify the requests it seeks to compel and (2) disingenuous, in that Gentile has produced all responsive

---

[1] The only exceptions are documents withheld pursuant to attorney-client or work product privilege; Gentile's response to Request No. 2, which requires clarification as to what is meant by the concept of a "person" being "controlled" by SureTrader; and Gentile's responses to Request Nos. 14, 20, 21, 30, and 38 averring that the documents sought belong to SureTrader and that he lacks authority to produce such documents. [ECF 103-2].

3

documents currently in his possession, custody, and control, and has requested SureTrader documents the SEC seeks via a Letter Rogatory directed to the Appropriate Judicial Authority of the Commonwealth of the Bahamas.

## II. ARGUMENT

### A. The SEC's Motion does nothing to identify which requests it seeks to compel.

It is beyond dispute that motions to compel discovery require identification of the requests that a party asks the Court to compel production of or further responses to. *See Hicks-Washington v. Housing Authority of City of Fort Lauderdale*, 2019 WL 341185, at *2 (S.D. Fla. Jan. 28, 2019) ("the Court will address only those discovery responses specifically raised in Plaintiff's Motion"). There seem to be few instances where litigants have even attempted to generally request full responses and production to their entire request for production with no other identification.

The SEC's Motion here is not unlike the motion to compel brought by a *pro se* litigant in *Skeete v. EntertainmentStudios Home Entertainment, Inc.*, 2012 WL 13001929 (N.D. Ga. Mar. 5, 2012). There, the *pro se* litigant requested an order that defendants respond to all of his document requests and "immediately deliver *all* of the documents." *Id*. at *1-2. Similarly, here, the SEC asks this Court for an order "requiring Gentile to fully and completely respond to the Request for Production and produce all responsive documents." [ECF 103 at 10]. Needless to say, the district court in *Skeete* denied the *pro se* litigant's motion to compel. *Skeete*, 2012 WL 13001929 at *2. It found that the plaintiff had "simply failed to indicate what specific discovery material Defendants have failed to produce of which this Court should now compel production" and "[a]bsent that basic showing, this Court cannot order Defendants to produce any particular documents." *Id*. at *1. The same result should follow here.

Additionally, despite the *Skeete* court's sensitivity to the plaintiff's *pro se* status—a circumstance which clearly does not apply to the SEC's counsel—it found the requirements of

4

Northern District of Georgia Local Rule 37.1A to be "elemental." *Id*. That Rule shares similar language to Southern District of Florida Local Rule 26.1(g)(2), which is fatal to the SEC's Motion here. Local Rule 26.1(g)(2), titled "Motions to Compel," provides:

> Except for motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Federal Rules of Civil Procedure 33, 34, 36 and 37, or to compel compliance with subpoenas for production or inspection pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), *shall, for each separate interrogatory, question, request for production, request for admission, subpoena request, or deposition question, state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item.* The party shall write this information in immediate succession to enable the Court to rule separately on each individual item in the motion.

(emphasis added).

First, this is clearly not an instance of Gentile's "complete failure" to respond to discovery or based upon assertion of "general or blanket" objections. As explained, Gentile did respond individually to each request, lodged appropriate objections, explained his lack of access or control over potentially responsive documents, produced documents in his possession, and has sought 30 of the same requests from SureTrader through a Letter Rogatory. Thus, the SEC's failure to show the information required by LR 26.1(g)(2)(A)–(D) is inexcusable.

In the SEC's Motion, the only semblance of any reference to identifiable requests and their accompanying objections are as follows:

(a) The SEC acknowledged Gentile's objections to Request Nos. 15-18 and 39-48 on grounds that they are protected by the attorney-client and work-product privilege. [ECF 103 at 7].

(b) With respect to Gentile's objections to Request Nos. 15-17 regarding Gentile's production of documents to third parties, the SEC did not accept Gentile's explanation that the documents are not in his custody or control, and instead seeks an explanation to its "underlying question whether there were any documents produced to the Securities Commission of the Bahamas and the other third parties." [ECF 103 at 9].

5

Nevertheless, the SEC's reference to these 14 (out of 48) requests still fails to "state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item," and, critically, fails to "write this information in immediate succession *to enable the Court to rule separately on each individual item in the motion*." Local R. 26.1(g)(2) (emphasis added). Simply put, the SEC's Motion fails to satisfy Local Rule 26.1, and to the extent its reference to those 14 Requests scratches the surface of the Local Rule's requirements, they are nevertheless outside of Gentile's possession or control and/or remain covered by attorney-client or work-product privilege, and are otherwise undiscoverable from Gentile.

While failing to identify specifically the discovery it seeks to compel, the SEC complains that it has not had "meaningful opportunity to review the documents and determine definitively whether any of the disputes over Gentile's Amended Responses have been resolved." [ECF 103 at 3]. However, its reference to Gentile's production as an "11th hour production" is insincere. In fact, following the SEC's indication that it needed the Confidentiality and Protective Order entered so that it could produce its "last tranche" of documents—containing documents the SEC received from 2016-2020 and notably encompassing the "Relevant Period" of the allegations in its Complaint—Gentile's counsel provided edits to the draft three days later, on June 17, 2022. Ex. C, email from Gentile's counsel, dated June 17, 2022. Following persistent correspondence from Gentile's counsel, the Confidentiality and Protective Order was eventually entered pursuant to the parties' Joint Motion on July 20, 2022, seven days before the SEC's motion to compel was due. [ECF 102]. On July 26, 2022, Gentile produced 682 documents, many of which are subject to the Confidentiality and Protective Order, and a privilege log. Thus, that the Confidentiality and

Protective Order necessary for either party to substantially produce responsive documents was entered only days before the SEC's motion to compel deadline was due to the SEC's own delay.

Nevertheless, the SEC's inability to review the production before filing its Motion does not excuse its complete failure to include the information required by Local Rule 26.1(g)(2); nor does it give credence to the otherwise impracticable nature of compelling production of documents that Gentile does not possess or control.

One item that the SEC does specifically ask this Court to compel from Gentile involves not production of responsive documents, but rather "a sworn statement explaining what actions he has taken to gain access to his personal computer" [ECF 103 at 6]. The Court need not even rule on that request. *See* Ex. D, Declaration of Guy Gentile (explaining that the referenced computer was in fact a SureTrader company desktop computer that he has not seen nor had access to since late 2019, and that, because SureTrader and its company records are under the control of the JOL, Gentile cannot necessarily access and produce documents from that computer even if he had any idea where it is stored in the Bahamas).

**B. The SEC's Motion cannot escape the necessity of seeking SureTrader's documents from the Bahamas through the proper channel—the letters rogatory process.**

In Gentile's Amended Responses, the first of his "General Objections" provides: "Gentile objects to the Requests to the extent that they seek documents not in his possession, custody or control." [ECF 103-2 at 1]. Additionally, Gentile individually objected to Request Nos. 2-38 "to the extent [they] seek documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control." [ECF 103-2].

Those documents, namely Company records, that the SEC presumably now seeks to compel production of from Gentile, in fact belong to SureTrader. *See* Ex. A, email from JOLs' counsel dated August 5, 2022 ("it appeared clear at the hearing [on Gentile's Motion for Sanctions]

7

that there is no dispute that the disputed documents in question are actually [SureTrader] documents"). It is also indisputable that SureTrader is located in the Bahamas, at all times relevant has operated from the Bahamas, and is currently under the supervision and control of Joint Official Liquidators appointed by the Securities Commission of the Bahamas. Counsel for the JOLs have made clear that SureTrader "has no US assets" and have taken the position "no resulting judgment in this litigation is enforceable outside the liquidation process." *Id.* Further, the JOLs agree that "any request for production of documents should be through the proper channels," one of which "is obviously a properly issued letter rogatory approved by the Bahamas Court." *Id*.

It is difficult to see how Gentile is withholding production when he himself has sought the same SureTrader documents through that proper channel—the letters rogatory process. On July 29, 2022, Gentile filed his motion for issuance of a letter rogatory, attaching a Request For International Judicial Assistance (Letter Rogatory), and a proposed "Subpoena Attachment," requesting that SureTrader produce documents responsive to 30 Requests that substantially replicate a majority of the same document requests the SEC is currently seeking to compel from him. The accompanying Letter Rogatory was signed by this Court on August 2, 2022, and has been sent to the U.S. Department of State for transmittal to the Appropriate Judicial Authority of the Commonwealth of the Bahamas.

The SEC—in focusing its inquiry on whether Gentile has "the legal right to obtain the documents requested" and in attempting to force Gentile to engage in a "good faith" scavenger hunt in the Bahamas for those Company records—endeavors to circumvent the letters rogatory process. [ECF 103 at 6–7]. Section 1781 of Title 28 permits the U.S. Department of State "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive

8

and return it after execution." As stated, Gentile has initiated the letters rogatory process under this Section, and his requested Letter Rogatory was signed by the Court on August 2, 2022.

Notably, where such a request for documents possessed by a foreign entity was not brought pursuant to § 1782,[2] the Southern District of Florida has denied motions to compel. In *In re Takata Airbag Products Liability Litigation*, BMW of North America LLC ("BMW NA") challenged plaintiffs' motion to compel it to produce documents of a German entity, Bayerische Motoren Werke AG ("BMW AG"). *See* 2017 WL 8812733, at *1 (S.D. Fla. Feb. 16, 2017). There, BMW NA objected to plaintiffs' requests for production, noting that "BMW NA does not have the legal right or practical ability to obtain documents from [BMW AG], which is a distant parent company," and emphasized that because "BMW NA does not have control over BMW AG . . . BMW NA cannot compel production of documents or information from BMW AG to respond to discovery in [the] matter." *Id*. Similarly, here, Gentile has objected to the SEC's requests on the grounds that he lacks control over SureTrader. Significantly, SureTrader is currently under the supervision and control of the JOLs appointed by the Securities Commission of the Bahamas.[3]

*In re Takata Airbag* posed the question "whether BMW NA should be required to produce BMW AG documents that were not in its physical possession or custody, and that *it would presumably have to request* from BMW AG." *Id*. at *2 (emphasis added). It found that plaintiffs did not satisfy their burden to prove that BMW NA had the "legal right to obtain . . . upon demand" the expansive categories of documents sought. *Id*. at *5. Significantly, the district court there also

---

[2] Section 1782 is a reciprocal provision to Section 1781, enabling U.S. district courts to order discovery to be produced by a person residing or found in that district, which may be made pursuant to a letter rogatory or similar request. *See* 28 U.S.C. § 1782(a).

[3] Like the JOLs' refusal to appear in this litigation, in *In re Takata Airbag*, BMW AG refused to accept service as a foreign defendant. *See* Ex. A, email from JOLs' counsel dated August 5, 2022 (explaining that representatives of the JOLs have attended court proceedings in this matter only as an "interested party"); *In re Takata Airbag*, 2017 WL 8812733 at *1.

9

rejected plaintiffs' position that BMW NA had "already demonstrated its practical ability to use, access, and obtain BMW AG's documents in [that] litigation" based upon BMW AG providing documents and information to BMW NA "for the limited purpose of responding to NHTSA's inquiries and investigations." *Id*. at *4.

On this point, the SEC's suggestion that Gentile should simply contact a former SureTrader employee to obtain documents and/or present evidence as to "whether Mr. Darville has access to such documents" is to no avail. [ECF 103 at 7]. The SEC suggests that, "[i]n other litigated matters, . . . Gentile has been able to access SureTrader documents when it served his interest" and refers to a single instance in the consolidated actions *Avalon Holdings Corporation v. Gentile*, 1:18-cv-07291-VSB-RWL and *New Concept Energy v. Gentile*, 1:18-cv-08896-VSB-RWL, where Darville provided trade blotter to an expert witness pursuant to the court's inquest on damages. [ECF 103 at 6]. As detailed in Gentile's Letter—attached to the SEC's motion to compel as *Exhibit C*—throughout that litigation Gentile was unable to obtain SureTrader documents that were critical to his defense. If the SEC believes Darville has discoverable information, it should seek that information through the letters rogatory process.

Nevertheless, that Darville provided an expert witness trade blotter for two stock symbols pursuant to a damages inquest in a separate litigation does not support a "broader inference" that Gentile has a "legal right" or the "practical ability" to obtain documents from SureTrader in other circumstances. *See In re Takata Airbag,* 2017 WL 8812733 at *4 (holding BMW AG's production of documents and information for the limited purpose of responding to NHTSA inquiry "does not support a broader inference that BMW NA has a 'legal right' or the 'practical ability' to obtain documents from BMW AG in other circumstances, including for purposes of this litigation").

10

Finally, the SEC asserts that Gentile should be compelled to produce any documents he separately has produced "pursuant to subpoena, voluntarily, or by formal request to various third parties such as the Securities Commission of the Bahamas." [ECF 103 at 9]. What may be inferred from the SEC's emphasis on documents produced to the Securities Commission of the Bahamas is that the SEC is seeking documents it mistakenly believes Gentile produced in relation to the Winding-Up Petition filed against SureTrader in the Bahamas. To be clear, Gentile was not a party to that action, which was specific to SureTrader, brought by the Securities Commission of the Bahamas, and occurred entirely within the Bahamas. These documents, if they exist, must also be sought from SureTrader through the appropriate channels.

**C. The SEC's challenge to Gentile's privilege log misconstrues Gentile's objection to the production of attorney work-product necessarily implicated by selective production of documents believed to support Gentile's affirmative defenses.**

The SEC's arguments pertaining to Gentile's privilege log misconstrue Gentile's objections. The SEC acknowledges that "many of the Requests (Nos. 39-48) ask for documents used to support his affirmative defenses." [ECF 103 at 8]. It posits that it is "not interested in his communications with Counsel" and, with respect to documents to support his affirmative defenses, asserts that "it is unlikely that these documents were produced by an attorney or created in anticipation of litigation." [ECF 103 at 7]. Nevertheless, compelling Gentile, through his counsel, to produce documents believed to support his affirmative defenses would necessarily require Gentile's counsel to provide to the SEC insight into their mental impressions and defense strategy, rendering such selective production privileged under the attorney work-product doctrine.

The Federal Rules of Civil Procedure provide that "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). "Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as opinion

11

work product." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (internal quotations omitted). "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Id*. (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)).

As stated, the SEC's Motion fails to present any semblance of the information required under Local Rule 26.1(g)(2) with respect to identification of each specific item to be compelled. Even assuming the SEC's reference to Request Nos. 39-48 and to Gentile's applicable privilege objections satisfy the requirements of that Local Rule, compelling Gentile to produce a subset of documents his counsel has identified as pertinent to his affirmative defenses would amount to disclosure of Gentile's counsel's mental impressions and strategy. As such, Gentile's objections to those Requests based on attorney-client privilege or the work-product doctrine must be sustained. Notwithstanding, Gentile did produce responsive documents in his possession, custody, or control and identified, through his privilege log, the very limited selection of documents he withheld.

### III.   CONCLUSION

For the foregoing reasons, each objection asserted by Gentile was predicated on a good-faith factual and legal basis and should be sustained, and the SEC's motion to compel should therefore be denied.

13

Dated: August 10, 2022

    */s/ Dayliset Rielo*
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Defendant Guy Gentile's Response in Opposition to Plaintiff's Motion to Compel, dated August 10, 2022, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

   /s/ *Dayliset Rielo*
Dayliset Rielo, Esq.