**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-Bloom**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPPORT OF ITS MOTION TO COMPEL**
**DEFENDANT GUY GENTILE TO PRODUCE COMPLETE RESPONSES TO**
**PLAINTIFF'S REQUESTS FOR PRODUCTION AND DOCUMENTS IN RESPONSE**
**THERETO**

## I.     INTRODUCTION

The Securities and Exchange Commission's ("SEC" or "Commission") Motion to Compel asks that the Court compel Defendant Guy Gentile to:

1) provide complete written responses to the Commission's Requests for Production in accordance with Fed. R. Civ. P. 34(b)(2)(C) as to all of its Requests,[1]

2) produce documents in his possession or otherwise indicate why he did not have control over such documents, and

3) produce documents responsive to Requests nos. 29-48 which support his Affirmative Defenses.

In his Response to the Motion to Compel, Guy Gentile does not address his failure to provide complete responses to the Requests for Production. Nor does he produce documents sufficient to remedy the necessity of the motion. Instead, Gentile incorrectly states the SEC should have formatted its motion to compel differently under Rule 26.1 and attempts to deflect his own personal discovery obligations to the Bahamian Joint Official Liquidator ("JOL"). Lastly, Gentile claims, without support, that documents supporting his affirmative defenses are protected by work product privilege but does not provide a privilege log regarding same. Each of these contentions must fail.

## II.     LEGAL ANALYSIS

### A. **The Court Should Compel Gentile to Provide Complete Answers to All But 5 of the Requests**

Gentile began his objections to the SEC's Document Requests with a blanket refusal to engage in discovery based on his pending Motion for Sanctions (which has since been denied

---

[1] As referenced in p. 5, n. 4 of the Motion to Compel, Gentile's Response to the Requests for Production failed to indicate whether he was withholding documents for all of the requests except for Requests Nos. 1, 14, 18, 22 and 30.

2

without prejudice). Because of this and Gentile's failure under Federal Rule of Civil Procedure 34(b)(2)(C) to state whether any responsive materials are being withheld, and his failure to produce documents based on blanket objections that were merely repeated to each Request,[2] the SEC filed, as it was entitled to under S.D. Fla. L.R. 26.1, an omnibus motion that addressed Gentile's blanket objections to the Requests and did not separately restate the specific objection for each request. A motion separately listing the same blanket objections over and over would have just been a repeat of the same arguments 34 times. That the SEC framed the motion in this efficient matter should not lead to its denial as Rule 26.1 allows for such omnibus motions when such "general or blanket objections to discovery" are made.

In response, Gentile has not remedied any of the issues complained of in the original Motion to Compel. For the reasons detailed in the Motion (and those included below), the Court should compel complete responses to Requests Nos. 2 through 48 and order Gentile to produce the documents requested to the extent they are in Gentile's control.[3]

### B. Gentile Should Be Compelled to Provide Answers under Fed. R. Civ. P. 34(b)(2)(C)

As detailed in the Motion to Compel (and not addressed by Gentile in his response), Gentile has failed to specifically state whether he is withholding any responsive materials and, if so, the basis for same. Instead, Gentile's standard response is generally as follows:

RESPONSE TO REQUEST NO. 4: Gentile objects to Request 4 to the extent that it was formulated based on information Plaintiff improperly obtained, in violation of the Federal Rules of Civil Procedure and the discovery process. Gentile further objects to Request 4 to the extent it seeks documents containing information that is not available to him or requires him to produce

---

[2] Gentile's Amended Responses and Objections to the Plaintiff's Requests for Production were attached as Exhibit B to the Motion to Compel (DE 103). As they clearly reflect, his objections to Nos. 2 through 13 are nearly identical. Each objects "to the extent it was formulated based on information Plaintiff improperly obtained" and "to the extent it requires him to produce third-party document over which he lacks control." Requests Nos. 15 through 48, repeat these same objections but add an additional objection that they are "protected by attorney-client and work product privileges."

[3] The SEC has now had a chance to review the production from Gentile. Such production does not remedy any of the issues described in the motion to compel.

third-party documents over which he lacks control. Without waiving the above objections, Gentile does not have any responsive documents in his possession, custody, or control.

Gentile's response is deficient under Rule 34. Although responding to a request for production "without waiving" an objection maybe a widespread practice, it was never contemplated by the rules to begin with, and it prevents the propounding party from determining whether the request has been fully answered. *See Charter Practices Int'l v. Robb*, Case No. 12-cv-1768, 2015 U.S. Dist. LEXIS 34112, at *6 n.2 (D. Conn. Mar. 19, 2015). As the Advisory Committee noted, in pertinent part:

> Rule 34(b)(2)(B) is amended to require that objections to Rule requests be stated with specificity. This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34. Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.

Fed. R. Civ. P. 34, Advisory Committee Notes, 2015; see also *Charter Practices*, 2015 U.S. Dist. LEXIS 34112, at *6 n.2; *Chevron Corp. v. Salazar,* Case No. 11-cv-3718, 2011 U.S. Dist. LEXIS 72564, at *4-5 (S.D.N.Y. July 6, 2011) (noting the problem with stating production will be made "subject to" objections is that "there is no way definitively to ascertain the extent to which the defendants have limited responses on this ground, let alone the bases on which they have done so.")

Here, Gentile has to either state that production "will be permitted as requested" or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If Gentile has the documents in his possession or access to the documents, he should

4

state so.  If Gentile has the documents in his possession, but believes he cannot produce them because he believes they are documents that he is not permitted to produce, then he should specifically state that is the case and detail the reasons he believes he cannot produce them.  Gentile has failed to do this.  Thus, an order requiring Gentile to respond to the Commission's discovery requests as specified under Rule 34 is necessary and appropriate. The order should establish a near-term deadline for responding and should make clear that failure to comply will result in sanctions under Rule 37(b)(2).

### C. Gentile Should be Compelled to Produce Documents Over Which He Controls or Produce Evidence Why He Cannot Produce Same

Gentile objects to several of the requests stating, "Gentile further objects to Request [ ] to the extent it seeks documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control."  As detailed above, Gentile does not state whether he has such documents in his possession or could obtain the documents.  Nor does Gentile explain what efforts he took to determine whether the documents were available to him or could be produced by third parties (or identify the third parties that may have control over the documents).

In his Response to the Motion to Compel, Gentile completely ignores this failure and instead argues that the documents requested should be sought from SureTrader's Bahamian JOL through the Letters Rogatory process.  What Gentile conveniently ignores is that he has a duty to produce documents in his possession and control independent of SureTrader's duty to produce company records.  That many of the documents the SEC seeks may be obtained from SureTrader's JOL does not relieve Gentile of his independent duty of production.

Indeed, if need be, once they are identified by Gentile, the Commission could subpoena or send Letters Rogatories to each of those entities for the records it seeks in response to the disputed

5

Requests, but there is no reason that it should be required to do so if those records are readily available from Gentile.[4] *See Fort Washington Resources, Inc. v. Tannen,* 153 F.R.D. 78, 79 (E.D. Pa. 1994) (that material may be obtainable from other sources does not bar discovery)(citing *Federal Deposit Ins. Corp. v. Renda*, 126 F.R.D. 70, 72 (D.Kan.1989), aff'd, *Federal Deposit Ins. Corp. v. Daily*, 1992 WL 43488, 1992 U.S. App. LEXIS 4207 (10th Cir. Mar. 3 1992)). It is Gentile who is asserting that the SEC should go on an international hunt for documents without even disclosing what documents he has in his control or possession, whether he has demanded any of the documents, or what prevents him from producing same.

Nor has Gentile shown that he does not have control over such documents. For purposes of discovery, the standard for "control" has been broadly construed as "the legal right to obtain the documents requested upon demand." *SeaRock v. Stripling*, 736 F.2d 650, 653-54 (11th Cir. 1984)). "[A] party's 'practical ability' to obtain documents is a relevant evidentiary consideration [under the "legal right"] standard." *In re Takata Airbag Prod. Liab. Litig.,* No. 15-02599-MD, 2017 WL 8812733, at *3 (S.D. Fla. Feb. 16, 2017).

As pointed out in the SEC's Motion to Compel, Gentile has been able to obtain the documents with a simple ask in other cases when it suited him. Here, Gentile's response does not state whether he has asked for the responsive documents as he has in other cases.[5] Nor has Gentile produced any evidence that he has asked either his contact Mr. Darville or the JOL for documents and has been refused the documents. Thus, the SEC requests that Gentile be compelled to amend

---

[4] Indeed, the SEC will be filing a Motion for Issuance of Letters Rogatory that makes many of the same request for documents to the JOL but Gentile has thus far stated that it will object to the SEC's filing of the Motion. Although the SEC is in the process of attempting to resolve this issue, for Gentile to assert the SEC should get the discovery through Letters Rogatory and then object when the SEC does same should not be condoned.

[5] In Gentile's response to the Motion to Compel, he does state that he recently has begun the lengthy Letter Rogatory process requesting some, *but not all*, of the requested documents from SureTrader.

his responses to address whether he has the documents, whether he has requested the documents and whether he is withholding any documents. *See, e.g., Searock,* 736 F.2d at 654 ("the primary dispositive issue is whether [the party subject to document request] made a good faith effort to obtain the documents"). [6]

Similarly, in its Requests nos. 15-17, the SEC requests Gentile produce documents produced pursuant to subpoena, voluntarily or by formal request to various third parties such as the Securities Commission of the Bahamas. In response to the Motion to Compel, Gentile does not state whether he produced any documents responsive to these requests. Instead, he argues such documents should be sought from SureTrader.

Again, this response is inadequate. Gentile should state whether he produced any documents pursuant to these requests and/or whether he has such documents in his possession. If the answer is no then the response is complete. If the answer is yes, Gentile should produce same or specify the grounds on which he is not producing documents in his possession. Moreover, if such documents are under the control of his Counsel they should be produced. A principal is deemed to have control over documents in the possession of its agent. *Jans ex rel. Jans v. The GAP Stores, Inc.*, No. 6:05-cv-1534-Orl-31JGG, 2006 WL 2691800 at *2 (M.D. Fla. Sept. 20, 2006) (finding party had control over documents from prior litigation held by its attorney because an attorney is an agent of the client).

---

[6]Contrary to Gentile's assertion, *In re Takata Airbag Products Liability Litigation, BMW of North America LLC* does not support denying the Motion to Compel. In that case, the special master recommended denying the motion to compel without prejudice where the plaintiffs had not yet satisfied their burden that a defendants company had control over documents held by its foreign parent. There, the Defendant argued persuasively that it did not have a legal right or practical ability to obtain documents from the parent company and had successfully argued the same in two other Court cases. *See* 2017 WL 8812733, at *1 (S.D. Fla. Feb. 16, 2017). Here, in contrast, Gentile has not shown he does not have the ability to obtain the documents and has been able to produce SureTrader documents in other Court cases.

### D. Work Product Privilege Does Not Prevent Production of Documents Used to Support Gentile's Affirmative Defenses

Gentile objects to Requests Nos. 15-18 and 39-48, on the grounds "that these Requests seek documents that are protected by the attorney-client and work-produce privileges, or documents constituting trial preparation materials including preliminary or draft reports." In order to fall within the work product privilege, documents must be prepared in anticipation of litigation or for trial. *Adams v. City of Montgomery,* 282 F.R.D. 627, 633 (2012); *see also United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1323 (N.D. Ga. 2015). The underlying documents on which Gentile relied on to draft his affirmative defenses were not prepared in anticipation of litigation or trial. Nor is the fact that they were relied on by Gentile counsel in forming his affirmative defenses a shield to production.

As the party seeking to assert the privilege, Gentile bears the burden of establishing "all the essential elements" of the privilege claim, and he must do so on a "question-by-question" or "document-by-document" basis. *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991); *Carnes v. Crete Carrier Corp*, 244 F.R.D. 694, 697 (N.D. Ga. 2007). Here, Gentile has not satisfied his burden of showing that either the attorney-client or the work-produce privilege applies. He has not produced a complete privilege log or affidavits from counsel, or done any of the traditional things in which proof is produced in pretrial proceedings.

Moreover, because many of the Requests (Nos. 39-48) ask for documents used to support his affirmative defenses in this action, it is unlikely that these documents were produced by an attorney or created in anticipation of litigation. This is particularly true given that Gentile's affirmative defenses primarily argue that the SEC and the FBI instructed Gentile to solicit U.S. customers and assured Gentile that SureTrader's policies conformed with U.S. laws. See Gentile's Answer and Affirmative Defenses (D.E. 80). Gentile does not explain how documents supporting

these affirmative defenses are attorney-client or work-product privileged. Indeed, by their very nature they cannot be.

That Gentile's counsel may have reviewed such documents does make them work product. If Gentile does intend to invoke the work-product privilege then he must file a privilege log referencing the documents he is asserting the privilege over. He cannot rely on affirmative defenses but not provide documents that support those defenses under a broad cloak of privilege. The SEC is entitled to discovery that is relevant to Gentile's defenses. *See* Fed. R. Civ. P. 26(b)(1). Thus, the Court should compel Gentile to produce the documents that support his affirmative defenses or dismiss those defenses as a result of his failure to produce same.

### III. CONCLUSION

Gentile has failed to fully respond to the Requests for Production. Gentile should be required to state whether the requested documents exists and to provide a specific explanation as to why the documents are being withheld. Furthermore, Gentile should also be compelled to produce evidence why he claims the documents requested are not within his possession, custody, or control. Lastly, Gentile should be compelled to provide a privilege log as to those documents he asserts are privileged or otherwise produce the documents. Therefore, the Court should enter an order requiring Gentile to respond to the Request and produce all responsive documents.

August 17, 2022                              Respectfully submitted,

Alise Johnson
Alise Johnson, Esq.
Senior Trial Counsel
Florida Bar no. 0003270
Direct Dial: (305) 982-6385
johnsonali@sec.gov
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293

Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:   (305) 982-6300
Facsimile:    (305) 536-4154

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 17th day of August 2022 via CM-ECF on all counsel.

Alise Johnson
Alise Johnson