UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR COURT TO ISSUE
## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

Plaintiff Securities and Exchange Commission, pursuant to 28 U.S.C. § 1781, hereby requests this Court issue the attached Request for International Judicial Assistance (Letter Rogatory) seeking documents located in The Bahamas, and states:

1. The Commission filed this action on March 23, 2021, alleging, among other things, that Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("SureTrader") and its founder, owner, and chief executive officer Guy Gentile ("Gentile") operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading. Through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. §

1

78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

2.     SureTrader is a Bahamian entity, and the Supreme Court of The Bahamas has appointed Joint Official Liquidators ("JOLs") to, among other things, wind up the company. *See* DE 105, Declaration of Igal Wizman at ¶ 1. Additionally, the JOLs' duties include acquisition of SureTrader's books and records. *Id.* at ¶ 3.

3.     On May 6, 2022, the SEC propounded its First Request for Production on Gentile. In response, Gentile served his Responses on June 9, 2022, and Amended Responses on July 21, 2022. Gentile asserted multiple objections, many of which are the subject of the SEC's Motion to Compel ECF No. [103], including that "Gentile further objects to Request [No. ] to the extent it seeks documents containing information that is not available to him or requires him to produce third-party [SureTrader] documents over which he lacks control." Gentile also responded to certain Requests by stating that "he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents."

4.     The SEC believes that Gentile's objections lack merit and that he lacks standing to object to production of responsive SureTrader documents in his possession. However, in an effort to obtain the information through all available channels, and to obtain responsive documents in the possession of the JOLs, the SEC seeks the issuance of a letter rogatory to assist it in obtaining documents requested in its First Request for Production from the JOLs.

5.     Recently, Gentile filed his own Unopposed Motion for Issuance of Letter Rogatory Requesting International Judicial Assistance ECF No. [104], which this Court granted ECF No.

[108]. In Gentile's Motion, Gentile duplicated the vast majority of the SEC's requests for SureTrader documents in its First Request for Production.[1]

6. The SEC seeks issuance of a letter rogatory to include all the requests in the SEC's First Request for Production, except those requesting Gentile's initial disclosure documents and related to Gentile's affirmative defenses. The SEC is including all of the requests in its First Request for Production in an abundance of caution because Gentile can unilaterally decide to not pursue his Letter Rogatory request. The SEC's concerns are well-founded because, during a call with the Joint Official Liquidators appointed for SureTrader, Gentile's counsel advised that he would not agree to pay any costs incurred by the JOLs to respond to Gentile's Letter Rogatory request and even jokingly asked if Gentile withdrew his request whether the SEC would pay for the costs. Gentile's objections to this Motion are meritless and reflect a pattern of preventing – through any and all means – production of SureTrader's records, including records from former employees who have expressed serious concerns about Gentile and SureTrader's violations of U.S. securities laws.[2]

---

[1] Of the 48 requests in the SEC's First Request for Production, Gentile included 30 of them in his Motion for Issuance of Letter Rogatory. Of the 18 that were not included, 10 related to Gentile's affirmative defenses and 1 related to Gentile's initial disclosures. This leaves 7 requests from the SEC's First Request for Production: Nos. 22, 23, 30, 31, 34, 35, and 36. ECF No. [103-2]. Notably, despite asserting objections, Gentile answered each of these Requests with (1) he will produce responsive documents; (2) he does not have any responsive documents in his possession, custody, or control; or (3) he has documents in his possession but he lacks authority to produce such documents. *Id.* Having answered these 7 requests, there certainly is no basis for Gentile to object to the SEC seeking these records from SureTrader in The Bahamas through a Letter Rogatory.

[2] At every juncture, Gentile has manufactured a reason for why the SEC should not receive records concerning SureTrader's operations and the allegations in the Complaint. These whack-a-mole tactics include Gentile refusing to produce documents in response to the SEC's First Request for Production because (1) they are not available to him; (2) he lacks control; or (3) he lacks authority. Yet, four months ago, he was able to easily obtain SureTrader records in New York litigation from SureTrader's IT professional, *see* ECF No. [89-7 at p. 5]. When the SEC received or was about to receive voluntary production of emails and records from two former employees, Gentile's excuse shifted to his baseless claim that the SEC "illegally" obtained documents from former employees, even though the SEC is a regulatory agency receiving information from employees

7. The SEC's requests are relevant to the allegations in the SEC's Complaint that SureTrader and Gentile operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally solicited U.S. customers, and acted as an unregistered securities broker-dealer.

8. To ensure that the SEC can obtain SureTrader's records (as requested in its First Request for Production), the Commission asks the Court to issue the attached Letter Rogatory, requesting the assistance of the Registrar of the Supreme Court of The Bahamas to compel the production of the records. As SureTrader is a Bahamian entity, it is beyond the jurisdiction of this or any American Court. And, although SureTrader is a Defendant in this case, it has not defended, the JOLs have not appeared in the case, and the Court has entered a default against SureTrader. Thus, the SEC is not able to issue a Rule 34 request for production of documents directly to SureTrader to obtain the requested documents.[3]

9. "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, n.1 (U.S. 2004). Letters rogatory "are freely granted by district courts in the United States." *In re Banco Santander Securities-Optimal Litigation*, 732 F. Supp. 2d 1305, 1338 (S.D. Fla. 2010).

10. Gentile opposes the SEC's Motion for baseless reasons. During the meet and confer for this Motion, Gentile's counsel advised that Gentile opposes this Motion because it

---

who were concerned about SureTrader's and Gentile's violations of U.S. securities laws. Then Gentile argued that the records must be obtained through the letter rogatory process to the JOLs for SureTrader in The Bahamas, yet when the JOLs' counsel stated that under Bahamian law, the costs must be paid, Gentile refused to split the cost with the SEC. Now, he objects to the SEC's Motion to obtain the very same records he requested through his own Letter Rogatory request. It is abundantly clear that Gentile's tactics are crafted to serve his goal of running out the clock on discovery as the liquidation of SureTrader winds down in The Bahamas

[3] The SEC will be filing a separate Motion for Issuance of Request for International Judicial Assistance (Letter Rogatory) seeking to depose former employees of SureTrader who are believed to have knowledge concerning the allegations in the Complaint and Gentile's Amended Answer and Affirmative Defenses.

"seeks relief already granted by the court."[4] To the contrary, it is far more reasonable and efficient for this Court to issue a Letter Rogatory that contains a **complete** list of documents the SEC seeks in its First Request for Production rather than having potentially piecemeal letters rogatory from each party that require the JOLs to conduct separate and potentially disjointed reviews. Certainly, the SEC's and Gentile's counsel can communicate directly with the JOLs' counsel once The Bahamian Court issues the request and provide them with these Court filings to explain how the parties are streamlining the Letter Rogatory process.

11. If the Court grants the SEC's Motion, (1) one signed and sealed Letter Rogatory will be sent by the Clerk of Court to the Registrar of the Supreme Court of The Bahamas in a pre-addressed/stamped envelope the SEC will deliver to the Clerk of Court; (2) a second signed and sealed Letter Rogatory will be sent directly by the SEC to the Registrar of the Supreme Court of The Bahamas; and (3) a third signed and sealed Letter Rogatory will be sent by the SEC's local counsel in The Bahamas to the Registrar of the Supreme Court of The Bahamas. The SEC requests the three signed and sealed Letters Rogatory in order to expedite the process and guarantee delivery to the Registrar of the Supreme Court of The Bahamas.

**WHEREFORE**, the SEC respectfully requests that this Court grant the SEC's Motion for Issuance of Letter Rogatory and issue the Request for International Judicial Assistance, attached as Exhibit A, as follows:

(1) The Court would sign three originals of the Letter Rogatory;

(2) The Court would then instruct the Clerk of this Court to enter the Letter Rogatory on the electronic docket, place the Court's official seal upon each signed Letter Rogatory;

---

[4] The SEC's counsel did inquire whether there were any other objections to the SEC's Motion, specifically whether they objected to the SEC including the 7 requests from its First Request for Production that Gentile did not include in his Unopposed Motion for Issuance of Letter Rogatory. Gentile's counsel refused to answer this question as hypothetical.

(3) The Clerk of Court would transmit one set to the Registrar of the Supreme Court of the Bahamas in a pre-addressed/stamped envelope the SEC will hand-deliver to the Clerk of Court;

(4) The SEC's counsel would pick up from the Clerk of Court the remaining two signed and sealed Letter Rogatory, which the SEC's counsel would then transmit one set directly to the Registrar of the Supreme Court of The Bahamas and the second set to its local counsel in The Bahamas, who may be able to expedite the process by making request to the Registrar of the Supreme Court of The Bahamas directly.

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Gentile and they object to the relief sought in this Motion.

August 19, 2022

Respectfully submitted,

Alice K. Sum
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:   (305) 982-6300
Facsimile:   (305) 536-4154

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 19th day of August 2022 via CM-ECF on all counsel.

Alice Sum  _____
Alice Sum
