**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-Bloom**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

Defendants.
_______________________________________/

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

TO: Ms. Constance Delancy, Registrar of the Supreme Court of the Commonwealth of The Bahamas and / or the Appropriate Judicial Authority in The Bahamas

The United States District Court for the Southern District of Florida presents its compliments to the Registrar of the Supreme Court of the Commonwealth of The Bahamas ("Registrar of the Supreme Court of The Bahamas") and requests international judicial assistance to effectuate service (and, if necessary, enforcement) of a Subpoena for production of documents, requesting the documents identified in Exhibit A-1 (attached hereto) upon MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader"), via its appointed Joint Provisional Liquidators, for use in a civil proceeding before this Court in the above-captioned matter.

## I. REQUEST

This Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the Registrar of the Supreme Court of The Bahamas to

effect service (and, if necessary, enforcement) of a Subpoena for production of documents upon SureTrader, via its appointed Joint Provisional Liquidators as follows:

> MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader
> c/o Igal Wizman and Eleanor Fisher, Joint Provisional Liquidators
> Ernst & Young
> Caves Corporate Centre
> West Bay Street & Blake Road
> Nassau, Bahamas

The Registrar of the Supreme Court of The Bahamas is requested to serve the above-mentioned Subpoena, requesting the documents identified in Exhibit A-1, by personal service into the hands of a director, managing agent or other person authorized to accept service or in any manner of service consistent with the laws of The Bahamas.

## II. SUMMARY OF ACTION

On March 23, 2021, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants SureTrader and its founder, owner, and chief executive officer Guy Gentile ("Gentile"), alleging that they operated an offshore broker-dealer in The Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading. The SEC alleges that, through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. The SEC also alleges that Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

SureTrader is a Bahamian entity, and the Supreme Court of The Bahamas has appointed Joint Official Liquidators ("JOLs") to, among other things, liquidate and wind up the company.

Additionally, the JOLs' duties include acquisition of SureTrader's books and records, which are key to the issues presented in this litigation and are located in The Bahamas. SureTrader's documents and records are under the supervision and control of the JOLs.

On May 6, 2022, the SEC propounded its First Request for Production on Gentile. In response, Gentile served his Responses on June 9, 2022, and Amended Responses on July 21, 2022. Gentile asserted multiple objections, including that the requests seek "documents containing information that is not available to him or requires him to produce third-party [SureTrader] documents over which he lacks control" or that "he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents." Although the SEC and Gentile do not agree concerning Gentile's objections to the First Request for Production, the SEC sought the issuance of a letter rogatory to assist it in obtaining documents responsive to its First Request for Production from the JOLs in an effort to attempt to acquire the information through all available channels. The SEC's requests are relevant to the allegations in the SEC's Complaint that SureTrader and Gentile operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally solicited U.S. customers, and acted as an unregistered securities broker-dealer.

**This Court expresses its willingness to provide similar assistance to the Registrar of the Supreme Court of The Bahamas under appropriate circumstances and in appropriate instances.**

**This Court is willing to assist the Registrar of the Supreme Court of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.**

[COURT SEAL]

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Cc: Counsel of Record

# EXHIBIT A-1

## SUBPOENA ATTACHMENT

Pursuant to the Request for International Judicial Assistance (Letter Rogatory) issued to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and in compliance with the applicable laws of The Commonwealth of the Bahamas, MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, by and through its director, managing agent, or any other person authorized to produce the requested documents consistent with the laws of The Commonwealth of The Bahamas, shall produce for discovery, inspection, and photocopying the documents and things described herein on or before October 3, 2022, at U.S. Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131.

## DEFINITIONS

1. "You," "Your," or "SureTrader" means Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2. "Gentile" means Guy Gentile a/k/a Guy Gentile Nigro, his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, any entity or company of which he is or was a trustee, principal, director or officer, member, partner, or otherwise controlled or controls.

3. "SEC" means the U.S. Securities and Exchange Commission.

4. "Person" or "People" mean any individual, natural person, corporation, partnership, limited partnership, trust, or any other entity. Plurals and singulars are used interchangeably.

5. A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

6. "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript, photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded on tape, computer hard drive or disk or other means of recording or data entry. The term "documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

7. A document "Referring or Relating To" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

8. "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

9. "Communication" or "Communications" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, e-mail, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in document, whether prepared in anticipation of, during, or subsequent to such communications.

10. "Control" or "Controlled" shall mean the ownership, beneficial or otherwise, by any Person, directly or indirectly, of more than 50% of the voting interest or the then issued shares of an entity.

11. An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

12. "United States" means the United States, including its territories and possessions.

13. "Complaint" means the Complaint filed by the SEC in the lawsuit *Securities and Exchange Commission v. MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and Guy Gentile a/k/a Guy Gentile Nigro*, Case No.: 1:21-cv-21079-BB, in the United States District Court, Southern District of Florida.

## INSTRUCTIONS

1. This request calls for all documents in your possession, custody, or control, regardless of where such documents are located. This request includes and covers documents already in your possession, custody, or control as well as additional documents you may receive, including, but not limited to, documents from former employees of SureTrader or other non-parties to the SEC's lawsuit in the Southern District of Florida.

2. Unless otherwise stated, the time period covered by these requests shall be from January 1, 2015, through the present.

3. This request is continuing in nature. Any information or documents called for by

this request that you obtain subsequent to the service of your response to this request, shall promptly be supplied in the form of supplemental document productions.

4. In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

5. A copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control.

6. All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder or other cover or container. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or the cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

7. All documents responsive to this request that are maintained in the usual course of business in electronic format shall be produced in their native format along with software necessary to interpret such files if such software is not readily available. All such documents shall be accompanied by a listing of all file properties, commonly known as metadata, concerning such document, including all information concerning the date(s) and recipient(s) of the document, the location, and content of any attachment(s) to the document, and the location and content of any information imbedded or annotated in the document.

8. You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format if consented to by the Commission prior to the response.

9. If you object to any request, state with specificity the grounds for each such objection and produce all documents and submit all answers responsive to the remainder of the request. If you object to only part of a request, you must state the objection and answer the remainder of the request.

10. If you claim privilege or immunity with respect to any document or information, state the nature and basis of the privilege or other ground asserted as justification for withholding such information in sufficient detail to permit the Court to adjudicate the validity of the claim. This includes, at a minimum: (a) the date of the document or communication; (b) the author or speaker; (c) the addressee(s) or person to whom the communication was directed; (d) all other recipients or persons receiving the communication; (e) the type of document or communication (letter, report, memo, recording, e-mail, etc.); (f) the general subject matter of the document or communication; and (g) the specific privilege claimed.

11. If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a) the type of document;
(b) the type of information contained therein;
(c) the date(s) on which it was created;
(d) the sender(s) and recipient(s), if applicable;
(e) the date (or approximate date) on which it ceased to exist;
(f) the circumstances under which it ceased to exist;
(g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
(h) the identity of all persons having knowledge of the contents of such document; and
(i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

**DOCUMENTS REQUESTED**

1. Documents sufficient to show all Persons who were Controlled by SureTrader.

2. Documents sufficient to show all Persons who were (a) in Control of SureTrader; and (b) under common Control with SureTrader.

3. Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

4. Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

5. Documents sufficient to show all Persons who have or had an account at SureTrader. This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

6. Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

7. Documents related to or collected pursuant to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

8. Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

9. For each Person identified in response to Request #6 and resided, or were otherwise located, in the United States, Documents sufficient to show: (a) all trades executed by such Person through accounts with SureTrader; (b) all fees incurred by such Person and collected or collectable by SureTrader; and (c) all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

10. Except for Documents already produced pursuant to Request #6, all Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

11. All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes Challenge (www.timothysykes.com), Investors Underground (www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Affiliates").

12. All Communications with the Affiliates.

13. All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning soliciting customers who resided, or were otherwise located, in the United States.

14. All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

15. All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

16. All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

17. All Communications with any non-party Concerning the allegations and claims in the Complaint.

18. All Documents Related to SureTrader soliciting customers residing in, or were otherwise located, in the United States.

19. All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

20. All emails sent by SureTrader to customers residing in, or were otherwise located, in the United States.

21. All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, and witness statements Concerning the allegations and claims in the Complaint.

22. All Communications with potential witnesses or persons with knowledge of the allegations and claims in the Complaint requesting them to provide documents, testimony, or an interview.

23. All SureTrader policies, manuals, or procedures Concerning soliciting and intake of new customers.

24. All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

25. All advertisements for SureTrader on or through U.S.-based websites.

26. All invoices for advertisements for SureTrader on or through U.S.-based websites.

27. All documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

28. Documents showing which SureTrader customers were referred by the Affiliates.

29. All Documents Referring or Relating to SureTrader offering or providing a trading commission rebate.

30. Documents Referring or Relating to SureTrader providing a trading commission rebate to customers in the United States, including its territories and possessions.

31. All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

32. All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

33. All Documents showing funds received by Mint Custody Limited from U.S.-based customers.

34. All Documents showing funds received by MinTrade Technologies, LLC from U.S.-based customers.

35. All Documents showing funds transferred from Mint Custody Limited and/or MinTrade Technologies, LLC to SureTrader.

36. Organization charts or employee lists for SureTrader.

37. Audited and unaudited financial statements for SureTrader.