# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

## DEFENDANT GUY GENTILE'S MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANT MINTBROKER INTERNATIONAL, LTD. <u>FOR LACK OF SUBJECT-MATTER JURISDICTION</u>

## TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................. iii

INTRODUCTION .................................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 2

LEGAL STANDARD .............................................................................................................. 4

ARGUMENT ............................................................................................................................ 6

I.  THE SEC LACKS STANDING TO PURSUE ITS CLAIMS AGAINST
    DEFENDANT SURETRADER BECAUSE A FAVORABLE DECISION FOR THE
    SEC FROM THIS COURT WILL NOT REDRESS ANY ALLEGED INJURY
    CAUSED BY SURETRADER. ......................................................................................... 6

    A.  Under Bahamian Law, the SEC Was Required, But Failed, to Seek Leave of
        Court from the Supreme Court of the Bahamas Prior to Commencing This
        Lawsuit Asserting Claims Against SureTrader. ........................................................... 7

    B.  The SEC Cannot Recover Disgorgement or Civil Money Penalties from
        SureTrader Where, Through Its Failure to Submit a "Proof of Debt" in
        SureTrader's Liquidation Proceedings, the SEC Has Not Preserved Any Rights
        to a Potential Distribution from SureTrader's Liquidated Estate. ....................... 12

    C.  The SEC Cannot Obtain Injunctive Relief Against SureTrader Where the
        Company Has Not Effected Securities Transactions in Almost Three Years, Is
        Being Wound-Up Pursuant to an Official Liquidation, and Will Soon Be
        Dissolved. ..................................................................................................................... 15

CONCLUSION ....................................................................................................................... 17

PRAYER ................................................................................................................................. 17

REQUEST FOR HEARING OF MOTION .......................................................................... 18

**<u>TABLE OF AUTHORITIES</u>**

*Adler v. Duval County Sch. Bd.*,
    112 F.3d 1475 (11th Cir. 1997) ..................................................................................15, 16

*Al Najjar v. Ashcroft*,
    273 F.3d 1330 (11th Cir. 2001) ..........................................................................................16

*Bochese v. Town of Ponce Inlet*,
    405 F.3d 964 (11th Cir. 2005) ..............................................................................................5

*Cabalceta v. Standard Fruit Co.*,
    883 F.2d 1553 (11th Cir. 1989) ............................................................................................6

*Calzone v. Hawley*,
    866 F.3d 866 (8th Cir. 2017) ..............................................................................................12

*CAMP Legal Def. Fund, Inc. v. City of Atlanta*,
    451 F.3d 1257 (11th Cir. 2006) ............................................................................................6

*Coffie v. Fla. Crystals Corp.*,
    460 F. Supp. 3d 1297 (S.D. Fla. 2020) ................................................................................5

*Cunard Steamship Co., Ltd. v. Salen Reefer Services AB*,
    773 F.2d 452 (2d Cir. 1985)..................................................................................................7

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006)..............................................................................................................5

*De La Teja v. United States*,
    321 F.3d 1357 (11th Cir. 2003) ............................................................................................6

*DiMaio v. Democratic Nat'l Comm.*,
    520 F.3d 1299 (11th Cir. 2008) ..........................................................................................10

*Disability Rts. S.C. v. McMaster*,
    24 F.4th 893 (4th Cir. 2022) ................................................................................................5

*Doe by & through Doe v. Costa Cruise Lines N.V.*,
    No. 06-60201-CIV, 2006 WL 8432474 (S.D. Fla. May 26, 2006)........................................6

*Eagerton v. Valuations, Inc.*,
    698 F.2d 1115 (11th Cir. 1983) ............................................................................................6

*Ethredge v. Hail*,
    996 F.2d 1173 (11th Cir. 1993) ..........................................................................................16

*Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*,
   225 F.3d 1208 (11th Cir. 2000) ..................................................................................16

*Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*,
   647 F.3d 1296 (11th Cir. 2011) .................................................................................5, 6

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
   528 U.S. 167 (2000)...................................................................................................5

*Gould v. Commodore International Limited (In Liquidation)*,
   No. 665 (S.Ct. Bahamas Dec. 8, 1997) ......................................................................11

*Holland v. JPMorgan Chase Bank, N.A.*,
   2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019)............................................................12

*In re Commodore International, Ltd.*,
   242 B.R. 243 (S.D.N.Y. 1999)..............................................................................10, 11

*In re Dukes*,
   909 F.3d 1306 (11th Cir. 2018) ..............................................................................13, 14

*In re Northshore Mainland Servs., Inc.*,
   537 B.R. 192 (Bankr. D. Del. 2015) ..........................................................................9

*In re Spanish Cay Co., Ltd.*,
   161 B.R. 715 (Bankr. S.D. Fla. 1993).........................................................................9

*Jacobson v. Florida Secretary of State*,
   974 F. 3d 1236 (11th Cir. 2020) ................................................................................10

*Kelly v. Harris*,
   331 F.3d 817 (11th Cir. 2003) ....................................................................................5

*Lewis v. Governor of Alabama*,
   944 F. 3d 1287 (11th Cir. 2019) ................................................................................10

*Los Angeles v. Lyons*,
   461 U.S. 95 (1983)......................................................................................................5

*Love v. Turlington*,
   733 F.2d 1562 (11th Cir. 1984) ..................................................................................6

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 112 S.Ct. 2130 L.Ed.2d 351 (1992).................................................5, 10

*Mahon v. Ticor Title Ins. Co.*,
   683 F.3d 59 (2d Cir. 2012) ................................................................................. 12

*Matter of Culmer*,
   25 B.R. 621 (Bankr. S.D.N.Y. 1982) ..................................................................... 8

*Mulhall v. UNITE HERE Local 355*,
   618 F.3d 1279 (11th Cir. 2010) ........................................................................... 10

*Nat'l Parks Conservation Ass'n v. Norton*,
   324 F.3d 1229 (11th Cir. 2003) ............................................................................. 5

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*,
   No. 10-CV-60273, 2010 WL 11552848 (S.D. Fla. Oct. 24, 2010) ......................... 6

*Petition of Hackett*,
   184 B.R. 656 (Bankr. S.D.N.Y. 1995) ............................................................... 7, 8

*Powell v. McCormack*,
   395 U.S. 486 (1969) ............................................................................................ 16

*PPE Trade & Support, LLC v. Burnett*,
   No. 21-CV-24474, 2022 WL 19259 (S.D. Fla. Jan. 3, 2022) ................................. 6

*Raines v. Byrd*,
   521 U.S. 811 (1997) .............................................................................................. 4

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ....................................................................................... 4, 5

*Steele v. Nat'l Firearms Act Branch*,
   755 F.2d 1410 (11th Cir. 1985) ............................................................... 10, 12, 13

*Warren Tech., Inc. v. UL LLC*,
   No. 1:18-CV-21019-UU, 2018 WL 10550930 (S.D. Fla. Oct. 31, 2018),
   *aff'd*, 962 F.3d 1324 (11th Cir. 2020) .................................................................. 5

Statutes and Rules:

15 U.S.C. § 78o(a)(1) ............................................................................................ 15

15 U.S.C. § 78u(d)(3) ......................................................................................... 4, 12

## INTRODUCTION

Defendant Guy Gentile ("Gentile"), by and through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), hereby submits this Motion to Dismiss All Claims Against Defendant Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader" or the "Company") (the "Motion").

SureTrader is presently subject to official liquidation in the Bahamas and is under the control and supervision of Joint Official Liquidators ("JOLs") appointed by the Supreme Court of the Bahamas. Despite the fact that SureTrader is the primary named Defendant in this lawsuit and notwithstanding the fact that the crux of this lawsuit is premised on the SEC's allegation that *SureTrader failed to register* with the SEC, no representative of SureTrader—neither counsel for the Company nor the JOLs—has appeared in this lawsuit. The reason is clear: there is no possibility that the SEC can recover anything for its claims against SureTrader.

First, any judgment against SureTrader from this Court would not be recognized or enforced by Bahamian courts. Since March 2020, the Company has been subject to liquidation proceedings in the Bahamas. At that time, Joint Provisional Liquidators (later the JOLs) were appointed by the Supreme Court of the Bahamas to supervise and control SureTrader's liquidation. Under Bahamian law, those liquidation proceedings effected an automatic stay, requiring the SEC to obtain leave of court from the Supreme Court of the Bahamas before commencing an action against SureTrader. The SEC did not do so.

Additionally, the SEC cannot recover any of its requested relief from SureTrader. As to the SEC's requested monetary relief—disgorgement plus prejudgment interest and civil money penalties—the SEC would remain unable to collect funds from SureTrader's liquidated estate, even in the event of a favorable judgment from this Court, because the SEC failed to preserve its

status as a "potential creditor" by declining to submit a proof of debt in SureTrader's liquidation proceedings. Finally, the SEC's request for injunctive relief is simply moot, as SureTrader has been non-operational for almost three years and its dissolution is imminent.

Because there is no avenue for the SEC to obtain the recovery it seeks from SureTrader, and therefore no judgment from this Court could provide redress for those claims, the SEC lacks standing to pursue its cause of action against SureTrader. Accordingly, all claims against SureTrader should be dismissed for lack of subject-matter jurisdiction.

## FACTUAL BACKGROUND

At all times since its inception, SureTrader has been located within and governed under the laws of the Bahamas. It was registered as a broker–dealer with the Securities Commission of the Bahamas and did business in the Bahamas from 2011 until late 2019.

On March 5, 2020, the Securities Commission of the Bahamas ("SCB") filed a Winding Up Petition seeking the appointment of provisional liquidators to oversee SureTrader's liquidation. On March 17, 2020, the Supreme Court of the Bahamas issued an Order for Appointment of Provisional Liquidators, appointing Igal Wizman and Eleanor Fisher as Joint Provisional Liquidators ("JPLs") for SureTrader. [ECF 45 at 5].

Approximately one year later, the SEC filed its Complaint against SureTrader and Gentile on March 22, 2021, alleging under Count I, as to SureTrader, that the Company induced or attempted to induce the purchase or sale of securities while not registered with the SEC as a broker or dealer. [ECF 1 at 19–20]. The SEC did not seek leave from the Supreme Court of the Bahamas before initiating this action against SureTrader, which was then under provisional liquidation. By September 20, 2021, the SEC had not served either defendant and moved for alternative service. [ECF 8]. The SEC requested and was granted leave to serve SureTrader by mail. [ECF 13 at 6].

The SEC subsequently served SureTrader through five packages delivered to and received by Michael C. Miller between October 6, 2021, and October 8, 2021. [ECF 26].

On October 28, 2021, this Court conducted a *sua sponte* examination of the record, recognizing that SureTrader had failed to answer or otherwise respond to the Complaint. [ECF 31]. In the event SureTrader further failed to respond before November 4, 2021, the Court ordered the SEC to submit a Motion for Entry of Clerk's Default and cautioned that the SEC's failure to file "may result in **dismissal** without prejudice and without further notice as to [SureTrader]." [ECF 31 at 2].

The SEC filed its Motion for Entry of Clerk's Default against SureTrader on November 15, 2021. [ECF 45]. The SEC stated that it was "recently contacted by counsel for the Joint Provisional Liquidator (JPL) who was appointed in connection with the Winding Up Petition (Petition) filed by the Securities Commission of the Bahamas against SureTrader." [ECF 45, ¶ 8]. The SEC also represented to the Court that the SEC and JPL "have engaged in discussions regarding a potential resolution of the Commission's claims against SureTrader and expect to continue these discussions." [ECF 45, ¶ 8].

The Clerk's Default as to SureTrader was entered on November 16, 2021. [ECF 46]. The next day, this Court's Order on Default Judgment Procedure ordered the SEC to either (1) file a Motion for Default Final Judgment, or (2) file a Notice of Joint Liability, and again cautioned that failure to do so would "result in sanctions, including but not limited to, **dismissal** without prejudice as to these Defendants." [ECF 47]. The SEC filed a Notice of Joint Liability on November 30, 2021, seeking relief against SureTrader and Gentile, jointly and severally. [ECF 54]. Specifically, the SEC sought to recover jointly and severally from SureTrader and Gentile "disgorgement of all

ill-gotten gains or proceeds received including prejudgment interest" and "payment of civil money penalties pursuant Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3)." [ECF 54 at 2].

On December 15, 2021, the Supreme Court of the Bahamas issued a Winding Up Order, ordering SureTrader to be wound up according to the Securities Industry Act 2011, the Companies (Winding Up Amendment) Act 2011, and the Companies Liquidation Rules 2012, and ordering the appointment of Igal Wizman and Eleanor Fisher—then acting as JPLs—as Joint Official Liquidators for the Company.

On February 11, 2022, the JOLs sent a letter to "all known creditors and potential creditors" of SureTrader, indicating that a meeting of creditors and potential creditors was to be held on March 15, 2022, to "provide an update on the status of the liquidation and to deal with such other matters or resolutions as the JOLs think fit or which the Supreme Court directs." Ex. A. The letter indicated that creditors could participate in a vote at the meeting, either through attendance or via proxy, and asked any creditors or potential creditors that intended to participate to "submit a completed proof of debt form (see attached) by return email no later than 5:00 p.m. (Bahamas Islands time) on 10 March 2022." The SEC did not attend the March 15, 2022 meeting and to date the SEC has not submitted a proof of debt to the JOLs.

## **LEGAL STANDARD**

Article III of the U.S. Constitution grants federal courts the "judicial power" to resolve only "Cases" or "Controversies." U.S. Const. art. III §§ 1–2; *see Raines v. Byrd*, 521 U.S. 811, 818 (1997) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." (citation omitted)). This case-or-controversy requirement, embodied in the doctrine of standing, "confines the federal courts to a properly judicial role." *Spokeo, Inc. v.*

*Robins*, 136 S. Ct. 1540, 1547 (2016). Put differently, "[s]tanding is a doctrine that 'stems directly from Article III's case or controversy requirement,' and thus it 'implicates [federal courts'] subject matter jurisdiction.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quoting *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003)).

The Supreme Court's "standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (citation omitted). The Court has "insisted, for instance, that 'a plaintiff must demonstrate standing separately for each form of relief sought.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000); citing *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). Consistent with that principle, a plaintiff "must allege standing as to *each claim against each Defendant*." *Warren Tech., Inc. v. UL LLC*, No. 1:18-CV-21019-UU, 2018 WL 10550930, at *5 (S.D. Fla. Oct. 31, 2018) (emphasis added), *aff'd*, 962 F.3d 1324 (11th Cir. 2020); *Coffie v. Fla. Crystals Corp.*, 460 F. Supp. 3d 1297, 1306 (S.D. Fla. 2020); *accord Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 900 (4th Cir. 2022) (collecting cases).

Under settled precedent, the "irreducible constitutional minimum" of standing consists of three elements: (1) the plaintiff must have suffered an injury in fact, (2) the defendant must have caused that injury, and (3) a favorable decision must be likely to redress it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). As to the third element of redressability, it must be "likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003).

The Eleventh Circuit has instructed: "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction."

*Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277 (11th Cir. 2006); *De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003)). The Federal Rules provide the same. *See* Fed. R. Civ. P. 12(h)(3).

An objection to subject-matter jurisdiction may be raised "by any party." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) (citing *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir. 1984); *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983)); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, No. 10-CV-60273, 2010 WL 11552848, at *4 (S.D. Fla. Oct. 24, 2010); *Doe by & through Doe v. Costa Cruise Lines N.V.*, No. 06-60201-CIV, 2006 WL 8432474, at *5 (S.D. Fla. May 26, 2006). Additionally, "[a] federal court has the obligation to review *sua sponte* whether it has subject matter jurisdiction under Article III's case-or-controversy requirement." *Fla. Wildlife*, 647 F.3d at 1302; *PPE Trade & Support, LLC v. Burnett*, No. 21-CV-24474, 2022 WL 19259, at *1 (S.D. Fla. Jan. 3, 2022) (Bloom, J.).

## ARGUMENT

I.   **THE SEC LACKS STANDING TO PURSUE ITS CLAIMS AGAINST DEFENDANT SURETRADER BECAUSE A FAVORABLE DECISION FOR THE SEC FROM THIS COURT WILL NOT REDRESS ANY ALLEGED INJURY CAUSED BY SURETRADER.**

There is no dispute that SureTrader is a Bahamian entity under court-supervised liquidation in the Bahamas. Counsel for the JOLs have taken the position in correspondence with counsel for the SEC and counsel for Gentile that the Company "has no US assets and no resulting judgment in this litigation"—i.e., the above-captioned matter in the Southern District of Florida—"is enforceable outside the liquidation process [in the Bahamas]." Ex B. The SEC appears to agree and has recognized that SureTrader is "beyond the jurisdiction of this or any American Court."

[ECF 113, ¶ 8]. That is sufficient to decide the question whether a decision from this Court in favor of the SEC on its claims against SureTrader is likely to redress any alleged injury. Plainly, it is not, and the SEC lacks standing to pursue Count I and any other claims for relief against SureTrader.

Lest there be any doubt, it is clear the Supreme Court of the Bahamas would not recognize or enforce any money judgment from this Court against SureTrader in the specific circumstances here, where: *first*, the SEC failed to obtain leave of court in the Bahamas before bringing this action against an entity already subject to court-supervised liquidation proceedings in the Bahamas and, *second*, the SEC failed to preserve any prospect of collecting on its claims against SureTrader in this action by declining to submit a "proof of debt" in the liquidation proceedings in the Bahamas. Separately, any request for equitable relief against SureTrader will become moot upon the Company's imminent dissolution. All claims against SureTrader should therefore be dismissed from this action with prejudice for lack of subject-matter jurisdiction.

**A.   Under Bahamian Law, the SEC Was Required, But Failed, to Seek Leave of Court from the Supreme Court of the Bahamas Prior to Commencing This Lawsuit Asserting Claims Against SureTrader.**

"American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities." *Cunard Steamship Co., Ltd. v. Salen Reefer Services AB*, 773 F.2d 452, 458 (2d Cir. 1985). For the last two years, SureTrader's liquidation has been carried out pursuant to orders from the Supreme Court of the Bahamas. It is indisputable that the liquidation is governed by Bahamian law.

Bahamian law features a comprehensive framework for company liquidation proceedings and, specifically, it offers avenues of relief for creditors asserting claims against an entity subject to Bahamian liquidation proceedings. For example, in *Petition of Hackett*, 184 B.R. 656 (Bankr. S.D.N.Y. 1995), the U.S. Bankruptcy Court for the Southern District of New York granted

summary judgment in favor of an official liquidator appointed by the Supreme Court of the Bahamas, "enjoining the commencement or continuation of all litigation against the [official liquidator] and his property interests" in the bankruptcy proceedings, where the claim against the official liquidator was "an unliquidated, disputed claim against [the Bahamian entity]" and thus, "*under Bahamian law, there are specific procedures for the resolution of such claims* and any additional claims that [claimant] may assert." *Id.* at 657–59 (emphasis added) (citing *Matter of Culmer*, 25 B.R. 621, 630 (Bankr. S.D.N.Y. 1982)).

The Companies Act of the Bahamas, Ch. 308 (Statute Law of the Bahamas), Part VII governs the "Winding Up of Companies." Section 191 makes clear that the "winding up of a company by the court shall be deemed to commence at the time of the presentation of the petition for winding up." Additionally, Section 194 effectively provides for an automatic stay and makes clear:

> When an order has been made for winding up a company under this Act, or a provisional liquidator has been appointed, *no suit, action, or other proceedings shall be proceeded with or commenced against the company except with the leave of the court and subject to such terms as the court may impose.*

(emphasis added). At the time the SEC brought this action against SureTrader on March 22, 2021, the Company was already subject to liquidation proceedings in the Bahamas and under the supervision of court-appointed JPLs. There is no indication the SEC was granted—or even sought—leave from the Supreme Court of the Bahamas to proceed with its claims against the Company in this action during the Company's provisional liquidation. As such, Bahamian law is clear: the SEC was barred from commencing this action against SureTrader. Because the SEC brought this action in violation of Section 194, a Bahamian Court would not enforce or even recognize a judgment from this Court against SureTrader.

Notably, the Honorable Justice Ian Winder, of the Bahamian Supreme Court (the same Justice that ordered the appointment of SureTrader's JPLs) has explained, in denying and dismissing a summons seeking recognition of chapter 11 proceedings in U.S. district courts:

> Where (a) the place of incorporation and domicile of the corporations; (b) the center of main interest or principal place of business; (c) the residence or domicile of the bulk of the creditors; and (d) location of the assets, are in The Bahamas *there can be no reason to subordinate local proceedings to proceedings in a locale with such limited connection to the subject companies*.... The only insolvency proceedings, which can give true effect to the principal of modified universality, would be a unitary insolvency proceeding[] in The Bahamas.

*In re Northshore Mainland Servs., Inc.*, 537 B.R. 192, 198 (Bankr. D. Del. 2015) (citing Bahamian Court Ruling, July 31, 2015 (D.I. 435) at ¶¶ 62–63). In *Northshore Mainland*, the bankruptcy court granted motions to dismiss chapter 11 bankruptcy cases where the movants argued, *inter alia*, that "the Bahamian Supreme Court's refusal to recognize the chapter 11 cases or to enforce the automatic stay in the Bahamas effectively means that any orders entered by this Court will not be enforceable in the Bahamas." *Id*. at 204.

On this point, the U.S. Bankruptcy Court for the Southern District of Florida has recognized the commonsense conclusion that proceeding in U.S. district courts, despite the court's inability "to enter enforceable orders directly altering or restructuring rights in or against the Bahamian property" of a company undergoing Bahamian liquidation proceedings, would "most likely be futile." *In re Spanish Cay Co., Ltd.*, 161 B.R. 715, 726–27 (Bankr. S.D. Fla. 1993). The counsel for the JOLs shares that understanding here, taking the position that "no resulting judgment in this litigation is enforceable outside the liquidation process." Ex. B.

Given the discernible futility of pursing its claims against SureTrader in this Court, the SEC lacks Article III standing. The final element of Article III standing is redressability, which requires that "it must be likely, as opposed to merely speculative, that the injury will be redressed

by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotation marks omitted).

"Redressability is established when a favorable decision would amount to a significant increase in

the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered."

*Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010) (alteration and internal

quotation marks omitted). Courts must be able "to ascertain from the record whether the relief

requested is likely to redress the alleged injury," *Steele v. Nat'l Firearms Act Branch*, 755 F.2d

1410, 1415 (11th Cir. 1985); *see DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th

Cir. 2008) (dismissing complaint for lack of standing because it did not "suggest in any way how

[the] 'injury' could be redressed by a favorable judgment"). Further, "it must be the effect of the

court's judgment on the defendant—not an absent third party—that redresses the plaintiff's injury."

*Lewis v. Governor of Alabama*, 944 F. 3d 1287, 1301 (11th Cir. 2019). Notwithstanding any

"persuasive effect a judicial order may have upon . . . absent nonparties who are not under the

[defendant's] control," such a presumed effect "cannot suffice to establish redressability."

*Jacobson v. Florida Secretary of State*, 974 F. 3d 1236, 1254 (11th Cir. 2020).

Here, because Bahamian courts would not enforce or even recognize any judgment from

this Court against SureTrader, it is *not likely* that a favorable decision from this court would

provide the SEC any redress. *In re Commodore International, Ltd.*, concerned an action to pursue

preferential treatment claims in the U.S. bankruptcy court brought by an unsecured creditors

committee, acting on behalf of debtors, which were Bahamian corporations subject to liquidation

proceedings pending in the Supreme Court of the Bahamas. 242 B.R. 243, 247 (S.D.N.Y. 1999).

A secured creditor moved the dismiss the complaint on the basis of, among others,[1] lack of

---

[1] In dismissing the complaint, the court in *In re Commodore International, Ltd.* additionally
concluded that it lacked personal jurisdiction over the secured creditor–movant, and that, under

standing. *Id.* at 248. The bankruptcy court agreed. In concluding that the committee lacked standing, the court relied on the ruling of the Supreme Court of the Bahamas, which had determined that the liquidators' attempt to delegate to the committee the ability to bring the action on behalf of debtors was without authority, as they were obligated "under Bahamian law . . . to obtain its permission before delegating that authority to anyone." *Id.* at 250; *see also Gould v. Commodore International Limited (In Liquidation)*, No. 665 (S. Ct. Bahamas Dec. 8, 1997) (Protocol ¶ M).

Similarly, here, the SEC was required under Bahamian law to obtain prior approval from the Supreme Court of the Bahamas before initiating this lawsuit against a Bahamian entity subject to liquidation proceedings. By failing to seek leave of court, the SEC "assumed the risk" that its ability to litigate this proceeding "might prove to be illusory." *Id.*

In sum, by initiating this action against SureTrader without leave of court from the Supreme Court of the Bahamas, and in direct contravention of Section 194 of the Companies Act, the SEC disregarded the preliminary requirement to pursue claims against a Bahamian company undergoing court-supervised liquidation. Because the Bahamian courts would not recognize or enforce a judgment from this Court outside the liquidation proceedings, allowing the SEC's claims against SureTrader to proceed in this action would be futile. And, because the SEC's claims against SureTrader are futile, the SEC lacks the requisite redressability to demonstrate Article III standing and this case must be dismissed for lack of subject-matter jurisdiction.

---

principles of comity "the Bahamas court clearly has a superior interest in resolving this dispute." *Id.* at 263–65.

**B. The SEC Cannot Recover Disgorgement or Civil Money Penalties from SureTrader Where, Through Its Failure to Submit a "Proof of Debt" in SureTrader's Liquidation Proceedings, the SEC Has Not Preserved Any Rights to a Potential Distribution from SureTrader's Liquidated Estate.**

In addition to the SEC's disregard for its preliminary requirement under Bahamian law to obtain leave of court prior to commencing an action against a Bahamian entity undergoing liquidation, the SEC also failed to preserve any interest as a potential creditor in SureTrader's liquidated estate.

In its Notice of Joint Liability,[2] the SEC made clear that it is seeking monetary relief from SureTrader. Specifically, it seeks to recover disgorgement (plus prejudgment interest) and civil money penalties (pursuant to 15 U.S.C. § 78u(d)(3)) from SureTrader and Gentile, jointly and severally.[3] However, because the SEC cannot recover any monetary relief from SureTrader, it lacks Article III standing to continue to pursue its claims against it.

As addressed above, Article III standing requires redressability, whereby the court must be able "to ascertain from the record whether the relief requested is likely to redress the alleged

---

[2] The SEC's intent to hold Gentile jointly and severally liable for any disgorgement award or civil money penalties that may be awarded against SureTrader clearly affects Gentile's rights and liabilities, discounting any potential argument by the SEC that Gentile lacks standing to challenge the SEC's claims against SureTrader. Notwithstanding, and more importantly, Gentile's Motion seeks to alert the Court of its lack of subject-matter jurisdiction over the SEC's claims against SureTrader, as neither the SEC nor this Court can do anything to remedy the SEC's failure to preserve redressability for those claims.

[3] That the SEC seeks to hold Gentile jointly and severally liable for SureTrader's registration violation does nothing to remedy the fact that the SEC's inability to recover from SureTrader defeats its standing as to its cause of action *against SureTrader. See, e.g.*, *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) ("Article III standing to sue *each* defendant also requires a showing that *each* defendant caused his injury and that an order of the court against *each* defendant could redress the injury." (emphasis added)); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012) (rejecting the argument that "plaintiff's injury resulting from the conduct of one defendant should have any bearing on her Article III standing to sue other defendants"); *Holland v. JPMorgan Chase Bank, N.A.*, 2019 WL 4054834, at *6 (S.D.N.Y. Aug. 28, 2019) ("A plaintiff proceeding against multiple defendants must establish standing as to each defendant and each claim.").

injury," *Steele,* 755 F.2d at 1415. Additionally, any "persuasive" effect the court's judgment may have on an absent third party "cannot suffice to establish redressability." *Jacobson*, 974 F. 3d at 1236.

Here, the SEC cannot demonstrate in any way how SureTrader's registration violation would be redressed by a judgment from this Court awarding the SEC disgorgement and civil money penalties where, due to its own inaction, there is simply no remaining avenue for the SEC to obtain even a dollar from SureTrader.

The SEC was afforded, but declined to pursue its opportunity to assert its alleged rights against SureTrader in the Bahamian liquidation. Section 215 of the Companies Act of the Bahamas provides: "The court may fix a day on or within which creditors of the company are to prove their debts or claims, or to be excluded from the benefit of any distribution made before such debts are proved." Additionally, the Companies (Winding Up) Rules, which are Subsidiary Legislation under the Companies Act, Ch. 308, R. 50–51, require every creditor of a Company subject to a winding-up proceeding to "prove his debt," which may occur by "delivering or sending through the post to the Liquidator an affidavit verifying the debt." Further, the Bahamian Companies Liquidation Rules, 2012, make clear, that "the official liquidator of a solvent company which is being wound up by the court may require a creditor to submit a proof of debt if there is a doubt or dispute about the existence of the debt or the amount owing to the creditor." (Or. 16, R. 1). The standard form for a proof of debt is provided by CLR Form No. 24. In sum, Bahamian law requires creditors or potential creditors of a company undergoing liquidation to submit a proof of debt to preserve their rights to any distribution from the liquidated estate.[4]

---

[4] The Eleventh Circuit and U.S. Bankruptcy Code recognize a similar principle. *See In re Dukes*, 909 F.3d 1306, (11th Cir. 2018) ("If no proof of claim is filed at the outset of bankruptcy, the

In this case, the Supreme Court of the Bahamas issued a Winding Up Order, initiating SureTrader's official liquidation under the supervision and control of the JOLs (which transitioned from Joint Provisional Liquidators to Joint *Official* Liquidators), on December 15, 2021. The JOLs sent a letter to "all known creditors and potential creditors" of SureTrader, attaching a blank Form No. 24 and inviting them to submit a completed proof of debt form by March 10, 2022. Ex. A. It is Gentile's understanding that this was the applicable deadline for any creditors or potential creditors of SureTrader to submit a proof of debt to secure their claims against SureTrader's liquidated estate. To date, the SEC has not submitted a proof of debt to the JOLs.

At this point, it is evident that the SEC intentionally declined to participate in the Bahamian liquidation proceedings and purposely elected not to submit a proof of debt or appear at the first meeting of the creditors. The SEC has already represented to this Court that, as early as November 2021, it had been "contacted by counsel for the [JPL] and had "engaged in discussions regarding a potential resolution of the Commission's claims against SureTrader." [ECF 45, ¶ 8]. It follows that the SEC has remained apprised of the liquidation proceedings and was aware that creditors and potential creditors had an opportunity to submit a proof of debt form by March 10, 2022.

Additionally, it became clear during an August 18, 2022 meet and confer among the SEC's counsel, Gentile's counsel, and the JOLs' counsel that the SEC had previously indicated to the JOLs that it does not intend to submit a proof of debt. In fact, the JOLs' counsel stated several times that he does not expect the SEC to submit a proof of debt. *See also* Ex. B. ("The JOLs have requested creditor claims, do not expect any additional creditor claims and hence neither the JOLs

---

creditor typically loses its right to repayment and the debt will be discharged under § 1328(a) as 'disallowed.'").

and the Estate do not have an interest in this case."). According to the JOLs' counsel, this renders *unenforceable* any judgment from this Court against SureTrader.

As such, no order from this Court can remedy the SEC's decision not to preserve its alleged rights against SureTrader. Because the SEC was afforded the opportunity, but declined to submit a proof of debt, a favorable judgment from this Court awarding the SEC's requested monetary relief would have no effect. And, because its claims against SureTrader could not be redressed by a favorable judgment from this Court, the SEC lacks standing to pursue those claims and they should therefore be dismissed for lack of subject-matter jurisdiction.

### C. The SEC Cannot Obtain Injunctive Relief Against SureTrader Where the Company Has Not Effected Securities Transactions in Almost Three Years, Is Being Wound-Up Pursuant to an Official Liquidation, and Will Soon Be Dissolved.

Notwithstanding the above considerations with respect to the reality that Bahamian courts would not even recognize or enforce judgments against SureTrader from this Court, an order granting the SEC's requested injunctive relief against SureTrader would have zero effect.

The SEC's operative Complaint seeks permanent injunctive relief against "Defendants," including SureTrader, enjoining it "from violating the federal securities laws alleged in [the] Complaint." The sole violation SureTrader is alleged to have committed is a violation of Exchange Act Section 15(a)(1), which requires brokers or dealers that use interstate commerce to effect securities transactions to register with the SEC. 15 U.S.C. § 78o(a)(1). However, because SureTrader has been non-operational since late 2019, has been undergoing a court-ordered liquidation since early 2020, and will soon be dissolved, the SEC's request for injunctive relief is plainly moot.

The doctrine of mootness derives directly from the case-or-controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval*

*County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). As the Eleventh Circuit has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). In fact, "dismissal is required because mootness is jurisdictional." *Id*.

Section 191 of the Companies Act of the Bahamas makes clear that the "winding up of a company by the court shall be deemed to commence at the time of the presentation of the petition for winding up." In this case, the petition was presented by the Securities Commission of the Bahamas on March 5, 2020, and appointment of Joint Provisional Liquidators was ordered by the Supreme Court of the Bahamas shortly thereafter. As such, one year before the SEC brought this action against SureTrader seeking injunctive relief, it was already clear that the Company was going to be liquidated. Even assuming *arguendo* that SureTrader engaged in the alleged Exchange Act violation from March 2016 to November 2019 (which Gentile does not concede it did), any injunction against the Company after March 2020 could not carry any practical effect.

Additionally, Section 218 of the Companies Act provides: "When the affairs of the company have been completely wound up, the court may make an order that the company be dissolved from the date of such order, and the company shall be dissolved accordingly." Both the SEC and Gentile's counsel have been informed by JOLs' counsel that the liquidation is nearing a

conclusion and that the JOLs anticipate SureTrader's dissolution is forthcoming. At this point, there is no possibility SureTrader is going to effect further securities transactions that may violate the Exchange Act, and any injunctive relief granted against SureTrader would be futile because the Company is about to be dissolved. Because an order from this Court granting the SEC's requested injunctive relief against SureTrader would have no effect, the request is moot and must be dismissed.

## **CONCLUSION**

In sum, the SEC would not be able to obtain relief from SureTrader for three reasons. First, the Supreme Court of the Bahamas will not recognize any judgment against SureTrader from this Court because the SEC failed to obtain leave of court prior to commencing a lawsuit against a Bahamian entity undergoing court-ordered liquidation proceedings. Second, if this Court awarded disgorgement or civil money penalties against SureTrader, the SEC would not be able to collect on that judgment because, due to its own inaction, it failed to preserve its status as a "potential creditor" by declining to submit a proof of debt in SureTrader's liquidation proceedings. Finally, the SEC's request for injunctive relief is moot because SureTrader has been non-operational for almost three years and its dissolution is imminent. Because no judgment from this Court could provide redress for the SEC's claims against SureTrader, the SEC lacks standing to pursue those claims. Accordingly, Count I of the SEC's Complaint and any claims against SureTrader should be dismissed for lack of subject-matter jurisdiction.

## **PRAYER**

For the foregoing reasons, Defendant Gentile respectfully requests that the Court enter an order dismissing all claims against SureTrader and grant any other relief deemed just and proper.

## <u>REQUEST FOR HEARING OF MOTION</u>

Pursuant to Local Rule 7.1(b), Defendant Gentile respectfully requests a hearing on the instant motion. Gentile estimates that one hour total would be sufficient for the hearing.

Dated: September 2, 2022

<div style="margin-left:40%">

 */s/ Dayliset Rielo*

Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 2nd

day of September 2022 via CM-ECF on all counsel.

<div align="right">

*/s/ Dayliset Rielo*
Dayliset Rielo, Esq.

</div>