

From: <Warren.Gluck@hklaw.com>
Date: Fri, Aug 5, 2022 at 10:58 AM
Subject: Florida SEC/Gentile Litigation
To: <SumAl@sec.gov>, <AFORD@fordobrien.com>
CC: <Jessica.Magee@hklaw.com>, <Sydney.Alexander@hklaw.com>


Ms. Sum and Mr. Ford,


We represent the Joint Official Liquidators of Mintbroker.  As you know, we attended the hearing Friday as an interested party.


Mintbroker has no US assets and no resulting judgment in this litigation is enforceable outside the liquidation process.  The JOLs have requested creditor claims, do not expect any additional creditor claims and hence neither the JOLs and the Estate do not have an interest in this case.  Since inception

of this matter and through this time, the JOLs have seen no need to defend or otherwise participate in this matter.

The JOLs' intention is to make a maximum distribution to creditors without incurring further material fees or costs.

The JOLs are of course amenable to informally cooperating with the parties and will continue to do so – including providing any requested status or procedural updates.  However, any request for production of documents should be through the proper channels, as has been stated.

It appeared at the hearing that there is no dispute that the disputed documents in question are actually Mintbroker documents.  The JOLs have request copies of these documents.  Other than these subject documents, the JOLs only have documents that Mr. Gentile first provided.

If the parties agree that the JOLs come into the possession of the new documents, the JOLs will receive them.

The JOLs further understand that one or both parties then intend to seek production of those same documents from the JOLs or Estate.

There is more than one formal channel by which the JOLs and estate may produce documents to parties in a litigation.  One of them is obviously a properly issued letter rogatory approved by the Bahamas Court.

No matter which route taken, should the Estate or JOLs be requested to perform a substantive review in connection with any production, the JOLs will request that the parties cover any and all such reasonable costs.  We understand that the Bahamas law is clear on this circumstance and that the Estate/JOLs would not be ordered to produce or conduct a substantive review absent the parties paying such relevant costs.  We have seen the publicly filed letters rogatory and assume the same will be duly transmitted to the Bahamas Court.  In the event that the request is granted, we recommend that the parties prepare a plan to cover any related costs, as we understand that the same will be a condition of acceptance by the Bahamas Court.

In keeping with the Court's request for coordination, we would like to propose a call in the near future.  I have depositions in Oslo next week so the week after that would be best.

Thanks.

All rights, including with respect to jurisdictional defenses of Mintbroker, and the Bahamas stay, are

reserved.

**Warren Gluck** | **Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, New York 10019
Phone 212.513.3396 | Fax 212.341.7152
warren.gluck@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.