UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.
and GUY GENTILE,

    Defendants.
_____/

**ORDER MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Guy Gentile's Motion to Dismiss All Claims Against Defendant MintBroker International, Ltd. for Lack of Subject Matter Jurisdiction, ECF No. [121] ("Motion"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The Court assumes the parties' familiarity with the background and facts regarding this case. *See* ECF No. [76]. For purposes of the instant Motion, the relevant facts are as follows. Plaintiff the Securities and Exchange Commission ("SEC") asserts claims against Defendants Gentile and MintBroker International Ltd. d/b/a SureTrader ("SureTrader"). *See* ECF No. [1]. Service was executed upon SureTrader on October 6, 2021. *See* ECF No. [26]. When SureTrader failed to file a response to the Complaint, the Court directed the SEC to file a motion for entry of clerk's default, *see* ECF No. [31]. The Clerk entered default against SureTrader on November 16, 2021, *see* ECF No. [46], and the SEC thereafter filed its Notice of Joint Liability, ECF No. [54], on November 30, 2021. Since then, this case has proceeded against Defendant Gentile.

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

In the Motion, Gentile now requests that the Court dismiss the claims asserted by the SEC against SureTrader for lack of subject matter jurisdiction, challenging the SEC's standing to assert claims against SureTrader.

The Court is mindful of the obligation to ensure that subject matter exists. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). However, Gentile does not argue that the Court lacks subject matter jurisdiction with respect to the claims asserted against him; rather, he raises argument only with respect to the claims against a defaulted co-defendant. Gentile has provided no legal authority, nor has the Court found any, to support his standing to make arguments for dismissal on behalf of a co-defendant. Absent authority to the contrary, Gentile does not have standing to seek dismissal of claims that are not asserted against him.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [121]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 2, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record