UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.
and GUY GENTILE,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Defendant Guy Gentile filed a Third Party Complaint on January 21, 2022, *see* ECF No. [78], against Ernst & Young, Igal Wizman, and Eleanor Fisher (collectively, the "Third Party Defendants"). The Third Party Complaint contains no allegations with respect to where the Third Party Defendants are located.

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be perfected upon defendants within 90 days after the filing of the complaint, but the 90-day timeframe does not apply to service of process upon parties in a foreign country. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)."). "Some courts have conditioned this foreign service 'exemption' upon a showing that good faith attempts were made to serve within the [90]-day period." *Mumford v. Carnival Corp.*, 5 F. Supp. 3d 1365, 1366 (S.D. Fla. 2014) (alteration added; citation and internal quotation marks omitted).

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

In this case, even assuming that the Third Party Defendants are located outside of the United States, and that the 90-day deadline does not apply, there is no indication in the Court record that Gentile has made any effort to serve them. "A court may dismiss a case against a defendant for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure when a plaintiff fails to make diligent efforts to effect service on a foreign defendant within a reasonable time." *Blockbuster, LLC v. Grupo Mizbe, S.A.*, No. 13-62042-CIV-DIMITROULEAS, 2015 WL 12712060, at *1 (S.D. Fla. Apr. 8, 2015) (citing *Norton v. Belarus Mach. of USA, Inc.*, No. CIV.A. 2:03CV946-D, 2005 WL 1421166, at *2 (M.D. Ala. June 9, 2005)). "Because district courts need to be able to control their dockets, . . . the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005); *see also Feliz v. MacNeill*, 493 F. App'x 128, 131 (1st Cir. 2012) ("The federal rules give no specific time limit on service outside of the United States . . . , but courts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory." (internal footnote and citations omitted)); *see also Thayer v. Dial Indus. Sales, Inc.,* 85 F. Supp. 2d 263, 266 n.1 (S.D.N.Y.2000) (dismissing claims against foreign defendant for lack of prosecution, where complaint had been pending for six months and plaintiff had made no attempt to serve defendant).

As of the date of this Order, nearly eight (8) months have passed since Gentile filed the Third Party Complaint. No summonses have been issued as to the Third Party Defendants, and there is no other indication of any attempt to serve the Third Party Defendants. "Although Rule 4(m) creates an exception for service in a foreign country pursuant to subdivision (f) which sets forth procedures for such service . . . this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country." *USHA (India), Ltd. v. Honeywell Int'l, Inc.*,

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

421 F.3d 129, 133-34 (2d Cir. 2005) (alteration added; internal quotation marks and citations omitted).[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the Third Party Complaint, **ECF No. [78]**, is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 2, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] Moreover, the Third Party Complaint contains no allegations with respect to the basis for the Court's subject matter jurisdiction over the claims asserted against the Third Party Defendants. As such, the Third Party Complaint is properly dismissed without prejudice for the additional reason that the Court lacks subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)).