UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT GENTILE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING <u>DEFENDANT'S MOTION TO DISMISS</u>**

**I.    Introduction.**

The Court should summarily deny Defendant Gentile's motion for reconsideration [ECF 124] ("**reconsideration motion**") of the Court's Order denying his motion to dismiss [ECF 122]. "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party simply cannot use a motion for reconsideration to relitigate old matters or raise arguments or present evidence that could have been raised previously. *Smith v. Ocwen Fin.,* 488 F. App'x. 426, 428 (11th Cir. 2012). As Gentile himself points out, typically the "purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." Reconsideration motion at 4, quoting *Craddock v. M/Y The Golden Rule,* 110 F. Supp. 3d 1267,

Case 1:21-cv-21079-BB   Document 125   Entered on FLSD Docket 09/22/2022   Page 2 of 9

1271 (S.D. Fla. 2015). None of this is present here.[1] The Court has not made any manifest error and Gentile provides not a scintilla of newly discovered evidence. Indeed, nothing in the reconsideration motion alters the fact that (1) Gentile does not have standing to make arguments on behalf of SureTrader; (2) the Court has subject-matter jurisdiction over this entire matter; and (3) Gentile's original requested relief is improper under Fed. R. Civ. P. 12(b)(1).

**II.    Argument.**

    **A.    Gentile does not have standing to contest subject-matter jurisdiction on behalf of SureTrader.**

Gentile relies heavily on *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553 (11th Cir. 1989) for the proposition that he has standing to raise jurisdiction arguments on behalf of SureTrader. Reconsideration motion at 2, 3, 5. However, *Cabalceta* offers no such support. The issue in *Cabalceta* was whether the court had jurisdiction *at all* based on a dispute over diversity of citizenship under 28 U.S.C. § 1332 and the coinciding issue of whether removal to federal court was proper under 28 U.S.C. §1441(a). *Id.* at 1557-59. Thus, in *Cabalceta* the context of "any" party being able to raise the question of subject-matter jurisdiction is framed by whether the court should have heard the case at all, not whether one party had the right to raise the rights

---

[1] Gentile's purported authority asserting that district courts in the Eleventh Circuit are more inclined to revisit a prior order if subject-matter jurisdiction is implicated all focus on whether the entire matter should be in front of the court at all. *See* reconsideration motion at 5, citing *Skelton v. Saia,* No. 2:17-CV-00277-JEO, 2018 WL 1784381 at *2 (N.D. Ala. Apr. 13, 2018) (reconsidering whether removal to federal court was appropriate in light of diversity of citizenship issues pertaining to Alabama's survival statute and fraudulent joinder); *Sparks v. Cullman Elec. Coop.,* No. 5:15-322-MHH (et al.) 2016 WL 927032 at *2 (N.D. Ala. Mar. 11 2016) (reconsidering whether denial of motion to remand was appropriate in consolidated putative class actions); *NE 32nd St. LLC for Frank Sawyer Revocable Tr. v. United States,* No. 9:16-CV-80802-ROSENBERG/BRANNON, 2017 WL 5309358 at *1-2 (S.D. Fla. Apr. 18, 2017) (considering whether a statute of limitations issue in a real property dispute stripped the court of subject-matter jurisdiction). All are thus inapposite to the present situation.

<mark>2</mark>

of another party.[2] As Gentile cites, *Cabalceta* was quoting from *Majd-Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 902 (11th Cir. 1984), which itself was also a diversity of citizenship case.

Equally distinguishable is Gentile's reliance on *U.S. Cath. Conference v. Abortion Rts. Mobilization, Inc.,* 487 U.S. 72 (1988), reconsideration motion at 6-7. There, the nonparties were held in civil contempt for failure to comply with subpoenas *duces tecum* issued by the United States. *Id.* at 73-74. The narrow holding of the Supreme Court was that a nonparty witness may raise a claim to defend against a civil contempt adjudication by challenging the subject-matter of the district court. *Id.* at 74. Indeed, in reversing the Second Circuit, the Supreme Court distinguished its prior ruling in *Blair v. United States,* 250 U.S. 273 (1919) stating "*Blair* does not hold that the limited subject-matter jurisdiction of an Article III court may not be raised by a nonparty witness *whom the court seeks to hold in civil contempt.*" *U.S. Cath. Conference,* 487 U.S. at 77 (emphasis added). Thus, the Supreme Court's holding permitted the nonparty witnesses to redress the harm *to them* – not the harm to another party or nonparty.

As this Court has ruled, Gentile does not have the power to raise the issue of subject-matter jurisdiction on behalf of SureTrader. [ECF 122]. Gentile has offered no authority to the contrary—because he cannot.

Gentile further argues that he has the right to challenge the Court's subject-matter jurisdiction over SureTrader because there is the potential for joint and several liability between

---

[2] Telling, the Court in *Mitchell & Shapiro LLP v. Marriott Int'l Inc.,* No. 1:08-CV-1180-JTC, 2008 WL 11337749 at *1 (N.D. Ga. Jun. 20, 2008) included the bracketed phrase "over a removed case" and a citation to the Procedure After Removal statute, 28 U.S.C. § 1447(c) which properly and logically frames the use of the word 'any', stating "[h]owever [i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction [*over a removed case*], the case shall be remanded. 28 U.S.C. § 1447(c)." (emphasis added).

him and SureTrader. Gentile's argument, however, is flawed.[3] Gentile's reference to the Court's Order on Default Procedure where it stated that "[o]nce liability is resolved as to all Defendants" the Commission was to file a motion for default final judgment accompanied by the necessary prerequisites proves the point. Reconsideration motion at 8, citing ECF 47 at 2 (emphasis added).[4]

It is axiomatic that Gentile cannot be held liable *at all* unless he is in fact found liable. Joint and several liability cannot possibly attach to him unless and until this finding occurs. *See, e.g., Liu v. S.E.C.,* 140 S.Ct. 1936, 1949 (2020) (rejecting argument that individual could be held jointly and severally liable for disgorgement without first finding that the imposition of joint and several liability would not be unjust based on the specific factual circumstances); *Zelaya v. Bartholomai,* No. 02-22552-CIV-GRAHAM, 2008 WL 11333164 at *4 (S.D. Fla. Mar. 19, 2008) (assessing attorney's fees based on individual liability first before considering joint and several liability with co-judgment debtors); *ITD Indus. Inc., v. Bus. Res. Grp., Inc.,* 779 So. 2d 532, 533-34 (Fla. 2d DCA 2000) (holding trial court's jury instruction was erroneous where it

---

[3] Given that Gentile did not so much as raise this joint and several liability argument in his original motion to dismiss as a basis for his right to challenge the Court's subject-matter jurisdiction over SureTrader, he is, in-fact, barred from raising it here in his reconsideration motion. *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005) (holding that litigant cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment). Gentile's reference to joint and several liability in footnote 3 of his original motion to dismiss [ECF 121 at 12, n.3] does not advance the argument he is making here.

[4] Notably, in Gentile's reconsideration motion, he incorrectly states that the Court said a joint and several liability "order [was] forthcoming." Reconsideration motion at 8. The Court's Order on Default Procedure [ECF 47] assures no such thing. Rather, as stated, it requires the Commission to file its Motion for Default Judgment with the proper support for the Court's consideration. [ECF 47 at 2].

refused an instruction for jury to find individual liability for executive before jury considered joint and several liability for executive and corporate defendant).

Indeed, as cited by both this Court and Gentile, precedent dating back to 1872 validates that Gentile will not possibly be held jointly and severally liable unless he is first found to be individually liable. [ECF 47 at 2 citing *Frow v. De La Vega,* 82 U.S. 552, 554 (1872)]; Reconsideration motion at 8. Therefore, the notion that Gentile *might* be held jointly and severally liable has no bearing on his inability to question the Court's subject-matter jurisdiction over SureTrader. Gentile again offers no support for his purported ability to challenge the Court's subject-matter jurisdiction over SureTrader. The Court should not reconsider its original ruling.

**B.    The Court has subject-matter jurisdiction over SureTrader.**

Gentile's final argument, where he concedes that he does not have the authority to question the Court's subject-matter jurisdiction over SureTrader, rests on the premise that because the Commission did not obtain the permission of the Bahamian authorities to sue SureTrader and theoretically may not be able to obtain injunctive relief or collect disgorgement against SureTrader, the Court should itself declare that it does not have subject-matter jurisdiction over it. This too is flawed logic, a red-herring, and should be rejected.

Here, the Commission is suing the defendants under the federal securities laws. There is simply no question that this Court has subject-matter jurisdiction. *See* Sections 21(d), 21(e), and 27(a) of the Securities Exchange Act of 1934 ("**Exchange Act**"), 15 U.S.C. §§ 78u(d), (e), and 78aa(a). The Commission has alleged that SureTrader has violated *United States* federal law, specifically Section 15(a)(1) of the Exchange Act, through its actions which "help[ed] day traders *in the United States* circumvent U.S. rules that regulate pattern day trading." [Complaint,

5

ECF 1, ¶ 1 (emphasis added)]. During the defined relevant period in the complaint, it is alleged, *inter alia,* that SureTrader only permitted its customers to trade in U.S. equities, (99%) and options (1%); solicited U.S. customers through its website; and U.S. customers comprised at least 50% and, at times, 80% of SureTrader's customer base. [Id., ¶¶ 31, 47-51, 91].

There is nothing in the federal securities laws which requires the Commission to obtain the permission of a foreign government to levy allegations and bring to court an entity which has violated our federal securities laws here in the United States. Not coincidentally, Gentile offers nothing to the contrary. At bottom, Congress may confer standing on federal agencies to bring enforcement actions under its statutes. *Dir., Office of Worker's Comp. Programs v. Newport News Shipbuilding & Dry Dock Co.,* 514 U.S. 122, 133 (1995) (describing how Congress can confer standing on federal agencies to enforce statutes without infringing Article III). The Commission's police and regulatory powers here govern. *See, e.g., In re Bilzerian,* 146 B.R. 871, 873 (Bankr. M.D. Fla. 1992) (finding that SEC's claim for injunctive and equitable relief for fraud and other violations of the securities laws qualified as enforcement of its police and regulatory powers, and therefore fell within the 11 U.S.C. § 362(b)(4) exception to the automatic bankruptcy stay under § 362(a)); *SEC v. First Fin. Grp. Of Texas,* 645 F.2d 429, 436 (5th Cir. 1981)[5] (finding SEC's enforcement action exempt from automatic stay).[6]

---

[5] Pursuant to *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981 are binding on the Eleventh Circuit. *First Fin. Grp. of Texas* was decided on May 20, 1981.

[6] Notably, when a U.S. Bankruptcy Court recognizes a foreign proceeding under Chapter 15 of the Bankruptcy Code, U.S. law makes clear that such recognition cannot enjoin a police and regulatory act of a governmental unit. See 11 U.S.C. §1521(d); *In re Grant Forest Products, Inc.,* 440 B.R. 616, 621 (Bank. D. Del. 2010) (citing §1521(d) and stating, "A court is prohibited from granting relief that would 'enjoin a police or regulatory act of a governmental unit.'"). Thus, there is a clear intent by Congress that foreign insolvency proceedings – even those recognized by U.S. Bankruptcy Courts (which has not even happened here) – cannot interfere with government police and regulatory actions. Further, the Commission not filing a proof of claim in

Plainly, Congress provided for the Commission to bring enforcement actions against those such as SureTrader, which has violated the federal securities laws. *See* 15 U.S.C. § 77t(b), 78u(d)(1); *S.E.C. v. Rogers,* 283 F. App'x. 242, 243 (5th Cir. 2008) (holding that Congress has "explicitly" conferred standing for the Commission to bring enforcement actions in federal courts throughout the country); *F.T.C. v. CyberSpy Software, LLC,* No. 6:08-cv-1872-Orl-31GJK, 2009 WL 455417 at *1 (M.D. Fla. Feb. 23, 2009) (citing FTC's statutory authority to bring enforcement action in rejecting defendants' assertion that FTC lacked Article III standing).

### C. Gentile's motion under Fed. R. Civ. P. 12(b)(1) is barred.

Moreover, because Gentile seeks reconsideration of his motion to dismiss premised on alleged lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), his claim must be rejected. The court in *F.T.C. v. Hornbeam Special Situations, LLC,* No. 1:17-cv-3094-TCB, 2018 WL 6521516 at *3 (N.D. Ga. Jul. 11, 2018) addressed the very same challenge to redressability as the premise for the court's lack of Article III jurisdiction. In rejecting defendants' position, the court stated:

> Issues related to the redressability of a plaintiff's claims should not be so readily merged into the merits analysis.
>
> As the Supreme Court has held,
>
> It is firmly established ... that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case.... "[J]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (some alterations in original) (citations

---

the Bahaman liquidation is irrelevant. For example, a claim against a bankruptcy estate is not the same as a cause of action against the pre-bankruptcy entity, and thus, even when a creditor fails to file a proof of claim, when the debtor does not receive a discharge the creditor is not barred from proceeding against the entity and whatever assets might subsequently come into its possession, even after liquidation). *Borsdorf v. Fairchild Aircraft Corp. (In re Fairchild Aircraft Corp.)* 128 B.R. 976, 981-82 (Bankr. W.D. Tex. 1991).

> omitted) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). "[I]t is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell*, 327 U.S. at 684.

*Id.* The court in *Hornbeam* went on to explain, that, given that the FTC had stated a claim under its statutory enforcement authority, a 12(b)(1) motion was an improper vehicle for defendants to bring the matter before the court. *Id.* Defendants' motion was denied. *Id.* Similarly and indisputably, the Commission has stated a claim against SureTrader and it has in fact obtained a default judgment against it. [ECF 46]. Gentile's assertion under 12(b)(1) is improvidently brought and his request for reconsideration should be denied.

### III.    Conclusion.

Gentile has offered no basis for the Court to reconsider its denial of his motion to dismiss, a motion which Gentile has no right to bring and which itself is a flawed and prohibited claim under Fed. R. Civ. P. 12(b)(1). The litigation should proceed unimpeded. When Gentile's liability is resolved, the Commission will file the appropriate motion with the Court regarding SureTrader's liability and potentially Gentile's as well.

Dated September 22, 2022.

Respectfully submitted,

By: **Russell Koonin**
Alice K. Sum
Trial Counsel
Fla. Bar. No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar. No. 3270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

Russell Koonin
Senior Trial Counsel
Fla. Bar. No. 474479
Direct Dial: (305) 982-6390
Email: kooninr@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile:  (305) 536-4154