# EXHIBIT G

SUPREME COURT

AUG 3 1 2022

NASSAU, BAHAMAS

**COMMONWEALTH OF THE BAHAMAS**          COM/Com/No. 00014 of 2020

**IN THE SUPREME COURT**

**Commercial Division**

**IN THE MATTER OF** THE COMPANIES ACT, Ch. 308

**AND IN THE MATTER OF an Application under the Securities Industry Act, 2011**

**AND**

**IN THE MATTER OF MINTBROKER INTERNATIONAL, LTD. (FORMERLY SWISS AMERICA SECURITIES, LTD.) T/A SURE TRADER Swiss America Securities, a Registered Securities Firm**

## AFFIDAVIT OF ZELMA WILSON

I, **ZELMA WILSON** of the Western District of the Island of New Providence, one of the Islands of the Commonwealth of The Bahamas, Chartered Accountant, make Oath and say as follows:

1.    I am a Director at the accounting firm of EY Bahamas Ltd., Nassau, The Bahamas.  Mr. Igal Wizman of EY Bahamas Ltd., Caves Corporate Center, West Bay Street & Blake Road, P. O. Box N-3231, Nassau, The Bahamas and Mrs. Eleanor Fisher from EY Cayman Ltd., 62 Forum Lane, Camana Bay, P.O. Box 510, Grand Cayman, KY1-1106, Cayman Islands are the Joint Official Liquidators (**"JOLs"**) of MintBroker International, Ltd. ('In Official Liquidation'), **("the Company")**, and I am duly authorized to make this Affidavit on the Company's behalf.

{00803676-1}

2.    Unless otherwise stated the facts and matters deposed hereto are within my knowledge and are true.  Where the matters deposed hereto are not within my knowledge they are derived from the sources which I identify and are true to the best of my information and belief.

3.    This Affidavit is made for the purpose of exhibiting the First Report of the JOLs in the liquidation of Company in accordance with the **Companies Liquidation Rules, 2012 ("CLR")**, and the facts set out therein are true and correct to the best of my knowledge and belief.

4.    There is now produced and shown to me marked, **"ZW-1"** a full and true copy of the First Report of the JOLs dated 30 August 2022 and prepared in accordance with Order 10 of the CLR.

**SWORN TO** before me this            )

**31st day** of **August, 2022** at        )

New Providence, The Bahamas        )

Before me,

**NOTARY PUBLIC**

**COMMONWEALTH OF THE BAHAMAS**          COM/Com/No. 00014 of 2020

**IN THE SUPREME COURT**

**Commercial Division**

**IN THE MATTER OF** THE COMPANIES ACT, Ch. 308

**AND IN THE MATTER OF an Application under the Securities Industry Act, 2011**

**AND**

**IN THE MATTER OF MINTBROKER INTERNATIONAL LTD. (FORMERLY SWISS AMERICA SECURITIES LTD.) T/A SURE TRADER Swiss America Securities, a Registered Securities Firm**

## CERTIFICATE

I hereby certify that the attached is a true copy of **Exhibit "ZW-1"** referred to in the Affidavit of Zelma Wilson sworn before me this **31st day** of **August A.D., 2022.**

_____
**NOTARY PUBLIC**

# TAB 1



# MintBroker International, Ltd. (formerly Swiss America Securities, Ltd.) ("the Company"/"SASL") – in official liquidation

First Report of the Joint Official Liquidators

30 August 2022

# Contents

Disclaimer ..................................................................................................................... 2

1. JOLs' reporting requirements............................................................................ 3

2. Introduction.......................................................................................................... 4

3. Books and records............................................................................................... 7

4. Statement of affairs............................................................................................ 8

5. Assets .................................................................................................................. 10

6. Creditors ............................................................................................................. 12

7. U.S. Securities and Exchange Commission and U.S. Legal Proceedings....................... 13

8. Statutory filings ................................................................................................. 15

9. JPLs' and JOLs' fees and disbursements ................................................................ 17

10. Next steps ......................................................................................................... 19

Appendix A – JPLs' and JOLs' Receipts and payments for the period from 17 March 2020 to 5 August 2022

Appendix B – Summary of JPLs' and JOLs' time cost summaries for the period 4 March 2020 to 5 August 2022

# Disclaimer

This report ("First Report") has been prepared to provide an update to persons claiming to be creditors and the Supreme Court of The Bahamas ("the Court") as to the progress of the liquidation and should not be relied upon for any other purpose. This report should not be copied or disclosed to any third party or otherwise quoted or referred to, in whole or in part, without the prior written consent of the Joint Official Liquidators ("JOLs").

Any party that, in contravention of the terms of this disclaimer, uses this report for any other purpose does so entirely at its own risk and shall have no right of recourse against the JOLs, EY Bahamas Ltd., EY Cayman Ltd., Ernst & Young Ltd., Ernst & Young, member firms of the global network of Ernst & Young firms ("EY Firms"), its partners, directors, employees, professional advisors or agents.

The JOLs, EY Firms, their partners, directors, employees, professional advisors or agents do not accept any liability or assume any duty of care to any third party (whether it is an assignee or successor of another third party or otherwise) in respect of this report and any such party who receives a copy of this report, whether from the JOLs, EY Firms or any other source, shall have no right of recourse against the JOLs, EY Firms, their partners, directors, employees, professional advisors or agents.

# 1. JOL's reporting requirements

In accordance with an order of the Court dated 15 December 2021 ("**the December Order**") the JOLs are required to file with the Court by 31 August 2022 a written report on the progress made with the winding up of the Company, realization (if any) of the assets of the Company and disclose any other matters connected with the winding up, as the Court may from time to time direct.

Please note that this report has been prepared based on information received as at 5 August 2022.

# 2. Introduction

On 17 March 2020, the Court appointed Igal Wizman of EY Bahamas Ltd., Caves Corporate Centre West Bay Street & Blake Road Nassau, Bahamas, and Eleanor Fisher, of EY Cayman Ltd., 62 Forum Lane, Camana Bay, Grand Cayman, KY-1106, Cayman Islands (together "EY"), JPLs of the Company. On 15 December 2021, the Court appointed Igal Wizman and Eleanor Fisher, JOLs of the Company.

### Statutory information

| | |
|---|---|
| Company name: | MintBroker International, Ltd. |
| Registered Number: | 57296 |
| Company Type: | Regular (Local) Company |
| Date of Incorporation: | 10 September 2008 |
| Authorized Capital: | $5,000 divided into 5,000 shares with a par value of $1.00 each |
| Issued Share Capital: | 1,001 shares with a par value of $1.00 each |
| Registered Office/Agent: | Michael C. Miller, Kensington Chambers Number 1107 |
| Registered Agent Address: | Nassau, Bahamas P.O. Box EE-17971 |
| | This was changed to EY Bahamas Ltd., Caves Corporate Centre, West Bay Street & Blake Road, Nassau, The Bahamas, P.O. Box N-3231 |

### Company background

The Company was incorporated in the name of Swiss America Securities, Ltd. under the laws of the Commonwealth of The Bahamas as a limited liability company on 10 September 2008 pursuant to the Companies Act 1992 ("the Act"). On 10 February 2017 the name of the Company was changed to MintBroker International, Ltd. On 26 September 2011 the Company was registered under the repealed Securities Industries Act, 1999 and the repealed Securities Industry Regulations, 2000 as a broker-dealer Class II and functioned as a broker-dealer and securities investment advisor. On 30 November 2011 the Company was licensed to provide corporate services pursuant to the Financial Corporate Services Providers Act, 2000. The Company operated out of a leased property located on the island of New Providence, The Bahamas and its primary business activity consisted of online day trading services to its clients.

The Register of Members for the Company, obtained from the Registered Agent, lists Mr. Guy Gentile ("Mr. Gentile") as the majority shareholder of 1,000 shares of the Company and Michael C. Miller as the holder of one share. Mr. Gentile was also the Chief Executive Officer and managed the daily operations of the Company. At the date of the Company's provisional liquidation, the Register of Directors reported Mr. Gentile as the sole director.

The Company was regulated in The Bahamas by The Securities Commission of The Bahamas (the "SCB").

Based on a search of the Registrar General Department's online portal, the Company's status is listed as active and the last annual fees were paid on 22 January 2019.

### Appointment of liquidators

On 5 March 2020 the petition to wind up the Company was presented to the Court by the SCB under section 134 of the Securities Industry Act, 2011 in conjunction with the Companies Act, 1992 after information requested by SCB was not provided. The SCB had requested information to support a request by the Company for its voluntary surrender of its registration. In support of the petition Igal Wizman and Eleanor Fisher, partners at EY provided their consent to act as provisional liquidators of the Company pursuant to the Companies Liquidation Rules, 2021 ("CLR") Order 3, Rule 4.

By Court order dated 17 March 2020 (the "PL Appointment Order") Igal Wizman and Eleanor Fisher were appointed as Joint Provisional Liquidators ("JPLs") of the Company. The JPLs in accordance with Order 5, Rule 3 of the CLR advertised their appointment on 26 March 2020.

The Court ordered that the winding up petition be heard on 19 May 2020 and advertised locally in The Bahamas, in Canada, the United States of America ("USA") and United Kingdom. An advertisement of winding up petition was published by the SCB in the following gazettes/newspapers:

- The Nassau Guardian, 7 - 8 April 2020 (submitted by SCB)
- Montreal Gazette, 16 April 2020 (submitted by SCB)
- Vancouver Sun, 18 April 2020 (submitted by SCB)
- Toronto Globe and Mail, 16 April 2020 (submitted by SCB)
- Miami Herald, 16 April 2020 (submitted by SCB)
- New York Post, 17 April 2020 (submitted by SCB)

The hearing of the winding up petition was subsequently delayed and was not heard until March 2021.  On 15 December 2021 the Court ordered the appointment of Igal Wizman and Eleanor Fisher as JOLs of the Company.

A statutory advertisement confirming the appointment of the JOLs was published in the following newspaper:

- The Nassau Guardian, 24 December 2021 (submitted by the JOLs)

Notice of the JOLs' appointment was distributed to the directors, shareholders, and all known and potential creditors of the Company, as well as the following parties:

- The Company's former legal advisors, Davis & Co.
- The Former Registered Agent, Kensington Chambers
- The Department of Inland Revenue
- The Registrar of Companies
- Banks
    - A Link Trading Limited
    - Bank of Montreal
    - Bank of The Bahamas
    - British Caribbean Bank
    - Capital Security Bank
    - Checkbook Inc.
    - Citibank
    - Concept Payments Corp.
    - CroinX Inc.
    - DBS Bank Ltd.
    - Deltec Bank and Trust
    - ePayPro
    - Electronic Transaction Clearing Inc.
    - EHKonnect

- Equity Bank & Trust Ltd
- Global Transaction Services Group
- Hellenic Bank
- HSBC (UK)
- Interactive Brokers LLC
- Intercash
- Key Bank
- Mistral Pay
- Neteller
- Oppenheimer & Co.
- Scotiabank
- Skrill
- TD Canada Trust
- Zoom Pay SA

- The former auditors of the Company, BDO Bahamas Ltd. ("BDO")
- The US Securities and Exchange Commission (the "SEC")
- Other service providers of the Company:
  - Atlantis
  - Bahamas Power and Light
  - Bahamas Telecommunications Company
  - Cable Bahamas
  - Cloud Carib Limited
  - Graham Real Estate Limited
  - McCarroll Real Estate

### Determination of the currency and solvency of the liquidation

On 12 January 2022, pursuant to CLR Order 16, Rule 13(3), the JOLs filed a certificate stating the currency of the liquidation as United States Dollars ("USD"). Also, the JOLs filed a certificate of the Company's financial position in which the JOLs determined that the Company's position shall be treated as doubtful solvency[1].

### Premises

On 23 March 2020 the JPLs gained access to the former office of the Company and performed a site inspection of the premises. During the inspection, a sparce quantity of paper files and electronic hardware were located. The JPLs were subsequently provided with a Deed of Surrender dated 27 November 2019 wherein the Company had surrendered the premises, fixtures, and certain furniture to the lessor. The JPLs did not identify any physical file servers or email servers on premises.

---

[1] On 29 August 2022, the JOLs, pursuant to Order 8, Rule 1 (3) of the CLRs, filed an amended certificate having determined the Company to be insolvent.

# 3. Books and records

On 25 March 2020 JPLs corresponded with Mr. Gentile, former SASL employees and the former auditors of the Company in order to request the books and records and/or Statement of Affairs. Please find below a list of persons who has received the correspondence:

- Antonio Collie (Former director, officer and employee)
- Guy Gentile (Director and majority shareholder)
- Janay Pyfrom-Symonette (Former employee)
- Michael C. Miller (Secretary and registered agent)
- BDO (Former auditors)

On 20 April 2020 Mr. Gentile provided a change of name certificate for MintBroker Group, Ltd. (formerly, Swiss America Group, Limited.) and referred to the former registered agent for the remaining requested documents.

The JOLs were provided with certain company information from, SCB, the former registered office and Davis & Co. including unaudited financial statements for various periods including 30 June 2018, 31 March 2019, 30 June 2019, 31 December 2019, and the latest audited financial statements for the period ended 31 December 2016.

The JOLs possess the following statutory and corporate information:

- Registers of directors, officers and members
- Certificate of name change and incorporation
- Certificates of registration with the SCB
- Business License Certificate
- Directors' resolution dated 30 October 2019
- Company's filings and annual payments with the registrar
- Company's TIN number in relation to Value-Added Tax ("VAT") filings
- 2018 Amended & Restated Memorandum & Articles of Association

Despite numerous attempts to recover information, the JPLs encountered challenges obtaining the Company's books and records. This was brought to the Court's attention leading to the judge instructing Mr. Gentile to deliver the Company's records to the JPLs by 12 June 2020.

On 28 August 2020 Davis & Co provided the JPLs with a google drive link to access certain books and records of the Company. However, challenges were encountered accessing same.

After extensive correspondence with Davis & Co, on 3 September 2020 the JOLs received an external hard drive containing certain books and records of the Company, specifically client information including KYC documents and trading information.

The JOLs do not appear to be in possession of all of the Company's books and records despite requests made to Davis & Co, the former Registered Agent, the former director and employees, and a service provider by the name of ASC Management that facilitated accounting services for the Company.

# 4. Statement of affairs

On 30 March 2020, pursuant to the PL Appointment Order, the JPLs requested the submission of Statements of Affairs setting out the assets and liabilities of the Company from the majority shareholder, Guy Gentile, the former registered agent, former auditors, and certain former employees. The JPLs provided a deadline to submit the same by 21 April 2020.

On 31 March 2020, in response to the request for a Statement of Affairs, the former auditors notified the JPLs that the last audited financial statements had been prepared to 31 December 2016 and that they did not possess any information belonging to the Company.

On 7 April 2020 the majority shareholder advised that there were challenges with meeting the 21 April 2020 deadline due to COVID-19 executive orders and advised that his counsel, Davis & Co would be challenging the SCB's winding up petition and the appointment of the JPLs.

On 9 February 2021 Davis & Co advised the JPLs that, following discussions with Guy Gentile, there were challenges encountered with accessing the documents needed to prepare a Statement of Affairs due to lack of cooperation from former employees since the Company was no longer in operation.

On 28 August 2020, the JPLs received an email from Davis & Co that contained an affidavit from Guy Gentile stating that the 2019 financial statements provided to the JOLs were complete and accurate however the statement of affairs to be completed by Guy Gentile was still outstanding at the time of this report.

## Financial position

The JPLs were provided with the unaudited Balance Sheets of the Company as at 31 December 2019, 30 June 2019, 31 March 2019 and 30 June 2018 and the audited financial statements as at 31 December 2016 which are summarized below.

|  | 31 December 2019 $ | 30 June 2019 $ | 31 March 2019 $ | 30 June 2018 $ |
|---|---|---|---|---|
| Total assets | 33,489 | 64,773,135 | 62,069,462 | 41,587,125 |
| Total liabilities | 0 | 40,533,668 | 38,394,080 | 25,085,926 |
| Total equity | 33,489 | 24,239,467 | 23,675,382 | 16,501,199 |

## The last prepared financial statements include the following:

- Total assets in the amount of $33,489 including $7,500 in bank accounts; $16,800 in deposits/prepaid expenses, and $9,100 in other assets
- Total liabilities were NIL
- Total equity in the amount of $33,489 was primarily made up of $305,000 in contributed capital, $1,700,000 million in retained earnings, $1,000 share capital and a net loss of $2,000,000

The last prepared audited financial statements included a qualified audit opinion as the Company did not respond to confirmation requests in relation to balances held totaling approximately $1.5 million with financial institutions. Therefore, BDO were unable to satisfy themselves as to the accuracy of these balances. In addition, BDO were also unable to confirm an adjustment totaling $1.2 million included within realized loss on investment.

**Points of interest in the last audited accounts include:**

- Several related party' receivables totalling $2.99 million, including $2.62 million believed to be related to 104 Ocean Club, Ltd.
- SASL entered into a service agreement on 31 December 2015 with Swiss America Group, Limited ("SAG") wherein SAG provided consultancy services in the areas of technology, marketing support and advice on business strategy for $400k per month. The balance owed to SAG as at 31 December 2016 totalled $3.5 million

# 5. Assets

As outlined in the section above, the most recent financial statements are dated 31 December 2019 and were prepared by the former management of the Company and are unaudited. Based on the information contained within these accounts, there were no material, readily realizable assets available to meet the costs of the liquidation and make distributions to the creditors of the Company.

The JPLs did not identify any cash or investments held by the Company at the time of the JPLs appointment.

As part of further investigations into the Company' affairs, the JPLs identified a potential claim against a company named 104 Ocean Club, Ltd.

Confidential settlement agreement

Lot 104 Ocean Club

During the provisional liquidation the JPLs identified that Mr. Gentile was the beneficial owner of real property located at lot 104 Ocean Club Estates, Paradise Island, The Bahamas ("the Property"). After further investigations it was discovered that the Property was owned by 104 Ocean Club, Ltd. of which, Mr. Gentile is the shareholder and director.

The Company's 2016 audited financials reflect that 104 Ocean Club, Ltd. owed the Company $2,620,970.15 and 104 Ocean Club Ltd. was reflected as a related party of the Company on the basis of common ownership. As noted in the audited financials, the balance due was interest free with no fixed term of repayment. The former auditors provided the JPLs with a signed guarantee dated 19 December 2017 wherein Mr. Gentile, as shareholder and director of 104 Ocean Club, Ltd., guaranteed the payment of the outstanding balance to the Company. The guarantee also noted that as at 31 December 2016 the Property had a value of $3,500,000.00.

On 14 April 2020 Mr. Gentile provided the JPLs with a resolution dated 29 October 2019 wherein the directors of the Company ratified to settle the outstanding receivables in relation to the 104 Ocean Club Ltd. against outstanding payables due to MintBroker Group, Ltd.

During the period of their investigation, the JPLs were made aware that the Property was listed for sale.

In order to protect the Company's potential claim to the Property, on 8 April 2020 the JPLs applied, in Supreme Court Action No. 0023 of 2020 ("the Lot 104 Action"), for interim relief from the Court in order to preserve and maintain the Company's potential financial interest in the Property. The defendants in the Lot 104 Action were 104 Ocean Club, Ltd and Mr. Gentile ("the Lot 104 Defendants").

On 9 April 2020 the Court ordered a Freezing and Proprietary Injunction against 104 Ocean Club, Ltd ("the Injunctive Order") and scheduled a future hearing date of 8 May 2020 ("the Return Date") to determine next steps. Mr. Gentile was also ordered to provide the JPLs' counsel all relevant documents related to the Property including the most recent appraisal, conveyance, and agreement for sale (if any). On 14 May 2020 the Injunctive Order dated 9 April 2020 was renewed until further order of the Court and the return date was adjourned until after the hearing of the Company's Winding-Up Petition.

In July 2021, an offer to purchase the Property was made and, with the agreement of the Lot 104 Defendants and the JPLs, the terms of the Injunction Order were varied.

Following the sale of the Property, a confidential settlement was reached between the Lot 104 Defendants and the JPLs ("the Settlement Agreement"). The Settlement Agreement was executed on 31 March 2021 and sanctioned by the Court on 8 June 2022. The effect of the Settlement Agreement was to, amongst other things, pay $750,000 to the Estate in full and final settlement of all claims against the Lot 104 Defendants. On 23 June 2022 the Court ordered that the Lot 104 Action be discontinued. On 5 August 2022 the JOLs received the net sum of $749,565.30 (which was reduced by bank charges).

## BPL security deposit refund

On 24 March 2020 the JPLs issued a notice of appointment by email to BPL.

The JOLs have sought to obtain a refund of the Company's security deposit of BS $3,963.28 but at the date of this report has not been received.

A copy of the Company's receipt and payments account for the period 17 March 2020 to 5 August 2022 is attached at Appendix A.

# 6. Creditors

On 15 February 2022, the JOLs convened the first meeting of creditors in accordance with Order 8, Rule 2 of the CLR for the purpose of electing a liquidation committee. On this day a notice was published in the Nassau Guardian for all creditors to supply their proof of debt by 5:00p.m. on Thursday, 10 March 2022 in order to participate in the meeting that was scheduled to occur on 15 March 2022.  In accordance with Order 16, rule 3 of the Companies Liquidation Rules, 2012, a Proof of Debt ("PoD") form was distributed to every person who appeared to be a creditor of the Company.

The JOLs received PoD forms from the following potential creditors amounting to claims of $3,044,636.57 including $2,761,412.96 from a party related to Mr. Gentile.

### The first creditors' meeting

At least three creditors or all of the creditors if there are less than three in number must be present in person or by proxy for the meeting to be considered quorate, in accordance with Order 8, Rule 6 of the CLR. The Chairman noted that the meeting of creditors was inquorate, as three creditors were not present in person or by proxy.

As such the meeting was declared inquorate and duly adjourned.

### Withdrawal of claim

On 28 June 2022 the PoD filed by a related party was withdrawn.

### Summary of claims and adjudication

Since the date of the creditors' meeting, a revised PoD was received from SCB. This revised claim amounts to $314,322.37.

As at 5 August 2022, creditor claims total $324,115.48. The JOLs are in the process of adjudicating these claims.

# 7. U.S. Securities and Exchange Commission and U.S. Legal Proceedings

During the period of the provisional liquidation the JPLs were notified of a Complaint for Injunctive and Other Relief filed on 22 March 2021 ("the U.S. Legal Proceedings") by the SEC in a United States federal court ("US Court") in the state of Florida that named the Company as one of the defendants along with Mr. Guy Gentile. Due to the U.S. Legal Proceedings the JPLs provided the SEC with notice of their appointment as JOLs on 11 January 2022. The JOLs have not formally appeared in the U.S. Legal Proceedings. The JOLs engaged Holland & Knight LLP ("H&K"), counsel located in the United States, to provide legal support in relation to the U.S. Legal Proceedings and to facilitate communication with the SEC to address the agency's inquiries and requests.

On 15 November 2021, the SEC filed a motion in the U.S. Legal Proceedings, asking the US Court's clerk to enter the Company's default in the docket--a procedural mechanism under U.S. civil procedural rules indicating that a defendant has not filed an answer to a complaint or otherwise appeared in the litigation. On 16 November 2021, the U.S. Court's clerk recorded a default for the Company in the case docket. On 30 November 2021, the SEC notified the US Court of its view that the Company and Gentile are jointly liable in the matter and, therefore, a final judgment--by default or otherwise--should not be entered against the Company until the liability of Gentile is also resolved. The SEC has represented that they will not seek to enter a final judgment against the Company until its claims against Gentile have been resolved. The SEC was invited to make a claim within the Official Liquidation, and they have been informed that all of the assets of the Company will soon be distributed to admitted creditors, and that they will have no recourse for collection outside of the Official Liquidation because, inter alia, the Company and JOLs may only distribute funds to creditors that have appeared in the Official Liquidation. They were advised that the jurisdictional basis alleged in connection with the U.S. Legal Proceedings is not recognized in the Bahamas, as there is a stay on all litigation in respect of the Company, and that the Company has no assets in the United States in the event any judgment is issued.

On 24 January 2022 the SEC provided the JOLs with a document dated 21 January 2022 and titled "DEFENDANT GUY GENTILE'S ANSWER AND THIRD-PARTY COMPLAINT." In that document, Gentile listed the JOLs as Third-Party Defendants, but Gentile has amended his answer and the JOLs were subsequently removed as Third-Party Defendants in the Amended Answer, which does not contain a third-party complaint.

On 29 April 2022 the SEC wrote to the JOLs in relation to the U.S. Legal Proceedings to request a teleconference for the purpose of obtaining information regarding the status of the winding up proceedings, the JOLs receipt of the Company's books and records, and to provide updates regarding the U.S. Legal Proceedings.

Following consultation with H&K, it was agreed that proper protocol regarding international cooperation and sharing of information with foreign regulatory bodies involved the SEC either submitting its information requests directly to the SCB in the first instance, given that the SCB is the regulator of the Company in The Bahamas, and it is required for the SCB to address such matters, or to request the information via letters rogatory.

On 13 May 2022 the JOLs notified the SCB of the SEC requests and on 26 May 2022 the SCB representative advised that the SCB would liaise with SEC in order to assist with meeting the SEC's information requests and agreed to the JOLs providing the SCB representative's contact information to the SEC. The SCB representative's contact details were provided to the JOLs' US counsel who in turn provided same to the SEC.

Following consultation with H&K, the JOLs have decided not to appear in or defend the U.S. Legal Proceedings, as the JOLs have not yet identified any assets located within the United States or other interests which would benefit from the protection of the proceedings. However, the JOLs, through H&K, remain in contact with the SEC in order to engage in ongoing communication and cooperation including, for instance, providing updates on the winding up proceedings, claims process, and access to Company information. With regard to accessing Company information, the SEC and Gentile are pursuing steps, through U.S. letters rogatory and other discovery procedures, to obtain information from and about former Company employees.

# 8. Statutory filings

On 26 April 2022 the JOLs wrote to the former registered agent and Davis & Co. to request information necessary to assess the Company's compliance with certain statutory requirements/filings:

1. Confirmation of the person registered as the "responsible officer" for the Company with the Internal Revenue Service ("IRS") of the United States

2. Confirmation of log in details for the IRS registration portal

3. Confirmation of Principal Point of Contact registered with the Bahamas Automatic Exchange of Information ("AEOI") portal and log in details

4. Confirmation of who was previously responsible for Foreign Account Tax Compliance Act ("FATCA") and Common Reporting Standard ("CRS") reporting i.e., whether this was via a third-party service provider or handled internally

5. The date of the last submissions related to local and US regulatory requirements and copies of the submissions made

6. Copies of the last Value-Added Tax ("VAT") filing and log in details for the Department of Inland Revenue

7. Copies of the last Commercial Entities (Substance Requirements) Act, 2018 ("CESRA") and Register of Beneficial Ownership Act, 2018 ("ROBO") filings made and the log in details for the portals

On 27 April 2022 the former registered agent advised that they were only able to provide information relating to item number 7, specifically, the Beneficial Ownership filings. As it relates to the log in details, the registered agent advised that this was unable to be provided as it is not the Company's log in details but rather the former registered agent's log in details. Further, the former registered agent advised that since they maintained the Beneficial Ownership filings, it is uncertain whether the Company has any log in details for the portal.

On 2 May 2022 Davis & Co provided to the JOLs' local counsel a document containing various log in details to statutory filings portals. However, the document required a password in order to access and the password provided was incorrect. On 20 May 2022 Davis & Co provided the revised document and password details. Following the review and attempts to access the various portals with the usernames and passwords provided, it was concluded that the US Internal Revenue Service ("IRS") portal was the only portal with accessible login details.

## Register of Beneficial Ownership Act, 2018

On 20 December 2018, the Government of the Commonwealth of The Bahamas ("the Government") enforced the ROBO act in an effort to meet international co-operation obligations which requires the identification of beneficial owners of domestic and international business companies in The Bahamas. ROBO mandates that all legal entities in The Bahamas are required to maintain details of beneficial ownership using the Government's online ROBO portal, the Beneficial Ownership Secure Search System ("BOSS").

On 7 June 2022 the former registered agent advised that the Company's BOSS filings were completed and that the latest filings were submitted on 6 June 2022 and that all requirements have been met.

On 18 July 2020, the JOLs requested the former registered agent update the BOSS portal to reflect that the JOLs are currently the beneficial owners of the Company in accordance with section 5(1)(c) of the ROBO Act. The JOLs continue to follow up with the registered agent in relation to the status of same.

Once the above has been completed and the Company has been dissolved, the JOLs will request that the former registered agent update the status of the Company as dissolved in the BOSS portal.

Section 10(1)(a) of the ROBO Act states that once the Company has been dissolved, the information in the BOSS portal is required to be maintained for a retention period of five years.

### The Commercial Entities (Substance Requirements) Act, 2018

On 1 January 2019, the Government enacted CESRA which requires entities incorporated, registered, or continued under Bahamian law to declare economic substance within The Bahamas. The intention of CESRA is to prevent fraudulent and improper foreign tax avoidance through the use of offshore structures.

As the JOLs have not received any CESRA related books and records of the Company, the JOLs intend to liaise directly with the CESRA Competent Authority to determine the status of the Company's compliance in relation to CESRA.

### Foreign Account Tax Compliance Act/Common Reporting Standard

FATCA was enacted by the IRS in 2010 and requires foreign financial institutions and certain other non-financial foreign entities to report on the foreign assets held by their U.S. account holders.

The JOLs obtained access to the Company's IRS account and discovered the following:

- The Company is registered with the IRS with a Global Intermediary Identification Number ("GIIN") of CES7K2.99999.SL.044
- The message board within the IRS's portal contained overdue certification notices
- The Company's Financial Institution ("FI") agreement was not renewed with the IRS as required since 2017 resulting in two past due certification periods with the IRS

The JOLs are writing to the Bahamas Competent Authority to query about registration and filings as it relates to the FATCA/CRS reporting requirements.

Lastly, the JOLs will also be working towards the deregistration of the Company with the IRS.

# 9. JPLs' and JOLs' fees and disbursements

The JPLs' and JOLs' professional fees

The JPLs/JOLs fees (VAT exclusive) incurred from 4 March 2020 to 5 August 2022 total $204,800.00 and are included in the table below. The hourly rates of the liquidators and their staff have been significantly discounted from usual standard billing rates as the liquidation cost funding was uncertain. Please refer to Appendix B for the discounted billing rates.

The fees incurred for the period from 4 March 2020 to 16 March 2020 (prior to the appointment of the JPLs) relate to attending to various matters including assistance with Court filings in relation to the winding up petition, internal job acceptance procedures, planning and strategy meetings to commence the engagement and conducting investigations into the affairs of the Company.

| Description | Period | Total hours | Total fees $ |
|---|---|---|---|
| JPLs' fees | 4 March 2020 - 14 December 2021 | 514.8 | 117,365.00 |
| JOLs' fees | 15 December 2021 - 5 August 2022 | 368.8 | 87,435.00 |
| | Total | 883.6 | 204,800.00 |

Please refer to Appendix B for an analysis of the time incurred by the JPLs and JOLs by activity.

To date, the JOLs have not yet drawn any fees from the liquidation estate. The JOLs is currently in the process of preparing its fee application for Court approval.

The JPLs' and JOLs' disbursements

The JOLs disbursements from 4 March 2020 to 5 August 2022 total $1,115.02 and are included in the table below.

| Description | Total $ |
|---|---|
| Legal cost | 802.75 |
| Miscellaneous | 177.27 |
| Statutory Advertising | 135.00 |
| Total Disbursements | 1,115.02 |

JPLs'/JOLs' Legal fees and expenses

Please find below a summary of the incurred legal fees and expenses as of the date of this Report:

| Firm | Period covered | Outstanding fees $ |
|---|---|---|
| Lennox Paton | 20 March 2020 to 31 July 2022 | 256,943.70 |
| Holland & Knight | 1 November 2021 to 20 June 2022 | 55,624.00 |
| Total | | 312,567.70 |

**Petitioner's fees and expenses**

As mentioned in section 6 of this report, SCB's total claim is $314,322.37 and $57,350.00 of this amount relates to their costs associated with filing the Company's winding up petition. On 8 February 2022 the SCB, provided the JOLs with their supporting bill of costs that totals $57,350.00.

## 10. Next steps

Below are the steps that the JOLs will take to bring the liquidation to a close:

- ‣ Adjudication of creditors' claims
- ‣ Continue to liaise with BPL in relation to refund of the security deposit to the Company's FCIB account
- ‣ Liaise with the Competent Authority/IRS in relation to the statutory reporting for CESRA and FATCA/CRS
- ‣ Deregistration related to FATCA
- ‣ Make payment in satisfaction of approved petitioner's costs
- ‣ Calculation and declaration of dividend distributions to creditors
- ‣ Give notice of intention to declare final dividend to creditors
- ‣ Make dividend payments to creditors
- ‣ Apply to the Court for approval of the JPLs and JOLs fees and expenses plus payment of same
- ‣ Conclude the winding up of the Company

Should you have any queries, you may contact Mcquel Basden by email at mcquel.basden@parthenon.ey.com

Yours very truly

For and on behalf of the Company
Igal Wizman
Joint Official Liquidator

19

# Appendix A – First Caribbean account – JPLs' and JOLs' receipts and payments for the period from 17 March 2020 to 5 August 2022

**Appendix A**
**FCIB - USD account**
**Receipts and Payments account for the period 17 March 2020 to 5 August 2022**
*Account opened on 17 June 2022

| Receipts | Notes | JPLs' Receipts and Payments 17 March 2020 to 14 December 2021 | JOLs' Receipts and Payments 15 December 2021 to 5 August 2022 | JPLs' and JOLs' Receipts and Payments 17 March 2020 to 5 August 2022 |
|---|---|---|---|---|
| Proceeds from Settlement Agreement | 1 | - | 749,565.30 | 749,565.30 |
| Total receipts | | - | 749,565.30 | 749,565.30 |
| | | | | |
| **Payments** | | | | |
| Bank Charges | 2 | - | (11.25) | (11.25) |
| Total payments | | - | (11.25) | (11.25) |
| | | | | |
| Net cash balance as at 5 August 2022 | | - | 749,554.05 | 749,554.05 |

## Notes

**1. Proceeds from Settlement Agreement**
Funds held in escrow with Lennox Paton following the execution of the Settlement Agreement. Wire transfer received in FCIB account on 5 August 2022 in the amount of $749,565.30. Based on the Settlement Agreement the JOLs were to receive $750,000. The difference totaling $434.70 relates to bank charges incurred by prior to receipt of funds from the escrow account holder.

**2. Bank Charges**
Bank fees charged in the amount of $11.25 for the receipt of wire transfer sent on August 5 in relation to the proceeds from the Settlement Agreement.

# Appendix B – Summary of JPLs' and JOLs' time costs summaries for the period 4 March 2020 to 5 August 2022.

Summary of MintBroker International, Ltd. (In Official Liquidation) JPLs' time costs for the period 4 March 2020 to 14 December 2021

| Activity | Rank | | | | | Total hours | Total fee |
|---|---|---|---|---|---|---|---|
| | Liquidator / Partner | Senior Manager | Manager | Senior | Staff | | |
| Accounting and Administration | 4.7 | 25.7 | 26.1 | 43.0 | 45.6 | 145.1 | 27,360.00 |
| Assets | 11.2 | 28.6 | 0.3 | 1.5 | 7.9 | 49.5 | 14,710.00 |
| Books & Records | 0.5 | 12.6 | 1.0 | 10.3 | 3.7 | 28.1 | 6,170.00 |
| Creditors | 4.3 | 8.9 | 2.0 | 1.8 | 2.0 | 19.0 | 5,575.00 |
| Legal | 21.6 | 65.1 | 15.0 | - | 2.2 | 103.9 | 33,220.00 |
| Statutory Duties | 13.6 | 25.1 | 12.5 | 35.1 | 82.9 | 169.2 | 30,330.00 |
| Total hours | 55.9 | 166.0 | 56.9 | 91.7 | 144.3 | 514.8 | 117,365.00 |
| Rates | 450.0 | 300.0 | 250.0 | 150.0 | 100.0 | | |
| Total fee | 25,155.00 | 49,800.00 | 14,225.00 | 13,755.00 | 14,430.00 | | |

| Activity | Description of tasks |
|---|---|
| Accounting and Administration | ‣ Attending to various matters in relation to onboarding the engagement including job acceptance, planning and strategy meetings to commence the engagement<br>‣ Review relevant information in relation to the provisional liquidation<br>‣ Discussions between EY and SCB regarding the appointment, next steps and strategy<br>‣ Conduct of investigations into the affairs of the Company<br>‣ Internal meetings to discuss steps needed to progress the Company's liquidation<br>‣ Maintenance of liquidation books and records, including preparation and review of WIP analysis, preparation of legal fee analysis |
| Assets | ‣ Review of information obtained from various service providers and former key principals of the Company<br>‣ Investigations to find bank accounts<br>‣ Attending to various matters in relation to 104 Ocean Club Ltd including review of documentation and conducting investigations in order to obtain information regarding the same<br>‣ Attending to meetings and email correspondences in relation to the injunctive relief associated with 104 Ocean Club Ltd<br>‣ Attending to teleconferences and email correspondences with legal counsel, banks and real estate agents in relation to 104 Ocean Club Ltd, including review of consent order and escrow agreement<br>‣ Negotiations to arrive to a settlement agreement, the review of the settlement agreement and exchanges with legal counsel in relation to the same<br>‣ Attending to teleconferences and email correspondences with BPL in relation to closure of account and refund of security deposit |

| | |
|---|---|
| | ► Attending to investigations in relation to the Company's premises and meetings with the landlord and real estate company |
| **Books & records** | ► Attending to breach of court order regarding the delivery of the Company's books and records and Statement of Affairs plus supporting documents<br>► Review of the Company's corporate and financial documents and preparation of analysis of these documents<br>► Preparation of key contact list<br>► Attending to meetings and email correspondences in relation to obtaining approvals to the Company's premises in order to review and retrieve books and records<br>► Attending to site visit in order to collect and retrieve books and records remaining on the premises<br>► Teleconference meetings and email correspondences to request Statement of Affairs from the Company's former auditors, the director and registered agent<br>► Review of Statement of Affairs information provided and attending to meetings in relation to queries<br>► Collection of electronic hard drive provided by Davis & Co and review of the content. Addressing IT matters in relation to the transfer of the documents to the electronic engagement file |
| **Creditors** | ► Preparation and dissemination of notices to creditors<br>► Attending to correspondence with creditors and reviewing documentation provided<br>► Attending to meetings with the SCB in order to discuss next steps in relation to the progress of the liquidation of the Company including SEC order |
| **Legal** | ► Attending to general correspondence with legal counsel in order obtain guidance and to progress the liquidation of the Company<br>► Attending to correspondence with legal counsel in relation to the preparation and finalization of court documents including IW affidavit, injunction affidavit and summons<br>► Attending to court hearings in relation to injunction and review of court order in relation to the same<br>► Attending to legal matters relating to funding, indemnity agreement, preparation of petition hearing and attendance of petition hearing<br>► Preparation of and attending to notarization and apostille matters regarding JPLs' affidavits<br>► Attending to teleconferences and email correspondences with Davis & Co regarding various matters in order to progress the liquidation<br>► Attending to counsel in relation to SCB judicial review costs and taxation notice and SCB affidavits in relation to petition hearing<br>► Attending to correspondence with legal counsel in relation to Lot 104 Ocean Club matters including the sale of Lot 104 Ocean Club<br>► Attending to correspondence with legal counsel in relation to update to the Court regarding the SEC complaint and further guidance from counsel in relation to next steps required by the JPLs |

| | |
|---|---|
| | ▸ Attending to correspondence with legal counsel in relation to settling injunction relief including review of escrow agreement |
| **Statutory duties** | ▸ Preparation and finalization of statutory documents and notices, including Day 1 notices (for the provisional liquidation and the Official Liquidation), questionnaire and statement of affairs worksheet Preparation of log in relation to dissemination of the same<br>▸ Conducting research of the relevant legislation in order to obtain guidance as the liquidation progresses<br>▸ Review of the Company's IT equipment<br>▸ Attending strategy meetings in order to progress the liquidation. Conducting AML testing<br>▸ Attending to correspondence with Davis & Co. in relation to statement of affairs matter<br>▸ Attending to meetings with SCB, Davis & Co. and the JPLs in order to strategize and continue the winding up of the Company |

Summary of MintBroker International, Ltd. (in Official Liquidation) JOLs' time costs for the period 15 December 2021 to 5 August 2022

| | Rank | | | | | Total | |
|---|---|---|---|---|---|---|---|
| | Liquidator / Partner | Senior Manager | Manager | Senior | Staff | hours | Total fee |
| **Activity** | | | | | | | |
| Accounting and Administration | 1.3 | 0.5 | 19.3 | 12.4 | 20.5 | 54.0 | 9,470.00 |
| Assets | 1.7 | - | 6.6 | - | - | 8.3 | 2,415.00 |
| Books & Records | - | - | 0.7 | 1.0 | - | 1.7 | 325.00 |
| Creditors | 0.9 | 6.0 | 29.4 | - | 10.0 | 46.3 | 10,555.00 |
| Legal | 26.2 | 32.6 | 44.2 | 6.0 | - | 109.0 | 33,520.00 |
| Statutory Duties | 3.3 | 22.3 | 43.9 | 80.0 | - | 149.5 | 31,150.00 |
| **Total hours** | **33.4** | **61.4** | **144.1** | **99.4** | **30.5** | **368.8** | **87,435.00** |
| *Rates* | *450.0* | *300.0* | *250.0* | *150.0* | *100.0* | | |
| **Total fee** | **15,030.00** | **18,420.00** | **36,025.00** | **14,910.00** | **3,050.00** | | |

| Activity | Description of tasks |
|---|---|
| **Accounting and Administration** | ‣ Internal meetings to discuss steps needed to progress the Company's liquidation<br>‣ Maintenance of liquidation books and records, including preparation and review of WIP analysis, preparation of legal fee analysis<br>‣ Attending to the opening of new FCIB bank account including completion of questionnaire and KYC documents package, liaising with counsel for certification of documents and JOLs to execute the documents. Liaise with bank representatives in order to obtain access to online banking setup |
| **Assets** | ‣ Attending to various matters in relation to 104 Ocean Club Ltd including review of documentation and conducting investigations in order to obtain information regarding the same<br>‣ Attending to meetings and email correspondences in relation to injunction of 104 Ocean Club Ltd<br>‣ Attending to teleconferences and email correspondences with legal counsel, SCB and Guy Gentile in order to discuss settlement in relation to the sale of Lot 104 Ocean Club<br>‣ Attending to teleconferences and email correspondences with BPL in relation to closure of account and refund of security deposit |
| **Books & records** | ‣ Attending to correspondence with the former registered agent and ASC Management Ltd in relation to the location of the Company's books and records |
| **Creditors** | ‣ Attending to various matters including the review of creditors' claims and correspondence with creditors in relation to discrepancies identified. Internal meetings with the team in order to discuss next steps and correspondence with legal counsel regarding legal advice on next steps with regard to the adjudication of certain claims |

| Legal | |
|---|---|
| | ‣ Attending to general correspondence with legal counsel in order obtain guidance and to progress the liquidation of the Company. Review engagement letter with counsel |
| | ‣ Attending to correspondence with legal counsel in relation to the preparation and finalization of court documents including sanction affidavit and summons |
| | ‣ Attending to court hearings in relation to injunction and review of court order in relation to the same |
| | ‣ Attending to matters relating to the finalization of the settlement agreement and escrow |
| | ‣ Review of insurance filing in relation to US SEC complaint |
| | ‣ Attending to teleconferences with Guy Gentile US attorneys |
| | ‣ Attending to matters with legal counsel in relation to creditors' claims |
| **Statutory duties** | |
| | ‣ Preparation and finalization of statutory documents and notices, including Day 1 notices and advertisements in relation to the official liquidation. Preparation of log in relation to dissemination of the same |
| | ‣ Preparation and filing of currency certificate and declaration of solvency |
| | ‣ Preparation for and attending the first creditors' meeting. Preparation of first meeting minutes. Liaising with creditors in relation to meeting requirements for attendance of the meeting |
| | ‣ Attending to strategy meetings in order to progress the liquidation |
| | ‣ Research into statutory requirements and status of the Company in relation to FATCA/CRS, CESRA and ROBO. Liaise with former registered agent and Davis & Co. in relation to the same |
| | ‣ Preparation of first court report |

**COMMONWEALTH OF THE BAHAMAS**

**IN THE SUPREME COURT**

**Commercial Division**

**IN THE MATTER OF** THE COMPANIES ACT, Ch. 308

**AND IN THE MATTER OF an Application under the Securities**

**Industry Act, 2011**

**AND**

**IN THE MATTER OF MINTBROKER INTERNATIONAL, LTD.**

**(FORMERLY SWISS AMERICA SECURITIES, LTD.) T/A SURE**

**TRADER Swiss America Securities, a Registered Securities Firm**

---

**AFFIDAVIT OF**
**ZELMA WILSON**

---

**2020**

**COM/com/00014**

**LENNOX PATON**
Attorneys-at-Law
Chambers
No. 3 Bayside Executive Park
West Bay Street & Blake Road
Nassau, N.P., The Bahamas

*Attorneys for the Joint Official Liquidators*
*of MintBroker Internationa,l Ltd. (In Official Liquidation)*