**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21079-BLOOM/Otazo-Reyes**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.
and GUY GENTILE,

      Defendants.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Guy Gentile's ("Defendant" or "Gentile") Motion for Reconsideration, ECF No. [124] ("Motion"). Plaintiff Securities and Exchange Commission ("SEC") filed a Response, ECF No. [125], to which Defendant filed a Reply, ECF No. [128]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.      BACKGROUND

On September 2, 2022, Gentile filed a motion to dismiss the claims asserted by the SEC against Defendant MintBroker International, Ltd. f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader") for lack of subject matter jurisdiction. *See* ECF No. [121] ("Motion to Dismiss"). Gentile argued that the SEC failed to seek leave from the Supreme Court of the Bahamas before asserting claims against SureTrader in this case, or to submit the requisite proof of debt in SureTrader's Bahamian liquidation proceedings, and thus that the SEC lacks standing

to assert claims against SureTrader because a favorable decision in this case will not redress any injury caused by SureTrader. *Id*. Following Gentile's logic, because the SEC lacks standing to assert claims against SureTrader, the Court lacks subject matter jurisdiction over those claims. *Id*. As such, Gentile argued that the claims against SureTrader should be dismissed. *Id*. The Court denied the Motion to Dismiss, noting that Gentile did not argue that the Court lacks subject matter jurisdiction over the claims asserted against him and and he provided no support for his own standing to raise arguments on behalf of a defaulted co-defendant. *See* ECF No. [122] ("Order").

In the Motion, Gentile argues that the Court should reconsider the Order pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure, and pursuant to its obligation to consider the issue of subject matter jurisdiction whenever it may be lacking. The SEC opposes the Motion, arguing that Gentile fails to show that reconsideration of the Order is warranted.

## II.    LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at \*1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant*

*Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation

marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare."

*Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left

'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*,

No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region

8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Through this lens, the Court considers the Motion.

### III.    DISCUSSION

Gentile argues that the Court should reconsider its Order for three reasons: (1) any party

may challenge a court's subject matter jurisdiction; (2) Gentile has standing to challenge the claims

asserted against SureTrader because the SEC seeks to hold him jointly and severally liable with

SureTrader; and (3) the Court must inquire into its subject matter jurisdiction whenever it may be

lacking. Upon review, however, none of these reasons, nor any of the authorities relied upon by

Gentile, set forth a sufficient basis to warrant reconsideration.

First, the Order did not limit any potential challenge to the Court's subject matter

jurisdiction as a whole. Indeed, the Court acknowledged that it is obligated to ensure that subject

matter exists but noted that Gentile has not challenged the Court's subject matter jurisdiction with

respect to the claims asserted against him, nor has Gentile argued that the Court lacks subject

matter jurisdiction over this case as a whole. The cases relied upon by Gentile to support his

contention that any party may challenge subject matter jurisdiction do not otherwise support the

outcome he advocates here—dismissal of claims against a defaulted co-defendant for lack of

subject matter jurisdiction. For example, in *Cabalceta v. Standard Fruit Company*, the United

States Court of Appeals for the Eleventh Circuit was presented with the question of the district court's jurisdiction over an entire case, and it decided the specific issue of "whether, for the purposes of section 1332 diversity of citizenship, a domestically incorporated corporation can be deemed to have dual citizenship such as will defeat diversity when the corporation is sued by a citizen of a foreign state." 883 F.2d 1553, 1557 (11th Cir. 1989). That question is not remotely implicated in the instant case. Moreover, the Court's jurisdiction here is based upon a federal question and not diversity. Similarly, in *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, the Supreme Court held that nonparty witnesses could raise a district court's lack of subject matter jurisdiction in defense of a civil contempt citation. 487 U.S. 72, 76 (1988). Importantly, the civil contempt citations in that case were entered against the nonparty witnesses; in other words, the nonparty witnesses were challenging the district court's jurisdiction to enter orders against *them*. *See id*. Here, as previously noted, Gentile does not challenge the Court's power to issue orders or entertain the claims related to him. None of the cases cited by Gentile otherwise support dismissing the claims against SureTrader.

Second, Gentile asserts that he has standing to challenge the Court's subject matter jurisdiction over the SEC's claims against SureTrader because the SEC is seeking to hold him jointly and severally liable with SureTrader. However, the cases he cites do not provide support for his position because no default judgment has been entered against SureTrader in this case. *See Diaz v. Global Dev. Consultant, Inc.*, No. 13-20729-CV-LENARD/GOODMAN, 2015 WL 12745538, at *2 (S.D. Fla. Aug. 23, 2015) (determining standing to set aside a default judgment entered against co-defendants); *In re Air Crash Near Rio Grande Puerto Rico*, Case No. 11-md-02246-KAM, 2017 WL 11680398, * (S.D. Fla. Nov. 28, 2017) (determining standing to challenge a motion for default judgment); *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1263 n.32 (7th Cir.

1980) (considering co-defendants' standing to challenge default judgment). As the Court noted in the Order, the Clerk entered a default against SureTrader on November 16, 2021, *see* ECF No. [46], and the SEC thereafter filed a Notice of Joint Liability, ECF No. [54], on November 30, 2021. Since then, this case has proceeded against Gentile, but no final determination of liability has been made as to either SureTrader or Gentile.[1]

Third, Gentile's request for reconsideration amounts to little more than disagreement with the Court's Order. "[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing no basis for reconsideration where motion did nothing but ask the court to reexamine unfavorable ruling, absent a manifest error of law or fact). Indeed, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation and alterations omitted).

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [124]**, is **DENIED**.

---

[1] A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. "A default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Case No. 21-cv-21079-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record