UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR COURT TO ISSUE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

Plaintiff Securities and Exchange Commission, pursuant to 28 U.S.C. § 1781, hereby requests this Court issue the attached Request for International Judicial Assistance (Letter Rogatory) seeking testimony from witnesses located in The Bahamas, and states:

    1.    The Commission filed this action on March 23, 2021, alleging, among other things, that Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("SureTrader"), a Bahamian entity, and its founder, owner, and chief executive officer Guy Gentile ("Gentile") operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading.  Through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15

1

U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

2. The Commission seeks issuance of a letter rogatory to obtain oral testimony from former employees of SureTrader relevant to the allegations in the SEC's Complaint.

3. "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, n.1 (U.S. 2004). Letters rogatory "are freely granted by district courts in the United States." *In re Banco Santander Securities-Optimal Litigation*, 732 F. Supp. 2d 1305, 1338 (S.D. Fla. 2010).

4. The following are the former employees from whom the SEC seeks testimony and their title/role at SureTrader:

| Name | Title/Role at SureTrader |
| --- | --- |
| Antonio Collie | Chief Financial Officer |
| Edward Cooper | Chief Compliance Officer |
| Stephen Darville | Information Technology professional |
| Drameko Moore | Worked with Affiliates |
| Janay Symonette Pyfrom | Chief Marketing Officer |
| Jasmine Sands | Handled new accounts and reported to Cooper |

5. Because of their roles at SureTrader, the above former employees have relevant information about SureTrader and Gentile operating an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally soliciting U.S. customers, and acting as an unregistered securities broker-dealer. The areas in which these former employees are expected to have knowledge include:

    a. SureTrader's policies and procedures concerning solicitation of customers, including those from the U.S.
    b. SureTrader's marketing to potential customers, including in the U.S.

    c. SureTrader soliciting U.S. customers through
  i. the SureTrader website;
  ii. e-mail messages;
  iii. third-party websites including
    1. U.S.-based day trading websites SureTrader referred to internally as "affiliates," which offered day trading schools, courses, and advice through on demand videos and chatrooms
    2. SureTrader offering coupons for free trades and trading with as little as $500
    d. Traffic on SureTrader.com from the United States.
    e. SureTrader's customers located in the U.S.
    f. SureTrader account opening documents for U.S. customers.
    g. SureTrader's use of a web-based Internet Protocol ("IP") blocker and pop-up windows.
    h. The percentage/number of SureTrader customers that were from the U.S.
    i. SureTrader's compensation, including commissions and other related fees, on U.S.-based customer accounts.
    j. Agreements with SureTrader's "affiliates."
    k. Gentile's ownership, control, and decision-making authority for SureTrader including its and policies and procedures, operations, website content, and arrangements with "affiliates."
    l. SureTrader's use of the "Unsolicited Acknowledgement Agreement" for U.S. customers.
    m. SureTrader's compliance with U.S. laws and regulations.
    n. Status of SureTrader's company records, including whether copies were made, where they are currently maintained, and who has copies/access.

6. The Commission therefore has an interest in securing their testimony, and it is in the interests of justice that their testimony be secured. As all are Bahamian citizens residing in The Bahamas, they are beyond the jurisdiction of this or any American Court. Thus, the Commission will not be able to compel their testimony at trial. To ensure the Commission can take preserve their testimony for trial, the Commission asks the Court to issue the attached letter rogatory, requesting the assistance of the Supreme Court of the Commonwealth of The Bahamas to compel the oral testimony of the former employees in The Bahamas.

7. If the Court grants the SEC's Motion, (1) one certified copy of the Letter Rogatory will be sent by the Clerk of Court to the Registrar of the Supreme Court of The Bahamas in a pre-addressed/stamped envelope the SEC will deliver to the Clerk of Court; (2) a second certified copy of the Letter Rogatory will be sent directly by the SEC to the Registrar of the Supreme Court of

The Bahamas; and (3) a third certified copy of the Letter Rogatory will be sent by the SEC's local counsel in The Bahamas to the Registrar of the Supreme Court of The Bahamas. The SEC requests the three certified copies of the Letter Rogatory in order to expedite the process and guarantee delivery to the Registrar of the Supreme Court of The Bahamas.

**WHEREFORE**, the SEC respectfully requests that this Court grant the SEC's Motion for Issuance of Letter Rogatory and issue the Request for International Judicial Assistance, attached as Exhibit A, as follows:

(1) The Court would sign an original of the Letter Rogatory;

(2) The Court would then instruct the Clerk of this Court to enter the Letter Rogatory on the electronic docket, place the Court's official seal upon the signed Letter Rogatory;

(3) The Clerk of Court would transmit one certified copy of the Letter Rogatory to the Registrar of the Supreme Court of the Bahamas in a pre-addressed/stamped envelope the SEC will hand-deliver to the Clerk of Court;

(4) The SEC's counsel would pick up from the Clerk of Court the remaining two certified copies of the Letter Rogatory, which the SEC's counsel would then transmit one set directly to the Registrar of the Supreme Court of The Bahamas and the second set to its local counsel in The Bahamas, who may be able to expedite the process by making request to the Registrar of the Supreme Court of The Bahamas directly.

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Gentile and they do not object to the relief sought in this Motion.

October 13, 2022 					Respectfully submitted,

					Alice K. Sum
					Alice K. Sum, Esq.
					Trial Counsel
					Fla. Bar No. 354510
					Direct Dial: (305) 416-6293
					Email: sumal@sec.gov

					Attorneys for Plaintiff
					**SECURITIES AND EXCHANGE COMMISSION**
					801 Brickell Avenue, Suite 1950
					Miami, Florida 33131
					Telephone:	(305) 982-6300
					Facsimile:	(305) 536-4154