# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

_____/



## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

    TO:   Ms. Constance Delancy, Registrar of the Supreme Court of the Commonwealth of The Bahamas and / or the Appropriate Judicial Authority in The Bahamas

The United States District Court for the Southern District of Florida presents its compliments to the Registrar of the Supreme Court of the Commonwealth of The Bahamas ("Registrar of the Supreme Court of The Bahamas") and requests international judicial assistance to obtain testimony to be used in a civil proceeding before this Court in the above-captioned matter pursuant to Evidence (Proceeding in Other Jurisdictions) Act, 2000, enacted by the Parliament of The Bahamas.

### I.    SUMMARY OF ACTION

The above-captioned matter is a civil proceeding pending in the United States District Court for the Southern District of Florida. On March 23, 2021, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("SureTrader"), a Bahamian entity, and its

founder, owner, and chief executive officer Guy Gentile a/k/a Guy Gentile Nigro ("Gentile"), alleging that they operated an offshore broker-dealer in The Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading. The SEC alleges that, through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. The SEC also alleges that Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

## II. ASSISTANCE REQUIRED

The SEC wishes to obtain the oral examination of certain former employees of SureTrader who are Bahamian citizens and reside in The Bahamas. Based upon their roles/job duties at SureTrader, the SEC expects that they will have information about SureTrader and Gentile operating an offshore broker-dealer in The Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally soliciting U.S. customers, and acting as an unregistered securities broker-dealer. The specific areas in which these former employees are expected to have knowledge include:

1. SureTrader's policies and procedures concerning solicitation of customers, including those from the U.S.
2. SureTrader's marketing to potential customers, including in the U.S.
3. SureTrader soliciting U.S. customers through
    a. the SureTrader website;
    b. e-mail messages;
    c. third-party websites including
        i. U.S.-based day trading websites SureTrader referred to internally as "affiliates," which offered day trading schools, courses, and advice through on demand videos and chatrooms
        ii. SureTrader offering coupons for free trades and trading with as little as $500

4. Traffic on the SureTrader.com website from the United States.
5. SureTrader's customers located in the U.S.
6. SureTrader account opening documents for U.S. customers.
7. SureTrader's use of a web-based Internet Protocol ("IP") blocker and pop-up windows.
8. The percentage/number of SureTrader customers that were from the U.S.
9. SureTrader's compensation, including commissions and other related fees, on U.S.-based customer accounts.
10. Agreements with SureTrader's "affiliates."
11. Gentile's ownership, control, and decision-making authority for SureTrader including its and policies and procedures, operations, website content, and arrangements with "affiliates".
12. SureTrader's use of the "Unsolicited Acknowledgement Agreement" for U.S. customers.
13. SureTrader's compliance with U.S. laws and regulations.
14. Status of SureTrader's company records, including whether copies were made, where they are currently maintained, and who has copies/access.

The Supreme Court, Commonwealth of The Bahamas is requested to issue an order pursuant to Evidence (Proceedings in Other Jurisdictions) Act, 2000, subsection (5)(2)(a), permitting the SEC's counsel in the above-captioned case to conduct an oral examination of the following persons:

| Name | Title/Role at SureTrader | Last Known Contact Information |
| --- | --- | --- |
| Antonio Collie | Chief Financial Officer | 1 (242) 364 6197<br>1 (242) 423 7624 |
| Edward Cooper | Chief Compliance Officer | 1 (242) 422 4120<br>1 (242) 677 7506<br>ec_buzz@hotmail.com |
| Stephen Darville | Information Technology professional | 1 (242) 603 0800<br>1 (242) 826 4711 |
| Drameko Moore | Worked with Affiliates | 1 (242) 302 4100<br>dmoore@delchain.io |
| Janay Symonette Pyfrom | Chief Marketing Officer | 1 (242) 302 4100<br>jsymonette@deltecbank.com |
| Jasmine Sands | Handled new accounts and reported to Cooper | unknown |

3

The aforementioned individuals' testimony is requested to be given under oath or affirmation. The SEC requests that the oral examinations be taken with videographer and a stenographer to be provided by the SEC.

This Court has jurisdiction under the Federal Rules of Civil Procedure to order discovery, including depositions of witnesses within the United States upon oral examination regarding any matter that is relevant to the subject matter of the pending action. The evidence sought from the witnesses is not only relevant to discovery in this case, but is necessary for the trial of this case and may be so used by the parties because it is not otherwise obtainable by this Court through its compulsory process. The evidence sought in The Bahamas through this request is necessary in order for the Court to do justice in this case. Therefore, this Court respectfully requests that, in the interest of justice, the Supreme Court of The Bahamas issue appropriate orders, subpoenas, or other compulsory process necessary to compel the above-identified persons to attend to be orally examined.

The Court further requests that the following counsel be allowed to be present and, if necessary, ask questions:

| Party | Attorneys | Contact Information |
|---|---|---|
| Plaintiff SEC | -Alice Sum, Alise Johnson, Russell Koonin, and Teresa Verges, U.S. counsel for SEC<br><br>-Tara Archer-Glasgow, Bahamian counsel for SEC | Alice Sum<br>Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131<br>Phone: (305) 416-6293<br>Email: SumAl@sec.gov<br><br>Tara Archer-Glasgow<br>Higgs & Johnson<br>Ocean Centre, Montagu Foreshore<br>East Bay Street<br>PO Box N3247<br>Nassau, The Bahamas<br>Phone: (242) 502-5200<br>tarcher@higgsjohnson.com |

| Defendant Gentile | -Adam Ford, Matthew Ford, Steven Halpin, U.S. counsel for Gentile<br><br>-Bahamian counsel for Gentile | Adam Ford<br>Ford O'Brien Landy LLP<br>275 Madison Avenue<br>24th Floor<br>New York, New York 10016<br>Phone: (212) 858-0040<br>Email: aford@fordobrien.com |
|---|---|---|

If any objections are made during the oral examinations based on the U.S. Federal Rules of Civil Procedure, Rules of Evidence, or otherwise on U.S. law, rulings shall be made and the issue of admissibility reserved for the trial judge in the U.S. District Court for the Southern District of Florida.

This Court expresses its willingness to provide similar assistance to the Registrar of the Supreme Court of The Bahamas under appropriate circumstances and in appropriate instances.

This Court is willing to assist the Registrar of the Supreme Court of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.

[COURT SEAL]

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Cc:   Counsel of Record

# UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

FOLD HERE

