# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

## DEFENDANT GUY GENTILE'S NOTICE OF HEARING

PLEASE TAKE NOTICE that a Zoom discovery hearing will be held before the Honorable Magistrate Judge Alicia M. Otazo-Reyes at C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, 10th Floor, Miami, Florida 33128 on January 9, 2023, at 1:30 pm.[1] Pursuant to the Court's discovery procedures, including the Order entered in this matter on December 15, 2021 [Dkt. 64], Defendant Guy Gentile ("Gentile") specifies the following discovery issue that he has been unable to resolve with Plaintiff Securities and Exchange Commission (the "SEC"):

1. Guy Gentile is the founder and former Chief Executive Officer of Defendant MintBroker International, Ltd., f/ka/ Swiss America Securities Ltd., and d/b/a SureTrader ("SureTrader"), a Bahamian company headquartered in Nassau, The Bahamas.

2. In or about April or May 2022, the SEC made contact with two former employees of Defendant SureTrader: Philip Dorsett and Yaniv Frantz. Dorsett lives in the Bahamas and has

---

[1] Instructions for logging onto the Zoom hearing will be provided by Judge Otazo-Reyes's Chambers in advance.

not worked for SureTrader since 2017. Frantz lives in New York and has not worked for the company since 2018.

3. After the SEC's contact with Dorsett in or about April or May 2022, Dorsett transmitted to the SEC an unspecified number of non-email documents and approximately 11,000 emails purportedly from his SureTrader email account.

4. Around the same time, Frantz prepared to transmit approximately 33,000 email and non-email SureTrader documents to the SEC through his attorney Sean McKessy, a former SEC official.

5. The SEC did not serve Dorsett or Frantz with a subpoena or otherwise formally request documents from these individuals under the Federal Rules of Civil Procedure.

6. On or about May 9, 2022, the SEC informed counsel for Gentile about the foregoing documents it had received from Dorsett and was planning to receive from Frantz.

7. On June 3, 2022, Gentile moved for sanctions against the SEC under Rules 37 and 41 of the Federal Rules and pursuant to the Court's inherent authority for disregarding the Federal Rules and the discovery process, contravening the agency's own internal guidance on requesting information from witnesses located abroad, and inducing former employees to breach their contractual obligations to SureTrader and to violate Bahamian data-privacy law. *See generally* Mot. for Sanctions [Dkt. 86]. As relief, Gentile sought dismissal of the action.

8. In opposing the Motion, the SEC attached declarations signed under penalty of perjury by both Dorsett and Frantz. Gentile believes these declarations contain material misstatements of fact. And, having been drafted by the SEC, were done in a way to create a misleading impression of what occurred.

9.  After the Court indicated it would hold a hearing on the Motion for Sanctions, counsel for Gentile sought to obtain contact information for Dorsett and Frantz to discuss the possibility of them appearing at the hearing for examination. More specifically, on June 30, 2022, counsel for Gentile wrote the SEC to ask whether Dorsett and Frantz would be available to testify at the hearing on the Motion for Sanctions. The SEC responded on July 1, 2022, that it was not planning to have Dorsett or Frantz testify. Later that day, counsel for Gentile requested contact information for Dorsett and Frantz, or for their lawyers if they were represented.

10. On July 5, 2022, counsel for Gentile followed up with the SEC to request contact information for Dorsett and Frantz. On July 12, 2022, the SEC provided a phone number for Dorsett and contact information for Frantz's lawyer, Sean McKessy.

11. Counsel for Gentile emailed Mr. McKessy (counsel for Frantz) on July 20, 2022, July 25, 2022, and July 28, 2022, but never received any response.  (Discovery has since shown that Mr. McKessy informed the SEC during this time that he was intentioanlly "ignoring" counsel for Gentile so as to assist the SEC in its case.)

12. On July 29, 2022, counsel for Gentile contacted Dorsett at the phone number provided by the SEC. Counsel for Gentile asked Dorsett whether he was represented in the matter, to which Dorsett replied he was not. Counsel for Gentile then asked whether Dorsett was available to testify remotely at the then-upcoming hearing on Gentile's Motion for Sanctions, suggested that Dorsett confer with legal counsel, and then asked Dorsett to call back. Dorsett never called back.

13. On August 1, 2022, the Court held a hearing on Gentile's Motion for Sanctions at which neither Dorsett nor Frantz appeared. The Court ultimately denied the Motion without

prejudice and instructed the parties to confer about resolving how to handle the approximately 44,000 documents from Dorsett and Frantz.

14. At one point, the SEC proposed that Gentile split the cost of retaining a team of third-party reviewers to review the emails. Gentile demurred, taking the position that the appropriate method for the SEC to seek the documents was through a letter rogatory issued to SureTrader. The SEC agreed with that approach.

15. As such, having been instructed by this court to resolve the issue of how the SEC and Gentile could properly obtain and review the documents without any potential violation of law, the parties came to such an agreement.

16. On August 19, 2022, the SEC moved for issuance of a letter rogatory to SureTrader. [Dkt. 113]. The Court granted the motion on August 23, 2022 [Dkt. 115], the letter rogatory was transmitted, and the SEC is currently awaiting a response.

17. On December 6, 2022, the SEC wrote counsel for Gentile that the SEC is now taking the position that the letter rogatory process is taking too much time, that the SEC did not believe it had to abide by the agreement struck with Gentile in August, and had made the unilateral decision to begin reviewing the 11,000 emails from Dorsett on December 15, 2022, and that the SEC would request that Mr. McKessy transmit the 33,000 documents from Frantz so that the SEC could begin reviewing those as well.

18. On December 7, 2022, counsel for Gentile wrote back to notify the SEC that Gentile intended to request a hearing on this issue and that the SEC should not begin reviewing any documents until the Court had ruled. Counsel for Gentile and the SEC called Chambers jointly on Friday, December 9, 2022. At that time, counsel for Gentile indicated the desire to call

two witnesses at the hearing. On Monday, December 12, 2022, counsel for Gentile was informed by Chambers that a hearing date had been reserved for January 9, 2023, at 1:30 pm.

19. On Tuesday, December 13, 2022, counsel for Gentile conferred with the SEC about the January 9, 2023 discovery hearing and other scheduling issues. Counsel for Gentile asked whether the SEC would arrange for Dorsett and Frantz to be available to attend the January 9, 2023 discovery hearing without counsel for Gentile having to issue subpoenas or letters rogatory for their testimony, given that the SEC had recently noticed depositions of both individuals without undertaking such formal process for either. Counsel for the SEC indicated they would contact Dorsett and Frantz's lawyer and otherwise take the issue under advisement.

20. On Friday, December 16, 2022, the SEC wrote to inform counsel for Gentile that Dorsett would not agree to appear at the January 9, 2023 hearing voluntarily and that Mr. McKessy needed to discuss with his client (Frantz). Separately, counsel for Gentile wrote Mr. McKessy by email the evening of Friday, December 16, 2022, to ask whether he would accept a subpoena for Mr. Frantz's testimony at the January 9, 2023 hearing. As of writing, Mr. McKessy has not responded.

21. Discovery that counsel for Gentile has obtained from the SEC since shortly before the August 1, 2022 hearing and in the months that followed shows that the SEC has been in contact with Dorsett and Frantz for years, including while they were still employed at SureTrader. Such discovery shows, among other things, that the SEC was actively directing Dorsett to look for, take without authorization, and send the SEC certain SureTrader documents while he was still working for SureTrader and while Gentile was in litigation with the SEC in a case where the court had stayed discovery.

22.     Gentile has reason to believe that Dorsett and Frantz have been working as instruments of the U.S. government in surveilling Gentile and his former company, and taking corporate documents, which would preclude the SEC from using documents the two employees stole or illicitly retained from their former employer.

23.     Gentile is seeking the same relief he sought at the prior discovery hearing and which this court instructed the parties to work out among themselves, and which the parties did in fact come to an agreement on. The documents the SEC wishes to review are currently SEC from reviewing the 44,000 emails and other documents first disclosed in May 2022, Gentile reserves all rights with respect to any and all other documents Dorsett, Frantz, or any other employee or former employee of SureTrader may have transmitted to the SEC at the agency's direction.

24.     The SEC's position is that neither Dorsett nor Frantz should testify at the January 9, 2023 hearing, and that it should not be an evidentiary hearing.

25.     In light of Dorsett's explicit refusal and Frantz's apparent refusal to appear voluntarily before this Court on January 9, 2023, Gentile intends to undertake formal process to secure their appearances.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Gentile have conferred with the SEC in a good-faith effort to resolve the issues raised in the motion and have been unable to do so. Further efforts to resolve the above-mentioned discovery issue will be made before the hearing.

Dated: December 20, 2022          Respectfully submitted,

                                              */s/ Dayliset Rielo*_____

Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 20th day of December 2022 via CM-ECF on all counsel.

*/s/ Dayliset Rielo*_____
Dayliset Rielo, Esq.