UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## PLAINTIFF'S CROSS-NOTICE OF HEARING
### (JANUARY 9, 2023 AT 1:30PM)

Because Gentile's Notice of Hearing [DE 145] did not comply with the Court's discovery procedures [DE 64], goes far beyond "briefly specify[ing] the substance of the discovery matter to be heard," and contains misstatements of the procedural and factual background of the discovery dispute at issue, Plaintiff Securities and Exchange Commission, hereby files its Cross-Notice of Hearing for the discovery matter being held before the Honorable Magistrate Judge Alicia M. Otazo-Reyes at C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, 10th Floor, Miami, Florida 33128 on January 9, 2023, at 1:30 pm via Zoom and specifies, pursuant to DE 64, the disputed discovery issue as follows:

    1.    The discovery dispute concerns emails and documents in the possession of two former employees of Defendant MintBroker International, Ltd., f/ka/ Swiss America Securities Ltd., and d/b/a SureTrader's ("SureTrader").

1

2. Gentile previously filed a Motion for Sanctions against the Commission ("Motion"), claiming that the Commission improperly obtained access to the former employees' emails and documents [DE 86]. The Court denied the Motion without prejudice and ordered the parties to meet and confer regarding the handling and production of the disputed documents [DE 106].

3. After the hearing, counsel for the parties, communicated with counsel (by email and telephone conference) for the Joint Official Liquidators ("JOLs") for SureTrader in an effort to resolve the discovery dispute. A copy of the parties' email communications is attached as **Exhibit "A."**

4. During these communications, the Commission advised that it continued to stand by the arguments contained in its Response to Gentile's Motion [DE 89], including that Gentile has no standing to object and the Commission is allowed to receive voluntary production from a non-party. In an effort to move discovery along, the Commission stated that it would be amenable to seeking the documents via the Letter Rogatory process, but without prejudice to its position or rights. The Commission noted, however, that it would not request that the JOLs conduct a substantive review of the documents. To the extent that Gentile insisted on a substantive review and it was otherwise required, the Commission agreed to split the costs of such a review 50/50 with Gentile. Faced with this reasonable proposal, Gentile's counsel rejected it and instead stated that SureTrader, through the JOLs, should bear the cost of any review.

5. The Commission filed its Motion for Court to Issue Request for International Judicial Assistance [DE 113], which the Court granted and issued on August 23, 2022 [DE 115 and 116].

6. Since the Court issued the Letter Rogatory, counsel for the Commission has followed up on its status with the Bahamian authorities and confirmed that the Registrar for the

Supreme Court of The Bahamas and the Office of the Attorney General received the Letter Rogatory. As of the date of this filing, The Bahamas Supreme Court has not issued a ruling or instructions on the Letter Rogatory.

7. Because of the significant delay with the Bahamian authorities[1] with the Letter Rogatory and the upcoming March 17, 2023, discovery cutoff [DE 129], counsel for the Commission advised Gentile's counsel on December 6, 2022, that it would commence review of the former employee documents by December 15, 2022. In an attempt to address Gentile's claims of purported privilege, the Commission advised that it would not review documents containing SureTrader's counsel's names/firms (and instead would have them segregated) and requested that his counsel provide such names/firms for the Commission to search for "hits."

8. Gentile's counsel objected to the Commission commencing review of the former employees' documents and did not provide any names/firms for the Commission to search. Gentile's counsel advised it would seek a hearing with the Court on the discovery issue.

9. Although undersigned counsel spoke with Gentile's counsel briefly before contacting Magistrate Otazo-Reyes' chambers on December 9, 2022, undersigned counsel was not aware that counsel intended to request four hours for the discovery hearing and to present testimony from the two former employees until he stated this during the joint call to chambers. Gentile's counsel subsequently advised that he received a call from chambers scheduling the hearing for January 9, 2023 at 1:30pm for two hours and filed a Notice of Hearing [DE 145].

10. Although some background information on this discovery dispute is relevant, presenting testimony from witnesses, the former employees, is not necessary for the Court to resolve the dispute.

---

[1] The JOLs have advised, through their counsel, that they are working to conclude the liquidation of SureTrader as soon as possible, and upon such conclusion, there will no longer be an entity upon which the letter rogatory can be enforced.

11. Ultimately, this is a dispute over whether Gentile – individually and not on behalf of SureTrader – has a personal right or privilege upon which he can object to such production (he does not) and whether the Commission is allowed to receive and review voluntary production of documents from the non-party former employees (it can).

12. As noted in the Commission's Response to the Motion, Gentile has no standing to object to the production of documents from former SureTrader employees. The Supreme Court of the Bahamas stripped Gentile of his powers and control of SureTrader and appointed the JOLs to wind-up and make decisions for the company. The persons who have standing to take a position regarding production of documents from former SureTrader employees – the JOLs – have taken the position that they have no objection to said production and Gentile has no standing to object. [DE 89-6 and 105]. In fact, the JOLs have requested that the Commission share a copy of the documents from the former employees with the JOLs. [DE 105 at ¶ 4].

13. Gentile's arguments about whether the former employees improperly obtained the documents in violation of SureTrader company policies or Bahamian privacy laws are simply not relevant here. Although the Commission (and the former employees) dispute these accusations, the parties with standing to assert/enforce these purported rights are SureTrader (via the JOLs) and the Bahamian authorities, not Gentile. Notably, a whistleblower protection rule prohibits companies from taking any action to impede an individual from communicating directly with SEC staff about a possible securities law violation (*see* Exchange Act, Section 21F, "Whistleblower Incentives and Protection" [17 CFR § 240.21F-17]) and any privacy concerns can easily be addressed via the Confidentiality Order already in place [DE 102].

14. As such, there is absolutely no need for the Court to conduct an evidentiary hearing or consider live testimony from the former employees on January 9, 2023. The former employees' emails and documents are properly within the possession of the Commission, and the Commission

4

must move forward with its review of the documents forthwith in order to meet this Court's March 17, 2023, discovery deadline.

15. In light of Gentile's improper Notice and the issues raised herein, the Commission respectfully requests a telephonic hearing in advance of the hearing for clarification on the contours of the January 9, 2023 hearing and whether it will be an evidentiary one where testimony will be presented.

December 21, 2022

Respectfully submitted,

Alice K. Sum
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:   (305) 982-6300
Facsimile:   (305) 536-4154