**Sum, Alice**

| | |
|---|---|
| **From:** | Stephen Halpin <shalpin@fordobrien.com> |
| **Sent:** | Tuesday, August 16, 2022 5:36 PM |
| **To:** | Warren.Gluck@hklaw.com |
| **Cc:** | Sum, Alice; Jessica.Magee@hklaw.com; Sydney.Alexander@hklaw.com; Adam Ford; Johnson, Alise; Matthew Aaron Ford; Verges, Teresa |
| **Subject:** | Re: Florida SEC/Gentile Litigation |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Warren,

We look forward to speaking on Thursday. To facilitate the discussion, please note our thoughts below.

The SEC has never justified its position that it can receive stolen or illicitly retained documents obtained from former employees of SureTrader (a foreign entity and party to this case) during active litigation, outside the formal discovery process, and in violation of Bahamian law. The SEC's refrain has been: "We do this all the time," but that is not a legal argument, and after a full round of briefing and oral argument on Gentile's Motion for Sanctions we have still yet to see a citation to a statute, case, or other authority that supports the SEC's position. We have also learned since the oral argument that the SEC was actively soliciting Mr. Dorsett to look for and transmit Company documents to the SEC as early as March 2016.

The JOLs' duties, as directed by the Supreme Court of the Bahamas, are to collect Company property and records, safeguard them, and not disseminate them further absent an order from a Bahamian court. Accordingly, we agree with the SEC that it is appropriate for the JOLs to receive SureTrader documents directly from Mr. Frantz. We do not agree that it is appropriate for the SEC to transmit SureTrader documents obtained from Mr. Dorsett to the JOLs—those should likewise be obtained from Mr. Dorsett directly. The SEC should destroy all SureTrader documents it has improperly obtained.

As to the review of any such SureTrader documents received directly from Messrs. Dorsett, Frantz, or otherwise, we trust and expect that the JOLs, you, and any other counsel will act consistent with your ethical obligations and any applicable law in response to discovery requests via Letter Rogatory, which includes producing only relevant, responsive material and withholding material that is privileged. Myriad decisions from courts in the Eleventh Circuit confirm that Mr. Gentile has standing as to documents in which he has a personal interest and more broadly that he has the right to contest disclosure of mountains of irrelevant discovery that would prejudice his ability to prepare for trial.

Finally, Mr. Gentile cannot agree to pay for any document review the JOLs may, or are obligated to, perform. We have arrived at this discovery impasse in this case in part because SureTrader, a named defendant and party to this action, has refused to appear (notwithstanding Mr. Gentile's urging). We do not believe Mr. Gentile has an obligation to bear the costs of SureTrader's document review in such circumstances.

Best regards,
Steve

On Aug 15, 2022, at 6:12 PM, Warren.Gluck@hklaw.com wrote:

Thank you, Alice.  The content below is noted.  I can be available for a Thursday call at the stated times.  We will await confirmation from the FO team viz the cost sharing.

**From:** Sum, Alice <SumAl@SEC.GOV>
**Sent:** Friday, August 12, 2022 4:45 PM
**To:** Gluck, Warren E (NYC - X73396) <Warren.Gluck@hklaw.com>
**Cc:** Magee, Jessica B (DFW - X61375, FTW - X31703) <Jessica.Magee@hklaw.com>; Alexander, Sydney (MIA - X27581) <Sydney.Alexander@hklaw.com>; AFORD@FORDOBRIEN.COM; Johnson, Alise <johnsonali@SEC.GOV>; Matthew Aaron Ford <mford@fordobrien.com>; Stephen Halpin <shalpin@fordobrien.com>; Verges, Teresa <VergesT@SEC.GOV>
**Subject:** RE: Florida SEC/Gentile Litigation

*[External email]*
Dear Mr. Gluck:

Thank you for reaching out concerning this matter and SureTrader's records.

Because you attended the hearing on Gentile's motion, you are aware that the SEC stands by its position that it may receive the voluntary production of information and documents from SureTrader's former employees.  However, in the interest of moving the process along and amicably resolving the litigants' different positions on the issue, but without prejudice to or waiving the SEC's position or its rights, the SEC is amenable to seeking SureTrader records from the JOLs through a Letter Rogatory process.

The SEC is prepared to transmit the records it received (but has not reviewed) from Philip Dorsett to you or the JOLs; the SEC is also prepared to advise Yaniv Frantz' counsel, Sean McKessy, of its position and ask him to reach out to you about transmitting the records in Mr. Frantz' possession.  The SEC intends to file a motion asking the U.S. court to issue a Letter Rogatory for the documents requested in the SEC's First Request for Production, the vast majority of which were included in Gentile's Letter Rogatory request.

With regard to how the JOLs respond to Gentile and the SEC's Letters Rogatory, the SEC will not be requesting that the JOLs conduct a substantive review.  The SEC understands, however, that Gentile's position is that a substantive review must be performed to determine responsiveness to the requests and to identify possibly privileged information.  (The SEC's position is that Gentile lacks standing to assert a privilege objection as any purported privilege belongs to the company, and only the JOLs have the authority to exercise that or any other objection.)  To the extent that the SEC and Gentile are unable to agree, and a substantive review is required, the SEC will agree to split the costs of such a review 50/50 with Gentile.  The SEC of course welcomes a discussion as to how to conduct such a review in a cost effective manner.  Moreover, to the extent such a review is conducted and Gentile asserts a privilege objection, it is our position that the Judge in the U.S. case should decide whether Gentile has standing to do so and, if so, the propriety of each item identified on a privilege log.

The SEC is available for a call next week as follows: Tue. 9:30-10:30, 12-1; Wed. 1-3; Thu. 9-11, 1-2, 3-5.  Thank you.

Alice

**Alice K. Sum**
Trial Counsel
U.S. Securities and Exchange Commission

Division of Enforcement
Miami Regional Office
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Office:   305.416.6293
Mobile:   305.202.0885
Email: SumAl@sec.gov

---

**From:** Warren.Gluck@hklaw.com <Warren.Gluck@hklaw.com>
**Sent:** Friday, August 5, 2022 10:58 AM
**To:** Sum, Alice <SumAl@SEC.GOV>; AFORD@FORDOBRIEN.COM
**Cc:** Jessica.Magee@hklaw.com; Sydney.Alexander@hklaw.com
**Subject:** Florida SEC/Gentile Litigation

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Sum and Mr. Ford,

We represent the Joint Official Liquidators of Mintbroker.  As you know, we attended the hearing Friday as an interested party.

Mintbroker has no US assets and no resulting judgment in this litigation is enforceable outside the liquidation process.  The JOLs have requested creditor claims, do not expect any additional creditor claims and hence neither the JOLs and the Estate do not have an interest in this case.  Since inception of this matter and through this time, the JOLs have seen no need to defend or otherwise participate in this matter.

The JOLs' intention is to make a maximum distribution to creditors without incurring further material fees or costs.

The JOLs are of course amenable to informally cooperating with the parties and will continue to do so – including providing any requested status or procedural updates.  However, any request for production of documents should be through the proper channels, as has been stated.

It appeared at the hearing that there is no dispute that the disputed documents in question are actually Mintbroker documents.  The JOLs have request copies of these documents.  Other than these subject documents, the JOLs only have documents that Mr. Gentile first provided.

If the parties agree that the JOLs come into the possession of the new documents, the JOLs will receive them.

The JOLs further understand that one or both parties then intend to seek production of those same documents from the JOLs or Estate.

There is more than one formal channel by which the JOLs and estate may produce documents to parties in a litigation.  One of them is obviously a properly issued letter rogatory approved by the Bahamas Court.

No matter which route taken, should the Estate or JOLs be requested to perform a substantive review in connection with any production, the JOLs will request that the parties cover any and all such reasonable costs.   We understand that the Bahamas law is clear on this circumstance and that the Estate/JOLs would not be ordered to produce or conduct a substantive review absent the parties paying such

relevant costs.  We have seen the publicly filed letters rogatory and assume the same will be duly transmitted to the Bahamas Court.  In the event that the request is granted, we recommend that the parties prepare a plan to cover any related costs, as we understand that the same will be a condition of acceptance by the Bahamas Court.

In keeping with the Court's request for coordination, we would like to propose a call in the near future.  I have depositions in Oslo next week so the week after that would be best.

Thanks.

All rights, including with respect to jurisdictional defenses of Mintbroker, and the Bahamas stay, are reserved.

**Warren Gluck** | **Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, New York 10019
Phone 212.513.3396 | Fax 212.341.7152
warren.gluck@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

Stephen R. Halpin III
Associate
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
+1 (212) 858-0040 (main)
+1 (212) 444-4894 (direct)
shalpin@fordobrien.com
www.fordobrien.com

*********************************************************************************
This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments. Thank you in advance for your cooperation and assistance.
*********************************************************************************