**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S MOTION UNDER RULE 43(a) TO TAKE REMOTE TESTIMONY DURING JANUARY 9, 2023 DISCOVERY HEARING**

Defendant Guy Gentile moves under Rule 43(a) of the Federal Rules of Civil Procedure for leave to serve a subpoena on Yaniv Frantz and a letter rogatory directed to Philip Dorsett compelling their remote testimony at the upcoming January 9, 2023 discovery hearing before this Court.[1] Gentile states in support:

    1.    Frantz and Dorsett are former employees of Defendant MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader" or the "Company"), a broker–dealer formed under the laws of the Bahamas and headquartered in Nassau. Gentile founded SureTrader and previously served as its Chief Executive Officer.

    2.    Plaintiff Securities and Exchange Commission (the "SEC" or the "Agency") is seeking to use as evidence in this case approximately 44,000 emails and nonemail documents the SEC has obtained or is prepared to obtain directly from nonparty witnesses Dorsett and Frantz.

---

[1] A fuller recitation of the relevant factual background can be found in Gentile's Notice of Hearing, recently filed on December 20, 2022. [ECF No. 145].

The documents purportedly come from Dorsett's and Frantz's SureTrader email accounts or otherwise constitute Company records. It is likely such documents include privileged communications and communications to or from Gentile, making clear he has a personal right or privilege with respect to the documents at issue. *See, e.g.*, *Engelhardt v. Svensk Mgmt., Inc.*, No. 08-62063-CIV, 2009 WL 10667463, at *3 (S.D. Fla. June 9, 2009); *Contour Prods., Inc. v. Albecker*, No. 08-60575-CIV, 2009 WL 10667527, at *3 (S.D. Fla. Feb. 3, 2009).

3. The SEC has never served a subpoena, letter rogatory, or other formal request for documents on either Frantz or Dorsett. And signed declarations submitted by both individuals that the SEC has filed in this case [ECF Nos. 89-2 (Dorsett), 89-3 (Frantz)], as well as discovery produced by the SEC in the last few months, raise serious questions about the nature and extent of Frantz's and Dorsett's cooperation with the Agency and how the SEC has obtained or is planning to obtain documents from these individuals. In fact, the evidence shows that both men have not simply offered to transmit information "voluntarily," as the SEC maintains, but instead have at various times been enlisted by the SEC to turn over documents and, in certain instances, look for particular documents at the SEC's direction.

4. Both Frantz and Dorsett reside outside the traditional 100-mile radius for subpoena of live, in-person testimony. Gentile previously attempted to secure both Frantz's and Dorsett's voluntary remote testimony at a hearing before this Court concerning the documents in question. Those efforts were unsuccessful when Frantz's attorney ignored emails from counsel for Gentile and Dorsett declined to appear after a phone call with counsel for Gentile. But both individuals have continued to coordinate with the SEC, and earlier this month on December 1, 2022, the SEC noticed depositions of Frantz and Dorsett without a formal subpoena or letter rogatory.

5.  Shortly thereafter, on December 6, 2022, the SEC informed Gentile it had made the unilateral decision to receive and review the approximately 44,000 documents in question because it was still awaiting a response to a letter rogatory it had directed to SureTrader. The next day, Gentile informed the SEC of his desire to seek a hearing on the issue and instructed the SEC not to review any documents until the Court had ruled.

6.  On December 12, 2022, the Court set January 9, 2023, at 1:30 pm as the time for a hearing on this issue. On December 13, 2022, counsel for Gentile conferred with the SEC and inquired whether Frantz or Dorsett would agree to appear voluntarily at the January 9, 2023 hearing. In the days that followed, it became clear neither individual would do so. Gentile filed his Notice of Hearing on December 20, 2022, and now seeks to compel remote testimony from Frantz and Dorsett pursuant to Rules 43(a) and 45(c) of the Federal Rules of Civil Procedure.

7.  The SEC should not be able to review the 44,000 documents in question until Gentile has had an opportunity to examine Frantz and Dorsett under oath and brief whether the SEC should be precluded from reviewing the documents.

8.  Rule 43(a) provides: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *see also Toland v. Phoenix Ins. Co.*, 855 F. App'x 486, 491 (11th Cir. 2021) (per curiam) (unpublished) ("The plain language of the rule gives the district court 'discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards.'" (quoting *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018))).

9.  Rule 45 provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly

3

transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). "And '[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1).'" *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 2605957, at *2 (N.D. Fla. May 28, 2021) (quoting Fed. R. Civ. P. 45 advisory committee's note).

10. Accordingly, "a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)." *Id.* at *4. "This is because 'the 100-mile limitation now found in Rule 45(c) has to do with the place of compliance; not the location of the court from which the subpoena issued.'" *Id.* (quoting *Int'l Seaway Trading Corp. v. Target Corp.*, No. 0:20-mc-86-NEB-KMM, 2021 WL 672990, at *5 (D. Minn. Feb. 22, 2021)). Gentile seeks to issue a subpoena to Frantz and a letter rogatory to Dorsett for their remote testimony within 100 miles of their respective residences. An order under Rule 43(a) is thus appropriate.

11. There is also good cause in compelling circumstances to allow remote testimony from Frantz and Dorsett. *See* Fed. R. Civ. P. 43(a). To reiterate, Frantz and Dorsett are the putative custodians of the approximately 44,000 documents in question. Both men have been working closely with the SEC in this matter (and for years before), have submitted signed declarations to this Court filed by the SEC, and have agreed to sit for depositions conducted by the SEC. But neither will agree to appear voluntarily before this Court at an evidentiary hearing so that Gentile may probe the bases of representations made by these men in their signed declarations and the SEC's repeated insistence that the individuals' cooperation has been "voluntary." Put differently, the SEC has exerted significant control over these individuals, they

4

refuse to appear voluntarily, and the SEC cannot claim any prejudice from an order compelling their remote testimony at the January 9, 2023 discovery hearing. *See In re: 3M*, 2021 WL 2605957, at *4.

12. Finally, "[a]ppropriate safeguards [under Rule 43(a)] exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *Id.* at *5 (quoting *Warner v. Cate*, No. 1:12-cv-1146-LJO-MSJ (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015)). Here, "[t]here are appropriate safeguards" because both individuals would "testify via contemporaneous videoconferencing technology (ZoomGov)." *See id.* (collecting cases).

## CONCLUSION

For all the foregoing reasons, Gentile respectfully requests that the Court enter an order under Rule 43(a) granting him leave to serve a subpoena on Frantz and a letter rogatory directed to Dorsett compelling their live, remote testimony at the upcoming January 9, 2023 discovery hearing. If the order is granted, Gentile will forthwith issue the subpoena to Frantz and present the letter rogatory to the Court for approval.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Gentile have conferred with the SEC in a good-faith effort to resolve the issues raised in the motion and have been unable to do so. Further efforts to resolve the above-mentioned discovery issue will be made before the hearing.

6

Dated: December 27, 2022                              Respectfully submitted,

                                               */s/ Dayliset Rielo*
                                               Dayliset Rielo, Esq.
                                               The Rielo Law Firm, LLC
                                               8180 N.W. 36th Street, Suite 220
                                               Doral, FL 33166
                                               Tel: (786) 454-9873
                                               dayliset@rielolaw.com

                                               Adam C. Ford, Esq. (PHV granted)
                                               Matthew A. Ford, Esq. (PHV granted)
                                               Stephen R. Halpin III, Esq. (PHV granted)
                                               FORD O'BRIEN LANDY LLP
                                               275 Madison Avenue, 24th Floor
                                               New York, NY 10016
                                               Tel: (212) 858-0040 (main)
                                               aford@fordobrien.com
                                               mford@fordobrien.com
                                               shalpin@fordobrien.com

                                               *Counsel for Defendant Guy Gentile*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 27th day of December 2022 via CM/ECF on all counsel.

                                                                  */s/ Dayliset Rielo*
                                                                  Dayliset Rielo, Esq.