UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GUY GENTILE'S MOTION UNDER RULE 43(a) TO TAKE REMOTE TESTIMONY DURING JANURY 9, 2023 DISCOVERY HEARING**

Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") responds to Defendant Guy Gentile's a/k/a Guy Gentile Nigro ("Gentile") Motion Under Rule 43(a) to Take Remote Testimony During January 9, 2023 Discovery Hearing ("Motion") as follows:

**I.    INTRODUCTION**

Gentile's Motion must be denied because it is fundamentally flawed and without merit. Although this discovery dispute has not formally been framed as a motion for protective order, Gentile ultimately seeks to prevent or limit the SEC's discovery of and access to *SureTrader* records – not his personal records – in possession of two former employees. Time and again, Gentile has claimed without any basis that he has a personal right or privilege with respect to the 44,000 SureTrader emails and documents at issue. Absent from any of his filings[1] are specific

---

[1] These filings include Gentile's Motion for Sanctions [DE 86], Reply Memo in Further Support of his Motion for Sanctions [DE 100], Notice of Hearing [DE 145], and the instant Motion [DE 148].

details and explanations for whether any *SureTrader* emails and documents possessed by two former employees contain privileged communications to or from *Gentile* and, even if true, how such purported privilege has not been waived by Gentile since the documents are in the former employees' possession. Put simply, Gentile has no standing to object to the production of documents from former SureTrader employees. The Supreme Court of the Bahamas stripped Gentile of his powers and control of SureTrader and appointed Joint Official Liquidators (JOLs) to wind-up and make decisions for the company. The persons who have standing to take a position regarding production of documents from former SureTrader employees – the JOLs – have taken the position that they have no objection to said production, Gentile has no standing to object, and the JOLs have requested that the Commission share a copy of the documents from the former employees with the JOLs.

Moreover, Gentile fails to articulate a legally sufficient reason for why the two former employees' testimony is needed and what the employees' will say that negates his lack of standing and personal privilege as to the documents. As such, there is neither legal basis nor need for Gentile to call the two former employees as witnesses during the January 9, 2023 hearing.

## II.    BACKGROUND AND PROCEDURAL HISTORY

1.  When counsel for the parties met on May 9, 2022, to discuss a confidentiality order and the discovery schedule, the SEC raised the issue of emails and documents that it had received (but not reviewed yet) or was about to receive voluntarily from two former SureTrader employees, Philip Dorsett and Yaniv Frantz.

2.  The SEC raised this issue and disclosed the productions in an abundance of caution to address the *possibility* of privileged materials. The SEC wanted to meet and confer with Gentile's counsel to understand Gentile's position regarding potential privilege issues and discuss

the process for conducting a privilege review (if actually necessary), including the possibility of a filter team from the SEC or a third-party review.

3. Instead of responding to the SEC, Gentile proceeded to file a Motion for Sanctions, claiming that the Commission improperly obtained access to the former employees' emails and documents and accused the Commission and the former employees of wrongdoing. [DE 86].

4. The Commission responded that Gentile has no standing to object and the Commission was allowed to receive voluntary production from a non-party. [DE 89].

5. Notably, the Commission filed an email from the JOLs' counsel, Warren Gluck, wherein he confirmed that the JOLs do not object to the voluntary production of the emails and documents from the two former employees and requested copies. [DE 89-6]. Mr. Gluck also stated that "JOLs believe and understand that based upon the Bahamas Companies Legislation and their appointment by the Bahamas Court as JOLs, Gentile has no further powers or rights in respect of the Company whatsoever, and in the JOLs' view would not have standing to object to the disclosures of Company documents at this time." *Id*.

6. In order to defend against Gentile's spurious accusations, the Commission filed declarations from the two former employees to provide background on how they legally came into possession of the emails and documents. [DE 89-2 and 89-3].

7. Igal Wizman, one of the JOLs, also submitted a Declaration and confirmed that the JOLs "are the sole representatives of [SureTrader]" and SureTrader's "directors and officers cease to have any duties, functions or powers." [DE 105].

8. The Court denied the Motion for Sanctions without prejudice and ordered the parties to meet and confer regarding the handling and production of the disputed documents. [DE 106].

9. After the hearing, counsel for the parties communicated with counsel for the JOLs for SureTrader (by email and telephone conference) in an effort to resolve the discovery dispute.

10. During these communications, the Commission advised that it continued to stand by the arguments contained in its Response to Gentile's Motion for Sanctions [DE 89], including that Gentile has no standing to object and the Commission is allowed to receive voluntary production from a non-party. In an effort to move discovery along, the Commission stated that it would be amenable to seeking the documents via the Letter Rogatory process, but without prejudice to its position or rights. The Commission noted, however, that it would not request that the JOLs conduct a substantive review of the documents. To the extent that Gentile insisted on a substantive review and it was otherwise required, the Commission agreed to split the costs of such a review 50/50 with Gentile. Faced with this reasonable proposal, Gentile's counsel rejected it and stated that SureTrader – a company that the Supreme Court of the Bahamas has ordered to be liquidated and wound up – should instead bear the cost of any review.

11. The Commission filed its Motion for Court to Issue Request for International Judicial Assistance [DE 113], which the Court granted and issued on August 23, 2022 [DE 115 and 116]. Since the Court issued the Letter Rogatory, counsel for the Commission has followed up on its status with the Bahamian authorities and confirmed that the Registrar for the Supreme Court of The Bahamas and the Office of the Attorney General received the Letter Rogatory. As of the date of this filing, The Bahamas Supreme Court has not issued a ruling or instructions on the Letter Rogatory, and the Commission does not know when The Bahamas Supreme Court will rule or when it will receive responsive documents.

12. Because of the significant delay with the Bahamian authorities[2] with the Letter Rogatory and the upcoming March 17, 2023, discovery cutoff [DE 129], counsel for the Commission advised Gentile's counsel on December 6, 2022, that it would commence review of the former employee documents by December 15, 2022. In an attempt to address Gentile's claims of purported privilege, the Commission advised that it would not review documents containing SureTrader's counsel's names/firms (and instead would have them segregated) and requested that his counsel provide such names/firms for the Commission to search for "hits."

13. Gentile's counsel objected to the Commission commencing review of the former employees' documents and did not provide any names/firms for the Commission to search.

### III.   ARGUMENT

**A.   Gentile Has No Standing to Object to Non-Parties' Production and the SEC's Review of *SureTrader* Records and Has Not Identified a Personal Privilege Over Any Such Documents**

Ultimately, this is a legal dispute in the discovery phase over whether Gentile – individually, and not on behalf of SureTrader – has a personal right or privilege upon which he can object to production by non-parties and whether the Commission is allowed to receive and review voluntary production of documents from the non-party former employees. Gentile's attempts to paint this dispute as anything else amount to nothing more than yet another attempt to thwart the SEC's attempts to discover SureTrader records and to delay this litigation. There is no legally sufficient basis to allow Gentile to call the two former employees as witnesses during the January 9, 2023 discovery hearing because their testimony will not change Gentile's lack of standing to assert objections and his failure to identify a personal right or privilege to the former employees' SureTrader emails and documents.

---

[2] The JOLs have advised, through their counsel, that they are working to conclude the liquidation of SureTrader as soon as possible, and upon such conclusion, there will no longer be an entity upon which the Letter Rogatory can be enforced.

Generally, a party does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena. *Subair Systems, LLC v. Precisionaire Systems, Inc.*, 2008 WL 1914876, at *2 (S.D. Fla. April 26, 2008) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979)); *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at *1 (S.D. Fla. Dec.10, 2007); *Estate of Yaron Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541, 554 (S.D.N.Y.2005)).

Even though Gentile made two more filings (the Notice of Hearing and the instant Motion) since the Motion for Sanctions was denied, Gentile has never articulated how he has a personal right or privilege – nor can he. Although Gentile vaguely states that "[i]t is likely such documents, include privileged communications and communications to or from Gentile," he fails to provide a single example or any detail about the purported privilege. It is also unclear whether Gentile is asserting a privilege on behalf of SureTrader or for himself personally.[3]

As to the former, Gentile has no standing to object to the production of SureTrader documents from former SureTrader employees. The Supreme Court of the Bahamas stripped Gentile of his powers and control of SureTrader and appointed the JOLs to wind-up and make decisions for the company. The persons who have standing to take a position regarding production of documents from former SureTrader employees – the JOLs – have no objection to said production and explicitly stated that Gentile has no standing to object. [DE 89-6 and 105]. In fact, the JOLs have requested that the Commission share a copy of the documents from the former employees with the JOLs. [DE 105 at ¶ 4]. Moreover, although the Commission does not believe Gentile has standing to object, it nonetheless attempted to address the issue in order to not delay

---

[3] Notably, Judge Bloom previously denied Gentile's Motion to Dismiss All Claims Against MintBroker Int'l Ltd, d/b/a SureTrader, finding that Gentile had no standing to make dismissal arguments on behalf of Suretrader [DE 122]. The Court similarly denied Gentile's Motion for Reconsideration. [DE 131].

discovery. The Commission advised that it would not review (at this time) any emails and documents containing SureTrader's counsel's names/firms (and instead would have them segregated) and requested that Gentile's counsel provide such names/firms for the Commission to search for "hits." Gentile's counsel failed to respond to the Commission's reasonable attempt to resolve the purported privilege issue.

As to the latter, even if Gentile is claiming there are documents that belong to him (not SureTrader) and are privileged, he has never specifically identified such documents and the corresponding personal privilege (e.g., communications between Gentile and his personal counsel regarding a personal matter, not a SureTrader or company related matter). Nonetheless, even if Gentile could identify at this late stage such a privilege that he personally holds, he has waived such privilege because the documents were sent to or shared with the former employees and are in their SureTrader email accounts.

**B.   Testimony From the Former Employees Cannot Negate Gentile's Lack of Standing to Object to the SEC Receiving and Reviewing *SureTrader's* Documents and Is Therefore Not Relevant to this Discovery Dispute**

Gentile's new assertions in the Motion that the "SEC has exerted significant control over these individuals" and questioning whether their "cooperation" has been "voluntary" are simply not relevant to whether he has standing to object to the production of the former employees' SureTrader emails and documents. Although the Commission (and the former employees) dispute Gentile's accusations, the parties with standing to assert/enforce these purported rights are SureTrader (via the JOLs) and the Bahamian authorities, not Gentile.[4] The former employees' emails and documents are properly within the possession of the Commission, and the Commission

---

[4] In fact, a whistleblower protection rule prohibits companies from taking any action to impede an individual from communicating directly with SEC staff about a possible securities law violation (*see* Exchange Act, Section 21F, "Whistleblower Incentives and Protection" [17 CFR § 240.21F-17]). Further, any privacy concerns can easily be addressed via the Confidentiality Order already in place [DE 102].

must move forward with its review of the documents forthwith in order to meet this Court's March 17, 2023, discovery deadline.

Finally, Gentile fails to articulate a legally sufficient reason for why the two former employees' testimony is required and what the employees will testify to that may negate his lack of standing or is relevant to a personal privilege as to the documents. As such, Gentile has not met the "good cause in compelling circumstances" standard under Federal Rules of Civil Procedure 43(a) to require the two former employees to testify at the hearing. Whether or not they have "cooperated" with the Commission is irrelevant.

Injecting their testimony into this discovery dispute only serves Gentile's purpose of further delaying discovery[5] and thwarting the SEC's attempts to access company records, which Gentile has repeatedly claimed he does not possess or otherwise have authority to produce. This will prejudice the SEC's ability to complete discovery in this case. There is absolutely no need for the Court to conduct an evidentiary hearing or consider live testimony from the former employees. Gentile cannot demonstrate that he has a personal privilege or right or standing to object to the SEC reviewing the former employees' emails and documents.

### IV.   CONCLUSION

For the foregoing reasons, Gentile's Motion seeking leave to serve a subpoena on Frantz and issuance of a Letter Rogatory to Dorsett should be denied, and the upcoming January 9, 2023 hearing should proceed on argument alone.

---

[5] Indeed, Gentile has requested the issuance of a Letter Rogatory to compel Philip Dorsett to testify knowing full-well that the Letters Rogatory issued by this Court on August 23, 2022 and October 17, 2022 have yet to be ruled upon by the Supreme Court of the Bahamas.

January 3, 2023                                        Respectfully submitted,

<div style="margin-left: 40%">
Alice K. Sum
_____
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:   (305) 982-6300
Facsimile:   (305) 536-4154
</div>

9