UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S NOTICE OF FILING FOR JANUARY 9, 2023 DISCOVERY HEARING**

Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") hereby files Defendant Guy Gentile's Response to the SEC's Second Request for Production dated January 4, 2023, as Exhibit "A." In Gentile's response, he indicated in **OJBECTIONS TO DEFINITIONS** as follows:

> Gentile objects to the definition of "You" or "Your" to include any entity or company of which he is or was a trustee, principal, director or officer, member, partner, or otherwise controlled or controls". **As the SEC is well aware, Gentile is not interchangeable with any entity or corporation he at one time controlled. Specifically, MintBroker f/k/a Swiss America d/b/a SureTrader is currently under the control of Joint Official Liquidators in the Bahamas, has separate counsel, and is legally prohibited from taking direction from Gentile. All corporate documents are out of Gentile's control and in the control of the Joint Official Liquidators as overseen by the Bahamas Courts.**

Ex. A at 6 (emphasis added).

January 9, 2023	Respectfully submitted,

Alice K. Sum
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:	(305) 982-6300
Facsimile:	(305) 536-4154

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## GUY GENTILE'S RESPONSE TO PLAINTIFF'S
## SECOND REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Guy Gentile responds and objects to Plaintiff Securities and Exchange Commission's requests that Defendant Guy Gentile a/k/a Guy Gentile Nigro produce the following documents in his possession, custody or control at the Miami Regional Office of the Commission, 801 Brickell Avenue, Suite 1950, Miami, Florida 33131.  The SEC's Instructions, Definitions, and Requests are reproduced below.

## INSTRUCTIONS

1.    This request calls for all documents in your possession, custody, or control, regardless of where such documents are located.

2.    Unless otherwise stated, the time period covered by these requests shall be from January 1, 2015, through the present.

3.    This request is continuing in nature.  Any information or documents called for by

1

**EXHIBIT A**

this request that you obtain subsequent to the service of your response to this request, shall promptly be supplied in the form of supplemental document productions pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

4. In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

5. A copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control.

6. All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder or other cover or container. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or the cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

7. All documents responsive to this request that are maintained in the usual course of business in electronic format shall be produced in their _native_ format along with software necessary to interpret such files if such software is not readily available. All such documents shall be accompanied by a listing of all file properties, commonly known as metadata, concerning such document, including all information concerning the date(s) and recipient(s) of the document, the location, and content of any attachment(s) to the document, and the location and content of any

information imbedded or annotated in the document.

8. Defendant may comply with the request by providing legible copies of the responsive documents. Defendant may provide copies in an electronic format if consented to by the Commission prior to the response. The Commission retains the right to inspect the originals of the documents produced prior to the trial of this cause.

9. If you object to any request, state with specificity the grounds for each such objection and produce all documents and submit all answers responsive to the remainder of the request. If you object to only part of a request, you must state the objection and answer the remainder of the request.

10. If you claim privilege or immunity with respect to any document or information, state the nature and basis of the privilege or other ground asserted as justification for withholding such information in sufficient detail to permit the Court to adjudicate the validity of the claim. This includes, at a minimum: (a) the date of the document or communication; (b) the author or speaker; (c) the addressee(s) or person to whom the communication was directed; (d) all other recipients or persons receiving the communication; (e) the type of document or communication (letter, report, memo, recording, e-mail, etc.); (f) the general subject matter of the document or communication; and (g) the specific privilege claimed.

11. If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a) the type of document;
(b) the type of information contained therein;
(c) the date(s) on which it was created;
(d) the sender(s) and recipient(s), if applicable;
(e) the date (or approximate date) on which it ceased to exist;
(f) the circumstances under which it ceased to exist;

(g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;

(h) the identity of all persons having knowledge of the contents of such document; and

(i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

## DEFINITIONS

1. "You", "Your", or "Gentile" means Defendant Guy Gentile a/k/a Guy Gentile Nigro, his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, any entity or company of which he is or was a trustee, principal, director or officer, member, partner, or otherwise controlled or controls.

2. "SureTrader" means Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

3. "Person" or "People" mean any individual, natural person, corporation, partnership, limited partnership, trust, or any other entity. Plurals and singulars are used interchangeably.

4. A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

5. "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence,

prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript, photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded on tape, computer hard drive or disk or other means of recording or data entry. The term "documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

6. A document "Referring or Relating To" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

7. "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

8. "Communication" or "Communications" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, e-mail, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in document, whether prepared in anticipation of, during, or subsequent to such communications.

9. "Control" or "Controlled" shall mean the ownership, beneficial or otherwise, by any Person, directly or indirectly, of more than 50% of the voting interest or the then issued shares

of an entity.

10. An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

11. "United States" means the United States, including its territories and possessions.

12. "Complaint" means the Complaint filed in Case No.: 1:21-CV-21079-Bloom [DE 1].

## OBJECTIONS TO DEFINITIONS

Gentile objects to the definition of "You" or "Your" to include any entity or company of which he is or was a trustee, principal, director or officer, member, partner, or otherwise controlled or controls".  As the SEC is well aware, Gentile is not interchangeable with any entity or corporation he at one time controlled.  Specifically, MintBroker f/k/a Swiss America d/b/a SureTrader is currently under the control of Joint Official Liquidators in the Bahamas, has separate counsel, and is legally prohibited from taking direction from Gentile.  All corporate documents are out of Gentile's control and in the control of the Joint Official Liquidators as overseen by the Bahamas Courts.

Gentile also objects to the requested time period.  The SEC's complaint in this matter alleges misconduct from March 2016 to November 2019.  Requests for documents outside this time frame are not relevant to any issues in dispute.  As of today, the SEC has identified exactly three

6

customers that it alleges were wrongfully solicited. Given the allegations in this case, the SEC's second request for documents is grossly disproportionate to the matter in dispute.

## DOCUMENTS REQUESTED

1. Your personal U.S. federal, state, and local income tax returns with attachments and schedules, including K-1s for the years 2015 to 2020.

**Response:** Gentile objects to this request as being not reasonably calculated to lead to admissible evidence and not relevant to any issue in dispute. It also calls for tax returns older than those required by law to be kept. Finally, many courts within the Southern District of Florida hold that a party seeking disclosure of tax returns must also show some compelling need in addition to relevance because public policy restricts their disclosure. *See, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, No. 04–80521–Civ, 2005 WL 2105024, *1–2 (S.D. Fla. Aug. 29, 2005) ("[A] party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) a compelling need for the tax returns exists because the information contained therein is not otherwise readily obtainable." (citing *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV-GOLD, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D. Va. 1997); *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985))). Without waiving any objections, Gentile asserts that he has certain responsive records in his possession, custody, or control, that such records do not concern any entity relevant to this litigation, and Gentile does not intend to produce his personal tax returns absent a court order.

2. Your personal tax returns or filings in any jurisdiction other than the U.S. for the years 2015 to 2020.

**Response:** Gentile objects to this request as being not reasonably calculated to lead to admissible evidence, as set forth in Response 1, and otherwise incorporates Response 1. Without waiving

7

any objections, Gentile asserts that he has certain responsive records in his possession, custody, or control, that such records do not concern any entity relevant to this litigation, and Gentile does not intend to produce his personal tax returns absent a court order.

3. All Documents and Communications referring or relating to or concerning payments or funds You received from SureTrader.

**Response:** Gentile objects to this request as being vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Given that the SEC has alleged a total of only three U.S. customers who have been solicited, this request appears calculated solely to harass Gentile. Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control.

4. All Documents and Communications referring or relating to or concerning payments or funds You received from received by Mint Custody Limited.

**Response:** Gentile objects to this request as being vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. This request appears calculated solely to harass Gentile. Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control.

5. All Documents and Communications referring or relating to or concerning payments or funds You received from MinTrade Technologies, LLC.

**Response:** Gentile objects to this request as being vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. This request appears calculated solely to harass Gentile. Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control.

6. Your bank and financial institution statements and records for the years 2015 to 2020.

**Response:** Gentile objects to this request as being vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. This request appears calculated solely to harass Gentile. Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control.

7. SureTrader's bank and financial institution statements and records for the years 2015 to 2020.

**Response:** Gentile is not in possession, custody, or control, of SureTrader's bank and financial institution statements and records for the years 2015–2020. The Joint Official Liquidators are in possession of such records. Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control.

8. Mint Custody Limited's bank and financial institution bank statements and records for the years 2015 to 2020.

**Response:** Gentile objects to this request as being vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. This request appears calculated solely to harass Gentile. Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control.

9. MinTrade Technologies, LLC's bank and financial institution statements and records for the years 2015 to 2020.

**Response:** Gentile objects to this request as being vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. This request appears calculated solely to

harass Gentile.  Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control.

10. All Communications between You and any former SureTrader employee regarding this lawsuit or SureTrader's books and records.

**Response:** Gentile objects to this request as being vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence.  Without waiving any objections, Gentile asserts that he does not have any such records in his possession, custody, or control except that which will be produced forthwith.

11. All Communications between You and any SureTrader customer located in the U.S.

**Response:** Gentile objects to this request as unduly burdensome as it is impossible to fulfill. Gentile does not have access to SureTrader customer records and therefore has no way to conduct a search for communications with SureTrader customers as he does not know who they are.  If the Commission provides names of individuals whom the SEC believes were customers, Gentile is willing to search for communications with such alleged customers in his personal accounts.

Dated:  January 4, 2023

        Respectfully submitted,

        */s/ Dayliset Rielo*
        Dayliset Rielo, Esq.
        The Rielo Law Firm, LLC
        8180 N.W. 36th Street, Suite 220
        Doral, FL 33166
        Tel: (786) 454-9873
        dayliset@rielolaw.com

        Adam C. Ford, Esq. (PHV granted)
        Matthew A. Ford, Esq. (PHV granted)
        Stephen R. Halpin III, Esq. (PHV granted)
        FORD O'BRIEN LANDY LLP
        275 Madison Avenue, 24th Floor
        New York, NY 10016
        Tel: (212) 858-0040 (main)
        aford@fordobrien.com
        mford@fordobrien.com
        shalpin@fordobrien.com

        *Counsel for Defendant Guy Gentile*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 4th day of January 2023 via email on all counsel in this case.

         */s/ Dayliset Rielo*
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*