UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-21079- BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO RESCHEDULE MEDIATION

Plaintiff Securities and Exchange Commission moves the Court for an order rescheduling mediation from February 7, 2023, to one of the following dates: March 27, 29, or 30, 2023, which is after the close of discovery on March 17, 2023 but before the March 31, 2023 mediation deadline.

1.    Mediation is currently scheduled for February 7, 2023. ECF No. [143]. The deadline for the parties to complete mediation and file a mediation report is March 31, 2023. ECF No. [129].

2.    The Commission seeks to reschedule mediation to provide additional time for it to obtain highly relevant company records from Defendant SureTrader from the Bahamas through the Letter Rogatory process, to review and analyze more than 44,000 emails and documents recently obtained from two former SureTrader employees over Gentile's objection, and to obtain tax and financial records from Gentile, which Gentile initially resisted and has only recently reached a compromise in a meet and confer. These records and information are essential for the Commission to engage in a meaningful mediation, to allow the parties to have a thorough and fruitful discussion, and potentially to reach a resolution.

3. During the course of discovery, the Commission has encountered multiple obstacles and delays preventing it from obtaining SureTrader company records, which are highly relevant to the allegations and claims in the Complaint. These obstacles included:

a. The Commission attempted to obtain SureTrader's records from Gentile, who is the founder, owner, director, and CEO of SureTrader, but he has represented in his discovery responses and to the Court that corporate documents are not in his possession or otherwise out of his control and in control of the Joint Official Liquidators (JOLs) for SureTrader;[1]

b. The Commission attempted to obtain SureTrader records from the JOLs but was advised that company records could be formally obtained through the letter rogatory process. The Commission then sought and obtained Letters Rogatory for SureTrader records, ECF No. [116] on August 23, 2022, and oral testimony of former SureTrader employees, ECF No. [136] on October 17, 2022. Counsel for the Commission has followed up on the status of both Letters Rogatory with the Bahamian authorities and confirmed that the Registrar for the Supreme Court of The Bahamas and the Office of the Attorney General received them. As of the date of this filing, however, the Bahamas Supreme Court has not issued a ruling or instructions on the Letters Rogatory; and

c. The Commission also had the opportunity to obtain SureTrader records from two former employees voluntarily, but Gentile strenuously objected based on a purported privilege. After repeatedly offering to Gentile's counsel to reach an agreement on a privilege review protocol

---

[1] Gentile's position is contrary to the actions Gentile took in two cases currently pending in the Southern District of New York – *Avalon Holdings Corporation v. Gentile*, 1:18-cv-07291-VSB-RWL and *New Concept Energy v. Gentile*, 1:18-cv-08896-VSB-RWL – where Gentile sought and obtained documents from SureTrader after the JOLs were appointed. *See* ECF No. [89-7] at pp. 5-6, wherein Gentile admits to directly contacting Stephen Darville, SureTrader's IT professional, on April 22, 2022, to obtain certain SureTrader trading records. Per Gentile's request, Darville "was able to provide access to the [SureTrader] trade records to [Gentile's] forensic accountants...."

(despite Gentile's lack of standing to object to production of company records)[2] and attempting to obtain the emails through the Letters Rogatory process, the Commission advised Gentile in December 2022 it would commence review of the former employees' emails. After Gentile again objected, this Court held a discovery hearing on January 9, 2023, and ruled that the Commission can proceed with reviewing the emails, ECF No. [157]. Since the hearing, the Commission processed into its e-discovery platform and commenced review of the first employee's 11,000 emails and requested that the second employee's counsel transmit the 33,000 email to the Commission. Due to the significant volume of data from the second employee and unexpected technical issues, the transmission by counsel and processing into the Commission's e-discovery platform was not completed until January 27, 2023. Although the Commission will be devoting significant resources to the review of these emails, it simply will not be able to complete a review of a substantial portion of the emails prior to the current mediation date.

4. In addition, the Commission requested Gentile's tax returns and related financial records to determine any payments, distributions, profits, or benefit he received from SureTrader and two related entities. Although Gentile initially objected to the requests, the parties were able to reach a compromise, and Gentile is supposed to produce certain tax returns and related records (in redacted format) by February 1, 2023.

5. The depositions of Gentile, the two former employees, and others are scheduled to occur before the close of discovery, but after the currently scheduled mediation date of February 7, 2023.

---

[2] Instead of negotiating a protocol for the handling of the records, Gentile filed a Motion for Sanctions against the Commission, claiming that the Commission improperly obtained access to the former employees' emails and documents [DE 86]. The Court denied the Motion without prejudice and ordered the parties to meet and confer regarding the handling and production of the disputed documents [DE 106].

6.  Based on the foregoing, the Commission believes that moving the mediation to a later date, after discovery cutoff (March 17) but before the mediation deadline (March 31), is a reasonable request that will yield the most productive mediation.

7.  The Commission met and conferred with Gentile's counsel to explain the reasons for rescheduling mediation and its belief that conducting mediation *after* the Commission receives and reviews SureTrader's records, the 44,000 emails, and Gentile's tax returns and depositions are taken is far more likely to result in a more fruitful mediation. However, Gentile stated that he wished to proceed with mediation as currently scheduled.

8.  The Commission seeks to reschedule mediation to March 27, 29, or 30, 2023, which is before the mediation deadline, and has confirmed that the mediator and Gentile and his counsel are available.

WHEREFORE, the Commission respectfully requests that this Court enter an order rescheduling mediation to March 27, 29, or 30, 2023, together with such other relief this Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies she conferred with opposing counsel about this matter and counsel for Defendant Guy Gentile does not agree to the relief sought.

February 1, 2023                    Respectfully submitted,

**Alice K. Sum**
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:   (305) 982-6300
Facsimile:    (305) 536-4154