**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-21079-Bloom**

**SECURITIES AND EXCHANGE COMMISSION,**

     **Plaintiff,**

v.

**MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,**

     **Defendants.**
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR PARTIAL RELIEF FROM LOCAL RULE
REGARDING ATTENDANCE AT MEDIATION**

Plaintiff Securities and Exchange Commission moves the Court for an order relieving it of the requirement of Southern District of Florida Local Rule 16.2 to have a representative present at mediation "with full authority" to negotiate a settlement. The rules and regulations governing the Commission as well as the Commission's policies require the five-member Commission to review and approve any settlement of litigation the Commission has commenced. Accordingly, we are unable to comply with this Rule absent having the five-member Commission present for mediation. Consequently, the Commission requests the Court to allow the SEC litigation counsel handling this matter (Alice Sum, Russell Koonin and Alise Johnson), and Teresa Verges, Regional Trial Counsel, of the Miami Regional Office, to attend mediation, all of whom will have full authority to negotiate a settlement that the Miami Regional Office will recommend that the Commission approve.

Local Rule 16.2(e) requires that "unless excused in writing by the Court, all parties . . . must participate in the mediation conference, with full authority to negotiate a settlement . . . ." Because of the unique statutes and rules that define the authority and obligations of the Commission

1

and its staff, to the extent the Local Rule requires someone with binding authority from the Commission to be present, the Commission respectfully requests to be relieved of that portion of the Local Rule, as we must in all SEC cases for the reasons discussed below.

The Securities and Exchange Commission consists of five Commissioners, appointed by the President with the advice and consent of the Senate. *See* Section 4(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78d(a). Only the five Commissioners may authorize commencement of a securities enforcement action such as this one. Exchange Act § 21(d)(1), 15 U.S.C. § 78u(d)(1). Just as only the Commissioners may authorize an enforcement action, only the Commissioners, and not their staff, have authority to settle such an action. *See* 17 C.F.R. § 202.50(f) ("In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may **discuss** with persons involved the disposition of such matters by consent, by settlement, or in some other manner") (emphasis added).

Because only the five Commissioners acting as a body may approve a settlement, it is impossible for the Commission to have a representative with binding authority to settle the case present at mediation. Both the Federal Rules of Civil Procedure and the federal courts have recognized the unique position that agencies of the federal government occupy when it comes to having a representative with binding authority present at settlement conferences. For example, the Advisory Committee Notes to the 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure discuss the status of government agencies attending pretrial conferences at which settlement may be discussed:

> The amendment of paragraph (9) should be read in conjunction with the sentence added to the end of subdivision (c), authorizing the court to direct that, in appropriate cases, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible settlement of the case. The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance

> carrier or someone else would depend on the circumstances. **Particularly in litigation in which governmental agencies** or **large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is a recommendation to the body or board with ultimate decision-making responsibility.** The selection of appropriate representative should ordinarily be left to the party and its counsel.

Advisory Committee Notes to 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure (emphasis added).

Clearly, the Federal Rules contemplate the exact situation the Commission faces here – the inability to have a person with "on-the-spot" settlement authority present. Furthermore, federal courts considering the issue have held that it is not always possible for federal government agencies to have a representative with binding authority present at settlement conferences. In the matter of *In re Stone,* 986 F.2d 898 (5th Cir. 1993), the Fifth Circuit held a standing district court order requiring federal government agencies to have representatives with full settlement authority present at all settlement conferences was an abuse of discretion. While finding that the district court had the inherent power to manage its own docket and require the government to have a representative with full settlement authority "at least reasonably and promptly accessible" at pre-trial conferences, the Fifth Circuit also stated that "a district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order." *Id.* at 903 (footnote omitted).

In *Stone*, the U.S. Attorney's Office objected to the district court order because, as the Commission does, it had regulations requiring that only certain officers could approve a settlement. The Court in *Stone* found that the goal of centralized and consistent decision-making justified the regulations, and "given the insignificant interference with the operation of the courts, the district court abused its discretion in not respecting those regulations." *Id.* at 904. The

3

Court also found that the district court should have considered "less drastic" alternatives prior to "as a last resort" requiring persons with authority to settle to attend a pre-trial conference. *Id.* at 905.

Because only the five Commissioners may approve any settlement of this case, the Commission is in a different posture than an individual party. It cannot have a person with full settlement authority present. That is not to say that the Commission cannot or will not attend mediation and attempt to negotiate in good faith. The fact that the Commission is willing to send a senior staff member in the Miami Regional Office – the office responsible for this litigation – shows the Commission takes this matter seriously.

WHEREFORE, the Commission respectfully requests that it be permitted to attend mediation through the trial counsel assigned to this case and the Regional Trial Counsel, or Associate Regional Director, who will have full authority to negotiate a settlement to recommend to the Commission for approval.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies she conferred with opposing counsel about this matter and counsel for Defendant Guy Gentile has no objections to the relief sought.

Dated: February 1, 2023         By:     s/Alise Johnson
                                Alise Johnson
                                Senior Trial Counsel
                                Fla. Bar No. 0003270
                                Telephone: (305) 982-6300
                                Facsimile: (305) 536-4154
                                E-mail: johnsonali@sec.gov

                                ATTORNEY FOR PLAINTIFF
                                SECURITIES AND EXCHANGE COMMISSION
                                801 Brickell Avenue, Suite 1950
                                Miami, Florida 33131
                                Telephone: (305) 982-6300

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 1, 2023, I electronically filed the foregoing document via the Court's CM/ECF electronic filing system, which provides notice to all counsel of record.

By: s/ Alise Johnson
  Alise Johnson, Esq.