**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S OPPOSITION TO
PLAINTIFF'S MOTION TO RESCHEDULE MEDIATION**

Defendant Guy Gentile responds to and opposes Plaintiff Securities and Exchange Commission's (the "SEC's" or the "Agency's") motion to reschedule mediation, filed February 1, 2023 [ECF No. 158] ("Motion" or "Mot."):

The SEC filed its Complaint in this case almost two years ago on March 22, 2021 [ECF No. 1]. And the Agency has been investigating this case for almost a decade, purportedly pursuant to a formal order of investigation dated November 25, 2013. *See* Ex. 2 to Gentile's Mot. to Intervene, *SEC v. Marin*, No. 19-mc-20493-UU (S.D. Fla. Apr. 4, 2019), ECF No. 37-2. The Agency still has no evidence of wrongdoing on the part of Gentile and cannot articulate any legitimate basis for the relief it seeks (including the amount of disgorgement, which it is yet to identify in even broad terms). Before additional expensive, time-consuming discovery is conducted, the SEC should have to explain to a mediator why it thinks its case is meritorious, what amount of money it seeks from Mr. Gentile (supported by reasonable calculations), and

why it believes it is entitled to any injunctive relief against Mr. Gentile, including prospective injunctive relief when Defendant SureTrader is in the process of being liquidated.

If there is any merit to the Complaint, the SEC should not need to review the 44,000 documents in question and conduct depositions of two purported whistleblowers before making the foregoing presentation to a mediator. Indeed, one of the alleged whistleblowers who has now turned over his most recent set of SureTrader documents to the SEC—in violation of, among other things, SureTrader company policy and Bahamian data privacy law—has been operating at the Agency's direction since no later than 2016, when he was illegally forwarding SureTrader documents to the SEC, examples of which abound in the productions the SEC has already made to date.[1] In March 2016, he told the SEC: "I can send over all I can get my hands on." The next month, April 2016, the SEC wrote their informant: "Thank you again for the emails," and inquired whether he was "able to find any documents" about a specific issue the SEC had raised. The SEC also sent him "a file that we received during the course of our investigation and would like to hear your thoughts on the arguments presented." The same month, the individual told the SEC that he had "started making recordings of the [SureTrader] executive meetings." He has drafted declarations and affidavits for the SEC—or signed such documents drafted by the SEC—on multiple occasions since 2016, including in this action.

The other purported whistleblower offered to turn over his entire SureTrader laptop—again in violation of SureTrader company policy and Bahamian law—when his lawyers contacted the SEC in 2018 after his termination from the company. The SEC followed up

---

[1] Preliminary review of the recently produced documents from the same purported whistleblower confirms Gentile's earlier warning that the documents would contain vast amounts of sensitive data. Disclosing such information without authorization is a clear violation of Bahamian privacy law. *See* Affidavit of Michael, attached to Gentile's Mot. for Sanctions [ECF No. 86-3]. It may also be a violation of U.S. law, and Mr. Gentile intends to take appropriate action in due course. This former employee was fired from SureTrader after it came to light that he was illegally transmitting company records to his personal email account and to the SEC.

numerous times, including writing to the individual's lawyer in October 2018: "I wanted to check in and see if there are any additional documents that [the individual] has located on his laptop or otherwise that may be relevant to the issues we have discussed. . . . [W]e need to discuss [the individual] executing a declaration and possible [sic] testifying should this result in litigation." This individual has also signed a declaration in this action at the request of the SEC.

Now the SEC claims that documents these two individuals are providing outside the Federal Rules and pursuant to no formal process (and which, for some unknown reason, the SEC apparently did not seek to obtain previously as part of its decade-long investigation) are "highly relevant" and "essential for the Commission to engage in a meaningful mediation." *See* Mot. at 1. The Court need not accept the Agency's empty hyperbole at face value.

The SEC has now also requested Mr. Gentile's personal tax returns for 2016–2020, which the Agency omits to inform the Court were first sought in this action on December 5, 2022, less than two months ago and over a year-and-a-half after the SEC filed its Complaint. Mr. Gentile has agreed to provide certain personal tax documents not because he believes the Agency is entitled to them or that they contain anything relevant to this matter (they do not), but to avoid the additional expense associated with a hearing and motions practice before the Court.

What the SEC's belated request for these tax documents makes clear, however, is that the Agency has realized it has no cognizable theory for how it will attempt to calculate any disgorgeable profits. The Complaint itself contains no theory or any number sought. Only after Gentile propounded interrogatories in October 2022 asking for the SEC to explain what it is seeking did the Agency respond:

> As discovery is ongoing in this case, the Commission has not yet determined the amount of disgorgement it is seeking. However, the Commission believes that SureTrader received at least $5 million from approximately 900 U.S.-based

customers during the Relevant Period in the Complaint. The Commission reserves the right to supplement this response.

SEC's Resp. to Gentile's First Interrogatories at 3. The SEC continued: "The Commission seeks disgorgement of commissions and other related fees SureTrader and Gentile received from U.S.-based customers' trades and transactions." Upon closer review, the $5 million figure and reference to 900 U.S.-based customers is nothing more than a regurgitated snippet from paragraph 90 of the Complaint about the total amount of funds the SEC—without any apparent basis—alleges that other entities purportedly received from U.S. customers on behalf of SureTrader during the Relevant Period. Mr. Gentile's personal tax documents show no distributions from SureTrader and, even if they did, the SEC has no theory about how it would disaggregate from such figures the purported illicit commissions and fees charged to U.S. customers by SureTrader (commissions and fees that in and of themselves are not fraudulent and are charged by just about every broker of securities) that would be disgorgeable.

Finally, as Mr. Gentile has informed the Court before, SureTrader is in the process of being liquidated under the supervision of the Bahamian courts. Indeed, in another matter currently pending in federal court, the district judge stayed the case as to SureTrader upon learning that the entity was in liquidation. *See Avalon Holdings Corp. v. Gentile*, No. 1:18-cv-07291-DWC-RWL (S.D.N.Y. Nov. 16, 2022), ECF No. 168. The SEC has neither sought to participate in the liquidation proceeding to obtain monies directly from the company nor endeavored to explain why it has chosen not to do so, even though the soon-to-be-defunct company remains a defendant in this case and the SEC has coordinated with counsel for the liquidators for the company.

Mr. Gentile is a private citizen who lacks the unlimited resources of the U.S. government. The Court has already extended discovery in this matter twice (first on a joint motion and second

4

on a motion by the SEC) and has also twice previously rescheduled mediation. After such extensions and a decade of investigating, the SEC should be able to stand before an impartial decision maker and articulate a basis for the relief it seeks in this case. If it cannot, it would be valuable to a mediator and to Mr. Gentile to know so sooner rather than later.

## CONCLUSION

For all the foregoing reasons, Gentile respectfully requests that the Court deny the SEC's Motion to Reschedule Mediation.

Dated: February 3, 2023

Respectfully submitted,

 */s/ Dayliset Rielo*
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 3rd day of February 2023 via CM/ECF on all counsel.

                                                          */s/ Dayliset Rielo*
                                                        Dayliset Rielo, Esq.