UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

Plaintiff Securities and Exchange Commission files its Motion for Extension of the Discovery Deadline[1] set forth in the September 28, 2022 scheduling order, ECF No. [129], for the reasons that follow:

1.    On September 28, 2022, the Court entered its Second Order Amending Scheduling Order and Certain Pretrial Deadlines setting forth various pre-trial deadlines, including discovery being completed by March 17, 2023. ECF No. [129].

2.    Pursuant to that Order, the parties have exchanged their initial disclosures, served requests for production, issued subpoenas, scheduled and taken depositions, exchanged the SEC's expert report, and produced thousands of documents. The SEC is still in the process of trying to obtain company records from co-Defendant SureTrader and testimony from third-party former

---

[1] Defendant Gentile does not oppose portions of the relief sought by the SEC; his position is explained in detail in ¶ 8.

SureTrader employees located in the Bahamas through the letters rogatory process, which was started in August 2022, with this Court's approval.

3. The SEC attempted to obtain SureTrader company records from Gentile through discovery requests, but he responded that he does not have possession, custody or control of company records because, in part, liquidators were appointed for SureTrader by the Bahamian Supreme Court and are in control of the company and its records. The SEC also attempted to obtain SureTrader records directly from the liquidators for SureTrader, but the liquidators' counsel advised that the documents would need to be sought through a formal process, such as letters rogatory. The liquidators have indicated that upon receipt of an order from a Bahamian court (issued through the letters rogatory process), they will produce SureTrader's company records.

4. Both Gentile and the SEC requested issuance of letters rogatory for production of company records by co-Defendant SureTrader, which were granted by the Court. ECF Nos. [104, 108, 113, and 115].

5. The SEC also requested issuance of letter rogatory for testimony of several former SureTrader employees[2] located in the Bahamas, which was granted by the Court. ECF Nos. [134,

---

[2] These SureTrader employees are:

| Name | Title/Role at SureTrader |
|---|---|
| Antonio Collie | Chief Financial Officer |
| Edward Cooper | Chief Compliance Officer |
| Stephen Darville | Information Technology professional |
| Drameko Moore | Worked with Affiliates |
| Janay Symonette Pyfrom | Chief Marketing Officer |
| Jasmine Sands | Handled new accounts and reported to Cooper |

136]. Because of their roles at SureTrader, these former employees have relevant information about SureTrader and Gentile operating an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally soliciting U.S. customers, and acting as an unregistered securities broker-dealer. These former employees' names have come up during depositions, and it is clear they held roles in the company relevant to the allegations in the Complaint. Additionally, former Chief Compliance Officer Edward Cooper was listed in Gentile's initial disclosures as a person with knowledge and signed a Declaration in this case, ECF No. [86-2]. The SEC asked Gentile's counsel whether they would facilitate Cooper's deposition, and counsel stated that because he is a former employee of SureTrader, they "have no ability to facilitate his deposition" despite being able to obtain a sworn Declaration from him in this case and in another case.[3]

6.  After several months of waiting for the Bahamas Office of the Attorney General ("OAG") to take action on the letters rogatory, the SEC learned in mid-February 2023 that the OAG had formally commenced proceedings on the letters rogatory. On March 7, 2023, the SEC learned that a hearing has been scheduled for March 10, 2023, during which the OAG will pursue entry of an order by the Bahamian court allowing the discovery sought in the letters rogatory. Because both Gentile and the SEC obtained letters rogatory for the company's records and the liquidators do not object to the production of same, the SEC fully expects the Bahamian court to order the production of the records.

---

[3] Gentile has also deposed former employee Stephen Darville and obtained and filed Declarations of former employees Edward Cooper, Antonio Collie, and Stephen Darville in a private litigation pending in the Southern District of New York styled *Avalon Holdings Corporation v. Gentile*, 1:18-cv-07291-VSB-RWL and *New Concept Energy v. Gentile*, 1:18-cv-08896-VSB-RWL.

7.  Although the parties are diligently working on finalizing discovery, essential discovery from the Bahamas will not be completed by the Court's current discovery deadline of March 17, 2023. Without this discovery, the SEC will be hindered in many aspects of pre-trial preparation. Thus, the SEC requests that the current discovery deadline be extended until May 17, 2023. If the letters rogatory process is completed within that time, the SEC does not believe any other Court deadlines, including dispositive motions and the trial date, will need to be extended.

8.  The SEC met and conferred with Gentile's counsel regarding this Motion. Gentile's counsel advised that:

   a. "With regard to production of documents, without waiving any other objections, we do not oppose receipt of any further documents produced in response to previously sought discovery, including letters rogatory, whenever such documents may be received."

   b. They "oppose any new requests for production of documents and/or oral testimony, whether under the Federal Rules, pursuant to letters rogatory, or otherwise."

   c. They "oppose the taking of any additional depositions, including depositions of any other former SureTrader employees or other individuals from whom you may have sought oral testimony via subpoena, letter rogatory, or otherwise."

9.  The SEC's response to Gentile's position is that an extension of the discovery cutoff through May 17, 2023, should not be limited to only certain categories of discovery. While the SEC appreciates Gentile not opposing the extension to allow for production of SureTrader's company records, it is illogical to then preclude oral testimony from former employees concerning those same company records, especially when Gentile has repeatedly obtained declarations and

deposition testimony from former employees and listed Edward Cooper as a person with knowledge who might be called as a witness at trial. It would also be premature to prevent the SEC from conducting additional discovery based on what is contained in the company records.

10. A Bahamian court is on the cusp of ruling on both the SEC's letters rogatory, and the SEC should be provided with a short extension that does not impact any other pretrial deadlines or the trial date to follow through and obtain the discovery this Court has already authorized.

11. This request for extension is made in good faith and not for the purpose of delay.

### CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Gentile and they oppose part of the relief sought in this Motion, which is explained in paragraph 8.

March 9, 2023                                                             Respectfully submitted,


/s/Alice Sum_____
Alice Sum
Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

Russell Koonin
Senior Trial Counsel
Fla. Bar. No. 474479
Direct Dial: (305) 982-6390
Email: kooninr@sec.gov

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE**

**COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154