# Exhibit A

**From:** Sum, Alice SumAl@sec.gov
**Subject:** RE: Gentile--Discussion regarding Suretrader documents
**Date:** May 11, 2022 at 3:54 PM
**To:** Adam Ford aford@fordobrien.com
**Cc:** Matthew Aaron Ford mford@fordobrien.com, Steve Halpin shalpin@fordobrien.com, Johnson, Alise johnsonali@SEC.GOV, Verges, Teresa VergesT@SEC.GOV



<span style="color:blue">Adam,

We want to correct/clarify portions of your summary of the conversation on Monday; below is your summary with our comments interlineated and underlined. Additionally, while the summary addresses what we discussed, we want to emphasize that the SEC has not obtained any documents in a manner inconsistent with the Rules of Civil Procedure or applicable statutes and that we do not agree with your characterization of the issues.

Alice</span>

Alice and Alise,

This email is to memorialize the conversation that we had yesterday afternoon. It is based on notes taken contemporaneously during the call. It is not intended to be all-inclusive, but to only highlight the main points.

Yesterday afternoon you informed us that SEC had obtained documents from two former employees of Suretrader, Philip Dorset and Yaniz France and that you were intending on turning them over to us in discovery. You informed us that these individuals had in their possession Suretrader emails and other Suretrader documents that had been downloaded onto their personal computers. You informed us that Philip Dorset had provided you with about 11,000 emails and other "non-email" Suretrader documents. France had around 33,000 emails and also "non-email" documents. <u>Mr. Dorsett transmitted approximately 11,000 emails via Accellion to the SEC, but they are not accessible pending our filter team discussion. Mr. Frantz has indicated he has approximately 30,000 emails, which have not been transmitted to the SEC.</u>

We indicated that we have serious concern over the manner in which the SEC came into possession of these emails, and asked whether you reached out to the Receiver in control of Suretrader documents in the course of discovery and you said you had not. We asked whether you had subpoenaed these individuals and you told us that did not serve them subpoenas but asked them informally for these records and they voluntarily agreed to send them to you. <u>The SEC routinely receives documents from third-parties either through its investigation process or in litigation, with or without subpoena, formally and informally. Under the Rules of Civil Procedure, there are specific times and situations when we are obligated to notify the other side and produce documents, which we have done and will continue to do.</u>

We asked what limitations you put on your request, specifically if it was limited to records pertaining to the allegations in your complaint regarding the solicitation of US customers and you informed us there were no limitations on the request, just all documents they could get. You acknowledged that the documents may or do contain confidential and or privileged materials. You specifically indicated that you believed these documents contained privileged materials and that you proposed a taint team first review these

documents for privilege. <u>We do not know one way or the other whether there are privileged materials but have requested that the third-parties not transmit possibly privileged material. With respect to the 11,000 emails, we requested that Mr. Dorsett search the emails for communications with counsel/lawyers and asked that he segregate them and not transmit them to the SEC. Although we have not received Mr. Frantz's approximately 30,000 emails, we similarly advised him that the emails should be searched for communications with counsel/lawyers and those should not be transmitted to the SEC.</u>

We again expressed concern over how these documents were obtained, specifically that they were obtained outside the bounds of the Federal Rules of Civil Procedure, noted that these were company documents to which the former employees did not have a right to take or turn over. We also expressed our preliminary concern that these documents were taken in violation of the law, and that the transmittal of them to your agency may also constitute a violation of law, specifically the Bahamian Secrecy Law. You noted that one of these individuals had an attorney. <u>Again, the SEC routinely receives documents from third-parties either through its investigation process or in litigation, with or without subpoena, formally and informally.</u>

You agreed that this issue needed to be put in front of the judge and agreed that all documents obtained by these two men would be segregated in a separate folder, not produced to us, and not reviewed by anyone at the SEC until we received guidance from the judge. You acknowledged that you or your colleagues have already reviewed the "non-email" Dorsett documents that he provided you and were prepared to turn them over. We asked that they not be turned over because we did not believe they were appropriately obtained. You agreed not to turn them over at this time, and until the judge provided guidance.

You also agreed to allow us a couple of days to process this information and decide how to move forward on this issue. We are still considering the implications of this situation.

Please let me know if you believe any of the above is inaccurate or diverges from what you believe was said during our call yesterday.

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Tuesday, May 10, 2022 3:43 PM
**To:** Johnson, Alise <johnsonali@SEC.GOV>; Sum, Alice <SumAI@SEC.GOV>
**Cc:** Matthew Aaron Ford <mford@fordobrien.com>; Steve Halpin <shalpin@fordobrien.com>
**Subject:** Gentile--Discussion regarding Suretrader documents

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Alice and Alise,

This email is to memorialize the conversation that we had yesterday afternoon. It is based on notes taken contemporaneously during the call. It is not intended to be all-inclusive, but

to only highlight the main points.

Yesterday afternoon you informed us that SEC had obtained documents from two former employees of Suretrader, Philip Dorset and Yaniz France and that you were intending on turning them over to us in discovery. You informed us that these individuals had in their possession Suretrader emails and other Suretrader documents that had been downloaded onto their personal computers. You informed us that Philip Dorset had provided you with about 11,000 emails and other "non-email" Suretrader documents. France had around 33,000 emails and also "non-email" documents.

We indicated that we have serious concern over the manner in which the SEC came into possession of these emails, and asked whether you reached out to the Receiver in control of Suretrader documents in the course of discovery and you said you had not. We asked whether you had subpoenaed these individuals and you told us that did not serve them subpoenas but asked them informally for these records and they voluntarily agreed to send them to you.

We asked what limitations you put on your request, specifically if it was limited to records pertaining to the allegations in your complaint regarding the solicitation of US customers and you informed us there were no limitations on the request, just all documents they could get. You acknowledged that the documents may or do contain confidential and or privileged materials. You specifically indicated that you believed these documents contained privileged materials and that you proposed a taint team first review these documents for privilege.

We again expressed concern over how these documents were obtained, specifically that they were obtained outside the bounds of the Federal Rules of Civil Procedure, noted that these were company documents to which the former employees did not have a right to take or turn over. We also expressed our preliminary concern that these documents were taken in violation of the law, and that the transmittal of them to your agency may also constitute a violation of law, specifically the Bahamian Secrecy Law. You noted that one of these individuals had an attorney.

You agreed that this issue needed to be put in front of the judge and agreed that all documents obtained by these two men would be segregated in a separate folder, not produced to us, and not reviewed by anyone at the SEC until we received guidance from the judge. You acknowledged that you or your colleagues have already reviewed the "non-email" Dorsett documents that he provided you and were prepared to turn them over. We asked that they not be turned over because we did not believe they were appropriately obtained. You agreed not to turn them over at this time, and until the judge provided guidance.

You also agreed to allow us a couple of days to process this information and decide how to move forward on this issue. We are still considering the implications of this situation.

Please let me know if you believe any of the above is inaccurate or diverges from what you believe was said during our call yesterday.

Adam

--
Ford O'Brien Landy, LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)