UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE GUY GENTILE'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE UNDER RULE 37(e) AND FOR SANCTIONS FOR FAILURE TO MEET AND CONFER AS REQUIRED BY S.D. FLA. L.R. 7.1(a)(3)**

Plaintiff Securities and Exchange Commission, pursuant to S.D. Fla. L.R. 7.1(a)(3), files its Motion to Strike Guy Gentile's Motion for Sanctions for Spoliation of Evidence Under Rule 37(e), ECF No. [173], and for Sanctions for Failure to Meet and Confer as Required by S.D. Fla. L.R. 7.1(a)(3), for the reasons that follow:

### I.    INTRODUCTION

In yet another shotgun attempt to smear the name of a non-party witness and the SEC, Gentile filed another motion for sanctions without even attempting to meet and confer with the SEC as required by S.D. Fla. L.R. 7.1(a)(3). Had Gentile's counsel actually attempted to meet and confer with the SEC, they would have learned that the emails in question – in possession of former SureTrader employee, Philip Dorsett – do in fact still exist and were not destroyed as Gentile incorrectly claims. Even worse, the "Certificate of Compliance" in Gentile's Motion for Sanctions for Spoliation of Evidence Under Rule 37(e) ("Motion for Sanctions") demonstrates on its face

that Gentile's counsel understood their obligation to meet and confer under Local Rule 7.1(a)(3) yet blatantly chose not to comply. Gentile's Motion for Sanctions is replete with inaccuracies and assumptions and is nothing more than an obvious attempt to make specious arguments and inflammatory accusations against a former employee. Gentile tellingly has exploited the fact that he filed the Motion for Sanctions and used it to fuel a vengeful article in a newspaper in the Bahamas, where Mr. Dorsett lives, potentially threatening Mr. Dorsett's livelihood. Gentile's sharp litigation tactics should not be condoned. Instead of expending the Court's resources to review and requiring the SEC to substantively respond to the premature and baseless arguments in Gentile's Motion for Sanctions, it should be stricken, and sanctions should be entered against Gentile and/or his counsel for failure to comply with Local Rule 7.1(a)(3).

## II.   BACKGROUND

1. On June 3, 2022, Gentile filed a Motion for Sanctions, ECF No. [86], which was denied by the Court, ECF No. [106]. In his original Motion for Sanctions, Gentile argued that the SEC improperly received SureTrader records from former SureTrader employees and sought a sanction of dismissal. Notably, the June 3, 2022 Motion for Sanctions does not contain a Local Rule 7.1(a)(3) certification that Gentile's counsel met and conferred with the SEC regarding the relief sought. As noted in the SEC's Response to the June 3rd Motion for Sanctions, ECF No. [89], the SEC requested to meet and confer regarding how to handle a potential privilege review of SureTrader records in possession of former employees, and instead of responding to the issues raised during that conferral, Gentile filed his prior Motion for Sanctions.

2. On February 27 and 28, 2023, non-party witness and former employee of Defendant SureTrader who resides in the Bahamas, Philip Dorsett, was deposed.

3. On March 21, 2023 – three weeks after Mr. Dorsett's deposition – Gentile filed a Motion for Sanctions improperly and incorrectly alleging that Mr. Dorsett spoliated evidence. ECF No. [173].

4. In addition to containing numerous inaccuracies about Mr. Dorsett, his testimony, and the evidence in this case, Gentile weaponized the Motion for Sanctions in order to intimidate Mr. Dorsett. Two days after Gentile filed his Motion for Sanctions, an article appeared in Tribune 242, self-described as "The Bahamas' leading daily newspaper," wherein Gentile was quoted and the Motion for Sanctions was extensively parroted.[1]

5. During the three weeks between Mr. Dorsett's deposition and the filing of the Motion for Sanctions, Gentile's counsel never reached out to SEC counsel to request to meet and confer about any purported spoliation of evidence, Gentile filing a motion for sanctions, or Gentile seeking dismissal as a sanction.

6. Further compounding Gentile's counsel's failure to even attempt to meet and confer, they mischaracterize other events as them trying "to resolve the issues raised in the motion" and being "unable to do so" and try to shift the blame to the witness residing in the Bahamas. Gentile's deficient "Certification of Compliance" section states:

> Pursuant to Local Rule 7.1(a)(3), counsel for Gentile certifies that they sought to resolve the issues raised in the motion and have been unable to do so. Counsel for Gentile asked Dorsett under oath at his deposition on February 28, 2023, whether he was able to recover the ESI he spoliated and he indicated he could not. Counsel for Gentile stated their intention on the record to hold open the witness's deposition after the spoliation became evident, but the SEC objected and indicated that it would make its position known to the Court. Dorsett resides in the Bahamas and counsel for Gentile has no practical ability to compel the witness's further deposition testimony or further production of documents from the witness within the current discovery schedule.

---

[1] http://www.tribune242.com/news/2023/mar/23/bahamian-whistleblower-accused-fabrication/. (Last accessed on March 28, 2023.)

7. After Gentile filed his Motion for Sanctions, undersigned counsel contacted Mr. Dorsett to inquire whether he still possessed the SureTrader emails (involving counsel for SureTrader) purportedly at issue.[2] After searching his emails, which he had saved on a desktop computer in approximately April 2022, Mr. Dorsett confirmed that the subject SureTrader emails still exist. Thus, no spoliation issue exists. Had Gentile's counsel even attempted to comply with S.D. Fla. L.R. 7.1(a)(3) *before* filing the Motion for Sanctions, they would have learned that the basis for the Motion for Sanctions does not exist.

8. On March 23, 2023, undersigned counsel emailed Gentile's counsel to explain that the emails in question are still in Mr. Dorsett's possession and to request a meet and confer to address Gentile's counsel's failure to comply with S.D. Fla. L.R. 7.1(a)(3), including the SEC's request that Gentile withdraw his Motion for Sanctions to spare the SEC from having to file this motion to strike same and for sanctions.

9. On March 24, 2023, undersigned counsel met with Gentile's counsel by video conference to address: (1) Gentile's counsel's failure to meet and confer prior to filing the Motion

---

[2] The Court addressed SureTrader emails in Mr. Dorsett's possession during the January 9, 2023, discovery hearing before Judge Otazo-Reyes. The Court ruled in the SEC's favor that, among other things, the approximately 11,000 SureTrader emails the SEC had previously received (but had not reviewed) in April 2022 from Mr. Dorsett could now be reviewed by the SEC and transmitted to the Joint Official Liquidators in the Bahamas. *See* ECF No. [157].

At the time Mr. Dorsett transmitted the emails to the SEC in April 2022, Gentile had objected to the overall production of SureTrader emails to the SEC in possession of former employees and specifically to the SEC receiving potentially attorney-client privileged communications between Mr. Dorsett – as Chief Compliance Officer of SureTrader – and SureTrader's counsel. In an abundance of caution pending the parties' conferral on how to handle the production, including a potential privilege review, the SEC asked Mr. Dorsett *not* to transmit any emails involving SureTrader's counsel to the SEC. Mr. Dorsett searched for such emails, segregated same, and transmitted the balance to the SEC. Ultimately, the Court ruled that Gentile does not have standing to object to the production based on any privilege held by SureTrader, the company, and the SEC could proceed to review the emails from former SureTrader employees, including the ones Mr. Dorsett transmitted to the SEC in April 2022.

4

for Sanctions; (2) the fact that Mr. Dorsett still is in possession of the emails with SureTrader's counsel and has transmitted them to the SEC; (3) the SEC's request that Gentile withdraw his Motion for Sanctions because of the failure to comply with Local Rule 7.1(a)(3); and (4) the SEC seeking to strike the Motion for Sanctions and entry of sanctions pursuant to Local Rule 7.1(a)(3) for said failure to comply if Gentile did not agree to withdraw the Motion for Sanctions.

10. During the conferral requested by the SEC, Gentile's counsel admitted that they did not in fact meet and confer regarding the Motion for Sanctions and provided three reasons why they were not required to do so under Local Rule 7.1(a)(3): (1) because they are seeking dismissal, the rule does not require a conferral; (2) during a prior hearing with the Magistrate, she said that counsel could "refile" a motion for sanctions; and (3) the parties had already repeatedly met and conferred. As shown below, these reasons are both legally and factually incorrect.

11. During this same call, Gentile's counsel asked if the SEC would agree to the relief sought in the Motion for Sanctions (a belated and futile attempt to meet and confer *after* it had been filed), but Gentile's counsel advised that they would not withdraw the Motion for Sanctions. The SEC offered to send the emails in question from Mr. Dorsett, and Gentile's counsel said they would consider withdrawing the Motion for Sanctions after receiving and reviewing them – again, a belated attempt to cure their failure to meet and confer.

12. On March 27, 2023, the SEC transmitted the emails in question from Mr. Dorsett to Gentile's counsel.

### III. MEMORANDUM OF LAW

Southern District of Florida Local Rule 7.1(a)(3) provides as follows:

> *Pre-filing Conferences Required of Counsel.* <u>Prior to filing any motion in a civil case</u>, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, for pro hac vice

5

admission, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce 23 or vacate an arbitration award, <u>counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.</u> Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. <u>At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so</u>; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. <u>Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.</u> See forms available on the Court's website (www.flsd.uscourts.gov).

S.D. Fla. L.R. 7.1(a)(3) (emphasis added).

When a party has failed to confer as required by Local Rule 7.1(a)(3), a court may strike the motion. *United States v. Twenty-Nine Pre-Columbian & Colonial Artifacts from Peru*, Case No.: 13-21697-CIV-LENARD/GOODMAN, 2014 WL 4655737, at *3 n.4 (S.D. Fla. Sept. 17, 2014) (noting that the court had previously struck an earlier motion . . . for failing to confer and failing to file a certificate of conferral and denying the plaintiff's motion for failing to contact and confer with opposing counsel prior to filing the motion). Local Rule 7.1(a)(3) is "a critical Rule that promotes efficient litigation," and when followed, the responding party and the court can be "spared from taking the time to respond to a motion that has no obvious legal support." *Burleigh House Condo, Inc. v. Rockhill Ins. Co.*, Case No.: 21-22911-CIV-SCOLA/GOODMAN, 2022 WL 17082909 at *5 (S.D. Fla. Nov. 18, 2022) (quoting *Coconut Key Homeowners Ass'n v. Lexington*

*Inc. Co.*, 649 F. Supp. 2d 1363, 1372 n.3 (S.D. Fla. 2009)). In order to not expend the Court's resources to consider and rule on Gentile's improperly filed Motion for Sanctions, the SEC requests that the Court strike his filing.[3]

Although there are limited exceptions to when a meet and confer is required under Local Rule 7.1(a)(3), a motion for sanctions pursuant to Rule 37 – even one that seeks dismissal as a sanction – is not one of them. *Pre-Columbian & Colonial Artifacts from Peru*, 2014 WL 4655737, at *2 (finding that a "motion to dismiss" and for discovery sanctions made pursuant to Rule 37 is not one of the exceptions to Rule 7.1(a)(3) and that a conferral was required). "A movant cannot avoid the Local Rule 7.1 conferral requirement simply by styling its motion as if it were one of those specifically enumerated exceptions to the mandatory pre-filing conferral rule. The mere fact that Government counsel decided to pursue only the most-severe discovery sanctions remedy available, dismissal, does not transform the motion from a discovery motion (which requires a pre-filing conferral) to a motion to dismiss (which does not)." *Id.*

It is undisputed that Gentile failed to meet and confer prior to filing his Motion for Sanctions, and this is not the first time Gentile has failed to comply with Local Rule 7.1(a)(3) in filing a motion. Gentile's previous Motion for Sanctions, ECF No. [86] was devoid of any

---

[3] Even if the Court were to consider Gentile's Motion for Sanctions on the merits, it should nonetheless be summarily denied for failure to comply with the conferral requirement in Local Rule 7.1(a)(3). *See, e.g., Villafana v. Our Children's Planet Corp.*, Case No.: 15-23432-CIV-SCOLA/OTAZO-REYES, 2016 U.S. Dist. LEXIS 170701 at *3-4 (S.D. Fla. Dec. 8, 2016)(report and recommendation recommending denial of motion for noncompliance with Local Rule 7.1(a)(3)), report and recommendation adopted, Case No.: 15-23432-CIV-SCOLA/OTAZO-REYES, ECF No. [77] ("Courts should not ignore 'clear-cut violations of the local rule because it will send an improper and unfortunate message: that lawyers can violate the local rules with impunity and not worry . . . about adverse consequences.'"); *Circuitronix v. Kapoor*, Case No. 15-cv-61446-BLOOM/Valle, 2016 WL 8710148 at *6 (refusing to consider potion of movant's motion where there was a failure to comply with the conferral requirements under Local Rule 7.1(a)(3)).

certification of a conferral required under Local Rule 7.1(a)(3). Gentile's current Motion for Sanctions – despite feigning compliance with Local Rule 7.1(a)(3) by including a "Certificate of Compliance" at the end of the Motion – contains a demonstrably false certification. On its face, there is no mention of Gentile's counsel advising the SEC that they (1) believe there is a spoliation issue, (2) plan to file a motion for sanctions, or (3) would seek dismissal as a sanction. Conspicuously absent is Gentile's counsel certifying that they discussed the foregoing with the SEC and whether the SEC objects to such relief.

During the meet and confer on the SEC's Motion to Strike and for Entry of Sanctions, Gentile's counsel provided three reasons – albeit legally and factually incorrect – for why a conferral was not required under Local Rule 7.1.(a)(3) before filing Gentile's Motion for Sanctions. First, their claim that there is an exception for motions seeking dismissal misinterprets Local Rule 7.1(a)(3). Gentile seeks entry of sanctions pursuant to Rule 37, which is not excepted from the Rule. *Colonial Artifacts from Peru*, 2014 WL 4655737, at *2. Second, Gentile's Motion for Sanctions relies on a different basis for sanctions than the one previously filed, ECF No. [86], so it is not a "refiling" and, regardless of whether it is a second motion for sanctions, a conferral under the Rule is still required. Third, prior conferrals on different discovery issues related to the production of emails from former SureTrader employees, none of which involved a purported spoliation of evidence, do not satisfy the Rule's conferral requirement.

Moreover, the instant situation is a textbook example of why parties are required to meet and confer prior to filing a motion. Had Gentile's counsel actually attempted to meet and confer in good faith on his current Motion for Sanctions, they would have learned that the purportedly spoliated evidence still exists. At a minimum, had a conferral occurred, the SEC would have had the opportunity to do what it did *after* the Motion for Sanctions was filed, which is to reach out to

8

Mr. Dorsett to inquire about the purportedly spoliated evidence. Gentile and his counsel would have then had an opportunity to review the subject emails that do exist and further met and conferred with the SEC before filing any motion, for sanctions or otherwise. Mr. Dorsett has provided the purportedly spoliated emails to the SEC, which in turn was produced to Gentile's counsel on March 27, 2023. As of the filing of this Motion to Strike and for Sanctions, Gentile has not withdrawn his Motion for Sanctions.

Indeed, the Motion goes beyond its false claims of spoliation to gratuitously accuse Mr. Dorsett with perjury and breaches of Bahamian law – neither which are a basis for relief under Rule 37. It is clear that the Motion for Sanctions was filed was to intimidate a witness in this case and to allow Gentile to cite the Motion for Sanctions to the press where he can make any untruthful statement without repercussion. Gentile is not concerned that he filed a motion that is false or not grounded in a good faith basis under Rule 37. Gentile's repeated failure to comply with Local Rule 7.1(a)(3) demonstrates a clear disregard for this Court's Local Rules. As such, it is proper for the Court to strike the Motion for Sanctions and impose on Gentile and/or his counsel an "appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." S.D. Fla. L.R. 7.1(a)(3).

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Gentile and they oppose the relief sought in this Motion, which is explained in paragraphs 8-11.

March 29, 2023                                              Respectfully submitted,

/s/Alice Sum
Alice Sum
Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154