**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

## **DEFENDANT GUY GENTILE'S OPPOSITION TO SEC'S MOTION TO STRIKE**

Defendant Guy Gentile opposes the Motion to Strike Guy Gentile's Motion for Sanctions for Spoliation of Evidence under Rule 37(e) and for Sanctions for Failure to Meet and Confer as Required by S.D. Fla. L.R. 7.1(a)(3) ("Motion to Strike") filed by Plaintiff the Securities and Exchange Commission (the "SEC" or the "Agency").

The SEC's Motion to Strike lacks merit and is nothing more than the Agency's latest attempt to distract the Court and shield from the public eye the improper means by which the U.S. Government has sought to elicit documentary and testimonial evidence in this case. The Court should summarily reject the SEC's ploy to play "procedural 'gotcha[]'" rather than defend its actions on the merits. *See Kinon Surface Design, Inc. v. Hyatt Int'l Corps.*, No. 19-81123-CV, 2019 WL 8989595, at *1 (S.D. Fla. Nov. 7, 2019) (denying Motion to Strike for alleged failure to comply with Local Rule 7.1(a)(3)).

On February 28, 2023, Philip Dorsett—the former Chief Compliance Officer for Defendant SureTrader—testified under oath at his deposition in response to questions from counsel for Gentile:

> Q. Did you produce all SureTrader documents in your [possession] to the SEC when you produced the documents in this case, yes or no?
>
> A. No, actually. I think I have quite a bit more.
>
> Q. How did you determine which [] documents to give to the SEC and which documents to hold back?
>
> A. I can't recall at this point. I can't recall at this point. I think --
>
> Q. Did the SEC instruct you to take certain documents out of the production?
>
> A. No. I think -- well, I can't recall, but I think it was more or less that e-mails that I was able to send to the SEC but actual documents a lot of those -- it's a lot of stuff -- I'm still actually finding them . . . .

*Id.* at 307:6–308:5. Dorsett testified shortly thereafter:

> A. [S]o what I did was, I tried to do a search for the company's lawyer and I think I just deleted those to be honest. Anything that came up with Michael Miller's[] name I just deleted them.
>
> Q. So, they would be available then in your Gmail trash; is that correct?
>
> A. Well, this is sometime ago -- I mean, I don't know. Interestingly enough, the very week that it became known to the courts that I was in possession of Swiss America Securities [SureTrader] e-mails, my Gmail was actually hacked. And that's when I started following this case because I wanted to log in to see the exact time that you guys became aware of it. My Gmails were hacked and security e-mails were deleted.

*Id.* at 312:12–313:4.

At the close of the deposition, counsel for Gentile stated: "During the course of this deposition, we were notified for the first time that the witness has additional documents in his possession that were not produced. As a result of that, we are holding open the deposition, pending briefing before the court on the issue." *Id.* at 322:16–23. Counsel for the SEC objected

2

and indicated the SEC did "not agree that this deposition should be held open" and that the SEC would "make our position known to the court." *Id.* at 328:2–4. Notably, Dorsett is outside the Court's jurisdiction and appeared for the depositions on February 27 and 28, 2023, only "voluntarily," that is, at the direction of the SEC.

On March 21, 2023—three weeks after conferring with the SEC at the end of Dorsett's deposition, during which the SEC objected to holding open Dorsett's deposition and indicated it would make its position known to the Court—Gentile sought relief. *See* ECF No. 173. Gentile moved under Rule 37(e) for sanctions based on Dorsett's *admitted spoliation of electronically stored information ("ESI") and numerous instances of perjury, including in direct connection with spoliated ESI*. Gentile asked for various sanctions, including dismissal of Counts II and III. Two days later, on March 23, 2023, the SEC wrote counsel for Gentile in an email titled "SEC/Gentile – Gentile's motion for sanctions and request for meet and confer" with a 24-hour ultimatum:

> [T]he SEC demands that your client withdraw his Motion by the close of business [tomorrow] Friday, March 24, 2023. If your client fails to withdraw his Motion, the SEC will file a motion to strike and to impose sanctions pursuant to S.D. Fla. L.R. 7.1(a)(3), Fed. R. Civ. P. 37, and the inherent authority of the Court.

Ex. B.

On March 24, 2023, the parties met and conferred *for the second time*, and the SEC confirmed the obvious, which was already evident from the extended colloquy on the record at the end of Dorsett's deposition that Gentile summarized in his Certificate of Compliance: the SEC would object to all relief sought in Gentile's Motion for Sanctions.[1] Counsel for the SEC

---

[1] The SEC states that during the March 24, 2023 meet and confer, "Gentile's counsel admitted that they did not in fact meet and confer regarding the Motion for Sanctions." Mot. Strike ¶ 10. This is factually inaccurate, as is just about everything the SEC includes in its Motion to Strike. Counsel for Gentile indicated that they had complied with the Local Rule—the SEC even quotes Gentile's certificate of compliance in full in its Motion to Strike.

3

also claimed that no documents had been "spoliated" because Dorsett had actually recovered everything he testified under oath that he "deleted" prior to being "hacked."[2] Not willing to take Dorsett's word for it, counsel for Gentile proposed that the SEC transmit what it believed to be the universe of documents Dorsett had miraculously recovered in the 48 hours after Gentile moved for sanctions: "we [counsel for Gentile] proposed that you transmit the approximately 70 additional documents you received from Mr. Dorsett to us and allow us an opportunity to review, after which we would consider whether to withdraw the Motion for Sanctions." Ex. C.[3] The SEC produced the documents at 5:12 pm this past Monday, March 27, 2023, conducted no further follow up with counsel for Gentile, and then filed its Motion to Strike on Wednesday, March 29, 2023. In other words, the SEC flouts the very rule on which it seeks to strike Gentile's entire Motion for Sanctions. *See Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, No. 07-61879, 2008 WL 5427785, at *1 (S.D. Fla. Dec. 30, 2008) ("Simply sending a letter without further follow-up does not constitute the type of effort to engage in a pre-filing conference anticipated by Local Rule 7.1.").

Counsel for Gentile have reviewed the SEC's most recent production, which confirms rather than contradicts that Dorsett has both deleted *and* withheld from production emails he views as unhelpful to him and the SEC. As just one example, which Gentile addressed at length in his Motion for Sanctions, neither the SEC nor Dorsett has ever produced a January 8, 2014

---

[2] The SEC does not appear to understand that "spoliation" is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (unpublished) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). Dorsett testified under oath that he "deleted" ESI, which is obviously "spoliation," and the SEC's recent production confirms that Dorsett cannot recover all the ESI he spoliated.

[3] After this Court ruled on January 9, 2023, that SureTrader had waived privilege and thus the SEC could review Company records from Dorsett, it was incumbent on the SEC to ensure it had received all relevant records from the witness prior to his deposition, which the SEC failed to do.

4

email from Gentile to Dorsett at his Company email address (philip@suretrader.com) asking that Dorsett review and sign a draft affidavit regarding SureTrader's compliance with U.S. laws on nonsolicitation of U.S. customers by foreign broker-dealers, the exact issue at the heart of this case. *See* Mot. Sanctions, Ex. H, ECF No. 173-8; *see also id.*, Ex. G (signed affidavit), ECF No. 173-7. The SEC simply ignores in its Motion to Strike that this piece of critical evidence is still missing from Dorsett's latest transmission of Company documents.

The recently produced emails all appear to include Michael Miller as a sender or recipient, but they do not to include all such emails involving Miller that were previously withheld, and they conclusively do not include the January 2014 FINRA email referenced above as well as emails with other individuals identified in Gentile's Motion for Sanctions, including, but not limited to, SureTrader's legal counsel Carla Marin and Franklin Ogele, as well as securities regulation compliance expert Arthur Quintero, all of whom are believed to have had direct email communications with Dorsett regarding SureTrader's compliance with U.S. laws regarding nonsolicitation of U.S. customers. It is thus especially troubling that the SEC has now made repeated representations in writing to this Court that "the emails in question are still in Mr. Dorsett's possession" and that "the purportedly spoliated evidence still exists."[4]

Holding open Dorsett's deposition—after it became apparent (1) he had not turned over all relevant documents and (2) he had in fact deleted relevant ESI that he indicated could not be

---

[4] In this matter, the SEC has now made 18 productions of documents, spanning over two years. The number of productions from the SEC far exceeds what counsel for Gentile—experienced white-collar and regulatory-defense attorneys—see in typical cases, where the U.S. Government usually turns over everything it has at once and early on in the case. Moreover, many of these productions have come only after Gentile has moved or threatened to move for sanctions, such as when the SEC dumped hundreds of documents on July 25, 2022, months after the documents had been requested and days before a hearing on Gentile's first Motion for Sanctions on August 1, 2022. Notably, *all* of the documents belatedly produced by the SEC in these productions confirm the same fundamental fact: all available evidence supports Gentile's defense and undermines the SEC's Complaint, which explains why the SEC has sought three separate discovery extensions, allowing it to run up Gentile's legal bills while avoiding a jury trial.

recovered—should have been the bare minimum the SEC agreed to. Instead, counsel for the SEC refused and now complain that counsel for Gentile have failed to meet and confer when, after more thoroughly reviewing Dorsett's sworn testimony and the shifting explanations for what documents he has and whether they were preserved, Gentile seeks even stiffer sanctions than the relief the SEC previously rejected.[5] The SEC's Motion to Strike is a feeble attempt to elevate form over substance.

Other litigants have also taken this tact. They too have failed. Take, for example, *Kinon Surface Design, Inc. v. Hyatt Int'l Corps.*, where Judge Middlebrooks denied a Motion to Strike in factually indistinguishable circumstances, reasoning:

> Conferral under Rule 7.1 is intended "to avoid unnecessary expenditure of judicial resources resolving motions that are not opposed." *Lopez v. City of W. Miami*, No. 14-23293-CIV, 2015 WL 12977328, at *2 (S.D. Fla. Dec. 11, 2015). . . . I intend to decide motions in this case on the merits, not based on technical or procedural "gotchas." . . . All that a conferral is designed to determine is whether the opposing Party objects to the relief sought in the motion. Rule 7.1 promotes judicial efficiency by allowing "the Court to ascertain whether it should wait for a response from the opposing party before deciding the motion." *Lopez v. City of W. Miami*, No. 14-23293-CIV, 2015 WL 12977328, at *2 (S.D. Fla. Dec. 11, 2015). If relief is opposed, I will anticipate that a more thorough explanation is forthcoming in a response.

No. 19-81123-CV, 2019 WL 8989595, at *1 (S.D. Fla. Nov. 7, 2019).[6] After conferring initially at the end of Dorsett's deposition, Gentile's counsel—on March 24, 2023, during a second meet

---

[5] To date, counsel for Gentile have not expressly sought attorney's fees for the significant time and expense incurred in reviewing the approximately 15,000 documents Dorsett produced to the SEC prior to his deposition and preparing for two full days of Dorsett's deposition that counsel for Gentile now know was conducted without the benefit of highly relevant ESI, some of which the witness deleted and some of which the witness intentionally withheld. Counsel for Gentile will consider seeking fees in either the Reply on Gentile's Motion for Sanctions or by separate motion.

[6] Counsel for Gentile satisfied Local Rule 7.1(a)(3) prior to filing Gentile's Motion for Sanctions when counsel for Gentile and counsel for the SEC discussed the issue of Dorsett's deletion and withholding of emails at length at the close of his deposition. But even if the Court were to find counsel for Gentile have not strictly complied with the rule, that is not a sufficient basis to strike the Motion for Sanctions, which the SEC opposes in its entirety. *See, e.g.*, *Koppey v. Liberty Mut. Fire Ins. Co.*, No. 20-23581-CIV, 2020 WL 13389220, at *2 (S.D. Fla. Dec. 31, 2020) ("conferral would not have resolved the issues presented in the Motion"); *Turner v. Ramo, LLC*, No. 09-81609-CIV, 2011 WL 13077935, at *3 n.3 (S.D. Fla. Jan. 6, 2011) ("Given the repeated attempts by RAMO to procure

and confer on this exact issue—expressly asked whether the SEC agreed to the relief sought in the Motion for Sanctions for Spoliation and the SEC said it did not. The parties have met and conferred multiple times. There is no reason for the Court to delay determining what sanctions to impose for Dorsett's deletion of ESI.

## CONCLUSION

For all the foregoing reasons, the SEC's Motion to Strike should be summarily denied.

Dated:    March 30, 2023

                                             /s/ Dayliset Rielo
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

---

discovery, the unsatisfactory responses served by Turner on October 26, 2010, and the fact that the instant motion is one for sanctions against Turner, the Court finds that a Rule 7.1(a)(3) conference is unnecessary in the context of this motion."); *Konefal v. GFC Crane Consultants, Inc.*, No. 05-60760-CIV, 2006 WL 8431628, at *3 (S.D. Fla. June 20, 2006) ("As Plaintiff's Motion to Remand is construed as a motion that seeks to "involuntarily dismiss an action," it is an enumerated exception to Local Rule 7.1(A)(3).").

7

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Defendant Guy Gentile's Opposition to the SEC's Motion to Strike, dated March 30, 2023, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

                                                                                   */s/ Dayliset Rielo*
                                                                                  Dayliset Rielo, Esq.