UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S OPPOSITION TO SEC'S MOTION FOR EXTENSION**

Defendant Guy Gentile opposes the Motion for Extension of Time to Respond to Guy Gentile's Motion for Sanctions for Spoliation of Evidence under Rule 37(e) ("Motion for Extension") filed by Plaintiff the Securities and Exchange Commission (the "SEC" or the "Agency"), as follows:

1. On January 5, 2023, this Court denied Gentile's request that Philip Dorsett—former Chief Compliance Officer of Defendant MintBroker International Ltd. ("SureTrader" or the "Company")—testify at the then-upcoming discovery hearing on January 9, 2023, about how Dorsett had obtained approximately 11,000 emails and additional records of SureTrader that he transmitted to the SEC in the spring of 2022 but that the Agency maintained it had not yet reviewed. *See* ECF No. 154.

2. The Court explained that a "discovery hearing is to decide what is admissible, what should be produced, and so on." *See* Ex. A, Tr. 19:5–7. The Court added that it had denied Gentile's prior Motion for Sanctions, ECF No. 86—which sought involuntary dismissal under

Rule 41 of the Federal Rules of Civil Procedure and the Court's inherent power premised on the SEC's request and receipt of stolen and illicitly retained SureTrader documents from Dorsett outside the bounds of the Federal Rules or any formal discovery process—because "you didn't give me anything to hang sanctions on" and "if you want to have a sanctions motion and a sanctions hearing and have them [former SureTrader employees] testify there, be my guest." *See* Ex. A, Tr. 19:2–11.

3. On January 9, 2023, without a formal order from the Supreme Court of the Bahamas permitting the Joint Official Liquidators of the Company to waive attorney–client privilege, the Court ruled that SureTrader had waived privilege and the SEC could receive the approximately 15,000 documents from Dorsett. *See* ECF No. 157. The Court ordered the SEC to produce all documents, including privileged Company documents, to Gentile.

4. On February 28, 2023, Dorsett testified under oath at his deposition that he did not "recall at this point" how he decided what documents to produce to the SEC, that he has "quite a bit more" relevant documents that he has not turned over, and—most important—that he "just deleted" relevant emails, after which his email was purportedly "hacked," preventing him from recovering such emails. *See* Gentile's Opp. to Mot. Strike, Ex. A, ECF No. 177-1. (Dorsett also spun a fanciful yarn about how the documents he had provided to the SEC had been sitting on the hard drive of a personal computer that he claimed he paid to have rebuilt some time in 2016 or 2017, and that he only discovered the SureTrader documents by happenstance while looking at family photos sometime in the spring of 2022. In fact, during 2016 and 2017, Dorsett was in frequent contact with the SEC and unlawfully sending the SEC specific SureTrader documents at the Agency's request, as demonstrated by documents produced by the SEC in this case.)

5. Counsel for Gentile—after learning for the first time during Dorsett's recent deposition that the witness possessed additional relevant documents he had not produced and that he had also affirmatively *deleted* relevant documents—indicated that the deposition should be held open pending briefing before the Court. Rather than acknowledge the obvious spoliation issue and the selective nature of the witness's document production, counsel for the SEC objected to holding the deposition open and made no further efforts to request relevant documents from Dorsett, who is outside of the Court's subpoena power but effectively under the control of the SEC.

6. Three weeks later, on March 21, 2023, Gentile moved for sanctions under Rule 37(e) based on Dorsett's admitted deletion of relevant evidence at his deposition. *See* ECF No. 173 ("Motion for Sanctions"). Gentile seeks stiff sanctions based on Dorsett's spoliation of highly relevant documents and also in light of the numerous instances of perjury Dorsett committed during his deposition. To paraphrase the Court at the January 5, 2023 hearing, Gentile has filed a sanctions motion and wants a sanctions hearing at which Dorsett must testify.

7. The SEC's regrettable response on March 23, 2023, was a threat coupled with a stall tactic: Either withdraw your Motion for Sanctions or the SEC will file a Motion to Strike and for Sanctions for allegedly failing to meet and confer prior to filing Gentile's Motion for Sanctions, even though the SEC objected on the record to holding Dorsett's deposition open and obviously opposes the harsher relief Gentile seeks in his Motion for Sanctions. Counsel for the SEC also claimed—apparently without having first reviewed the files themselves—that Dorsett had actually recovered all relevant deleted documents in the 48 hours since Gentile filed his Motion for Sanctions. The parties met and conferred *again* the next day on March 24, 2023, when the SEC confirmed that it opposed the relief sought in Gentile's Motion for Sanctions.

8. On March 27, 2023, the SEC produced the emails it recently received from Dorsett, which confirm rather than dispel that Dorsett has not recovered all emails he "deleted" and/or that he is still intentionally withholding relevant documents. Hoping to purge the issue from the public record, the SEC then filed its Motion to Strike, an extreme remedy, and now seeks to punt its deadline to respond to Gentile's Motion for Sanctions. *See* ECF No. 175.

9. Part of the SEC's rationale for seeking an extension for its Opposition to Gentile's Motion for Sanctions is that the Court has scheduled a hearing for April 10, 2023, on the SEC's Motion to Strike. (Notably, the SEC did not request such a hearing. Gentile requested a hearing on his Motion for Sanctions, but the Court has not yet set one.)

10. According to the SEC, if the Court grants its Motion to Strike, then the issues raised in Gentile's Motion for Sanctions "will be mooted." *See* Mot. Ext. ¶ 8, ECF No. 179. Nothing could be further from the truth. If the Court is persuaded to jettison Gentile's entire Motion for Sanctions—grounded squarely in a key witness's sworn testimony that he "deleted" relevant emails—on the flimsy procedural basis put forth by the SEC, counsel for Gentile will simply confirm *once again* that the SEC objects to the relief sought and refile the Motion for Sanctions under Rule 37(e), as it remains clear Dorsett spoliated highly relevant evidence that still has not been produced.

## **CONCLUSION**

For all the foregoing reasons, the SEC's Motion for Extension should be denied.

Dated:   April 3, 2023                              Respectfully submitted,

   */s/ Dayliset Rielo*
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Defendant Guy Gentile's Opposition to the SEC's Motion for Extension, dated April 3, 2023, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

                                                                                                                       */s/ Dayliset Rielo*
                                                                                                                          Dayliset Rielo, Esq.