# Exhibit A

```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2
                        CASE NO. 21-CV-21079-BB
 3
    SECURITIES AND EXCHANGE
 4  COMMISSION,

 5                                      Miami, Florida
                     Plaintiff(s),
 6                                      January 5, 2023
              vs.
 7
    MINTBROKER INTERNATIONAL,
 8  LTD., et al.,

 9
                     Defendant(s).     Pages 1 - 24
10  -------------------------------------------------------

11                       DISCOVERY HEARING
                 TRANSCRIBED FROM DIGITAL AUDIO RECORDING
12             BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
                     UNITED STATES MAGISTRATE JUDGE
13


14
    APPEARANCES:
15
    FOR THE PLAINTIFF(S):  ALICE SUM, ESQ.
16                         RUSSELL KOONIN, ESQ.
                           SECURITIES AND EXCHANGE COMMISSION
17                         801 Brickell Avenue
                           Miami, FL 33131
18                         305-982-6300
                           sumal@sec.gov
19                         kooninr@sec.gov

20

21

22

23

24

25
```

```
 1   APPEARANCES (CONT'D)

 2

     FOR THE DEFENDANT(S):   MATTHEW A. FORD, ESQ.
 3   Guy Gentile             STEPHEN R. HALPIN, III, ESQ.
                             FORD O'BRIEN LANDY, LLP
 4                           275 Madison Avenue
                             New York, NY 10016
 5                           212-858-0040
                             mford@fordobrien.com
 6                           shalpin@fordobrien.com

 7

 8

 9   TRANSCRIBED BY:         Joanne Mancari, RPR, CRR, CSR
                             Court Reporter
10                           jemancari@gmail.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   Thereupon,

2   the following proceedings were held via Zoom videoconference:

3           THE DEPUTY CLERK:  The Securities and Exchange

4   Commission v. MintBroker International, Ltd., case No. 21

5   21079, civil, Bloom.

6           Counsel, please state your appearances for the record.

7           MS. SUM:  Alice Sum for the Securities and Exchange

8   Commission.

9           MR. KOONIN:  And Russell Koonin as well.

10          MR. HALPIN:  Stephen Halpin, from Ford O'Brien Landy,

11  for defendant Guy Gentile, who I understand is observing, and

12  along with me is my colleague Matthew Ford.

13          THE COURT:  All right.  Mr. Halpin.

14          MR. HALPIN:  Yes, your Honor.

15          THE COURT:  OK.  I just wanted to make sure I had it

16  right.

17          OK.  So I set this matter for the motion to take

18  remote testimony at the hearing that we have scheduled for

19  Monday, and now, in addition to resolving that, it seems like I

20  have to resolve some kind of dispute about introducing

21  documents at this hearing, I think, if I'm following the thread

22  correctly, which apparently is confidential information.

23          I don't know that we have anybody here other than the

24  parties, but in any event, Mr. Halpin, Mr. Ford, explain to me

25  why you need emails for me to decide this motion to take remote

1    testimony.

2            MR. HALPIN:  Yes, your Honor.  May it please the

3    court, Stephen Halpin.

4            These emails, which were produced to us either shortly

5    before the hearing we held in August, August 1st, before your

6    Honor or shortly thereafter, confirm a number of our suspicions

7    about the SEC's efforts to direct the witnesses in question to

8    look for, obtain, and send to the SEC certain documents that

9    were not part of their original submissions to the Commission.

10   For one employee in particular, this was while he was still

11   employed at SureTrader, a Bahamian company.

12           I think we would just like the opportunity to drive

13   home why we think it is important to have these individuals'

14   live testimony.  I think those emails demonstrate why it is

15   important, because they show the nature in which these

16   individuals have sent materials to the SEC.  They, frankly,

17   call into question some of the representations made in the

18   declarations filed in this court by these two individuals, or

19   that they authored, that the SEC filed over the summer.  We

20   think they cast significant doubt on some of the statements

21   made in those declarations.

22           So really we would just like the opportunity to put

23   them before the court in support of our motion to take the

24   testimony of these individuals.

25           As I read the confidentiality order, obviously it

1  doesn't prohibit the court or its personnel access to these

2  records even if they're designated confidential.  We dispute

3  that they should be designated as such, but I mean, if there is

4  no one else on the line or if we like to go part of the hearing

5  under seal, I don't think there would be -- I don't see how

6  that would be an issue from our perspective, and not everything

7  I would rely on has been stamped confidential.  So it would

8  really only apply to one of the two individuals.

9          THE COURT:  All right.  So then these are emails that

10  you want me to consider to decide this other issue, which is

11  that you want people to testify at a discovery hearing.  So we

12  are now two steps removed.

13          You set this matter as a discovery hearing.  You

14  didn't file any kind of motion.  So again, I'm having

15  difficulty connecting the dots here as to what relief it is you

16  want.  On top of that, these people, I think one of them you

17  want to do it by letters rogatory, which would be totally -- I

18  have never seen a letters rogatory that gets responded to

19  overnight or over a weekend.  So, again, I don't know that

20  whatever relief it is that you're seeking at the discovery

21  hearing, if anything, has anything to do with anybody's

22  testimony.

23          Again, we are two steps removed.  First you want me to

24  look at emails here to decide this testimony issue and then you

25  want these people to testify at the discovery hearing.  Again,

1    not the usual way we do things.

2         MR. HALPIN:  Your Honor, respectfully, if I could just

3    respond with a few points to hopefully address some of the

4    court's concerns.

5         This broader dispute concerns 44,000 emails and other

6    documents belonging to defendant SureTrader, the company,

7    company records that these individuals have either turned over

8    to the SEC or are prepared to.  The SEC has represented they

9    have not reviewed any of them.

10        We had a hearing that involved this issue on August 1,

11   2022.  Your Honor instructed us to be circumspect in how we

12   move forward.  We conferred thereafter, including with

13   Mr. Gluck, who has indicated he represents the Joint Official

14   Liquidators overseeing the liquidation of the company in the

15   Bahamas.  We attempted to reach a path forward.  We didn't

16   agree on everything, as I'm sure Ms. Sum will also point out,

17   but at that point in time the SEC issued a letters rogatory to

18   the company, and that is the proper process here.

19        It was a party in this case, SureTrader.  It has not

20   entered an appearance.  It's essentially defaulted.  The SEC is

21   seeking documents that are these company's, and I can get into

22   why Mr. Gentile as the founder and former CEO and still a

23   shareholder of this company certainly has a right or privilege

24   with respect to these documents and how just turning over this

25   mountain of evidence to the SEC, which then we will have to

1   review, prejudices our ability to prepare for trial.

2           So I think there are a lot of questions underlying how

3   the SEC came into possession of these documents.  Again, I

4   think there are issues with the declarations where they suggest

5   everything has been provided voluntarily.  I don't believe

6   that's the case based on some of the emails we've received and

7   what the definition of voluntary is under the SEC's

8   whistleblower regulations.

9           I think it's clear these documents were retained in

10  violation of Bahamian law.  We previously put in an affidavit

11  from a Bahamian lawyer that said, to the extent this stuff

12  contains fine information or other sensitive information

13  transmitting it to a foreign regulator is a crime under

14  Bahamian law, and the SEC never rebutted that affidavit with

15  one of its own.

16          So I understand the court's concern that potentially

17  we've gone down two steps removed, but we're really at kind of

18  the main point here, is whether the SEC can just have former

19  employees of a foreign company surveil the company under the

20  SEC's direction and then agree to just send outside of any

21  formal discovery process.

22          Again, they haven't subpoenaed these individuals.

23  They haven't sent a letters rogatory to these individuals.

24  They didn't propound document requests on the company

25  SureTrader.  (Inaudible) that they serve a letter rogatory.

1          So in terms of kind of the normal protocol, we are way

2      outside the bounds here of what is contemplated under the

3      federal rules.  Obviously if there were a subpoena or other

4      such formal process had been served, then obviously as a party

5      we have a right to object to a nonparty subpoena that seeks

6      information in which our client has a right or privilege or

7      that would prejudice our ability to prepare for trial because

8      it seeks mountains of irrelevant information.

9          I hope that addresses some of the court's concerns.

10      If there are further questions, I'm happy to provide more.

11          THE COURT:  It seems to me that you have two distinct

12      objections.  One of them is you have an objection as to how the

13      SEC came into possession of these documents, and the other

14      objection is that you claim that you have some privilege

15      interest or some party interest in the documents.

16          Now, for all of that you want these people to testify,

17      but does it really make a difference in terms of whatever

18      rights you want to assert?  Obviously, you know about these

19      documents.  It is not like they were hidden from you.  If you

20      want to assert rights as to these documents, which I think is

21      what the discovery hearing is all about on Monday, why do we

22      need to look into how those documents go to the SEC, have these

23      people testify on Monday, have me look at emails today.  It

24      just seems to me that you are kind of like asking for a lot

25      more than what you really need if you really want to assert

1    your client's rights to assert privilege claims to these

2    documents because, I mean, your client is a party to these

3    proceedings.  That much we have established clearly.  Right?

4    Your client knows --

5              MR. HALPIN:  Yes, your Honor.

6              THE COURT:  -- about these documents.  You can demand

7    in a discovery protocol how the documents are handled.  But why

8    get these two people involved and why go into how the documents

9    got to the SEC, which I think is what you want me to look at

10   emails for and what you want these people to testify at

11   Monday's hearing.

12             MR. HALPIN:  Yes, your Honor.  To respond briefly, we

13   endeavored to persuade these individuals or we asked our

14   colleagues at the SEC for them to appear voluntarily.  After

15   the SEC issued the letter rogatory I believe in August or

16   September of this year, we heard nothing on this issue until,

17   out of the blue, the SEC said in earlier December this process

18   is taking too long, we want to go ahead and start reviewing

19   these emails.

20             I mean, it is somewhat silly for them to say you don't

21   have standing, you don't have a right of privilege when their

22   sole purpose for seeking these documents is to use them against

23   our client, the only defendant in this case, and when they've

24   reached out and said -- I mean, we don't think they should have

25   them to begin with, but they have acknowledged, to the extent

1    there are communications with your law firm, we would like to

2    screen them.

3           Fundamentally, how is the SEC different than any other

4    litigant in federal litigation.  They filed this complaint in

5    2021.  They have, we believe, sought out these documents from

6    these individuals just in the spring of this year without

7    issuing any formal type of request and without specifying date

8    ranges, custodians, keywords, anything of that nature.  They

9    just said everything you've got give it to us.  In fact, one of

10   these individuals, who is not trained as a lawyer, neither

11   is -- the SEC asked him to conduct his own privilege review

12   before he sent over the materials.

13          This is so outside the norms of what one would expect

14   in U.S. federal litigation.  I mean, you can't just go kind

15   of -- you can't just seek a party's documents from a nonparty

16   under the cover of darkness --

17          THE COURT:  I'm sorry.

18          MR. HALPIN:  -- to be frank.

19          THE COURT:  Hold on just a second.

20          The documents that they're getting, are they your

21   client's documents or the company's documents?  Which is it?

22          MR. HALPIN:  They're the company's documents, they're

23   the company's records, but that is --

24          THE COURT:  All right.

25          MR. HALPIN:  -- not dispositive of the question of

1    whether our client -- sorry, your Honor.

2          THE COURT:  So some of those documents he may have

3    privilege claims.  That seems to be the thrust of your

4    argument.  So when I asked you the very pointed question to

5    explain to me why you're doing what you are doing, you went

6    back and you repeated that you're unhappy with the way the SEC

7    has conducted itself.  That is up to you to pursue in whichever

8    way you want to, but as I understand it, the purpose of the

9    hearing on Monday is to figure out what in the document

10   production, under whatever heading it comes under, whether you

11   have privilege claims to it and so on.

12         Let me ask the SEC attorneys.  I know that you have

13   been arguing that Mr. Gentile has no standing.  That seems to

14   be your refrain.  Would you agree that as a party to these

15   proceedings he can assert privilege claims as to documents that

16   are being produced in this proceeding or are you saying he's

17   just whistling in the wind, he has no rights?

18         MS. SUM:  Thank you, your Honor.

19         We acknowledge the standard under Rule 45 and what

20   Mr. Gentile has to demonstrate in order to seek relief from

21   this court to prevent the SEC from reviewing these company

22   documents.  Whether he's met that standard under Rule 45 is a

23   different issue.

24         If your Honor combs through all of Mr. Gentile's

25   filings, he has yet to identify specifically what that personal

1   right or privilege is.

2          THE COURT:  Right.  That is what we are going to

3   address on Monday.  We are not addressing that today, correct?

4          MS. SUM:  Well, your Honor, we're addressing it in the

5   context that this is all in preparation for Monday's hearing.

6          So under Rule 43, where they're seeking relief to

7   present these witnesses, they can't meet the standard of a good

8   compelling reason to have them testify.  The reason why we say

9   there is no good reason, compelling reason for them to testify

10   is there is no merit to fundamentally their request for a

11   protective order that is being heard on Monday.  So while, yes,

12   I know we are trying to parse specific issues, they are

13   nonetheless interrelated.

14          We absolutely do not see any relevance whatsoever for

15   these two former employees to testify.  It's irrelevant how

16   they got the documents, whether they cooperated, etc.  At the

17   end of the day either Mr. Gentile has standing or he doesn't

18   have standing, either he has a personal right or privilege or

19   he doesn't have a right or privilege to seek the relief from

20   this court that prevents or somehow limits the SEC's access to

21   reviewing these documents.

22          THE COURT:  Again, that is what we are addressing on

23   Monday.  We are not addressing that today.  You are kind of

24   conflating the two things, which I'm trying to keep separate.

25          All I have to do today is figure out whether these

1  people can or cannot testify on Monday at what is normally a

2  discovery hearing. It is not even an evidentiary hearing. It

3  was set as a discovery hearing. So that is what I'm trying to

4  get my head wrapped around, is why would we be hearing

5  testimony from witnesses at a discovery hearing. So that is

6  what I want to basically stick to deciding.

7      I will deal with whether Mr. Gentile can or cannot

8  under normal subpoena rules -- let's say that we apply the

9  normal subpoena rules to this production -- whether he has

10  privilege claims, whether potentially some of these documents

11  that belong to the company he may be claiming that he has -- I

12  have no idea what he is going to claim. Can we stick to what

13  I'm trying to resolve today so that we can go forward with the

14  hearing on Monday?

15      Are these people entitled -- not these people. Is

16  Mr. Gentile entitled to have these people appear and testify at

17  a discovery hearing?

18      MS. SUM: Your Honor, I'm happy to specifically

19  address that.

20      Our position is that under Rule 43(a) Mr. Gentile has

21  not demonstrated the good cause and compelling circumstances to

22  require the testimony because at its basic level the testimony

23  of these two former employees is completely irrelevant to the

24  issue of whether he has standing, whether he has a personal

25  right or privilege.

1        I'm happy to, of course, address those issues, and

2   that is why I said they're somewhat interrelated.  But if they

3   cannot meet that standard, there is no reason to have these two

4   former employees testify.

5        There is nothing these employees can testify to about

6   whether he has standing.  What exactly is it that they're going

7   to say that negates the fact that Mr. Gentile doesn't have

8   standing, because the JOLs have said that he doesn't have

9   standing and he has no rights, and they said that the SEC can

10  go ahead and receive and review these documents.  What is it

11  that these two witnesses will testify that somehow has bearing

12  on whether he has a personal right or privilege, whether for

13  some reason, let's say, these are personal matters that somehow

14  are contained in their records.  Of course, our position is

15  even if for some reason he has a personal lawyer that has been

16  consulting him, these are the former employees' emails.  So

17  they've waived any privilege that potentially Mr. Gentile has.

18       THE COURT:  But I don't want to cross that bridge just

19  yet.  That's what I'm trying to tell you.

20       I'm looking at 43(a).  43(a) talks about testimony of

21  witnesses in open court at trial, and that's what I've been

22  trying to get at.  I don't seem to be getting anywhere with

23  anybody.

24       MR. KOONIN:  Your Honor, if I may, if I may jump in.

25  Consistent with what Ms. Sum is saying, we've offered a

1    stipulation to defense counsel that the witnesses at issue are

2    whistleblowers, that the SEC reached out to them after they

3    submitted a tip, complaint, and referral, and that we, the SEC,

4    were in conferral with these witnesses and in fact those

5    witnesses then gathered certain documents.  We'll stipulate to

6    that fact.

7           There is nothing else that those witnesses have to

8    offer on Monday that is at all germane to the fact of whether

9    or not the SEC should be entitled to see these documents and

10   whether or not Mr. Gentile has a privilege to assert.  There

11   are no other facts that are at all relevant that they could

12   possibly testify to.

13          Defense counsel talked about some potential

14   inconsistencies in their declarations that they may want to

15   draw out for purposes of the testimony.  Your Honor, that is

16   for trial if they want to impugn their credibility, if they're

17   testifying at trial, for purposes of establishing liability.

18          As your Honor pointed out, this is just a discovery

19   conference as to whether or not the SEC should be entitled to

20   review these emails, which generally in an abundance of caution

21   we should have been reviewing six months ago, but we tried to

22   meet and confer just to cross our Ts and dot our Is.

23          We went through the rogatory process.  It didn't work.

24   We're running out of time.  We're not going to prejudice

25   ourselves by virtue of relying on the rogatory process, which,

1  as your Honor pointed out, is oftentimes extremely slow.

2        Your Honor, to answer your question directly, there is

3  absolutely no reason for these individuals to be brought to

4  court on Monday.  We have stipulated and offered that

5  stipulation to defense counsel that the individuals, especially

6  one, submitted a tip, complaint, and referral.  We have

7  received that tip, complaint, and referral.  As is our duty, we

8  reached out to that individual to speak to him about the tip,

9  complaint, and referral, and that's the end of the story.

10        There is nothing more that is relevant for purposes of

11 Monday.

12        THE COURT:  So the point I've been trying to make is,

13 and I don't know, defense counsel, if I've made it clear, the

14 point I've been trying to make, logically speaking, we're

15 having a discovery hearing where we will address presumably

16 issues of privilege, because I think that's the only thing that

17 can be addressed.  Defense wants to kind of go digging into how

18 the documents got to the SEC.  It just does not seem to me that

19 that is something that the court should engage in at a

20 discovery hearing and much less by hearing testimony from

21 people.

22        If you want to bring some claim that the SEC has acted

23 inappropriately in obtaining these documents, that is a

24 different issue.  It may or may not be part of this case.  My

25 only mission here is to do discovery, and that is what I intend

1   to do on Monday.

2         Defense counsel, I just don't see this business of

3   having people appear by subpoena or letters rogatory on Monday

4   to tell us how, why, when, and for what reason they gave the

5   documents to the SEC.  The documents are in the SEC's

6   possession.  If you want to challenge that process, then you

7   need to do that in an appropriate manner.

8         The only thing you can do in front of me is say, on

9   this production, my client has privilege claims and I'm

10  entitled to some kind of, like they do in criminal cases, have

11  somebody review it, have a taint team.  I'm not saying that

12  will happen here, but I'm sort of analogizing to that process.

13        Honestly, I think this has been blown out of

14  proportion, to be perfectly honest.

15        MR. HALPIN:  Your Honor, if I could just respond since

16  I believe my friends on the other side had quite a bit of time

17  between the two of them just now.

18        So we did move for sanctions.  We sought dismissal

19  based on what we view as misconduct.

20        THE COURT:  And that was denied.

21        MR. HALPIN:  Yes, your Honor.  It was denied without

22  prejudice.

23        THE COURT:  OK.

24        MR. HALPIN:  You said I need -- sorry.  Go ahead.

25        THE COURT:  So you want to bring another motion for

1    sanctions, be my guest.  You see what I'm saying?

2            MR. HALPIN:  I'm saying, your Honor, if I could just,

3    with the court's indulgence, if I could cover a few more points

4    in response.

5            THE COURT:  Yes.

6            MR. HALPIN:  Thank you, your Honor.

7            I mean, we cited case law in those papers about how a

8    party can't essentially deputize -- this is a private

9    litigation -- someone to go steal or illicitly retain documents

10   of another party and then use those in litigation.  That is not

11   a novel concept.  That's just in the regular private litigation

12   context.

13           THE COURT:  Right.

14           MR. HALPIN:  What we're talking about here is a

15   U.S. --

16           THE COURT:  Wait.  Mr. Koonin just explained that they

17   are willing to enter into a stipulation that this was a

18   whistleblower, and presumably they followed the whistleblower

19   protocols.  If they didn't, then you can complain.

20           MR. HALPIN:  I don't think so.

21           THE COURT:  No.

22           MR. HALPIN:  I think the discovery we've received --

23           THE COURT:  I'm sorry.  I said presumably, and if they

24   didn't -- do you see what I'm saying?  You want sanctions --

25           MR. HALPIN:  Yes.

1          THE COURT:  -- you file a sanctions motion.

2          I denied it without prejudice before because you

3     didn't give me anything to hang sanctions on.  You can't just

4     kind of go all around and try to accuse the SEC of improperly

5     getting papers in a discovery hearing.  The discovery hearing

6     is to decide what is admissible, what should be produced, and

7     so on.  So all this business about --

8          MR. HALPIN:  Respectfully --

9          THE COURT:  -- having people testify, if you want to

10    have a sanctions motion and a sanctions hearing and have them

11    testify there, be my guest.  You see what I'm saying?

12         MR. HALPIN:  Understood, your Honor.  Understood, your

13    Honor.  Understood, your Honor.

14         I would just note, respectfully, obviously the court

15    has considerable inherent discretion to control discovery.  To

16    the extent this discovery has been obtained improperly, we

17    think that is a proper basis to preclude the SEC from reviewing

18    these 44,000 documents, and that doesn't necessarily fall

19    within a motion for sanctions.  That is a discovery-related

20    form of relief, that we don't think these documents --

21         THE COURT:  I'm sorry.  Violations of discovery and

22    things of that nature fall under Rule 37, and Rule 37 is a

23    sanctions rule.  So, again, when you're doing just plain old

24    discovery hearings, you decide whether something should be

25    produced, can be withheld, whether there's privilege, and so

1  on.  Anything outside that you're in the sanctions world.

2          I can't just say at a discovery hearing, you got this

3  improperly and therefore you can't look at it.  I'd be

4  violating their due process rights.

5          MR. HALPIN:  The due process right -- I'm sorry.  I

6  don't follow.  The due process right of the U.S. federal

7  government?

8          THE COURT:  Right, because you're telling me --

9          MR. HALPIN:  OK.

10         THE COURT:  -- to impose a sanction on the SEC of not

11  being able to review these documents in the context of a

12  discovery hearing.

13         MR. HALPIN:  To be clear, they have issued a letter

14  rogatory to the company where they propounded specific

15  requests.  That is outstanding.  The claims of delay, I'm

16  sorry, fall on deaf ears for my client.

17         The SEC has been investigating this matter since 2013.

18  They filed this lawsuit in 2021.  They did not issue a letter

19  rogatory until August or September of this year.  Any exigency

20  is not the fault of my client.  So it's not a reason to

21  circumvent the federal rules and to just allow them to receive

22  these documents.

23         THE COURT:  Again, the fact is they have the

24  documents.  You're challenging how they got them.  That is a

25  separate issue.  You are saying that you have rights to review

1    those documents, that you have privilege claims as to those

2    documents.  That is a proper subject of a discovery hearing

3    which I anticipated holding before all this stuff about

4    testimony and looking at emails came up.

5             MR. HALPIN:  Understood, your Honor.

6             THE COURT:  Does the SEC have any further comments to

7    my plan on Monday to simply have -- and I think at that time

8    the SEC is going to say you can't assert privilege, you don't

9    have standing.  I will be glad to hear that.  I will be glad to

10   see if they do or do not.

11            Do you see anything else that I need to do other than

12   have a plain old discovery hearing on Monday?

13            MS. SUM:  Your Honor, we agree this should be a

14   standard discovery hearing on Monday.

15            THE COURT:  All right.  That is how we will proceed.

16            The motion to have witnesses testify is denied.

17            I need not review those emails that were sent, so we

18   don't have to worry about confidentiality.

19            We will proceed on Monday on your arguments regarding

20   what you're claiming are privileged.  So it's almost like a

21   Rule 45 subpoena kind of hearing, where somebody comes in and

22   objects to production of subpoena, even though this wasn't

23   produced pursuant to subpoena, but I'm saying logistically that

24   is the only way I can see of handling it, and you can assert

25   your privilege claims and they can, the SEC can counter those,

1    and then we can go forward and figure out how the review of the

2    documents will take place.  All right.

3           MR. HALPIN:  Thank you, your Honor.  Just one final

4    question on that point.

5           Since there isn't a Rule 45 subpoena, we're

6    shadowboxing a little bit here in terms of how we assert our

7    objections.  I don't know if the court has any view on that in

8    advance of Monday.

9           THE COURT:  Well, you seem to be taking the position

10   that you have rights under Rule 45.  So if that's your

11   position, then you need to pursue the relief you seek under

12   Rule 45.  As I said, the way that they got those documents, if

13   you want to pursue sanctions, be my guest.

14          Does that make sense to you?

15          MR. HALPIN:  It makes perfect sense.  My only point is

16   there isn't a written subpoena requesting particular documents,

17   communications with particular individuals for a particular

18   time frame.  Our understanding is the SEC has just asked these

19   individuals for everything they have related to SureTrader.  So

20   in opposing, in seeking relief in a Rule 45-type setting, I'm

21   having trouble understanding exactly how we should approach

22   that.

23          THE COURT:  Have the SEC provide categories of

24   documents, something that defense counsel can use, because

25   maybe there's stuff there that they read -- there's no point in

1    wasting time -- that they don't claim any privilege to.

2    Obviously, you're saying they have no standing to claim

3    privilege.  Maybe that's the first step as to anything.  Maybe

4    that is the first step that we need to take.

5         MS. SUM:  Yes, your Honor.  If I may, to answer the

6    first question you've posed, we did not issue a Rule 45

7    subpoena because we don't need to issue a Rule 45 subpoena.

8         THE COURT:  Right.

9         MS. SUM:  And that issue was briefed earlier.  So yes,

10   we believe standing -- my apologies, your Honor.

11        Yes, we believe the basic framework of do they have

12   standing, what we've noted about the JOL saying that they have

13   no standing, do they have a personal right of privilege, I

14   mean, these are the first things that have to be addressed with

15   respect to the company's documents.  He's not ever stated in

16   any filing what exactly his standing might be or what his

17   personal right or privilege might be.  That's been an enigma to

18   the SEC throughout all of this briefing, starting with their

19   motion for sanctions.

20        So their failure to identify the basis for the relief

21   that they're seeking, that is one of the fundamental problems

22   and why we're saying they can't prevail on Monday.

23        THE COURT:  So you're saying those are global issues

24   and we don't really need to know what categories of documents

25   you have obtained.

1          MS. SUM:  That is correct, your Honor.  Yes.

2          THE COURT:  OK.  We will cross that bridge when we get

3    there.  If we need to have --

4          MR. HALPIN:  Yes.

5          THE COURT:  -- have a hearing, we'll have a second

6    hearing.  All right.

7          MR. HALPIN:  Thank you, your Honor.

8          MS. SUM:  Thank you, your Honor.

9          THE COURT:  All right.  So as it stands right now the

10   motion to have these witnesses appear on Monday is denied.  All

11   right.

12         MS. SUM:  Understood, your Honor.  Thank you.

13         MR. HALPIN:  Thank you, your Honor.

14         THE DEPUTY CLERK:  Court's adjourned.

15         (Adjourned)

16

17                   C E R T I F I C A T E

18

19      I hereby certify that the foregoing is an accurate

20   transcription to the best of my ability of the digital audio

21   recording in the above-entitled matter.

22

23   March 30, 2023           s/ Joanne Mancari
                              Joanne Mancari, RPR, CRR, CSR
24                            Court Reporter
                              jemancari@gmail.com
25

MR. HALPIN: [29]
MR. KOONIN: [2]  3/9 14/24
MS. SUM: [10]  3/7 11/18 12/4 13/18
21/13 23/5 23/9 24/1 24/8 24/12
THE COURT: [36]
THE DEPUTY CLERK: [2]  3/3 24/14

**0**

0040 [1]  2/5

**1**

10016 [1]  2/4
1st [1]  4/5

**2**

2013 [1]  20/17
2021 [2]  10/5 20/18
2022 [1]  6/11
2023 [2]  1/6 24/23
21 [1]  3/4
21-CV-21079-BB [1]  1/2
21079 [1]  3/5
212-858-0040 [1]  2/5
24 [1]  1/9
275 [1]  2/4

**3**

30 [1]  24/23
305-982-6300 [1]  1/18
33131 [1]  1/17
37 [2]  19/22 19/22

**4**

43 [4]  12/6 13/20 14/20 14/20
44,000 [2]  6/5 19/18
45 [8]  11/19 11/22 21/21 22/5 22/10
22/12 23/6 23/7
45-type [1]  22/20

**6**

6300 [1]  1/18

**8**

801 [1]  1/17

**A**

ability [3]  7/1 8/7 24/20
able [1]  20/11
about [15]  3/20 4/7 8/18 8/21 9/6 14/5
14/20 15/13 16/8 18/7 18/14 19/7 21/3
21/18 23/12
above [1]  24/21
above-entitled [1]  24/21
absolutely [2]  12/14 16/3
abundance [1]  15/20
access [2]  5/1 12/20
accurate [1]  24/19
accuse [1]  19/4
acknowledge [1]  11/19
acknowledged [1]  9/25
acted [1]  16/22
addition [1]  3/19
address [5]  6/3 12/3 13/19 14/1 16/15
addressed [2]  16/17 23/14
addresses [1]  8/9
addressing [4]  12/3 12/4 12/22 12/23
adjourned [2]  24/14 24/15
admissible [1]  19/6
advance [1]  22/8

affidavit [2]  7/10 7/14
after [2]  8/14 13/6
again [9]  5/14 5/19 5/23 5/25 7/3 7/22
12/22 19/23 20/23
against [1]  9/22
ago [1]  15/21
agree [4]  6/16 7/20 11/14 21/13
ahead [3]  9/18 14/10 17/24
al [1]  1/8
ALICE [1]  1/15 3/7
ALICIA [1]  1/12
all [19]  3/13 5/9 8/16 8/21 10/24 11/24
12/5 12/25 15/8 15/11 19/4 19/7 21/3
21/15 22/2 23/18 24/6 24/9 24/10
allow [1]  20/21
almost [1]  21/20
along [1]  3/12
also [1]  6/16
analogizing [1]  17/12
another [2]  17/25 18/10
answer [2]  16/2 23/5
anticipated [1]  21/3
any [13]  3/24 5/14 6/9 7/20 10/3 10/7
12/14 14/17 20/19 21/6 22/7 23/1 23/16
anybody [2]  3/23 14/23
anybody's [1]  5/21
anything [7]  5/21 5/21 10/8 19/3 20/1
21/11 23/3
anywhere [1]  14/22
apologies [1]  23/10
apparently [1]  3/22
appear [4]  9/14 13/16 17/3 24/10
appearance [1]  6/20
appearances [3]  1/14 1/20 3/6
apply [2]  5/8 13/8
approach [1]  22/21
appropriate [1]  17/7
are [36]
arguing [1]  11/13
argument [1]  11/4
arguments [1]  21/19
around [2]  13/4 19/4
as [24]  3/9 4/25 5/3 5/13 5/15 6/16 6/22
8/4 8/12 8/20 10/10 11/8 11/14 11/15
13/3 15/18 15/19 16/1 16/7 17/19 21/1
22/12 23/3 24/9
ask [1]  11/12
asked [4]  9/13 10/11 11/4 22/18
asking [1]  8/24
assert [9]  8/18 8/20 8/25 9/1 11/15 15/10
21/8 21/24 22/6
at [30]
attempted [1]  6/15
attorneys [1]  11/12
audio [1]  1/11 24/20
August [5]  4/5 4/5 6/10 9/15 20/19
authored [1]  4/19
Avenue [2]  1/17 2/4

**B**

back [1]  11/6
Bahamas [1]  6/15
Bahamian [4]  4/11 7/10 7/11 7/14
based [2]  7/6 17/19
basic [2]  13/22 23/11
basically [1]  13/6
basis [2]  19/17 23/20
BB [1]  1/2
be [32]
bearing [1]  14/11

because [10]  4/15 8/7 9/2 13/22 14/8
16/16 19/2 20/8 22/24 23/7
been [13]  5/7 7/5 8/4 11/13 14/15 14/21
15/21 16/12 16/14 17/13 19/16 20/7
23/17
before [7]  1/12 4/5 4/5 4/23 10/12 19/2
21/3
begin [1]  9/25
being [3]  11/16 12/11 20/11
believe [6]  7/5 9/15 10/5 17/16 23/10
23/11
belong [1]  13/11
belonging [1]  6/6
best [1]  24/20
between [1]  17/17
bit [2]  17/16 22/6
Bloom [1]  3/5
blown [1]  17/13
blue [1]  9/17
bounds [1]  8/2
Brickell [1]  1/17
bridge [2]  14/18 24/2
briefed [1]  23/9
briefing [1]  23/18
briefly [1]  9/12
bring [2]  16/22 17/25
broader [1]  6/5
brought [1]  16/3
business [2]  17/2 19/7
but [14]  3/24 5/3 6/17 7/17 8/17 9/7 9/25
10/23 11/8 14/2 14/18 15/21 17/12 21/23

**C**

call [1]  4/17
came [3]  7/3 8/13 21/4
can [20]  6/21 7/18 9/6 11/15 13/1 13/7
13/12 13/13 14/5 14/9 16/17 17/8 18/19
19/25 21/24 21/24 21/25 21/25 22/1
22/24
can't [9]  10/14 10/15 12/7 18/8 19/3 20/2
20/3 21/8 23/22
cannot [3]  13/1 13/7 14/3
case [7]  1/2 3/4 6/19 7/6 9/23 16/24 18/7
cases [1]  17/10
cast [1]  4/20
categories [2]  22/23 23/24
cause [1]  13/21
caution [1]  15/20
CEO [1]  6/22
certain [2]  4/8 15/5
certainly [1]  6/23
certify [1]  24/19
challenge [1]  17/6
challenging [1]  20/24
circumspect [1]  6/11
circumstances [1]  13/21
circumvent [1]  20/21
cited [1]  18/7
civil [1]  3/5
claim [5]  8/14 13/12 16/22 23/1 23/2
claiming [2]  13/11 21/20
claims [9]  9/1 11/3 11/11 11/15 13/10
17/9 20/15 21/1 21/25
clear [3]  7/9 16/13 20/13
clearly [1]  9/3
client [8]  8/6 9/2 9/4 9/23 11/1 17/9
20/16 20/20
client's [2]  9/1 10/21
colleague [1]  3/12
colleagues [1]  9/14

**C**

combs [1]  11/24
comes [2]  11/10 21/21
comments [1]  21/6
COMMISSION [5]  1/4 1/16 3/4 3/8 4/9
communications [2]  10/1 22/17
company [12]  4/11 6/6 6/7 6/14 6/18
 6/23 7/19 7/19 7/24 11/21 13/11 20/14
company's [5]  6/21 10/21 10/22 10/23
 23/15
compelling [3]  12/8 12/9 13/21
complain [1]  18/19
complaint [5]  10/4 15/3 16/6 16/7 16/9
completely [1]  13/23
concept [1]  18/11
concern [1]  7/16
concerns [3]  6/4 6/5 8/9
conduct [1]  10/11
conducted [1]  11/7
confer [1]  15/22
conference [1]  15/19
conferral [1]  15/4
conferred [1]  6/12
confidential [3]  3/22 5/2 5/7
confidentiality [2]  4/25 21/18
confirm [1]  4/6
conflating [1]  12/24
connecting [1]  5/15
consider [1]  5/10
considerable [1]  19/15
Consistent [1]  14/25
consulting [1]  14/16
CONT'D [1]  2/1
contained [1]  14/14
contains [1]  7/12
contemplated [1]  8/2
context [3]  12/5 18/12 20/11
control [1]  19/15
cooperated [1]  12/16
correct [2]  12/3 24/1
correctly [1]  3/22
could [5]  6/2 15/11 17/15 18/2 18/3
counsel [7]  3/6 15/1 15/13 16/5 16/13
 17/2 22/24
counter [1]  21/25
course [2]  14/1 14/14
court [14]  1/1 2/9 4/3 4/18 4/23 5/1
 11/21 12/20 14/21 16/4 16/19 19/14 22/7
 24/24
court's [5]  6/4 7/16 8/9 18/3 24/14
cover [2]  10/16 18/3
credibility [1]  15/16
crime [1]  7/13
criminal [1]  17/10
cross [3]  14/18 15/22 24/2
CRR [2]  2/9 24/23
CSR [2]  2/9 24/23
custodians [1]  10/8
CV [1]  1/2

**D**

darkness [1]  10/16
date [1]  10/7
day [1]  12/17
deaf [1]  20/16
deal [1]  13/7
December [1]  9/17
decide [5]  3/25 5/10 5/24 19/6 19/24
deciding [1]  13/6
declarations [4]  4/18 4/21 7/4 15/14

defaulted [1]  6/20
defendant [5]  1/8 2/3 9/11 8/8 9/23
defense [7]  15/1 15/13 16/5 16/13 16/17
 17/2 22/24
definition [1]  7/7
delay [1]  20/15
demand [1]  9/6
demonstrate [2]  4/14 11/20
demonstrated [1]  13/21
denied [5]  17/20 17/21 19/2 21/16 24/10
deputize [1]  18/8
designated [2]  5/2 5/3
did [3]  17/18 20/18 23/6
didn't [7]  5/14 6/15 7/24 15/23 18/19
 18/24 19/3
difference [1]  8/17
different [3]  10/3 11/23 16/24
difficulty [1]  5/15
digging [1]  16/17
digital [2]  1/11 24/20
direct [1]  4/7
direction [1]  7/20
directly [1]  16/2
discovery [29]
discovery-related [1]  19/19
discretion [1]  19/15
dismissal [1]  17/18
dispositive [1]  17/18
dispute [3]  3/20 5/2 6/5
distinct [1]  8/11
DISTRICT [2]  1/1 1/1
do [18]  5/17 5/21 6/1 8/21 12/14 12/25
 16/25 17/1 17/7 17/8 17/10 18/24 21/10
 21/10 21/11 21/11 23/11 23/13
document [2]  7/24 11/9
documents [50]
does [4]  8/17 16/18 21/6 22/14
doesn't [6]  5/1 12/17 12/19 14/7 14/8
 19/18
doing [3]  11/5 11/5 19/23
don't [21]  3/23 5/5 5/5 5/19 7/5 9/20 9/21
 9/24 14/18 14/22 16/13 17/2 18/20 19/20
 20/6 21/8 21/18 22/7 23/1 23/7 23/24
dot [1]  15/22
dots [1]  5/15
doubt [1]  4/20
down [1]  7/17
draw [1]  15/15
drive [1]  4/12
due [3]  20/4 20/5 20/6
duty [1]  16/7

**E**

earlier [2]  9/17 23/9
ears [1]  20/16
efforts [1]  4/7
either [4]  4/4 6/7 12/17 12/18
else [3]  5/4 15/7 21/11
emails [14]  3/25 4/4 4/14 5/9 5/24 6/5
 7/6 8/23 9/10 9/19 14/16 15/20 21/4
 21/17
employed [1]  4/11
employee [1]  4/10
employees [5]  7/19 12/15 13/23 14/4
 14/5
employees' [1]  14/16
end [2]  12/17 16/9
endeavored [1]  9/13
engage [1]  16/19
enigma [1]  23/17

enter [1]  18/17
entered [1]  6/20
entitled [6]  13/15 13/16 15/9 15/19 17/10
 24/21
especially [1]  16/5
ESQ [4]  1/15 1/16 2/2 2/3
essentially [2]  6/20 18/8
established [1]  9/3
establishing [1]  15/17
et [1]  1/8
etc [1]  12/16
even [4]  5/2 13/2 14/15 21/22
event [1]  3/24
ever [1]  23/15
everything [5]  5/6 6/16 7/5 10/9 22/19
evidence [1]  6/25
evidentiary [1]  13/2
exactly [3]  14/6 22/21 23/16
EXCHANGE [4]  1/3 1/16 3/3 3/7
exigency [1]  20/19
expect [1]  10/13
explain [2]  3/24 11/5
explained [1]  18/16
extent [3]  7/11 9/25 19/16
extremely [1]  16/1

**F**

fact [6]  10/9 14/7 15/4 15/6 15/8 20/23
facts [1]  15/11
failure [1]  23/20
fall [3]  19/18 19/22 20/16
fault [1]  20/20
federal [5]  8/3 10/4 10/14 20/6 20/21
few [2]  6/3 18/3
figure [3]  11/9 12/25 22/1
file [2]  5/14 19/1
filed [4]  4/18 4/19 10/4 20/18
filing [1]  23/16
filings [1]  11/25
final [1]  22/3
fine [1]  7/12
firm [1]  10/1
first [5]  5/23 23/3 23/4 23/6 23/14
FL [1]  1/17
FLORIDA [2]  1/1 1/5
follow [1]  20/6
followed [1]  18/18
following [2]  3/2 3/21
FORD [5]  2/2 2/3 3/10 3/12 3/24
fordobrien.com [2]  2/5 2/6
foregoing [1]  24/19
foreign [2]  7/13 7/19
form [1]  19/20
formal [3]  7/21 8/4 10/7
former [6]  6/22 7/18 12/15 13/23 14/4
 14/16
forward [4]  6/12 6/15 13/13 22/1
founder [1]  6/22
frame [1]  22/18
framework [1]  23/11
frank [1]  10/18
frankly [1]  4/16
friends [1]  17/16
front [1]  17/8
fundamental [1]  23/21
fundamentally [2]  10/3 12/10
further [2]  8/10 21/6

**G**

gathered [1]  15/5

## G

gave [1]  17/4
generally [1]  15/20
Gentile [12]  2/3 3/11 6/22 11/13 11/20
  12/17 13/7 13/16 13/20 14/7 14/17 15/10
Gentile's [1]  11/24
germane [1]  15/8
get [5]  6/21 9/8 13/4 14/22 24/2
gets [1]  5/18
getting [3]  10/20 14/22 19/5
give [2]  10/9 19/3
glad [2]  21/9 21/9
global [1]  23/23
Gluck [1]  6/13
gmail.com [2]  2/10 24/24
go [12]  5/4 8/22 9/8 9/18 10/14 13/13
  14/10 16/17 17/24 18/9 19/4 22/1
going [5]  12/2 13/12 14/6 15/24 21/8
gone [1]  7/17
good [3]  12/7 12/9 13/21
got [7]  9/9 10/9 12/16 16/18 20/2 20/24
  22/12
government [1]  20/7
guest [3]  18/1 19/11 22/13
Guy [2]  2/3 3/11

## H

had [4]  3/15 6/10 8/4 17/16
HALPIN [5]  2/3 3/10 3/13 3/24 4/3
handled [1]  9/7
handling [1]  21/24
hang [1]  19/3
happen [1]  17/12
happy [3]  8/10 13/18 14/1
has [36]
have [66]
haven't [2]  7/22 7/23
having [5]  5/14 16/15 17/3 19/9 22/21
he [21]  4/10 6/13 10/12 11/2 11/15
  11/17 11/25 12/17 12/18 12/19 13/9
  13/11 13/11 13/12 13/24 13/24 14/6 14/8
  14/9 14/12 14/15
he's [3]  11/16 11/22 23/15
head [1]  13/4
heading [1]  11/10
hear [1]  21/9
heard [2]  9/16 12/11
hearing [35]
hearings [1]  19/24
held [2]  3/2 4/5
here [10]  3/23 5/15 5/24 6/18 7/18 8/2
  16/25 17/12 18/14 22/6
hereby [1]  24/19
hidden [1]  8/19
him [3]  10/11 14/16 16/8
his [3]  10/11 23/16 23/16
Hold [1]  10/19
holding [1]  21/3
home [1]  4/13
honest [1]  17/14
Honestly [1]  17/13
Honor [34]
HONORABLE [1]  1/12
hope [1]  8/9
hopefully [1]  6/3
how [18]  5/5 6/11 6/24 7/2 8/12 8/22 9/7
  9/8 10/3 12/15 16/17 17/4 18/7 20/24
  21/15 22/1 22/6 22/21

## I

I'd [1]  20/3
I'm [25]
I've [4]  14/21 16/12 16/13 16/14
idea [1]  13/12
identify [2]  11/25 23/20
if [32]
III [1]  2/3
illicitly [1]  18/9
important [2]  4/13 4/15
impose [1]  20/10
improperly [3]  19/19 19/16 20/3
impugn [1]  15/16
in [66]
inappropriately [1]  16/23
Inaudible [1]  7/25
including [1]  6/12
inconsistencies [1]  15/14
indicated [1]  6/13
individual [1]  16/8
individuals [14]  4/16 4/18 4/24 5/8 6/7
  7/22 7/23 9/13 10/6 10/10 16/3 16/5
  22/17 22/19
individuals' [1]  4/13
indulgence [1]  18/3
information [5]  3/22 7/12 7/12 8/6 8/8
inherent [1]  19/15
instructed [1]  6/11
intend [1]  16/25
interest [2]  8/15 8/15
INTERNATIONAL [2]  1/7 3/4
interrelated [2]  12/13 14/2
into [8]  4/17 6/21 7/3 8/13 8/22 9/8 16/17
  18/17
introducing [1]  3/20
investigating [1]  20/17
involved [2]  6/10 9/8
irrelevant [3]  8/8 12/15 13/23
is [99]
isn't [2]  22/5 22/16
issue [14]  5/6 5/10 5/24 6/10 9/16 11/23
  13/24 15/1 16/24 20/18 20/25 23/6 23/7
  23/9
issued [1]  6/17 9/15 20/13
issues [5]  7/4 12/12 14/1 16/16 23/23
issuing [1]  10/7
it [40]
it's [5]  6/20 7/9 12/15 20/20 21/20
its [3]  5/1 7/15 13/22
itself [1]  11/7

## J

January [1]  1/6
jemancari [2]  2/10 24/24
Joanne [3]  2/9 24/23 24/23
Joint [1]  6/13
JOL [1]  23/12
JOLs [1]  14/8
JUDGE [1]  1/12
jump [1]  14/24
just [31]

## K

keep [1]  12/24
keywords [1]  10/8
kind [11]  3/20 5/14 7/17 8/1 8/24 10/14
  12/23 16/17 17/10 19/4 21/21
know [8]  3/23 5/19 8/18 11/12 12/12
  16/13 22/7 23/24
knows [1]  9/4

## K

KOONIN [3]  1/16 3/9 18/16
koonin [1]  1/13

## L

LANDY [2]  2/3 3/10
law [4]  7/10 7/14 10/1 18/7
lawsuit [1]  20/18
lawyer [3]  7/11 10/10 14/15
less [1]  16/20
Let [1]  11/12
let's [2]  13/8 14/13
letter [4]  7/25 9/15 20/13 20/18
letters [5]  5/17 5/18 6/17 7/23 17/3
level [1]  13/22
liability [1]  15/17
like [9]  3/19 4/12 4/22 5/4 8/19 8/24 10/1
  17/10 21/20
limits [1]  12/20
line [1]  5/4
liquidation [1]  6/14
Liquidators [1]  6/14
litigant [1]  10/4
litigation [5]  10/4 10/14 18/9 18/10 18/11
little [1]  22/6
live [1]  4/14
LLP [1]  2/3
logically [1]  16/14
logistically [1]  21/23
long [1]  9/18
look [6]  4/8 5/24 8/22 8/23 9/9 20/3
looking [2]  14/20 21/4
lot [2]  7/2 8/24
LTD [2]  1/8 3/4

## M

made [3]  4/17 4/21 16/13
Madison [1]  2/4
MAGISTRATE [1]  1/12
main [1]  7/18
make [5]  3/15 8/17 16/12 16/14 22/14
makes [1]  22/15
Mancari [3]  2/9 24/23 24/23
manner [1]  17/7
March [1]  24/23
materials [2]  4/16 10/12
matter [4]  3/17 5/13 20/17 24/21
matters [1]  14/13
MATTHEW [2]  2/2 3/12
may [9]  4/2 11/2 13/11 14/24 14/24
  15/14 16/24 16/24 23/5
maybe [3]  22/25 23/3 23/3
me [15]  3/12 3/24 3/25 5/10 5/23 8/11
  8/23 8/24 9/9 11/5 11/12 16/18 17/8
  19/3 20/8
mean [7]  5/3 9/2 9/20 9/24 10/14 18/7
  23/14
meet [3]  12/7 14/3 15/22
merit [1]  12/10
met [1]  11/22
mford [1]  2/5
Miami [2]  1/5 1/17
might [2]  23/16 23/17
MINTBROKER [2]  1/7 3/4
misconduct [1]  17/19
mission [1]  16/25
Monday [21]  3/19 8/21 8/23 11/9 12/3
  12/11 12/23 13/1 13/14 15/8 16/4 16/11
  17/1 17/3 21/7 21/12 21/14 21/19 22/8
  23/22 24/10
Monday's [2]  9/11 12/5

**M**

months [1]  15/21
more [4]  8/10 8/25 16/10 18/3
motion [11]  3/17 3/25 4/23 5/14 17/25
 19/1 19/10 19/19 21/16 23/19 24/10
mountain [1]  6/25
mountains [1]  8/8
move [2]  6/12 17/18
Mr. [16]  3/13 3/24 3/24 6/13 6/22 11/13
 11/20 11/24 12/17 13/7 13/16 13/20 14/7
 14/17 15/10 18/16
Mr. Ford [1]  3/24
Mr. Gentile [10]  6/22 11/13 11/20 12/17
 13/7 13/16 13/20 14/7 14/17 15/10
Mr. Gentile's [1]  11/24
Mr. Gluck [1]  6/13
Mr. Halpin [2]  3/13 3/24
Mr. Koonin [1]  18/16
Ms. [2]  6/16 14/25
Ms. Sum [2]  6/16 14/25
much [2]  9/3 16/20
my [14]  3/12 13/4 16/24 17/9 17/16 18/1
 19/11 20/16 20/20 21/7 22/13 22/15
 23/10 24/20

**N**

nature [3]  4/15 10/8 19/22
necessarily [1]  19/18
need [12]  3/25 8/22 8/25 17/7 17/24
 21/11 21/17 22/11 23/4 23/7 23/24 24/3
negates [1]  14/7
neither [1]  10/10
never [2]  5/18 7/14
New [1]  2/4
no [16]  1/2 3/4 5/4 11/13 11/17 12/9
 12/10 13/12 14/3 14/9 15/11 16/3 18/21
 22/25 23/2 23/13
nonetheless [1]  12/13
nonparty [2]  8/5 10/15
normal [3]  8/1 13/8 13/9
normally [1]  13/1
norms [1]  10/13
not [30]
note [1]  19/14
noted [1]  23/12
nothing [4]  9/16 14/5 15/7 16/10
novel [1]  18/11
now [5]  3/19 5/12 8/16 17/17 24/9
number [1]  4/6
NY [1]  2/4

**O**

O'BRIEN [2]  2/3 3/10
object [1]  8/5
objection [2]  8/12 8/14
objections [2]  8/12 22/7
objects [1]  21/22
observing [1]  3/11
obtain [1]  4/8
obtained [2]  19/16 23/25
obtaining [1]  16/23
obviously [6]  4/25 8/3 8/4 8/18 19/14
 23/2
offer [1]  15/8
offered [2]  14/25 16/4
Official [1]  6/13
oftentimes [1]  16/1
OK [5]  3/15 3/17 17/23 20/9 24/2
old [2]  19/23 21/12
on [42]

one [11]  4/10 5/4 5/8 5/16 7/15 8/12
 10/9 10/13 16/8 18/20 23/21
only [7]  5/8 9/23 16/16 16/25 17/8 21/24
 22/15
open [1]  14/21
opportunity [2]  4/12 4/22
opposing [1]  22/20
or [36]
order [3]  4/25 11/20 12/11
original [1]  4/9
OTAZO [1]  1/12
OTAZO-REYES [1]  1/12
other [10]  3/23 5/10 6/5 7/12 8/3 8/13
 10/3 15/11 17/16 21/11
our [16]  4/6 4/23 5/6 7/1 8/6 8/7 9/13
 9/23 11/1 13/20 14/14 15/22 15/22 16/7
 22/6 22/18
ourselves [1]  15/25
out [14]  6/16 9/17 9/24 10/5 11/9 12/25
 15/2 15/15 15/18 15/24 16/1 16/8 17/13
 22/1
outside [4]  7/20 8/2 10/13 20/1
outstanding [1]  20/15
over [5]  4/19 5/19 6/7 6/24 10/12
overnight [1]  5/19
overseeing [1]  6/14
own [2]  7/15 10/11

**P**

Pages [1]  1/9
papers [2]  14/7 19/5
parse [1]  12/12
part [3]  4/9 5/4 16/24
particular [4]  4/10 22/16 22/17 22/17
parties [1]  3/24
party [7]  6/19 8/4 8/15 9/2 11/14 18/8
 18/10
party's [1]  10/15
path [1]  6/15
people [14]  5/11 5/16 5/25 8/16 8/23 9/8
 9/10 13/1 13/15 13/15 13/16 16/21 17/3
 19/9
perfect [1]  22/15
perfectly [1]  17/14
personal [8]  11/25 12/18 13/24 14/12
 14/13 14/15 23/13 23/17
personnel [1]  5/1
perspective [1]  5/6
persuade [1]  9/13
place [1]  22/2
plain [2]  19/23 21/12
Plaintiff [1]  1/5 1/15
plan [1]  21/7
please [2]  3/6 4/2
point [8]  6/16 6/17 7/18 16/12 16/14 22/4
 22/15 22/25
pointed [3]  11/4 15/18 16/1
points [2]  6/3 18/3
posed [1]  23/6
position [4]  13/20 14/14 22/9 22/11
possession [3]  7/3 8/13 17/6
possibly [1]  15/12
potential [1]  15/13
potentially [3]  7/16 13/10 14/17
preclude [1]  19/17
prejudice [4]  8/7 15/24 17/22 19/2
prejudices [1]  7/1
preparation [1]  12/5
prepare [2]  7/1 8/7
prepared [1]  6/8

present [1]  12/7
presumably [3]  16/15 18/8 18/23
prevail [1]  23/22
prevent [1]  11/21
prevents [1]  12/20
previously [1]  7/10
private [2]  18/8 18/11
privilege [27]
privileged [1]  21/20
problems [1]  23/21
proceed [2]  21/15 21/19
proceeding [1]  11/16
proceedings [3]  3/2 9/3 11/15
process [6]  6/18 7/21 8/4 9/17 15/23
 15/25 17/6 17/12 20/4 20/5 20/6
produced [5]  4/4 11/16 19/6 19/25 21/23
production [4]  11/10 13/9 17/9 21/22
prohibit [1]  5/1
proper [3]  6/18 19/17 21/2
proportion [1]  17/14
propound [1]  7/24
propounded [1]  20/14
protective [1]  12/11
protocol [2]  8/1 9/7
protocols [1]  18/19
provide [2]  8/10 22/23
provided [1]  7/5
purpose [2]  9/22 11/8
purposes [3]  15/15 15/17 16/10
pursuant [1]  21/23
pursue [3]  11/7 22/11 22/13
put [2]  4/22 7/10

**Q**

question [7]  4/7 4/17 10/25 11/4 16/2
 22/4 23/6
questions [2]  7/2 8/10
quite [1]  17/16

**R**

ranges [1]  10/8
reach [1]  6/15
reached [3]  9/24 15/2 16/8
read [2]  4/25 22/25
really [7]  4/22 5/8 7/17 8/17 8/25 8/25
 23/24
reason [10]  12/8 12/8 12/9 12/9 14/3
 14/13 14/15 16/3 17/4 20/20
rebutted [1]  7/14
receive [2]  14/10 20/21
received [3]  7/6 16/7 18/22
record [1]  3/6
recording [1]  1/11 24/21
records [4]  5/2 6/7 10/23 14/14
referral [4]  15/3 16/6 16/7 16/9
refrain [1]  11/14
regarding [1]  21/19
regular [1]  18/11
regulations [1]  7/8
regulator [1]  7/13
related [2]  19/19 22/19
relevance [1]  12/14
relevant [2]  15/11 16/10
relief [9]  5/15 5/20 11/20 12/6 12/19
 19/20 22/11 22/20 23/20
rely [1]  5/7
relying [1]  15/25
remote [2]  3/18 3/25
removed [3]  5/12 5/23 7/17
repeated [1]  11/6

**R**

Reporter [2] 2/9 24/24
representations [1] 4/17
represented [1] 6/8
represents [1] 6/13
request [2] 10/7 12/10
requesting [1] 12/16
requests [2] 7/24 20/15
require [1] 13/22
resolve [2] 3/20 13/13
resolving [1] 3/19
respect [2] 6/24 23/15
respectfully [5] 6/2 19/8 19/14
respond [3] 6/3 9/12 17/15
responded [1] 5/18
response [1] 18/4
retain [1] 18/9
retained [1] 7/9
review [9] 7/1 10/11 14/10 15/20 17/11
20/11 20/25 21/17 22/1
reviewed [1] 6/9
reviewing [5] 9/18 11/21 12/21 15/21
19/17
REYES [1] 1/12
right [28]
rights [8] 8/18 8/20 9/1 11/17 14/9 20/4
20/25 22/10
rogatory [11] 5/17 5/18 6/17 7/23 7/25
9/15 15/23 15/25 17/3 20/14 20/19
RPR [2] 2/9 24/23
rule [14] 11/19 11/22 12/6 13/20 19/22
19/22 19/23 21/21 22/5 22/10 22/12
22/20 23/6 23/7
rules [4] 8/3 13/8 13/9 20/21
running [1] 15/24
RUSSELL [2] 1/16 3/9

**S**

said [10] 7/11 9/17 9/24 10/9 14/2 14/8
14/9 17/24 18/23 22/12
sanction [1] 20/10
sanctions [12] 17/18 18/1 18/24 19/1
19/3 19/10 19/10 19/19 19/23 20/1 22/13
23/19
say [8] 9/20 12/8 13/8 14/7 14/13 17/8
20/2 21/8
saying [13] 11/16 14/25 17/11 18/1 18/2
18/24 19/11 20/25 21/23 23/2 23/12
23/22 23/23
scheduled [1] 3/18
screen [1] 10/2
seal [1] 5/5
SEC [40]
SEC's [5] 4/7 7/7 7/20 12/20 17/5
sec.gov [2] 1/18 1/19
second [2] 10/19 24/5
SECURITIES [4] 1/3 1/16 3/3 3/7
see [10] 10/15 12/14 15/9 17/2 18/1 18/24
19/11 21/10 21/11 21/24
seek [6] 10/15 11/20 12/19 22/11
seeking [6] 5/20 6/21 9/22 12/6 22/20
23/21
seeks [2] 8/5 8/8
seem [3] 14/22 16/18 22/9
seems [5] 3/19 8/11 8/24 11/3 11/13
seen [1] 5/18
send [2] 4/8 7/20
sense [2] 22/14 22/15
sensitive [1] 7/12
sent [4] 4/16 7/23 10/12 21/17

separate [2] 12/24 20/25
September [2] 19/16 20/10
serve [1] 7/25
served [1] 8/4
set [3] 3/17 5/13 13/3
setting [1] 22/20
shadowboxing [1] 22/6
shalpin [1] 2/6
shareholder [1] 6/23
shortly [2] 4/4 4/6
should [10] 5/3 9/24 15/9 15/19 15/21
16/19 19/6 19/24 21/13 22/21
show [1] 4/15
side [1] 17/16
significant [1] 4/20
silly [1] 9/20
simply [1] 21/7
since [3] 17/15 20/17 22/5
six [1] 15/21
slow [1] 16/1
so [37]
sole [1] 9/22
some [15] 3/20 4/17 4/20 6/3 7/6 8/9
8/14 8/15 11/2 13/10 14/3 14/15 15/13
16/22 17/10
somebody [2] 17/11 21/21
somehow [3] 12/20 14/11 14/13
someone [1] 18/9
something [3] 16/19 19/24 22/24
somewhat [2] 9/20 14/2
sorry [9] 10/17 11/1 17/24 18/23 19/21
20/5 20/16
sort [1] 17/12
sought [2] 10/5 17/18
SOUTHERN [1] 1/1
speak [1] 16/8
speaking [1] 16/14
specific [2] 12/12 20/14
specifically [2] 11/25 13/18
specifying [1] 10/7
spring [1] 10/6
stamped [1] 5/7
standing [14] 9/21 11/13 12/17 12/18
13/24 14/6 14/8 14/9 21/9 23/2 23/10
23/12 23/13 23/16
stands [1] 14/18
start [1] 9/18
starting [1] 23/18
state [1] 3/6
stated [1] 23/15
statements [1] 4/20
STATES [2] 1/1 1/12
steal [1] 13/16
step [2] 23/3 23/4
STEPHEN [3] 2/3 3/10 4/3
steps [3] 5/12 5/23 7/17
stick [2] 13/6 13/12
still [2] 4/10 6/22
stipulate [1] 15/5
stipulated [1] 16/4
stipulation [3] 15/1 16/5 18/17
story [1] 16/9
stuff [3] 7/11 21/3 22/25
subject [1] 21/2
submissions [1] 4/9
submitted [2] 15/3 16/6
subpoena [12] 8/3 8/5 13/8 13/9 17/3
21/21 21/23 22/5 22/16 23/7 23/7

subpoenaed [1] 7/22
such [2] 5/3 8/13
suggest [1] 7/4
SUM [4] 1/15 3/7 6/16 14/25
sumal [1] 1/18
summer [1] 4/19
support [1] 4/23
sure [2] 3/15 6/16
SureTrader [5] 4/11 6/6 6/19 7/25 22/19
surveil [1] 7/19
suspicions [1] 4/6

**T**

taint [1] 17/11
take [5] 3/17 3/25 4/23 22/2 23/4
taking [2] 9/18 22/9
talked [1] 15/13
talking [1] 18/14
talks [1] 14/20
team [1] 17/11
tell [2] 14/19 17/4
telling [1] 20/8
terms [3] 8/1 8/17 22/6
testify [17] 5/11 5/25 8/16 8/23 9/10 12/8
12/9 12/15 13/1 13/16 14/4 14/5 14/11
15/12 19/9 19/11 21/16
testifying [1] 15/17
testimony [13] 3/18 4/1 4/14 4/24 5/22
5/24 13/5 13/22 13/22 14/20 15/15 16/20
21/4
than [4] 3/23 8/25 10/3 21/11
Thank [7] 11/18 18/6 22/3 24/7 24/8
24/12 24/13
that [139]
that's [9] 7/6 14/19 14/21 16/9 16/16
18/11 22/10 23/3 23/17
their [9] 4/9 9/21 12/10 14/14 15/14
15/16 20/4 23/18 23/20
them [16] 4/23 5/16 6/9 8/12 9/14 9/20
9/22 9/25 10/2 12/8 12/9 15/2 17/17
19/10 20/21 20/24
then [11] 5/9 5/24 6/25 7/20 8/4 15/5
17/6 18/10 18/19 22/1 22/11
there [20] 5/3 5/5 7/2 7/4 8/3 8/10 10/1
12/9 12/10 14/3 14/5 15/7 15/10 16/2
16/10 19/11 22/5 22/16 22/25 24/3
there's [3] 19/25 22/25 22/25
thereafter [2] 4/6 6/12
therefore [1] 20/3
Thereupon [1] 2/11
these [61]
they [51]
they're [9] 5/2 10/20 10/22 10/22 12/6
14/2 14/6 15/16 23/21
they've [2] 9/23 14/17
thing [2] 16/16 17/8
things [4] 6/1 12/24 19/22 23/14
think [20] 3/21 4/12 4/13 4/14 4/20 5/5
5/16 7/2 7/4 7/9 8/20 9/9 9/24 16/16
17/13 18/20 18/22 19/17 19/20 21/7
this [43]
those [15] 4/14 4/21 8/22 11/2 14/1 15/4
15/7 18/7 18/10 21/1 21/1 21/17 21/25
22/12 23/23
though [1] 21/22
thread [1] 3/21
through [2] 11/24 15/23
throughout [1] 23/18
thrust [1] 11/3
time [6] 6/1 12/24 17/16 21/7 22/18

**T**

time... [1]  23/1
tip [4]  15/3 16/6 16/7 16/8
today [5]  8/23 12/3 12/23 12/25 13/13
too [1]  9/18
top [1]  5/16
totally [1]  5/17
trained [1]  10/10
TRANSCRIBED [2]  1/11 2/9
transcription [1]  24/20
transmitting [1]  7/13
trial [5]  7/1 8/7 14/21 15/16 15/17
tried [1]  15/21
trouble [1]  22/21
try [1]  19/4
trying [8]  12/12 12/24 13/3 13/13 14/19
 14/22 16/12 16/14
Ts [1]  15/22
turned [1]  6/7
turning [1]  6/24
two [13]  4/18 5/8 5/12 5/23 7/17 8/11 9/8
 12/15 12/24 13/23 14/3 14/11 17/17
type [2]  10/7 22/20

**U**

U.S [3]  10/14 18/15 20/6
under [16]  5/5 7/7 7/13 7/19 8/2 10/16
 11/10 11/10 11/19 11/22 12/6 13/8 13/20
 19/22 22/10 22/11
underlying [1]  7/2
understand [3]  3/11 7/16 11/8
understanding [2]  22/18 22/21
Understood [5]  19/12 19/12 19/13 21/5
 24/12
unhappy [1]  11/6
UNITED [2]  1/1 1/12
until [2]  9/16 20/19
up [2]  11/7 21/4
us [4]  4/4 6/11 10/9 17/4
use [3]  9/22 18/10 22/24
usual [1]  6/1

**V**

very [1]  11/4
via [1]  3/2
videoconference [1]  3/2
view [2]  17/19 22/7
violating [1]  20/4
violation [1]  7/10
Violations [1]  19/21
virtue [1]  15/25
voluntarily [2]  7/5 9/14
voluntary [1]  7/7

**W**

Wait [1]  18/16
waived [1]  14/17
want [24]  5/10 5/11 5/16 5/17 5/23 5/25
 8/16 8/18 8/20 8/25 9/9 9/10 9/18 11/8
 13/6 14/18 15/14 15/16 16/22 17/6 17/25
 18/24 19/9 22/13
wanted [1]  3/15
wants [1]  16/17
was [8]  4/10 4/10 6/19 13/3 17/20 17/21
 18/17 23/9
wasn't [1]  21/22
wasting [1]  23/1
way [6]  6/1 8/1 11/6 11/8 21/24 22/12
we [72]
we'll [2]  15/5 24/5
we're [8]  7/17 12/4 15/24 15/24 16/14
 16/14 22/5 23/12
we've [5]  7/6 7/17 14/25 18/22 23/12
weekend [1]  5/19
well [3]  3/9 12/4 22/9
went [2]  11/5 15/23
were [8]  3/2 4/4 4/9 7/9 8/3 8/19 15/4
 21/17
what [38]
whatever [3]  5/20 8/17 11/10
whatsoever [1]  12/14
when [6]  9/21 9/23 11/4 17/4 19/23 24/2
where [5]  7/4 12/6 16/15 20/14 21/21
whether [19]  7/18 11/1 11/10 11/22
 12/16 12/25 13/7 13/9 13/10 13/24 13/24
 14/6 14/12 14/12 15/8 15/10 15/19 19/24
 19/25
which [14]  3/22 4/4 4/15 5/10 5/17 6/25
 8/6 8/20 9/9 10/21 12/24 15/20 15/25
 21/3
whichever [1]  11/7
while [2]  4/10 12/11
whistleblower [3]  7/8 18/18 18/18
whistleblowers [1]  15/2
whistling [1]  11/17
who [3]  3/11 6/13 10/10
why [13]  3/25 4/13 4/14 6/22 8/21 9/7
 9/8 11/5 12/8 13/4 14/2 17/4 23/22
will [12]  6/16 6/25 13/7 14/11 16/15
 17/12 21/9 21/9 21/15 21/19 22/2 24/2
willing [1]  18/17
wind [1]  11/17
withheld [1]  19/25
within [1]  19/19
without [4]  10/6 10/7 17/21 19/2
witnesses [11]  4/7 12/7 13/5 14/11 14/21
 15/1 15/4 15/5 15/7 21/16 24/10
work [1]  15/23
world [1]  20/1
worry [1]  21/18
would [13]  4/12 4/22 5/5 5/6 5/7 5/7 5/17
 8/7 10/1 10/13 11/14 13/4 19/14
wrapped [1]  13/4
written [1]  22/16

**Y**

year [3]  9/16 10/6 20/19
yes [13]  3/14 4/2 9/5 9/12 12/11 17/21
 18/5 18/25 23/5 23/9 23/11 24/1 24/4
yet [2]  11/25 14/19
York [1]  2/4
you [79]
you're [10]  5/20 11/5 11/6 19/23 20/1
 20/8 20/24 21/20 23/2 23/23
you've [2]  10/9 23/6
your [46]

**Z**

Zoom [1]  3/2