**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S MOTION TO STRIKE LETTER FILED BY UNREPRESENTED, NONPARTY PHILIP DORSETT**
**AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Guy Gentile moves to strike the recent letter filed by unrepresented, nonparty Philip Dorsett, ECF No. 183 ("Nonparty Dorsett Letter"), and states in support:

1. The Federal Rules of Civil Procedure and this Court's Local Rules contemplate that the only persons permitted to make filings with the Court are parties represented by counsel or *pro se* litigants. *See Commodity Futures Trading Comm'n v. Oasis Int'l Grp., Ltd.*, No. 8:19-CV-886-VMC-SPF, 2022 WL 1136571, at *2 (M.D. Fla. Apr. 18, 2022); S.D. Fla. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."); S.D. Fla. L.R. 11.1(g) ("Each member of the Bar of the Southern District, any attorney appearing pro hac vice, and any party appearing *pro se* shall maintain current contact information with the Clerk of Court.").

2. The Eleventh Circuit has made clear that a district court has the "inherent ability" to police its docket, including—at one end of the spectrum—the "ability to dismiss a claim in

light of [the court's] authority to enforce its orders and provide for the efficient disposition of litigation." *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). "Where non-parties file unauthorized documents, . . . courts have found that this [inherent] authority extends to striking the offending documents." *Oasis Int'l Grp.*, 2022 WL 1136571, at *3 (collecting cases).

3. Philip Dorsett is the former Chief Compliance Officer of Defendant MintBroker International, Ltd. ("SureTrader" or the "Company"). At all relevant times, Dorsett has lived and worked in the Bahamas. *See* Nonparty Dorsett Letter at 1. Dorsett is not a party to this lawsuit and is not represented by counsel in connection with this case. He is a witness under the control of Plaintiff Securities and Exchange Commission (the "SEC" or the "Agency"). *See id.* (". . . I am a witness . . . for the Securities and Exchange Commission."). As an unrepresented nonparty, Dorsett is not permitted to file documents on the docket; accordingly, his recent letter to the Court should be stricken. *E.g.*, *Oasis Int'l Grp.*, 2022 WL 1136571, at *3.[1]

4. Lest there be any doubt that Dorsett's unauthorized, nonparty filing should be stricken, Gentile briefly addresses Dorsett's letter on the merits. Both Dorsett and the SEC have maintained throughout this case that he is a "whistleblower." Indeed, Dorsett's purported "whistleblower" status was already well documented in the public record of this case prior to March 21, 2023, when Gentile filed a Motion for Sanctions for Spoliation of Evidence under Rule 37(e) based on Dorsett's testimony under oath at his February 28, 2023 deposition that he "deleted" relevant documents and that his email was subsequently "hacked." *See* ECF No. 173 ("Motion for Sanctions").

---

[1] The Nonparty Dorsett Letter also includes no citation to legal authority, in contravention of the Court's Local Rules. *See Robinson v. Requejo*, No. 20-CV-61067, 2021 WL 5534873, at *1 (S.D. Fla. Oct. 20, 2021) (noting the "the requirement to file a 'memorandum of law' in accordance with Local Rule 7.1(c)(1)"), *report and recommendation adopted*, No. 20-CV-61067-RAR, 2021 WL 5514607 (S.D. Fla. Nov. 24, 2021).

5. For example, during a hearing in open court over eight months ago on August 1, 2022—which was attended by other nonparties and members of the press—counsel for the SEC stated: "What we call the TCRs that were submitted by the two former employees, for the first one, Mr. Dorsett, was in August of 2017, and for the second, Mr. Frantz, was submitted in March of 2018." *See* Ex. A, Tr. 47:6–9. Counsel for the SEC continued: "Your Honor, [TCR] stands for tips, complaints, and referrals. . . . So both of these individuals submitted TCRs. As I stated, the first one in August of 2017, Mr. Dorsett, and Mr. Frantz in March of 2018." *Id.* at 48:20–49:5.

6. At another hearing in open court on January 9, 2023, almost three months ago, counsel for the SEC stated: "[W]e are talking about two former employees who we stipulated are whistleblowers . . . . 11,000 [emails] from Mr. Dorsett and 33,000 from Mr. Frantz." *See* Ex. B, Tr. 18:7–23; *see also id.* at 27:21–22 ("They're whistleblowers. They did file TCRs, tips, complaints and referrals with the agency."); *id.* at Tr. 38:8–9 ("When Mr. Dorsett filed his whistleblower complaint, he was still an employee of the company.").

7. In other words, Gentile's recently filed Motion for Sanctions did not disclose anything about Dorsett's purported "'whistleblower' status" that was not already public knowledge. *See* Nonparty Dorsett Letter at 2. Moreover, Dorsett did not indicate on his TCR that he was submitting it anonymously.

8. Liberally construed, perhaps Dorsett in his unauthorized, nonparty filing seeks to invoke the antiretaliation provisions for whistleblowers codified by the Dodd–Frank Wall Street Reform and Consumer Protection Act ("Dodd–Frank"), Pub. L. No. 111-203, 124 Stat. 1376 (2010). But at all relevant times Dorsett has lived and worked in the Bahamas, and those provisions do not apply extraterritorially. *Liu Meng-Lin v. Siemens AG*, 763 F.3d 175, 183 (2d Cir. 2014) ("[T]here is no explicit statutory evidence that Congress meant for the antiretaliation

provision [of Dodd–Frank] to apply extraterritorially, and none of the tangential indications of extraterritorial application elsewhere in Dodd–Frank to which Liu points are sufficiently germane or cogent to overcome the presumption against extraterritoriality."); *Ulrich v. Moody's Corp.*, 721 F. App'x 17, 19 (2d Cir. 2018) (unpublished) (summary order) (affirming dismissal of antiretaliation claim because Ulrich "was an overseas permanent resident working for a foreign subsidiary of Moody's, and the alleged wrongdoing and protected activity took place outside the United States").

9. Tellingly, the Nonparty Dorsett Letter mimics and follows closely on the heels of unfounded allegations levied by the SEC in its recent Motion to Strike Gentile's Motion for Sanctions. *See* ECF No. 175. This is a case of public interest in the Bahamas, where the local legislature has enacted strict data-privacy laws that Dorsett violated when he stole or illicitly retained tens of thousands of SureTrader documents—files that included sensitive personal data of SureTrader clients—that he then disclosed to a foreign regulator outside the scope of any formal legal process.

10. That an independent reporter in the local Bahamian press—who has regularly covered SureTrader in the past—thinks this case is newsworthy does not support the SEC's baseless accusation that Gentile "used [his Motion for Sanctions] to fuel a vengeful article in a newspaper" or that Gentile "weaponized the Motion for Sanctions in order to intimidate Mr. Dorsett." Mot. Strike at 2. The SEC continues, in a tone wholly unbefitting the U.S. government:

> It is clear that the Motion for Sanctions was filed was to intimidate a witness in this case and to allow Gentile to cite the Motion for Sanctions to the press where he can make any untruthful statement without repercussion. Gentile is not concerned that he filed a motion that is false or not grounded in a good faith basis under Rule 37.

*Id.* at 9.

11. Gentile will not rehash his prior papers here, but suffice it to say that Dorsett testified—under oath—that he "deleted" relevant emails and indicated they could not be recovered because he was subsequently "hacked." *See* Mot. Sanctions, Ex. D (Dorsett testimony), ECF No. 173-4. The SEC objected to holding open Dorsett's deposition, and now the SEC claims Dorsett has miraculously recovered all deleted emails. This is false, as confirmed by counsel for Gentile's review of the recently purported recovered emails from Dorsett produced by the SEC.[2]

12. As just one of many examples, neither the SEC nor Dorsett has produced a January 8, 2014 email from Gentile to Dorsett at his Company email address (philip@suretrader.com) asking that Dorsett review and sign a draft affidavit regarding SureTrader's compliance with U.S. laws on nonsolicitation of U.S. customers by foreign broker-dealers, the exact issue at the heart of this case. *See* Mot. Sanctions, Ex. H, ECF No. 173-8; *see also id.*, Ex. G (signed affidavit), ECF No. 173-7.

13. Any consideration of the recently filed papers in this case should address the glaring omission of the January 8, 2014 email and other concrete examples of Dorsett's spoliation of relevant evidence.

## CONCLUSION

For all the foregoing reasons, Gentile respectfully requests that the Court strike the unauthorized filing at ECF No. 183 made by unrepresented, nonparty Philip Dorsett and award any other relief the Court deems just and proper.

---

[2] Dorsett also testified falsely at his deposition about several key events, including an entirely fabricated in-person meeting involving himself, Gentile, and Gentile's ex-wife that Dorsett claimed occurred in February 2012.

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Gentile certify that they sought the SEC's position on the relief requested in this Motion to Strike. The SEC indicated that it takes no position.

Counsel for Gentile also wrote to unrepresented, nonparty Philip Dorsett at the email address included in his letter (pa.dorsett@gmail.com), informing Mr. Dorsett of Gentile's intention to file this Motion and requesting that Dorsett confirm he objected to the relief sought. As of filing, Mr. Dorsett has not responded.

Dated:   April 6, 2023

Respectfully submitted,

 /s/ Dayliset Rielo
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Defendant Guy Gentile's Motion to Strike, dated April 6, 2023, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

Russell Koonin
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
305-982-6390
kooninr@sec.gov

I also hereby certify that I caused the foregoing Defendant Guy Gentile's Motion to Strike, dated April 6, 2023, to be emailed to unrepresented, nonparty Philip Dorsett at pa.dorsett@gmail.com.

                                                */s/ Dayliset Rielo*
                                                Dayliset Rielo, Esq.