UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE
GUY GENTILE'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Plaintiff Securities and Exchange Commission files its Reply in Further Support of Its Motion to Strike Guy Gentile's Motion for Sanctions for Spoliation of Evidence Under Rule 37(e), ECF No. [173], and for Sanctions for Failure to Meet and Confer as Required by S.D. Fla. L.R. 7.1(a)(3).

Enough is enough. Instead of simply admitting that he failed to meet and confer as required by S.D. Fla. L.R. 7.1(a)(3) on his Motion for Sanctions and such a conferral would have yielded information that mooted his request for relief, Gentile has doubled down on his error. In summary, Gentile essentially argued in his Response that he does not have to follow the Local Rules and continued his unrelenting attack on the reputation of a non-party witness in this case. Gentile's filings have further devolved into stories of manufactured motives and conspiracies. Gentile's Motion for Sanctions was improperly filed, is riddled with false statements and faulty assumptions, and is being used improperly as a vehicle to intimidate a witness. Gentile's Motion for Sanctions

should be stricken and sanctions should be entered against Gentile and/or his counsel for the following reasons:

1.      **Gentile failed to meet and confer as required by Local Rule 7.1(a)(3) and there is no excusing this failure or curing it after-the-fact.**  Gentile continues to assert that his counsel satisfied Local Rule 7.1(a)(3) even though his counsel never once mentioned that he would be seeking sanctions for spoliation by Mr. Dorsett at the end of his deposition or thereafter.  Stating that Gentile wanted to hold Mr. Dorsett's deposition open is not the equivalent of advising the SEC that Gentile planned to seek sanctions for a purported spoliation of evidence.  Moreover, Gentile incorrectly characterizes the parties' March 24, 2023 meet and confer – initiated by the SEC to address moving to strike Gentile's for Sanctions – as a *second* conferral on his Motion for Sanctions.  Finally, Gentile's attempt to flip the script on the SEC and accuse it of non-compliance with Local Rule 7.1(a)(3), even though his counsel stated that they did not agree with the SEC's Motion to Strike during the meet and confer, is disingenuous at best.

2.      **The SEC does not control non-party witness, Philip Dorsett, and the SEC has not done anything improper by receiving voluntary production of emails and documents from Mr. Dorsett, who is a former SureTrader employee.**  Gentile's filings repeatedly accuse the SEC of obtaining information from Mr. Dorsett through improper means without any basis in the law or fact.  Mr. Dorsett is one witness in this case.  He resides in the Bahamas.  The SEC does not control Mr. Dorsett, nor can it tell Mr. Dorsett what to do or not do.  Mr. Dorsett voluntarily reached out to the SEC in March 2016, to provide information about SureTrader and Gentile violating U.S. securities laws.  He continues to voluntarily produce documents and provide information to the SEC, and there is no U.S. law proscribing or limiting his ability to do so, especially in the context of him identifying violations of U.S. securities laws.

3. **The SEC complied with this Court's January 9, 2023 Order, ECF No. [157], and produced all documents voluntarily provided by Mr. Dorsett to the SEC prior to his deposition.** The genesis of this dispute is Gentile's objection to Mr. Dorsett's voluntary production of his SureTrader emails, approximately 11,000, in April 2022. In an abundance of caution, the SEC asked Mr. Dorsett to search for emails with SureTrader's counsel names (namely, Michael Miller, Philip Davis, and Adam Ford), separate any "hits," and transmit the balance to the SEC in April 2022. In December 2022, the SEC again attempted to meet and confer with Gentile's counsel about how to handle Mr. Dorsett's emails and reminded counsel that the SEC had previously asked Mr. Dorsett to not transmit any "hits" on attorney communications. On January 9, 2023, this Court ruled that the SEC could commence review of the 11,000 emails from Mr. Dorsett and provide same to Gentile's counsel. The SEC complied with the Order and produced the 11,000 emails it received from Mr. Dorsett in April 2022. The next time the issue of emails with SureTrader's counsel in Mr. Dorsett's possession arose was during Mr. Dorsett's deposition on February 28, 2023, and after that, in Gentile's Motion for Sanctions. Prior to Mr. Dorsett's deposition, Gentile's counsel never reached out to the SEC or Mr. Dorsett to inquire about emails with SureTrader's counsel in Mr. Dorsett's possession. Despite repeated requests from SEC's counsel for Gentile to identify the names of SureTrader's counsel to conduct a privilege review (prior to the January 9, 2023 hearing), Gentile's counsel never mentioned the names Carla Marin, Franklin Ogele, or Arthur Quintero, until he filed his Motion for Sanctions. And notably, Gentile has never attempted to issue letters rogatory to Mr. Dorsett, even though he and his counsel are well-versed in the procedure, or subpoena Marin, Ogele or Quintero. Thus, nothing has been "withheld" by the SEC or Mr. Dorsett.

4. **There has been no destruction of evidence by former SureTrader employee, Philip Dorsett.** As explained in detail in the SEC's Motion to Strike, after Gentile filed his Motion for Sanctions, the SEC reached out to Mr. Dorsett to determine whether in fact the emails involving SureTrader's counsel he searched for and found in April 2022 still existed. So while Gentile's counsel has obsessively latched onto Mr. Dorsett's deposition testimony that he "deleted" the attorney emails, a genuine meet and confer between the parties would have revealed that such emails were not in fact "deleted" but rather segregated and not sent to the SEC, as previously disclosed by the SEC. Gentile also speculates – without proof – that (1) it is "believed" that Mr. Dorsett had direct email communications with other attorneys, (2) the previously segregated emails were not all produced, and (3) Mr. Dorsett must have destroyed the January 8, 2014 email between him and Gentile. Speculation and conclusory statements are not a valid basis for sanctions.

There is no "procedural gotcha" as Gentile claims. The SEC simply wants Gentile and his counsel to comply with the Local Rules and cease filing baseless and inflammatory motions and responses with the Court. Gentile's Motion for Sanctions should be stricken and appropriate sanctions entered against Gentile and/or his counsel.

April 6, 2023                                                        Respectfully submitted,

/s/Alice Sum_____
Alice Sum
Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

4

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300