# EXHIBIT D

| | |
|---|---|
| **From:** | Guy Gentile <guy@stockusainc.com> |
| **Sent:** | Wednesday, August 19, 2015 11:15 AM |
| **To:** | Michael Miller; Adam Ford |
| **Cc:** | Philip Dorsett |
| **Subject:** | Privileged and Confidential |
| **Attachments:** | DOC081815-08182015140649.pdf |

Michael,

Please advise on how to handle attached.

Thank you,

Guy Gentile

1



**United States Securities and Exchange Commission**
MIAMI REGIONAL OFFICE
SUITE 1800
801 BRICKELL AVENUE
MIAMI, FLORIDA 33131

Sajjad Matin
Staff Attorney
Division of Enforcement

(305) 982-6321
matins@sec.gov

**August 17, 2015**

**VIA MAIL**

Phillip Dorsett
Swiss America Securities Ltd
Elizabeth on Bay Plaza
Suite # 17
P.O. Box EE-17971
Elizabeth Ave. & Bay Street
Nassau, Bahamas

    Re:    *In the Matter of Traders Cafe*, SEC File No. FL-03848

Dear Mr. Dorsett:

We believe Swiss America Securities, Ltd. d/b/a/ Suretrader may possess or control documents and data relevant to an ongoing investigation being conducted by the staff of the United States Securities and Exchange Commission. Accordingly, we hereby provide notice that such evidence should be preserved and retained until further notice. Failure to do so could give rise to civil and criminal liability.

The Commission considers potentially relevant documents to include those created on or after January 1, 2012 that:

    (1)    were created, modified or accessed by the following individuals:

        Guy Gentile, Matthew P. Ionno, Albert J. Scipione, Timothy Sykes, Michael Di Gioia, Mamun Miah, Donielle Gitlin; or

    (2)    relates or refers to the following transactions/topics:



Swiss America Securities, Ltd.
August 17, 2015
Page 2

>Traders Cafe, Matthew P. Ionno, Albert J. Scipione, Timothy Sykes, Elite Trader Pro, Nostrum Training Ltd., Michael Di Gioia, Mamun Miah, Donielle Gitlin, TM Global Capital, Trade Up Invest Inc., social media marketing, Infusionsoft, business strategy, customer lists, KYC or other identity verification documentation of Suretrader customers, payments or accounts of Suretrader customers residing in the United States, payments for or agreements relating to customer referrals, or email lists of customers or potential customers.

Such documents include both "hard copy" versions and electronically-stored information in your possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, logs, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDAs, smartphones, or other handheld devices.

In this letter, I refer to such documents and data as "Evidence." <u>You have a duty to reasonably preserve and retain such Evidence.</u>

<u>This duty includes an obligation to provide notice</u> to all employees or custodians who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within your control.

<u>You may need to act affirmatively to prevent the destruction of Evidence.</u> This duty may necessitate quarantining certain Evidence to avoid its destruction or alteration. You should consider whether you need to discontinue the routine destruction of Evidence, including discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders. You should avoid running or installing any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

<u>You should consider preserving any forensically recoverable data by having mirror image copies made of the Evidence.</u> Having said that, any attempt to replicate electronic data without adhering to best practices for data replication could compromise the integrity or contents of such data. Simply making "hard copies" of such Evidence or transforming it to other formats (such as TIFF, or PDF documents) does not constitute preservation of such Evidence. We are prepared to discuss with you proper protocols for replication before you attempt to copy Evidence. The Commission may be able to retain and supervise computer forensic resources to properly and non-invasively create back-up images of Evidence.



Swiss America Securities, Ltd.
August 17, 2015
Page 3

In addition to preserving the Evidence described above, we further request that you take no action to delete or otherwise compromise <u>any</u> content existing on social networking websites such as "Facebook" or "LinkedIn." Moreover, we request that you take no affirmative action to delete <u>any</u> emails, even emails that may not fit within the parameters set forth above.

While we recognize that this may impose a burden on you, it is absolutely necessary that you fully comply with your obligations to reasonably retain and preserve Evidence. We appreciate your efforts in this regard.

Please contact me if you have any questions, or to meet-and-confer about the matters discussed above. Further, please acknowledge your receipt of this letter by sending me an email or by returning a copy of this letter with your signature in the space provided below.

Sincerely,

Sajjad Matin
Attorney, SEC

I acknowledge that I received this letter
on the ___ day of _____, 201_:

_____