```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF FLORIDA
                            MIAMI DIVISION
                    CASE NO. 1:21-cv-21079-BB


SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,                       January 31, 2024
                                              12:02 p.m.
     vs.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES, LTD
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

          Defendants.                      Pages 1 THROUGH 12
_____


                  TRANSCRIPT OF STATUS CONFERENCE
                 BEFORE THE HONORABLE BETH BLOOM
                    UNITED STATES DISTRICT JUDGE


Appearances:

FOR THE PLAINTIFF:   US SECURITIES AND EXCHANGE COMMISSION
                     ALICE SUM, ESQ.
                     801 Brickell Avenue, Suite 1950
                     Miami, Florida 33131


FOR THE DEFENDANT:   FORD O'BRIEN LANDY, LLP
                     MATTHEW A. FORD, ESQ.
                     STEPHEN R. HALPIN, III, ESQ.
                     GABRIELA M. RUIZ, ESQ.
                     2 South Biscayne Boulevard, #3200
                     Miami, Florida 33131


COURT REPORTER:      Yvette Hernandez
                     U.S. District Court
                     400 North Miami Avenue, Room 10-2
                     Miami, Florida 33128
                     yvette_hernandez@flsd.uscourts.gov
```

```
                 1              (Call to order of the Court, 12:02 p.m.)
                 2              COURTROOM DEPUTY:  Calling Civil Case Number 21-21079,
                 3     Securities and Exchange Commission v. MintBroker International,
                 4     Ltd, et al.
12:02:52         5              Counsel, please state your appearances for the record,
                 6     beginning with Plaintiff's counsel.
                 7              MS. SUM:  Good afternoon, Your Honor.  Alice Sum on
                 8     behalf of the US Securities and Exchange Commission.
                 9              THE COURT:  Hi.  Good afternoon.
12:03:02        10              MR. FORD:  Matthew Ford on behalf of Defendant, Guy
                11     Gentile, along with my colleagues Stephen Halpin and Gabriela
                12     Ruiz.
                13              THE COURT:  Hi.  Good afternoon.
                14              Go ahead and have a seat.
12:03:12        15              Thank you for accommodating my trial schedule.  As you
                16     can see, we are in the middle of a very long trial; however, I
                17     did set this for a status conference, as it is a 2021 case.  It
                18     was filed on March 22nd of 2021.  This Court, as recent as
                19     December 1st, entered its sixth order amending the schedule
12:03:43        20     order and certain pretrial deadlines, due to the fact that
                21     there was a witness in the Bahamas and that that individual was
                22     apparently evading service.  I do see there's now a second --
                23     it's titled "Renewed Motion for Sanctions," that Judge Torres
                24     is going to be handling, and I want to manage this case by
12:04:05        25     saying emphatically that this case is going to be tried in
```

```
12:04:09:21   1   June.
              2         So the parties certainly have a schedule, and the
              3   pretrial motions are due on February 12th.  And I'm not going
              4   to delay that date, nor am I going to delay the discovery
12:04:23:54   5   deadline, which was on January 26th.
              6         So if there are extenuating circumstances that have
              7   come about since this Court entered its sixth order amending
              8   the scheduling order, now would be the time to discuss it.
              9         Ms. Sum?
12:04:42:06  10         MS. SUM:  Your Honor, we were able to complete the
             11   testimony of the witnesses that are referenced by Your Honor in
             12   the Bahamas, and therefore we do not require any additional
             13   time to complete discovery.  We appreciate the Court's patience
             14   for that process to play out, but it has been completed.
12:05:01:60  15         THE COURT:  All right. Are there any issues that the
             16   Court needs to be made aware of, Ms. Sum, in this case?
             17         MS. SUM:  No, Your Honor.  I mean, prior to this
             18   hearing, there was some correspondence and conferral between
             19   counsel about potentially looking at the schedule.  But based
12:05:18:02  20   on Your Honor's comments, it's up to Defense counsel if they
             21   want to pursue any altered schedule.  We indicated to counsel
             22   that we would be amenable to seeking an extended set of
             23   deadlines.  But again, based on your comments, we leave that
             24   to, of course, this Court's decision.
12:05:41:59  25         THE COURT:  Mr. Ford?
```

```
12:05:45    10            MR. FORD:  Your Honor, the only thing I will say is,
             2   first, this investigation has been going on for 12 years.  It
             3   was closed in 2015 and then reopened.  I know my client wants
             4   to get this thing behind him.  We're certainly looking forward
12:06:02     5   to going to trial and having our opportunity to present our
             6   case to a jury.
             7            I have a trial that's currently scheduled for April
             8   1st.  And the judge has indicated -- it's a criminal trial --
             9   that he does not anticipate it will go longer than a month.  So
12:06:21    10   to the extent that that moves forward, and stays on that
            11   schedule, I don't think we'll have an issue with the June 3rd
            12   date.
            13            If that trial drags on, it could potentially create a
            14   conflict.  So we had proposed October as a potential trial
12:06:34    15   date, but I understand the desire to move forward with this --
            16   this case, that, as I said, has been going on for well over a
            17   decade now.
            18            THE COURT:  And how many days do the parties
            19   anticipate that this will take to try?
12:06:47    20            MS. SUM:  Your Honor, the SEC does not expect it to
            21   take longer than two weeks.
            22            THE COURT:  All right.  And is there any opportunity
            23   for the parties to attempt to resolve the issues that are a
            24   part of this complaint?
12:07:04    25            MS. SUM:  Your Honor, we participated in formal
```

```
12:07:06:24   1    mediation, as well as informal discussions, over the course of
              2    the last -- certainly we had mediation, and then consistently
              3    we've been talking, but the parties have not been able to reach
              4    a resolution.
12:07:21:51   5              THE COURT:  All right.  And I see that was some time
              6    ago.  Would it assist to send you back to a second mediation?
              7              MS. SUM:  Your Honor, based on the last set of
              8    discussions, which really occurred in the last 60 days, we
              9    believe that they have the Commission's offer and we've not
12:07:43:03  10    received any further response.  Probably formal mediation won't
             11    change the outcome of it.  They have, you know, where we are.
             12              THE COURT:  All right.
             13              MR. FORD:  Your Honor, if I may, we are on the other
             14    side of the fence on that one.  We do think that perhaps a
12:07:58:19  15    court-appointed mediator or magistrate judge may be helpful in
             16    moving this along.
             17              To our understanding, there are no victims in this
             18    case.  It's a failure to register violation.  We have presented
             19    several counteroffers, which we think far exceed what the SEC
12:08:18:06  20    is entitled to.  For some reason, we have not been able to find
             21    equal ground.  But as I said, I know the client is ready to get
             22    this 12-year saga behind him.  So to the extent that the Court
             23    has the time and the availability, we would certainly entertain
             24    the possibility to settle this case, and we think that a
12:08:36:24  25    magistrate or court-appointed mediator will be helpful and
```

```
12:08:41:18    1   effective in reaching that objective.
               2         THE COURT:  Well, would it be helpful to send you back
               3   to the mediator that you started with or are you requesting
               4   that the Court refer to you to my paired magistrate, which is
12:08:53:27    5   Judge Torres?  Although he is handling the motion for sanctions
               6   for the spoliation of evidence issue.
               7         MS. SUM:  Your Honor, the SEC is always willing to
               8   engage in discussions, and defers to the Court as far as who it
               9   wishes to send this back to for a further mediation.
12:09:15:10   10         We have engaged in meaningful and thoughtful
              11   negotiations, and the SEC has indeed responded, and we've had
              12   back and forth with counsel and Mr. Gentile regarding potential
              13   resolution.  You know, we certainly will comply with any
              14   requirement that we continue to have our discussions, but we --
12:09:40:17   15   we believe that we are where we are, as far as what we have
              16   authority for.
              17         THE COURT:  Well, I don't want to hear any numbers,
              18   but in terms of posture -- it's my understanding, Ms. Sum, that
              19   you just stated that you had extended an offer.  And Mr. Ford,
12:09:56:20   20   you're advising the Court that you extended a counteroffer.  So
              21   is it back in the hands of the SEC, so to speak, in terms of
              22   continuing settlement discussions?
              23         MS. SUM:  Your Honor, we made the -- the SEC made the
              24   last offer in terms of what we are -- what we believe we will
12:10:15:25   25   be able to obtain authorization for from the Commission.
```

```
12:10:18:15      1              THE COURT:  All right.  So you had made an initial
                 2     offer, then there was a counteroffer, and then did you move
                 3     from your initial offer?  Was there some negotiation?
                 4              MS. SUM:  Yes, Your Honor.
12:10:28:58      5              THE COURT:  Oh.  All right.
                 6              MS. SUM:  There's been multiple rounds of negotiation.
                 7              THE COURT:  Okay.  Then maybe it would be helpful to
                 8     send you back to the mediator.  I only suggest that because, in
                 9     this type of a case, the mediator that you each selected may be
12:10:41:08     10     the best individual to hear the case.  And to the extent that
                11     that mediator may be unable to hear your case before June, then
                12     just let the Court know and perhaps I'll appoint another
                13     magistrate other than Judge Torres, since he's obviously
                14     engaged in the pending motion.
12:11:02:12     15              MS. SUM:  The SEC has no objection to continued use of
                16     the mediator that we used before.  If Mr. Ford feels strongly
                17     one way or the other, we're happy to engage in discussion with
                18     him as far as either an alternative or whether a magistrate
                19     should be appointed.
12:11:21:07     20              THE COURT:  Well, what are your thoughts, Mr. Ford?
                21              MR. FORD:  We're certainly willing to try that again.
                22     The sticking point has been -- again, as I said, we're dealing
                23     with a failure to register violation, where there's no victims,
                24     no loss amount.  What is -- I won't get into the settlement
12:11:35:53     25     discussions, but I will say that one of the sticking points is
```

```
12:11:38:16   1   the SEC is seeking relief that was not requested in the
              2   complaint, and that has been an ongoing sticking point.  But as
              3   far as reaching a monetary settlement, there's numbers being
              4   thrown around that I think both sides agree to.
12:11:55:24   5              THE COURT:  All right.  Well, that may be something to
              6   consider.  If it's not contained within the four corners of the
              7   complaint, then, if it proceeds to trial, it wouldn't be part
              8   of the case anyway.
              9              MS. SUM:  Your Honor, we respectfully disagree with
12:12:11:10  10   that.  As Your Honor may be familiar with the way that
             11   Commission actions work, there's district court relief that we
             12   seek and there's also potentially follow-on administrative
             13   proceedings and the relief that we seek there.
             14              So we've explained to Defense counsel and Mr. Gentile
12:12:26:15  15   the reasons why the SEC is authorized under the law to conduct
             16   its cases in such a manner.  We believe that the way we're
             17   handling this case is consistent with that.  And without
             18   getting into the details, again, not getting into the
             19   characterizations that Defense counsel has raised here today
12:12:44:20  20   regarding the nature of the case and et cetera, we've crafted a
             21   potential resolution that addresses even that concern.  But
             22   regardless, if they don't believe that the SEC is entitled to
             23   pursue administrative relief, I mean, then there's a pretty big
             24   divide.
12:13:04:25  25              THE COURT:  All right.  It was two years ago that you
```

```
12:13:06  13    had your mediation, in January of 2022, before Former Judge
           2    Juan Ramirez.  Now, the Court appointed that mediator because
           3    you could not agree on one.  Is that the individual that you
           4    want to go back to?  I don't want to be in a position where now
12:13:25   5    we're -- you know, you have some disagreement in terms of who
           6    should be the individual to mediate your case.
           7             MS. SUM:  Your Honor, the parties agreed upon Kathy
           8    Adams for the mediation.  We, in fact, did conduct that
           9    mediation, and we've been engaged with Ms. Adams whenever there
12:13:46  10    have been reasons to continue our settlement discussions.
          11             So as I mentioned, you know, we've engaged even as of
          12    I think the last 60 days, basically, before the end of the
          13    year, right around the time that we were taking depositions in
          14    the Bahamas.
12:14:05  15             THE COURT:  All right.  Then I would suggest that you
          16    go back to Kathy Adams.  I'll enter an order requiring a second
          17    mediation, since it was two years ago.  And rather than the
          18    June 3rd date -- and I say that because I organize the
          19    district-wide summer intern program.  And on June 3rd, that
12:14:26  20    particular date, we have our summer intern ethics and
          21    orientation program.  It's all day in this courtroom.
          22             So rather than start on that Tuesday the 4th, since we
          23    have that two weeks to work with, I'm going to specially set
          24    this for June 10th.  We'll still have our calendar call, as
12:14:45  25    scheduled in the Court's order, Docket Entry 203.  But rather
```

```
12:14:49    1    than starting it on June 3rd, we'll start the trial on
            2    June 10th, and the calendar call will remain on Tuesday,
            3    May 28th.
            4              Okay.  To the extent that you will be filing
12:15:02    5    dispositive motions, certainly you can file those, along with
            6    the Court's requirement with regard to the joint pretrial
            7    stipulation.  But since I'm going to be specially setting this
            8    case, then I'm merely going to just administratively close it
            9    because there's no further action for the Court to take other
12:15:19   10    than to rule on the motions once they're filed.
           11              Are there any issues that the Court can assist with?
           12              MS. SUM:  None from the SEC, Your Honor.
           13              MR. FORD:  None from Defense.  Thank you, Your Honor.
           14              THE COURT:  Okay.  So there will be an order specially
12:15:31   15    setting for June 10th.  There will be an order referring you
           16    back to Ms. Adams for a second mediation.  Judge Torres will be
           17    addressing the pending motion.  And the Court's order remains
           18    in place.  But rather than the two-week period commencing on
           19    June 3rd, we will schedule the trial for June 10th.
12:15:50   20              MS. SUM:  Your Honor, I do have on the another case
           21    that's set before you that overlaps.  We can take that up
           22    separately --
           23              THE COURT:  Well, this one is obviously the earlier
           24    one.  So this is going to go first.
12:16:04   25              MS. SUM:  Understood, Your Honor.
```

```
12:16:05:03   1              THE COURT:  The only case that would go before this
              2    case would be a criminal case, and I certainly have enough time
              3    to reschedule those cases.  So I'd like to get this case
              4    resolved one way or the other.
12:16:15:08   5              MS. SUM:  Understood, Your Honor.  Only raising it
              6    because of a recent order as far as the start date for the
              7    other trial.
              8              THE COURT:  And was the start date on June 8th -- I
              9    mean, on June 10th?
12:16:25:09  10              MS. SUM:  No, Your Honor.  There's just a direct
             11    overlap of the two-week trial period of June 17th.
             12              THE COURT:  Oh.  June 17th.
             13              MS. SUM:  Yes, Your Honor.
             14              THE COURT:  Yeah.  Those cases are going to need to
12:16:34:15  15    tend with the case that's going to start on June 3rd, and in
             16    this case June 10th.
             17              MS. SUM:  Understood, Your Honor.
             18              THE COURT:  All right.  Are there any other issues
             19    that the Court can assist the parties with?
12:16:45:08  20              MS. SUM:  No, Your Honor.
             21              MR. FORD:  No, Your Honor.  Thank you.
             22              THE COURT:  Okay.  All right.  Have a good afternoon.
             23    Good to see each of you.  Happy and healthy New Year.
             24              MS. SUM:  Thank you.  Thank you.
             25         (Proceedings concluded at 12:16 p.m.)
```

```
 1    UNITED STATES OF AMERICA      )
 2    ss:
 3    SOUTHERN DISTRICT OF FLORIDA  )
 4                   C E R T I F I C A T E
 5           I, Yvette Hernandez, Certified Shorthand Reporter in
 6    and for the United States District Court for the Southern
 7    District of Florida, do hereby certify that I was present at,
 8    and reported in machine shorthand, the proceedings had the 31st
 9    day of January, 2024, in the above-mentioned court; and that
10    the foregoing transcript is a true, correct, and complete
11    transcript of my stenographic notes.
12           I further certify that this transcript contains pages
13    1 - 12.
14           IN WITNESS WHEREOF, I have hereunto set my hand at
15    Miami, Florida, this 8th day of February, 2024.
16
17                        /s/Yvette Hernandez
                          Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
18                        400 North Miami Avenue, 10-2
                          Miami, Florida 33128
19                        (305) 523-5698
                          yvette_hernandez@flsd.uscourts.gov
20
21
22
23
24
25
```