```
 1                UNITED STATES DISTRICT COURT
 2                SOUTHERN DISTRICT OF FLORIDA
 3
 4   SECURITIES AND EXCHANGE      )
     COMMISSION,                  )
 5                                )
                 Plaintiff,       )
 6                                )
     vs.                          ) Case No.
 7                                ) 1:21-CV-21079-Bloom
     MINTBROKER INTERNATIONAL,    )
 8   LTD., f/k/a SWISS AMERICA    )
     SECURITIES LTD. and d/b/a    )
 9   SURETRADER, and GUY GENTILE, )
     a/k/a GUY GENTILE NIGRO,     )
10                                )
                 Defendants.      )
11   _____ )
12
13
14         VIDEOTAPED DEPOSITION OF GUY GENTILE
15                      Miami, Florida
16            Wednesday, November 29, 2023
17
18
19
20
21
22
23   Reported by:
24   Rebecca Callow, RMR, CRR, RPR
25   Job No. 231129RJC
                                                         1
```

```
12:29    1                    So I was restricted in my travel to
         2    some degree and -- and I had stepped away.  So I
         3    wasn't involved.
         4         Q.   Okay.  So back to my original question:
12:30    5    Who, in 2016 from the SEC, was running your company?
         6                    MR. FORD:  Objection.
         7         BY MS. JOHNSON:
         8         Q.   You can answer.
         9         A.   I believe I answered that already.  I said
12:30   10    from 2012 -- from the middle of 2012 to the middle
        11    of 2015 is when I was told from the DOJ --
        12         Q.   I'm not asking about that time period.
        13                    2016.  If you don't know, if you don't
        14    have a name -- I'm asking specifically in 2016.
12:30   15         A.   Oh.  In 2016.  In 2016, the person that was
        16    controlling my firm was Sajjad from the SEC.  He
        17    was -- he had an undercover operative working in my
        18    office, stealing documents on behalf of the SEC and
        19    providing them to the government while I was in
12:30   20    active litigation with them and then forwarding
        21    those documents again to the DOJ, which was in
        22    active litigation also.
        23                    That's who was controlling my firm.
        24    Manipulating --
12:31   25         Q.   How was Sajjad controlling your firm?
```

73

```
12:31  1        A.   He was telling a director to steal
       2   documents from the firm.
       3        Q.   Mr. -- who are you saying he told to steal
       4   from the firm?
12:31  5        A.   He was telling lying Philip Dorsett to
       6   steal documents from my firm.  And he was doing it
       7   at his request.
       8        Q.   All right.  How is that controlling your
       9   firm?
12:31 10             Did -- Mr. Sajjad Matin, did he tell
      11   you what customers to accept?
      12             MR. FORD:  Objection.
      13        Foundation.
      14        A.   He -- he -- controlling the firm --
12:31 15        BY MS. JOHNSON:
      16        Q.   All right.  Define "control" for me.
      17             What are you talking about when you say
      18   "control of the firm"?
      19        A.   Well, he threatened Philip Dorsett with
12:31 20   criminal charges.  There's a letter from Sajjad to
      21   Philip saying, Do this, or I'm going to potentially
      22   bring criminal charges against you, from my
      23   recollection of that.
      24             And based on discovery, we found out
12:31 25   that lying Philip Dorsett was working with Sajjad
```

74

```
12:31   1  while I'm in active litigation with the SEC, and
        2  Sajjad was asking him to go into the firm and, say,
        3  Hey, look for these documents and get these
        4  documents and send them to me, you know?
12:32   5              And this guy's the chief compliance
        6  officer of the firm -- or the compliance officer at
        7  the firm being directed by the SEC on what to do
        8  under threat of being charged criminally.  So, to
        9  me, that's a form of control.
12:32  10       Q.   Okay.
       11       A.   Just the same way I was controlled by the
       12  DOJ, the FBI, and the SEC, Philip Dorsett was also
       13  controlled.
       14       Q.   All right.  In 2016 --
12:32  15       A.   The SEC has been really controlling this
       16  whole thing.
       17       Q.   -- who decided which customers to accept?
       18       A.   Philip Dorsett.
       19       Q.   Who decided what trades could be made in
12:32  20  2016?
       21       A.   Customers.  Customers.
       22       Q.   Who decided what your marketing campaign
       23  would be in 2016?
       24       A.   Well, that would have been Janay.
12:32  25       Q.   All right.  What about in 2017?  Who
```

75

```
 1                UNITED STATES DISTRICT COURT
 2                SOUTHERN DISTRICT OF FLORIDA
 3
 4   SECURITIES AND EXCHANGE        )
     COMMISSION,                    )
 5                                  )
                    Plaintiff,      )
 6                                  )
     vs.                            ) Case No.
 7                                  ) 1:21-CV-21079-Bloom
     MINTBROKER INTERNATIONAL,      )
 8   LTD., f/k/a SWISS AMERICA      )
     SECURITIES LTD. and d/b/a      )
 9   SURETRADER, and GUY GENTILE,   )
     a/k/a GUY GENTILE NIGRO,       )
10                                  )
                    Defendants.     )
11   _____)
12
13
14              REPORTER'S CERTIFICATE
15         VIDEOTAPED DEPOSITION OF GUY GENTILE
16                 November 29, 2023
17
18         I, Rebecca J. Callow, Registered Merit
19   Reporter, Certified Realtime Reporter, Registered
20   Professional Reporter and Notary Public in and for
21   the State of Florida, hereby certify to the
22   following.
23         That the witness, GUY GENTILE, was duly
24   sworn by the officer and that the transcript of the
25   oral deposition is a true record of the testimony
```

252

```
 1  given by the witness;
 2             That the original deposition was delivered
 3  to Ms. Alise Johnson, Securities and Exchange Commission.
 4             That a copy of this certificate was served
 5  on all parties and/or the witness shown herein on
 6  December 1, 2023.
 7
 8             I further certify that pursuant to FRCP
 9  Rule 30(f)(1) that the signature of the deponent:
10             [   ] was requested by the deponent or a
11  party before the completion of the deposition and is
12  to be returned within 30 days from date of receipt
13  of the transcript.  If returned, the attached
14  Changes and Signature Page contains any changes and
15  the reasons therefor;
16             [ X ] was not requested by the deponent or
17  a party before the completion of the deposition.
18             I further certify that I am neither
19  counsel for, related to, nor employed by any of the
20  parties or attorneys to the action in which this
21  proceeding was taken.  Further, I am not a relative
22  or employee of any attorney of record in this cause,
23  nor am I financially or otherwise interested in the
24  outcome of the action.
25
```

253

```
 1
 2            SUBSCRIBED AND SWORN TO under my hand and
 3   seal of office on this the 1st day of
 4   December, 2023.
 5
 6
 7            _____
 8            Rebecca J. Callow, RMR, CRR, RPR
 9            Notary Public, Miami-Dade County
10            My Commission No. HH 409626
11            Expires:  6/12/2027
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

254