UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S MOTION *IN LIMINE* AND TO STRIKE EXPERT**

Defendant Guy Gentile, by and through his undersigned counsel, moves *in limine* and respectfully requests that the Court, pursuant to the Federal Rules of Evidence, enter an order instructing the attorneys for the Securities and Exchange Commission ("SEC"), their representatives, and witnesses to refrain from making any direct or indirect reference whatsoever, at trial before the jury of any of the following matters until a hearing has been held outside the presence of the jury to determine the admissibility of the following:

    1.    Prior litigation between the United States or the SEC and Gentile, including but not limited to Gentile's arrest and indictment in the District of New Jersey;

    2.    Gentile's prior cooperation with the United States and/or the SEC regarding investigation of alleged violations of the federal securities laws;

    3.    Gentile's divorce from his ex-wife, Karen Gentile, except for the limited purpose of proving an alibi;

1

4. Testimony and documents obtained in discovery from Philip Dorsett, former Chief Compliance Office of Defendant MintBroker International f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader"), which are also the subject of Gentile's pending Renewed Motion for Sanctions for Spoliation of Evidence under Rule 37(e) [ECF No. 201]; and

5. Testimony and documents obtained in discovery from Yaniv Frantz, former Senior Sales Manager of SureTrader.

Gentile also respectfully moves—pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), their progeny, and Rules 401, 403, 702, and 703—the Court to strike the purported "expert" report dated February 3, 2023, and anticipated testimony of David F. MacNair. (*See* Ex. A). Rule 702 provides in full:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Here, MacNair's opinion, as outlined in his February 3, 2023 report, satisfies none of the foregoing criteria. MacNair's report reads like a premature motion for summary judgment filed by the SEC—it simply parrots the SEC's theory of liability and ignores disputes of fact that would undermine that theory. This is not a case that involves a complex area of knowledge that a

jury is incapable of understanding without the guidance of an expert, which explains why MacNair's report regurgitates at length what the SEC maintains is the overarching regulatory and legal framework but does not reflect any underlying "reliable principles and methods" derived from specialized knowledge that he then applies to the facts of this case.

Fundamentally, this is a fact-intensive case that turns on, among other disputes, whether a reasonable U.S. person visiting SureTrader's website would have felt inappropriately solicited to open an account with SureTrader and whether Gentile should be held responsible for any such improper solicitation, notwithstanding the controls put in place at the company to prevent improper solicitation of U.S. customers and the advice Gentile received from compliance persons and attorneys regarding the same. Regarding one of those compliance persons, MacNair relies heavily on a perjurious declaration signed by Philip Dorsett, former Chief Compliance Officer of SureTrader, further undercutting the credibility of MacNair's report. MacNair also fails to consider facts or data that undermine his conclusion, including testimony from Dorsett, Frantz, other former SureTrader employees, and third-party witnesses, all of whom were deposed *after* MacNair authored his report.

Accordingly, Gentile respectfully requests that the Court strike the report and anticipated testimony of SEC "expert" David F. MacNair. In the alternative, Gentile requests a *Daubert* hearing before the Court.

Dated: February 12, 2024

Respectfully submitted,

FORD O'BRIEN LANDY LLP

By:  /s/ Gabriela M. Ruiz
    Gabriela M. Ruiz
    Fla. Bar. 46844
    One Biscayne Tower
    2 South Biscayne Boulevard Suite 3200
    Miami, Florida 33131
    Tel.: (786) 310-1135 (main)
    gruiz@fordobrien.com

    Adam C. Ford (admitted PHV)
    Matthew A. Ford (admitted PHV)
    Stephen R. Halpin III (admitted PHV)
    275 Madison Avenue, 24th Floor
    New York, New York 10016
    Tel.: (212) 858-0040 (main)
    aford@fordobrien.com
    mford@fordobrien.com
    shalpin@fordobrien.com

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for Gentile certifies that he conferred in good faith with counsel for the SEC regarding issues to be raised in the parties' motions *in limine* and the parties were not able to resolve such issues.

                                                        */s/ Matthew A. Ford*
                                                        Matthew A. Ford

2

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendant Guy Gentile's Motion *in Limine*, February 12, 2024, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

Russell Koonin
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
305-982-6390
kooninr@sec.gov

                                                   */s/ Gabriela M. Ruiz*
                                                   Gabriela M. Ruiz