# EXHIBIT H

| | |
|---|---|
| **From:** | Guy Gentile <guy@stockusainc.com> |
| **Sent:** | Sunday, January 15, 2012 3:49 PM |
| **To:** | philip@suretrader.com |
| **Subject:** | Non-U.S. Broker-Dealers |

We cannot send mail to clients in the U.S. So no overnight checks.

http://www.cadwalader.com/docs/lofchie/International1.pdf

Non-U.S. Broker-Dealers
A. Jurisdiction
Section 15 of the Securit ies Exchange Act of 1934 (the "1934 Act") requires any brokerdealer that uses "interstate commerce" in the conduct of its business to register with the SEC.  As
the term "interstate commerce" (defined in Section 3(a)(17) of the 1934 Act) includes any communication from outside the United States into the United States, a non-U.S. broker-dealer that enters into a securities transaction with any person physically present in the United States necessarily uses interstate commerce, and so is potentially subject to the Section 15 registration requirement.


2. Unsolicited Contacts
Rule 15a-6(a)(4)(i) permits a non-U.S. broker-dealer to effect "unsolicited" transactions
with U.S. customers.  Although Rule 15a-6 does not itself define the term "solicited," the SEC
has made clear that it interprets the term broadly (and thus the corresponding term "unsolicited"
narrowly).  Because of the narrow interpretation of this exemption, major firms (and certainly
those with a significant U.S. presence) do not heavily rely upon it.

Somewhat ironically, however, the exception may be relied upon by smaller foreign firms
without a U.S. presence.  These firms may take the view that they can easily fly under the radar
or that they are outside the SEC's reach.  The absence of regulatory action in this  regard
indicates either that this does not happen, or that they do in fact go under the radar, or, perhaps,
that their U.S. relationships are "unsolicited."

SEC-FL-03848-E-0002861