UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Torres

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## PLAINTIFF'S REPLY STATEMENT OF MATERIAL FACTS

Plaintiff Securities and Exchange Commission, pursuant to Southern District of Florida Local Rule 56.1(b)(3), hereby files its Reply ("SEC Reply SMF") to Defendant Guy Gentile's Amended Statement of Material Facts, ECF No. [237].

### SEC's Reply to Gentile's Additional Facts

71. Disputed to the extent that the reason for Gentile speaking with Arthur Quintero is not addressed in his Declaration.

72. Disputed. Dorsett states in his Declaration and testimony that "SureTrader was created in the Bahamas to avoid U.S. trading rules and restrictions," and Gentile's "U.S.-based customers could become SureTrader customers in the Bahamas so that they could avoid the U.S. day-trading rules and restrictions." Dorsett testified that Gentile said "in the Bahamas there's no such thing as a PDT Rule" and "if we open up SureTrader, basically…a client from anywhere else in the United States are going to flock to SureTrader." SEC Statement of Material Facts ("SEC SMF"), ECF No. [226], at Ex. 2, ¶ 6; Ex. 1 at 19:8-15.

73. Undisputed.

74. Disputed for the reasons set forth in ¶ 72 *supra*.

75. Disputed. On the face of the FINRA letter and the SEC's Complaint, the two matters do not concern the "same conduct."

76. Disputed. The SEC does not dispute that Gentile submitted a "Wells submission" in January 2014, but it does dispute the contents thereof, which is extensively countered in the SEC's SMF and this SEC Reply SMF.

77. Disputed. Dorsett stated in his Declaration that his duties were "focused on ensuring SureTrader's compliance with Bahamian securities laws and regulations." SEC SMF at Ex. 2, ¶ 4.

78. Undisputed.

79. Disputed for the reasons set forth in ¶¶ 72,77.

80. Undisputed.

81. Undisputed.

82. Undisputed.

83. Disputed. Although Gentile submitted a formal document reflecting his resignation, Gentile remained in control of SureTrader during the Relevant Period as set forth in ¶ 14 of the SEC's SMF.

84. Disputed. Although Gentile submitted a formal document reflecting his resignation, Gentile remained in control of SureTrader during the Relevant Period as set forth in ¶ 14 of the SEC's SMF.

85. Disputed. While Warrior Trading has students anywhere in the world, it is "predominantly for U.S. traders." SEC's SMF at Ex. 25, 16:1-9. Warrior Trading knew that SureTrader accepted U.S. traders. "U.S. traders were not allowed to participate in the broker rebate program, but that didn't mean that U.S. traders wouldn't end up signing up and using SureTrader anyways because they were a tool that helped them trade below PDT." *Id*. at 82:24-83:4.

86. Disputed. SEC SMF at ¶ 66.

87. Disputed for the reasons set forth in ¶ 90 below.

88. Disputed as not relevant. ITA Compliance's review occurred in early 2018—effectively a snapshot of SureTrader's operations at a moment in time—and the report does not include a review of SureTrader's archived webpages, SureTrader's advertising with online day trading schools, SureTrader's emails to customers prior to the review, an analysis of the current makeup of SureTrader's customers, and how they became customers of SureTrader.

**SEC's Additional Facts**

89. SureTrader identified potential customers' "Country of Residence" in its "Money Laundering Risk Assessment" document. For example, in Christopher Penalver, Franklin Martin, Sheldon King, Marcello Martin, and Stephen Derong's Money Laundering Risk Assessment documents, which were produced by the Joint Official Liquidators in response to the Letters Rogatory, "USA" or "US" was listed in the "Country of Residence" column. Composite Ex. 40. SureTrader opened accounts for all of these individuals. SEC SMF at Exs. 34, 35, 36, 37, and 38.

90. SureTrader recognized Mazen Agha's "Country of Residence" as "USA" in his Money Laundering Risk Assessment, yet still chose to open an account for him. Ex. 41; SEC SMF at Ex. 21 at ¶¶ 7-10.

91. SureTrader recognized Orestes Jimenez's "Country of Residence" as "USA" in his Money Laundering Risk Assessment, yet still chose to open an account for him. Ex. 42; SEC SMF at Exs. 19, 20.

92. On July 18, 1989, the SEC issued *Registration Requirements for Foreign Broker-Dealers*, Adopting Release No. 34-27017, 54 FR 30013, 30017-18, 1989 WL 27982, at *6 (July 18, 1989). Ex. 43.

93. On March 23, 1998, the SEC issued its *Statement of the Commission Regarding the Use of Internet Web Sites to Offer Securities, Solicit Securities Transactions or Advertise Investment Services Offshore,* SEC Release No. 1125, 1998 WL 128173 at *12 (March 23, 1998). Ex. 44.

94. On March 21, 2013, the SEC Division of Trading and Markets issued *Frequently Asked Questions Regarding Rule 15a-6 and Foreign Broker-Dealers*. (Updated April 14, 2014). Ex. 45.

March 11, 2024.                                      Respectfully submitted,

/s/Alice Sum
Alice Sum
Senior Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154