**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BLOOM/Torres**

SECURITIES AND EXCHANGE COMMISSION,

  Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

  Defendants.

**JOINT NOTICE OF PARTIAL RESOLUTION OF MOTIONS *IN LIMINE***

  Plaintiff Securities and Exchange Commission and Defendant Guy Gentile (the "Parties") have met and conferred to discuss resolution of the pending motions *in limine,* ECF Nos. [220 and 221], and have agreed to resolve several of the disputed items raised therein. Thus, the Parties hereby notify the Court that they have agreed as follows:

  1. As to Plaintiff's *Omnibus Motion in Limine* ECF No. [220], the Parties have agreed that:

   a. Defendants agree that they shall not make *ad hominem* attacks on SEC Counsel. Defendants shall not discuss the Commission's motive for bringing this action. The parties continue to dispute whether the SEC's investigation that preceded this litigation may be criticized before the jury.

   b. No party shall mention any of the prior SEC or Department of Justice ("DOJ") investigations, and resulting court cases in the District of New Jersey, or that Gentile was a cooperator for the FBI or DOJ. The Parties continue to dispute

whether documents and evidence regarding FINRA's prior charging decision should be precluded.  The Parties also continue to dispute whether the SEC in those prior investigations (and subsequent cooperation with the DOJ) gave Gentile assurances that SureTrader's solicitation policies and practices conformed with U.S. securities law and whether evidence, if any, of same should be precluded. See Plaintiff's Motion *in Limine* at ECF No. [220] p. 11-12.

c.   No party shall mention any of the prior SEC or DOJ investigations and resulting court cases in the District of New Jersey, and whether the FBI, SEC or DOJ approved of SureTrader's solicitation of U.S. based investors in those matters. Gentile intends to introduce the Wells Submission he submitted to FINRA detailing his compliance with all non-solicitation rules and FINRA's decision to close its investigation with no further action. The SEC maintains its opposition to the introduction of the Wells submission.

d.   The Parties agree that Gentile has not asserted an advice of counsel defense. The Parties otherwise disagree as to whether Gentile should be precluded from presenting evidence of involvement or presence of counsel regarding his compliance with non-solicitation rules.

e.   The Parties agree that Gentile shall not mention any personal or professional hardships or adverse consequences that may occur as a result of a finding of liability against Gentile.

f.  The Parties agree that the SEC's webcaptures are authenticated without the need for a live witness, but Gentile reserves the right to object to the admissibility of the webcaptures on any other permissible grounds.

g.  The Parties do not agree that the documents produced by the Defendants, including those produced through the Request for International Judicial Assistance, ECF No. [116], and the Securities Commission of the Bahamas are authenticated without the need for a live witness. Gentile reserves his right to cross examine any witness on authenticity and argue against admissibility of these documents on any permissible grounds.

2.  As to Defendant Gentile's Motion *in Limine* and to Strike Expert, ECF No. [221], the Parties have agreed that:

a.  No party shall mention any of the prior SEC or DOJ investigations, and resulting court cases in the District of New Jersey, or that Gentile was a cooperator for the FBI or DOJ.  Gentile intends to introduce the Wells Submission he submitted to FINRA detailing his compliance with all non-solicitation rules and FINRA's decision to close its investigation with no further action. The SEC opposes the introduction of the Wells submission, but the parties agree that if the court admits this evidence, neither side will mention that the Wells was provided in connection with his cooperation with the DOJ, only that it was provided. The Parties continue to dispute whether the SEC in those prior investigations (and subsequent cooperation with the DOJ) gave Gentile assurances that SureTrader's solicitation policies and practices conformed with

U.S. securities law and whether evidence of same should be precluded. See

Plaintiff's Motion *in Limine* at ECF No. [220] p. 11-12.

b.  No party shall mention Gentile's divorce, except Gentile can mention that his

wife and he were going through a divorce in February 2012 when addressing

the issue of whether he was at a meeting with his (now) ex-wife in February

2012 with Philip Dorsett.

c.  The Parties continue to dispute whether documents produced by Philip Dorsett

and Yaniv Frantz and their testimony should be precluded and whether the

SEC's expert should be excluded.

March 15, 2024.                                    Respectfully submitted,

/s/ Alice Sum
Alice Sum
Senior Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE
COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154