UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S OPPOSITION TO
PLAINTIFF SEC'S OMNIBUS MOTION *IN LIMINE***

Defendant Guy Gentile, by and through his undersigned counsel, objects to the SEC's Omnibus Motion *in Limine* [ECF No. 220]—as modified by the March 15, 2024 Joint Notice of Partial Resolution of Motions *in Limine* [ECF No. 244] ("Joint Notice")—and respectfully requests that the remainder of the SEC's Motion *in Limine* be denied.

**PROCEDURAL BACKGROUND AND PRELIMINARY STATEMENT**

The SEC's Motion *in Limine* should be denied because practically the entirety of the SEC's request for relief has been negotiated and agreed to as reflected in the Parties' Joint Notice filed on March 15, 2024, and what remains is improper for a motion *in limine*: it consists of an application to prevent introduction of Gentile's most relevant and exculpatory evidence, which is not remotely unduly prejudicial.

The remaining four pieces or types of evidence in dispute all fall within the same general category of evidence that Gentile intends to introduce in defense of the allegations against him

1

personally. Specifically, as this Court has been informed by way of the Parties' Joint Notice, the remaining matters in dispute are:

1. Whether the SEC's investigation that preceded this litigation may be criticized before the jury;

2. Whether documents and evidence regarding FINRA's prior decision not to charge SureTrader or Gentile with violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78$o$(a)(1), after Gentile filed with FINRA a Wells Submission explaining SureTrader corporate policies and procedures aimed at ensuring compliance with that Section; and relatedly whether the DOJ and SEC gave Gentile any assurances with respect to SureTrader's policies and procedures aimed at staying in compliance with Section 15(a)(1);

3. Whether Gentile's Wells Submission is admissible; and

4. Whether Gentile can introduce the related evidence of involvement of counsel in the drafting of the Wells Submission explaining SureTrader's policies and procedures aimed at ensuring compliance with Section 15(a)(1).

As is obvious from this list, other than the question of whether a party is able to criticize the SEC in litigation, the remaining three issues are essentially the same, or at the least tightly intertwined. Disputes 2–4 above all relate to the fact that, in 2013, Gentile received a Wells Notice from FINRA indicating it had preliminarily determined that SureTrader had violated SEC anti-solicitation rules, specifically Section 15(a)(1)—the same exact allegations in this case.

Gentile, guided by counsel, submitted a Wells Submission with FINRA in which Gentile explained that, based on all the SEC guidance available at that time, SureTrader's policies and practices provided the recommended prophylactic to avoid allegations of soliciting U.S.

customers. Having reviewed Gentile's Wells Submission, FINRA decided not to bring charges against Gentile. Because Gentile was cooperating with the DOJ and SEC at this time, and everything he was doing was disclosed to both agencies, Gentile notified the SEC and DOJ of the Wells Notice, the allegations that SureTrader was soliciting U.S. customers, and, later, that FINRA had declined to take action.

Of particular note is that, because Gentile was cooperating with the SEC at this time, any violation of SEC rules would have voided his cooperation agreement. The SEC never suggested that he violated his cooperation agreement, and Gentile understood the SEC's decision not to express any concern over the allegations of solicitation as an implicit acknowledgment that his broker-dealer's policies were compliant with U.S. law. Given these events, Gentile believed that SureTrader's policies designed to avoid violation of Section 15(a)(1) were sufficient, a fact that goes to the heart of Gentile's defense under Section 20 of the Exchange Act—his good faith. While these were not the last of SureTrader's updates to its policies and procedures, they were all made, guided by counsel, with the intention to avoid running afoul of Section 15(a)(1) or any anti-solicitation rules.

## LEGAL STANDARD

Motions in *Limine* to exclude relevant evidence are disfavored in this district, and everywhere. This Court has explained:

> In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds. The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Likewise, in light of the preliminary or preemptive nature of motions *in limine*, any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.

*Ctr. Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *1–2 (S.D. Fla. Jan. 30, 2020) (cleaned up).

This Court further explained in *Ramirez v. Carnival Corp.* that "[e]vidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." No. 22-CV-21202, 2023 WL 3318723, at *2 (S.D. Fla. May 9, 2023) (citing Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'")); *see also United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013) (per curiam) (unpublished). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

While relevant evidence is inherently prejudicial, Rule 403 focuses on *unfair* prejudice. *Cauchon v. United States*, 824 F.2d 908, 914 (11th Cir. 1987). Accordingly, "[u]nfair prejudice cannot be simplistically defined as evidence having adverse effects on a party's case; rather it is an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (internal quotations and citations omitted); *see also Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (stating that unfair

prejudice concerns "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it" (internal citations omitted)); *United States v. Saintil*, 753 F.2d 984, 989 n.7 (11th Cir.1985) (noting that under Rule 403, prejudice "relates to the likelihood of inciting the jury to an irrational decision based on an improper basis").

The SEC's Motion *in Limine* (or what remains of it following the Parties' Joint Notice) seeks to exclude Gentile's critical evidence establishing that he acted in good faith. There is no basis to exclude this evidence and certainly no basis to exclude such evidence prior to trial.

## ARGUMENT

### I. The Wells Submission and Related Evidence Are Relevant to Prove Gentile's Good Faith, and There is No Undue Prejudice in Any of It Being Admitted.

The SEC's Motion *in Limine*—which seeks to exclude the Wells Submission, evidence that it was drafted by counsel, evidence that it resulted in FINRA not filing charges, and other related evidence—is all based on the SEC's mischaracterization of its claims against Gentile. For reasons that remain unclear, the SEC tells this Court that its claims are strict liability, and as such, Gentile's intent to not violate the Section 15(a)(1) is irrelevant.

But this is wrong for two reasons: First, evidence of how FINRA (and the SEC) has interpreted its own guidance during the relevant time frame at issue is relevant to the question of whether the conduct complained of violates Section 15(a)(1). Second, and more important, for Gentile to be found personally liable, the SEC must prove that he did not act in "good faith." Section 20(a) of the Exchange Act provides that "[e]very person who . . . controls any person liable under . . . this chapter . . . shall also be liable jointly and severally with and to the same extent as such controlled person . . . , unless the controlling person *acted in good faith* and did not directly or indirectly induce the act or acts constituting the violation or cause of action." 15

5

U.S.C. § 78t(a) (emphasis added). In other words, Gentile cannot be found personally liable for any violation in this case if the jury finds *he acted in good faith*.

Gentile has consistently defended this action on the basis that at all relevant times he acted in good faith by, among other things, ensuring that SureTrader had policies and procedures for ensuring that SureTrader was not soliciting U.S. customers in violation of any laws or rules. While certainly not the only piece of evidence of his good faith, one of his main pieces of evidence is the Wells Submission that he submitted to FINRA in 2014 when it investigated SureTrader's policies and procedures designed to avoid solicitation of U.S. persons. That FINRA thereafter proceeded not to charge Gentile or SureTrader is strong evidence that Gentile was acting in good faith when SureTrader developed these policies and Gentile insisted on their strict compliance. Because good faith is an element the SEC must disprove to obtain liability against Gentile, all evidence of Gentile's good faith is highly relevant.

This same argument holds true for the evidence surrounding and related to the Wells Submission. The facts that Gentile had counsel assisting with the drafting of SureTrader's policies and procedures, and that it was counsel specialized in securities laws who drafted the Wells Submission, go to Gentile's state of mind and good faith. That he notified the SEC (and DOJ)—about the Wells Notice, Wells Submission, and FINRA's decision not to institute charges against him for soliciting U.S. customers—also goes to proving that his conduct was not considered to be improper solicitation at the time, and Gentile's good-faith belief that his conduct, and the policies in place at SureTrader, complied with the law. Given Rule 403's low threshold, there is no reason to exclude this evidence, and indeed doing so could be reversible error. *See, e.g.*, *United States v. Roark*, 753 F.2d 991, 995 (11th Cir. 1985) (The refusal to admit evidence regarding defendant's state of mind "does not appear to be harmless error.").

## II. The SEC Fails to Establish that Gentile's Criticism of the SEC's Investigation is Far More Prejudicial than Probative.

The SEC's attempt to gag Gentile during trial and prevent him from commenting on the adequacy of—and techniques used during—the SEC's investigation does not meet the high bar for obtaining a motion *in limine* to exclude the evidence. By way of limited example, the SEC intends to introduce evidence presented by two former employees of SureTrader the SEC has called "whistleblowers."

Gentile should be allowed to test the SEC's evidence—including the testimony of these witnesses—through cross-examination and by submitting evidence about (*inter alia*): the nature of the "whistleblower" allegations, any directions or guidance that the SEC gave to these individuals, the timing of the "whistleblower" complaints relative to the SEC's involvement with them, any financial or other personal benefit that the "whistleblowers" would receive as a result of their complaints, and any improper or unlawful conduct engaged in by the "whistleblowers" (including any involvement by the SEC in such conduct).

For example, one of the witnesses is the former Chief Compliance Officer of SureTrader and worked on the company's policies and procedures to prevent solicitation of U.S. customers. Indeed, he provided the affidavit—signed by him and notarized—submitted to FINRA in connection with the Wells Submission, which set forth the manner in which SureTrader sought to comply with Section 15(a)(1). Thereafter, he submitted a "whistleblower" complaint that alleged various wrongdoing—but made no mention of solicitation of U.S. customers—and began taking instruction from an SEC staff attorney to send internal company documents from SureTrader to the SEC, which Gentile maintains occurred outside of any formal process and in violation of Bahamian law. Such conduct casts significant doubt on the integrity of the SEC's investigation and the witness's credibility, and it is also relevant to the question of whether

SureTrader's policies and procedures violated the anti-solicitation laws, and whether Gentile acted in good faith, or was the individual who directed the allegedly wrongful conduct.

There is simply no basis to preclude Gentile from being critical of the SEC's investigation.

Dated: March 20, 2024                                  Respectfully submitted,

FORD O'BRIEN LANDY LLP

By:  /s/ Gabriela M. Ruiz
Gabriela M. Ruiz
Fla. Bar. 46844
One Biscayne Tower
2 South Biscayne Boulevard Suite 3200
Miami, Florida 33131
Tel.: (786) 310-1135 (main)
gruiz@fordobrien.com

Adam C. Ford (admitted PHV)
Matthew A. Ford (admitted PHV)
Stephen R. Halpin III (admitted PHV)
275 Madison Avenue, 24th Floor
New York, New York 10016
Tel.: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Defendant Guy Gentile's Opposition to Plaintiff SEC's Omnibus Motion *in Limine*, dated March 20, 2024, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

Russell Koonin
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
305-982-6390
kooninr@sec.gov

                                            */s/ Gabriela M. Ruiz*
                                            Gabriela M. Ruiz