UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.

**DEFENDANT GUY GENTILE'S SURREPLY STATEMENT OF MATERIAL FACTS**

    89.    Disputed. Gentile does not dispute that SureTrader had U.S.-based customers, but Rule 15a-6 does not prohibit foreign broker-dealers such as SureTrader from effecting unsolicited transactions with U.S. persons. The SEC points to no evidence that any of these individuals was solicited by Gentile or SureTrader to open an account. SureTrader's Chief Marketing Officer Janay Pyfrom testified: "A. I was not allowed to advertise in any way to US customers or to US residents . . . . Q. The policy was to exclude US? A. Yes. At all times. Q. Was there a IP blocker pop-up is? . . . A. There was, yes." *See* Ex. DD, Tr. 87:2–11.[1]

    The SEC maintains these customers heard about SureTrader from Warrior Trading. *See* SEC SMF ¶ 49. Any marketing services agreement between SureTrader and Warrior Trading indicated:

> Swiss America [SureTrader] desires to engage Marketing Agent [Warrior Trading] and Marketing Agent is qualified to, and desires to, provide certain marketing services to Swiss America for non-United States investors.
> . . . .
> F. Non-Solicitation of U.S. Investors: Marketing Agent [Warrior Trading] agrees not to directly or indirectly engage in the solicitation [of] U.S. investors. Any mention of Swiss America [SureTrader] or its affiliates on Marketing Agent's website or other promotional materials must have the following disclaimer attached

---

[1] Counsel for Gentile received a copy of the rough transcript of Ms. Pyfrom's January 26, 2024 deposition only within the last few days.

1

> in prominent font: "This does not constitute an offer or solicitation for brokerage services, investment advisory services, or other products or services in any jurisdiction where we are not authorized to conduct investment business or where such offer or solicitation would be contrary to the securities or local laws and regulations of that jurisdiction." Swiss America Securities, Ltd (SureTrader) does not service accounts for U.S. citizens, U.S. residents or U.S. Corporations.

SEC Ex. 24 at 1, 3.

90. Disputed. Gentile does not dispute that Agha indicated he resided in the United States when Agha applied to open a SureTrader account, but Rule 15a-6 does not prohibit foreign broker-dealers such as SureTrader from effecting unsolicited transactions with U.S. persons. Additionally, when Agha opened his account, he submitted an employment authorization card set to expire August 9, 2017, indicating that his country of birth was "Syria" and that the card was "NOT VALID FOR REENTRY to U.S." *See* Gentile Add'l Facts ¶ 87; Ex. U. So there is a question whether Agha is properly considered a "U.S. person under the Rule.

The SEC points to no evidence that Gentile or SureTrader solicited Agha to open an account. Agha maintains he heard about SureTrader from Ross Cameron of Warrior Trading. *See* SEC Ex. 21, ¶ 3. Any marketing services agreement between SureTrader and Warrior Trading made clear that Warrior Trading was not to solicit U.S. persons on SureTrader's behalf, *see supra* ¶ 89.

Furthermore, Agha was an active day trader when he visited SureTrader's website to open an account. Shortly after opening an account, he sought to negotiate SureTrader's commission charges on his trades and wrote: "I traded more than 1 million shares a month in my Etrade account. I would like to keep trading with 17K [in my SureTrader account] for now. I think I may qualify for better commission rate than advertised on your website." *See* Ex AA at 24. The next day he wrote: "I have a lot of entries and exits and I average a lot. I would prefer a kind of per trade commission based and not per shares because as I you see in the example I do a lot of 10K blocks for a scalp." *See id.* at 22.

91. Disputed. Gentile does not dispute that Orestes Jimenez indicated he resided in the United States, but Rule 15a-6 does not prohibit foreign broker-dealers such as SureTrader from effecting unsolicited transactions with U.S. persons. The SEC has pointed to no evidence that SureTrader or Gentile contacted Jimenez and solicited him to open an account.

Jimenez sought out SureTrader after hearing about the brokerage from Ross Cameron of Warrior Trading. *See* Ex. BB. Any marketing services agreement between SureTrader and

Warrior Trading made clear that Warrior Trading was not to solicit U.S. persons on SureTrader's behalf, *see supra* ¶ 89.

Furthermore, Jimenez was an active day trader prior to seeking to open an account with SureTrader. For example, his 2016 Form 1099-B from brokerage OptionsHouse—a tax form that details "PROCEEDS FROM BROKER AND BARTER EXCHANGE TRANSACTIONS"—shows over 250 separate stock transactions in 2016. *See* Ex. CC at 37–44.

92. Disputed. Gentile does not dispute that the SEC issued this release on July 18, 1989, but Gentile disputes that the SEC cites the release in its Reply, *see* SEC Reply at 3, while omitting that the release also explains:

- "U.S. investors would have little reason to expect . . . foreign broker-dealers to be subject to U.S. broker-dealer requirements. Moreover, requiring a foreign broker-dealer to register . . . with the Commission because of unsolicited trades with U.S. persons could cause that foreign broker-dealer to refuse to deal with U.S. persons under any circumstances." SEC Ex. 43 at 5;

- The "concept of solicitation" under the Rule 15a-6 is "fact-specific" and thus "is best addressed . . . on a case-by-case basis." *Id.* at 9; and

- "The Rule's exemption for unsolicited trades reflects the view that U.S. persons seeking out unregistered foreign broker-dealers outside the U.S. cannot expect the protection of U.S. broker-dealer standards." *Id.* at 19–20.

93. Disputed. Gentile does not dispute that the SEC issued this release on March 23, 1998, but Gentile disputes that the SEC cites the release in its Reply and maintains that the release sets out two "conjunctive" "requirements" for complying with Rule 15a-6, *see* SEC Reply at 4, when in fact the release makes clear that those two "procedures *are not exclusive*" and "other procedures that suffice to guard against sales to U.S. persons also can be used to demonstrate that the offer is not targeted at the United States." SEC Ex. 44 at 4 (emphasis added).

94. Disputed. By its terms, SEC Exhibit 45 includes "answers to frequently questions" compiled by "the staff of the SEC's Division of Trading and Markets," which "are not rules, regulations, or statements of the SEC, and do not have the approval or disapproval of the SEC." SEC Ex. 45 at 1. To the extent the SEC suggests otherwise, *see* SEC Reply at 7, its reliance on Exhibit 45 is misleading. The SEC also omits that Exhibit 45 states:

> Staff [of the SEC's Division of Trading and Markets] would not ordinarily view a single securities transaction effected by a foreign broker-dealer on behalf of a U.S.

investor in accordance with Rule 15a-6(a)(1) as precluding such foreign broker-dealer from relying on that same authority to effect one or more additional unsolicited securities transactions on behalf of the same U.S. investor, absent any other indicia of solicitation.

*See* SEC Ex. 45 at 8–9.

| | |
|---|---|
| Dated: March 25, 2024 | Respectfully submitted, |
| | FORD O'BRIEN LANDY LLP |
| | By: */s/ Gabriela M. Ruiz*<br>Gabriela M. Ruiz<br>Fla. Bar. 46844<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 3200<br>Miami, Florida 33131<br>Tel.: (786) 310-1135 (main)<br>gruiz@fordobrien.com<br><br>Adam C. Ford (admitted *pro hac vice*)<br>Matthew A. Ford (admitted *pro hac vice*)<br>Stephen R. Halpin III (admitted *pro hac vice*)<br>275 Madison Avenue, 24th Floor<br>New York, New York 10016<br>Tel.: (212) 858-0040 (main)<br>aford@fordobrien.com<br>mford@fordobrien.com<br>shalpin@fordobrien.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused the foregoing Defendant Guy Gentile's Surreply Statement of Material Facts, dated March 25, 2024, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

Russell Koonin
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
305-982-6390
kooninr@sec.gov

                                                      */s/ Gabriela M. Ruiz*
                                                      Gabriela M. Ruiz