UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
REPLY IN SUPPORT OF ITS OMNIBUS MOTION *IN LIMINE*** 

    Plaintiff Securities and Exchange Commission hereby submits its Reply in Support of its Omnibus Motion *in Limine,* ECF No. [220] (the "Motion"). Although the parties were able to resolve most of the issues originally presented in the Motion, for the reasons set forth herein, the Court should preclude the introduction of the remaining disputed evidence, pursuant to Federal Rules of Evidence 401 and 403, as described below.

    **I.    The Court Should Exclude Evidence Referring to FINRA's Prior Charging Decision**

    Defendant Guy Gentile should be precluded from presenting any evidence or argument to the jury regarding FINRA's decision not to charge him in another action that it was investigating. There is simply no evidence as to the reasons why FINRA did not charge Gentile, and FINRA itself specifically states that its determination is not an indication of innocence and should not be used in evidence. Gentile should be precluded from introducing or referring to FINRA's decision to not charge him as such evidence is irrelevant, would confuse the jury, and is unfairly prejudicial.

### A. <u>**Background**</u>

As detailed in the Motion, Gentile has been the subject of several regulatory investigations and criminal actions prior to the SEC bringing the instant matter. Gentile seeks to present what he claims is "evidence" from one of these investigations, specifically: 1) a Wells Submission, that he submitted to FINRA as part of its 2012 investigation, and 2) FINRA's No-Action Letter of 2014 (hereinafter "Letter" or "FINRA's Letter"). These two documents, and the circumstances under which they arose, should be precluded from evidence because Gentile's premise of what this evidence shows is plainly incorrect, unfairly prejudicial, and would confuse the jury.

Before the SEC addresses the prejudicial nature of these documents, an explanation of some securities terms is warranted. First, a Wells Notice is a notification issued by regulators, such as FINRA, to inform individuals or companies where infractions have been discovered and notifies the recipient that the regulator is contemplating whether to bring to bring an enforcement action against that party. Second, the recipient is generally given an opportunity to file a response, known as a Wells Submission, in the form of a legal brief setting forth its legal and factual arguments as to why no charges should be brought. If a party provides a Wells Submission, it is then reviewed by Enforcement officials in consideration of whether to bring an enforcement action. A Wells Submission is but one of many factors regulators consider when determining whether to bring charges against a party.

Here, FINRA sent a Wells Notice to Guy Gentile on November 12, 2013. In response, Gentile filed his Wells Submission on January 14, 2014. More than a year later, on April 14, 2015, FINRA sent a Letter to Gentile, informing him that FINRA had determined not to recommend the commencement of a disciplinary action against Gentile. A copy of FINRA's Letter is attached hereto as **Exhibit A.**

In its Letter, FINRA did not provide the reasons for its decision not to proceed. Instead, FINRA specifically stated that "this notification *should not be* construed as an indication that Enforcement staff has determined that no wrongdoing occurred." *See* **Exhibit A** (emphasis added). Moreover, FINRA's Letter advised Gentile that FINRA's decision should not be used in any subsequent judicial proceeding, stating:

> In addition, please note that it is the view of FINRA Department of Enforcement that a determination by FINRA not to take action against a FINRA member or associated person has no evidentiary weight in any mediation, arbitration, or judicial proceeding, and that it is inconsistent with just and equitable principles of trade for a FINRA member or associated person to attempt to introduce, in any such forum, evidence of such a determination by FINRA, . . .

*Id.*

Despite this specific language, Gentile is attempting to do exactly what FINRA advises against. Gentile attempts to introduce FINRA's decision not to commence a disciplinary action against him as evidence that FINRA determined he committed no wrongdoing-even though FINRA specifically states that was not what its determination indicated. Gentile's attempt should be stopped and the documents and evidence surrounding them precluded.

    **B.**    <u>**Argument**</u>

Neither Gentile's Wells Submission nor FINRA's decision not to bring an action should be introduced into evidence here. Such so-called "evidence" is irrelevant, misleading, prejudicial, and would lead to a trial within the trial as to what such evidence may show.

    1.  *Evidence of FINRA's Decision Not to Bring an Action Is Irrelevant*

The Court should exclude evidence of FINRA's Letter because such evidence is irrelevant, as it would not make any fact of consequence in this case more or less probable. *U.S. v. Benson*, 957 F. 3d 218, 236-237 (4th Cir. 2020) (citing Fed. R. Evid. 401). *See also SEC v. True N. Fin. Corp.,* No. 10- 3995 (DWF/JJK), 2013 WL 4781037, at *3 (D. Minn. Sept. 6, 2013) (granting the

SEC's motion *in limine* and holding that "evidence as to Plaintiff's so-called charging decision shall be presumptively inadmissible" because the evidence does not survive the Court's Rule 403 analysis).

Moreover, the conduct that was the subject of FINRA's investigation occurred between 2012 and 2014, more than two years prior to the relevant period addressed in the SEC's Complaint which focuses on Defendants' conduct from March 2016 to November 2019. Therefore, FINRA's determination of whether to bring an action based on conduct that occurred years before the relevant period, which does not include the additional conduct addressed in the SEC's Complaint is simply irrelevant.

  2. *Evidence of FINRA's Determination is Misleading*

Gentile seeks to introduce his Wells Submission based on the unfounded assertion that "it resulted in FINRA not filing charges" and is somehow evidence "of how FINRA (and the SEC) has interpreted its own guidance." However, there is simply no evidence to show what, if any, effect Gentile's Wells Submission had on FINRA's decision (made some 14 months later) not to bring an action. Nor is there any evidence to show why FINRA decided not to bring an action, or how FINRA interpreted its own guidance. FINRA does not give the reasons for its decision, which could have been based on any number of factors such as the availability of resources, the expectation of prosecution by other authorities, or alternative priorities. *See Benson*, 957 F. 3d at 236 (recognizing that non-prosecution decisions are irrelevant because they take into consideration a variety of valid discretionary reasons). Indeed, as specifically stated in FINRA's Letter, "this notification should not be construed as an indication that Enforcement staff has determined that no wrongdoing occurred." As FINRA explains, its determination should not be introduced in any judicial forum as evidence, and its determination has "no evidentiary weight." Gentile's assertion

4

of what his submission and FINRA's determination signify is plainly incorrect and should not be allowed to be presented to a jury as evidence of his misleading assertion.

### 3. Evidence of FINRA's Determination Is Unfairly Prejudicial

To allow Gentile to introduce his Wells Submission and FINRA's determination to not proceed with an enforcement action could mislead the jury into thinking that Gentile did not engage in wrongdoing, or that he had valid reasons to believe he was complying with the law, which is specifically what FINRA states in its Letter is untrue and warns would be "inconsistent with just and equitable principles."

Moreover, admission of FINRA's determination would necessitate the presentation of evidence as to the circumstances of why and how FINRA came to its decision, including calling FINRA's enforcement staff to testify. It would also concern Defendants' conduct from 2012-2014, the time when FINRA was investigating, and not the relevant period and conduct addressed by the SEC. In addition to being time consuming, such evidence would turn the SEC's action into a sideshow regarding FINRA's decision not to bring an action. This would surely lead to jury confusion as to what is at issue in the SEC's case, which is the only relevant inquiry here.

This Court should preclude such misleading and confusing evidence from being presented to the jury. *See* Fed.R.Evid. 403. Indeed, Courts have uniformly upheld the exclusion of evidence of prior charging decision because it "risks misleading the jury and confusing the issues." *U.S. v. Reed,* 641 F.3d 992, 993-94 (8th Cir. 2011); *see, e.g. Benson*, 957 F. 3d at 236 (compiling cases).

## II. The Court Should Exclude Argument that FINRA's Letter Shows Evidence of Gentile's Good Faith

Gentile next argues that his Wells Submission and FINRA's Letter, are evidence that he acted in good faith and show "that his conduct was not considered to be improper solicitation at the time . . . and Gentile's good-faith belief that his conduct, and the policies at SureTrader, complied with

5

the law." To begin, all the conduct covered in the Wells Submission and FINRA Letter occurred years before the period of conduct addressed in the SEC's Complaint. Thus, these documents should not be used as evidence of good faith concerning conduct that occurred years later and went beyond the conduct FINRA was reviewing.

Second, the Wells Submission is a self-serving legal brief; an advocacy piece drafted by Gentile's counsel. It is not evidence, and Gentile fails to explain how or why it may be considered "evidence" of his state of mind.[1] Moreover, as shown above, FINRA's Letter specifically states that "this notification should not be construed as an indication that Enforcement staff has determined that no wrongdoing occurred." Gentile should not be permitted to present misleading arguments that are contrary to what he was specifically informed of at the time in FINRA's Letter. That Gentile now tries to twist FINRA's specific written statement that its determination was not to be interpreted as evidence of no wrongdoing into evidence that he believed FINRA's determination meant he was compliant is a perversion of the clear facts. Gentile's failure to present the plain and clear meaning of FINRA's Letter should not be condoned. Gentile should not be permitted to use such evidence to imply that he believed FINRA was blessing his practices, when FINRA's Letter specifically stated that it was not.

### III. The Court Should Exclude Criticism of the SEC's Investigation

With little explanation, Gentile makes unsupported assertions regarding what he terms as the "integrity" of the SEC's investigation. However, any attempt by Gentile to criticize the SEC's investigation to deflect from the allegations against him would be improper. *U.S. v. Bautista,* 252

---

[1] The SEC does not contest that Gentile had counsel draft his Wells Submission and, if it was admitted into evidence, the fact that counsel drafted the submission could be admitted. The SEC disputes, however, as argued below, that Gentile may argue that his counsel's draft is evidence of a good faith "reliance on counsel" defense.

6

F.3d 141, 145 (2d Cir. 2001) (holding that defense summation "amounted to an (improper) invitation for the jury to consider the government's choice of investigative techniques"); *U.S. v. Patrick,* 248 F.3d 11, 22-23 (1st Cir. 2001) (barring admission of investigative notes to show "inadequacy of the police investigation"). Blaming the SEC for the manner in which it exercised its investigatory authority in this case does not make it any more or less likely that Gentile violated the securities laws. Fed. R. Evid. 401; *cf. SEC v. Buntrock*, 217 F.R.D. 441, 444-45 (N.D. Ill. 2003) (holding that discovery into the SEC's administrative investigation was not warranted).

Here, the jury's role is to decide whether the SEC has proved its case against Gentile by a preponderance of the evidence, not whether the SEC should have pursued the case in the first place. Indeed, the jury has no role in evaluating the SEC's investigation, and, in any event, would be ill-equipped to do so. *True N. Fin. Corp.,* 2013 WL 4781037, at *7; *see also U.S. v. Armstrong,* 517 U.S. 456, 463-64 (1996) ("[t]he presumption of regularity" supports prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties"); *U.S. v. Bourgeois*, 964 F.2d 935, 939 (9th Cir. 1992) ("The decision to prosecute is particularly ill-suited to judicial review."); *SEC v. Tiffany Indus., Inc.,* 535 F. Supp. 1167, 1168 (E.D. Mo. 1982) ("[A]gencies engaged in prosecutorial or enforcement activities are provided a wide discretion on when to file charges and against whom the charges should be instituted.").

Thus, the only question before the jury is did Gentile violate the federal securities laws? The Court should accordingly exclude all evidence about the misconduct of others and the SEC's charging decisions. If by some chance, however, evidence and argument regarding the SEC's investigation had any marginal probative value, such matter would be inadmissible under Federal Rule of Evidence 403. That rule allows the Court to exclude relevant evidence if its probative

value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Here, red herrings pertaining to the conduct of other persons and to the SEC's charging decisions would only serve to confuse the issues, prolong the trial, and mislead the jury by distracting it from the facts relevant to the SEC's claims against Gentile. Thus, such evidence and argument should be excluded under Rule 403.

Such a preclusion does not "gag" Gentile from cross examination of any whistleblower or other witness regarding their motivation to testify, guidance given to the witness by the SEC, or questions that would go to the witnesses' credibility. Such cross examination, however, is far removed from Gentile's stated intent to "cast significant doubt on the integrity of the SEC's investigation" which should not be condoned for the reasons given above.

### IV. The Court Should Exclude Evidence and Argument Regarding Advice, Involvement, or Presence of Counsel

Lastly, Gentile's Response asserts that "the facts that Gentile had counsel assisting with the drafting of SureTrader's policies and procedures" and that counsel drafted the Wells Submission, "go to Gentile's state of mind." As shown in the SEC's Motion, Gentile should not be permitted to refer to any advice, involvement, or presence of counsel regarding whether he was acting as an unregistered broker-dealer.

As argued in the Motion, Gentile did not raise the issue of reliance on counsel as an affirmative defense. Nor did Gentile plead an affirmative defense that he acted in good faith. For this reason alone, Gentile should be precluded from raising it as a defense at trial.

Even if advice of counsel was theoretically a viable defense, Gentile does not satisfy the required elements to present such a claim. "To succeed with a defense of good faith reliance on the advice of counsel, the defendant must show that: 1) he fully disclosed all relevant facts to his

8

counsel and 2) he relied in good faith on his counsel's advice." *United States v. Parker*, 839 F.2d 1473, 1482 n.6 (11th Cir. 1988); *SEC v. Huff*, 758 F. Supp. 2d 1288, 1348-49 (S.D. Fla. 2010) (collecting cases). Here, Gentile has not shown either element. Nor does he provide any argument in his Response to correct this failure.

Even if the Court finds some relevance in Gentile's attorneys' involvement in these transactions, evidence and argument that Gentile relied on them should still be excluded under Federal Rule of Evidence 403 as it is unfairly prejudicial to the SEC, would confuse the issues in this case, and would mislead the jury. Moreover, such evidence would allow Gentile "all of the essential benefits of an advice of counsel defense without . . . the burden of proving any of [its] elements." *Id.; see also SEC v. Kokesh*, No. 09-cv-1021, 2014 WL 11516545, at *3 (D.N.M. July 21, 2014) (finding the "probative value" of such evidence is "outweighed by the danger that the jury will be misled and confused"); *SEC v. Mapp*, No. 16-cv00246, 2017 WL 8780604, at *2 (E.D. Tex. Dec. 4, 2017).

Moreover, a Wells Submission prepared by a lawyer over two years before the conduct underlying the current case even occurred cannot possibly provide insight into Gentile's state of mind or reliance on counsel in the 2016 to 2019 period.

Thus, the vague and unspecified advice of attorneys who may not have been apprised of all pertinent facts is not relevant and should be not allowed now as an afterthought. Allowing such evidence would be unfairly prejudicial, would mislead the jury, and confuse the issues in this case. Therefore, the Court should preclude Gentile from (1) offering an advice-of-counsel defense, (2) stating or arguing through testimony or jury addresses that Gentile "relied on," "was advised by," or "consulted with" attorneys to show his state of mind.

## V. The Court Should Grant the Remainder of the SEC's Motion

Gentile's Response does not present any arguments as to why the remaining disputed issues raised in the SEC's Motion should not be precluded or otherwise granted in the SEC's favor. Specifically, 1) whether the SEC in prior investigations gave Gentile assurances that SureTrader's solicitation policies conformed with U.S. securities laws, and 2) whether documents produced by SureTrader and the Securities Commission of the Bahamas are authenticated without the need for a live witness. Thus, the Court should grant the SEC's Motion as to those items.

## VI. Conclusion

For the foregoing reasons, and for the reasons stated in the SEC's Motion *in limine,* the SEC respectfully requests that its Motion be granted.

April 5, 2024

Respectfully submitted,

/s/Alise Johnson
Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

Alice Sum
Senior Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154