# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

## DEFENDANT GUY GENTILE'S OBJECTIONS AND COUNTER-DESIGNATIONS TO THE SEC'S NOTICE OF FILING DEPOSITION DESIGNATIONS

FORD O'BRIEN LANDY LLP

Gabriela M. Ruiz
Fla. Bar. 46844
One Biscayne Tower
2 South Biscayne Boulevard Suite 3200
Miami, Florida 33131
Tel.: (786) 310-1135 (main)
gruiz@fordobrien.com

Adam C. Ford (admitted *pro hac vice*)
Matthew A. Ford (admitted *pro hac vice*)
Stephen R. Halpin III (admitted *pro hac vice*)
275 Madison Avenue, 24th Floor
New York, New York 10016
Tel.: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

**TABLE OF CONTENTS**

OBJECTIONS TO USE OF HEARSAY IN LIEU OF LIVE TESTIMONY.................................1

I.    The Court should exclude deposition testimony in lieu of live testimony for Frantz, Dorsett, and Gentile.....................................................................................2

    A.    Neither Frantz nor Dorsett is "unavailable" within the meaning of Rule 804(a) of the Federal Rules of Evidence. ...................................................3

    B.    Gentile will testify in person, rendering introduction of his deposition testimony unnecessary..................................................................................5

II.    The Court should exclude deposition testimony from witnesses examined in the Bahamas. ....................................................................................................................7

    A.    The SEC does not appear to have carried its burden of demonstrating the witnesses are "unavailable" within the meaning of Rule 804(a)...........................7

    B.    The depositions were not recorded by video, and the rough transcripts received to date raise questions of reliability and whether Gentile's Bahamian counsel had "an opportunity and similar motive" regarding cross-examination under Rule 804(b)(1)....................................................8

SPECIFIC OBJECTIONS AND COUNTER-DESIGNATIONS...............................................12

    1.    Deposition of Guy Gentile taken on November 2, 2023 [ECF No. 260-1]:..........12

    2.    Deposition of Yaniv Frantz taken March 11 and 12, 2023 [ECF No. 260-2]:..............................................................................................16

    3.    Deposition of Philip Dorsett taken February 27 and 28, 2023 [ECF No. 260-3]:..............................................................................................19

    4.    Deposition of Ross Cameron taken March 14, 2023 [ECF No. 260-4]: ...............21

    5.    Deposition of John Kurisko taken March 15, 2023 [ECF No. 260-5]: .................24

    6.    Deposition of Janay Symonette Pyfrom taken January 24, 2024 [ECF No  260-6]:..............................................................................................25

    7.    Deposition of Drameko Moore taken October 23, 2023 [ECF No. 260-7]:..........27

    8.    Deposition of Stephen Darville taken November 6, 2023 [ECF No. 260-8]: .......28

    9.    Deposition of Edward Cooper taken October 25, 2023, and January 24, 2024 [ECF No. 260-9]:........................................................................................29

    10.    Deposition of Antonio Collie taken on November 10, 2023:................................30

Pursuant to the Court's April 8, 2024 Order Scheduling Trial and Order of Instructions before Calendar Call [ECF No. 253], Defendant Guy Gentile hereby submits his objections and counter-designations to the SEC's Notice of Filing Deposition Designations ("SEC's Designations") [ECF No. 257]:

### OBJECTIONS TO USE OF HEARSAY IN LIEU OF LIVE TESTIMONY

Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." As the Court well knows, hearsay is generally not admissible at trial under the Federal Rules of Evidence. Fed. R. Evid. 802. More specifically, the Rules "do not alter the long-established principle that testimony by deposition is less desirable than oral testimony. The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Garcia–Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1193 (10th Cir. 2004) (cleaned up) (cited in *Barrera v. Weiss & Woolrich S. Enters., Inc.*, No. 09-21841-CIV, 2011 WL 13174761, at *1 (S.D. Fla. Jan. 27, 2011)). The party seeking to rely on hearsay evidence at trial (e.g., a deposition transcript) bears the burden of demonstrating that an exception to the rule against hearsay is met. *See, e.g.*, *In re Warmus*, 276 B.R. 688, 695–96 (S.D. Fla. 2002) ("[T]he trial court abused its discretion in allowing the Warmus deposition to be used at trial in this case because the Trustee did not meet his burden of showing unavailability.").

Here, the SEC has designated deposition testimony from every witness (10) deposed in this case. *See generally* SEC's Designations. For witnesses who will testify live at trial, the Court should not allow use of deposition transcripts except for impeachment. To the extent the SEC contemplates a paper trial for much of its key evidence through Rule 804(b)(1) ("*Former Testimony*"), Gentile respectfully requests that the Court resist that effort. *See United States v.*

*Ausby*, 436 F. Supp. 3d 134, 152–53 (D.D.C. 2019) ("The government's motion treats 804(b)(1) not as an exception but rather as the primary vehicle for the admission of key evidence . . . . [D]oing so to the extent proposed here arguably runs contrary to the purpose of the rule, raising troubling fairness concerns in the process."). The credibility of the SEC's witnesses will be critical to the outcome of this case, and the jury should have the opportunity to assess that credibility live and in person, with opportunity for full cross examination by Gentile's U.S.-based counsel.

For these reasons, and as explained further below, the Court should exclude all prior deposition transcripts from trial, other than for purposes of impeachment. *See* Fed. R. Evid. 611(a) (granting district courts discretion to "exercise reasonable control over the mode and order of examining witnesses"). In the event the Court is inclined not to exclude certain transcripts wholesale, Gentile also provides with this filing his specific objections and counter-designations to the SEC's Designations.

## I.   The Court should exclude deposition testimony in lieu of live testimony for Frantz, Dorsett, and Gentile.

Both Frantz and Dorsett are former employees of Defendant SureTrader. They are also purported SEC "whistleblowers," and thus are hoping to receive a monetary payout in exchange for their work with the SEC and their testimony if Gentile is found liable at trial. Gentile is unaware of any reason either witness should be deemed "unavailable" for trial within the meaning of Rule 804(a), such that their deposition testimony might be admissible under Rule 804(b)(1). As to Gentile, he will testify at trial, obviating the need for use of his deposition testimony.

### A.     Neither Frantz nor Dorsett is "unavailable" within the meaning of Rule 804(a) of the Federal Rules of Evidence.

Frantz was deposed in this case for two days—March 11 and 12, 2023—in person at the SEC's Miami office, located at 801 Brickell Avenue, Suite 1950, Miami, Florida 33131, pursuant to a subpoena issued by the SEC under this Court's imprimatur. He declined to give a current home address, but when asked where his mail goes, he provided an apartment located in "Sunny Isles, Florida," *see* Frantz Depo. Mar. 12, 2023 Tr. 9:17–18 [ECF No. 260-2], which is just north of Miami. He also testified that he "recently started a new job . . . . Here in Florida in North Miami." *Id.* at 22–25.[1] As far as Gentile is aware, Frantz resides and works within the Court's subpoena power, and Gentile is aware of no reason he would be "unavailable" for trial within the meaning of Rule 804(a). The SEC should not be entitled to use his deposition in lieu of live testimony.

As to Dorsett, Gentile understands that he resides in the Bahamas—over 100 miles from the Court—but that alone is insufficient to render him "unavailable" and to allow the SEC to use his deposition in lieu of live testimony if he does not appear for trial. *See Walker v. Blitz USA, Inc.*, No. 1:08-CV-121-ODE, 2009 WL 10669635, at *3 n.5 (N.D. Ga. Feb. 24, 2009) ("Plaintiff asserts that . . . all deponents reside more than 100 miles from the place of trial. Whether or not this is true, it has no bearing on whether the deponents would be considered unavailable at the time of trial under either the Federal Rules of Civil Procedure or the Federal Rules of Evidence.").[2] Dorsett appears to have significant connections to Florida and the Miami area. As a

---

[1] A "FRANTZ, YANIV" is also listed as the registered agent for "NEXUS CONSULTING INC.," an "ACTIVE" "Florida Profit Corporation" with address: 47 NW 53rd Street, Ste 3, Miami, Fl 33127. *See* Fla. Dep't State, Div. Corps., *Search Corporations, Limited Liability Companies, Limited Partnerships, and Trademarks by Officer or Registered Agent*, https://search.sunbiz.org/Inquiry/CorporationSearch/ByOfficerOrRegisteredAgent (last visited May 17, 2024).

[2] *See also Garcia–Martinez*, 392 F.3d at 1191–92

general matter, he testified that he has degrees from, or completed coursework at, the University of South Florida, Nova Southeastern, and Florida International University. *See* Dorsett Depo. Feb. 27, 2023, Tr. 14:8–15 [ECF No. 260-3].

More specific to this case, Dorsett has worked hand-in-glove with the SEC since the filing of this action in March 2021, and dating back to 2016 when he was surreptitiously forwarding SureTrader company emails to an SEC staff attorney based in Miami [*see, e.g.*, ECF Nos. 201-12, 201-14]. He has repeatedly and voluntarily availed himself of this forum. He has provided multiple declarations to the SEC for its use in this case [*see, e.g.*, ECF No. 89-2], and he appeared for a remote deposition voluntarily after the SEC arranged for him to do so and issued him a subpoena under the imprimatur of this Court. *See* Dorsett Depo. Feb. 27, 2023, Tr. 11:3–16 [ECF No. 260-3].[3]

Additionally, much of the documentary evidence Gentile anticipates the SEC will seek to introduce at trial was received from Dorsett, including approximately 11,000 SureTrader company emails that Gentile maintains Dorsett either stole or illicitly retained and then forwarded to the SEC, outside of any formal legal process in violation of company policy and Bahamian data-privacy law. Dorsett's shifting explanations about how he came into possession of SureTrader emails after he was fired from the company—and what unknown subset of these emails have been produced in this litigation—defy logic or reasonable explanation, and counsel

---

[T]he mere fact a party is more than 100 miles from the courthouse does not require the district court to automatically admit a party's deposition. Rather, the trial court may consider all the circumstances relating to the party's absence to determine whether the deposition may be used. The preference for a witness's attendance at trial is axiomatic. When the key factual issues at trial turn on the credibility and demeanor of the witness, we prefer the finder of fact to observe live testimony of the witness.

(cleaned up).

[3] Dorsett also sought to make a filing himself in this Court as an unrepresented nonparty. The filing was appropriately stricken. [*See* ECF No. 193].

for Gentile have still not had a full and fair opportunity to explore these inconsistencies. Indeed,

critical to Judge Torres's recent decision denying Gentile's Renewed Motions for Sanctions was

that Gentile would have the opportunity to cross-examine Dorsett at trial:

> . . . Gentile falls back on highlighting what Dorsett originally testified in his
> deposition as to his "deleted" emails. That evidence is certainly something that can
> be used as impeachment at trial if [Dorsett] testifies. Indeed, the ability to cross
> examine any witness as to missing information or "deleted" emails is always
> available to undermine a witness's credibility.

*See* Ord. on Def.'s Renewed Mot. Sanctions 10 [ECF No. 259]. Excusing Dorsett's in-person

testimony at trial and allowing the SEC to rely on deposition excerpts without the cross-

examination contemplated by Judge Torres would result in a heads-the-SEC-wins, tails-Gentile-

loses scenario that the Court should not condone.

As the proponent for any hearsay evidence from Frantz or Dorsett, the SEC "must use all

reasonable efforts to obtain the live testimony of the witness even though a deposition has been

taken." *See United States v. Santos*, No. 10-10031-CR, 2011 WL 1196022, at *4 (S.D. Fla. Mar.

29, 2011) (collecting cases); *Jones through Albert v. Lamberti*, No. 07-60839-CIV, 2008 WL

11401808, at *2 (S.D. Fla. Sept. 2, 2008) ("Jones has not shown . . . that [he] has been unable to

procure Heck's attendance or testimony by process or other reasonable means." (citing Fed. R.

Evid. 804(a))). Absent such efforts by the SEC, neither witness is "unavailable" and their

deposition testimony should not be admitted into evidence.

> **B.**     **Gentile will testify in person, rendering introduction of his deposition
> testimony unnecessary.**

The defense will call Defendant Guy Gentile at trial, and Gentile does not object to the

SEC calling him during its case in chief, should it desire to do so. There is thus no reason for

either side to introduce excerpts of Gentile's deposition, other than if the SEC attempts to

impeach him.

Judge Moreno put it succinctly at the calendar call for trial in *Mighty v. Miami–Dade County*:

> THE COURT: Okay. Now, you're going to call [Defendant] Officer Carballosa?
>
> [Plaintiff's counsel]: No, sir. We have designated portions of his deposition by video.
>
> THE COURT: No, this is what we do: We don't do that because he's going to be called by the defense, right?
>
> [Defense counsel]: Yes, yes.
>
> THE COURT: . . . [W]e don't read portions of a deposition. Number one, the jurors just fall asleep on it, or even if you have video with all of that, it takes you forever to work on it. If the witness is going to testify, you've got him. And then you can ask him, well, do you remember your deposition being taken on such and such a date? Do you remember this question, Page 19, Line 32?
>
> [Plaintiff's counsel]: I got it, Judge.
>
> THE COURT: Bingo.

*See* Calendar Call Tr. 31:24–32:13, No. 1:14-cv-23285-FAM (S.D. Fla. Sept. 10, 2019) [ECF No. 307].

The Eleventh Circuit affirmed Judge Moreno on appeal, explaining that "the court's ruling merely precluded Plaintiff from using deposition testimony as a substitute for live testimony from an available witness. The jurors had ample opportunity to assess Defendant's demeanor throughout trial, including when he was questioned in Plaintiff's case-in-chief and again in Defendant's case." *Mighty v. Miami–Dade Cnty.*, No. 19-15052, 2021 WL 4022616, at *8–9 (11th Cir. Sept. 3, 2021) (unpublished). "Moreover, the court did not preclude Plaintiff from cross-examining Defendant with his videotaped deposition to expose any inconsistencies in his trial testimony." *Id.* at *9. That the deponent in *Mighty* was a party—a defendant—did not alter the analysis. *See also Fed. Trade Comm'n v. On Point Glob. LLC*, No. 19-25046-CIV, 2021 WL 10381352, at *1 (S.D. Fla. Oct. 14, 2021) (Scola, J.) (rejecting admission of party deposition

under Rule 32(a)(3) of the Federal Rules of Civil Procedure and concluding that, "[t]o the extent that any witnesses are available and will appear live, the Court will not rule on any objections to their deposition testimony").

## II.  The Court should exclude deposition testimony from witnesses examined in the Bahamas.

To the extent the SEC seeks to rely on deposition transcripts in lieu of live testimony from witnesses examined in the Bahamas, the Court should reject the request. As of writing, Gentile is not aware of any efforts by the SEC to procure these witnesses' in-person attendance at trial, and the transcripts themselves raise numerous issues as to their reliability and the fairness of using them against Gentile at trial when his U.S.-based counsel did not have the opportunity to examine the witnesses under circumstances resembling U.S litigation.

### A.  The SEC does not appear to have carried its burden of demonstrating the witnesses are "unavailable" within the meaning of Rule 804(a).

The Eleventh Circuit has made clear: "That 'foreign nationals located outside the United States are beyond the subpoena power of the district court,' does not mean that a proponent of the [hearsay] statement can do nothing to procure the declarant's attendance or testimony." *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1309 (11th Cir. 2022) (quoting *United States v. Curbello*, 940 F.2d 1503, 1506–07 (11th Cir. 1991)). In *Curbello*, the Eleventh Circuit reversed a criminal conviction based on improperly admitted hearsay from a declarant the government had not shown to be unavailable, even though the witness was incarcerated outside the United States (in the Bahamas): "Before this court [the government] offers only a three-line footnote, with no citation of authority, saying that Lopez's unavailability as a witness was established by the fact that he was imprisoned in the Bahamas. This is not sufficient." *Id.* at 1505.

Here, again, Gentile is not aware of any efforts undertaken by the SEC to secure the attendance at trial of witnesses deposed in the Bahamas. That is notwithstanding the Court's directive at the January 31, 2024 status conference: ". . . I want to manage this case by saying emphatically that this case is going to be tried in June." Tr. 2:24–3:1 [ECF No. 219]. Absent the SEC taking "all reasonable efforts to obtain the live testimony of the witness even though a deposition has been taken," the witnesses should not be considered "unavailable." *See, e.g.*, *Santos*, 2011 WL 1196022, at *4; *Jones through Albert*, 2008 WL 11401808, at *2.

**B.     The depositions were not recorded by video, and the rough transcripts received to date raise questions of reliability and whether Gentile's Bahamian counsel had "an opportunity and similar motive" regarding cross-examination under Rule 804(b)(1).**

Even assuming *arguendo* the Court were to find that the SEC can demonstrate certain witnesses deposed in the Bahamas are "unavailable" for trial under Rule 804(a), the transcripts obtained to date from depositions in the Bahamas raise considerable fairness concerns. Those concerns weigh in favor of exclusion and adhering to the rule against hearsay. Indeed, Rule 804(b)(1) provides that deposition testimony should not be admitted unless the witness is "unavailable" and the testimony "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B).

Here, several of the deposition transcripts indicate no or minimal "opportunity" for cross examination by Gentile's Bahamian counsel (or otherwise suggest that certain testimony is missing). The transcripts also suggest that no witness was shown a single piece of documentary evidence—a far cry from the traditional practice in the U.S. federal courts—which undermines the notion that there was any "motive" for Gentile's Bahamian counsel to develop the witnesses' testimony "similar" to what would be expected at trial in this Court.

At the deposition of Janay Pyfrom, when Gentile's Bahamian counsel asked whether he could have a short adjournment to confer with Gentile before cross examination, the court observed: "We are on borrowed time at this moment. As you can see, the Prosecutor is sitting at the back of the courtroom." Pyfrom Depo. Tr. 86:14–16 [ECF No. 260-6]. Gentile's Bahamian counsel asked Pyfrom only four questions.

Similarly, Gentile's Bahamian counsel asked Stephen Darville a total of four questions. *See* Darville Depo. Tr. 27:25–28:6 [ECF No. 260-8]. And it appears that additional testimony from Mr. Darville may not be included in the transcript. *See id.* at 1:17–22 ("THE COURT: We're back on the record. MS. MAYCOCK: Thank you very much, Mr. Registrar. Mr. Darville, I will try to speak slower because there are persons taking notes and I would like for you to speak slower and a little louder, if possible."). U.S.-based counsel for Gentile do not know what questions were put to the witness prior to the beginning of the transcript.

The transcript of Drameko Moore's deposition indicates that Gentile's Bahamian counsel would have the opportunity for cross examination "after lunch," Moore Depo. Tr. 5:6–7 [ECF No. 260-7], but the transcript concludes with: "THE COURT: It is 11:42am. We will break and we will begin again at 2:00pm," *id.* at 27:27–28, and no cross-examination of Moore appears in the transcript. The SEC's Designations of Mr. Moore's testimony should not be admitted into evidence at all, but they certainly should not be admitted without the cross-examination of Gentile's Bahamian counsel (assuming a record of such examination exists).

Regarding the testimony of Edward Cooper, one day of his deposition is outstanding, which the SEC notes. And throughout the one day of Cooper's testimony that has been made available, few (if any) of the objections lodged by Cooper's attorney were captured on the record. *See, e.g.*, Cooper Depo. Tr. 4:12 ("MS. DAVIS: (Inaudible)"); *id.* at 4:16 (same), 4:20

(same), 4:22 (same), 4:30 (same) [ECF No. 260-9]. The Court should not consider admitting into evidence designations of one day of Cooper's testimony without the other day available to Gentile's U.S.-based counsel. Finally, as the SEC notes, Antonio Collie's deposition transcript has not yet been made available. That examination and transcript may suffer from the same concerns outlined herein.

Furthermore, the fact that no witness in the Bahamas appears to have been shown a single document relevant to this case during direct examination strongly suggests that any opportunity afforded Gentile's Bahamian counsel for cross-examination did not carry with it the "similar motive" required under Rule 804(b)(1), as significant documentary discovery in this matter references the Bahamian deponents and would be used during a deposition conducted in the United States or during examination at a U.S. federal trial. *See United States v. Kennard*, 472 F.3d 851, 855 (11th Cir. 2006) ("[The similar-motive] inquiry is inherently factual, depending in part on the similarity of the underlying issues and on the context of the questioning." (quoting *United States v. Miles*, 290 F.3d 1341, 1353 (11th Cir. 2002))). The context of the questioning of these witnesses in the Bahamas bears little resemblance to U.S. litigation.

Finally, none of the five depositions was recorded on video, which—although Gentile would still object to their admission for the other reasons mentioned—would be preferable for the jury "rather than listening to the reading of a written transcript, usually by an attorney simulating the testimony of the witness." *See Weiss v. Wayes*, 132 F.R.D. 152, 154 (M.D. Pa. 1990); *see also United States v. Tunnell*, 667 F.2d 1182, 1188 (5th Cir. 1982) ("The videotape made it possible for the [factfinder] to gauge the witness' attitude more accurately than would have been possible with just a cold deposition record. This is a very persuasive argument for the use of videotape depositions in lieu of the traditional transcriptions."). These imprecise,

incomplete transcripts—which reveal no meaningful cross-examination by Gentile's Bahamian counsel—should not be read into evidence at trial in this Court.

**SPECIFIC OBJECTIONS AND COUNTER-DESIGNATIONS**[4]

**1.  Deposition of Guy Gentile taken on November 2, 2023 [ECF No. 260-1]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 11:16–12:13 | | None. | |
| 13:9–23 | | None. | |
| 22:7–27:10 | 22:7–26:23 | None. | 34:11–21 |
| | 26:24–27:10 | Irrelevant. | |
| 28:11–29:1 | | Irrelevant. | 31:9–23 |
| 29:12–30:16 | | Irrelevant. | 31:9–23 |
| 36:11–47:17 | 36:11–43:2 | None. | |
| | 43:3–45:14 | Calls for speculation; leading; misleading. | |
| | 45:15–22 | None. | |
| | 45:23–47:17 | Calls for speculation; leading; misleading. | |
| 48:7–51:19 | 48:7–49:11 | None. | |
| | 49:12–50:7 | Leading; misleading; calls for speculation. | |
| | 50:8–51:19 | None. | |
| 52:13–55:1 | 52:13–53:7 | None. | |
| | 53:8–21 | Asked and answered; leading. | |
| | 53:22–55:1 | None. | |
| 57:9–65:13 | 57:9–60:1 | Lacks foundation; witness does not authenticate document. | |
| | 60:2–64:4 | None. | |

---

[4] Gentile reserves the right to rely on additional deposition testimony not identified herein for purposes of rebuttal or impeachment.

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| | 64:5–65:13 | Asked and answered. | |
| 72:1–20 | | Leading. | 71:7–25 |
| 75:14–78:4 | | Leading; not relevant; far more prejudicial than probative. | 78:5–15 |
| 78:16–79:1 | | Leading; assuming facts not in evidence; far more prejudicial than probative; not relevant. | 78:5–15; 79:2–80:9 |
| 80:10–21 | | None. | 79:2–80:9 |
| 81:20–86:24 | | None. | |
| 87:9–89:11 | | None. | |
| 89:25–90:3 | | Leading. | |
| 91:3–104:13 | 91:14–92:13 | Leading; testifying for the witness; reading into record. | |
| | 92:14–93:20 | None. | |
| | 93:21–94:6 | Lacks foundation. | |
| | 94:7–99:15 | None. | |
| | 99:16–19 | Leading. | |
| | 99:20–104:13 | None. | |
| 105:4–110:2 | 105:4–108:5 | None. | |
| | 108:6–109:17 | Asked and answered; leading; calls for speculation. | |
| | 109:18–110:2 | None. | |
| 112:17–118:10 | 112:17–113:3 | Assumes facts not in evidence; leading; misleading; confuses the issues. | 118:11–120:4 |

13

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| | 113:4–114:3 | None. | |
| | 114:4–19 | Lacks foundation; vague. | |
| | 114:20–116:23 | Lacks foundation; vague. | |
| | 116:24–118:10 | None. | |
| 120:25–128:20 | 120:25–121:8 | Assumes facts not in evidence. | 131:1–15; 179:14–180:4 |
| | 121:9–122:9 | None. | |
| | 122:10–123:2 | Leading; argumentative; assuming facts not in evidence. | |
| | 123:3–124:9 | None. | |
| | 124:10–23 | Speculation; argumentative. | |
| | 124:24–128:20 | None. | |
| 139:18–141:6 | | None. | |
| 143:2–146:25 | 143:2–9 | None. | |
| | 143:10–146:25 | Leading; lacks foundation; misleading. | |
| 149:3–14 | | None. | |
| 150:6–156:1 | 150:6–154:5 | Leading; reading into record. | |
| | 154:6–155:3 | None. | |
| | 155:4–155:12 | Leading; misleading. | |
| | 155:13–156:1 | None. | |
| 156:12–157:15 | | Misleading. | |
| 158:21–173:21 | 158:21–159:24 | None. | |
| | 159:25–161:5 | None. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| | 161:6–162:3 | None. | |
| | 162:4–163:12 | Misleading. | |
| | 163:13–164:9 | None. | |
| | 164:10–25 | Calls for speculation. | |
| | 165:1–166:17 | None. | |
| | 166:18–167:18 | Calls for speculation | |
| | 167:19–170:16 | Reading into record | |
| | 170:17–172:5 | None. | |
| | 172:6–173:21 | Misleading. | |
| 175:3–177:10 | 175:3–176:12 | None. | |
| | 176:13–177:10 | Misleading. | |
| 180:18–181:2 | | None. | |
| 181:25–185:25 | 181:25–183:22 | None. | |
| | 183:23–184:2 | Argumentative. | |
| | 184:3–185:25 | None. | |
| 186:15–16 | | None. | |
| 186:20–192:9 | 186:20–187:20 | Leading; testifying for the witness. | |
| | 187:21–188:13 | None. | |
| | 188:14–189:4 | Asked and answered; leading. | |
| | 189:5–192:9 | None. | |
| 193:2–17 | | None. | |
| 195:23–198:22 | | None. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 200:19–210:25 | 200:19–209:21 | Leading; mischaracterizes the evidence; authenticity; irrelevant. | |
| | 209:22–210:25 | Irrelevant; confuse the jury. | |

**2. Deposition of Yaniv Frantz taken March 11 and 12, 2023 [ECF No. 260-2]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| **Mar. 11, 2023**<br><br>6:7–10 | | None. | |
| 9:23–10:8 | | None. | |
| 11:5–7 | | None. | |
| 12:1–6 | | None. | |
| 13:2–14:25 | | None. | |
| 15:7–19:4 | | Leading; hearsay. | 19:5–19:8 |
| 19:9–21:6 | | Leading; hearsay. | |
| 21:23–36:11 | | Leading; nonresponsive; hearsay; far more prejudicial than probative; speculation; confuse the jury. | |
| 37:2–44:4 | | Leading; speculation; lacks foundation; hearsay; nonresponsive. | |
| 45:1–59:22 | | Leading; far more prejudicial than probative; lacks foundation; speculation; nonresponsive; hearsay. | |
| 60:20–61:16 | | Irrelevant; speculation; far more prejudicial than probative. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 61:25–70:4 | | Leading; speculation; lacks foundation; irrelevant; nonresponsive. | |
| 70:22–77:23 | | Leading; lacks foundation; speculation; precluded by joint stipulation *See* Joint Notice Partial Resol. Mots. *in Limine* 1–2 [ECF No. 244]; far more prejudicial than probative. | 78:3–9 |
| 78:11–84:15 | | Leading; asked and answered; lacks foundation; speculation; confuse the jury; irrelevant; hearsay. | |
| 85:3–87:1 | | Nonresponsive; speculation; far more prejudicial than probative. | |
| 87:24–25 | | None. | |
| 88:16–93:21 | | Leading; lacks foundation; speculation. | |
| 94:3–95:11 | | Leading; lacks foundation; speculation. | |
| 96:2–101:14 | | Leading; lacks foundation; speculation; hearsay. | |
| 101:23–103:18 | | Leading. | |
| 107:2–108:23 | | Leading; hearsay; lacks foundation; speculation. | |
| 109:25–113:17 | | Nonresponsive; leading; speculation; irrelevant; confuse the jury. | |
| 114:1–116:22 | | Lacks foundation; leading; speculation. | |
| 117:4–121:1 | | Lacks foundation; leading; confuse the jury. | |
| 121:17–124:25 | | Lacks foundation; leading; speculation. | |
| 125:23–131:3 | | Lacks foundation; leading. | |
| 131:18–132:13 | | Lacks foundation; leading; speculation. | |
| 132:17–18 | | None. | |

17

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 133:12–137:19 | | Lacks foundation; leading; speculation. | |
| 146:18–24 | | Irrelevant; far more prejudicial than probative. | |
| 147:13–149:25 | | Far more prejudicial than probative; nonresponsive; leading. | |
| 151:12–152:13 | | Leading; far more prejudicial than probative. | |
| **Mar. 12, 2023**<br><br>12:9–13 | | None. | 9:21–18:2 |
| 42:20–44:9 | | None. | |
| 88:5–89:3 | | None. | |
| 89:12–90:9 | | None. | |
| 90:18–91:9 | | None. | 91:10–92:1 |
| 92:2–95:3 | | None. | 91:10–92:1; 95:4–7 |
| 118:22–123:12 | | None. | 116:8–118:21 |
| 123:19–125:16 | | None. | |
| 126:12–128:8 | | None. | 128:9–137:1 |
| 128:14–131:11 | | None. | 128:9–137:1 |
| 131:21–132:25 | | None. | 128:9–137:1 |
| 133:4–134:21 | | None. | 134:22–136:19 |
| 137:2–12 | | None. | |
| 142:3–143:14 | | None. | 143:15–157:14 |
| 144:1–148:20 | | None. | 143:15–157:14 |
| 159:13–15 | | None. | 157:15–159:12 |
| 208:21–210:11 | | Nonresponsive; irrelevant. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 225:22–233:23 | | None. | 233:24–25 |
| 234:1–25 | | None. | 233:24–25 |

### 3. Deposition of Philip Dorsett taken February 27 and 28, 2023 [ECF No. 260-3]:

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| **Feb. 27, 2023 Confidential Section**<br><br>78:2–79:24 | | Leading; irrelevant. | |
| **Feb. 27, 2023 Non-Confid. Section**<br><br>9:8–14 | | None. | |
| 14:6–21 | | None. | |
| 15:1–31:4 | | Irrelevant; leading; hearsay; speculation; nonresponsive. | |
| 33:25–53:1 | | Leading; hearsay; perjury; irrelevant; nonresponsive; speculation; confuse the jury. | 53:2–16 |
| 53:17–59:9 | | Hearsay; nonresponsive; leading; speculation; vague. | |
| 60:12–65:17 | | Leading; vague; lacks foundation; confuse the jury; compound; hearsay. | |
| 66:14–67:1 | | Leading; hearsay; nonresponsive. | |
| 68:19–69:5 | | Leading; hearsay; vague. | |
| 71:6–72:10 | | Leading; hearsay; nonresponsive. | |
| 73:1–76:17 | | Speculation; lacks foundation; hearsay. | |
| 108:22–110:18 | | Leading; vague; lacks foundation. | 113:13–16 |

19

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 111:11–113:9 | | Leading; vague; lacks foundation; hearsay. | 113:13–16 |
| 118:19–119:24 | | Leading; lacks foundation. | |
| 120:3–123:15 | | Lacks foundation; speculation; hearsay; nonresponsive. | |
| 124:25–129:1 | | Lacks foundation; speculation; irrelevant; nonresponsive; leading. | 129:2–13 |
| 129:20–134:5 | | Leading; nonresponsive; irrelevant; hearsay; far more prejudicial than probative. | |
| 137:1–139:3 | | Hearsay; nonresponsive; leading; irrelevant. | |
| 145:21–25 | | Leading; irrelevant. | |
| 146:17–147:25 | | Irrelevant; leading. | |
| 148:10–152:9 | | Irrelevant; hearsay; nonresponsive. | |
| 155:2–159:4 | | Leading; hearsay; nonresponsive. | |
| 159:20–167:18 | | Leading; nonresponsive; hearsay; speculation; far more prejudicial than probative. | |
| 172:19–176:14 | | Irrelevant; nonresponsive; confuse the jury; speculation; hearsay; leading. | |
| 178:17–179:13 | | Leading; irrelevant; hearsay. | |
| 181:10–184:13 | | Vague; hearsay; irrelevant; speculation. | |
| 188:6–189:10 | | Leading; hearsay. | |
| 191:3–6 | | None. | |
| 191:13–192:13 | | Leading; hearsay. | |
| 205:21–207:16 | | Leading; precluded by joint stipulation [ECF No. 244]. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 208:1–209:22 | | Leading; hearsay. | |
| 210:4–216:1 | | Vague; lacks foundation; leading; speculation. | |
| 217:1–8 | | Lacks foundation; speculation. | |
| 218:12–17 | | Lacks foundation; speculation. | |
| **Feb. 28, 2023**<br><br>6:7–12 | | None. | |
| 8:10–9:4 | | None. | 23:21–28:14; 29:22–34:18; 35:9–48:25. |
| 10:15–11:16 | | None. | 11:17–12:15 |
| 14:4–11 | | Lawyer speaking. | |
| 14:18–21 | | None. | 14:22–19:13 |
| 16:5–17:6 | | None. | 14:22–19:13 |
| 18:5–19:13 | | None. | 14:22–19:13 |
| 49:2–51:8 | | None. | 51:9–52:7; 52:22–55:14; 57:14–58:18. |
| 134:5–135:7 | | Lacks foundation; speculation. | 135:14–24 |
| 139:5–140:17 | | Lacks foundation; speculation; nonresponsive. | |
| 194:7–198:5 | | None. | 198:6–201:18 |
| 199:4–201:19 | | None. | 198:6–201:18 |
| 291:2–8 | | Irrelevant. | |

**4. Deposition of Ross Cameron taken March 14, 2023 [ECF No. 260-4]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 5:4–12 | | None. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 6:19–22 | | None. | |
| 7:16–20 | | None. | |
| 10:19–22:25 | 10:19–15:21 | None. | |
| | 15:22–16:9 | Leading. | |
| | 16:10–13 | None. | |
| | 16:14–20:1 | Leading; mischaracterizes witness's testimony; lacks foundation; probative value far outweighed by prejudicial. | |
| | 20:2–14 | None. | |
| | 20:15–21:1 | Leading; irrelevant. | |
| | 21:2–21:24 | None. | |
| | 21:25–22:25 | None. | |
| 23:7–13 | | None. | |
| 24:6–28:3 | 24:6–16 | None. | |
| | 24:17–28:3 | Precluded by joint stipulation [ECF No. 244]; irrelevant; far more prejudicial than probative, | |
| 28:12–34:23 | 28:12–29:12 | None. | |
| | 29:13–31:19 | Leading; speculation; confuse the jury. | |
| | 31:20–32:4 | Vague; lacks foundation. | |
| | 32:5–33:12 | None. | |
| | 33:12–34:23 | Hearsay; lacks foundation; far more prejudicial than probative. | |
| 37:13–40:16 | | None. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 41:6–20 | | None. | |
| 42:15–51:9 | 42:15–45:22 | None. | |
| | 45:23–47:9 | Nonresponsive; speculation. | |
| | 47:10–49:25 | Leading; lacks foundation. | |
| | 50:1–51:9 | Lacks foundation; vague; irrelevant. | |
| 51:14–55:10 | 51:14–52:17 | Hearsay; lacks foundation; compound; irrelevant. | |
| | 52:18–54:9 | Leading; mischaracterizes evidence. | |
| | 54:10–55:10 | Leading; compound; lacks foundation. | |
| 55:17–57:13 | 55:17–24 | None. | |
| | 55:25–56:14 | Lacks foundation; calls for speculation. | |
| | 56:15–57:13 | Lacks foundation; speculation; calls for legal opinion. | |
| 57:25–63:17 | 57:25–60:2 | Leading; authenticity; mischaracterizes evidence. | 57:12–57:24 |
| | 60:3–60:12 | None. | |
| | 60:13–61:7 | Leading; lacks foundation. | |
| | 61:8–62:15 | Leading; lacks foundation; calls for legal conclusion; speculation; vague. | |
| | 62:16–63:17 | Leading; speculation. | |
| 63:24–67:4 | 63:24–64:12 | Leading. | |
| | 64:13–64:22 | Asked and answered; lacks foundation. | |
| | 64:23–67:4 | Leading; lacks foundation; irrelevant. | |
| 67:8–70:19 | | Precluded by joint stipulation [ECF No. 244]; irrelevant; far more prejudicial than probative, | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 76:10–79:12 | | Leading; asked and answered; lacks foundation; irrelevant; speculation. | |
| 79:20–24 | | Leading. | |
| 80:18–84:1 | | Leading; irrelevant; vague; lacks foundation. | |
| 97:22–98:15 | | None. | |

**5. Deposition of John Kurisko taken March 15, 2023 [ECF No. 260-5]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 6:17–18 | | None. | |
| 8:17–21 | | None. | |
| 9:2–11 | | None. | |
| 9:19–14:14 | | None. | |
| 15:15–20:1 | 15:15–24 | Vague; lacks foundation; calls for speculation. | 14:17–15:14 |
| | 15:25–20:1 | None. | 20:2–11 |
| 20:22–22:7 | | None. | |
| 22:14–24:25 | | Leading; lacks foundation; far more prejudicial than probative; likely to confuse the jury. | 73:11–74:9 |
| 27:1–32:21 | | Lacks foundation; leading; speculation. | 71:24–72:24; 97:24–99:2 |
| 34:20–35:6 | | Leading; asked and answered. | |
| 37:18–41:4 | | Leading; lacks foundation; calls for speculation. | |
| 41:18–43:19 | | Leading; lacks foundation; hearsay; calls for speculation. | |
| 44:12–25 | | Leading; lacks foundation. | 75:6–79:9 |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 45:3–22 | | Leading; lacks foundation. | 75:6–79:9 |
| 46:3–25 | | Leading; lacks foundation. | 75:6–79:9 |
| 48:6–49:12 | | Leading; lacks foundation. | 75:6–79:9 |
| 53:3–55:20 | | Leading; lacks foundation. | 71:24–72:24; 97:24–99:2 |
| 56:2–60:5 | | Leading; lacks foundation. | |
| 61:3–64:8 | | Leading; lacks foundation; irrelevant. | |
| 68:6–14 | | None. | 68:15–69:13 |
| 93:25–96:14 | | Leading; lacks foundation. | |
| 97:9–15 | | Leading; lacks foundation. | |

### 6. Deposition of Janay Symonette Pyfrom taken January 24, 2024 [ECF No 260-6][5]:

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 37:10–38:5 | 37:10–38:2 | None. | |
| | 38:3–5 | Irrelevant. | |
| 38:13–39:2 | | None. | 40:13–21 |
| 41:8–15 | | None. | |
| 41:26–43:22 | 41:26–42:14 | None | |
| | 42:15–18 | Vague; confuse jury. | |
| | 42:19–28 | Lacks foundation; speculation. | |
| | 42:29–43:3 | Leading | |

---

[5] As mentioned elsewhere, Gentile and his counsel are undertaking to secure Ms. Pyfrom's attendance at trial, whether in person or live by Zoom. If Ms. Pyfrom testifies live at trial, Gentile sees no reason for aspects of her deposition testimony to be read into the record.

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| | 43:4–22 | None. | 43:23–44:17 |
| 44:18–27 | | None. | |
| 45:2–46:11 | 45:2–31 | None. | |
| | 45:32–46:11 | None. | 46:12–20 |
| 50:7–53:6 | 50:7–52:5 | None. | 49:16–50:6 |
| | 52:6–29 | Leading; lacks foundation. | |
| | 52:30–53:6 | None. | |
| 53:17–32 | | None. | 54:19–55:12 |
| 55:15–56:7 | | Leading; lacks foundation; vague. | |
| 56:11–12 | | Leading; lacks foundation; vague. | |
| 56:19–22 | | None. | |
| 59:15–18 | | None. | |
| 60:11–16 | | Leading. | 60:17–20 |
| 62:15–29 | | Leading; lacks foundation. | 62:30–63:4 |
| 63:21–64:13 | | Leading; lacks foundation. | |
| 64:23–30 | | Leading; lacks foundation; speculation. | 64:18–21 |
| 65:1–67:20 | 65:1–26 | Leading; lacks foundation. | |
| | 65:27–67:18 | None. | |
| | 67:19–20 | Leading; lacks foundation; speculation. | |
| 67:26–68:10 | | Leading; lacks foundation; speculation. | 68:11–20; 68:23–69:5 |
| 69:6–70:32 | 69:6–70:1 | Leading. | |
| | 70:2–19 | None. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| | 70:20–32 | Leading; vague; confuse the jury; asked and answered. | |
| 71:4–13 | | Leading; vague; confuse the jury; asked and answered. | |
| 72:26–73:32 | 72:26–73:10 | None. | |
| | 73:11–32 | Lawyers speaking; lacks foundation; speculation. | |
| 75:29–76:27 | 75:29–76:23 | None. | |
| | 76:24–27 | Lawyer speaking, no witness testimony. | |
| 78:1–79:10 | 78:1–14 | None. | |
| | 78:15–79:10 | Leading. | |
| 79:22–80:17 | | None. | |
| 80:22–81:1 | | None. | |
| 81:27–82:6 | | Vague; lacks foundation; asked and answered. | 83:7–12 |
| 83:18–25 | | None. | |
| 83:29–30 | | None. | |
| 84:2–10 | | None. | |
| 84:31–85:2 | | None. | |

**7. Deposition of Drameko Moore taken October 23, 2023 [ECF No. 260-7]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 6:17–8:2 | | None. | |
| 9:23–12:32 | | None. | 12:32–13:1; 13:12–16 |
| 13:17–19 | | None. | 13:20–25. |
| 13:31–14:17 | | None | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 16:1–17:32 | 16:1–19 | Colloquy between lawyers and court, no witness testimony. | |
| | 16:20–17:1 | None. | |
| | 17:2–8 | Colloquy between lawyers and court, no witness testimony. | |
| | 17:9–15 | None. | |
| | 17:16–32 | Colloquy between lawyers and court, no witness testimony. | |
| 20:21–24 | | None. | |
| 20:28–21:9 | | None. | 21:10–11 |
| 21:14–22:25 | 21:14–25 | Lacks foundation; irrelevant. | |
| | 21:26–22:25 | Lacks foundation; leading. | |
| 23:5–28 | 23:5–19 | Lacks foundation. | |
| | 23:20–22 | None. | |
| | 23:23–28 | | 23:29–31; 23:32–24:5; 24:24–26. |
| 24:28–30 | | Vague; lacks foundation. | 24:31–32; 24:24–26 |
| 25:23–26:15 | 25:23–27 | None. | |
| | 25:28–26:15 | Hearsay; vague. | |
| 26:21–27:28 | | None. | |

**8. Deposition of Stephen Darville taken November 6, 2023 [ECF No. 260-8]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 1:24–31 | | Irrelevant; confuse the jury. | |

28

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 2:12–3:3 | 2:12–28 | Confuse the jury. | |
| | 2:29–3:3 | None. | |
| 4:8-6:31 | | None. | 7:3–5; 7:21–26; 16:10–17:7; 27:29–28:4 |
| 18:1–19:22 | | Irrelevant; jury confusion. | |
| 20:4–31 | | Irrelevant; jury confusion. | |
| 21:1–19 | | Irrelevant; jury confusion. | |
| 22:13–19 | | None. | |
| 23:15–25 | | Irrelevant; jury confusion. | |
| 25:12–15 | | Irrelevant; jury confusion. | |
| 26:6–27 | | Irrelevant; jury confusion. | |
| 27:2–9 | | Irrelevant; jury confusion. | |

9. **Deposition of Edward Cooper taken October 25, 2023, and January 24, 2024 [ECF No. 260-9]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 18:3–4 | | None. | |
| 18:28–19:3 | | None. | |
| 19:9–16 | | None. | |
| 19:20–30 | 19:20–25 | Leading; lacks foundation; vague. | |
| | 19:26–30 | Lawyer speaking; no witness testimony. | |
| 20:4 | | Lawyer speaking; no witness testimony. | |
| 20:30–21:1 | | None. | |

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| 28:4–18 | | None. | |
| 28:23–30:4 | | Leading; vague; irrelevant; lawyers speaking. | |
| 30:13–20 | | Vague; lawyer speaking; confuse the jury. | |
| 30:25–31:32 | 30:25–31:22 | None. | |
| | 31:23–32 | Lawyer speaking; irrelevant. | |
| 32:4–19 | | Vague; lacks foundation; confuse the jury. | |
| 32:28–33:14 | | Vague; lacks foundation; confuse the jury. | |
| 33:20–34:28 | | None. | |

**10. Deposition of Antonio Collie taken on November 10, 2023[6]:**

| SEC's Designation | | Gentile's Objections | Gentile's Counter-Designations |
|---|---|---|---|
| | | | |

---

[6] For the reasons above, Gentile objects to any use of Mr. Collie's deposition testimony in lieu of live testimony.

Dated: May 17, 2024

Respectfully submitted,

FORD O'BRIEN LANDY LLP

By:   */s/ Gabriela M. Ruiz*
     Gabriela M. Ruiz
     Fla. Bar. 46844
     One Biscayne Tower
     2 South Biscayne Boulevard Suite 3200
     Miami, Florida 33131
     Tel.: (786) 310-1135 (main)
     gruiz@fordobrien.com

     Adam C. Ford (admitted *pro hac vice*)
     Matthew A. Ford (admitted *pro hac vice*)
     Stephen R. Halpin III (admitted *pro hac vice*)
     275 Madison Avenue, 24th Floor
     New York, New York 10016
     Tel.: (212) 858-0040 (main)
     aford@fordobrien.com
     mford@fordobrien.com
     shalpin@fordobrien.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Defendant Guy Gentile's Objections and

Counter-Designations to the SEC's Notice of Filing Deposition Designations, dated May 17,

2024, to be served via CM/ECF on the following counsel for Plaintiff:

Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov

 _/s/ Gabriela M. Ruiz_
Gabriela M. Ruiz
