UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Torres

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.
_____/

**JOINT PRE-TRIAL STIPULATION**

Pursuant to Southern District of Florida Local Rule 16.1(e) and this Court's Order Scheduling Trial and Order of Instructions Before Calendar Call, ECF No. [253], Plaintiff Securities and Exchange Commission and Defendant Guy Gentile file the following joint pre-trial stipulation.

**1. A short concise statement of the case by each party in the action.[1]**

(a) **Plaintiff**. Plaintiff Securities and Exchange Commission ("Commission" or "SEC") claims the Defendant, MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, ("SureTrader") and its founder, owner, and chief executive offer Guy Gentile ("Gentile") operated an offshore broker-dealer from no later than March 2016 until at least November 2019 in the Bahamas. The SEC contends SureTrader was designed to help day traders in the United States circumvent rules that regulate what is commonly called "pattern-day trading."

---

[1] This is the neutral statement of the case to be read to the venire panel.

The SEC asserts that because SureTrader was soliciting customers in the United States, it was required to register with the United States regulator, the SEC, which would have triggered a variety of reporting and disclosure obligations. However, SureTrader, with Gentile in control, did not register with the SEC and there were no exemptions that would have permitted it not to do so. Because SureTrader operated as a foreign-broker dealer without registering with the SEC, the SEC alleges that it violated the federal securities laws, and that Gentile, who had the power to control SureTrader and its policies violated the securities laws as charged.

(b) **Defendant.** Gentile denies the SEC's claims. He maintains that SureTrader—which was registered with the Securities Commission of the Bahamas—was not required to register with the SEC because SureTrader did not solicit U.S. customers, a specific exemption to the SEC's registration requirements. Gentile contends that SureTrader took actions to ensure U.S. customers were not solicited. Gentile also contends that, during the times he was active in SureTrader's management (which was not during the entire time period alleged by the SEC), he operated in good faith to design and implement procedures to prevent solicitation of U.S. customers, including in consultation with compliance officers.

**2. The basis of federal jurisdiction.** The Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d), (e) and 78aa(a).

**3. The pleadings raising the issues.** The pleadings raising the issues are: (1) Plaintiff's Complaint for Injunctive and Other Relief, ECF No. [1]; and (2) Defendant Guy Gentile's Amended Answer and Affirmative Defenses ECF No. [80].

**4. A list of all undisposed motions or other matters requiring action by the Court.** None at this time, other than evidentiary matters.

**5. A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

In 2008, Gentile incorporated and founded Swiss America Securities Ltd. in the Bahamas. In 2017, Gentile changed the name of the Company from Swiss America Securities Ltd. to MintBroker International, Ltd. During the relevant period, the company did business as "SureTrader." SureTrader's principal place of business was the Bahamas. In 2011, Gentile registered SureTrader with the Securities Commission of the Bahamas ("SCB") as a broker-dealer. SureTrader was not registered with the SEC or FINRA. At various times between 2011 and 2019, Gentile was an owner and chief executive officer of SureTrader.

FINRA regulates broker-dealers that are FINRA members. The FINRA Rules adopt the term "pattern day trader," which includes any margin customer that day trades (buys then sells or sells short then buys the same security on the same day) four or more times in five business days, provided the number of day trades are more than six percent of the customer's total trading activity for that same five-day period. Under the Rules, which are enforced by FINRA-member brokerages, a pattern day trader must maintain minimum equity of $25,000 on any day that the customer day trades. The required minimum equity must be in the account prior to any day-trading activities. If the account falls below the $25,000 requirement, the pattern day trader will not be permitted to day trade until the account is restored to the $25,000 minimum equity level. SureTrader was not a FINRA member.

**6. A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

a) Whether SureTrader violated Section 15(a)(1) the Exchange Act.

b) Whether SureTrader satisfies the conditions of an exemption or safe harbor from registering as a broker pursuant to Section 15(a)(1).

c) Whether SureTrader solicited customers located in the United States.

d) Whether Gentile had the power to control the general business affairs of SureTrader at all relevant times.

e) Whether Gentile had the power to directly or indirectly control or influence the specific corporate policy which resulted in any violations by SureTrader.

f) If Gentile had the power to control the general business affairs of SureTrader and the specific corporate policy which resulted in any violation by SureTrader, whether Gentile is excused from liability because he acted in good faith.

g) If Gentile had the power to control the general business affairs of SureTrader and the specific corporate policy which resulted in any violation by SureTrader, whether Gentile did not directly or indirectly induce SureTrader's violation.

h) Whether Gentile, directly or indirectly, acted through or used SureTrader to violate Section 15(a)(1).

**7. A concise statement of issues of law on which there is agreement.**

Section 15(a)(1) of the Exchange Act makes it unlawful for a "broker" to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security unless such broker: (1) is registered with the SEC; or (2) satisfies the conditions of an exemption or safe harbor. Rule 15a-6(a)(1) provides: "A foreign broker or dealer shall be exempt from the registration requirements of section[] 15(a)(1) . . . of the [Exchange] Act to the extent that the foreign broker or dealer . . . [e]ffects transactions in securities with or for persons that have not been solicited by the foreign broker or dealer[.]"

**8. A concise statement of issues of law which remain for determination by the Court.**

The Court will have to determine all issues of law governing instructions to the jury and the verdict form.

**9. Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and things.**

Plaintiff's exhibit list is attached as **Exhibit A** and the Defendant's exhibit list is attached as **Exhibit B**.

**10. Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises. Witnesses whose testimony is expected to be presented by means of a deposition shall be so designated. Impeachment witnesses need not be listed. Expert witnesses shall be so designated.**

Plaintiff's witness list is attached as **Exhibit C** and the Defendant's witness list is attached as **Exhibit D**. A joint list of all witnesses that will be called at trial for prospective jurors information is attached as **Exhibit E**.

**11. Estimated trial time.** The parties estimate trial in this matter will last seven to ten days.

12. **Voir dire questions**. Plaintiff's proposed voir dire questions are attached as **Exhibit F** and the Defendant's proposed voir dire questions are attached as **Exhibit G**. The parties' respective objections to proposed voir dire questions are noted therein.

May 22, 2024                                                            Respectfully Submitted,

| | |
|---|---|
| /s/Alice Sum<br>Alice Sum, Esq.<br>Senior Trial Counsel<br>Fla Bar No.: 354510<br>801 Brickell Avenue, Suite 1950<br>Miami, Florida 33131<br>Phone: (305) 416-6293<br>Email: sumal@sec.gov<br><br>Alise Johnson, Esq.<br>Senior Trial Counsel<br>Fla. Bar No. 0003270<br>Direct Dial: (305) 982-6385<br>Email: johnsonali@sec.gov<br><br>*Attorneys for Plaintiff*<br>SECURITIES AND EXCHANGE COMMISSION | */s/ Gabriela M. Ruiz*<br>Gabriela M. Ruiz<br>Fla. Bar. 46844<br>One Biscayne Tower<br>2 South Biscayne Boulevard Suite 3200<br>Miami, Florida 33131<br>Tel.: (786) 310-1135 (main)<br>gruiz@fordobrien.com<br><br>FORD O'BRIEN, LLP<br>Adam C. Ford, Esq. (PHV granted)<br>Matthew A. Ford, Esq. (PHV granted)<br>Stephen R. Halpin III, Esq. (PHV granted)<br>575 Fifth Ave, Floor 17<br>New York, NY 10017<br>Tel: (212) 858-0040<br>Email: aford@fordobrien.com<br>Email: mford@fordobrien.com<br>Email: shalpin@fordobrien.com<br>*Attorneys for Defendant Guy Gentile* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 22nd day of May 2024 via CM-ECF.

/s/Alice Sum
Alice Sum