UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and GUY GENTILE,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR CLARIFICATION ON COURT'S OMNIBUS ORDER**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") hereby requests and seeks clarification on three discrete issues in the Court's Omnibus Order, ECF. No. [264], ("Omnibus Order").

First, the Commission seeks clarification that the documents provided by the Securities Commission of the Bahamas ("SCB") and the Joint Official Liquidators for SureTrader ("JOLs") are deemed authentic and presumably admissible given that they are business records of MintBroker International, Ltd. d/b/a SureTrader ("SureTrader") produced to the JOLs and SCB, and then produced to the SEC through Letters Rogatory and proper discovery requests. The SEC seeks such clarification to prepare for trial so it can determine whether it is necessary to call additional witnesses from the JOLs and SCB to testify as to the documents' provenance.

Second, the Commission seeks clarification of the Court's ruling that, in addition to neither Philip Dorsett or Yaniv Frantz's testimony being excluded (as provided in the Court's Order), the documents obtained in discovery from Dorsett and Frantz are similarly not excluded.

Third, the Commission seeks clarification on whether <u>any</u> mention of the prior and separate Department of Justice ("DOJ') case and SEC actions in New Jersey will be permitted. Given the agreement of the parties and Gentile's own representations, they should not be. If so, this would necessarily encompass any alleged argument by Gentile that DOJ and the SEC purportedly approved of SureTrader's solicitation of U.S. customers or gave him related assurances that his conduct through SureTrader's operations was permissible. If Gentile is allowed to introduce such testimony, then the SEC requests that it be entitled to introduce the context of such alleged assurances and be allowed to present rebuttal testimony of individuals involved in the DOJ and SEC New Jersey cases. The SEC requests such clarification to determine whether it is necessary to call additional witnesses from the SEC and DOJ to testify at trial.

**1. The Documents the JOLs and SCB Produced Should Be Deemed Admissible.**

In its Omnibus Motion *in Limine*, the Commission argued that the Court should find that the documents produced by the Defendants, including those produced by the JOLs and the SCB to the SEC through the Letters Rogatory process and document requests should be deemed authentic. *See* SEC's Motion ECF No. [220, p. 20], Section G. In its Omnibus Order, the Court did not address this issue.

Subsequently, in his objections to the Plaintiff's Exhibit List, Gentile has objected to the documents produced by the JOLs and SCB based on authenticity (among other grounds). These documents consist of SureTrader's business records, which the JOLs took possession of as part of the JOLs' liquidation of SureTrader and the SCB obtained as part of the MMOU process and the SCB's investigation.[1]

---

[1] MMOU stands for Multilateral Memorandum of Understanding. It is a framework that establishes a formal basis for international cooperation and information exchange among securities regulators. Here, the SEC sent a request to the SCB pursuant to a MMOU requesting the documents relating to SureTrader. Thereafter, SureTrader produced them to SCB, who then produced them to the SEC.

The JOLs were provisionally appointed pursuant to a Supreme Court of the Bahamas Order dated March 19, 2020, and officially appointed by Order dated December 15, 2021. Since their appointment, the JOLs are the sole representatives of SureTrader, and the acquisition of SureTrader's books and records was among the JOLs' duties. *See* ECF No. [105], Declaration of Igal Wizman at ¶3. In August 2022, this Court granted the SEC's Motion for Issuance of Letters Rogatory requesting discovery from Defendant SureTrader, and that Order was forwarded to the Supreme Court of the Bahamas. Pursuant to a Court Order of the Supreme Court of The Bahamas dated March 20, 2023, the JOLs produced SureTrader's books and records to the SEC in May 2023 ("SureTrader's Business Records"). *See* Letter of JOL Igal Wizman producing SureTrader documents (attached hereto as Exhibit A). Despite the SEC going through this tedious and lengthy legal process, Gentile maintains his authenticity objections (but has not explained why their trustworthiness should be doubted).

Similarly, the SEC requested and received documents from the SCB, SureTrader's regulator in the Bahamas. The SEC requested that the SCB request certain documents from SureTrader and provide them to the SEC. The SCB requested those documents from SureTrader, and SureTrader produced documents to the SCB in response. The SCB then produced the documents provided to them by SureTrader to the SEC, and the SEC produced those documents in this litigation to Gentile. For the same reasons above, the documents received by the SEC from the SCB should also be deemed authentic without having to present representatives from the SCB to testify as to the chain of production and their authenticity as SureTrader's Business Records. Again, Gentile has not shown that the method or circumstances regarding their production indicate a lack of trustworthiness.

Accordingly, such records should be deemed presumably admissible and exempted from hearsay under Federal Rule of Evidence 803(6), unless Gentile has other proper objections that would keep them from being admitted.

**2. The Documents Dorsett and Frantz Produced Should Not Be Excluded.**

Similarly, Gentile has also objected to the documents produced by Dorsett and Frantz being used at trial. The Court addresses in its Omnibus Order the dispute between the parties whether documents produced by Phillip Dorsett and Yaniv Frantz and their testimony should be precluded. ECF No. [264, p. 39-40]. The Court noted that Gentile sought a hearing as to the admissibility of testimony and documents obtained in discovery from Dorsett and Frantz, both former SureTrader employees. *Id.* at 39. The Court further stated the SEC's argument "that Gentile provides no reasons to exclude testimony <u>and documents</u> from Frantz, who was properly deposed in the presence of Gentile's counsel." *Id.* at 40 (emphasis added). However, the Court concluded that it found "no basis for exclusion of Dorsett and Frantz's testimony," but did not address whether the documents they produced should be precluded. While the Commission believes it is implicit in the Court's ruling that the associated documents obtained from Dorsett and Frantz are also admissible, it seeks clarity here for avoidance of doubt and to narrow any potential issues at trial to ensure there are no unnecessary delays, as Gentile continues to object to Plaintiff's exhibits that were received from Frantz and Dorsett. The Commission therefore seeks clarity that the referenced documents are also admissible.

**3. Reference to the SEC and DOJ's Prior Alleged Approval of Defendants' Solicitation of U.S. Customers Should be Either be Precluded or Given Context.**

In its Omnibus Order, the Court acknowledged that "the Parties agree that no party shall mention any of the prior SEC or [DOJ] investigations, and the resulting court cases in the District of New Jersey, or that Gentile was a cooperator for the FBI or DOJ." *Id.* at 37, citing ECF No.

4

[244 at ¶ 1.b]. Moreover, the Court noted that in their Joint Notice of Partial Resolution of Motions *in Limine* the Parties further agreed that "[n]o party shall mention any of the prior SEC or DOJ investigations and resulting court cases in the District of New Jersey, and whether the FBI, SEC or DOJ approved of SureTrader's solicitation of U.S. based investors in those matters." *Id., citing* ECF No. [244 at ¶ 1.c].

Despite this agreement, in its Omnibus Order, when discussing the admissibility of the FINRA investigation, the Court stated that Gentile could introduce "prior assurances given to Gentile by the SEC and DOJ relating to SureTrader's compliance with Section 15(a)(1)." ECF No. [264 at p. 38]. However, prior assurances given to Gentile by the SEC and DOJ relating to SureTrader's compliance with Section 15(a)(1) (which the SEC maintains were not given) allegedly arose as part of the New Jersey cases and Gentile's cooperation with the DOJ, and not the instant case and not in FINRA's investigation. Thus, any discussion of alleged SEC and DOJ assurances relating to SureTrader's compliance with Section 15(a) would necessarily require the parties to address the very areas they stipulated not to address: the New Jersey cases. Therefore, the Court's Omnibus Order conflicts with the Parties' agreement, and now allows Gentile to assert the DOJ and the SEC gave Gentile assurances that SureTrader's solicitation and practices conformed with U.S. securities laws, without allowing the SEC to bring up the context of such alleged assurances and why they cannot be given legal weight. The Order also seemingly necessitates what the parties were trying to avoid by their agreement, specifically the SEC's presentation of additional witnesses from the SEC and DOJ at trial to testify that such assurances were not given in the SEC and DOJ New Jersey cases.

The Commission thus seeks to ensure that, consistent with the Parties' agreement, and the Court's acknowledgment thereof, that there shall be no reference permitted, whatsoever, to the

New Jersey cases, including, but not limited to, any purported "assurances" Gentile received during his cooperation with the DOJ, or that individuals from the SEC and/or DOJ consented to SureTrader's conduct and non-solicitation policies as lawful.[2]

Gentile should not be permitted to have his proverbial cake and eat it too. He has specifically requested that the jurors not be made aware of his prior arrest. He should not be permitted to nonetheless introduce a foreign "out of context" concept that he was "given assurances" by the SEC or DOJ that SureTrader's solicitation of U.S. customers was blessed by the SEC and/or DOJ in the New Jersey cases.[3] Gentile's mere mention of this would create a complete side-show and a "trial within a trial," where the SEC would be forced to call multiple witnesses, including the current SEC Director of the Division of Enforcement, Gurbir Grewal, who was one of the assigned ASUAs at the time to the DOJ's Criminal Case. Plainly, anything pertaining to the NJ Case and the Criminal Case should not see the light of day at this trial, including any alleged "assurances" that could not have been made at or after the time of the conduct alleged in the SEC's complaint in this case.

Alternatively, if such baseless allegations are allowed, then Gentile has opened the proverbial door and the SEC should be permitted to present witness testimony to rebut that any

---

[2] Moreover, Gentile was indicted in March 2016 once his cooperation in the DOJ case ceased. The Complaint's allegations here begin in March 2016, after Gentile's cooperation ceased. So, it would be impossible for Gentile to have been a cooperator and conducting SureTrader's illegal offshore activities, as alleged here, with the blessing of the DOJ and/or SEC.

[3] In March 2016, the Commission filed an enforcement action against Gentile in New Jersey District Court, Case No. 16-cv-01619-BRM-ESK (D.N.J. Mar. 23, 2016) ("NJ Case") based on the same alleged 2007 and 2008 pump and dump conduct that the DOJ had alleged in the criminal matter. ECF No. [76, p.2; 220, p. 6]. On September 29, 2020, the Court dismissed the NJ Case Complaint for insufficient pleading, without prejudice and permitted the SEC to amend its Complaint. The SEC chose not to, and the Court directed the Clerk to close the NJ Case in October 2020. See *id.* Importantly for the instant consideration, in its dismissal the Court in the NJ Case specifically noted that Gentile's conduct regarding his participation in the securities industry in the Bahamas and founding of an online brokerage firm there was <u>not</u> part of the allegations in the NJ Case's Complaint. NJ Case, ECF No. [108, pp. 23-25]. Thus, the Court would not take judicial notice of it for purposes of determining whether injunctive relief was appropriate for the NJ Case. *Id.* at 25.

such statements were made and the context under why any meetings with Gentile and the New Jersey prosecutors and SEC staff were conducted. To allow otherwise would lead to jury confusion and prejudice the SEC's case. Thus, the SEC respectfully requests that Court clarify its Omnibus Order to be consistent with the Parties agreement and not permit such testimony.

### Local Rule 7.1(a)(3) Certificate of Conferral

Undersigned counsel has conferred with opposing counsel, who oppose the relief sought and intend to respond in writing before the upcoming calendar call.

May 30, 2024                                                Respectfully submitted,


                                                            Alice K. Sum
                                                            Alice K. Sum, Esq.
                                                            Senior Trial Counsel
                                                            Fla. Bar No. 354510
                                                            Direct Dial: (305) 416-6293
                                                            Email: sumal@sec.gov

                                                            Alise Johnson, Esq.
                                                            Senior Trial Counsel
                                                            Florida Bar No. 0003270
                                                            Direct Dial: (305) 982-6385
                                                            Email: johnsonali@sec.gov

                                                            Attorneys for Plaintiff
                                                            **SECURITIES AND EXCHANGE COMMISSION**
                                                            801 Brickell Avenue, Suite 1950
                                                            Miami, Florida 33131
                                                            Telephone:  (305) 982-6300
                                                            Facsimile:   (305) 536-4154