**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-21079-BLOOM/Torres

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD. and GUY GENTILE,

Defendants.
_______________________________/

**ORDER ON MOTION FOR CLARIFICATION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Clarification on the Court's Omnibus Order, ECF No. [268], filed on May 30, 2024. Defendant filed a Response in Opposition, filed on May 31, 2024, ECF No. [269]. The Court has reviewed the Motions, all opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion for Clarification on the Court's Omnibus Order, ECF No. [268], is denied in part and granted in part.

## I. BACKGROUND

Plaintiff seeks clarification on three points:

(1) that the documents provided to Plaintiff by the Securities Commission of the Bahamas ("SCB") and the Joint Official Liquidators ("JOLS") are deemed authentic without further need for witness authentication;

(2) that the documents obtained in discovery from Dorsett and Frantz are not excluded; and

(3) whether the Court's Omnibus Order, ECF No. [264], which excludes any mention of prior New Jersey cases against Gentile yet authorizes prior assurances given to Gentile by the SEC and DOJ as to SureTrader's compliance with section 15(a)(1) of the Exchange Act, conflicts with the Parties' Joint Notice of Partial Resolution of Motions *in Limine*, ECF No. [244]. ECF No. [268] at 5.

## II. DISCUSSION

### A. Authentication of Documents Obtained from JOLs and SCB

Under Federal Rule of Evidence 803(6),

> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Plaintiff seeks the admission of documents produced by the Securities Commission of the Bahamas ("SCB") under Fed. R. Evid. 803(6) and the Joint Official Liquidators ("JOLs") appointed by the Supreme Court of the Bahamas for SureTrader without the need for further authentication, citing Federal Rule of Evidence 803(6). ECF Nos. [220] at 20, [268] at 2-4. SureTrader's regulator in the Bahamas, the SCB, requested documents from SureTrader as part of the liquidation process and SureTrader produced documents in response to their request. *Id.* After this Court issued a letter rogatory, which was forwarded to the Supreme Court of the Bahamas, the JOLs provided the documents produced by Defendant to Plaintiff. *Id.* In support, Plaintiff attaches

a letter from JOL Igal Wizman stating he is sending Plaintiff "a hard drive containing 484,488 files to your requested address" obtained from the JOLs and listing the type of evidence contained in those files, following a letters rogatory request. ECF No. [268-1]. Accordingly, Plaintiff argues that the documents sent by the JOLs should be deemed authentic. Defendant argues that the SEC should have someone with personal knowledge authenticate these documents, as the letter from the JOL transmitting the documents to the SEC does not detail how the documents were collected. ECF No. [269] at 2, 2 n. 1.

Federal Rule of Evidence 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901(b) then enumerates numerous types of evidence that do so. Here, the SEC establishes it obtained numerous documents from the JOLs via an attached letter from the JOLs, ECF No. [268-1], but it does not connect the specific evidence it seeks to introduce at trial to the letter attached to its Motion. Without more, the JOLs letter is not sufficient to support a finding that documents Plaintiff seeks to introduce are "what the proponent claims" they are. Fed. R. Evid. 901(a). The SEC does not point the Court to the methods of authentication or identification listed under Rule 901(b) or other methods to authenticate the JOLs or the SCB documents, nor does it attach a certification under Fed. R. Evid. 803(6)(E) to justify its position that the documents should be deemed authenticated. Accordingly, Plaintiff's request to introduce documents provided by JOLs and the SCB to Plaintiff without further authentication is denied.

**B. Documents from Dorsett and Frantz**

Plaintiff seeks clarification that the documents obtained in discovery from Dorsett and Frantz are not excluded. Plaintiff is correct that pursuant to this Court's reasoning in its Omnibus Order, the documents from Dorsett and Frantz that Plaintiff seeks to introduce are not excluded.

Defendant did not establish with specificity which documents it seeks to exclude from Dorsett and Frantz. ECF No. [221] at 2. The determination as to which documents obtained by Dorsett and Frantz can be introduced at trial and how they should be authenticated will be made at trial and depend on the document at issue.

### C. Authentication of Documents Obtained from JOLs and SCB

Plaintiff seeks clarification as to the relationship between the Court's ruling authorizing the admission of the SEC and DOJ's prior assurances relating to Defendant's solicitation of U.S. customers, ECF No. [264] at 38-39, yet barring New Jersey cases in which Defendant was involved. ECF No. [268] at 4-5. Plaintiff argues that the prior assurances of the SEC and DOJ given to Defendant as to SureTrader's activities followed the pump and dump scheme Defendant was charged with in New Jersey, which the parties agreed would be excluded. *Id.* As detailed by Defendant, the Court respected the parties' agreement pertaining to the New Jersey cases and ruled only that any issue pertaining to Defendant's good faith — such as prior assurances given to Gentile by the SEC and DOJ relating to SureTrader's compliance with Section 15(a)(1) — were admissible, an issue that the parties had not resolved. ECF No. [269] at 4-5. The Court does not see a reason to clarify or modify its prior order.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Clarification on the Court's Omnibus Order, **ECF No. [268]**, is granted in part and denied in part consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida on June 3, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record