UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD. and
d/b/a SURETRADER, and GUY GENTILE,
a/k/a GUY GENTILE NIGRO,

    Defendants.

_____/

## PLAINTIFF'S RESPONSE TO GUY GENTILE'S OBJECTIONS TO SEC'S DEPOSITION DESIGNATIONS

In his Objections and Counter-Designations to the SEC's Notice of Filing Deposition Designations, Defendant Gentile filed an 11-page memorandum of law as to why the SEC's deposition designations should not be used at trial. This "memorandum" should be stricken on its face as procedurally improper, as it was not filed as a motion, and there was no meet and confer that would have been required had Gentile properly filed such a motion. Had such a meet and confer occurred, the SEC would have confirmed, as indicated in its witness list, that it intends to call live at trial, Mr. Dorsett, Mr. Frantz, Mr. Cameron, Mr. Gentile, and Mr. Kurisko, thereby mooting most of Gentile's objections. As to the remaining witnesses, the SEC may properly rely on designated portions of their depositions or testimony, as detailed below. As clearly set out in Fed. R. Civ. P. 32, the deposition designations may be used at trial.

1

### A. Fed. R. Civ. P. 32 Provides for the Use of Deposition Under the Present Conditions

#### 1. Rule 32

Rule 32 of the Federal Rules of Civil Procedure, Using Depositions in Court Proceedings, governs the use of depositions in court proceedings and specifies the conditions under which a deposition may be used:

> (a) USING DEPOSITIONS.
>
> (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8).
>
> (2) *Impeachment and Other Uses.* Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or ***for any other*** purpose allowed by the Federal Rule of Evidence.
>
> (3) *Deposition of Party, Agent, or Designee.* An adverse party may use *for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).
>
> (4) *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: …
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; . . .
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.
>
> (emphasis added).

#### 2. Gentile's Deposition May be Used for Any Purpose Under Rule 32

As indicated on its witness list, the SEC intends to call Guy Gentile as a live witness. As Gentile admits, his deposition may be used to impeach his live testimony. Gentile fails, however,

to recognize that his deposition may be used for "any purpose" under Rule 32(a)(3). In addition, a party's statements are not hearsay as they may be admitted as admissions of a party opponent under Federal Rule of Evidence 801(d)(2)(A) which provides that a statement is not hearsay if it is offered against an opposing party, and the statement was made by the party in an individual or representative capacity. *See United States v. Veltmann*, 6 F.3d 1483, 1499-1500 (11th Cir. 1993) ("Statements made in a civil deposition arising out of the same facts as a criminal prosecution are admissible as admissions when offered against the declarant" under Rule 801(d)(2)(A)); *United States v. Killough*, 848 F.2d 1523, 1528 (11th Cir. 1988) ("under Fed. R. Evid. 801(d)(2)(A), a defendant's own statements are not hearsay and are admissible against him in court"); *Americredit Fin. Servs. v. Smithey*, Nos. 03-64290, 03-06350, 2005 Bankr. LEXIS 484, at *3-4 (Bankr. N.D. Ga. Feb. 16, 2005) (stating that a defendant's statements made during a pre-trial deposition are admissible as admissions of a party opponent under FRE 801(d)(2)(A)).

Gentile's citation from *Mighty v. Miami-Dade County*, No. 19-15052, 2021 WL 4022616 (11th Cir. Sep. 3, 2021) (unpublished) is inapposite. In that case, plaintiff wanted to use the deposition of the defendant instead of calling him as a witness in its case-in-chief as a substitute for live testimony from an available witness. Here, Gentile will testify live, and the SEC may thereafter request that discrete portions of his video deposition be read as well. Gentile has provided no legal reason that should preempt such designations, prior to Gentile's testimony even occurring.

### 3. Use of the Depositions of Foreign Witnesses is Clearly Permitted Under Rule 32(a)(4) (B) & (D)

Nearly all the witnesses in this matter live outside the United States and/or more than 100 miles from Miami. Specifically:

1. Yaniv Frantz currently resides in Israel and cannot be compelled by subpoena.

3

2. Phillip Dorsett is a resident of the Bahamas and cannot be compelled by subpoena.

3. Drameko Moore is a resident of the Bahamas and cannot be compelled by subpoena.

4. Janay Pyfrom is a resident of the Bahamas and cannot be compelled by subpoena.

5. Edward Cooper is a resident of the Bahamas and cannot be compelled by subpoena.

6. Antonio Collie is a resident of the Bahamas and cannot be compelled by subpoena.

7. Ross Cameron is a resident of Massachusetts and John Kurisko is a resident of New York, both of whom are more than 100 miles from Miami.

For each of the above's depositions or testimony via Letters Rogatory, Gentile's counsel was present and had the opportunity to object to questions and to cross examine each witness. Thus, their depositions may be used under Rule 32 (a)(4)(B) & (D), as well as FRE 804(a).[1]

As to the Bahamian witnesses who gave transcribed testimony through the Letters Rogatory: Moore, Cooper, and Collie, each of them live outside of the United States and their appearance cannot be compelled by subpoena. Thus, they fall precisely within Rule 32(a)(4)(D), and their designated testimony transcripts should be allowed to be read at trial.[2]

### 4. The SEC has Satisfied Its Burden of Showing the Bahamian Witnesses Are Unavailable.

It is well-established that Fed. R. Civ. P. 32(a)(4) permits a party to use a deposition of a witness if the court finds that the witness is more than 100 miles from the place of trial or outside the United States, unless it appears that the proffering party procured the witness's absence. *Banta*

---

[1] As indicated in its witness list, the SEC intends to present the live testimony of Frantz, Dorsett, Cameron, and Kurisko, however, the SEC has designated their deposition testimony in the event that they are unable to ultimately appear at trial.

[2] Pyfrom is listed on Gentile's witness list as "will appear" so it is assumed she is voluntarily appearing at Gentile's urging, but if she does not appear, her testimony should be allowed to be read to the jury as allowed under Rule 32 (a)(4)(B) & (D).

4

*Props. v. Arch Specialty Ins. Co.*, No. 10-61485-CIV-DIMITROULEAS, 2011 U.S. Dist. LEXIS 165331, at *2-3 (S.D. Fla. Dec. 30, 2011); *In re 3M Combat Earplug Prods. Liab. Litig.*, 338 F.R.D. 167, 170-71 (N.D. Fla. 2021); *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 194 F. App'x 591, 599 n. 9 (11th Cir. 2006). *See also Mazloum v. District of Columbia Metropolitan Police Dep't,* 248 F.R.D. 725, 727 (D.D.C. 2008) (Rule 32 makes plain that a party can prove unavailability by satisfying any of the five categories listed under 32(a)(4)(A)-(E)). Moreover, FRE 804(a)'s requirement of unavailability is satisfied here because, as explained above, the Bahamas deponents reside outside of the Court's subpoena power. *See* Fed. R. Evid. 804(a)(4)-(5). *In re 3M Combat Earplug Prods. Liab. Litig.*, 338 F.R.D. at 170-71.

Gentile's reliance on *U.S. v. Curbello,* 940 F.2d 1503, 1506 (11th Cir. 1991) is unavailing. In *Curbello*, the court stated in a criminal action that the government had not shown the witness to be unavailable where the witness was incarcerated and the government had not requested that the witness be extradited to the United States. Thus, the court found the government had not taken steps available to have the witness testify live, where it still had legal methods of compelling the witness' appearance.  Here, in contrast, none of the Bahamian witnesses can be compelled to testify before this Court or be extradited. There is nothing more the SEC or the Court can do to make the Bahamian witnesses available. Thus, their testimony should be made available to the jury.

### B. The Testimony Taken Through Letters Rogatory Was Done Following the Court's Legal Process and Should Be Admitted

The testimony from the Bahamas witnesses was taken through the Letters Rogatory process, ECF No. [136], by a Court Registrar of the Bahamas pursuant to an Order from the Supreme Court of the Bahamas.  The testimony transcripts were also provided by the Court Registrar and not a private court reporter per the Court's official process.  Guy Gentile attended some of this testimony and Gentile's Bahamian counsel, King's Counsel Philip McKenzie, was

5

present for all the testimony and was given opportunity to cross-examine all the witnesses. Whether Gentile's counsel chose to avail himself of that opportunity was a strategic choice on his part and should not be given any weight as to whether the testimony should be deemed admissible. Gentile's counsel was given the opportunity for cross-examination and to object to the testimony-that is all that is required.

Nor is there any requirement that witnesses be shown exhibits or that their testimony be videotaped for a deposition to be admissible. Indeed, traditionally, depositions in the United States are not videotaped and many depositions are taken without the use of exhibits. Moreover, videotaping of Court proceedings such as the Letters Rogatory testimony is generally not permitted in either the United States federal courts or the Bahamas. For Gentile to imply that either is a factor in whether testimony taken in a legal proceeding before a court to be deemed admissible is simply unsupported by law or fact.

## **CONCLUSION**

For the reasons stated above, the Court should allow the designated portions of the deposition and testimony into evidence at trial.

June 3, 2024                                       Respectfully submitted,

/s/Alise Johnson_____
Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

Alice Sum
Senior Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154