# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 1:21-CV-21079-BLOOM/Torres

SECURITIES AND EXCHANGE COMMISSION,

      **Plaintiff,**

**v.**

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      **Defendants.**

_____/

## GENTILE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM[1]

### General Preliminary Instruction[2]

Members of the Jury:

      Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

---

[1] Pursuant to the Court's Order Scheduling Trial, ECF. No. [253], where the parties have not agreed on a proposed jury instruction, that instruction is set forth in bold type.  The joint proposed jury charge was due on May 20, 2024 with the deadline extended to May 22, 2024 pursuant to ECF No. [253]. The parties' met and conferred, but Plaintiff failed to timely file the joint proposed jury charge in violation of ECF No. [253]. Therefore, Gentile files this proposed jury charge on his own behalf.

[2] Eleventh Circuit Pattern Jury Instruction 1.1.

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it

is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

3

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Securities and Exchange Commission claims the Defendant, Mintbroker International, Ltd., F/K/A Swiss America Securities Ltd. and d/b/a Suretrader, ("Suretrader") and its founder, owner, and chief executive offer, Guy Gentile, operated a Bahamian broker-dealer registered with the Securities Commission of the Bahamas. The SEC asserts that SureTrader was required to register with the SEC.  SureTrader did not register with the SEC. Because SureTrader operated as a foreign-broker dealer without registering with the SEC, the SEC alleges that it violated the federal securities laws, and additionally alleges that Gentile, had the power to control SureTrader and its policies that resulted in SureTrader's violations.

Gentile denies the SEC's claims. He maintains that SureTrader—which was registered with the Securities Commission of the Bahamas—was not required to register because 15a-6 states that a foreign broker-dealer shall not register if it effects transactions with or for persons that have not been solicited by the foreign broker or dealer, a specific exemption to the SEC's registration requirements. Gentile contends that SureTrader went to great lengths to ensure U.S. customers were not solicited, including language such as "Not Intended for U.S. Persons" in banner advertisements, a prominent pop-up disclaimer on SureTrader's website, an agreement customers were required to sign acknowledging they were not solicited before they could open an account

4

with SureTrader, and an IP-detection tool to screen U.S.-based visitors to the website. Gentile contends he was not the control person, and that otherwise under Bahamian law he could not be the control person of SureTrader, for purposes of compliance with registration requirements. Gentile also contends that, even if he was the control person, during the times he was active in SureTrader's management (which was not during the entire time period alleged by the SEC), he operated in good faith and SureTrader designed and implemented policies and procedures to prevent solicitation of U.S. customers, including in consultation with compliance officers and attorneys, and relied on assurances from the SEC and FINRA beginning in 2012 that SureTrader was exempt from registration.

Burden of proof:

The SEC has the burden of proving its case by what the law calls a "preponderance of the evidence." That means that the SEC must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring the SEC and the evidence favoring the Defendants on opposite sides of balancing scales, the SEC needs to make the scales tip to its side. If the SEC fails to meet this burden as to the respective counts as to each Defendant, you must find in favor of the Defendants as to the applicable counts.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," a defendant has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the

defendant must prove for any affirmative defense. After considering all the evidence, if you decide that the defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very

important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the SEC will present its witnesses and ask them questions. After the SEC questions the witness, Gentile may ask the witness questions – this is called "cross-examining" the witness. Then Gentile will present his witnesses, and the SEC may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

7

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Stipulations[3]**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

---

[3] Eleventh Circuit Pattern Jury Instruction 2.1

## Use of Depositions[4]

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Also, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

---

[4] Eleventh Circuit Pattern Jury Instruction 2.2

## In-Trial Instructions on News Coverage[5]

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

---

[5] Eleventh Circuit Pattern Jury Instruction 2.7

**Post-Trial Instructions**

**Introduction[6]**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

---

[6] Eleventh Circuit Pattern Jury Instruction 3.1

**The Duty to Follow Instructions – Corporate Party Involved[7]**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

---

[7] Eleventh Circuit Pattern Jury Instruction 3.2.2

### The Duty to Follow Instructions – Government Entity or Agency Involved[8]

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

---

[8] Eleventh Circuit Pattern Jury Instruction 3.2.3 (modified)

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court[9]**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

[9] Eleventh Circuit Pattern Jury Instruction 3.3

15

### Credibility of Witnesses[10]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

---

[10] Eleventh Circuit Pattern Jury Instruction 3.4

**Impeachment of Witnesses Because of Inconsistent Statements[11]**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[11] Eleventh Circuit Pattern Jury Instruction 3.5.1

**Responsibility for Proof – Plaintiff's Claims**
**Preponderance of the Evidence[12]**

In this case it is the responsibility of the SEC to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each of the SEC's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the SEC.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each of the SEC claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

---

[12] Eleventh Circuit Pattern Jury Instruction 3.7.1

## The SEC's Claims

In this case, the SEC brings three claims, or counts. The first count is brought under Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") against SureTrader.  The second count is brought under Section 20(a) of the Exchange Act against Guy Gentile.  The third count is brought under Section 20(b) of the Exchange Act against Guy Gentile. I will now give you additional instructions on each count.

## Count I-Violations of Section 15(a)(1) of the Exchange Act

### Section 15(a)(1) of the Exchange Act

The SEC brings its first claim against Defendant SureTrader under Section 15(a)(1) of the Exchange Act, which governs registration of brokers and dealers with the SEC. A "broker" is defined in the Exchange Act as a person engaged in the business of effecting transactions in securities for the accounts of others.[13] A "dealer" means a person engaged in the business of buying and selling securities for such person's own account through a broker or otherwise.

The parties agree, and do not dispute that, at all relevant times:

1) SureTrader was a "broker," "dealer" and/or "broker-dealer" as defined in the Exchange Act;

2) SureTrader was registered and licensed with the Securities Commission of the Bahamas as a broker-dealer, and was therefore a "foreign broker-dealer"; and

3) SureTrader was not registered as a broker-dealer with the SEC.

Rule 15a-6(a)(1) provides: "A foreign broker or dealer **shall** be exempt from the registration requirements of sections 15(a)(1) . . . of the [Exchange] Act to the extent that the

---

[13] 15 U.S.C. § 78c(a)(4).

foreign broker or dealer . . . [e]ffects transactions in securities with or for persons that have not been solicited by the foreign broker or dealer[.]"[14] Because the SEC bears the burden of proving that a broker-dealer must register, it bears the burden of proving the Rule 15a-6(a)(1) exemption does not apply.[15]  That is, the SEC must establish by a preponderance of the evidence that transactions SureTrader effected with or for U.S. persons were U.S. persons whom were solicited.

Solicitation means the marketing of a financial product or service initiated by an entity to a particular consumer.[16] A solicitation does not, however, include communications that are directed at the general public without regard to the consumer's personal information, even if those communications are intended to encourage consumers to purchase financial products and services from the entity initiating the communications.[17]

---

[14] 17 C.F.R. § 240.15a-6.; *Cap. Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 231 (2d Cir. 2012).

[15] *See* 17 C.F.R. § 240.15a-6 (Exemption of Certain Foreign Brokers or Dealers) ("A foreign broker or dealer shall be exempt from registration requirements of sections 15(a)(1) or 15B(a)(1) of the Act to the extent that he foreign broker or dealer: (1) Effects transactions in securities with or for persons that have not been solicited by the foreign broker or dealer."). *But see SEC v. Ralston Purina Co*., 346 U.S. 119 (1953) (distinguishable on the ground that court was considering registered "offerings" in the U.S. which "are available" not rule 15a-6);  *UBS Asset Mng't (New York) Inc. v. Wood Gundy Corp.*, 914 F. Supp. 66, 77 (S.D.N.Y. 1996) (non-SEC action).

[16] *See* CFTC, *Q & A – Final Regulations on Protection of Consumer Information Under the Fair Credit Reporting Act* at 2, http://tinyurl.com/3r5b87x8 (last accessed May 19, 2024).

[17] *Id.*; *see also* ABA Model Rule 7.3(a) (Solicitation of Clients) ("'Solicitation' or 'solicit' denotes a communication initiated by or on behalf of a lawyer or law firm that is directed to a specific person the lawyer knows or reasonably should know needs legal services in a particular matter and that offers to provide, or reasonably can be understood as offering to provide, legal services for that matter."), https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_7_3_direct_contact_with_prospective_clients/?login (last accessed May 19, 2024).

**Count II- Section 20(a) of the Exchange Act[18]**
**Controlling Person Liability under Section 20(a)[19]**

I will now instruct you as to the SEC's second claim.

The SEC also asserts a claim against Defendant Gentile under Section 20(a) of the Exchange Act. Under Section 20(a), an individual Defendant may be secondarily liable even if he did not personally commit a Section 15(a) violation, if he was a "controlling person" of a company that itself is a primary violator of the securities laws. Here, the SEC claims that even if the Gentile is not a primary violator of Section 15(a), he is secondarily liable under Section 20(a) because SureTrader violated Section 15(a) and Gentile was a controlling person of SureTrader.

To prove that Gentile is liable as a controlling person under Section 20(a), the SEC must prove by a preponderance of the evidence:

First:      That SureTrader committed a violation of Section 15(a);

Second:      That Gentile had the power to control the general affairs of SureTrader at the time it violated Section 15(a); and

Third:      That Gentile had the power to directly or indirectly control or influence the specific corporate policy or act which resulted in the Section 15(a) violation.

Additionally, if you find that Gentile violated Section 20(a), you must also decide whether the SEC proved that Gentile violated Section 20(a) knowingly. The SEC bears the burden of showing Gentile was a control person under Section 20(a).

---

[18]  15 U.S.C. § 78t(a); *Curry v. TD Ameritrade, Inc.,* 662 Fed. Appx. 769, 772 (11th Cir. 2016); *Mizzaro v. Home Depot, Inc.,* 544 F. 3d 1230, 1237 (11th Cir. 2008);  Ninth Circuit Patten Jury Instructions, 18.10 (2017).

[19] Jury Instructions 26–27, *In re BankAtlantic Bancorp, Inc.*, No. 07-61542-CIV (S.D. Fla. Nov. 9, 2010) [ECF No. 635], *aff'd on other grounds sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012).

Defendant Gentile puts forth the affirmative defense that even if he was a controlling person under Section 20(a), he is not liable under Section 20(a) based on a good faith defense. Under Section 20(a), an individual Defendant can establish a good faith defense by proving by a preponderance of the evidence that he did not act recklessly in inducing, either directly or indirectly, the act or acts constituting the primary Section 15(a) violation.

### Count III-Section 20(b) of the Exchange Act[20]

I will now instruct you as to the SEC's third claim. The SEC has charged Mr. Gentile with violation of Section 20(b) of the Exchange Act. Section 20(b) of the Exchange Act makes it unlawful for any person, directly or indirectly, to do any act or thing which it would be unlawful for such person to do under the provisions of this title or any rule or regulation thereunder through or by means of any other person.

To prevail on this claim, the SEC must establish by a preponderance of the evidence that Mr. Gentile, directly or indirectly, acted through or used SureTrader to violate Section 15(a)(1) by failing to register with the SEC.

---

[20] 15 U.S.C. § 78t(b).

**Duty to Deliberate When Both Plaintiff and Defendant Claim Damages
or When Damages are not an Issue[21]**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[21] Eleventh Circuit Pattern Jury Instruction 3.8.2

## **Court's Duty to Decide Remedies**[22]

If you determine that the Commission has proved any Defendant liable on any of the

Counts, then I alone will determine the remedy or remedies to impose at a later date.

---

[22] Eleventh Circuit Pattern Jury Instructions 6.1, 6.2, 6.3.2, 6.4, 6.7, 6.8, and 6.9 (each including instruction that " If you find that the SEC has proved one or more of its claims against [name of defendant], I alone will determine the remedy or remedies to impose at a later date.]").

## <u>Note-taking[23]</u>

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

[23] Adapted from Eleventh Circuit Criminal Pattern Jury Instructions (2024), Instruction S-5.

**Election of Foreperson Explanation of Verdict Form[24]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

---

[24] Eleventh Circuit Pattern Jury Instruction 3.9.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-21079-BLOOM/Torres**

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

**v.**

**MINTBROKER INTERNATIONAL, LTD.,**
**f/k/a SWISS AMERICA SECURITIES LTD.**
**and d/b/a SURETRADER, and**
**GUY GENTILE, a/k/a GUY GENTILE NIGRO,**

      **Defendants.**
_____/

## VERDICT FORM

We the jury unanimously respond to the following questions as follows:

1) **Count I – Has the SEC proven by a preponderance of the evidence that SureTrader violated Section 15(a) of the Securities Exchange Act of 1934?**

YES_____ NO_____

If you answered NO, do not complete the rest of this Verdict Form, and please have the foreperson sign and date the verdict form.

If you answered YES, please go to Question 2.

2) **Count II – Has the SEC proven by a preponderance of the evidence that Gentile is liable under Section 20(a)?**

YES_____ NO_____

Please go to Question 3.

27

**3)  Count III - Has the SEC proven by a preponderance of the evidence that Gentile is liable under Section 20(b)?**

YES_____ NO_____

If you have answered NO to the first question or have answered all three questions, please have the foreperson sign and date the verdict form.

SO SAY WE ALL

Foreperson's Signature_____

Date_____