UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21079-BLOOM/Torres

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## NOTICE OF FILING COURT'S JURY INSTRUCTIONS AND VERDICT FORM

**THIS CAUSE** is before the Court following the charge conference in this case, held on June 27, 2024. *See* ECF No. [307]. At the charge conference, the Court notified Plaintiff Securities and Exchange Commission and Defendant Guy Gentile that it would circulate the Court's Jury Instructions and Verdict Form for the parties' review. Accordingly, the Court advises the parties of the attached Jury Instructions and Verdict Form the Court intends to read and submit to the jury in this cause.

**DONE AND ORDERED** in Chambers at Miami, Florida on June 28, 2024.

                                            _____
                                            **BETH BLOOM**
                                            **UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

Case No. 21-cv-21079-BLOOM/Torres

# COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any

witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. The parties have stipulated to the following facts:

1. SureTrader was a "broker," "dealer" and/or "broker-dealer" as defined in the Exchange Act engaged in interstate commerce;

2. SureTrader was registered and licensed with the Securities Commission of the Bahamas as a broker-dealer, and was therefore a "foreign broker-dealer";

3. SureTrader was never registered as a broker-dealer with the SEC;

4. SureTrader was not an associated person of a registered SEC broker-dealer.

### Responsibility for Proof – Plaintiff's Claims
### Preponderance of the Evidence

In this case it is the responsibility of the SEC to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each of the SEC's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the SEC.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each of the SEC claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

### Responsibility for Proof – Defendant's Affirmative Defenses
### Preponderance of the Evidence

In this case, Mr. Gentile asserts the affirmative defenses of an exemption to the registration requirements and good faith. Even if the SEC proves its claims by a preponderance of the evidence, Mr. Gentile can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately. I caution you that Mr. Gentile does not have to disprove the SEC's claims, but if Mr. Gentile raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

### The SEC's Claims

In this case, the SEC brings three claims or counts. The first count is brought under Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") against SureTrader. The second count is brought under Section 20(a) of the Exchange Act against Mr. Gentile. The third count is brought under Section 20(b) of the Exchange Act against Mr. Gentile.

I will now give you instructions on counts I, II and III. The relevant time period for this case is March 2016 to November 2019.

Case No. 21-cv-21079-BLOOM/Torres

**Count I-Violations of Section 15(a)(1) of the Exchange Act**

The SEC brings its first claim against Defendant SureTrader under Section 15(a)(1) of the Exchange Act, which governs registration of brokers and dealers with the SEC.

In its first claim, the SEC has charged SureTrader with violations of Section 15(a)(1) of the Exchange Act. Section 15(a)(1) of the Exchange Act makes it illegal for a "broker" or "dealer" to use the mails or any means of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of any security unless such entity : (1) is registered with the SEC; (2) in the case of a natural person, is an associated person of a registered broker-dealer; or (3) satisfies the conditions of an exemption or safe harbor. The SEC need only show that a defendant functioned as a "broker" or "dealer" as the term is defined in the Exchange Act, regardless of the person's intent, to establish a violation.

A "broker" is defined in the Exchange Act as a person engaged in the business of effecting transactions in securities for the accounts of others. A "dealer" means a person engaged in the business of buying and selling securities for such person's own account through a broker or otherwise. Those who buy and sell securities for their own account or as part of a regular business must register with the SEC as securities dealers.

The parties agree, and do not dispute that, at all relevant times:

1) SureTrader was a "broker," "dealer" and/or "broker-dealer" as defined in the Exchange Act;

2) SureTrader was registered and licensed with the Securities Commission of the Bahamas as a broker-dealer, and was a "foreign broker-dealer"; and

3) SureTrader was not registered as a broker-dealer with the SEC.

Case No. 21-cv-21079-BLOOM/Torres

**Gentile's Affirmative Defense - Exemption**

Mr. Gentile asserts an affirmative defense of an exemption. Rule 15a-6(a)(1) describes certain limited exemptions from the Exchange Act's broker-dealer registration requirement for foreign brokers who participate in certain activities with U.S. investors and securities markets. Rule 15a-6(a)(1) provides an affirmative defense to the SEC's claim that SureTrader failed to register. Specifically, Rule 15a-6(a)(1) states that "A foreign broker or dealer shall be exempt from the registration requirements of sections 15(a)(1) . . . of the [Exchange] Act to the extent that the foreign broker or dealer . . . [e]ffects transactions in securities with or for persons that have not been solicited by the foreign broker or dealer[.]" A defendant claiming an exemption from registration under Rule 15a-6(a)(1) bears the burden of establishing that an exemption applies.

Mr. Gentile claims that SureTrader was exempt from broker-dealer registration under Rule 15(a)-6(a)(1) because it has not solicited customers in the United States with or for whom it was effecting securities transactions between March 2016 and November 2019. Here, Mr. Gentile must establish by a preponderance of the evidence that SureTrader has not solicited customers in the United States.

Solicitation is construed broadly to include both efforts to induce a single transaction and efforts to develop an ongoing securities business relationship. In the context of the Exchange Act's broker-dealer registration requirement, solicitation includes any affirmative effort by a broker or dealer intended to induce transactional business for the broker-dealer.

If you find the evidence supports, by a preponderance of the evidence, that Mr. Gentile acted in good faith or that Suretrader is exempt from broker-dealer registration under Rule 15(a)-6(a)(1), you shall find in favor of Mr. Gentile on the claims asserted against him.

**Count II- Section 20(a) of the Exchange Act**
**Controlling Person Liability under Section 20(a)**

I will now instruct you as to the SEC's second claim.

The SEC also asserts a claim against Mr. Gentile under Section 20(a) of the Exchange Act. Under Section 20(a), an individual may be liable if he was a "controlling person" of a company that itself has violated the securities laws.

To prove that Mr. Gentile is liable as the controlling person under Section 20(a), the SEC must prove by a preponderance of the evidence:

<u>First</u>:   That SureTrader committed a violation of Section 15(a);

<u>Second</u>:   That Mr. Gentile had the power to control the general business affairs of SureTrader at the time it violated Section 15(a); and

<u>Third</u>:   That Mr. Gentile had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the Section 15(a) violation.

The SEC bears the burden of showing Mr. Gentile was a control person of SureTrader under Section 20(a) from March 2016 to November 2019 for purposes of compliance with Section 15(a)(1).

For purposes of this instruction, a person includes a company.

A defendant is liable as a controlling person under section 20(a) if he had the power to control the general affairs of the entity at the time the entity violated the securities laws and had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the violation of the securities law. If you find that the SEC has proven these elements, you may nonetheless find Mr. Gentile is not liable under Section 20(a) based on a good faith

defense or that Suretrader is exempt from the Exchange Act's broker-dealer registration requirements for foreign brokers.

### Gentile's Affirmative Defense to Count II – Good Faith

Under Section 20(a), Mr. Gentile can establish a good faith defense by proving by a preponderance of the evidence that he did not act recklessly and did not induce, either directly or indirectly, the act or acts constituting the primary Section 15(a) violation by SureTrader.

Recklessness is a heightened standard of culpability, and a person acts "recklessly" only when he consciously disregards a substantial and unjustifiable risk…in gross deviation from accepted standards.

### Gentile's Affirmative Defense to Count II - Exemption

If you find that the SEC has proven these elements, you may nonetheless find Mr. Gentile is not liable under Section 20(a) based on his affirmative defense that SureTrader is exempt from the Exchange Act's broker-dealer registration requirements for foreign brokers under Rule 15a-6(a)(1). I have already instructed you on the exemption defense and that Mr. Gentile has the burden to prove this defense by a preponderance of the evidence.

### Count III-Section 20(b) of the Exchange Act

I will now instruct you as to the SEC's second claim against Gentile (Count III). The SEC has claimed that Mr. Gentile violated Section 20(b) of the Exchange Act. Section 20(b) of the Exchange Act makes it unlawful for any person, directly or indirectly, to do any act or thing which it would be unlawful for such person to do under the provisions of this title or any rule or regulation thereunder through or by means of any other person.

To prevail on this claim, the SEC must prove each element by a preponderance of the evidence that:

<u>First</u>:  Mr. Gentile knowingly, either directly or indirectly, through SureTrader;

<u>Second</u>:   Engaged in unregistered broker activity in violation of Section 15(a)(1).

A finding of liability under Section 20(b) does not require a finding of control of SureTrader by Mr. Gentile.

The term "knowingly" means that one acts with an intent to deceive, manipulate, or defraud. But someone doesn't act knowingly if he acts inadvertently, carelessly, or by mistake.

### Gentile's Affirmative Defense to Count III - Exemption

If you find that the SEC has proven these elements, you may nonetheless find Mr. Gentile is not liable under Section 20(b) based on his affirmative defense that Suretrader is exempt from the Exchange Act's broker-dealer registration requirements for foreign brokers under Rule 15a-6(a)(1). I have already instructed you on the exemption defense and that Mr. Gentile has the burden to prove this defense by a preponderance of the evidence.

### Duty to Deliberate When Damages are not an Issue

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Court's Duty to Decide Remedies

If you determine that the Commission has proved any Defendant liable on any of the Counts, then I alone will determine the remedy or remedies to impose at a later date.

### Note-Taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

### Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please

understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Case No. 21-cv-21079-BLOOM/Torres

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-BLOOM/Torres

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## **VERDICT FORM**

We the jury unanimously respond to the following questions as follows:

**Count I:**

    1(a).   Did the SEC prove by a preponderance of the evidence that SureTrader was required to register under Section 15(a)(1) of the Exchange Act?

    YES_____ NO_____

If you answered YES to (1)(a), please go to Question (1)(b). If your answer is NO, do not complete the rest of this Verdict Form, and please have the foreperson sign and date the verdict form.

    1(b).   Did Mr. Gentile prove by a preponderance of the evidence that SureTrader qualified for the Rule 15a-6(a)(1) exemption to Section 15(a)(1) of the Exchange Act's requirement to register with the SEC?

    YES_____ NO_____

If you answered YES to 1(b), do not complete the rest of this Verdict Form, and please have the foreperson sign and date the verdict form.

If you answered NO to 1(b), please go to Question 2(a).

**Count II:**

    2(a).    Did the SEC prove by a preponderance of the evidence that Mr. Gentile is liable as a control person under Section 20(a) for SureTrader's failure to register under Section 15(a)(1) of the Exchange Act ?

    YES_____ NO_____

If you answered YES to (2)(a), please go to Question (2)(b). If your answer is NO, do not answer 2(b) and proceed to Question 3(a).

    2(b).    Did Mr. Gentile prove by a preponderance of the evidence that he acted in good-faith and did not induce Suretrader to fail to register with the SEC??

    YES_____NO_____

If you answered YES to Question 2(b), Please skip 2(c) and go to Question 3(a). If you answered NO, please answer Question 2(c).

    2(c).    Did Mr. Gentile prove by a preponderance of the evidence that SureTrader qualified for the Rule 15a-6(a)(1) exemption to Section 15(a)(1) of the Exchange Act's requirement to register with the SEC?

    YES_____NO_____

If you answered YES to 2(c), do not complete the rest of this Verdict Form, and please have the foreperson sign and date the verdict form. If you answered NO, proceed to Question 3(a).

**Count III:**

      3(a).    Did the SEC prove by a preponderance of the evidence that Mr. Gentile directly or indirectly induced SureTrader to engage in unregistered broker activity in violation of Section 15(a)(1)?

      YES_____ NO_____

If you answered NO to 3(a), do not complete the rest of this Verdict Form, and please have the foreperson sign and date the verdict form. If you answered YES, proceed to Question 3(b).

      3(b)    Did Mr. Gentile prove by a preponderance of the evidence that SureTrader qualified for the Rule 15a-6(a)(1) exemption to Section 15(a)(1) of the Exchange Act's requirement to register with the SEC?

      YES_____ NO_____

**Please have the foreperson sign and date the verdict form**.

SO SAY WE ALL

Foreperson's Signature_____

Date_____