UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO AMEND TWO JURY INSTRUCTIONS

Plaintiff Securities and Exchange Commission ("SEC") moves the Court to amend the Court's Jury Instructions and Verdict Form ("Jury Instructions"), ECF No. [308], to correct the following two instructions that, respectfully, if provided to the jury would create legal errors in this case: (1) the addition of the words "good faith" as an affirmative defense to the SEC's Section 15(a)(1) claim against SureTrader in Count I; and (2) including a definition of "knowingly" in Count III that requires "an intent to deceive, manipulate or defraud" in a case that does not involve fraud or other scienter-based charge.

### Discussion

The portion of the Jury Instructions that specifically set out the elements of the three Counts brought by the SEC, followed by Gentile's affirmative defenses to each count, are supported by law except with respect to two instructions that are not supported by law in the Eleventh Circuit.

### *(1) The addition of "good faith" as an affirmative defense to Section 15(a)(1)*

The Court's Jury Instructions included an affirmative defense instruction as to the SEC's Count I, SureTrader's violations of Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"). The title of the instruction accurately reflects that the only affirmative defense to a registration violation is an exemption, specifically in this case an exemption under Rule 15a-6(a)(1). However, the final paragraph of the instruction provides:

> If you find the evidence supports, by a preponderance of the evidence **that Mr. Gentile acted in good faith or** that Suretrader is exempt from broker-dealer registration under Rule 15a-6(a)(1), you shall find in favor of Mr. Gentile on the claims asserted against him.

Jury Instructions, ECF No. [308] at p. 8 (emphasis added).

While the jury must consider good faith in considering Section 20(a), referring to good faith in Count I risks confusing the jury into thinking that it must also consider good faith in whether SureTrader was exempt from registration. It has long been established that the registration requirements under the securities laws impose strict liability and good faith is not a defense. *SEC v. Merchant Capital, LLC,* 311 F. App'x 250, 252-53, 2009 WL 294751 *2 (11th Cir. 2009) (holding that both Section 5 securities registration violations and Section 15(a) broker-dealer registration violations are strict liability violations);*see also SEC v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004) ("[t]he Securities Act of 1933 imposes strict liability on offerors and sellers of unregistered securities ... regardless of ... any degree of fault, negligent or intentional, on the seller's part.") (*quoting Swenson v. Engelstad*, 626 F.2d 421, 424 (5th Cir.1980)); *SEC v. Holschuh*, 694 F.2d 130, 137 n.10 (7th Cir. 1982) (holding that in the context of private offering case, "good faith is not relevant to whether there has been a primary violation of the registration requirements.").

The SEC respectfully requests that the phrase "that Mr. Gentile acted in good faith or" be eliminated from current instruction on Count I.

### *(2) A fraud requirement as an element of the SEC's non-fraud Section 20(b) Claim*

The Court's Jury Instruction regarding the SEC's Section 20(b) claim against Gentile in Count III requires an "intent to deceive, manipulate, or defraud" that is necessary in an instruction for a fraud-based claim under the securities laws but is improper in this non-fraud case. The instruction provides:

> To prevail on this claim, the SEC must prove each element by a preponderance of the evidence that:
>
> > First: Mr. Gentile knowingly, either directly or indirectly, through SureTrader;
> >
> > Second: Engaged in unregistered broker activity in violation of Section 15(a).
>
> A finding of liability under Section 20(b) does not require a finding of control of SureTrader by Mr. Gentile.
>
> **The term "knowingly" means that one acts with intent to deceive, manipulate, or defraud.** But someone doesn't act knowingly if he acts inadvertently, carelessly, or by mistake.

Jury Instructions, ECF No. [308] at p. 11 (emphasis added). The SEC respectfully requests that this highlighted phrase be deleted.

Defining "knowingly" to require the SEC to show that Gentile acted with "an intent to deceive, manipulate, or defraud" cannot be squared with the strict liability nature of the relevant violation of law and would confuse the jury into thinking it has to find that Gentile intended to deceive or defraud someone. This trial is not about deception or fraud. As the Court's Section 20(b) instruction explains, the relevant question is whether Gentile knowingly used SureTrader

3

to engage in unregistered broker activity in violation of Section 15(a). If the Court believes that the jury needs a definition of "knowingly" the SEC requests the following:

> "To act knowingly means intentionally committing the act which constitutes the violation. It does not require proof of evil motive, or intent to violate the law, or knowledge that the law was being violated, but someone doesn't act knowingly if he acts inadvertently, carelessly, or by mistake."[1]

### Certificate of Conferral under Local Rule 7.1(a)(3)

Undersigned counsel has conferred with opposing counsel, who oppose the relief sought.

June 28, 2024

Respectfully submitted,

/s/Alice Sum
Alice Sum
Senior Trial Counsel
Fla Bar No.: 354510
Phone: (305) 416-6293
Email: sumal@sec.gov

Russell Koonin
Senior Trial Counsel
Fla. Bar No. 0474479
Direct Dial: (305) 982-6390
Email: kooninr@sec.gov

*Attorneys for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

---

[1] To act willfully or knowingly "does not require proof of evil motive or bad intent." *See United States v. Ortiz*, No. 23-11028, 2024 WL 1251415, at *5 (11th Cir. Mar. 25, 2024). "All that is required is proof that the [defendant] acted intentionally in the sense that he was aware of what he was doing," and the Commission is not required to offer "proof of evil motive, or intent to violate the law, or knowledge that the law was being violated." *Arthur Lipper Corp. v. S.E.C.*, 547 F.2d 171, 180 (2d Cir. 1976) (*discussing* 2 Loss, Securities Regulation 1309 (1961)).