# Exhibit F

DATE: 17th March 2016

IRREVOCABLE DISCRETIONARY SETTLEMENT

BETWEEN

GUY GENTILE

(the Settlor)

AND

DELTEC BANK & TRUST LIMITED
(the Original Trustee)

SEC-FL-03848-E-0049499

**TABLE OF CONTENTS**

Page

1.   NAME OF SETTLEMENT...........................................................................................1

2.   DEFINITIONS AND INTERPRETATION.................................................................1

3.   PROPER LAW AND FORUM OF ADMINISTRATION ..........................................4

4.   POWER OF APPOINTMENT...................................................................................4

5.   TRUSTS IN DEFAULT OF APPOINTMENT AND OTHER POWERS..................5

6.   ULTIMATE DEFAULT TRUSTS ............................................................................6

7.   INCAPACITY AND MINORS...................................................................................7

8.   APPOINTMENT, RETIREMENT AND REMOVAL OF THE TRUSTEES.........7

9.   POWERS OF INVESTMENT AND ADMINISTRATION ........................................9

10.  PROTECTION FOR TRUSTEES .............................................................................9

11.  POWER TO ADD AND EXCLUDE BENEFICIARIES..........................................11

12.  EXERCISE OF TRUSTEE'S POWERS ..................................................................11

13.  DELEGATION ........................................................................................................11

14.  SPECIAL ENTITIES ..............................................................................................12

15.  REMUNERATION OF TRUSTEES........................................................................12

16.  NATURE OF SETTLEMENT .................................................................................13

17.  POWER TO AMEND..............................................................................................13

18.  PAYMENT OF TAXES...........................................................................................14

19.  PROVISIONS AS TO DISCLOSURE OF INFORMATION .................................14

20.  EXCLUSION OF PROVISIONS FOR COMMUNITY OF PROPERTY ..............15

21.  PROTECTION OF THIRD PARTIES IN DEALINGS WITH TRUSTEES..........15

     First Schedule    (Trustees Powers of Investment and Administration) .........17

     Second Schedule  (Trust Fund)..............................................................................22

     Third Schedule    (The Beneficiaries) ...................................................................22

     Fourth Schedule  (Special Entity) .........................................................................22

SEC-FL-03848-E-0049500

## IRREVOCABLE DISCRETIONARY SETTLEMENT

DATE:          17th March 2016

PARTIES:

**GUY GENTILE** of **LOT 104 OCEAN CLUB ESTATES, PARADISE ISLAND, THE BAHAMAS** (the "**Settlor**")

**AND**

**DELTEC BANK & TRUST LIMITED** a company incorporated and existing under the laws of The Commonwealth of The Bahamas (the "**Bahamas**"), duly licensed under the laws of the Bahamas to carry on trust business and having its Registered Office at Deltec House, Lyford Cay, New Providence, Bahamas (the "**Original Trustee**").

**WHEREAS** the Settlor wishes to make an irrevocable settlement as is hereinafter contained and to that end has transferred to the Original Trustee the assets mentioned in the Second Schedule to the intent that the same shall be held on the trusts and with and subject to the powers and provisions hereinafter declared and contained in this instrument ("**Settlement**") and it is anticipated that further monies or property may from time to time be transferred to the Trustee of this Settlement to be held upon the trusts hereof.

**NOW THIS SETTLEMENT WITNESSES AS FOLLOWS:**

1.   **Name of Settlement**

     This Settlement shall be called "The Swiss America Asset Trust" or by such other name as the Trustees may from time to time in their discretion resolve.

2.   **Definitions and Interpretation**

     (1)   In this Settlement the following words and expressions shall have the following meanings unless the context requires otherwise:

           (a)   "Beneficiaries": means the following objects or persons (whether or not such objects or persons are now in existence or come into existence during the Trust Period) other than any object or person being an Excluded Person:

SEC-FL-03848-E-0049501

      (i)     any person or persons or class of persons specified in the Third Schedule; and

      (ii)    such other objects or persons as are added from time to time pursuant to Clause 11(1).

(b)    "deed": means an instrument in writing.

(c)    "Excluded Person": means any person excluded by the Trustees from future benefit under this Settlement pursuant to Clause 11(2).

(d)    "Incapacity": means (i) being a minor; (ii) any legal incapacity, or (iii) any physical or mental disability or incapacity leading to an inability to give a reasoned consideration to financial or business matters, or (iv) any inability to communicate freely, as a result of kidnapping, forced confinement, or other form of coercion or undue influence and a person shall be deemed to be "Incapacitated" if he is a minor or found to be declared by the Trustees to be under an Incapacity pursuant to the provisions of Clause 7(1).

(e)    "minor": means any individual who has not attained the age of eighteen notwithstanding that such individual may by and in accordance with the law of his or her domicile be of full age and the expression "full age" shall be construed accordingly.

(f)    "Proper Law": means the law to the exclusive jurisdiction of which the rights of all parties and the construction and effect of each and every provision of this Settlement are subject and by which such rights construction and effect are construed and regulated.

(g)    "property": means and includes any real or personal property wheresoever situated and whether tangible or intangible and any right title or interest legal, equitable or otherwise in to or over such property as aforesaid.

(h)    "Special Entity": mean the company or companies (if any) named in the Fourth Schedule or any company subsequently designated in writing by the Settlor as a Special Entity pursuant to Clause 14(2).

(i)    "Spouse": means a husband or wife and shall include a widow or widower but not a divorced spouse.

(j)    "Trustee Act": means the Trustee Act (Chapter 176 of the Statute Laws of The Bahamas, 2009 Revised Edition), as amended from time to time.

(k)    "Trustees": means the Original Trustee or the other trustee or trustees for the time being of this Settlement.

-2-

SEC-FL-03848-E-0049502

(l)     "Trust Fund": means:

    (i)     the property specified in the Second Schedule;

    (ii)    all money, investments and property paid or transferred to and accepted by the Trustees as additions to the Settlement; and

    (iii)   money, investments and property from time to time representing the foregoing or any parts thereof.

(m)    "Trust Period":  means the period commencing on the date of this Settlement and, subject to such shorter period as the Trustees may from time to time (revocably or irrevocably) declare:

    (i)     to the extent that any part or the whole of the Trust Fund hereunder shall at any time comprise property received and accepted from another trust or settlement to which a maximum vesting or perpetuity period applies, in relation to such property, ending on the expiration of that maximum vesting or perpetuity period; and

    (ii)    in the event the Proper Law of the Settlement becomes the law of a jurisdiction that imposes a maximum duration for which assets may be held in trust, ending on expiration of such aforesaid period;

PROVIDED THAT in the absence of any such declaration and any circumstances in (i) and (ii) above, the Settlement shall be of perpetual duration.

(n)    "Charities": means any trust, foundation, company or other organization whatever established only for purposes regarded as charitable under the laws of the Bahamas and, if the Proper Law has been changed, also under the then Proper Law.

(2)   References to:

    (a)     children, issue or descendants for the purposes of this Settlement and notwithstanding any law to the contrary shall be interpreted to mean legitimate, legitimated or adopted children of any person to the exclusion of illegitimate children (if any) of any such person (unless such illegitimate children are specifically named herein);

    (b)     any gender shall include the other genders;

    (c)     a Clause, Paragraph or Schedule shall be a reference to a clause, paragraph or schedule of this Settlement unless the context shall otherwise dictate;

-3-

SEC-FL-03848-E-0049503

(d)    persons shall include individuals and companies;

(e)    companies include, where the context admits, any body corporate, partnership, foundation, organization or unincorporated association; and

(f)    Shares include, where the context admits, any shares, stocks, debentures, securities or other like rights or interests in any company.

(3)    The headings and sub-headings of this Settlement are inserted only for convenient reference and shall not affect in any manner the interpretation of the provisions to which they relate.

(4)    Where there are two or more "Settlors" named in this Settlement then the term "Settlor" as used herein shall mean all the Settlors jointly while they are all living and not Incapacitated and thereafter the survivor of them or the Settlor(s) who are not Incapacitated, as applicable, and the reference to the Settlor's estate shall mean a reference to the estate of any Settlor.

(5)    This Settlement may be executed in counterparts, all of which taken together shall constitute one instrument.

## 3.    Proper Law and Forum of Administration

(1)    This Settlement is established under the laws of the Bahamas and subject to any change in the Proper Law duly made according to the powers and provisions hereinafter declared the Proper Law shall be the law of the Bahamas and the Courts of the Bahamas shall be the forum for the administration hereof.

(2)    The Trustees may at any time or times and from time to time during the Trust Period by deed declare that the Proper Law shall from the date of such deed or from such other date as is specified therein or upon the occurrence of such circumstances as are specified therein, be the law of some other jurisdiction (not being a jurisdiction under the law of which (i) any of the trusts, powers and provisions herein declared and contained would not be enforceable or capable of being exercised and taking effect or (ii) this Settlement would be capable of being revoked) and that the forum for the administration thereof shall thenceforth be the courts of that jurisdiction but subject to the power conferred by this clause and until any further declaration be made hereunder and the Trustees shall have power so often as any such declaration as aforesaid shall be made to make such consequential alterations or additions in or to the trusts, powers and provisions hereof as the Trustees may consider necessary or desirable to ensure that the trusts powers and provisions hereof shall (mutatis mutandis) be as valid and effective as they are under the laws of the Bahamas.

-4-

SEC-FL-03848-E-0049504

4.    **Power of Appointment**

The Trustees shall hold the capital and income of the Trust Fund upon such trusts in favour or for the benefit of all or such one or more of the Beneficiaries, exclusive of the other or others of them, in such shares or proportions if more than one, and with and subject to such powers and provisions for their respective maintenance education or other benefit or for the accumulation of income (including administrative powers and provisions and discretionary trusts and powers to be executed or exercised by any person or persons whether or not being or including the Trustees), and so that the exercise of this power of appointment may be delegated to any extent, and in such manner generally, as the Trustees (subject to the application (if any) of the rule against perpetuities) by any deed or deeds, revocable during the Trust Period or irrevocable and executed during the Trust Period, may in their absolute discretion, appoint, PROVIDED ALWAYS that no exercise of this power shall invalidate any prior payment or application of all or any part or parts of the capital or income of the Trust Fund made under any other power or powers conferred by this Settlement or by law.

5.    **Trusts in Default of Appointment and Other Powers**

In default of and subject to any appointment under Clause 4:

(1)    The Trustees may pay or apply all or any part or parts of the income of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries, exclusive of the other or others of them, as shall for the time being be in existence, and in such shares if more than one and in such manner generally, as the Trustees may in their absolute discretion from time to time think fit.

(2)    Subject to the provisions of Sub-Clause 5(1) the Trustees shall accumulate the income of the Trust Fund during the Trust Period by investing or otherwise applying it and its resulting income from time to time in any applications or investments authorised by this Settlement, or by law, and, subject to Sub-Clause 5(3), shall hold such accumulations as an accretion of capital.

(3)    The Trustees may, at any time or times during the Trust Period, apply the whole or any part or parts of the income accumulated under Sub-Clause 5(2) as if it were income arising in the then current year.

(4)    Notwithstanding the trusts powers and provisions declared and contained in this Clause 5, the Trustees may:

(a)    at any time or times during the Trust Period pay or apply the whole or any part or parts of the capital of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries, exclusive of the other or others of them, in such shares if more than one and in such manner generally as the Trustees, in their absolute discretion, think fit;

-5-

SEC-FL-03848-E-0049505

(b)  (subject to the application (if any) of the rule against perpetuities) pay or transfer any income or capital of the Trust Fund to the trustees of any other trust, wherever established or existing, under which all or any one or more of the Beneficiaries is or are interested, or capable by the exercise of any power or discretion of becoming so interested, (notwithstanding that such other trust may also contain trusts powers and provisions discretionary or otherwise in favour of some other person or persons or objects) if the Trustees, in their absolute discretion, consider such payment or transfer to be for the benefit of all or such one or more of the Beneficiaries.

(5)  The Trustees shall have power to lend any part of the Trust Fund to a Beneficiary upon such terms (if any) as to security repayment rate of interest and otherwise as the Trustees in their absolute discretion may determine.

(6)  The Trustees shall have power to forgive or release any debt in whole or in part owing to the Trustees by any Beneficiary or company wholly or partially owned (whether directly or indirectly) by any such Beneficiary whether during the life of any such Beneficiary or after his death.

(7)  The Trustees shall have power at any time in the Trustees' discretion and on such terms as they consider fit to appropriate or to apply the capital or income of the Trust Fund or any part thereof in order to secure the payment of money owed by any Beneficiary or by any company wholly or partially owned (whether directly or indirectly) by any Beneficiary for the performance of any current or future obligations of any Beneficiary or company wholly or partially owned (whether directly or indirectly) by him and to give any guarantee or to become surety for any Beneficiary or company wholly or partially owned (whether directly or indirectly) by him and for such purposes to mortgage or charge any investments or property for the time being forming part of the Trust Fund or to deposit or transfer any such investments or property with or to any person by way of security.

6.   **Ultimate Default Trusts**

At the expiration of the Trust Period, the Trustees shall hold the income and capital of the Trust Fund:

(1)  Upon trust for all or such one or more exclusive of the other or others of the Beneficiaries in such shares and proportions if more than one and generally in such manner as the Trustees shall prior to or on the date of such expiration in their absolute discretion determine and in default of and subject to such determination upon trust for such of the Beneficiaries as shall then be in existence and if more than one in equal shares absolutely.

SEC-FL-03848-E-0049506

(2)     Subject to Sub-Clause 6(1), upon trust as to both capital and income of the Trust Fund for **The Stock USA Trust** of **321 S. Dixie Hwy, West Palm Beach, Florida** absolutely.

7.     **Incapacity and minors**

(1)     In the event that a Beneficiary is believed by the Trustees to be under an Incapacity, the Trustees may (but are not required to) declare in writing that such person is Incapacitated. The Trustees shall be entitled to rely on such evidence as they shall in their discretion think fit to establish the death or the Incapacity of any person. Without limitation to the foregoing, the Trustees may (but are not required to) rely conclusively upon any of the following (i) the written opinion of the individual's primary physician or any other two physicians stating that the individual is under a physical or mental disability rendering him unable to give a reasoned consideration to financial or business matters, (ii) the written notice of a majority of such individual's spouse and adult children stating that they have received credible evidence that such individual has disappeared, is unaccountably absent or is being detained under duress, or (iii) the written order of a court of competent jurisdiction. PROVIDED THAT the Trustees shall have acted in good faith in this respect any declaration by the Trustees that a person is under an Incapacity shall be conclusive and binding on all persons and the Trustees shall not be liable and shall be held harmless for making such a declaration or taking any action or for any action taken by any other person as a result thereof.

(2)     If any payment is to be made to a Beneficiary who is a minor or who has been declared by the Trustees to be Incapacitated, the Trustees may pay the same to the parent or guardian or person having custody of such Beneficiary (the "Guardian") to be applied by such Guardian for the benefit of that Beneficiary without the Trustees being under any further liability to see to the application thereof and so that any such payment shall be a good discharge to the Trustees or the Trustees may hold the same and the income thereof upon trust for such Beneficiary subject to the same powers and provisions of this Settlement until he shall become of full age (or his period of Incapacity shall end) with full power on the part of the Trustees in their absolute discretion to pay the whole or some of the capital and the income thereon (without regard to any other means of support of such Beneficiary) to or for the benefit of such Beneficiary during his minority (or his period of Incapacity) provided always that if the said Beneficiary shall die before reaching full age (or while he is Incapacitated) the Trustees shall hold the same for his estate absolutely.

8.     **Appointment, Retirement and Removal of the Trustees**

(1)     The number of Trustees shall not exceed three.

(2)     The power to appoint new or additional Trustees of this Settlement shall vest in the Settlor provided always that no additional Trustee may be appointed without

-7-

SEC-FL-03848-E-0049507

the prior written consent of the current Trustee and if more than one by a majority of the current Trustees. In the event of the Incapacity of the Settlor such power shall vest in the Settlor's Sister, Elvira Pietraniello of Yorktown, New York PROVIDED THAT in the event the Settlor's Sister is Incapacitated or no longer living such power shall vest in the person given such power by the Proper Law.

(3)    If any Trustee shall at any time desire to withdraw and be discharged from the trusts of this Settlement such Trustee may do so by giving not less than 60 days notice in writing to the Settlor (if the Settlor is still living and not Incapacitated) and to the other Trustees (if any) and the Settlor (if the Settlor is still living and not Incapacitated) within 60 days of receipt of such notice (failing which the Trustee) shall appoint one or more additional Trustees and shall then give notice to such additional Trustee or Trustees as aforesaid. The withdrawal or discharge of any outgoing Trustee (being the only Trustee in office) shall not take effect until the acceptance of the appointment as Trustee by deed of the additional Trustee or Trustees.

(4)    In the event of a Trustee ceasing to be a Trustee hereof he shall prior to his discharge from the trusts of this Settlement do or cause to be done all such acts and deeds as are necessary for the proper vesting of the Trust Fund in the continuing or new or additional Trustees as the case may be.

(5)    All such acts and deeds as aforesaid shall be done at the expense of the income or capital of the Trust Fund PROVIDED THAT an outgoing Trustee who is liable as a trustee hereof or who may at the death of any person be liable as a former trustee hereof for any taxes which may be imposed by the Proper Law or elsewhere or for any other liabilities whether existing future, contingent or otherwise shall not be bound to transfer the Trust Fund unless reasonable security is provided for indemnifying such outgoing Trustee against such liability.

(6)    Provided always that the Settlor may at any time by deed remove any Trustee and may by deed appoint any other person or persons to be a trustee or trustees in the place of such first mentioned Trustee who will, subject to Sub-Clause 8(4) above, thereupon do and perform such acts or things as may be required to transfer the Trust Fund into the name or names or under the legal control of the continuing Trustees or of the Trustees so appointed and any appointment of new Trustees under the provisions of this Sub-Clause after the removal of the existing Trustees shall prevail and override any purported appointment made under any other provision of this Settlement.

(7)    If a Trustee retires or is removed from the trusts of this Settlement such trustee shall be released ipso facto from all claims demands actions proceedings and accounts of any kind on the part of any person (whether in existence or not) actually or prospectively interested under the Settlement for or in respect of the Trust Fund or the income of the Trust Fund or the trusts of this Settlement or any act or thing done or omitted in execution or purported execution of such trusts other than and except only actions:

SEC-FL-03848-E-0049508

      (a)     Arising from such Trustee's (or, in the case of a corporate trustee, any of its officers) own fraud or willful misconduct or gross negligence; or

      (b)     To recover from such Trustee trust property or the proceeds of trust property in the possession of such Trustee (or, in the case of a corporate trustee, any of its officers) and converted to his use.

## 9. Powers of Investment and Administration

(1)     In addition to all the powers vested in Trustees by law, or statute, or by the provisions of this Settlement, the Trustees (without the intervention of any Beneficiary) shall have all the powers set out in the First Schedule (which shall for all purposes be deemed to form part of this Settlement), and may in their absolute discretion, exercise all or any of the same, from time to time, in such manner and to such extent, if at all, as may seem to them desirable.

(2)     The Trustees may engage the services of such investment counsel adviser or manager ("the Investment Adviser") as the Trustees may from time to time think fit (including any of the Trustees or any parent subsidiary or affiliate or any of the Trustees) in order to obtain advice on the investment and reinvestment of the Trust Fund AND to delegate to the Investment Adviser without being liable for any consequential loss, discretion to manage the portfolio or any part thereof within the limits and for the period stipulated by the Trustees AND the Trustees:

      (a)     shall settle the terms and conditions for the remuneration of the Investment Adviser and the reimbursement of the Investment Adviser's expenses as in their uncontrolled discretion they consider proper and such remuneration and expenses may be paid by the Trustees from and out of the Trust Fund, and

      (b)     shall not be liable for any action taken in good faith pursuant to or otherwise in accordance with the advice of the Investment Adviser.

(3)     In exercising any of their powers of investment the Trustees shall not be bound to have regard to the criteria set out in Sub-sections (1) (b) and (c), (2) (a) through (g) (inclusive) and (5) of Section 5 of the Trustee Act.

(4)     Sub-sections (2), (3) and (4) of Section 89 of the Trustee Act which deal with apportionment between capital and income shall not be applicable to this Settlement.

(5)     The statutory powers of maintenance and advancement contained in Sections 37 and 38 of the Trustee Act shall not be applicable to this Settlement.

## 10. Protection for Trustees

(1)     The Trustees shall not be accountable for any remuneration or other benefit received by them from any company in which Shares are for the time being held

SEC-FL-03848-E-0049509

by the Trustees as trustees hereof except to the extent (if any) to which such remuneration or other benefit is received by the Trustees by reason of such Shares being in the names of the Trustees as trustees hereof.

(2)    No Trustee shall be liable for any loss to the Trust Fund arising by reason of any improper investment made in good faith or in consequence of the failure depreciation or loss of any investment or investments made in good faith or for the negligence or fraud of any agent employed by such Trustee or by any other Trustee hereof although the employment of such agent was not strictly necessary or expedient or by reason of any mistake or omission made in good faith by any Trustee hereof or by reason of any other matter or thing except individual fraud, willful misconduct or gross negligence on the part of the Trustee who is sought to be made liable.

(3)    The Trustees shall be entitled to exoneration and indemnification out of the Trust Fund for any liability, loss or expense incurred hereunder and for any judgment recovered against and paid by the Trustees as such other than liability loss expense or judgment arising out of the fraud, willful misconduct or gross negligence of the Trustees.

(4)    The Trustees shall have power to secure from any Beneficiary a full and complete release from and indemnity against any and all liabilities whatever attributable to any act or omission to act in any manner whatsoever with respect to the investment of the assets of the Trust Fund retention of any or all trust assets and the sale or disposition of any or all trust assets and any release or indemnity given hereunder shall be conclusively binding on all Beneficiaries and other persons having an interest in the Trust Fund (including minors and unborn issue heirs or appointees who may then have or thereafter acquire any interest in the Trust Fund).

(5)    No bond or other security shall be required of the Trustees for the due and faithful administration of the Trust Fund or for the discharge of the trusts of this Settlement.

(6)    Notwithstanding any other provisions of this Settlement, the Trustees shall not be obliged to part with the capital or income of the Trust Fund:

(a)    to the extent that the Trustees have, or might have, any liability; or

(b)    to the extent that the capital or income of the Trust Fund stands as security, by way of charge, pledge, right of set-off or otherwise, for any liability of the Trust Fund, of any Beneficiary, or of any other third party to the Trustees or to any other person;

unless the Trustees are indemnified on a secured or unsecured basis, as the Trustees may decide to their absolute satisfaction.

-10-

SEC-FL-03848-E-0049510

(7)     The Trustees shall not have any duty to monitor the investment performance of the Trust Fund to ensure that an Investment Adviser complies with investment mandates set by the Trustees (as amended from time to time) upon the appointment of such Investment Adviser and shall be entitled to rely on the accuracy of any statements provided by such Investment Adviser without independent review.

11.     **Power to add and exclude Beneficiaries**

(1)     The Settlor (if the Settlor is still living and not Incapacitated) may by deed or deeds revocable or irrevocable during the Trust Period at any time or times add to the Beneficiaries such one or more objects or persons as the Settlor determines.

(2)     The Settlor (if the Settlor is still living and not Incapacitated) may by deed or deeds revocable or irrevocable wholly or partially exclude any Beneficiary (whether ascertained or not) from future benefit under this Settlement and thereupon such Beneficiary shall be excluded accordingly PROVIDED THAT this power shall not be capable of being exercised so as to derogate from any interest to which such Beneficiary has previously become indefeasibly entitled whether in possession or reversion or otherwise.

12.     **Exercise of Trustee's Powers**

(1)     The Trustees shall exercise the powers and discretions vested in them as they shall think fit for the benefit of all or any one or more of the Beneficiaries (or may refrain from exercising any such power or discretion) without being obliged to consider the interests of the others.

(2)     Subject to the provisions of Sub-Clause 12(1) and unless otherwise provided herein, every discretion vested in the Trustees shall be absolute and uncontrolled and every power vested in them shall be exercisable at their absolute and uncontrolled discretion and the Trustees shall have the same discretion in deciding whether or not to exercise any such power.

(3)     The Trustees shall not be liable for loss or damage occurring as a result of the Trustees in good faith exercising or refusing or failing to exercise any of their powers or discretions.

(4)     Every power, authority or discretion conferred upon the Trustees or any other person by this Settlement by statute or by general law and not expressly made exercisable only during a period allowed by law shall (notwithstanding anything to the contrary herein expressed or implied) only be exercisable during the Trust Period and during such further period if any (whether definite or indefinite) as in the case of the particular power authority or discretion the law may allow.

13.     **Delegation**

SEC-FL-03848-E-0049511

Without prejudice to any other provision of this Settlement permitting delegation, the Trustees shall have power (notwithstanding any rule of law to the contrary) by deed irrevocable or revocable during the Trust Period to delegate to any person whether inside or outside the Bahamas the execution or exercise of all or any trusts powers and discretions hereby or by law conferred on the Trustees.

14. **Special Entities**

   (1)   The Trustees –

      (a)   shall be under no duty to keep themselves informed concerning the business or affairs of any Special Entity the Shares of which or some of the Shares of which form a part of the Trust Fund or concerning the management or administration thereof by its directors officers agents employees or any of them; or

      (b)   shall be under no duty to interfere in the management administration operations or activities of any Special Entity so long as they shall have no actual notice of any ac of dishonesty or misappropriation of monies on the part of the directors or other persons having the management of such company the Trustees shall be at liberty to leave the conduct of the business and affairs of such Special Entity wholly to such directors or other persons having the management of such Special Entity;

      (c)   are hereby authorised to permit the Shares of any Special Entities to be held and registered in the names of their own corporate nominees and shall cause the voting and other rights attached to Shares of Special Entities to be exercised only pursuant to written instructions received from the Settlor who shall be solely responsible for ascertaining when any such rights shall become exercisable and for providing the Trustees with appropriate instructions in a timely manner;

      (d)   in no circumstance whatsoever shall be liable to the Settlement or any of its Beneficiaries or any other person or persons having an interest in the Settlement, for any special entity or its management administration operations or activities or the investment of its funds or the exercising of any voting or other rights pursuant to written instructions received from the Settlor or the failure to exercise any such rights in the absence of timely instructions.

   (2)   The Settlor may at any time or from time to time in writing designate any company as a Special Entity. Such designation shall take effect when received by the Trustees.

15. **Remuneration of Trustees**

   (1)   Any corporate Trustee shall be entitled to reimbursement out of the Trust Fund for all reasonable expenses incurred in relation to this Settlement. In addition,

-12-

SEC-FL-03848-E-0049512

any corporate Trustee shall, subject to any written agreement from time to time entered into between such Trustee and the Settlor while he is alive and not Incapacitated, act in accordance with its standard terms and conditions now and from time to time in force and shall be entitled to charge and be paid out of the Trust Fund and the income thereof remuneration in accordance with its scale of fees now and from time to time in force. The provisions of the Trustees' standard terms and conditions and scale of fees, in force from time to time, shall apply to, and are hereby incorporated by reference into this Settlement. If no such schedule shall be in effect at that time or if no such writing exists, it shall be entitled to reasonable compensation for the services rendered.

(2)     Any non-corporate Trustee being a person engaged in any profession or business shall be entitled to reimbursement out of the Trust Fund for all reasonable expenses incurred in relation to this Settlement. In addition, any such non-corporate Trustee shall be entitled to charge and be paid out of the Trust Fund all usual professional and other charges and may retain all usual commissions for business done, time spent and services rendered by him or his partners or associates in the execution of the trusts, powers and provisions of this Settlement whether or not in the ordinary course of his profession or business.

(3)     Any Trustee shall be entitled to retain any commission which would or may become payable to him notwithstanding that such commission is payable as a direct or indirect result of any dealing with property which is or may become subject to the trusts hereof.

(4)     Any Trustee or any parent, subsidiary or affiliate of any corporate Trustee, may, without being liable to account for any resultant profit earned thereby, act as banker, stockbroker, underwriter or other agent and perform any service for or in connection with the affairs of this Settlement on the same terms as would be made with an ordinary customer. Any parent, subsidiary or affiliate of a corporate Trustee shall be entitled to reimbursement out of the Trust Fund for all reasonable expenses incurred in relation to this Settlement.

16.   **Nature of Settlement**

This Settlement shall be irrevocable.

17.   **Power to Amend**

(1)     The Settlor may at any time and from time or time, by deed delivered to the Trustees, amend all or any of the trusts powers and provisions of this Settlement but no amendment which has the effect of increasing the duties or liabilities of the Trustees or of diminishing the scope or efficacy of any immunity or indemnity to which the Trustees are entitled shall be of any effect whatever unless specifically consented to in writing by the Trustees;

(2)     At anytime after the death of the Settlor or upon his Incapacity, the Trustees may at any time and from time to time by deed amend all or any of the trusts, powers

-13-

SEC-FL-03848-E-0049513

and provisions of this Settlement provided always that this power shall not be construed as authorising the Trustees to:

(a)   amend the Trust Period so as to breach any relevant rule of law regarding perpetuities or similar rules;

(b)   revoke this Settlement; or

(c)   affect or invalidate any prior payment or application of all or any part or parts of the capital or income of the Trust Fund made under any other power or powers conferred by this Settlement or by law.

## 18.   Payment of Taxes

In addition to the provisions of paragraph 2(k) of the First Schedule and without limiting the provisions of paragraph 4(k) of the First Schedule to the Trustee Act , where the Trustees in their discretion consider it to be in the interests of this Settlement or of any Beneficiary hereunder, the Trustees may, but shall not be required to, pay out of the income or capital of the Trust Fund any estate, income or other taxes, duties or like charges imposed upon the Settlor or the Settlor's estate or any Beneficiary after the death of the Settlor or any Beneficiary by reason of the death, nature of the property or the residence, domicile or citizenship of the Settlor or any Beneficiary (whether or not enforceable against the Trustees or any of them) and notwithstanding that the payment of taxes might be prejudicial to one or more of the Beneficiaries. The Trustees may settle directly or may pay to the legal representative of the estate of the Settlor or Beneficiary the amount of such taxes. The Trustees shall have no duty to enquire as to the correctness or as to the propriety of the payment of any amount or amounts assessed or requested. Payments to the appropriate tax authorities or to the legal representative of the estate of the Settlor or Beneficiary shall be a full and complete discharge to the Trustees with respect to such payment or payments.

## 19.   Provisions as to Disclosure of Information

(1)   The Trustees shall not be bound to furnish any information relating to the value, state or amount of the Trust Fund or any property comprising the Trust Fund to any Beneficiary unless a Beneficiary shall be lawfully entitled to the same under the Proper Law of the Settlement.

(2)   The Trustees may make such disclosures concerning the Settlement or the ownership, value, state or amount of the Trust Fund or any property comprising the Trust Fund including without limitation disclosure of any direct or indirect beneficial interests therein and of any dealings therein as may be properly required by any competent authority or person whether or not such requirement shall have the force of law in the jurisdiction of the Proper Law and whether or not such disclosure may be enforced upon the Trustees it being expressly provided without prejudice to the generality of the foregoing that this power shall include:

-14-

SEC-FL-03848-E-0049514

(a)    any disclosure required under any legislation regulating transactions in securities, any rules of any stock exchange or regulated market or banking authority in any place which the Trust Fund or any part thereof is held directly or indirectly or is situate from time to time; and

(b)    any disclosure which the Trustees may consider to be necessary or desirable in the interests of the Settlement or of any Beneficiary to satisfy any reporting obligations with respect to the Settlement and whether or not such obligations or provisions may be enforced against the Trustees or any of the Beneficiaries

and no person interested in the Settlement shall be entitled to make any claim whatsoever against the Trustees by reason of them making any disclosures under this Sub-Clause 19(2).

20.    **Exclusion of Provisions for Community of Property**

No benefit devolving on any Beneficiary under this Settlement shall form or constitute a portion of any communal or joint estate of such Beneficiary but such benefit shall be and remain the sole separate and exclusive property of such Beneficiary and should such Beneficiary be married or marry in community of property then any benefit so devolving shall be expressly excluded from the community and in the case of the Beneficiary being female such benefit shall also be free from the interference control or marital power of any husband of such Beneficiary and for the purposes of this Clause the word "benefit" shall include all property and the provisions of this Clause shall apply moreover not only to the benefit actually devolving on any Beneficiary but also the property for the time being representing the same and the income thereof PROVIDED THAT the Trustees shall not be responsible for investigating such matters prior to making any distribution to a Beneficiary.

21.    **Protection of third parties in dealings with Trustees.**

(1)    No person dealing with the Trustees and no purchaser on any sale made by the Trustees shall be concerned to enquire into the propriety or validity of any act of the Trustees or to see to the application of any money paid or property transferred to or upon the order of the Trustees.

(2)    No company whose securities are comprised in the Trust Fund and no purchaser or person dealing with any Trustee purporting to act upon any delegation of authority from any other Trustee shall be required to ascertain or enquire whether a case exists in which such delegation is permitted or whether such delegated authority is still subsisting.

**SEC-FL-03848-E-0049515**

(3)     When anything is dependent upon the value of any property or the existence of any fact a certificate of the Trustees as to such value or fact shall be conclusive in favour of anyone acting thereon in good faith.

SEC-FL-03848-E-0049516

## FIRST SCHEDULE
(Trustees Powers of Investment and Administration)

**Powers of investment.**

1.    In the management and administration of the Trust Fund for the benefit of the Beneficiaries the Trustees shall have the widest powers of investing disposing of and dealing with the Trust Fund and of carrying out any transaction whatever in connection with the Trust Fund which is lawfully capable of being performed by beneficial owners to the same effect as if such powers were expressly conferred by this Settlement and specified therein and such powers shall include but are not limited to investment in the purchase of, or upon the security of, such common or preferred stocks shares mutual fund shares unit trust units or other securities or commodities (including precious metals) bonds notes debentures certificates of deposit or time deposits derivative securities land or other investment or property of whatever nature (and whether or not income-producing or paying dividends or interest) and whether involving liabilities or not or upon such personal credit with or without security as the Trustees in their absolute discretion think fit and the Trustees may exercise or omit to exercise all or any of such powers in their absolute and uncontrolled discretion as if they were the absolute beneficial owners of the Trust Fund.

**Additional powers.**

2.    The Trustees shall have the following powers in addition and without prejudice to those conferred by law -

(a)    power to receive any property from any person as an addition to the Trust Fund either by gift inter vivos or by will or under the provisions of any other settlement or trust or otherwise;

(b)    power to borrow on the security of the Trust Fund and for such purpose to make any outlay out of the Trust Fund or the income thereof and to enter into such contracts mortgages charges or undertakings relating thereto as the Trustees may in their absolute discretion think fit;

(c)    power to lend any part of the Trust Fund to any person (upon such terms (if any) as to security repayment rate of interest and otherwise as the Trustees in their absolute discretion may determine;

(d)    with respect to any property comprised in the Trust Fund power to exercise all powers relating thereto as if beneficially entitled thereto and without being restricted in any way by the office of trustee including (without prejudice to the generality of the foregoing power) -

-17-

SEC-FL-03848-E-0049517

(i)     power to vote upon or in respect of any Shares bonds notes or other evidence of interest in or obligations of any company trust association or concern whether or not the exercise of such power affects the security or the apparent security of the Trust Fund or any transaction affecting any assets of any such company trust association or concern,

(ii)     power to deposit any such Shares or property in any voting trust or with any depository designated thereby, and

(iii)     power to give proxies or powers of attorney with or without power of substitution for voting or acting on behalf of the Trustees as the owners of any such property;

(e)     power (at the expense of the Trust Fund) to incorporate or register or to procure the incorporation or registration of any company (with limited or unlimited liability) in any part of the world for any purpose including the acquisition of the Trust Fund or any part thereof and so that (if thought fit) the consideration for the sale of the Trust Fund to any such company may consist wholly or partly of fully paid Shares of the company credited as fully paid which shall be allotted to or otherwise vested in the Trustees and be capital moneys in the Trustees' hands;

(f)     power at any time to apply any part of the Trust Fund or the income thereof in effecting or joining in effecting or otherwise acquiring any policy of assurance on the life of any Beneficiary or of any other person or any endowment or other policy and to maintain surrender exchange or exercise any option thereunder or otherwise deal with such policies as if the Trustees were absolutely entitled thereto;

(g)     power to pay out at any time any part of the Trust Fund in purchasing or acquiring or making improvements in or repairs to or on any land (whether freehold, leasehold or of any other tenure or interest and of whatsoever description and situate in any part of the world) in the occupation or intended for occupation by any beneficiary and power to permit any Beneficiary to occupy until sale any land purchased or acquired as aforesaid or otherwise comprised in the Trust Fund upon such terms (as to payment or non-payment of rent outgoings repairs or otherwise) as the Trustees may think fit;

(h)     power at any time or times to lay out any part of the Trust Fund in the purchase or other acquisition of any yachts boats motor vehicles works of art household furniture plate linen china cutlery other articles of household use ornament or equipment and other chattels for the use of any beneficiary whether occupying land purchased or acquired as aforesaid or otherwise and power to handover to any such Beneficiary for his use any property so purchased or acquired by the Trustees as aforesaid or otherwise forming part of the Trust Fund upon and subject to such terms and conditions (if any) as to insurance preservation maintaining inventories and otherwise as the Trustees think fit;

-18-

(i)     power to grant options for such consideration and exercisable at such time or times or within such period as the Trustees think fit for the purchase of any property subject to the trusts of this Settlement or the acquisition of any interest therein;

(j)     power to keep the Trust Fund either in or out of The Bahamas and if the Trustees think fit to hold in any part of the world all or any securities or other property in bearer form or registered in the names of the Trustees or of nominees without disclosing the fiduciary relationship;

(k)     in the event of any duties fees or taxes whatsoever becoming payable in any part of the world in respect of the Trust Fund or any part thereof in any circumstances whatsoever power to pay all such duties fees or taxes out of the Trust Fund or the income thereof with discretion as to the time and manner in which the said duties fees or taxes shall be paid and the Trustees may pay such duties fees or taxes notwithstanding that the same shall not be recoverable from the Trustees or from any persons interested under the trusts of this Settlement or that the payment shall not be to the advantage of such persons;

(l)     power to make execute and deliver deeds assignments transfers leases mortgages instruments of pledge creating lien contracts and other instruments sealed and unsealed;

(m)     power to institute prosecute and defend any suits or actions or other proceedings affecting the Trustees or the Trust Fund and to compromise any matter of difference or to submit such matter to arbitration and to compromise or compound any debt owing to the Trustees or any other claims and to adjust any disputes in relation to debts or claims against them as the Trustees think fit upon evidence that the Trustees consider sufficient and to make partition upon such terms (including if thought fit the payment or receipt of equality money) as the Trustees consider desirable with co-owners or joint tenants having any interest in any property in which the Trustees are interested and to make partition either by sale or by set-off or by agreement or otherwise;

(n)     power to make any distribution of the Trust Fund pursuant to the trusts of this Settlement in cash or in kind or partly in cash and partly in kind and in the case of a distribution to more than one person not strictly ratably but on the basis of equal or other proportionate value (as the case may require) according to the judgment of the Trustees which shall be binding on all persons interested under this Settlement;

(o)     power to take at the expense of the Trust Fund or the income thereof the opinion of a counsel and attorney or foreign lawyer concerning any question arising under this Settlement or on any matter in any way relating to the Trust Fund or the duties of the Trustees in connection with this Settlement and the Trustees shall not be liable for any action taken in good faith pursuant to or otherwise in accordance with the opinion or advice of such counsel and attorney;

-19-

SEC-FL-03848-E-0049519

(p)    power to employ and pay at the expense of the capital or income of the Trust Fund any agent or agents in any part of the world whether counsel and attorneys or foreign lawyers bankers accountants stockbroker managers or other persons (including any of the Trustees or any parent subsidiary or affiliate of any of them) to transact any business or to do any act requiring to be transacted or done in execution of the trusts of this Settlement including the receipt and payment of money and the execution of documents AND in any such event the Trustees or parent subsidiary or affiliate of a Trustee shall be entitled to charge and be paid and to retain for him or its own account all usual professional and other fees and commissions normally paid for such services including fees and commissions shared with other agents;

(q)    power for all or any of the Trustees –

    (i)    to exercise or join or concur in exercising all or any of the powers and discretions by this Settlement or by law given to the Trustees notwithstanding that any such Trustee may have a personal interest in the mode or result of exercising any such power or discretion or may be interested therein in some other fiduciary capacity but any Trustee may abstain from acting except as a merely formal party in any matter in which he may be so interested as aforesaid and may allow his co-trustees to act alone in the exercise of such powers and discretions in relation to such matter, and

    (ii)    to purchase or sell any property notwithstanding that the vendor or purchaser is the same as or includes the Trustees or any of them provided that the price payable on any such purchase or sale is certified as fair and reasonable by an assessor employed for the purpose by the Trustees;

(r)    power to effect any transaction concerning or affecting the Trust Fund or any other property whatsoever and to do all other acts and things which the Trustees may in their absolute discretion think expedient and in the interests of the Trust Fund or any Beneficiary and for the purpose of this sub-paragraph "transaction" includes any sale exchange assurance conveyance grant lease surrender reconveyance release reservation or other disposition and any purchase or other acquisition and any covenant contract licence option right or pre-emption and any compromise or partition and any company reconstruction or merger or consolidation and any other dealing or arrangement and "effect" has the meaning appropriate to the particular transaction and references to property include references to restrictions and burdens affecting the property;

(s)    all the powers for sale (by public auction or private contract) exchange mortgaging leasing or other disposition management repair building and improvement and all other powers of an absolute beneficial owner in respect of any property for the time being comprised in the Trust Fund;

SEC-FL-03848-E-0049520

(t)     power from time to time by deed revocable or irrevocable wholly or partially to release extinguish or restrict any power by this Settlement or by law conferred on the Trustees notwithstanding the fiduciary nature of any such power (but not so as to invalidate any prior exercise thereof); and

(u)     power to omit to register bonds or securities.

**Dividends and other income.**

3.     Unless the Trustees in their absolute discretion otherwise determine all dividends and other income received shall be treated for all purposes as income accruing at the due date of payment whether or not such dividends or income may have been earned and accrued wholly or partially in respect of a period prior to such date.

**Power in relation to underlying company.**

4.     Any Trustee and director officer or employee of a corporate trustee or of a parent subsidiary or affiliate of such corporate trustee may act as a director officer manager or employee of any company whose Shares may be comprised directly or indirectly in the Trust Fund or as a director officer manager or employee or any subsidiary or holding company of any such company and may retain for himself or itself any remuneration which he or it may receive as such director officer manager or employee notwithstanding that any votes or other rights attaching to such Shares may have been instrumental in procuring or continuing for him or it his or its position as such director officer manager or employee or that his or its qualifications for any such position may be constituted in part or in whole by any such Shares.

**Determination of rights to capital and income.**

5.     The Trustees shall have power -

(a)     to treat as income or as capital or to apportion between income and capital any dividends bonus Shares rents issues capital gains and profits derived from any property at any time comprised in the Trust Fund and generally to determine as the Trustees consider just and reasonable according to the respective rights and interests of the persons interested which of the receipts of the Settlement is income and which is capital and whether or not such property is wasting or unproductive or was purchased at a premium or discount and notwithstanding the time when such dividends stock dividends bonus Shares rents issues capital gains or profits were earned accrued declared or paid;

(b)     to make such reserves out of income or capital as the Trustees consider proper for expenses taxes and other liabilities of the Settlement;

-21-

SEC-FL-03848-E-0049521

(c)     to pay from income or from capital or to apportion between income and capital any expenses of making or changing investments and of selling exchanging or leasing including brokers' commissions and charges and generally to determine what part of the expenses of the Settlement shall be charged to capital and what part to income; and

(d)     to determine as between separate funds and separate parts of shares, the allocation of income gains profits and losses and distributions.

### SECOND SCHEDULE
(Trust Fund)

$100

### THIRD SCHEDULE
(The Beneficiaries)

- Guy Gentile – Settlor
- ███████████████ – Settlor's Son
- ███████████████ – Settlor's daughter
- Any other children and remoter issue of the Settlor now living or born before the end of the Trust Period
- Such other persons as are added to the class of Beneficiaries pursuant to 11(1) of this Settlement

### FOURTH SCHEDULE
(Special Entity)

SWISS AMERICA GROUP, LIMITED

SEC-FL-03848-E-0049522

This Settlement may be executed in counterparts, all of which taken together shall constitute one instrument.

IN WITNESS WHEREOF the Settlor has hereunto set his/her hand and seal.

Signed Sealed and Delivered by the said **Guy Gentile** in the presence of:

Witness

IN WITNESS WHEREOF the Original Trustee has caused its Common Seal to be hereunto affixed.

The Common Seal of **DELTEC BANK & TRUST LIMITED** was hereunto affixed by TERENCE GIRLING and JEAN CHALOPIN

the DIRECTOR and DIRECTOR of the

said Company and the said TERENCE GIRLING and JEAN CHALOPIN

affixed their signatures hereto in the presence of:-




Witness

-23-

SEC-FL-03848-E-0049523