**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-21079-BLOOM/Torres

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.
and GUY GENTILE,

    Defendants.
_____/

## FINAL JUDGMENT AGAINST GUY GENTILE

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Notice of Filing Proposed Judgments Against Defendants ("Notice"), ECF No. [391], filed on October 17, 2025. On September 18, 2025, the Court granted in part and denied the SEC's Motion for Remedies Against Defendants ("Order on Motion for Remedies"). ECF No. [388]. In the Order on Motion for Remedies, the Court directed the parties to submit a calculation of prejudgment interest on the disgorgement amounts. *Id*. On September 29, 2025, the SEC filed a Notice of Calculation of Prejudgment Interest. ECF No. [389]. On October 1, 2025, the Court entered an Order on Prejudgment Interest. ECF No. [390].

Based upon the jury having found Defendant Guy Gentile ("Gentile") liable as a control person under Section 20(a) for MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader's ("SureTrader") violations of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and for violating Section 15(a) of the Exchange Act through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, and the Court having

Case No. 21-cv-21079-BLOOM/Torres

entered the Order on Motion for Remedies and Order on Prejudgment Interest, the Court enters this Final Judgment as follows:

## I. DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

It is **ORDERED AND ADJUDGED** that Defendant is jointly and severally liable with Defendant SureTrader as a control person under Section 20(a) of the Exchange Act for disgorgement of $13,129,809.00 representing net profits gained as a result of the conduct alleged in the Complaint, with prejudgment interest thereon of $3,386,995.48. Defendant is further individually liable for disgorgement of $520,200.00, representing his net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $231,203.66, and a civil penalty in the amount of $1,887,378.00 pursuant to Exchange Act Section 21(d)(3). Defendant shall satisfy this obligation by paying $19,155,586.14 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Guy Gentile as Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue

that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## II.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## III.     RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida on October 17, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record